IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-438-GMS |
| v. | ) ) ) | |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE of the attached subpoena.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600

*Attorneys for Defendant*
*ABRAXIS BIOSCIENCE, INC.*

Dated: January 29, 2007

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NEW YORK

Elan Pharma International Limited

V.

Abraxis Bioscience, Inc.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 06-438-GMS
United States District Court
for the District of Delaware

TO:
Eastman Kodak Company
Legal Department
343 State Street
Rochester, NY 14650

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attached Schedule A.**

| PLACE ALLIANCE SHORTHAND REPORTERS, 183 Main St. E, Rochester, NY 14604 | DATE AND TIME February 13, 2007 - 10:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *signature* Attorney for Defendant | DATE January 29, 2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Elena C. Norman, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Schedule:

The term "Elan" means Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC).

The term "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Abraxis.

The term "Kodak" means Eastman Kodak Company, its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Kodak (including Particulate Prospects Corp., NanoSystems, LLC, Sterling Drug, Inc. and Sterling Winthrop Inc.).

The term "'363 Patent" means U.S. Patent No. 5,399,363.

The term "'025 Patent" means U.S. Patent No. 5,834,025.

The term "Patents-In-Suit" means the '363 Patent and the '025 Patent.

The term "'684 Patent" means U.S. Patent No. 5,145,684.

The term "Foreign Counterpart" means any foreign patent application or patent that claims priority from one or more of the applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

The term "Related Applications and Patents" means United States patents or patent applications that claim priority benefit from one or more of the patent applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

The term "Particulate Compositions" means pharmaceutical or diagnostic compositions containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 3000 nm as determined by any method for calculating particle size.

pa-1109084

The term "This Litigation" means the legal action *Elan Pharma International Limited v. Abraxis BioScience, Inc*, No C-06-438-GMS, brought by Elan against Abraxis, in the United States District Court, District of Delaware.

The terms "document" or "documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

To the extent Kodak believes it cannot produce an otherwise-responsive document because of privilege, Abraxis requests that Kodak provide a privilege log. For each document withheld on the basis of privilege, describe the claimed privilege and identify the date, author or originator, person to whom addressed, sent or shown (including copies), type of document, present custodian and general subject matter of the document.

## REQUESTED DOCUMENTS

1. Documents referring to Abraxane®, ABI-007, Capxol or any other Particulate Composition containing paclitaxel and human albumin.

2. Documents referring to Particulate Compositions containing paclitaxel, including laboratory notebooks and records reflecting or referring to attempts to make or test such Particulate Compositions, research plans or proposals, business plans or market analyses, and communications within Kodak or with any other entity or person.

3. Documents referring to Particulate Compositions that include a protein (such as casein, human albumin, or bovine serum albumin), including laboratory notebooks and records reflecting or referring to attempts to make or test such Particulate Compositions, research plans or proposals, business plans or market analyses, and communications within Kodak or with any other entity or person.

4. Documents constituting, evidencing or referring to any agreements or potential agreements between Kodak and Elan concerning NanoCrystal® Technology, the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, Related Applications and Patents, and/or Foreign Counterparts, including any assignment agreements, license agreements and asset purchase agreements, including agreements concerning the sale or transfer of NanoSystems, LLC or any of its assets to Elan.

5. Documents constituting or referring to the Patents-In-Suit, the '684 Patent, the applications from the Patents-In-Suit and the '684 Patent claim priority benefit, Related Applications and Patents, and Foreign Counterparts, including file histories, draft applications, and communications between Kodak and any entity or person.

6. Documents constituting or referring to any legal proceeding, including lawsuits, interferences, reexaminations, opposition proceedings, revocation proceedings, invalidation proceedings, conflicts, concerning the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, Related Applications and Patents, or Foreign Counterparts.

pa-1109084

7. Documents constituting, referring to, or evidencing any literature or prior art search conducted by or on behalf of Kodak in connection with: (1) the Patents-In-Suit, (2) the '684 Patent, (3) the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, (4) Related Patents and Applications, or (5) Foreign Counterparts.

8. Documents constituting, referring to, evidencing, or reflecting any papers, speeches, abstracts, videotapes, photographic slides, posters, PowerPoint presentations or pages, promotional documents, or other presentation materials prepared or presented by Kodak or its licensees referring to or reflecting Particulate Compositions.

9. Documents constituting, referring to, evidencing, or reflecting any papers, patents, patent applications, speeches, abstracts, videotapes, photographic slides, posters, PowerPoint presentations or pages, promotional documents, or other presentation materials prepared or presented by any entity or person other than Kodak that were dated or created on or before August 14, 1996, referring to or reflecting Particulate Compositions, including the subject matter described or claimed in the Patents-In-Suit.

10. Documents referring to, evidencing, or reflecting the conception, reduction to practice, and/or any diligence towards reduction to practice of the alleged inventions claimed in the Patents-In-Suit and the '684 Patent.

11. Documents referring to, evidencing, or reflecting disclosure on or before July 1, 1992 to any person other than the named inventors of '363 and '684 Patents of subject matter described or claimed in those patents.

12. Documents referring to, evidencing, or reflecting disclosure on or before August 14, 1996 to any person other than the named inventors of '025 Patent of subject matter described or claimed in that patent.

13. Documents referring to, evidencing, or reflecting descriptions of the subject matter described or claimed in (a) the '363 Patent and created on or before to July 1, 1992, and/or (b) the '025 Patent and created on before August 14, 1996.

14. Documents referring to, evidencing, or reflecting all uses (including testing) in the United States on or before July 1, 1992 by any person or entity of the subject matter described or claimed in the '363 Patent, including documents regarding the date of use, people observing the use, any confidentiality agreements pertaining to the use, and the degree of supervision of the use by the named inventors.

15. Documents referring to, evidencing, or reflecting all uses (including testing) in the United States on or before August 14, 1996, by any person or entity of the subject matter described or claimed in the '025 Patent, including documents regarding the date of use, people observing the use, any confidentiality agreements pertaining to the use, and the degree of supervision of the use by the named inventors.

16. Documents referring to, evidencing, or reflecting any adverse effects upon infusion of Particulate Compositions into a mammal dated on or before August 14, 1996 (for example, cardiovascular dysfunction such as reduction in blood pressure or cardiac function).

pa-1109084

17. Documents that refer to or discuss alleged benefits, advantages, or disadvantages of: (a) NanoCrystal Technology; (b) Particulate Compositions containing a crystalline pharmaceutical or diagnostic agent; and/or (c) Particulate Compositions containing an amorphous pharmaceutical or diagnostic agent.

18. Documents and communications referring to, evidencing, or reflecting the first sale, offer for sale, test marketing, and public use of the subject matter described or claimed in the Patents-In-Suit and the '684 Patent.

19. Documents referring to, evidencing or reflecting any license or offer to license the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, or Related Applications and Patents, including any communications or negotiations concerning any such license or potential license.

20. Documents referring to, evidencing or reflecting development, evaluation, or testing of the subject matter described or claimed in the Patents-In-Suit, the '684 Patent or the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit.

21. Documents constituting, referring to, or reflecting the named inventors' files and records concerning the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, or subject matter described or claimed in those patents and applications, including notebooks, diaries, and calendars.

22. Documents referring to, evidencing, or reflecting any test, experiment or data described in the Patents-In-Suit, the '684 Patent, or the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, including laboratory notebook entries.

23. Documents referring to, evidencing, or reflecting any test or experiment, conducted by or on behalf of Kodak or its licensees, to create or use a product that embodies, practices, or uses any of the alleged inventions claimed in the Patents-In-Suit.

24. Documents that refer to or discuss the alleged validity, enforceability, invalidity or unenforceability of the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and Foreign Counterparts, or the infringement or noninfringement of any of these patents by Abraxis's making, using or selling of Abraxane, including any opinions of counsel that refer to any of the foregoing.

25. Documents that refer to U.S. Patent Nos. 4,727,077, 4,849,425, 4,904,668, 4,983,605, 5,002,952, 5,091,187, 5,091,188, 5,188,837, 5,246,707 (reissued as RE35,338), or any applications from which these patents claim priority benefit, EP Patent Publication Nos. 0264904 A2 or 0262560 A2, or JP Patent Publication No. 02-001403 A2, including any documents that refer to, evidence, or reflect any attempt or experiment to analyze or reproduce any of the experiments, or develop, test, or characterize any of the compositions or examples described in any of the foregoing patents and patent applications.

26. Documents that refer to, constitute or reflect clinical trials conducted by or on behalf of Kodak or its licensees using Particulate Compositions, including but not limited to documents

referring to such clinical trials submitted to or received from the United States Food and Drug Administration.

27. Documents referring to, evidencing, or reflecting any attempt or experiment involving Kenneth C. Cundy, Eugene Cooper, John Bishop, or David Czekai, to develop, test or characterize a Particulate Composition, including any agreements regarding such attempts or experiments.

28. Documents sufficient to evidence the organizational structure of Kodak or any unit thereof involved in the research, development or licensing of Particulate Compositions, including Sterling Winthrop, Inc., Sterling Drug, Inc., Particulate Prospects Corp., and NanoSystems, LLC, from 1985 through 2002, including but not limited to the identities and responsibilities of officers, directors, managers and department heads, as well as of personnel who had any role in performing any tests or experiments described in the specification of the Patents-in-Suit and the '684 Patent, or any tests or experiments using Particulate Compositions containing paclitaxel.

29. Documents that refer to, constitute or reflect communications between Kodak and Abraxis.

30. Documents that refer to or discuss This Litigation.

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on January 29, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on January 29, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX 77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY 10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
          & TAYLOR, LLP

        _____
        Josy W. Ingersoll (No. 1088)
        jingersoll@ycst.com
        Elena C. Norman (No. 4780)
        enorman@ycst.com
        Karen E. Keller (No. 4489)
        kkeller@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19899
        (302) 571-6600
        Attorneys for Defendant
        ABRAXIS BIOSCIENCE, INC.