IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 06-438-GMS |
| v. | ) ) | |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

### NOTICE OF SUBPOENA TO ACUSPHERE, INC.

TO:   PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED
      AND ITS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, on March 5, 2007, or as soon as possible thereafter, Defendant Abraxis BioScience, Inc. ("Defendant") will serve upon Acusphere, Inc. the attached Subpoena in the above-referenced lawsuit to produce and permit inspection and copying of the documents listed on the attached "Schedule A" of the Subpoena. The documents listed on "Schedule A" hereto shall be produced on March 19, 2007 at 10:00 a.m.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for Defendant*
*ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000   Telephone
(415) 268-7522   Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600   Telephone
(650) 494-0792   Facsimile
EEvans@mofo.com


Dated:  March 2, 2007

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTES

ELAN PHARMA INTERNATIONAL LIMITED
V.
ABRAXIS BIOSCIENCE, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-438-GMS
(District of Delaware)

TO: Acusphere, Inc.
500 Arsenal Street
Watertown, MA 02472
Phone: 617.648.8800
Fax: 617.926.4750

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The topics of the deposition are provided by the attached Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE SCHEDULE A

| PLACE | DATE AND TIME |
| --- | --- |
| ATM Court Reporting Service, 196 Boston Avenue, #2800, Medford, MA 02155 | March 19, 2007<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/Attorneys for DEFENDANT | DATE<br>March 2, 2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Diana B Kruze, Esq., Morrison & Foerster, LLP, 755 Page Mill Road, Palo Alto, CA 94304 (650) 813-5649

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE SERVED: | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the arty or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance,
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

  (B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business of shall organize and label them to correspond with the categories in the demand.

  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Schedule:

The term "Elan" means Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC).

The term "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Abraxis.

The term "Acusphere" means Acusphere, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Acusphere.

The term "Previous Owner" means any person or entity who was an owner or assignee of one or more of the Patents-In-Suit, the '684 Patent, or any of the patent applications from which those patents claim priority benefit, including the named inventors, Sterling Winthrop, Inc. (formerly known as Sterling Drug, Inc.), Eastman Kodak Company, Particulate Prospects Corp., NanoSystems, LLC, and Elan Corporation, PLC.

The term "'363 Patent" means U.S. Patent No. 5,399,363.

The term "'025 Patent" means U.S. Patent No. 5,834,025.

The term "Patents-In-Suit" means the '363 Patent and the '025 Patent.

The term "'684 Patent" means U.S. Patent No. 5,145,684.

The term "Foreign Counterpart" means any foreign patent application or patent that claims priority from one or more of the applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

The term "Related Applications and Patents" means United States patents or patent applications that claim priority benefit from one or more of the patent applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

The term "Particulate Compositions" means pharmaceutical or diagnostic compositions containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 3000 nm as determined by any method for calculating particle size.

The term "NanoCrystal Technology" means anything Elan or a Previous Owner referred to as "NanoCrystal Technology."

The term "This Litigation" means the legal action *Elan Pharma International Limited v. Abraxis BioScience, Inc*, No C-06-438-GMS, brought by Elan against Abraxis, in the United States District Court, District of Delaware.

The terms "document" or "documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

To the extent Acusphere believes it cannot produce an otherwise-responsive document because of privilege, Abraxis requests that Acusphere provide a privilege log. For each document withheld on the basis of privilege, describe the claimed privilege and identify the date, author or originator, person to whom addressed, sent or shown (including copies), type of document, present custodian and general subject matter of the document.

## REQUESTED DOCUMENTS

1. Documents referring to Abraxane®, ABI-007, Capxol or any other Particulate Composition containing paclitaxel and human albumin.

2. Documents constituting, evidencing or referring to any agreements or potential agreements between Acusphere and Elan or a Previous Owner concerning NanoCrystal® Technology, the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, Related Applications and Patents, and/or Foreign Counterparts, including any joint venture agreements, license agreements and stock transfer agreements.

3. Documents referring to, evidencing, discussing or analyzing the actual or potential benefits of developing or marketing Particulate Compositions containing paclitaxel.

4. Documents referring to the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit and the '684 Patent claim priority benefit, Related Applications and Patents, and Foreign Counterparts, including communications between Acusphere Elan, a Previous Owner or any other entity or person.

5. Documents sufficient to show whether Acusphere has or at any time had any rights in the Patents-In-Suit, the '684 Patent, the applications from the Patents-In-Suit and the '684 Patent claim priority benefit, Related Applications and Patents, or Foreign Counterparts, including license, ownership, manufacturing, marketing or development rights.

2

6. Documents that refer to or discuss the alleged validity, enforceability, invalidity or unenforceability of the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and Foreign Counterparts, or the infringement or noninfringement of any of these patents by Abraxis's making, using or selling of Abraxane, including any opinions of counsel that refer to any of the foregoing.

7. Business plans or market analyses that discuss or refer to Particulate Compositions containing paclitaxel.

8. Documents reflecting or referring to attempts to make or test Particulate Compositions containing paclitaxel, including laboratory notebooks and records, and research plans or proposals.

9. Documents referring to or reflecting communications between Elan or a Previous Owner and Acusphere concerning Particulate Compositions containing paclitaxel.

10. Documents referring to Particulate Compositions that include a protein (such as casein, human albumin, or bovine serum albumin), including laboratory notebooks and records reflecting or referring to attempts to make or test such Particulate Compositions, research plans or proposals, business plans or market analyses, and communications within Acusphere or with any other entity or person.

11. Documents referring to, evidencing, or reflecting any attempt or experiment, conducted by Acusphere or Elan or a Previous Owner, to develop, test, or characterize the composition known as "AI-850™."

12. Documents that refer to, constitute or reflect clinical trials for the composition known as "AI-850™," conducted by or on behalf of Acusphere or Elan or a Previous Owner, including but not limited to documents referring to such clinical trials submitted to or received from the United States Food and Drug Administration.

13. Documents referring to, evidencing, or reflecting any decision made by or on behalf of Acusphere or Elan or a Previous Owner, to stop, suspend or delay development, clinical trials or marketing of the composition known as "AI-850™."

14. Documents that refer to or discuss alleged benefits, advantages, or disadvantages of: (a) NanoCrystal Technology; (b) Particulate Compositions containing a crystalline pharmaceutical or diagnostic agent; and/or (c) Particulate Compositions containing an amorphous pharmaceutical or diagnostic agent.

15. Documents that refer to or discuss This Litigation.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 2, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on March 2, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Stephen Scheve, Esquire
>BAKER BOTTS L.L.P.
>One Shell Plaza
>910 Louisiana Street
>Houston, TX 77002-4995
>steve.scheve@bakerbotts.com

>Paul F. Fehlner
>BAKER BOTTS L.L.P.
>30 Rockefeller Plaza
>New York, NY 10112-4498
>paul.fehlner@bakerbotts.com

2

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
         & TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.