UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-438-GMS ) |
| ABRAXIS BIOSCIENCE, INC., | ) ) |
| Defendant. | ) ) ) |

**NOTICE OF RULE 30(b)(6) DEPOSITION
OF ELAN PHARMA INTERNATIONAL LIMITED**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, commencing at 9:00 a.m. on June 29, 2007, at Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104, Defendant Abraxis BioScience, Inc. ("Abraxis") will take the deposition by oral examination of Plaintiff Elan Pharma International Limited ("Elan"). Elan is directed to designate one or more officers, directors, managing agents, or other persons who consent and who are knowledgeable about the matters identified in the attached Schedule A to testify on its behalf. The person or persons so designated shall testify as to matters known or reasonably available to Elan.

The deposition will be taken before a person authorized to administer an oath and will continue from day to day, Saturdays, Sundays, and holidays excepted, until completed. The deposition will be recorded by video, audio, and stenographic means.

At least seven days in advance of the deposition, Elan is directed to provide to counsel for Abraxis a written designation of the name(s) and position(s) of the person(s) designated to testify on each topic.

Dated: June 1, 2007

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

/s/ *Elena C. Norman*
Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672 Telephone
(302) 576-3301 Facsimile
jingersoll@ycst.com
enorman@ycst.com

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone
(415) 268-7522 Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone
(650) 494-0792 Facsimile
EEvans@mofo.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

## SCHEDULE A

Several of the topics in this deposition notice mirror the topics on which Elan has requested Abraxis's testimony. As explained in separate correspondence with Elan, Abraxis believes that many of Elan's deposition topics are objectionable. However, to the extent that those objections may later be waived by agreement of the parties or overruled by the Court, Abraxis has served this notice to preserve its rights to obtain Elan's testimony on the same topics. If Abraxis's objections to Elan's topics are sustained, this Schedule A will be subject to similar limitations on the corresponding topics below.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Schedule:

1. The term "Elan" means Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC).

2. The term "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Abraxis.

3. The term "'363 Patent" means U.S. Patent No. 5,399,363.

4. The term "'025 Patent" means U.S. Patent No. 5,834,025.

5. The term "Patents-In-Suit" means the '363 Patent and the '025 Patent.

6. The term "'684 Patent" means U.S. Patent No. 5,145,684.

7. The term "Foreign Counterpart" means any foreign patent application or patent that claims priority from one or more of the applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

8. The term "Related Applications and Patents" means United States patents or patent applications that claim priority benefit from one or more of the patent applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

9. The term "Particulate Compositions" means pharmaceutical or diagnostic compositions containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 3000 nm as determined by any method for calculating particle size.

10. The term "agreed electronic search terms/strings" refers to the search terms that Elan agreed to use for locating responsive electronic documents in the possession of the e-custodians as reflected in the parties' March 9, 2007 and March 12, 2007 letters.

11. The term "agreed e-custodians" refers to the custodians whose electronic documents will be searched with the agreed electronic search terms/strings as reflected in the parties' March 9, 2007 and March 12, 2007 letters.

12. The term "This Litigation" means the legal action Elan Pharma International Limited v. Abraxis BioScience, Inc, No C-06-438-GMS, brought by Elan against Abraxis, in the United States District Court, District of Delaware.

13. The terms "document" or "documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

## TOPICS

1. The current and historical corporate organizational structure of Elan.

2. The identities of all individuals asked to search for documents responsive to Abraxis's First, Second, and Third Sets of Requests for Production.

3. The identities of all individuals whose files were searched for documents responsive to Abraxis's First, Second, and Third Sets of Requests for Production.

4. The identities of all individuals who provided documents responsive to Abraxis's First Second, and Third Sets of Requests for Production.

5. Identification of likely locations of documents relevant to the subject matter of this action.

6. Identification of likely locations of documents responsive to Abraxis's First, Second, and Third Sets of Requests for Production.

7. Identification of the personal and/or group network storage space, including any shared drives, hard drives, and/or network folders to be searched using the agreed electronic search terms/strings for each of the agreed e-custodians.

8. Identification of electronic documents relevant to the subject matter of this action and not collected or searched using the agreed electronic search terms/strings for each of the agreed e-custodians.

9. The process used to identify documents responsive to Abraxis's First, Second, and Third Sets of Requests for Production.

pa-1169027

10. Identification of documents responsive to Abraxis's First, Second, and Third Sets of Requests for Production from each joint repository shared by Elan with any other entity or entities.

11. The steps taken to comply with the requirements of Paragraph 11 of the Stipulated Protective Order.

12. Any limitations imposed on Elan's search for or production of documents responsive to Abraxis's First, Second, and Third Sets of Requests for Production with respect to Particulate Compositions having an average, mean, median or effective particle size of up to 3000 nm as determined by any method for calculating particle size.

13. Any limitations imposed on Elan's search for or production of documents responsive to Abraxis's First, Second, and Third Sets of Requests for Production with respect to compounds not specifically listed in the '363 Patent, the '025 Patent, or the '684 Patent.

## **CERTIFICATE OF SERVICE**

I, Elena C. Norman, Esquire, hereby certify that on June 1, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on June 1, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>**BY E-MAIL**
>
>Stephen Scheve, Esquire
>BAKER BOTTS L.L.P.
>One Shell Plaza
>910 Louisiana Street
>Houston, TX 77002-4995
>steve.scheve@bakerbotts.com
>
>Paul F. Fehlner
>BAKER BOTTS L.L.P.
>30 Rockefeller Plaza
>New York, NY 10112-4498
>paul.fehlner@bakerbotts.com

2

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
         &  TAYLOR, LLP

/s/ *Elena C. Norman*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600
Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2