IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 06-438-GMS |
| v. | ) ) | |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## NOTICE OF SUBPOENAS

TO:   PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED
        AND ITS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Abraxis BioScience, Inc. has served the subpoenas attached hereto at Tabs 1-3 and directed to the following: 1) William J. Davis, 2) Lawrence de Garavilla and 3) Pramod P. Sarpotdar.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone
(415) 268-7522 Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone
(650) 494-0792 Facsimile
EEvans@mofo.com


Dated: June 15, 2007

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 15, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on June 15, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

>Stephen Scheve, Esquire
>BAKER BOTTS L.L.P.
>One Shell Plaza
>910 Louisiana Street
>Houston, TX 77002-4995
>steve.scheve@bakerbotts.com

>Paul F. Fehlner
>BAKER BOTTS L.L.P.
>30 Rockefeller Plaza
>New York, NY 10112-4498
>paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
        & TAYLOR, LLP

        */s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2

# TAB 1

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| ELAN PHARMA INTERNATIONAL LIMITED | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| ABRAXIS BIOSCIENCE, INC. | Case Number:[1] 06-438-GMS |
| TO: William J. Davis<br>International Specialty Products<br>1361 Alps Road<br>Wayne, NJ 07470 | (District of Delaware) |

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by video, audio, and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 | June 25, 2007, 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Eric C. Pai            /Attorneys for DEFENDANT | May 29, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric C. Pai, Esq., Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA  94304  (650) 813-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next pate)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject tot hat subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the arty or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business of shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# TAB 2

Case 1:06-cv-00438-GMS    Document 136-2    Filed 06/15/2007    Page 4 of 15

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| ELAN PHARMA INTERNATIONAL LIMITED | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| ABRAXIS BIOSCIENCE, INC. | Case Number:[1] 06-438-GMS |
| TO:   Lawrence de Garavilla<br>909 Noble Drive<br>Downingtown, PA 19355 | (District of Delaware) |

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by video, audio, and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Philadelphia Marriott Downtown, 1201 Market Street, Philadelphia, PA 19107 | June 27, 2007, 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Eric C. Pai                    /Attorneys for DEFENDANT | May 29, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric C. Pai, Esq., Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA  94304  (650) 813-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the arty or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business of shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# TAB 3

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ELAN PHARMA INTERNATIONAL LIMITED
V.
ABRAXIS BIOSCIENCE, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-438-GMS
(District of Delaware)

TO: Pramod P. Sarpotdar
3981 Gaffney Court
San Diego, CA 92130

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by video, audio, and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP, 12531 High Bluff Drive, Suite 100, San Diego, CA 92130 | June 29, 2007, 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP, 12531 High Bluff Drive, Suite 100, San Diego, CA 92130 | June 19, 2007, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Eric C. Pai                /Attorneys for DEFENDANT | May 29, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric C. Pai, Esq., Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA 94304 (650) 813-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance,
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business of shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Schedule:

1. The term "'363 Patent" means U.S. Patent No. 5,399,363.

2. The term "'025 Patent" means U.S. Patent No. 5,834,025.

3. The term "Patents-In-Suit" means the '363 Patent and the '025 Patent.

4. The term "'684 Patent" means U.S. Patent No. 5,145,684.

5. The term "Foreign Counterpart" means any foreign patent application or patent that claims priority from one or more of the applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

6. The term "Related Applications and Patents" means United States patents or patent applications that claim priority benefit from one or more of the patent applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

7. The term "Elan" means Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC).

8. The term "Named Inventor" or "Named Inventors" means any of the named inventors of the Patents-In-Suit and the '684 Patent, including Elaine Liversidge, Gary Liversidge,

pa-1169070

1

        Pramod Sarpotdar, Lawrence de Garavilla, Kenneth Cundy, John Bishop, and David Czekai.

9. The term "Sterling Winthrop" means Sterling Winthrop, Inc., its predecessors (including Sterling Drug, Inc.), successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Sterling Winthrop.

10. The term "Eastman Kodak" means Eastman Kodak Company, its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Eastman Kodak.

11. The term "Particulate Prospects" means Particulate Prospects Corp., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Particulate Prospects.

12. The term "NanoSystems" means NanoSystems, LLC, its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by NanoSystems.

13. The term "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or

other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Abraxis.

14. The term "You" means: (i) Pramod P. Sarpotdar, (ii) Pramod P. Sarpotdar's present and former assistants, employees, accountants, counsel, agents, consultants, representatives, investigators and persons or entities that have acted or purport to act on his behalf or with his authorization, and (iii) any legal entity that is affiliated, owned, or controlled, in whole or part, by Pramod P. Sarpotdar, and all predecessors or successors in interest of the foregoing.

15. The term "Particulate Compositions" means pharmaceutical or diagnostic compositions containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 3000 nm as determined by any method for calculating particle size.

16. The term "NanoCrystal Technology" means anything Elan, a Named Inventor, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems referred to as "NanoCrystal Technology."

17. The term "This Litigation" means the legal action *Elan Pharma International Limited v. Abraxis BioScience, Inc*, No C-06-438-GMS, brought by Elan against Abraxis, in the United States District Court, District of Delaware.

18. The terms "document" or "documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

19. To the extent that You believe You cannot produce an otherwise-responsive document because of privilege, Abraxis requests that You provide a privilege log. For each

document withheld on the basis of privilege, describe the claimed privilege and identify the date, author or originator, person to whom addressed, sent or shown (including copies), type of document, present custodian and general subject matter of the document.

## REQUESTED DOCUMENTS

1. Documents constituting or referring to any actual, draft or potential agreements between You and Elan, a Named Inventor, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, including any employment agreements, compensation agreements, and assignment agreements.

2. Documents constituting or referring to any communications between You and Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, that refer to NanoCrystal Technology, Particulate Compositions, the Patents-In-Suit, the '684 Patent, Foreign Counterparts and/or Related Applications and Patents.

3. Documents constituting or referring to the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit or the '684 Patent claim priority benefit, Related Applications and Patents, and Foreign Counterparts.

4. Documents constituting or referring to any draft of the patent applications from which the Patents-In-Suit and/or the '684 Patent claim priority benefit.

5. Documents constituting, referring to, or reflecting Your files and records concerning Particulate Compositions, including notebooks, diaries, and calendars.

6. Documents referring to, evidencing, or reflecting any test, experiment or data described in the Patents-In-Suit, the '684 Patent, Foreign Counterparts, Related Applications and

Patents, and/or subject matter described or claimed in those patents and applications, including laboratory notebook entries.

7. Documents constituting, referring to, evidencing, or reflecting any papers, speeches, abstracts, publications, videotapes, photographic slides, posters, PowerPoint presentations or pages, promotional documents, or other presentation materials by You, Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems referring to or reflecting Particulate Compositions, including drafts.

8. Documents referring to, evidencing, or reflecting any test or experiment, conducted by or on behalf of You, Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, or any of their licensees, to create or use a product that embodies, practices, or uses any of the alleged inventions claimed in the Patents-In-Suit.

9. Documents referring to Particulate Compositions containing paclitaxel or a protein (such as casein, human albumin, or bovine serum albumin), including laboratory notebooks and records reflecting or referring to attempts to make or test such Particulate Compositions, research plans or proposals, and communications between You and any other entity or person dated before January 1, 2000.

10. Documents referring to, evidencing, or reflecting any decision made by or on behalf of You, Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, to stop, suspend or delay testing, development, clinical trials or marketing of any Particulate Composition developed by Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems.

11. Documents referring to Abraxane®, ABI-007, Capxol or any other Particulate Composition containing paclitaxel and human albumin.

12. Documents that refer to or discuss This Litigation.