IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 06-438-GMS |

**PRAMOD P. SARPOTDAR'S OBJECTIONS AND RESPONSES TO
ABRAXIS'S SUBPOENA DUCES TECUM**

Dr. Pramod P. Sarpotdar hereby objects and responds to Defendant Abraxis BioScience, Inc.'s ("Abraxis's") Subpoena to produce and permit inspection and copying of documents pursuant to the Requests contained in Schedule A thereto (the "Requests") served on Dr. Sarpotdar on May 29, 2007. Dr. Sarpotdar's objections are made without intending to waive, and without waiving:

(a)  any and all questions as to competency, relevancy, materiality, privilege, work product protection, and admissibility as evidence, for any purpose, of any of the documents produced or to be produced hereunder, or of the subject matter of any of those documents in any subsequent proceedings or the trial of this or any other action;

(b)  the right to object to the use of any of the documents produced or to be produced hereunder in any subsequent proceeding in, or the trial of, this or any other action;

(c)  the right to supplement further these objections and responses at any time; and

(d)  the right to object on any ground at any time to a demand for further response to these or other document or discovery requests in this action.

1

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Dr. Sarpotdar objects to Abraxis's instructions and definitions to the extent that they purport to impose obligations on Dr. Sarpotdar beyond the scope of discovery obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Civil Local Rules of this Court.

2. Dr. Sarpotdar objects to Abraxis's definitions of the terms "Foreign Counterpart," "Related Applications and Patents," "Elan," "You," "Sterling Winthrop," "Eastman Kodak," "Particulate Prospects," "NanoSystems," "NanoCrystal Technology," and "Particulate Compositions" as overly broad and unduly burdensome.

3. Dr. Sarpotdar further objects that Abraxis's definition of the terms "Particulate Compositions" seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Dr. Sarpotdar objects to Abraxis's definition of "NanoCrystal Technology" as overly broad, and as seeking information wholly irrelevant to issues in This Litigation. As defined, Abraxis's definition of "NanoCrystal Technology" purports to include *any* research conducted by Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and NanoSystems to utilize nanocrystals as a mechanism for drug delivery or to formulate compounds into nanocrystals without limitation as to the subject matter of This Litigation or the claims and defenses of the parties.

5. Dr. Sarpotdar also objects to the Requests to the extent that they are unlimited as to time and geographic scope. Without such limitations, the Requests are overly broad, unduly burdensome, and seek information not reasonably calculated to lead to the discovery of admissible evidence

## GENERAL OBJECTIONS

1. Dr. Sarpotdar objects to the Requests insofar as they seek irrelevant documents and are not reasonably calculated to lead to the discovery of admissible evidence.

2. Dr. Sarpotdar objects to the Requests insofar as they assume disputed facts or legal conclusions in defining or identifying requested documents.

3. Dr. Sarpotdar objects to the Requests insofar as they purport to require identification and disclosure of documents that were prepared in anticipation of litigation, constitute attorney work product, constitute or reveal privileged attorney-client communications, or are otherwise privileged or protected from disclosure under applicable law or rules. Dr. Sarpotdar claims such privileges and protections to the extent implicated by each document request, and excludes privileged and protected information from his responses to the requests. Any disclosure of protected or privileged information is inadvertent, and is not intended to waive, nor does it waive, any applicable privileges or protections.

4. Dr. Sarpotdar objects to the Requests on the grounds that the terms "referring," and "constituting" are vague and ambiguous insofar as they are undefined and unlimited.

5. Dr. Sarpotdar objects to the Requests to the extent they seek information protected from disclosure by a protective order or other confidentiality obligations. Dr. Sarpotdar elects to produce any responsive documents he might have in accordance with the Stipulated Protective Order entered in This Litigation.

6. Dr. Sarpotdar reserves the right to supplement his responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

7. All responses are made with an express reservation of the general objections set forth above and any specific objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Documents constituting or referring to any actual, draft or potential agreements between You and Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, including any employment agreements, compensation agreements, and assignment agreements.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This Request seeks any document constituting or referring to any actual, draft, or potential agreement between Dr. Sarpotdar and Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems without limitation to chemical compound, therapeutic area, or relevance to the issues in This Litigation.

Dr. Sarpotdar also objects to the extent this Request obligates Dr. Sarpotdar to produce documents in the possession, custody, and control of third parties, including without limitation Elan, the Named Inventors other than Dr. Sarpotdar, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and NanoSystems.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 2:**

Documents constituting or referring to any communications between You and Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, that refer to NanoCrystal Technology, Particulate Compositions, the Patents-In-Suit, the '684 Patent, Foreign Counterparts and/or Related Applications and Patents.

4

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

This Request also seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Elan's NanoCrystal® technology has been applied to numerous compounds not relevant to, or applicable to, the issues in This Litigation. For example, documents encompassing Elan's NanoCrystal® Technology encompasses work on parenteral and oral dosage forms, which include solid, liquid, fast-melt (Nanomelt™), pulsed release and controlled release dosage forms.

Abraxis's definition of "Particulate Compositions" is overly broad. As defined, "Particulate Composition" purports to require Dr. Sarpotdar to locate and produce documents concerning compounds with particle size of up to 3,000 nm. Such compounds are not relevant or related to the Patents-in-Suit, the '684 Patent, or the issues in This Litigation. The claims of the '684 Patent are limited to particles smaller than 400 nm and the claims of the '025 and '363 Patents are limited to particles smaller than 1,000 nm.

Dr. Sarpotdar objects to this Request to the extent it requires Dr. Sarpotdar to produce documents in the possession, custody, or control of third parties, including without limitation Elan, the Named Inventors other than Dr. Sarpotdar, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and NanoSystems.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

5

**REQUEST NO. 3:**

Documents constituting or referring to the Patents-In-Suit, the '684 Patent, the applications from which the Patents-In-Suit or the '684 Patent claim priority benefit, Related Applications and Patents, and Foreign Counterparts.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dr. Sarpotdar also objects to the extent this Request obligates Dr. Sarpotdar to produce documents in the possession, custody, and control of third parties. Dr. Sarpotdar further objects to this Request to the extent it requires Dr. Sarpotdar to produce documents available in the public domain, which are equally accessible to Abraxis.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 4:**

Documents constituting, referring to, or reflecting Your files and records concerning Particulate Compositions, including notebooks, diaries, and calendars.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Abraxis's definition of "Particulate Compositions" is overly broad. As defined, "Particulate Composition" purports to require Dr. Sarpotdar to locate and produce documents concerning compounds with particle size of up to 3,000 nm. Such compounds are not relevant or related to the Patents-in-Suit, the '684 Patent, or the issues in This Litigation. The claims of the

'684 Patent are limited to particles smaller than 400 nm and the claims of the '025 and '363 Patents are limited to particles smaller than 1,000 nm.

Dr. Sarpotdar also objects to the extent this Request obligates Dr. Sarpotdar to produce documents in the possession, custody, or control of third parties.

Dr. Sarpotdar objects that the terms "records" and "files" are vague and ambiguous, as they are subject to misinterpretation.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 5:**

Documents referring to, evidencing, or reflecting any test, or experiment or data described in the Patents-In-Suit, the '684 Patent, Foreign Counterparts, Related Applications and Patents, and/or subject matter described or claimed in those patents and applications, including laboratory notebook entries.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dr. Sarpotdar also objects to the extent this Request obligates Dr. Sarpotdar to produce documents in the possession, custody, and control of third parties. Dr. Sarpotdar objects to this Request to the extent it requires Dr. Sarpotdar to produce documents available in the public domain, which are equally accessible to Abraxis.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 6:**

Documents referring to, evidencing, or reflecting any test, experiment or data described in the Patents-In-Suit, the '684 Patent, Foreign Counterparts, Related Applications and

7

Patents, and/or subject matter described or claimed in those patents and applications, including laboratory notebook entries.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dr. Sarpotdar further objects that the term "subject matter described or claimed: is vague and ambiguous as it is undefined and subject to misinterpretation.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 7:**

Documents constituting, referring to, evidencing, or reflecting any papers, speeches, abstracts, publications, videotapes, photographic slides, posters, PowerPoint presentations or pages, promotional documents, or other presentation materials by You, Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems referring to or reflecting Particulate Compositios, including drafts.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Abraxis's definition of "Particulate Compositions" is overly broad. As defined, "Particulate Composition" purports to require Dr. Sarpotdar to locate and produce documents concerning compounds with particle size of up to 3,000 nm. Such compounds are not relevant or related to the Patents-in-Suit, the '684 Patent, or the issues in This Litigation. The claims of the '684 Patent are limited to particles smaller than 400 nm and the claims of the '025 and '363 Patents are limited to particles smaller than 1,000 nm.

Dr. Sarpotdar also objects to the extent this Request obligates Elan to produce documents in the possession, custody, and control of third parties, including without limitation Elan, the Named Inventors other than Dr. Sarpotdar, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and NanoSystems.

Subject to the foregoing General and Specific Objections, and the provisions of the Stipulated Protective Order, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 8:**

    Documents referring to, evidencing, or reflecting any test or experiment, conducted by or on behalf of You, Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, or any of their licensees, to create or use a product that embodies, practices, or uses any of the alleged inventions claimed in the Patents-In-Suit.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dr. Sarpotdar objects to this Request to the extent it requires Dr. Sarpotdar to produce documents in the possession, custody, or control of third parties, including without limitation Elan, the Named Inventors other than Dr. Sarpotdar, Sterling Winthrop, Eastman Kodak, Particulate Prospects, NanoSystems, and any of their licensees.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 9:**

    Documents referring to Particulate Compositions containing paclitaxel or a protein (such as a casein, human albumin, or bovine serum albumin), including laboratory notebooks and records reflecting or referring to attempts to make or test such Particulate

9

compositions, research plans or proposals, and communications between You and any other entity or person dated before January 1, 2000.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Abraxis's definition of "Particulate Compositions" is overly broad. As defined, "Particulate Composition" purports to require Dr. Sarpotdar to locate and produce documents concerning compounds with particle size of up to 3,000 nm. Such compounds are not relevant or related to the Patents-in-Suit, the '684 Patent, or the issues in This Litigation. The claims of the '684 Patent are limited to particles smaller than 400 nm and the claims of the '025 and '363 Patents are limited to particles smaller than 1,000 nm.

Dr. Sarpotdar also objects to this Request to the extent it requires Dr. Sarpotdar to produce communications with third parties on subjects wholly unrelated to the subject matter of this lawsuit or the claims and defenses of the parties.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 10:**

Documents referring to, evidencing, or reflecting any decision made by or on behalf of You, Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems, to stop, suspend or delay testing, development, clinical trials or marketing of any Particulate Composition developed by Elan, the Named Inventors, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and/or NanoSystems

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Abraxis's definition of "Particulate Compositions" is overly broad. As defined, "Particulate Composition" purports to require Dr. Sarpotdar to locate and produce documents concerning compounds with particle size of up to 3,000 nm. Such compounds are not relevant or related to the Patents-in-Suit, the '684 Patent, or the issues in This Litigation. The claims of the '684 Patent are limited to particles smaller than 400 nm and the claims of the '025 and '363 Patents are limited to particles smaller than 1,000 nm.

Dr. Sarpotdar objects to this Request to the extent it requires Dr. Sarpotdar to produce documents in the possession, custody, or control of third parties, including without limitation Elan, the Named Inventors other than Dr. Sarpotdar, Sterling Winthrop, Eastman Kodak, Particulate Prospects, and NanoSystems.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 11:**

Documents referring to Abraxane®, ABI-007, Capxol or any other Particulate Composition containing paclitaxel and human albumin.

**RESPONSE:**

Dr. Sarpotdar objects to this Request as overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Abraxis's definition of "Particulate Compositions" is overly broad. As defined, "Particulate Composition" purports to require Dr. Sarpotdar to locate and produce documents concerning compounds with particle size of up to 3,000 nm. Such compounds are not relevant or related to the Patents-in-Suit, the '684 Patent, or the issues in This Litigation. The claims of the '684 Patent are limited to particles smaller than 400 nm, and the claims of the '025 and '363 Patents are limited to particles smaller than 1,000 nm.

11

Dr. Sarpotdar also objects to the extent this Request obligates Dr. Sarpotdar to produce documents in the possession, custody and control of third parties.

Dr. Sarpotdar objects to this Request to the extent it requires Dr. Sarpotdar to produce documents available in the public domain, which are equally accessible to Abraxis.

Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any documents in his possession that are responsive to this request.

**REQUEST NO. 12:** Documents that refer to or discuss This Litigation.

**RESPONSE:**

Dr. Sarpotdar objects that this Request seeks documents protected by the attorney-client privilege. Subject to the foregoing General and Specific Objections, Dr. Sarpotdar is currently unaware of any non-privileged documents in his possession that are responsive to this request.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Pramod P. Sarpotdar*

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

Dated: June 19, 2007
181657.1