IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | | |
| Defendant. | | |

**NOTICE OF DEPOSITION OF ULAGARAJ SEVALRAJ**

PLEASE TAKE NOTICE that Plaintiff Elan Pharma International Limited ("Elan") will take the continuing deposition by oral testimony of Ulagaraj Sevalraj, commencing on July 30, 2007 at 9:00 a.m. PST.

The deposition shall take place at the offices of Esquire Deposition Services, 6222 Wilshire Blvd, 2nd FL, Los Angeles, California, or at such other place, date and time as is mutually agreed upon or ordered by the Court, before a notary public or other officer authorized to administer oaths. The testimony shall be recorded by stenographic and/or videographic means and shall continue from day to day until completed.

Documents shall be produced as set forth in Schedule A hereto, at the time and place of the deposition or at such other time and place as counsel for the parties and the witness may agree.

NY02:589211.1                                1

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | /s/ Steven J. Balick |
| | _____ |
| | Steven J. Balick (I.D. #2114) |
| | John G. Day (I.D. #2403) |
| | Tiffany Geyer Lydon (I.D. #3950) |
| | Lauren E. Maguire (I.D. #4261) |
| | 500 Delaware Avenue, 8th Floor |
| | P.O. Box 1150 |
| | Wilmington, DE 19899 |
| | (302) 654-1888 |
| | sbalick@ashby-geddes.com |
| | jday@ashby-geddes.com |
| | tlydon@ashby-geddes.com |
| | lmaguire@ashby-geddes.com |
| *Of Counsel:* | |
| | *Attorneys for Plaintiff* |
| Stephen Scheve | *Elan Pharma International Limited* |
| Linda M. Glover | |
| BAKER BOTTS LLP | |
| One Shell Plaza | |
| 910 Louisiana Street | |
| Houston, TX 77042-4995 | |
| Telephone: (713) 229-1659 | |
| | |
| Paul F. Fehlner | |
| BAKER BOTTS LLP | |
| 30 Rockefeller Plaza | |
| New York, NY 10112-4498 | |
| Telephone: (212) 408-2527 | |
| | |
| William J. Sipio | |
| 1375 Brentwood Road | |
| Yardley, PA 19067 | |
| Telephone: (215) 801-3625 | |

Dated: June 29, 2007

**SCHEDULE A**

**DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, the terms listed below are defined as follows:

A. The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

B. The terms "any", "all", or "each" shall be construed as "any, all, and each."

C. The terms "concerning," "referring," and/or "relating" as used herein, shall include, but are not necessarily limited to, alluding to, responding to, pertaining to, connected with, commenting on, in respect to, discussing, describing, reflecting, analyzing, projecting, evidencing and constituting

D. The term "communication" shall refer to every manner or means of disclosure, transfer or exchange of information in any form, whether made or accomplished orally or by document, whether face-to-face, by mail, facsimile, electronic mail, personal delivery, or otherwise, including but not limited to, meetings, telephone conversations, correspondence, memoranda, contracts, agreements, and verbal actions intended to or actually conveying information or data.

E. The terms "relate" or "relating to" shall mean and include referring to, mentioning, reflecting, containing, regarding, pertaining to, evidencing, involving, describing, discussing, arising out of, making reference to, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

F. The term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible

recordation of information by any means and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks or hard drives, or electronic databases, and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. "Document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

G. When referring to a document, "identify" shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s); (vi) recipient(s); (vii) the physical location of the document; and (viii) the name of its custodian(s).

H. When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address(es) and telephone number(s), and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

I. The use of the singular form of any word shall include the plural and *vice versa.*

J. The term "person" shall mean any natural person, any business, firm, association, organization, joint venture, partnership, corporation, or any legal or governmental entity.

K. "Abraxis" shall mean Defendant Abraxis BioScience, Inc., as well as any subsidiary, parent or affiliate thereof; all divisions, predecessors, successors or assignees of each of the foregoing, including without limitation, American Pharmaceutical Partners Inc., American BioScience Inc., and VivoRx; and all their directors, officers, employees, agents, consultants,

attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

L.  The term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis.

M.  "Nanosystems" refers to Nanosystems, Inc., and all directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, Nanosystems, Inc.

N.  "Elan" refers to Elan Drug Delivery, Inc., the successor in interest of Nanosystems, and all their directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, Elan.

O.  The term "the '363 patent" shall refer to United States Patent No. 5,399,363.

P.  The term "the '025 patent" shall refer to United States Patent No. 5,834,025.

## INSTRUCTIONS

A.  You are required to produce all responsive documents in your possession, custody, or control.

B.  If any requested document was at one time in existence but is no longer in existence, or if you are aware of any requested document that you are unable to locate, then please specify for each such document:

    a)    the identity of the document, including the number of pages, attachments, or appendices;

    b)    the information contained in the document;

    c)    the name of the writer, sender, or initiator of the document;

    d)    the name of all recipients of the document (including the addressees and any indicated or blind copies);

e)  the date of the document;

f)  the date upon which the document ceased to exist or you were first unable to locate the document;

g)  the circumstances under which the document ceased to exist or you were unable to locate the document;

h)  the identity of each person having knowledge of the circumstances under which the document ceased to exist;

i)  the identity of each person in charge of the custody or control of the document; and

j)  the identity of each person having knowledge of the contents of the document.

C.  Any recipient of this request who withholds any requested documents by reason of a claim of privilege or attorney work product, or who objects to any part of this request for production, shall furnish a list identifying each such document for which the claim of privilege is made or to which the objection relates, together with the following information:

a)  the identity of the document, including the exact name and title of the document, the number of pages, attachments, or appendices to the document, and all serial or identification numbers appearing on the document;

b)  a general description of the document;

c)  the name of the writer, sender, or initiator of the document;

d)  the name of all recipients of the document (including the addressees and any indicated or blind copies);

e)  the date of the document;

f)  the request to which the document relates;

g)  the reason(s) for each objection or claim of privilege; and

h)  the identity of each person having knowledge of the actual basis, if any, on which the privilege or other ground for objection is based.

D. Each request for production is to be read, construed, and responded to separately and independently without reference to or being limited by any other request for production.

E. If you contend any request is objectionable in whole or in part, state with specificity all grounds for objection, and produce all documents and things responsive to those parts of the request as to which no objection is made.

F. If, in responding to any request, you encounter any ambiguities, when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

G. Produced documents should be numbered sequentially with "Bates numbering."

H. These requests for production of documents are continuing requests. If, after producing the documents requested herein, you obtain or find further documents responsive to these requests, then you are required to produce such additional documents.

## REQUESTS FOR PRODUCTION

Please produce the following documents:

**Document Request No. 1.**

Documents concerning, relating to, or referring to any testing and/or analysis of the morphology of Abraxane® and/or any of its predecessor products containing nanoparticulate paclitaxel and human serum albumin, including Capxol, Nanozane, or ABI-007.

**Document Request No. 2.**

Documents concerning, relating to, or referring to any testing and/or analysis morphology of any nanoparticles present in Abraxane® and/or any of its predecessor products containing nanoparticulate paclitaxel and human serum albumin, including Capxol, Nanozane, or ABI-007.

**Document Request No. 3.**

Documents concerning, relating to, or referring to any communications with Nanosystems and/or Elan regarding nanoparticulate paclitaxel formulations.

**Document Request No. 4.**

Documents concerning, relating to, or referring to the circumstances surrounding your employment with Abraxis, including but not limited to, the names of Abraxis officers or employees who first contacted you about potential employment at Abraxis, the names of Abraxis officers or employees who made the decision to hire you, whether the officers or employees of Abraxis were aware that you had worked with Nanosystems's nanoparticulate formulations, and the measures, if any, Abraxis instituted to ensure that confidential information gained by you from his work with Nanosystems was not misappropriated by Abraxis.

**Document Request No. 5.**

Documents relating to your work at Penn State, including but not limited to, your work with Gary L. Messing.

**Document Request No. 6.**

Documents concerning, relating to, or referring to allegations that Abraxis is promoting off-label use of Abraxane® in the United States.

**Document Request No. 7.**

Documents concerning, relating to, or referring to Abraxis's claim that the paclitaxel in Abraxane® is amorphous.

**Document Request No. 8.**

Documents constituting, concerning, relating to, or referring to any contracts, whether draft or final, with or received from Abraxis.

**Document Request No. 9.**

Documents concerning, relating to, or referring to the '363 Patent, the '025 Patent, any of its inventors, or the *Elan Pharma International Limited v. Abraxis BioScience, Inc.* litigation, Case No. 06-438-GMS, in the District of Delaware.

**Document Request No. 10.**

Documents concerning, relating to, or referring to nanoparticlulate formulations created at or in collaboration with Nanosytems and/or Elan.

Documents concerning, relating to, or referring to your prior collaboration with Nanosytems and/or Elan, to the extent permitted by law.

**Document Request No. 11.**

Documents concerning, relating to, or referring to any communications with third parties concerning Nanosystems and/or Elan.

**Document Request No. 12.**

Documents concerning, relating to, or referring to any communications with third parties regarding nanoparticulate paclitaxel formulations.