IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 06-438-GMS |
| v. | ) ) ) | |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA

TO:   PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED
       AND ITS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Abraxis BioScience, Inc. is serving copies of the subpoena attached hereto on the named entity.

ROSENTHAL, MONHAIT & GODDESS, P.A.

_____
Jeffrey S. Goddess (No. 630)
*jgoddess@rmgglaw.com*
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE  19899-1070
(302) 656-4433\

*Attorneys for Defendant*
*ABRAXIS BIOSCIENCE, INC.*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLUMBIA

ELAN PHARMA INTERNATIONAL LIMITED,

V.

ABRAXIS BIOSCIENCE, INC.,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  06-438-GMS
District of Delaware

TO:
Foley & Lardner, LLP
3000 K Street, NW
Suite 500
Washington, D.C. 20007

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Henderson Legal Services, Inc., 1015 15th Street, NW, Suite 525, Washington, DC 20005 | Friday, July 27, 2007 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Attorney for Defendant | July 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey S. Goddess, Esquire
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

DB02:6087030.1                                                          065496.1001

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## EXHIBIT A TO SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this subpoena:

The term "Elan" means Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC).

The term "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Abraxis.

The term "NanoCrystal Technology" means anything Elan referred to as "NanoCrystal Technology."

The term "NanoParticulate Compositions" means pharmaceutical or diagnostic compositions developed by Elan, its owners or licensees, containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 1000 nm as determined by any method for calculating particle size.

The term "'363 patent" means U.S. Patent No. 5,399,363.

The term "'025 patent" means U.S. Patent No. 5,834,025.

The term "'684 patent" means U.S. Patent No. 5,145,684.

The terms "document" or "documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

The term "third-parties" means any individuals or entities other than Elan and Abraxis.

The term "you" means Foley & Lardner LLP and the partners and employees thereof, including, without limitation, Michele M. Simkin, J.D.

## REQUESTED DOCUMENTS

1.  All non-privileged documents pertaining to NanoCrystal Technology which you, acting on behalf of or in conjunction with Elan, communicated to third-parties as part of an effort to (a) inform concerning, (b) market, or (c) license Elan's NanoCrystal Technology and/or the technology represented by the '684, '363 and '025 patents.

2.  All non-privileged documents pertaining to NanoParticulate Compositions which you, acting on behalf of or in conjunction with Elan, communicated to third-parties as part of an effort to (a) inform, concerning, (b) market, or (c) license Elan's NanoCrystal Technology and/or the technology represented by the '684, '363 and '025 patents.

3.  Any non-privileged documents you received from any third-party by way of reply or follow-up to your having communicated the documents described in Nos. 1 and 2 above, and any further non-privileged documents you thereafter exchanged with such third-party.