# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) ) ) ) ) | |

## DECLARATION OF EMILY A. EVANS
## IN SUPPORT OF DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

I, Emily A. Evans, declare as follows:

1.      I am an attorney admitted to practice in the State of California, and I am admitted *pro hac vice* in the above-captioned action.  I am a partner in the law firm of Morrison & Foerster LLP, attorneys for Abraxis BioScience, Inc. ("Abraxis") in the above-captioned action.  I submit this Declaration in Support of Abraxis's Opposition to Plaintiff's Motion to Modify the Scheduling Order.  I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would competently testify thereto.

2.      Abraxis has undertaken extraordinary efforts to complete discovery in this matter by July 30, 2007, including assembling a team of more than a dozen attorneys, an additional 3-6 contract attorneys, and several additional technical

personnel and staff working long hours over the past months to meet Abraxis's

discovery obligations.

   3.  Abraxis produced the key documents regarding Abraxane, on or

before March 29, 2007. These documents included those submitted to the FDA as

the New Drug Application, and the documents submitted to the FDA constitute

approximately 100,000 pages and contain detailed information relating to Abraxane.

   4.  Abraxis produced key notebooks relating to Abraxane on or before

March 29, 2007.

   5.  Elan failed to notice a single deposition of an individual until June 29,

2007.

   6.  Attached hereto as Exhibit 1 is a true and correct copy of an email I

sent to Linda Glover and Paul Fehlner, counsel for Elan, on June 27, 2007, regarding

Elan's failure to designate a single witness for deposition.

   7.  Abraxis made its notebooks available for inspection by Elan, and Elan

inspected those notebooks from June 13-15. Due to an oversight, a small number of

additional notebooks were produced for inspection on June 22, 2007. The portions

of those laboratory notebooks designated by Elan for production amounted to

roughly three boxes, which were produced to Elan on July 2, 2007.

   8.  Attached hereto as Exhibit 2 is a true and correct copy of a letter from

Diana Kruze to Linda Glover, dated January 16, 2007.

   9.  Attached hereto as Exhibit 3 is a true and correct copy of a letter from

Linda Glover to Diana Kruze, dated January 19, 2007.

DB02:6116400.1

pa-1179726

10.    Attached hereto as Exhibit 4 is a true and correct copy of a letter from Eric Walters to Linda Glover, dated April 27, 2007.

11.    Attached hereto as Exhibit 5 is a true and correct copy of a letter from Linda Glover to Eric Walters, dated May 4, 2007.

12.    Before March 29, 2007, Abraxis produced x-ray crystallography data evidencing that the paclitaxel in Abraxane is amorphous, TEM analyses of Abraxane, and myriad FDA submissions and other documents stating that Abraxane is amorphous.

13.    Counsel for Abraxis sent a proposed amended protective order to counsel for Elan on June 1, 2007.  Counsel for Elan did not send a revised proposed amended protective order back to counsel for Abraxis until June 26, 2007.

14.    Attached hereto as Exhibit 6 is a true and correct copy of an e-mail from Eric Walters to Linda Glover, dated June 1, 2007, without attachments.

15.    Attached hereto as Exhibit 7 is a true and correct copy of an e-mail from Linda Glover to Emily Evans, dated June 26, 2007, without attachments.

16.    Attached hereto as Exhibit 8 is a true and correct copy of Abraxis's Initial Disclosures, filed November 16, 2006.

17.    Attached hereto as Exhibit 9 is a true and correct copy of excerpted pages from the deposition of Steve Brenner taken on June 22, 2007.

18.    Attached hereto as Exhibit 10 is a true and correct copy of excerpted pages from the deposition of Michael Hawkins taken on July 6, 2007.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of July, 2007 at Palo Alto, California.

/s/ *Emily A. Evans*
Emily A. Evans

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on July 19, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

I further certify that on July 19, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

Linda Glover, Esquire
Stephen Scheve, Esquire
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
steve.scheve@bakerbotts.com

Paul F. Fehlner, Esquire
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY  10112-4498
paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
 &  TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2

# Exhibit 1

| From: | Evans, Emily A. |
| --- | --- |
| Sent: | Wednesday, June 27, 2007 6:20 AM |
| To: | linda.glover@bakerbotts.com; PAUL.FEHLNER@bakerbotts.com |
| Cc: | Steve.Scheve@bakerbotts.com; Lisa.Chiarini@bakerbotts.com; William J. Sipio (sipz25@aol.com) |
| Subject: | Abraxis: discovery cut-off and depositions |

Paul and Linda,

I write regarding our telephone conference yesterday.

With respect to your request that Abraxis join Elan in requesting a two-month extension of the discovery cut-off, Abraxis declines. We do not believe that Elan has done and is doing all it can to comply with the Judge Sleet's Scheduling Order -- an Order, by the way, that adopted an aggressive fact discovery cut-off at Elan's insistence. Parties are always strained during the last month of fact discovery and this case is no different. Both parties are represented by large firms that can marshal the resources necessary to comply with Judge Sleet's Order. Under these circumstances it is not appropriate for the parties to ask Judge Sleet to revisit his Scheduling Order.

A case in point is Elan's position yesterday regarding taking depositions of Abraxis personnel. Despite numerous requests by us that Elan let us know whom Elan would like to depose before the discovery cut-off, Elan has yet to identify a single witness. In an attempt to move this case along and comply with Judge Sleet's Scheduling Order, I sent you an e-mail on Monday listing dates when Abraxis personnel listed on our Initial Disclosures would be available for deposition before the discovery cut-off. These dates are:

> Carlo Montagner: July 3
> Michael Hawkins: July 6
> Bruce Wendel: July 11
> Patrick Soon-Shiong: July 13
> Mitchell Clark: July 17
> Neil Desai: July 19

You indicated that Elan was not able at this time to tell us whether it will want to depose these, or any other, Abraxis personnel. I indicated that these high-level personnel have very limited availability before the discovery cut-off due to long-scheduled pre-existing commitments. While we will of course make every effort to make requested witnesses available for deposition before the cut-off, the longer Elan waits the harder that will be for us to do. If Elan chooses to pass on the dates proferred above, we may not be able to make these witnesses available in July. For example, some of the witnesses will be out of the country in the latter part of the month. Elan may forfeit its chance to depose these -- and other -- witnesses if it chooses to follow the strategy you posited of waiting until late in July to notice all of its witnesses. Certainly this calculated bid to force an extension of the discovery cut-off is not good cause to modify the Scheduling Order.

With respect to Mr. Montagner and Dr. Hawkins, who are being preferred for deposition next week, please let us know by close of business this Thursday, June 28, whether Elan will notice and take their depositions on those dates. If we do not hear from you by then, we can no longer make the witnesses available on those dates. While the witnesses currently have reserved those days for their deposition, we require this notice to prepare for these depositions appropriately. Elan's steadfast refusal to identify witnesses whom it plans to depose -- you said you were unable to identify a single person -- is prejudicing our ability to defend against Elan's meritless lawsuit. We should not have to expend the resources necessary simultaneously to prepare all our employees for a possible deposition this coming month. This is Elan's lawsuit. Put your cards on the table and get on with your case.

With respect to the witnesses whom Abraxis would like to depose, you indicated that you would let us know today whether Ms. Peltier and Dr. Cooper will be made available for deposition on the dates specified in our deposition notices and, if not, when they will be available before the discovery cut-off.

With respect to document production, we indicated that we expected to produce the remainder of our documents by the end of this week, as we have previously predicted. You indicated that you did not know when Elan would be completing its document production but that Elan would produce tens of thousands of documents this Friday, with more to come "later." Abraxis objects to Elan's dilatory document production. This appears to be another cynical ploy to extend the discovery cut-off and increase the cost to Abraxis of defending against this frivolous lawsuit.

We also discussed the Rule 30(b)(6) depositions last Friday. I indicated that we would double-check to confirm that the collection of documents by Abraxis had been sufficient and proper, and indicated that we would remedy any deficiency if identified. I also reminded you that Abraxis already has searched for and produced many, many documents beyond what we were required, or agreed, to produce. I cannot say the same for Elan.

As always, I am available to discuss these important issues with you.

Emily

Emily A. Evans
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5625
Fax: (650) 494-0792
eevans@mofo.com

# Exhibit 2

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 16, 2007

Writer's Direct Contact

650.813.5649
DKruze@mofo.com

*By Electronic Mail and Overnight Delivery*

Linda Glover
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston TX  77002-4995

Re:    *Elan Pharma International Limited v. Abraxis BioScience, Inc.*

Dear Linda:

This letter responds to your letter dated January 4, 2007, regarding a document production schedule for the above-captioned matter.  Abraxis agrees that a rolling production of documents is appropriate.  The specific dates and benchmarks Elan proposed, however, are not workable.

Elan proposed that the parties complete document production on or before July 30, 2007.  Under the Scheduling Order, however, the parties must make any motions to amend the pleadings before March 30, 2007 and fact discovery closes July 30, 2007.  Elan's proposal precludes depositions on a significant percentage of the produced documents, precludes follow-up discovery requests based on late-produced documents, and would severely hamper the parties' ability to amend their pleadings consistent with the evidence ultimately produced.

Abraxis proposes that the parties follow the usual practice of producing documents promptly as they become available.  We also propose that the parties complete production of all responsive documents on or before February 28, 2007.  This proposal gives the parties adequate time to amend the pleadings, depose witnesses on all the produced documents, and conduct follow-up discovery, should the need arise.

## MORRISON | FOERSTER

Linda Glover
January 16, 2007
Page Two

Please let us know your thoughts on our counter-proposal.

Sincerely,

Diana Kruze

# Exhibit 3

# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

January 19, 2007

ELAN PHARMA INTERNATIONAL LIMITED
Abraxis Bioscience, Inc.
076406.0108

Linda M. Glover
TEL +1 713-229-1665
FAX +1 713-229-2865
linda.glover@bakerbotts.com

BY ELECTRONIC MAIL AND FEDEX

Ms. Diana Kruze
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

Re:    Cause No. 06-438-GMS; *Elan Pharma International Limited v. Abraxis Bioscience, Inc.*; In the United States District Court; District of Delaware

Dear Diana:

This responds to your two letters dated January 16, 2007.

First, you asked Elan Pharma International Limited ("Elan") to confirm that it has custody and control over NanoSystems, L.L.C.'s documents, and that Elan will be searching those documents in response to Abraxis's Requests for Production. Elan cannot confirm that it has *all* of NanoSystems, L.L.C.'s documents. However, to the extent that such documents are in Elan's possession, custody and control, Elan is reviewing them for responsiveness to Abraxis's discovery requests.

You also asked whether Elan acquired "Particulate Prospects Corporation" or any of its assets from Eastman Kokak, and whether Elan would be searching this entity's files in response to Abraxis's Requests for Production. Particulate Prospects Corporation was a holding company and, as such, did not maintain documents responsive to Abraxis's discovery requests. However, to the extent that Elan has possession, custody and control of Eastman Kodak documents, Elan is reviewing those documents for their responsiveness.

Second, in response to Elan's recommended production schedule, you proposed that the parties complete all production by February 28, 2007. Such a deadline is unrealistic, particularly when the parties have yet to exchange a list of search terms to be applied to electronic data. Accordingly, Elan will produce documents and electronic data pursuant to the Federal Rules of Civil Procedure and the scheduling order entered by the Court.

Should you have any questions about the matters addressed above, please feel free to call me.

**BAKER BOTTS** LLP

- 2 -                                              January 19, 2007

Sincerely,

*Linda M. Glover*

Linda M. Glover

cc:    Steve Scheve
       Paul Fehlner
       William J. Sipio

**BAKER BOTTS** LLP

                                    - 3 -                                January 19, 2007


bcc:    Gregory Bokar
        Justin Underwood
        Lisa Chiarini
        Fred Barrera
        Jennifer Cozeolino
        Jason Moore
        Robert Riddle

# Exhibit 4

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

April 27, 2007

Writer's Direct Contact
(650) 813-5865
EWalters@mofo.com

**By E-Mail and U.S. Mail**

Stephen Scheve
Linda Glover
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995

Re:  *Elan Pharma International Limited v. Abraxis BioScience, Inc.*

Dear Steve and Linda:

I write to address several important but unresolved deficiencies in Elan's document production. We are in receipt of Linda Glover's letters of April 23 and 24, 2007, but these do not adequately address these deficiencies as explained below.

We will write separately regarding the other issues raised in Linda's letters, including Elan's complaints about Abraxis's responses to Elan's interrogatory numbers 9-11, and the Addendum to the Protective Order.

**Elan's Laboratory Notebooks**

In a letter dated April 5, 2007, Abraxis explained that Elan's refusal to produce responsive laboratory notebooks was improper under both the Federal Rules of Civil Procedure and the terms of the March 15 discovery conference with the Court. The Federal Rules clearly do not permit a party to avoid its document production obligations by dumping large quantities of non-responsive materials onto the party seeking discovery.

During the telephone conference with Judge Sleet, Elan's counsel committed to producing all responsive notebooks by April 15. That date has now passed. After waiting nearly *three weeks* to respond to the April 5 letter, you now state (in Ms. Glover's April 24 letter) that you are reviewing "in the normal course" the notebooks you informed Judge Sleet would be produced by April 15.

MORRISON | FOERSTER

Stephen Scheve
Linda Glover
April 27, 2007
Page Two

This is unacceptable. The production of these notebooks is now long overdue. Absent confirmation by close of business Monday, April 30, 2007, that the responsive notebooks will be produced by Friday, May 4, 2007, we will have no choice but to seek the assistance of the Court.

**Abraxis's Requests for Production**

Abraxis's letter of April 13, 2007 contained a chart identifying a number of requests from Abraxis's Second Set of Requests for Production that are partially or completely subsumed by requests from Abraxis's First Set of Requests for Production. We requested that Elan confirm that it would produce these documents by April 15, the date it informed the Court that its production in response to the first set of requests would be complete. Ms. Glover's letter sent April 23 (erroneously dated April 17), fails to respond to this request, and instead makes the latest in a series of unsubstantiated allegations of misconduct. The reason for these requests should be easy to understand – Elan has made a series of unfounded and ill-defined objections to the first set of requests, and was unwilling during the meet and confer process to clarify exactly what it is and is not producing. Thus, as explained at the March 15 hearing, these requests are designed to ensure that Elan is not withholding important categories of documents that are also subsumed within the first set.

In any event, as a review of the transcript of the March 15 hearing makes clear (see pages 32-37), Judge Sleet's order during the March 15 discovery conference required the parties to complete production of all hard copy documents responsive to the first sets of document requests by April 15.

Please confirm by close of business on Monday, April 30, that Elan has completed its production of hard copy documents in response to Abraxis's first set of document requests (aside from the laboratory notebooks referred to above). Please also confirm that this production includes those from Abraxis's second set of document requests that are subsumed by the first. If Elan again fails to provide this confirmation, we will raise the issue with the Court.

We understand that the April 15 deadline did not apply to that portion of the second set of requests that called for entirely new categories of documents, and the parties still need to determine a reasonable schedule for producing documents responsive to such requests. We would propose completing production of hard copy documents responsive to the second set of requests by May 7. Please confirm your agreement to this date. If Elan is unable to complete its production by May 7, please advise when it proposes to do so.

pa-1148274

MORRISON | FOERSTER

Stephen Scheve
Linda Glover
April 27, 2007
Page Three

## Waiver of Work Product Immunity for Elan's Tests on Abraxane®

In a second letter dated April 5, 2007, we provided a detailed explanation of how Elan waived, through at least two separate acts of disclosure, any work product immunity that might have applied to its pre-filing investigation and tests on Abraxane.

Elan's counsel acknowledged, during a meet and confer on February 21, 2007, that Elan had conducted tests to determine if the paclitaxel in Abraxane is crystalline, and disclosed that the results of these tests were "inconclusive." Subsequently, in its opposition to Abraxis's Rule 11 motion, Elan also chose to disclose portions of its pre-filing investigation that it apparently believes bolsters its opposition. Elan's selective disclosure is plainly a waiver under case law that forbids the use of work product immunity as both a sword and a shield.

Without justification, Elan has refused to produce the documents for which it has waived work product immunity – namely, Elan's tests on Abraxane, including their protocols and results. Please advise us whether that is Elan's final position so that we may, if necessary, seek appropriate relief from the Court.

## Elan's Licenses and Agreements Regarding Particulate Compositions

Abraxis raised the issue of Elan's licenses and agreements with third parties regarding particulate compositions during the first conference with Judge Sleet on February 16, 2007. You claimed during that telephone call that Elan was "moving forward with due haste" in dealing with third parties. Two months have passed since that discovery conference, and Elan has produced nothing but a small handful of licenses and an opaque list that merely asserts "Contractual confidentiality obligation" for dozens of third-party agreements.

Moreover, we asked Elan, in E-mails dated March 12 and 21, to explain its apparently arbitrary proposal to limit its production to "experimental evaluation agreements" and "master experimental evaluation agreements." Because these internal Elan categorizations of its agreements mean nothing to us, we have no basis for determining whether your proposal is reasonable or not. Nor do we have any idea of how many or how few of the 1700 "ostensibly responsive" agreements would be included in these categories. In short, Elan's refusal to provide any explanation for its proposal makes it impossible to evaluate the validity of its position that it cannot agree to a broader scope of production without capturing "every single license agreement" in the company.

Throughout this period, we have sought to reach a reasonable compromise with you. On March 21, we asked Ms. Glover to meet and confer telephonically to resolve this matter. She declined our proposed time and stated that she would follow up by e-mail, but we did not

MORRISON | FOERSTER

Stephen Scheve
Linda Glover
April 27, 2007
Page Four


hear from her on this issue until her letter dated April 24. In that letter, you propose meeting
and conferring "next week." Please let us know your availability for a meet and confer on
Monday, April 30 or Tuesday, May 1. Any further delay would be unjustified.


Sincerely,

Eric S. Walters

# Exhibit 5

# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG

TEL +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

**HOUSTON**
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

May 4, 2007

ELAN PHARMA INTERNATIONAL LIMITED
Abraxis Bioscience, Inc.
076406.0108

Linda M. Glover
TEL +1 713-229-1665
FAX +1 713-229-2865
linda.glover@bakerbotts.com

BY FEDEX AND ELECTRONIC MAIL

Mr. Eric S. Walters
Morrison & Foerster
755 Page Mill Road
Palo Alto, California 94304-1018

> Re:    Cause No. 06-438-GMS; Elan Pharma International Limited v. Abraxis
>        Bioscience, Inc.; In the United States District Court; District of Delaware

Dear Eric:

This responds to your letter of April 27.

**Laboratory Notebooks**

Elan completed its review of over 1,000 laboratory notebooks and produced to Abraxis approximately 215 that were relevant to the subject matter of the lawsuit and to the claims and defenses of the parties. Elan's production of laboratory notebooks was substantially complete by April 15.

**Abraxis's Second Set of Requests for Production**

Abraxis has represented to Elan that its Second Set of Requests for Production are partially or completely subsumed by requests from Abraxis's First Set of Requests for Production. As stated in my April 17 letter, duplicative discovery violates Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26. In an attempt to avoid this inevitable conclusion, Abraxis now states that Elan "made a series of unfounded and ill-defined objections to the first set of requests, and was unwilling during the meet and confer process to clarify exactly what it is and is not producing." (E. Walters 4/27/07 letter to L. Glover) Nothing could be further from the truth. Elan's objections were well-founded in the Federal Rules of Civil Procedure and controlling case law. In addition, Elan and Abraxis conferred endless hours over the parties' respective discovery requests, during which time Elan clearly delineated the documents it would be producing in response to Abraxis's requests. As you were not a party to the discussions, your allegation lacks any credibility.

Abraxis's explanation of the duplicative nature of its two sets of requests cannot withstand scrutiny. It is only logical to therefore assume that Abraxis's Second Set of Requests

**BAKER BOTTS** LLP

Mr. Eric S. Walters                        - 2 -                        May 4, 2007

for Production were served to unnecessarily multiply these proceedings. Accordingly, Elan reseves its rights under 29 U.S. C. § 1927.

As to your question regarding completion, Elan substantially completed its production of hard copy documents and microfilm responsive to Abraxis's First Set of Requests on May 1, 2007.

### Work Product

As I have repeatedly advised Abraxis, Elan chooses not to waive protections afforded by the work product doctrine.

### Elan's Licenses and Agreements Regarding Particulate Compositions

In its First Set of Request for Production, Abraxis sought the following documents from Elan:

> Documents constituting, referring to, or reflecting communications between Elan and any third party concerning "Elan's Nanocrstal Technology," including agreements.

*See* Abraxis's First Set of Requests for Production of Documents, No. 60. Such a request encompasses almost every document in Elan's possession, custody and control as a major proportion of Elan's business involves "Nanocrytsal Technology."

Because the above request is objectionable on numerous grounds, Elan could have refused to produce a single document in response. Nevertheless, Elan undertook the review of approximately 1700 agreements to determine which contained information concerning the subject matter of this lawsuit and the claims and defenses of the parties. Based on its review, Elan offered to produce a certain subset of the 1700 agreements that were both *relevant* and responsive to Abraxis's request. Abraxis accepted Elan's offer. Now, however, Abraxis wants Elan to provide a description or catalogue of all 1700 agreements so that Abraxis can determine—after the fact—whether Elan's offer was reasonable. The Federal Rules of Civil Procedure, which govern discovery, do not burden Elan with such a task. Rather, if there are specific agreements that Abraxis seeks, then identify them and Elan will take Abraxis's request under consideration. As to other documents sought by this Request, i.e., "documents constituting, referring to, or reflecting communications between Elan and any third party concerning 'Elan's Nanocrystal Technology,'" Elan stands by its well-founded objections.

Sincerely,

Linda M. Glover

**BAKER BOTTS** LLP

Mr. Eric S. Walters                          - 3 -                          May 4, 2007


cc:    Gregory Bokar
       Justin Underwood
       Steve Scheve
       Paul Fehlner
       William J. Sipio

# Exhibit 6

| | | |
|---|---|---|
| **From:** | Walters, Eric S. | |
| **Sent:** | Friday, June 01, 2007 7:35 AM | |
| **To:** | 'linda.glover@bakerbotts.com' | |
| **Cc:** | 'sipz25@aol.com'; 'Steve.Scheve@bakerbotts.com'; Jacobs, Michael A.; Evans, Emily A. | |
| **Subject:** | Proposed Amended Protective Order | |
| | | |
| **Attachments:** | Joint Submission regarding Amended Protective Order - 9.pdf; Amended Protective Order - 3.pdf; Redline.pdf | |

  

Joint Submission    Amended    WSComparison_PAL
regarding Ame...  otective Order - 3.pO ALTO-#111694...

Dear Linda,

Enclosed please find a proposed amended protective order (and redline) as well as a proposed joint submission to accompany it. The proposed order includes provisions to protect Abraxis's secret manufacturing information, as well as the agreed-upon language concerning patent prosecution.

Please let us know if you have any questions or comments.

Best regards,

Eric

# Exhibit 7

From: linda.glover@bakerbotts.com [mailto:linda.glover@bakerbotts.com]
Sent: Tuesday, June 26, 2007 12:37 PM
To: Evans, Emily A.
Cc: Kruze, Diana B.; Steve.Scheve@bakerbotts.com; PAUL.FEHLNER@bakerbotts.com; sipz25@aol.com;
Lisa.Chiarini@bakerbotts.com; fred.barrera@bakerbotts.com; Robert.Riddle@bakerbotts.com; Jennifer.Cozeolino@bakerbotts.com
Subject: Elan's Proposed Changes to Protective Order

Dear Emily,

Attached please find Elan's proposed changes to the Protective Order in track changes.

Regards,

Linda

7/11/2007

# Exhibit 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) | |

## ABRAXIS'S INITIAL DISCLOSURES UNDER
## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Abraxis provides the following disclosures.

Abraxis objects to the disclosure requirements of Rule 26(a)(1) to the extent they call for production of information protected by the attorney-client privilege, the attorney work product doctrine, or another privilege or immunity. All requirements will be read to exclude information so protected.

**B.      RULE 26(A)(1)(A):  WITNESSES**

Abraxis discloses the following witnesses likely to have discoverable information that Abraxis may use to support its claims or defenses, unless solely for impeachment, and the subjects of the information they may possess. Elan should not directly contact any current and former Abraxis employees disclosed below, but rather should proceed only through Abraxis's undersigned counsel.

| Identity | Contact | Knowledge |
|---|---|---|
| Dr. Patrick Soon-Shiong | c/o counsel for Abraxis | Discovery, development, and commercialization of Abraxane; FDA approval of Abraxane; damages; non-willfulness |
| Dr. Neil Desai | c/o counsel for Abraxis | Discovery and development of Abraxane; FDA approval of Abraxane; non-willfulness |
| Dr. Michael Hawkins | c/o counsel for Abraxis | Development, commercialization, and FDA approval of Abraxane |
| Richard E. Maroun | c/o counsel for Abraxis | Damages; non-willfulness<br><br>By disclosing Mr. Maroun, Abraxis does not waive any privilege or immunity relating to Mr. Maroun |
| Mitchall Clark | c/o counsel for Abraxis | FDA approval of Abraxane |
| Bruce Wendell | c/o counsel for Abraxis | Commercialization of Abraxane; damages; non-willfulness<br><br>By disclosing Mr. Wendell, Abraxis does not waive any privilege or immunity relating to Mr. Wendell |
| Carlo Montagner | c/o counsel for Abraxis | Commercialization of Abraxane |
| Gary G. Liversidge | 258 Colwyn Terrace West Chester, PA 19380 | Named inventor of the '363 and '025 patents-in-suit: inventorship; invalidity; claim construction; all other matters typically within the knowledge of a named inventor of an asserted patent |
| Elaine M. Liversidge | 258 Colwyn Terrace West Chester, PA 19380 | Named inventor of the '363 and '025 patents-in-suit: inventorship; invalidity; claim construction; all other matters typically within the knowledge of a named inventor of an asserted patent |

| | | |
|---|---|---|
| Pramod P. Sarpotdar | 5 Knollbrook Circle Malvern, PA 19355 | Named inventor of the '363 patent-in-suit: inventorship; invalidity; claim construction; all other matters typically within the knowledge of a named inventor of an asserted patent |
| Lawrence de Garavilla | 909 Noble Drive Downingtown, PA 19335 | Named inventor of the '025 patent-in-suit: inventorship; invalidity; claims construction; all other matters typically within the knowledge of a named inventor of an asserted patent |
| Arthur H. Rosenstein | Rochester, NY 14650 Phone: (716) 477-9908 Fax: (716) 477-4646 | Prosecution of the '363 patent-in-suit; inventorship; invalidity; claim construction |
| J. Jeffrey Hawley | Eastman Kodak Company Patent Department 343 State St Rochester, NY 14650 Phone: (585) 724-4947 | Prosecution of the '363 patent-in-suit; inventorship; invalidity; claim construction |
| William J. Davis | International Specialty Products 1361 Alps Rd. Wayne, NJ 07470 Phone: (973) 628-3529 | Prosecution of the '363 patent-in-suit; inventorship; invalidity; claim construction |
| Michele M. Simkin | Foley & Lardner LLP 3000 K Street, N.W. Suite 500 Washington, DC 20007 Phone: (202) 672-5538 Fax: (202) 672-5399 | Prosecution of the '363 and '025 patents-in-suit; inventorship; invalidity; claim construction |
| Gilbert W. Rudman | ATOFINA Chemicals INC, 2000 Market St. Philadelphia PA 19103 Phone: (215) 419-7636 | Prosecution of the '025 patent-in-suit; inventorship; invalidity; claim construction |
| Thurman K. Page | United States Patent and Trademark Office Washington, DC | Primary examiner for the '363 patent-in-suit: invalidity; claim construction |

| Carlos Azpuru | United States Patent and Trademark Office Washington, DC | Primary examiner for the '025 patent-in-suit: invalidity; claim construction |
|---|---|---|

### C.    RULE 26(A)(1)(B):  DOCUMENTS

Abraxis identifies the following categories of documents, data compilations, and tangible things in its possession, custody, or control that it may use to support its counterclaims and affirmative defenses, unless solely for impeachment:

1.    Documents regarding the '363 patent and the '025 patent (collectively, the "patents-in-suit"), including their respective applications and prosecution file histories and prior art references cited therein;

2.    Documents and tangible things related to research and development of Abraxane;

3.    Documents relating to the structure of Abraxane;

4.    Documents relating to the administration of Abraxane;

5.    Documents reflecting communications between Abraxis and Elan;

6.    Samples of Abraxane;

7.    Prior art limiting the patents-at-suit;

8.    Certain licensing information, including agreements with these licensees; and

9.    Certain financial records, including but not limited to revenues, expenses, and sales regarding Abraxane.

These files are located in Abraxis's offices and in off-site storage facilities at various locations in Los Angeles, California, as well as in Schaumburg, Illinois.

### D.    RULE 26(A)(1)(C):  DAMAGES

Abraxis intends to ask the Court to declare this matter to be exceptional under 35 U.S.C. § 285 and to award Abraxis its attorney fees and costs, which are not susceptible to computation at this time.

E.    **RULE 26(A)(1)(D):  INSURANCE AGREEMENTS**

At this time, Abraxis is not aware of any insurance agreement implicated by the

litigation.

Dated: November 16, 2006          By:  _____

> Josy W. Ingersoll (#1088)
> Elena C. Norman (#4780)
> YOUNG CONAWAY STARGATT &
>   TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801
> (302) 571-6672  Telephone
> (302) 576-3301  Facsimile
> jingersoll@ycst.com
> enorman@ycst.com
>
> Michael A. Jacobs
> MORRISON & FOERSTER, LLP
> 425 Market Street
> San Francisco, CA  94105-2482
> (415) 268-7000   Telephone
> (415) 268-7522  Facsimile
> MJacobs@mofo.com
>
> Emily A. Evans
> MORRISON & FOERSTER, LLP
> 755 Page Mill Road
> Palo Alto, CA  94304-1018
> (650) 813-5600  Telephone
> (650) 494-0792  Facsimile
> EEvans@mofo.com
>
> Attorneys for Defendant
> ABRAXIS BIOSCIENCE, INC.

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on November 16, 2006, I caused copies of the foregoing document to be served upon the following counsel in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Steven J. Balick, Esquire
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

### BY E-MAIL

Stephen Scheve, Esquire
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
steve.scheve@bakerbotts.com

Paul F. Fehlner
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY  10112-4498
paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT &  TAYLOR, LLP

Elena C. Norman (No. 4780)
*enorman@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600
Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

# Exhibits 9 and 10

## Redacted In Their Entirety