IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | )<br>)<br>) C.A. No. 06-438-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF INTENT TO TAKE DEPOSITION BY WRITTEN QUESTIONS OF
<u>MEDCOMM SOLUTIONS</u>**

Pursuant to Federal Rule of Civil Procedure 31, please take notice that Plaintiff Elan Pharma International Limited will take the Deposition by Written Questions of:

MedComm Solutions
Custodian of Records
1900 Powell Street, Suite 880
Emeryville, CA 94608

to be used as evidence in this cause. A copy of the questions is attached. Additionally, pursuant to Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(C), the Custodian of Records is requested to produce the documents listed in Exhbit A of this notice.

                    ASHBY & GEDDES

                    /s/ *Lauren E. Maguire*

                    _____
                    Steven J. Balick (I.D. #2114)
                    John G. Day (I.D. #2403)
                    Tiffany Geyer Lydon (I.D. #3950)
                    Lauren E. Maguire (I.D. #4261)
                    500 Delaware Avenue, 8th Floor
                    P.O. Box 1150
                    Wilmington, DE 19899
                    (302) 654-1888
                    sbalick@ashby-geddes.com
                    jday@ashby-geddes.com
                    tlydon@ashby-geddes.com
                    lmaguire@ashby-geddes.com

                    *Attorneys for Plaintiff*
                    *Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625

Dated: August 1, 2007
182816.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>    Plaintiff,<br><br>vi.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>    Defendant. | )<br>)<br>) C.A. No. 06-438-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DIRECT QUESTIONS TO BE PROPOUNDED TO MEDCOMM SOLUTIONS**

1. Please state your full name, residence, business address, business telephone number, and occupation.

ANSWER:

2. Stat whether you are the custodian of records of MedComm Solutions.

ANSWER

3. State whether you have in your custody and subject to your control the records identified in attached Exhibit A.

ANSWER

4. Please tender at this time a complete copy of the items requested in Exhibit A.

ANSWER

5. Are the records you have furnished in response to Question 4 a complete and accurate copy of the records requested in Exhibit A?

ANSWER

6. Were the records kept in the regular course of your business?

ANSWER

7. Is it in the regular course of your business, or of an employee in your office having knowledge of the acts recorded, to prepare the records so as to transmit the information included in the record?

ANSWER

8. Were the records made at or near the time of the performance of the act recorded therein or reasonably soon thereafter?

ANSWER

9. Does the source of the information, and the method and circumstances of its preparation, establish the trustworthiness of the records.

ANSWER

## EXHIBIT A

## DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the terms listed below are defined as follows:

A.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

B.  The term "all" shall be construed as "any, all, and each."

C.  The term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible recordation of information by any means and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks or hard drives, or electronic databases, and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. "Document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

D.  The use of the singular form of any word shall include the plural and *vice versa.*

E.  "Abraxis" shall mean Defendant Abraxis BioScience, Inc., as well as any subsidiary, parent or affiliate thereof; all divisions, predecessors, successors or assignees of each of the foregoing, including without limitation, American Pharmaceutical Partners Inc., American BioScience Inc., and VivoRx; and all their directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

F.   The term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis.

## INSTRUCTIONS

A.    You are required to produce all responsive documents in your possession, custody, or control.

B.    Any recipient of this request who withholds any requested documents by reason of a claim of privilege or attorney work product, or who objects to any part of this request for production, shall furnish a list identifying each such document for which the claim of privilege is made or to which the objection relates, together with the following information:

    a)    the identity of the document, including the exact name and title of the document, the number of pages, attachments, or appendices to the document, and all serial or identification numbers appearing on the document;

    b)    a general description of the document;

    c)    the name of the writer, sender, or initiator of the document;

    d)    the name of all recipients of the document (including the addressees and any indicated or blind copies);

    e)    the date of the document;

    f)    the request to which the document relates;

    g)    the reason(s) for each objection or claim of privilege; and

    h)    the identity of each person having knowledge of the actual basis, if any, on which the privilege or other ground for objection is based.

C.    Each request for production is to be read, construed, and responded to separately and independently without reference to or being limited by any other request for production.

D.    If you contend any request is objectionable in whole or in part, state with specificity all grounds for objection, and produce all documents and things responsive to those parts of the request as to which no objection is made.

E. If, in responding to any request, you encounter any ambiguities, when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

F. Produced documents should be numbered sequentially with "Bates numbering."

G. These requests for production of documents are continuing requests. If, after producing the documents requested herein, you obtain or find further documents responsive to these requests, then you are required to produce such additional documents.

## REQUESTS FOR PRODUCTION

Please produce the following documents:

1. All documents described by Mr. Henry Lee during his July 26, 2007 deposition in this matter as "approved standard letters" and located on MedComm Solutions' F drive in a folder called "product docs/Abraxis/standard letters."

2. All documents described by by Mr. Henry Lee during his July 26, 2007 deposition in this matter as "response letters" that relate in any way to weekly dosing regimen(s) for Abraxane® and as located on MedComm Solutions' archives drive in a folder called "completed letters/Abraxis."