IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-438-GMS |
| Plaintiff, | |
| v. | |
| ABRAXIS BIOSCIENCE, INC., | |
| Defendant. | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S NOTICE OF RULE 30(b)(6) DEPOSITION OF ABRAXIS BIOSCIENCE, INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Elan Pharma International Limited ("Elan") will take the continuing deposition by oral testimony of Defendant Abraxis Bioscience, Inc. ("Abraxis"), through one or more of its officers, directors, managing agents, or other persons consenting to testify on the matters listed on Attachment A.

The deposition shall take place at the offices of Esquire Deposition Services, 6222 Wilshire Blvd, 2nd FL, Los Angeles, California 90048 on August 9, 2007 at 9:00 a.m. PST, or at such other place, date and time mutually agreed upon or ordered by the Court, before a notary public or other officer authorized to administer oaths. The testimony shall be recorded by stenographic and/or video graphic means and shall continue from day to day until completed.

At least seven days before the deposition, Abraxis is requested to produce to undersigned counsel a list of proposed witnesses for each topic identified in Attachment A.

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625

Dated: August 1, 2007
182824.1

## ATTACHMENT A

## DEFINITIONS

1. As used herein, "Abraxis," "Abraxis Bioscience," "Abraxis," "you," or "your" shall refer to Defendant Abraxis Bioscience, Inc., and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successors-in-interest, or other related company, any consultant, or representative of Abraxis Bioscience, Inc., and any other person acting on or purporting to act on its behalf.

2. As used herein, the terms "all," "any" or "each" shall be construed as any, all, and each inclusively.

3. "And" and "or" shall be construed as broadly as possible so as to bring within the scope of the definitions and document requests all matters which by any other construction would fall outside their scope.

4. "Including" shall be construed to mean "without any limitation."

5. The singular shall include the plural and the plural shall include the singular so as to bring within the scope of the definitions and interrogatories all matters which by any other construction would fall outside their scope.

6. The past tense shall include the present tense and the present tense shall include the past so as to make the request inclusive rather than exclusive.

7. "Elan's Patents" shall mean the patents identified in Elan's Original Complaint and any subsequent amendments thereto.

8. As used herein, the term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis.

9. The term "your corporate organization" shall mean Abraxis Bioscience, Inc., and its affiliates and parent companies or organizations.

10. The term "nanoparticulate technology" shall refer to any method of creating particles of 1000 nanometers or less.

11. The term "nanoparticulate pharmaceutical composition" shall mean any pharmaceutical composition of 1000 nanometers or less.

## TOPICS

1. The method and/or procedure for gathering the data used to calculate and/or compute gross revenue, net revenue, cost of revenue, gross margin, selling, general, administrative and other expenses, income before income taxes, and net income on a monthly, quarterly, and annual basis or any other timeframe Abraxis regularly keeps records for its sales.

2. Abraxis's policies and practices for the negotiation of royalty or license agreements for the use of patented technology, including without limitation, the licensing of third-party technology for Abraxis's use and the licensing of Abraxis's technology to third parties.

3. Abraxis's license agreements and technology transfers including the terms and conditions of such license agreements or technology transfers, related to Abraxane®, entered into by Abraxis.

4. All facts concerning any royalty or license fees received or paid by Abraxis from July 2000 to the present pursuant to any patent license of nanoparticulate technology and/or nanoparticulate pharmaceutical compounds.

5. The total sales of Abraxane® by year from January 2005 to the present, including, but not limited to, how many units, vials, and/or packages of Abraxane® were sold each quarter since it was approved by the FDA

6. The price points for the sale of Abraxane® and the quantities of Abraxane® sold at such price points from January 20, 2005 to the present.

7. The cost of goods (Abraxane®) sold, including but not limited to Abraxis's research and development costs, production costs, distribution costs, and/or purchasing costs for Abraxane®.

8. Any analysis of Abraxis's domestic and/or foreign market share for Abraxane® from July 2000 to the present including future projections of same, further including but not limited to, the size of the markets and expected growth in the markets, prices in the markets, supply and demand in the markets, competition and expected future competition in the markets, and factors that might influence the markets.

9. Abraxis's pricing and pricing policies and strategy for the sale of Abraxane®.

10. Abraxis's strategies, expectations, and results for the marketing of Abraxane®.

11. The date upon and circumstances under which you first learned of the existence of Elan's Patents.

12. All facts concerning whether or not any infringement of Elan's Patents by Abraxis was willful.

13. All facts concerning Abraxis's decisions to offer and/or to continue to offer Abraxane® to customers after receiving notice of Elan's Patents, including the identification of the individuals involved in making the decision and the nature of their involvement.

14. All facts concerning any investigation performed by Abraxis prior to the first commercialization of Abraxane® for the purpose of determining whether any entity other than Abraxis held patents or other intellectual property rights that would preclude Abraxis from freely making, selling, or offering to sell Abraxane®.

15. Information and documents relied on or reviewed by the corporate representative(s) for purposes of becoming knowledgeable about the topics set forth in Attachment A.