IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS REFERRING TO ABRAXIS OR ABRAXANE**

Pursuant to Federal Rule of Civil Procedure 37, defendant Abraxis BioScience, Inc. ("Abraxis") hereby moves the Court for an Order granting Abraxis's Motion to Compel Responses to Interrogatories and Production of Documents Referring to Abraxis or Abraxane and requiring plaintiff Elan Pharma International Limited ("Elan") to provide complete responses to Abraxis's Interrogatories and produce documents as outlined in the proposed Order attached hereto.

The grounds for this motion are fully set forth in Abraxis's Opening Brief in Support of its Motion to Compel Responses to Interrogatories and Production of Documents Referring to Abraxis or Abraxane and Declaration of Diana B. Kruze thereto, the pleadings and other papers filed herein, and such additional argument or evidence as the Court shall receive.

WHEREFORE, defendant Abraxis BioScience, Inc. respectfully requests the Court to enter the attached Order granting this Motion to Compel.

                YOUNG CONAWAY STARGATT
                & TAYLOR, LLP

                */s/ Josy W. Ingersoll*

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
Diana Kruze
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com

Dated: August 8, 2007

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on August 8, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on August 8, 2007, I caused a true and correct copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
         & TAYLOR, LLP

        /s/ Josy W. Ingersoll

        Josy W. Ingersoll (No. 1088)
        jingersoll@ycst.com
        Elena C. Norman (No. 4780)
        enorman@ycst.com
        Karen E. Keller (No. 4489)
        kkeller@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19899
        (302) 571-6600

        Attorneys for Defendant
        ABRAXIS BIOSCIENCE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) ) | |

## LOCAL RULE 7.1.1 STATEMENT

I, Elena C. Norman, Esquire, hereby certify pursuant to Local Rule 7.1.1, that counsel for Defendant, Abraxis Bioscience, Inc., have made reasonable efforts to reach agreement with counsel for the plaintiff on the matters set forth in the present motion.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

-2-

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com


Dated:  August 8, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) Case No. 06-438-GMS ) |
| v. | ) ) |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) |
| Defendant. | |

**[PROPOSED] ORDER**

At Wilmington this ____ day of _____, 2007, upon consideration of defendant Abraxis BioScience, Inc.'s ("Abraxis") Motion to Compel Responses to Interrogatories and Production of Documents Referring to Abraxis or Abraxane and all of the evidence and argument submitted therewith, IT IS HEREBY ORDERED that Abraxis's Motion is GRANTED, as follows:

1. Plaintiff Elan Pharma International Limited ("Elan") shall provide complete responses to Abraxis's interrogatories no later than August ___, 2007, as follows:

    A. As to Interrogatory No. 1 ('363 patent)

    Elan shall: (1) identify all evidence that supports its contentions that Abraxis infringes, including any evidence that the paclitaxel in Abraxane is crystalline; (2) provide a detailed explanation of all of Elan's contentions regarding how and why Abraxane meets each and every limitation of the patents-in-suit; (3) provide Elan's contentions and supporting evidence for its doctrine of equivalents theories, including (a) a detailed explanation of why amorphous drugs are equivalent to crystalline drugs, and (b) a detailed explanation of why Elan is

not estopped from asserting such a theory; (4) identify any "intermediate" that Elan contends infringes with specificity (including a reference to a specific point during the manufacture of Abraxane), as well as a detailed explanation as to why Elan contends any such intermediate meets each and every limitation of the claims of the patents-in-suit; and (5) provide claim charts with contentions and all supporting evidence for "reconstituted Abraxane" and all intermediates that Elan contends infringe.

    B.    As to Interrogatory No. 1 ('025 Patent):

Elan shall voluntarily dismiss this claim. Alternatively, Elan shall fully respond to this Interrogatory with its contentions and supporting evidence, including a description of: (1) any "new facts" that would support a claim for direct infringement of the '025 patent; (2) the date(s) upon which Elan became aware of these "new facts"; and (c) Elan's contentions as to why any administration by Abraxis of Abraxane would not be exempt from infringement under 35 U.S.C. § 271(e).

    C.    As to Interrogatory No. 2:

Elan shall provide a detailed explanation of why Elan contends that Abraxis induces infringement and/or contributorily infringes each claim of the Patents-In-Suit, including: (1) a description of all specific products that Elan accuses; (2) the time periods in which Elan alleges indirect infringement; (3) for the '025 patent, an explanation of how Elan contends that Abraxis instructs doctors to administer at a rate of "less than 10 mg/min," including any mathematical calculations upon which Elan's contention is based; and (4) the identity of documents and other evidence on which Elan relies.

D.   As to Interrogatory No. 3:

Elan shall describe the specific dates and circumstances of Elan's conception, design, development, actual reduction to practice, first written description, first disclosure to another, first offer for sale, and first public use for each of the Patents-In-Suit separately. Elan shall also provide Abraxis with actual and specific dates for each of the events specified in this request, as opposed to any ranges of time.

E.   As to Interrogatory No. 4:

Elan shall provide a full and complete response to this interrogatory, including a detailed description of: (1) why Elan contends that Abraxis's infringement was willful; (2) the date that Elan alleges that Abraxis became aware of each of the Patents-In-Suit; (3) the circumstances, if any, of Abraxis's awareness of the Patents-In-Suit; and (4) the identity of documents and other evidence on which Elan relies.

F.   As to Interrogatory No. 5:

Elan shall provide a detailed description of why and how Elan alleges it has suffered irreparable harm and is entitled to injunctive relief, including the identification of all licenses, communications and any other documents that support Elan's belief.

G.   As Interrogatory No. 6:

Elan shall provide its specific contentions and evidence regarding its reasonable royalty theory, including: (1) the rate Elan contends it is entitled to; (2) the mathematical computations used to calculate the amount of damages

alleged; (3) all of the dates upon which such calculations are based; and (4) the identity of documents, including licenses or offers to license, that support Elan contentions.

  H. As to Interrogatory No. 7:

Elan shall identify all communications with a third party regarding the Patents-In-Suit or the '684 Patent, including a description of: (1) the date and form of the communication; (2) the participants in the communication; (3) the content of the communication; and (4) any documents constituting or referring to such communications.

  I. As to Interrogatory No. 10:

Elan shall explain in detail why it contends that the Patents-In-Suit are enforceable and not invalid, including: (1) its contentions in response to all the unenforceability and invalidity contentions, arguments, and prior art set forth in Abraxis's current responses to Elan Interrogatory Nos. 2 and 4, and (2) the identity of any documents on which Elan will rely.

  J. As to Interrogatory No. 11:

Elan shall provide a detailed description of why Elan believes it has standing to sue for infringement of the Patents-In-Suit by any paclitaxel-containing composition, including a detailed description of: (1) the documents that Elan contends transfers any rights in the Patents-In-Suit to any entity; (2) the rights transferred; (3) the date of transfer; and (4) the parties to any such agreements.

K.   As to Interrogatory No. 12:

Elan shall describe its attempts to develop a nanoparticulate paclitaxel composition, including a detailed description of: (1) all attempts to make and/or test such a composition; (2) the dates of such attempts; (3) the people involved in such attempts and their roles; (4) the methods used such attempts; (5) the results of such attempts; and (6) the identity of the documents reflecting such attempts.

L.   As to Interrogatory No. 13:

Elan shall provide a full and complete response to this Interrogatory, including a detailed description of: (1) each named inventor's contribution to the Patents-In-Suit and the '684 Patent, on a claim-by-claim basis, (2) the timing of those contributions; and (3) the identity of any documents reflecting those contributions.

2.   In the alternative, Elan is precluded from relying on any evidence at trial or during motion practice other than what is cited in Elan's operative responses as of August 13, 2007 to Abraxis's First and Second Set of Interrogatories.

3.   Elan shall produce all documents responsive to Document Request Nos. 74, 75, and 76, including any documents regarding testing of Abraxane. Also, all of Elan's objections to Document Request Nos. 74, 75, and 76 are hereby overruled.

_____
United States District Judge

5