IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-438-GMS<br>)<br>)<br>)<br>) |

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AGAINST
PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
<u>NOTICE OF RULE 30(b)(6) DEPOSITION</u>**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672 Telephone
jingersoll@ycst.com
enorman@ycst.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone

Dated: August 13, 2007

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS ................................................................................ 1

SUMMARY OF ARGUMENT AND RELIEF REQUESTED ..................................................... 1

STATEMENT OF FACTS ............................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. ELAN FAILED TO PROVIDE ABRAXIS WITH REASONABLE NOTICE UNDER THE FEDERAL AND LOCAL RULES .......................................................... 2

II. THE TOPICS IN ELAN'S NOTICE ARE IMPROPER, OVERLY BROAD, AND UNDULY BURDENSOME ................................................................................ 5

CONCLUSION ............................................................................................................................... 6

DB02:6175570.1                                                                                                                           065496.1001

# TABLE OF AUTHORITIES

## CASES

*Heron v. Potter*,
  No. 03-313-JJF, 2006 U.S. Dist. LEXIS 77094 (D. Del. Oct. 23, 2006) ..................5

*In re Sulfuric Acid Antitrust Litig.*,
  231 F.R.D. 320 (N.D. Ill. 2005) ..................3

*State Contracting & Eng'g Corp. v. Condotte Am., Inc.*,
  346 F.3d 1057 (Fed. Cir. 2003) ..................5

## STATUTES

Fed. R. Civ. P. 6(a) ..................2, 3

Fed. R. Civ. P. 26(c) ..................4

Fed. R. Civ. P. 30(b)(1) ..................2

Fed. R. Civ. P. 30(b)(6) ..................*passim*

D. Del. LR 30.1 ..................2, 3

DB02:6175570.1                                              065496.1001

## NATURE AND STAGE OF PROCEEDINGS

Over a year ago, on July 19, 2006, Elan filed suit against Abraxis in this Court, alleging infringement of U.S. Patent Nos. 5,399,363 and 5,834,025. Fact discovery will close today on August 13, 2007. On August 1, 2007, Elan served Abraxis with a deposition notice pursuant to Rule 30(b)(6), seeking Abraxis's testimony with respect to numerous and complex topics on August 9, 2007.

## SUMMARY OF ARGUMENT AND RELIEF REQUESTED

The Federal Rules of Civil Procedure and the Delaware Local Rules clearly require that a party provide reasonable notice of no less than 7 business days for the taking of a Rule 30(b)(6) deposition. Elan's 30(b)(6) notice violates these rules. Moreover, the short notice provided by Elan is particularly unreasonable in light of the complexity of the 15 topics contained in its 30(b)(6) notice. As Elan must have known when it served the notice, it was not feasible for Abraxis to schedule and adequately prepare a corporate representative to testify on all of these complex topics in the short amount of time remaining before the Court-ordered discovery cutoff. These problems are compounded by the fact that many of Elan's topics improperly seek Abraxis's legal contentions or suffer from such overbreadth of subject matter and time that they are unduly burdensome.

Therefore, Abraxis respectfully requests that the Court enter a protective order against Elan's Notice of Rule 30(b)(6) Deposition of Abraxis, dated August 1, 2007. Specifically, Abraxis requests an order that Elan must withdraw its 30(b)(6) deposition notice.

## STATEMENT OF FACTS

On July 19, 2006, Elan filed this lawsuit against Abraxis alleging patent infringement. Over a year has passed since the filing of Elan's complaint. Discovery began in November 2006 and has been ongoing for nearly nine months. (Pai Decl.[1] Ex. A.) The Court-ordered deadline for the completion of fact discovery is August 13, 2007. (Pai Decl. Ex. B at 31.)

---

[1] "Pai Decl." refers to the Declaration of Eric C. Pai in Support of Abraxis's Motion for Protective Order Against Elan's Notice of Rule 30(b)(6) Deposition, filed herewith.

On August 1, 2007, less than two weeks before the discovery cutoff, Elan served Abraxis with a Notice of Deposition Pursuant to Rule 30(b)(6). (Pai Decl. Ex. C.) The notice sought Abraxis's testimony regarding 15 separate topics on August 9, 2007. (*Id.*) At no earlier point in time did Elan indicate that it intended to serve this 30(b)(6) notice on Abraxis. The topics cover a wide range of complex issues related to Abraxis's financial, business, accounting, strategic, licensing, intellectual property, sales, and marketing information. (*Id.*)

Abraxis lodged a number of objections and explained that it would not be providing a witness in response to Elan's 30(b)(6) notice. (*Id.*) After exchanging several emails on the issue, the parties met and conferred by telephone. (Pai Decl. ¶ 7 and Ex. D.) Abraxis asked Elan to withdraw the 30(b)(6) notice in light of its incurable defects, but Elan refused to do so and this motion ensued. (*Id.*)

## ARGUMENT

I.  **ELAN FAILED TO PROVIDE ABRAXIS WITH REASONABLE NOTICE UNDER THE FEDERAL AND LOCAL RULES.**

Federal Rule of Civil Procedure 30(b)(1) states that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." Fed. R. Civ. P. 30(b)(1). As ordered by this Court, the Delaware Local Rules specifically define the minimum amount of time that can be considered reasonable notice for depositions:

> Unless otherwise ordered by the Court, "reasonable notice" for the taking of depositions under Fed. R. Civ. P. 30(b)(1) and 30(b)(6) shall be not less than 7 days.

D. Del. LR 30.1. The Local Rules thus require <u>at least 7 days</u> advance notice for a Rule 30(b)(6) deposition, such as the one at issue here. Elan's notice violated Local Rule 30.1 by providing only 6 days, less than the required minimum.[2]

---

[2] With respect to the computation of time, Federal Rule of Civil Procedure 6(a) states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Moreover, it explicitly provides that this computation rule applies not only to periods of time
(Footnote continues on next page.)

Even if Elan had provided the minimum notice required under the Local Rules, Elan's notice would still be untimely and unreasonable under the circumstances. While the 7-day advance notice provision of Local Rule 30.1 constitutes a <u>minimum</u> requirement, it does not necessarily suffice to give reasonable notice. In fact, courts have held longer periods of time to be insufficient and unreasonable when a party waits until the end of discovery to notice a deposition on a date right before the discovery cutoff in a complex case. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005). In *Sulfuric Acid*, the court held that even 10 business days' notice was not reasonable or timely for precisely these reasons – the case was "exceedingly complex," the dates for the depositions were days before the discovery cutoff, the parties were occupied with several ongoing discovery disputes, and the plaintiffs had waited until only weeks before the discovery cutoff to serve their notices. *Id.* The court also emphasized that the plaintiffs "did not pay sufficient heed to the various discovery cut-offs" and that "[c]omplex cases such as this one must have enforceable discovery deadlines." *Id.*

The facts in this case are largely the same. This is a patent case that presents complex issues, Elan noticed the deposition for a date only two business days before the August 13 discovery cutoff, the parties are entangled in several discovery disputes, and Elan waited until August 1 – only 8 business days before the discovery cutoff – to serve its 30(b)(6) notice even though it could easily have done so earlier. (Pai Decl. Ex. C.) Moreover, Elan has repeatedly expressed its disregard for the Court-ordered discovery cutoff, suggesting that the deadline should be extended further to compensate for Elan's own lack of diligence. (Pai Decl. ¶ 7.) It

---

(Footnote continued from previous page.)

specified by the Federal Rules themselves, but also to periods of time "prescribed by the <u>local rules of any district court</u>." *Id.* (emphasis added).

> Therefore, the computation of the 7-day minimum notice requirement under Local Rule 30.1 must exclude weekends (Saturdays and Sundays) Elan served its notice on August 1, 2007 for a Rule 30(b)(6) deposition of Abraxis on August 9, 2007. (Pai Decl. Ex. C.) Excluding the intervening weekend days – Saturday, August 4 and Sunday, August 5 – this notice left Abraxis with only 6 business days in which to prepare a corporate representative to testify on its behalf.

3

has persisted in offering excuses for an extension that are without merit and have already been rejected by the Court. (Pai Decl. Ex. B at 30-31.)

In addition to these circumstances, the topics in Elan's 30(b)(6) notice are numerous and complex. The notice contains 15 broad topics concerning, among other things, Abraxis's financial, business, accounting, strategic, licensing, intellectual property, sales, and marketing information. (Pai Decl. Ex. C.) Many of these topics go to types of information that would require extensive investigation and preparation to produce a corporate representative who could testify knowledgeably on behalf of Abraxis. For example, Topic No. 8 is directed at:

> Any analysis of Abraxis's domestic and/or foreign market share for Abraxane® from July 2000 to the present including future projections of same, further including but not limited, the size of the markets and expected growth in the markets, prices in the markets, supply and demand in the markets, competition and expected future competition in the markets, and factors that might influence the markets.

(*Id.*) This topic alone would require a witness to learn about several categories of economic, financial, sales, and marketing data and analysis for all markets across the world. It presents challenges both in assimilating large quantities of mathematical data and in understanding difficult economic concepts. This is only 1 of 15 topics in Elan's notice, and the others are similarly complicated. (*Id.*) Yet Elan's notice would give Abraxis only 6 business days to prepare to testify on all 15 of these topics. Such a task would be oppressive and unduly burdensome and costly to Abraxis, if not impossible as a practical matter.

With respect to a motion for a protective order, Federal Rule of Civil Procedure 26(c) states that a court may grant "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, the appropriate remedy is a protective order barring Elan from taking the Rule 30(b)(6) deposition of Abraxis and directing Elan to withdraw its deposition notice. Good cause for this order exists because Elan failed to provide reasonable notice for the deposition under the Federal and Local Rules.

4

II.  **THE TOPICS IN ELAN'S NOTICE ARE IMPROPER, OVERLY BROAD, AND UNDULY BURDENSOME.**

Finally, several of Elan's noticed topics are inappropriate subjects for a Rule 30(b)(6) deposition. Most significantly, Topic No. 12 seeks testimony on "[a]ll facts concerning whether or not any infringement of Elan's Patents by Abraxis was willful." (*Id.*) This is an improper topic for a Rule 30(b)(6) deposition because it seeks Abraxis's contentions as to willful infringement, an issue on which Elan has the burden of proof by clear and convincing evidence. *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1063 (Fed. Cir. 2003). This Court has specifically held that such topics are improper:

> Whether or not Plaintiff was accommodated is a major element of Plaintiff's prima facie case. Plaintiff's request amounts to requiring a deponent to either deny that Plaintiff was accommodated, thus rendering the deposition useless, or to make a legal opinion or conclusion, which is objectionable. Plaintiff has other discovery tools available to determine the relevant facts that may support its contention that Plaintiff was not accommodated.

*Heron v. Potter*, No. 03-313-JJF, 2006 U.S. Dist. LEXIS 77094, at *3-4 (D. Del. Oct. 23, 2006) (emphasis added). Based on this reasoning, the Court in *Heron* found that there was good cause for a protective order and granted the defendant's motion against the plaintiff's 30(b)(6) notice. *Id.* Elan's topic on willfulness is similarly inappropriate. Any questions that Elan might pose on this topic would be objectionable because they would require the witness to draw legal conclusions as to what constitutes willful infringement. Moreover, Elan had other discovery tools available – in particular, contention interrogatories – to seek any relevant facts on this issue.

Additionally, many of Elan's other topics are overly broad and unduly burdensome. Topic Nos. 1-3, 7, 9, 10, and 14 are directed at complicated and data-intensive issues about Abraxis's accounting, licensing, marketing, sales strategy, and intellectual property without any limitation at all as to date or time. (Pai. Decl. Ex C.) Topic No. 8, while specifying the period from July 2000 to the present, seeks information far outside of the appropriate time frame for this

5

litigation. (*Id.*) Elan's complaint alleges patent infringement beginning in March 2005. (Pai Decl. Ex. E at 3.) Economic, financial, sales, and marketing information from dates far in the past before March 2005 is not relevant to the issues in this case. The combined substantive and temporal overbreadth of these topics is objectionable and makes it unreasonable, if not impossible, for Abraxis to designate and prepare a witness to testify on these topics on short notice.

## CONCLUSION

For the foregoing reasons, Abraxis respectfully requests that the Court grant its motion for a protective order against Elan's 30(b)(6) deposition notice.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:
Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com

Dated: August 13, 2007

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on August 13, 2007 I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on August 13, 2007, I caused a true and correct copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX 77002-4995
> steve.scheve@bakerbotts.com

> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY 10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
        & TAYLOR, LLP

        _____
        Josy W. Ingersoll (No. 1088)
        jingersoll@ycst.com
        Elena C. Norman (No. 4780)
        enorman@ycst.com
        Karen E. Keller (No. 4489)
        kkeller@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19899
        (302) 571-6600

        Attorneys for Defendant
        ABRAXIS BIOSCIENCE, INC.