IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ELAN PHARMA INTERNATIONAL LIMITED,

Plaintiff,

v.

ABRAXIS BIOSCIENCE, INC.,

Defendant.

Civil Action No. 06-438-GMS

**REDACTED – PUBLIC VERSION**

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF WITHHELD AND/OR UNREDACTED VERSIONS OF DOCUMENTS CREATED BY OR FOR THIRD PARTIES**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672 Telephone
jingersoll@ycst.com
enorman@ycst.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone

Emily A. Evans
Diana B. Kruze
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone

Dated: August 8, 2007

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS ..... 1
SUMMARY OF ARGUMENT ..... 1
STATEMENT OF FACTS ..... 2
ARGUMENT ..... 3
I. THE COURT SHOULD COMPEL ELAN TO PRODUCE UNREDACTED VERSIONS OF ALL "PRIVILEGED" DOCUMENTS GENERATED BY OR FOR OTHER COMPANIES ..... 3
CONCLUSION ..... 5

## TABLE OF AUTHORITIES

Page

### CASES

*Commodity Futures Trading Comm'n v. Weintraub*,
471 U.S. 343 (1985) .......... 3

*Federal Deposit Ins. Corp. v. McAtee*,
124 F.R.D. 662 (D. Kan. 1988) .......... 3, 4

*In re Grand Jury Empanelled Feb. 14, 1978*,
603 F.2d 469 (3d Cir. 1979) .......... 3

*In re Grand Jury Investigation*,
599 F.2d 1224 (3d Cir. 1979) .......... 3

*In re Grand Jury Subpoenas*,
734 F. Supp. 1207 (E.D. Va.) .......... 3

*In re In-Store Advertising Sec. Litig.*,
163 F.R.D. 452 (S.D.N.Y. 1995) .......... 4

*Intervenor v. United States*,
144 F.3d 653 (10th Cir. 1998) .......... 3

*Pfaff v. Wells Elecs.*,
525 U.S. 55 (1998) .......... 4

*Pilates, Inc. v. Georgetown Bodyworks Deep Muscle Massage Ctrs., Inc.*,
201 F.R.D. 261 (D.D.C. 2000) .......... 3

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366,
2003 U.S. Dist. LEXIS 13816 (N.D. Ill. Aug. 6, 2003) .......... 4

### MISCELLANEOUS

6 James W. Moore et al., MOORE'S FEDERAL PRACTICE - CIVIL § 26.47[1] (3d ed. 2007) .......... 3

## NATURE AND STAGE OF PROCEEDINGS

On July 19, 2006, Elan Pharma Int'l Ltd. ("Elan") filed suit against Abraxis in this Court, alleging infringement of U.S. Patent Nos. 5,399,363 and 5,834,025 (the "Patents-In-Suit"). Abraxis served Elan with several sets of document requests seeking discovery. In response to these requests, Elan produced hundreds of other companies' documents that it has redacted without any legal basis. Fact discovery will close within a week on August 13, 2007, but Elan steadfastly refuses to produce unredacted versions of the documents.

## SUMMARY OF ARGUMENT

At issue are third-party documents in Elan's possession created by three independent companies – Sterling Winthrop, Particulate Prospects Corporation, and Eastman Kodak Company (collectively, the "Prior Owners"). Elan claims that documents created by or for the Prior Owners are privileged as to Elan. Although Elan has not articulated its basis for privilege and has not yet provided a log, Elan apparently contends that it can assert privilege over these documents because the Prior Owners once owned the rights to the Patents-In-Suit.

Elan cannot assert privilege or work-product immunity over documents originating from other corporations and their attorneys. The transfer of assets and/or documents from one corporation to another does not transfer privilege or work-product as well. Instead, to claim privilege over another entity's documents, Elan must establish that it has absolute control over an entity for the privilege to pass. It is undisputed that Elan does not control any of the Prior Owners of the Patents-In-Suit. To the extent that documents once privileged as to the Prior Owners were transferred to Elan, any privilege or other protection has been waived. As set forth in further detail below, Abraxis respectfully requests that the Court order Elan to produce withheld and unredacted versions of all documents created by or for third parties.

## STATEMENT OF FACTS

Sterling Winthrop, Particulate Prospects Corporation, Eastman Kodak Company, and NanoSystems LLC are all, respectively, prior owners of the Patents-In-Suit. For the Court's convenience, attached as Exhibit A to the Declaration of Diana Kruze in Support of Abraxis's Motion to Compel ("Kruze Decl.," filed herewith) are two charts summarizing the recorded chain of title for the Patents-In-Suit. [REDACTED] Moreover, Elan has not produced any agreements or other documents in this litigation which indicate that Elan has any control or ownership over Sterling Winthrop, Particulate Prospects Corporation, or Kodak.[2]

Elan has redacted, apparently on privilege grounds, hundreds of documents generated by or for attorneys who represented the Sterling Winthrop, Particulate Prospects Corporation, or Kodak. Although Elan has not produced a privilege log identifying a basis for the privilege it is asserting, certain documents generated by or for the Prior Owners are redacted and labeled

---

[1] Abraxis reserves the right to challenge Elan's ownership interests in the Patents-In-Suit. For the purposes of this motion only, Abraxis assumes the validity of the agreements and assignments purporting to transfer the rights to the Patents-In-Suit to the Prior Owners and Elan.

[2] Nor can Elan establish control over these entities. For example, Kodak is a large, independent corporation based in Rochester, New York. *See, e.g.*, http://www.kodak.com. As another example, Sanofi (a French pharmaceutical company) purchased Sterling Winthrop from Kodak in 1994. Milt Freudenheim, *Sanofi to Get Part of Kodak Drug Unit*, N.Y. TIMES, June 24, 1994, at D1 (attached to Kruze Decl. as Ex. C).

"Attorney-Client Privileged." An example of such a document is attached as Exhibit D to the Kruze Decl.

## ARGUMENT

### I. THE COURT SHOULD COMPEL ELAN TO PRODUCE UNREDACTED VERSIONS OF ALL "PRIVILEGED" DOCUMENTS GENERATED BY OR FOR OTHER COMPANIES

Elan bears the burden of establishing that the redacted or withheld communications are privileged. *See, e.g.,* 6 James W. Moore et al., MOORE'S FEDERAL PRACTICE - CIVIL § 26.47[1] (3d ed. 2007); *In re Grand Jury Empanelled Feb. 14, 1978,* 603 F.2d 469, 474 (3d Cir. 1979). The attorney-client privilege must be narrowly construed because it "obstructs the search for the truth" and "its benefits are, at best, 'indirect and speculative.'" *In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir. 1979) (citation omitted).

It is black letter law that "privilege resulting from communications between corporate officers and corporate attorneys . . . belongs to the corporation and not to the officer." *Intervenor v. United States*, 144 F.3d 653, 658 (10th Cir. 1998). "[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985). But when a corporation merely sells or transfers assets to another corporation, without transferring control of the corporation, the attorney-client privilege does not also pass to the purchasing company. *See, e.g., In re Grand Jury Subpoenas*, 734 F. Supp. 1207, 1211 n.3 (E.D. Va. 1990) ("A transfer of assets . . . is not sufficient to effect a transfer of the privileges; control of the entity possessing the privileges must also pass for the privileges to pass."), *aff'd in relevant part*, 902 F.2d 244 (4th Cir. 1990); *Pilates, Inc. v. Georgetown Bodyworks Deep Muscle Massage Ctrs., Inc.*, 201 F.R.D. 261 (D.D.C. 2000) (assignee of trademarks had no right to assert the attorney-client privilege where there was no transfer of control of the corporation); *Federal*

*Deposit Ins. Corp. v. McAtee*, 124 F.R.D. 662, 664 (D. Kan. 1988) ("The transfer of assets from one entity to another does not generally transfer the attorney-client privilege."). Instead, "the power to invoke or waive a corporation's privileges is an incident of control of the corporation." *In re In-Store Advertising Sec. Litig.*, 163 F.R.D. 452, 458 (S.D.N.Y. 1995). "[W]here confidential attorney-client communications are transferred from a corporation selling assets to the corporation buying the assets, the privilege is waived as to those communications." *Id.* (citations and quotations omitted).

In *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, the district court refused to recognize a transfer of the attorney-client privilege between the buyer and the seller of assets relating to a substantial corporate division of Zenith Electronics Corporation ("Zenith'). No. 01 C 4366, 2003 U.S. Dist. LEXIS 13816, at **5-8 (N.D. Ill. Aug. 6, 2003). The court found that the transfer of Zenith's privileged documents to the buyer waived any privilege in the documents: "The court disagrees that the attorney-client privilege is a corporate asset that can be sold. . . . [M]ere transfer of some assets from one corporation to another — as was done in this case — does not transfer the attorney-client privilege." *Id.* at **5-6 (citations omitted).

Here, Elan claims privilege over communications between the Prior Owners and their attorneys. But Elan has never had corporate control over the Prior Owners. To the extent that these documents may have once been privileged — when in the custody and control of the Prior Owners — those protections were waived the instant that the Prior Owners disclosed these documents to Elan or the other companies who acquired the Patents-In-Suit.

Moreover, Elan is relying on many of these redacted documents to establish the circumstances and dates of the conception and reduction to practice of the Patents-In-Suit. (*See, e.g.,* Kruze Decl. Ex. E, at 8 (identifying several documents created by the Prior Owners and

redacted by Elan on privilege grounds).) This information is critical to Abraxis's section 102 and 103 defenses. *See, e.g., Pfaff v. Wells Elecs.*, 525 U.S. 55, 67-68 (1998) (precise dates of conception and reduction to practice are essential to determining defendant's section 102 defense). For example, under section 102, a patent is invalid as anticipated if another person's conception and reduction to practice of the invention occurred prior to the patentee's. *New Idea Farm Equip. Corp. v. Sperry Corp.*, 916 F.2d 1561, 1566-67 (Fed. Cir. 1990). Elan's improper redaction of these documents has unfairly impeded Abraxis's ability to evaluate the validity of the Patents-In-Suit and conduct follow-up discovery. As such, this Court should compel Elan to produce withheld and unredacted versions of all documents created by or for the Prior Owners.

## CONCLUSION

For the foregoing reasons, Abraxis respectfully requests that the Court grant its motion to compel Elan to produce withheld and/or unredacted versions of all documents created by or for: (1) Sterling Winthrop; (2) Particulate Prospects Corporation; (3) Eastman Kodak Company; and (4) those corporations' respective attorneys.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone
(415) 268-7522 Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone
(650) 494-0792 Facsimile
EEvans@mofo.com

Dated: August 8, 2007

**CERTIFICATE OF SERVICE**

I, Elena C. Norman, Esquire, hereby certify that on August 15, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

I further certify that on August 15, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Linda Glover, Esquire
Stephen Scheve, Esquire
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
steve.scheve@bakerbotts.com

Paul F. Fehlner, Esquire
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Elena C. Norman*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.