IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LTD, <br><br> Plaintiff, <br><br> v. <br><br> ABRAXIS BIOSCIENCE, INC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-438 GMS <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

WHEREAS, on July 24, 2007, the court held a *Markman* hearing in the above-captioned action;

WHEREAS, at the end of the parties' claim construction presentations, the plaintiff raised an issue with the court, to wit, whether Mr. Gregory Bokar, Vice President of Intellectual Property and Litigation for Elan Drug Delivery, Inc. (a subsidiary of the plaintiff) and Mr. Richard Collier, General Counsel for Elan Corporation (the parent of the plaintiff) should be granted access to materials designated as "Restricted Confidential" by the defendant;

WHEREAS, the court heard argument from both parties, questioned Mr. Bokar, and permitted the defendant to question Mr. Bokar;

WHEREAS, the court further requested the parties to submit relevant case law on the issue; and

WHEREAS, after having considered the parties' arguments, relevant case law, Mr. Bokar's statements during the July 24th hearing, the declarations of Messrs. Bokar and Collier, and documents submitted by the defendant on July 26, 2007, the court concludes that permitting Messrs. Bokar and

Collier to access the defendant's designated "Restricted Confidential" materials would be inconsistent with the parties' stipulated protective order and, further, that their activities within the plaintiff's subsidiary and parent companies rise to the level of "competitive decision making" that necessarily restricts their access to highly confidential and restricted confidential materials;[1]

IT IS HEREBY ORDERED that:

1. The plaintiff's request that Messrs. Bokar and Collier be granted access to the defendant's "Restricted Confidential" materials is DENIED.

Dated: August 17, 2007



CHIEF, UNITED STATES DISTRICT JUDGE

FILED
AUG 17 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[1] *See Commissariat A L'Energie v. Dell Computer Corp.*, No. Civ. A. 03-484-KAJ, 2004 WL 1196965, at *2 (D. Del. May 25, 2004) (noting that "'[t]here can be no question' that [] attorneys who receive highly confidential information and then later prosecute patents in the [same] field of technology 'will have to distill and compartmentalize the confidential knowledge they have gained'" . . ., which "creates a high risk of inadvertent disclosure of the Defendant's highly confidential information."); *R.R. Donnelley & Sons co. v. Quark, Inc.*, No. CivA 06-032 JJF, 2007 WL61885, at * 1 (D. Del. Jan. 4, 2007) (noting that the court, in making its determination regarding access to highly confidential materials, "should consider 'whether the attorneys are involved in competitive decision making of the company and surrounding inadvertent disclosure of the protected information'") (citation omitted).