IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) ) | |

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AGAINST THE DEPOSITIONS OF DRS. PATRICK SOON-SHIONG AND NEIL DESAI**

                                        YOUNG CONAWAY STARGATT
                                        & TAYLOR, LLP
                                        Josy W. Ingersoll (#1088)
                                        Elena C. Norman (#4780)
                                        The Brandywine Building
                                        1000 West Street, 17th Floor
                                        Wilmington, DE 19801
                                        (302) 571-6672  Telephone
                                        jingersoll@ycst.com
                                        enorman@ycst.com

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone

Dated: August 13, 2007

                                        Attorneys for Defendant
                                        ABRAXIS BIOSCIENCE, INC.

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS .................................................................................. 1

SUMMARY OF ARGUMENT AND RELIEF REQUESTED ..................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

ARGUMENT .................................................................................................................................. 6

I.  ELAN SHOULD NOT BE PERMITTED TO OBTAIN A DE FACTO EXTENSION OF THE DISCOVERY CUTOFF AFTER CANCELLING THE DEPOSITIONS OF DRS. SOON-SHIONG AND DESAI WITHOUT JUSTIFICATION ON THE DATES THEY WERE AVAILABLE ................................. 6

CONCLUSION ............................................................................................................................... 7

## TABLE OF AUTHORITIES

### CASES

*In re Sulfuric Acid Antitrust Litig.*,
    231 F.R.D. 320 (N.D. Ill. 2005)..................................................................................6

DB02:6175480.1                                                                                                                      065496.1001

## NATURE AND STAGE OF PROCEEDINGS

Over a year ago, on July 19, 2006, Elan filed suit against Abraxis in this Court, alleging infringement of U.S. Patent Nos. 5,399,363 and 5,834,025. The fact discovery cutoff was originally scheduled for July 30, 2007. On July 16, 2007, Judge Sleet denied Elan's request for a two month extension to the fact discovery cutoff, and instead extended the cutoff by only two weeks, to August 13, 2007.

## SUMMARY OF ARGUMENT AND RELIEF REQUESTED

Elan, the plaintiff in this case, has been unable to articulate any plausible theory of infringement. Instead, it has sought to delay and multiply the proceedings, driving up Abraxis's litigation costs and preventing a resolution on the merits.

Although repeatedly urged to do so by the Defendant, Abraxis, Elan failed for months to schedule any depositions in the case, including the depositions of Abraxis Chief Executive Officer Dr. Patrick Soon Shiong and Dr. Neil Desai, an Abraxis scientist involved in the development of Abraxane, which Elan accuses of infringing its patents. As the discovery deadline approached with no effort by Elan to take these or other depositions, Abraxis went to extraordinary lengths to ensure discovery was completed in a timely fashion. This included the unusual step of identifying for Elan likely deponents, informing Elan of the dates they were available during the discovery period, and repeatedly urging Elan to schedule the depositions.

Elan finally noticed Dr. Soon-Shiong's deposition for July 13 and Dr. Desai's deposition for July 19, just a few weeks before the original fact discovery cutoff. At the last minute, however, after counsel for Abraxis had begun preparing the witnesses for deposition, Elan unilaterally and without justification cancelled both of them. It then waited until the waning days of discovery to reschedule the depositions – in the case of Abraxis's CEO Dr. Soon-Shiong it noticed his deposition on the very last day of the discovery period on only seven days notice. Elan had been informed that both of these witnesses had very limited availability, yet chose not to take their depositions on the dates they were informed the witnesses were available, making it impossible to complete the depositions during the fact discovery period.

1

Elan had every opportunity to complete these depositions within the allotted discovery period. To permit Elan to take these depositions after fact discovery has closed would make a mockery of the discovery cutoff, and prejudice Abraxis's preparations for trial. Elan should not be granted a de facto extension of the discovery cutoff to take these depositions, particularly since Judge Sleet already denied their request for any further extension of the discovery cutoff.

Specifically, Abraxis requests a protective order against the Amended Notice of Deposition of Dr. Patrick Soon-Shiong, served on August 1, 2007 and against the Amended Notice of Deposition of Dr. Neil Desai, served on July 18, 2007.

## STATEMENT OF FACTS

This action was filed on July 19, 2006, and the original scheduling order established a fact discovery cutoff of July 30, 2007. *See* D.I. 20, at 2 (November 15, 2006 Scheduling Order). To ensure that the parties would be able to comply with this deadline, Abraxis wrote to Elan on June 10, 2007 and June 14, 2007 asking Elan to identify the Abraxis personnel it wished to depose so that arrangements could be made. (Pai Decl. Ex. E. at 4; Ex. F at 2.) By June 25, 2007, a little more than a month before the discovery cutoff, Elan still had made no attempt to schedule the depositions of any individual Abraxis employees, so Abraxis took the unusual step of identifying specific dates within the discovery period that potential Abraxis witnesses would be available, and urging Elan to notice the depositions so they could be completed in a timely fashion. (Pai Decl. Ex. G.[1]) In that email, Elan was given the dates Dr. Soon-Shiong and Dr. Desai were available for deposition, and also warned that "[t]he longer you wait, the more difficult it will be to schedule these witnesses before the cut-off." (*Id.*)

Elan declined to take any action to schedule the depositions, and on June 27, Abraxis again urged Elan to move forward with the depositions, and was warned that its stated strategy of waiting until just before the discovery cutoff to notice the depositions was likely to result in the

---

[1] "Pai Decl." refers to the Declaration of Eric C. Pai in Support of Abraxis's Motion for Protective Order Against The Depositions of Drs. Patrick Soon-Shiong and Neil Desai, filed herewith.

2

depositions being forfeited due to busy schedules of the high-level personnel likely to be deposed:

> You indicated that Elan was not able at this time to tell us whether it will want to depose these, or any other, Abraxis personnel. I indicated that these high-level Abraxis personnel have very limited availability before the discovery cut-off due to long-scheduled pre-existing commitments. While we of course will make every effort to make the requested witnesses available for deposition before the cut-off, the longer Elan waits the harder that will be for us to do. If Elan chooses to pass on the dates above, we may not be able to make these witnesses available in July. For example, some of these witnesses will be out of the country in the latter part of the month. Elan may forfeit its chance to depose these – and other – witnesses if it chooses to follow the strategy you posited of waiting until late in July to notice all of its witnesses. Certainly this calculated bid to force an extension of the discovery cut-off is not good cause to modify the Scheduling Order.

(Pai Decl. Ex. H.)

On June 28, counsel for Elan wrote back, accepting the deposition dates proffered for Drs. Soon-Shiong (July 13) and Dr. Desai (July 19). (Pai Decl. Ex. I.) The next day, Elan served deposition notices for these dates. (Pai Decl. Exs. A, B.) On July 9, counsel for Abraxis re-confirmed the dates. (Pai Decl. Ex. J.)

On July 10, counsel for Elan sent an email announcing that Elan intended to cancel the deposition of Dr. Soon-Shiong. (*Id.* Ex. K.) Its purported reason for cancelling the deposition was a supposed desire to resolve a dispute that had arisen during a deposition of a different witness about the propriety of examining that witness regarding ▓▓▓▓ ▓▓▓▓ (*Id.*) Counsel for Abraxis wrote back the same day, informing Elan that to facilitate the deposition of Dr. Soon-Shiong, it would permit Elan to question Dr. Soon-Shiong on the issues that had caused Abraxis to suspend the other deposition and seek a protective order. (*Id.*) In the same email, Elan was again notified that it risked forfeiting the deposition of Dr. Soon-Shiong if it did not take it on the scheduled date, as he was unavailable for the rest of the month due to ▓▓▓▓ (*Id.*) Counsel for Abraxis also requested that Elan let it know by noon the next day whether it intended to go forward with Dr. Soon-Shiong's deposition.

3

Counsel for Elan did not respond to the email or multiple phone calls. Accordingly, the next day, July 11, at approximately 3:00 p.m. counsel for Abraxis wrote back again reiterating that July 13 was Dr. Soon-Shiong's only available date during the discovery period, and that Abraxis would not block Elan's questioning into the issues that had caused Abraxis to suspend the earlier deposition and seek a protective order. (Pai Decl. Ex. L.) Counsel for Elan wrote back later that day confirming that Dr. Soon-Shiong's deposition was postponed indefinitely, and disregarding Abraxis's offer to permit Dr. Soon-Shiong to testify on the issues under dispute. (Pai Decl. Ex. M.)

Shortly thereafter, Elan also cancelled the deposition of Dr. Neil Desai. By way of background, the parties over the course of several months had negotiated to permit five identified Elan attorneys to view documents denominated "Secret Abraxane Manufacturing Information," which reveal the details of Abraxis's closely guarded, trade secret process for manufacturing Abraxane. (Pai Decl., Exs. O, T at 6.) Elan elected not to include Stephen Scheve, its lead counsel, as one of the attorneys with access to this information. On July 13, four business days before Dr. Desai's deposition, Mr. Scheve wrote announcing he intended to take Dr. Desai's deposition, and requesting access to Abraxis's Secret Abraxane Manufacturing Information. (Pai Decl. Ex. N.) That same day, Abraxis wrote back, expressing concern that Elan was using its own dilatory conduct as an excuse for delaying discovery, and offering a compromise solution. (Pai Decl. Ex. O.)

Elan wrote back, initially complaining that all of its attorneys should be given access to the Secret Abraxane Manufacturing Information. (Pai Decl. Ex. Q.) After counsel for Abraxis requested clarification as to Elan's plans with respect to Dr. Desai's deposition, however, counsel for Elan on Saturday July 14 confirmed that it would take Dr. Desai's deposition as scheduled the following Thursday. (Pai Decl. Ex. P.)

On Monday, July 16, counsel for Abraxis sent an email requesting confirmation of four upcoming depositions of Abraxis witnesses including Dr. Desai, and stated "[y]ou confirmed this weekend that Elan will be taking Dr. Desai's deposition this Thursday [July 19]." In reply,

4

counsel for Elan reconfirmed the deposition, stating: "[a]s you note, we have already discussed [Dr.] Desai." (Pai Decl. Ex. S.)

Nonetheless, on July 17, the very next day, Elan changed course and announced its intention to postpone the deposition, scheduled only two days later. (Pai Decl. Ex. U.) Its stated reason was alleged deficiencies in the production of certain laboratory notebooks. (*Id.*) It did so despite receiving Abraxis's letter which both explained that Elan already had all of those laboratory notebooks and identified their specific Bates numbers. (Pai Decl. Ex. R.)

On July 18, counsel for Abraxis replied, expressing "dismay[] by Elan's decision to cancel yet another deposition at the last minute, after Abraxis has expended substantial resources preparing for the deposition" and noting that most of the supposedly missing documents had in fact been produced on July 2, several weeks earlier, and that a small amount of additional material ordered produced the day before by Judge Sleet had been produced within hours of his order. (Pai Decl. Ex. V.) Counsel also informed Elan that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that if it chose to cancel the deposition it would forfeit the ability to take Dr. Desai's deposition. (*Id.*) Later that day, Elan responded with a laundry list of excuses for cancelling the deposition it had confirmed and re-confirmed a few days earlier. (*Id.*)

On July 18, 2007, Elan served an amended deposition notice for Dr. Desai, attempting to schedule his deposition for August 8, three business days before the discovery cutoff. (Pai Decl. Ex. C.) As Elan was warned, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Declaration of Richard E. Maroun in Support of Abraxis's Motion for Protective Order ¶ 3.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶¶ 3, 4.)

On August 1, 2007, Elan served an amended deposition notice for Dr. Soon-Shiong, demanding his deposition on seven days notice for the last day of fact discovery, August 13. (Pai Decl. Ex. D.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Declaration of Patrick Soon-Shiong in Support of Abraxis's Motion for Protective Order ¶ 4.)

5

## ARGUMENT

I. **ELAN SHOULD NOT BE PERMITTED TO OBTAIN A DE FACTO EXTENSION OF THE DISCOVERY CUTOFF AFTER CANCELLING THE DEPOSITIONS OF DRS. SOON-SHIONG AND DESAI WITHOUT JUSTIFICATION ON THE DATES THEY WERE AVAILABLE.**

Elan deliberately chose not to take the depositions of two high level Abraxis employees, its CEO Patrick Soon Shiong and scientist Neil Desai, on the only dates it had been notified they were available. Instead, it sat on its hands and noticed the depositions at the close of fact discovery on very short notice, when it could not have reasonably expected them to be available.

Elan is thus seeking what it could not obtain from Judge Sleet – a further extension of the discovery cutoff. On July 16, 2007, Judge Sleet denied Elan's request for a two month extension for fact discovery, instead agreeing to extend it by only two weeks, until August 13. (Pai Decl. Ex. T at 21-32.) In denying the request for the further extension, Judge Sleet noted the significant expense that was being incurred by Abraxis in defending the lawsuit. (*Id.* at 31-32.) Cancelling the deposition of a busy Chief Executive Officer at the last minute, and then waiting until only seven days before the discovery cutoff to renotice it makes a mockery of the discovery cutoff ordered by Judge Sleet, as does the similar conduct with respect to Dr. Desai.

While Elan did provide the bare minimum seven days' notice provided for under the local rules, that is plainly insufficient under these circumstances. As one court noted, providing minimal notice is not sufficient where it was foreseeable that the witnesses and/or attorneys would be unable to be available for the depositions:

> Thus, ten business days; notice would seem reasonable. But, just as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact-intensive. What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and <u>it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices</u>. The plaintiffs were keenly aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been percolating for some period.

*In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005) (emphasis added).

6

Elan had ample opportunity to complete these depositions within the allotted time. Instead, at the last minute it cancelled the depositions it had noticed and later confirmed, forcing Abraxis to incur unnecessary expense and burden. It then waited until the very end of discovery, making a calculated gamble the Abraxis, or the Court, would agree to further extend the fact discovery period to permit it to take these depositions. Permitting this conduct would set a dangerous precedent, encouraging litigants to unnecessarily delay completion of discovery, and undermine court-established deadlines for the orderly disposition of the case. It would also significantly prejudice Abraxis, which completed its depositions in a timely fashion.

Elan's transparent efforts to extend the fact discovery period by fiat should not be countenanced. Elan should not be permitted to take the depositions of Drs. Soon-Shiong and Desai after the discovery cutoff, the only time they are available.

## CONCLUSION

For the foregoing reasons, Abraxis respectfully requests that the Court grant its motion to for a protective order and the relief requested.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:
Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone
(415) 268-7522 Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone
(650) 494-0792 Facsimile
EEvans@mofo.com

Dated: August 13, 2007

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on August 20, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

    Steven J. Balick, Esquire
    ASHBY & GEDDES
    500 Delaware Avenue, 8th Floor
    Wilmington, DE 19801

I further certify that on August 20, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

    Linda Glover, Esquire
    Stephen Scheve, Esquire
    BAKER BOTTS L.L.P.
    One Shell Plaza
    910 Louisiana Street
    Houston, TX 77002-4995
    steve.scheve@bakerbotts.com

    Paul F. Fehlner, Esquire
    BAKER BOTTS L.L.P.
    30 Rockefeller Plaza
    New York, NY 10112-4498
    paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Elena C. Norman*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.