IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) ) | **REDACTED - PUBLIC VERSION** |

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO
ABRAXIS'S FOURTH SET OF INTERROGATORIES**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672  Telephone
jingersoll@ycst.com
enorman@ycst.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone

Dated: August 13, 2007

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS ........................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2

     A.    Technological Background Of The '363 And '025 Patents.................................... 2

     B.    Abraxis's Interrogatories And Elan's Inadequate Responses.............................. 2

ARGUMENT ........................................................................................................................ 3

     A.    The Relevance Of Discovery Is Interpreted Broadly Under The Federal Rules ....................................................................................................................... 3

          1.    Interrogatory No. 29 (Testing of Abraxane) ............................................. 3

          2.    Interrogatories No. 22 and 31 (Hemodynamic effects) ............................ 5

          3.    Interrogatory Nos. 17-20 and 23 (Surface modifiers).............................. 6

          4.    Interrogatory Nos. 25-26 and 35-36 (Licenses and Damages) ................. 8

          5.    Interrogatory Nos. 27 and 28 (Contamination)......................................... 9

          6.    Interrogatory Nos. 38-42 (Experiments with drugs claimed in the Patents-In-Suit) ......................................................................................... 11

          7.    Elan's Objection That Interrogatories 35 to 42 Exceed The 50 Interrogatory Limit Is Unsupported ....................................................... 11

CONCLUSION.................................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Al Barnett & Son, Inc. v. Outboard Marine Corp.,*
611 F.2d 32 (3d Cir. 1979) ...................................................................................6

*Corning Inc. v. SRU Biosystems, LLC,*
2004 U.S. Dist. LEXIS 14831 (D. Del. July 7, 2004) ...................................3

*First Health Group Corp. v. United Payors and United Providers, Inc.,*
1999 U.S. Dist. LEXIS 11138 (N.D. Ill. July 9, 1999)......................................9

*Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.,*
224 F.R.D. 644 (N.D. Cal. 2004).......................................................6, 10, 11

*Georgia-Pacific Corp. v. United States Plywood Corp.,*
318 F. Supp. 1116 (S.D.N.Y. 1970),
*modified on other grounds by,* 446 F.2d 295 (2d Cir. 1971) ...........................8

*Govas v. Chalmers,*
965 F.2d 298 (7th Cir. 1992) ...........................................................................6

*Hercules Inc. v. Exxon Corp.,*
434 F.Supp. 136 (D. Del. 1977).......................................................................5

*Hyatt v. Dudas,*
2007 U.S. App. LEXIS 15350 (Fed. Cir. June 28, 2007) ................................5

*Kendall v. GES Exposition Servs., Inc.,*
174 F.R.D. 684 (D. Nev. 1997) ......................................................................12

*In re One Bancorp Sec. Litig.,*
134 F.R.D. 4 (D. Me. 1991)..............................................................................9

*Liebel-Flarsheim Co. v. Medrad, Inc.,*
481 F.3d 1371 (Fed. Cir. 2007) .......................................................................5

*Montecatini Edison v. Rexall Drug and Chem. Co.,*
288 F.Supp. 486 (D. Del. 1968)........................................................................5

*Nyfield v. Virgin Islands Tel. Corp.,*
200 F.R.D. 246 (D.V.I. 2001)..........................................................................12

*Pacitti v. Macy's,*
193 F.3d 766 (3d Cir. 1999) .............................................................................3

*Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp.*,
    711 F.2d 902 (9th Cir. 1983) ..................................................................10, 11

*Sabel v. Mead Johnson and Co.*,
    110 F.R.D. 553 (D. Mass. 1986)...............................................................6

*Ultratech, Inc. v. Tamarack Sci. Co.*,
    2005 U.S. Dist. LEXIS 1782 (N.D. Cal. Jan. 5, 2005),
    *aff'd*, 2006 U.S. App. LEXIS 6958 (Fed. Cir. Mar. 14, 2006) .....................10, 11

## STATUTES

35 U.S.C. § 112.......................................................................................5

Fed. R. Civ. P. 26(b)(1)............................................................................3

Fed. R. Civ. P. 33(b)(5)............................................................................3

Fed. R. Civ. P. 33(d) .........................................................................5, 6, 10, 11

Fed. R. Civ. P. 34(b) ................................................................................3

Fed. R. Civ. P. 37(a) ................................................................................3

Fed. R. Civ. P. 37(a)(3)............................................................................3

## MISCELLANEOUS

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and
    Procedure: Civil* § 2008 (2d ed. 2007) ...........................................................3

## NATURE AND STAGE OF PROCEEDINGS

On July 19, 2006, Elan filed suit against Abraxis alleging infringement of U.S. Patent Nos. 5,399,363 and 5,834,025[1] based on Abraxis's oncology drug Abraxane®.  On February 26, 2007, Abraxis filed a Rule 11 motion for sanctions based on Elan's pursuit of this lawsuit without a good faith basis.

Further to its previous attempts to determine Elan's basis for this action, Abraxis served its Fourth Set of Interrogatories on June 29, 2007.  On August 6, 2007, Elan served its responses, most of which provide only objections or refer Abraxis vaguely to documents produced by Elan during the litigation.  Thus, almost six months after Abraxis's Rule 11 motion, over a year after Elan filed suit, and with fact discovery closing today, Elan refuses to admit that it has no support for its claims or to provide substantive responses.

## SUMMARY OF ARGUMENT

Elan's repeated refusal to meaningfully respond to Abraxis's interrogatories has significantly prejudiced Abraxis's ability to prepare for depositions, pursue follow-up discovery, and inform its experts of Elan's purported evidence and legal theories.  Fact discovery closes today, and Abraxis has given Elan every opportunity to support its case — Elan has rejected those opportunities.  To the extent Elan can support its claims, it must do so with more than a list of documents.  Now is the time for Elan to explain what relevant information those documents contain, Elan's view of how that information is relevant, and how it supports Elan's case.  This is not information that Elan can task Abraxis with determining for itself.  This Court should grant Abraxis's motion to compel complete responses to its interrogatories, or preclude Elan from relying on any evidence beyond that provided in its current responses.

---

[1]  These will be referred to as the "'363 Patent," the "'025 Patent," and collectively as the "Patents-In-Suit."

## STATEMENT OF FACTS

### A.    Technological Background Of The '363 And '025 Patents.

The asserted patents are about nanoparticles (less than 1000 nanometers in size[2]) of water-insoluble drugs.  The alleged innovation of the '363 patent was to make nanoparticles containing crystalline anti-cancer drugs and "surface modifiers."  (*See, e.g.*, Declaration of Diana Kruze in Support of Abraxis's Opening Brief in Support of Its Motion to Compel Responses to Abraxis's Fourth Set of Interrogatories ("Kruze Decl."), Ex. 1 at 7:5-45.)  The '025 patent purports to solve the alleged problem that intravenously administering nanoparticles can cause certain unwanted cardiovascular-related side-effects (referred to in the patent as "adverse hemodynamic effects").  (*See, e.g., id.*, Ex. 2 at 1:48-65.)  The '025 applicants stated that they solved this problem by administering the nanoparticulate drug substance composition at a slow infusion rate ("not exceeding 10 mg/min").

### B.    Abraxis's Interrogatories And Elan's Inadequate Responses.

In June 2006, Abraxis served Elan with its Fourth Set of Interrogatories (Nos. 14-42.) (Kruze Decl., Ex. 3.)  These interrogatories request, among other things, technical information to support the validity of the Patents-In-Suit, and information necessary for Elan to establish damages.  (*Id.*)  Elan responded to these interrogatories on August 6, 2007, but provided no substantive response to most of the requests.  A complete copy of Elan's responses to the Interrogatories is attached as Exhibit 4 to the Kruze Declaration.  The parties met and conferred regarding Elan's insufficient responses on August 9, 2007.  (*Id.*, ¶ 14.)

---

[2]  One thousand nanometers equals one micron, which is one thousandth of a millimeter.

DB02:6179873.1                                                                                                    065496.1001

## ARGUMENT

### A.   The Relevance Of Discovery Is Interpreted Broadly Under The Federal Rules.

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  Relevance under Rule 26 is interpreted broadly, and encompasses not only information that would be admissible at trial, but also information "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil* § 2008 (2d ed. 2007) (noting that, even after the 2000 amendment to Rule 26(b)(1), the standard "is still a very broad one").  In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Corning Inc. v. SRU Biosystems*, LLC, No. 03-633 JJF, 2004 U.S. Dist. LEXIS 14831, at *3 (D. Del. July 7, 2004) (citing *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999)).

Where a party objects or fails to answer an interrogatory, the party propounding the discovery may move for an order compelling discovery under Rule 37(a).  *See* Fed. R. Civ. P. 33(b)(5), 34(b).  Under Rule 37(a), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

### 1.   Interrogatory No. 29 (Testing of Abraxane).

Interrogatory number 29 states:

> Please describe in detail testing by Elan of Abraxane including by describing (1) the date and form of the experiments performed, (2) individuals who performed or evaluated the experiments, and (3) results of the experiments, and by identifying (including by Bates number) documents or other evidence constituting or referring to such experiments.

(Kruze Decl., Ex. 3 at 7.)  Elan's testing of Abraxane is highly relevant to noninfringement, as well as the invalidity of the patents.  (D.I. 235, pp. 30-36.).  For example, a critical limitation of the claims of the Patents-In-Suit is that the accused "medicament" is crystalline.



[3] During a February 21, 2007 meet and confer Elan's counsel acknowledged that

065496.1001

2.    **Interrogatories No. 22 and 31 (Hemodynamic effects).**

Abraxis's Interrogatory numbers 22 and 31 ask Elan for information regarding

"hemodynamic effects," the central aspect of the '025 Patent,[5] and are relevant to at least

noninfringement, and Abraxis's enablement and written description defenses to the '025

Patent.[6] Interrogatory number 31 requests the specific types of physiological effects that

Elan contends constitute "hemodynamic effects." (Kruze Decl., Ex. 3 at 8.) Elan

wrongly objects that the interrogatory "seeks an impermissible legal conclusion." In fact,

this interrogatory simply seeks Elan's contentions regarding what types of effects are

"hemodynamic effects," something Elan does not need the Court's claim construction to

answer. *Montecatini Edison v. Rexall Drug and Chem. Co.*, 288 F.Supp. 486, 489

(D. Del. 1968) (compelling response to interrogatory calling for party's contention on

claim construction); *Hercules Inc. v. Exxon Corp.*, 434 F.Supp. 136, 157 (D. Del. 1977)

("[t]here is nothing impermissible in asking a party to state what he presently contends in

an effort to ferret out or narrow the issues.")

Interrogatory number 22 asks Elan to describe the testing it conducted to measure these

hemodynamic effects. (Kruze Decl., Ex. 3 at 5.) Elan provides no substantive response other

than a list of documents. (*Id.* Ex. 4 at 19-21.) Under Federal Rule of Civil Procedure 33(d), a

---

[5] The Abstract of the '025 Patent states "Disclosed are methods of intravenous administration of nanoparticulate drug formulations to a mammal to avoid adverse hemodynamic effects…" (Kruze Decl., Ex. 2 at Abstract.)

[6] The statutory "enablement" requirement "is satisfied when one skilled in the art, after reading the specification, could practice [the full scope of] the claimed invention without undue experimentation." 35 U.S.C. § 112; *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1378-9 (Fed. Cir. 2007). To satisfy the "written description" requirement, the patent applicant must "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the [claimed] invention." 35 U.S.C. § 112; *Hyatt v. Dudas*, No. 2006-1171, 2007 U.S. App. LEXIS 15350, at *11 (Fed. Cir. June 28, 2007).

party may respond to an interrogatory by specifying the records from which the relevant information may be obtained. Fed. R. Civ. P. 33(d). However, Rule 33 authorizes this response *only* in situations where the burden of deriving the answer from the documents is "substantially the same." *Id.* Generally, the responding party's familiarity with its records and methods of organization will facilitate review of the documents in ways unavailable to the opposing party. *See Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992). Therefore, the greater burden usually falls on the propounding party. *See Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 n.8 (3d Cir. 1979); *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 652 (N.D. Cal. 2004); *Sabel v. Mead Johnson and Co.*, 110 F.R.D. 553, 556-57 (D. Mass. 1986).

Here, the burden is not the same on Elan as on Abraxis. These are Elan's documents, designed and created by Elan's scientists, and only Elan knows which experiments it contends were performed regarding what it considers to be "hemodynamic effects" and that it contends support the alleged inventions claimed in the '025 Patent. The Court should compel a meaningful response from Elan on these interrogatories.

### 3.    Interrogatory Nos. 17-20 and 23 (Surface modifiers).

Abraxane contains paclitaxel stabilized by a protein ████████████████████ ████████████████ human serum albumin ("HSA"). Thus, if Elan's claims extend to cover human serum albumin, then they are invalid as not being enabled and the patents would also lack written description.

Interrogatories 17 and 18 ask Elan to describe ████████████████████████ ██████████████████████████████████████████ (Kruze Decl., Ex. 10 at 4-5.) Elan again responds with only a list of documents. The burden of deriving the requested descriptions is much lower on Elan than on Abraxis, as Elan conducted the tests and knows the

6

full extent of the experimentation from what is described in the documents to everything not

described in the documents, as well as the conclusions of those experiments. ████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████████████

    Interrogatory 20 similarly asks Elan for a description of █████████████████████

██████████████████████████    In response, Elan does not even provide a list of

documents.  Elan should be compelled to describe any such experiments or be precluded from

presenting any such research or results of such research at trial.

    Interrogatory number 19 seeks the facts based on which Elan stated in another patent

application that "ineffective protein stabilizers include fibrinogen, $\gamma$-globulin, albumin, and

casein." (Kruze Decl., Ex. 3 at 4.)  Elan has provided no response explaining the basis for its

admission that it believed proteins were ineffective as surface modifiers other than objections.

Clearly Elan does not want to even discuss this statement, because it is an admission that the

Patents-In-Suit are invalid as construed by Elan for failing to enable the full scope of the claimed

inventions.  However, Elan's desire to avoid addressing its lawsuit's lack of merit does not give

it the authority to ignore discovery requests.  Elan's assertion that somehow this admission

would have no "bearing" on this lawsuit is nonsense, and Elan should be compelled to provide a

substantive response to this interrogatory as well.

    Instead of providing a meaningful response to Abraxis's Interrogatory request number 23

regarding which surface modifiers described in its patents Elan tested and identified as suitable

or not suitable, Elan provides a raw three-page list of documents.  Elan provides no explanation

of what information in those documents it contends supports the finding that some surface

modifiers of the Patents-In-Suit will work as described in the patents.  Again, the burden of

determining the meaning of those documents to Elan is easy for Elan, but impossible for Abraxis when Elan refuses to provide any explanation or substantive response.

 4.     **Interrogatory Nos. 25-26 and 35-36 (Licenses and Damages).**

Interrogatory numbers 25-26 and 35-36 request factual information to support Elan's claim for damages.  In summary, Interrogatory No. 25 asks Elan to identify its licensees, Interrogatory No. 26 asks for a description of Elan's financial and business plans, Interrogatory No. 35 asks for any analysis conducted by Elan to determine the monetary value of the patents, and Interrogatory No. 36 requests information regarding the total yearly income from licensing the Patents-In-Suit.  (Kruze Decl., Ex. 3 at 6, 9.)  The requested information would be necessary to determine the amount of damages if the Patents-In-Suit were infringed and not invalid. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified on other grounds by,* 446 F.2d 295 (2d Cir. 1971) (discussing fifteen factors to be considered in determination of reasonably royalty award).  The first and second *Georgia-Pacific* factors consider the royalties received for existing licenses of the patent-in-suit and of comparable patents. *Id.* at 1120.  The twelfth factor examines the portion of the profit that "may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions." *Id.*  The thirteenth factor focuses on the "portion of the realizable profit that should be credited to the invention" rather than other aspects of the product, such as non-patented elements or improvements. *Id.*  Therefore, Abraxis served requests for production specifically directed at the types of documents that would bear on these factors – licenses, financial arrangements, and valuations of the Patents-In-Suit and particulate compositions and technology.

As addressed in more detail in Abraxis's motion to compel damages discovery, Elan's relevance, burdensomeness, and third party confidentiality objections are without merit.  (D.I.

8

241 at 5-11.) Similarly, Elan's excuse that it needs an expert opinion to state its contentions and factual support on damages has also been rejected by the courts. *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 7-8 (D. Me. 1991) (rejecting plaintiff's argument that it needed expect discovery to respond to defendant's interrogatory on damages). Elan's refusal to answer these interrogatories has prejudiced Abraxis's ability to conduct follow-up fact investigation on Elan's damages allegations and to prepare its damages expert. *First Health Group Corp. v. United Payors and United Providers, Inc.*, No. 96 C 2518, 1999 U.S. Dist. LEXIS 11138, at **3-4 (N.D. Ill. July 9, 1999) ("The whole purpose [of defendant's interrogatory] was to get out on the table plaintiff's damages contentions so that the defendant could explore them during the discovery period.") The Court should compel a complete response to these Interrogatories, or limit Elan's damages evidence to what Elan has provided to date, with an inference against Elan as to any missing information.

### 5.    Interrogatory Nos. 27 and 28 (Contamination).

Interrogatory numbers 27 and 28 seek information regarding how following the patents would result in acceptable contamination levels (No. 27) and what testing Elan did to establish that prior to the filing date of the '363 Patent (No. 28). (Kruze Decl., Ex. 3 at 6-7.) These interrogatories are relevant to enablement, written description and other defenses.

Elan objects to these interrogatories as vague and ambiguous because it claims to not understand what was meant by the term "contamination." Both of the Patents-In-Suit, however, discuss contamination and purport to provide "particles having levels of contamination which are believed to be acceptable for the preparation of pharmaceutical compositions."[7] (Kruze Decl.,

---

[7] For example, the '363 patent applicants said that prior art techniques such as solvent precipitation resulted in the formation of non-crystalline nanoparticles contaminated with solvents, which were toxic and "very difficult, if not impossible, to adequately remove." (Kruze Decl., Ex. 1 at 2:3-14.) The inventors of the '363 patent claimed to solve these problems by

9

Ex. 1 at 6:23-27.) Elan must provide meaningful answers to interrogatories using the same terms used in its own patents, or concede that the Patents-In-Suit are themselves fatally vague and ambiguous and therefore cannot satisfy the enablement and written description requirements.

Moreover, in response to Interrogatory number 28, Elan states that it has "produced documents . . . that are responsive to this Interrogatory." (*See, e.g. id.*, Ex. 4 at 31.) As discussed above, only Elan knows which experiments it believes support the validity of the asserted claims and what it contends those experiments show. Abraxis cannot be expected to make such determinations if Elan itself cannot, or finds it too burdensome to do so. Elan's scientists created these records and only Elan knows how it believes the records are relevant to the particles claimed in its patents. *Fresenius Med. Care*, 224 F.R.D. at 652. Elan's general reference to its entire document production violates Rule 33(d). Under Rule 33(d), a party must identify any relevant records with specificity. Fed. R. Civ. Proc. 33(d); *see also Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) (designation of "books of accounts, banking accounts, records, computer printouts, ledgers and other documents" insufficient); *Ultratech, Inc. v. Tamarack Sci. Co.*, No. C 03-3235 CRB, 2005 U.S. Dist. LEXIS 1782, at *9-10 (N.D. Cal. Jan. 5, 2005), *aff'd*, 2006 U.S. App. LEXIS 6958 (Fed. Cir. Mar. 14, 2006) (in patent suit, the representations that the documents were "already produced" was not sufficient). Elan's reference to over 300,000 pages of material is insufficient.

---

making nanoparticles of crystalline drugs that were prepared by milling larger crystalline drug substance particles in the presence of grinding media. (*Id.* at 2:32-35.) Even using the grinding technique described in the Patents, the applicants explained that it was important to use certain types of grinding media to prepare the particles so that the particles do not become contaminated. (*Id.* at 6:23-27.)

6.    **Interrogatory Nos. 38-42 (Experiments with drugs claimed in the Patents-In-Suit).**

Abraxis's interrogatory numbers 38-42 seek information regarding Elan's research and development of particulate compositions containing specific drug compounds claimed by the Patents-In-Suit. For example, interrogatory number 38 states:

> Please describe in detail research, development or testing by Elan, a Previous Owner, or their licensees, of Particulate Compositions containing piposulfan, including by describing (1) the date and form of the experiments performed, (2) individuals who performed or evaluated the experiments, and (3) results of the experiments, and by identifying (including by Bates number) documents or other evidence constituting or referring to such research, development or testing.

(Kruze Decl., Ex. 3 at 10.) Interrogatories 39 through 42 seek the same information, but with Elan's research on etoposide, WIN 59075, camptothecin, and retinoic acid. (*Id.* at 10-11.) These interrogatories are relevant to whether Elan was able to make a stable particulate composition containing the drugs that are listed in the Patents-In-Suit.

Elan provides no substantive answer to these interrogatories at all. (*Id.* at Ex. 4 at 43-47 (Responses to 4th Rogs).) As discussed previously, Elan is much more familiar with its own corporate documents regarding the testing that underlies its patents. *Fresenius Med. Care*, 224 F.R.D. at 652. Elan's vague reference to its "document production" violates Rule 33(d). Fed. R. Civ. Proc. 33(d); *see also Rainbow Pioneer*, 711 F.2d at 906; *Ultratech, Inc.*, 2005 U.S. Dist. LEXIS 1782, at *9-10. The Court should compel Elan to provide a complete and substantive response to these interrogatories.

7.    **Elan's Objection That Interrogatories 35 to 42 Exceed The 50 Interrogatory Limit Is Unsupported.**

Elan objects that each of Abraxis's interrogatories 35 to 42 exceed the 50 interrogatory limit, and on that basis improperly refuses to provide any substantive response to these interrogatories. Elan's objection is apparently based on the misguided idea that interrogatories,

11

such as Abraxis's first interrogatory seeking Elan's contentions why Abraxis infringes the Patents-In-Suit, counts as two interrogatories — one for each of the two asserted patents.[8]  (Kruze Decl. Ex. 10 at 3.)  Elan cites two cases, neither of which stand for the proposition that a defendant's interrogatory directed at each asserted patent counts as multiple interrogatories.  *Id*; *see Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684 (D. Nev. 1997); *Nyfield v. Virgin Islands Tel. Corp.*, 200 F.R.D. 246 (D.V.I. 2001).  In fact, neither of these cases even involves patents and thus they are inapposite.  *Id.*.

Elan chose to assert two patents in this action.  Each of Abraxis's interrogatories directed to the same issue with those asserted patents, such as infringement, validity, damages, are one interrogatory.  Otherwise, any plaintiff could handicap a defendant's discovery simply by suing on 5, 10, or 20 patents at once.  Elan cannot cut Abraxis's 50 allowed interrogatories down to 25 by choosing to assert two patents instead of one and then pretending each of Abraxis's interrogatories about the patents are separate and distinct.  Clearly Abraxis has not been heavy-handed in its discovery requests, as it did not even use the last 8 interrogatories it could have propounded.  Elan should be compelled to provide meaningful responses to each interrogatory it wrongfully counted as being over 50.

Moreover, Elan's objection relies on the way it counted Abraxis's interrogatories when it did not respond to each of the alleged subparts.  For example, Elan's objections that Interrogatory 8 constitutes "at least 6" interrogatories about distinct patents and foreign equivalents is belied by the fact that it does not provide responses about foreign equivalents.  (Kruze Decl. Ex. 11 at 25.)  Thus, its response to this interrogatory should at most count as three responses, not six.  Similarly, Elan impermissibly counts its response to Interrogatory 13 as three

---

[8] This counting method is repeated for each interrogatory regarding both Patents-In-Suit.

separate responses (for the '025 Patent, the '363 Patent, and the '684 Patent) when it merely

refers to its response to Interrogatory 3, which did not address the '684 Patent. (Kruze Decl. 11

at 6-16, Ex. 12.) Thus, even under Elan's "creative accounting," between these two responses

alone Elan has over counted by at least 4 interrogatories, and if this Court does not compel

responses to all of Abraxis's interrogatories, Elan should be compelled to answer those

additional interrogatories selected by Abraxis.

## CONCLUSION

Abraxis respectfully requests that the Court order Elan to provide Abraxis with complete

and substantive responses to each of its interrogatories to either support Elan's claims in this

lawsuit, or admit that Elan's claims are unsupported. At a minimum, Elan should be precluded

from relying on any evidence or contentions not revealed to Abraxis by the close of fact

discovery, August 13, 2007.

For the foregoing reasons, Abraxis respectfully requests that the Court grant its Motion to

Compel and enter an Order substantially in the form of the Proposed Order attached hereto.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:
Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000  Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com

Dated:   August 13, 2007

DB02:6179873.1                                                                                                                065496.1001

## **CERTIFICATE OF SERVICE**

I, Elena C. Norman, Esquire, hereby certify that on August 20, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on August 20, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX 77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY 10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
&  TAYLOR, LLP

_/s/ Elena C. Norman_
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.