# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELAN PHARMA
INTERNATIONAL LIMITED,

§
§
§

Plaintiff,

§
§

v.

§
§

Case No. 06-438-GMS

ABRAXIS BIOSCIENCE, INC.,

§
§

**REDACTED
PUBLIC VERSION**

Defendant.

§
§

### DECLARATION OF LINDA M. GLOVER IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO LIMIT BY PROTECTIVE ORDER DEFENDANT'S FED. R. CIV. P. 30(b)(6) DEPOSITION OF PLAINTIFF

I, Linda M. Glover, hereby declare as follows:

1.     I am an attorney licensed to practice in the State of Texas, and I am admitted *pro hac vice* to practice in the above-captioned matter. I am an associate with the law firm of Baker Botts L.L.P., attorneys for Plaintiff Elan Pharma International Limited in the above-captioned matter. I submit this declaration in support of Plaintiff Elan Pharma International Limited's Answering Brief To Defendant Abraxis BioScience, Inc.'s Motion To Compel Production Of Damages Discovery And Plaintiff's Opening Brief In Support Of Its Cross-Motion To Limit By Protective Order Defendant's Fed. R. Civ. P. 30(b)(6) Deposition Of Plaintiff. I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would competently testify thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of Abraxis BioScience Inc.'s Notice Of Rule 30(b)(6) Deposition of Elan Pharma International Limited.

3.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Objections To Defendant's Notice To Take Deposition Pursuant To Federal Rule Of Civil Procedure 30(b)(6).

Pursuant to 28 U.S.C. § 1746, I affirm and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

Executed this 22nd day of August 2007 in Houston, Texas.

_____
Linda M. Glover

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA INTERNATIONAL
LIMITED,

          Plaintiff,

    v.

ABRAXIS BIOSCIENCE, INC.,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 06-438-GMS

**REDACTED –
PUBLIC VERSION**

## NOTICE OF RULE 30(b)(6) DEPOSITION
## OF ELAN PHARMA INTERNATIONAL LIMITED

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, commencing at 10:00 a.m. on July 25, 2007, at Morrison & Foerster LLP, 1290

Avenue of the Americas, New York, NY 10104, Defendant Abraxis BioScience, Inc.

("Abraxis") will take the deposition by oral examination of Plaintiff Elan Pharma International

Limited ("Elan"). Elan is directed to designate one or more officers, directors, managing agents,

or other persons who consent and who are knowledgeable about the matters identified in the

attached Schedules A and B (Restricted Confidential Information, Subject to Protective Order) to

testify on its behalf. The person or persons so designated shall testify as to matters known or

reasonably available to Elan.

The deposition will be taken before a person authorized to administer an oath and will

continue from day to day, Saturdays, Sundays, and holidays excepted, until completed. The

deposition will be recorded by video, audio, and stenographic means. Additionally, the instant

visual display of testimony ("LiveNote") may be used.

REDACTED - PUBLIC VERSION

At least seven days in advance of the deposition, Elan is directed to provide to counsel for Abraxis a written designation of the name(s) and position(s) of the person(s) designated to testify on each topic.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for Defendant*
*ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000   Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com

Dated:  July 3, 2007

**REDACTED - PUBLIC VERSION**

**SCHEDULE A**

**DEFINITIONS**

The following definitions and instructions apply to this Schedule:

1.  The term "Elan" means Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC).

2.  The term "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Abraxis.

3.  The term "This Litigation" means the legal action *Elan Pharma International Limited v. Abraxis BioScience, Inc*, No C-06-438-GMS, brought by Elan against Abraxis, in the United States District Court, District of Delaware.

4.  The term "'363 Patent" means U.S. Patent No. 5,399,363.

5.  The term "'025 Patent" means U.S. Patent No. 5,834,025.

6.  The term "Patents-In-Suit" means the '363 Patent and the '025 Patent.

7.  The term "'684 Patent" means U.S. Patent No. 5,145,684.

8.  The term "Related Applications and Patents" means United States patents or patent applications that claim priority benefit from one or more of the patent applications from which the Patents-In-Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

1

**REDACTED - PUBLIC VERSION**

9.    The term "Particulate Compositions" means pharmaceutical or diagnostic compositions containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 1000 nm as determined by any method for calculating particle size.

10.    The term "Particulate Composition Patent" means any patent having claims that encompass Particulate Compositions, or methods of making or using them, and that are limited to particles (or methods of making or using them) and that are limited to particles with an effective particle size of 1000 nm or less as determined by any method for calculating particle size, including but not limited to patents to Elan's NanoCrystal® technology.

11.    The term "Previous Owner" means any person or entity who was an owner or assignee of one or more of the Patents-In-Suit, the '684 Patent, or any of the patent applications from which those patents claim priority benefit, including the named inventors, Sterling Winthrop, Inc., Eastman Kodak Company, Particulate Prospects Corp., NanoSystems, LLC, and Elan Corporation, PLC., as well as their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them.

12.    The terms "Third Party" and "Third Parties" refer to any person, individual, company, corporation, partnership, organization, association, or other entity that is not a named party in This Litigation, including but not limited to the entities listed in Schedule B.

2

**REDACTED - PUBLIC VERSION**

## TOPICS

1.  Elan's policies, practices, and procedures regarding the licensing of its patents, including licensing of the Patents-In-Suit and other Particulate Composition Patents.

2.  Elan's policies, practices, procedures regarding licensing of patents from Third Parties.

3.  Elan's and any Previous Owners' negotiations with any Third Party regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents.

4.  Elan's and any Previous Owners' licenses and agreements with any Third Party regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents, including the specific terms and conditions of each license or agreement.

5.  Any formal or informal valuations, including the basis of such valuations, of the patents-in-suit, the '684 Patent, or Related Applications and Patents, including by Elan, a Prior Owner, or any Third Party (including independent consultants).

6.  The royalty rates, lump sum payments, and any other forms of compensation in Elan's and any Previous Owner's licenses and agreements with any Third Party regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents.

7.  Arrangements or agreements between Elan Pharma International Ltd. and other Elan entities regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents, including valuations, royalty rates, lump sum payments, and any other forms of compensation, and the basis for calculating any such valuation, royalty rate, lump sum payment or other form of compensation.

3

**REDACTED - PUBLIC VERSION**

8.  The allocation of rights in Elan's and any Previous Owners' licenses and agreements with any Third Party regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents, including the exclusivity or non-exclusivity of the license or agreement, the portfolio of patents covered by the license or agreement, any restrictions on the scope or field of use, the duration and territory of the license or agreement, and any other rights granted to the Third Party or retained by Elan.

9.  The identities of the Third Parties to Elan's licenses and agreements regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents.

10. For each Third Party with a license to the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents, that Third Party's sales, market shares, revenues, costs, and profits from making, using, offering to sell, or selling any products, or methods covered by the license on a total and annual basis.

11. Any analysis, study, or investigation conducted by, or on behalf of, Elan, a Previous Owner or their licensees of the monetary or economic value of the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents, including any audits done by Elan of its licensees.

12. Elan's and Previous Owners' income, on a total and annual basis, from licensing the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents.

13. Financial plans, business plans, and forecasts made regarding the monetization, commercialization or exploitation of the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents.

4

**REDACTED - PUBLIC VERSION**

14. Elan's financial history from 1995 to the present, including Elan's capitalization and stock price, Elan's balance sheets and income statements, Elan's revenues, costs, profits, and losses, and the portion of Elan's income attributable to licensing its patents, inventions, and any other rights in intellectual property.

15. Any development agreements or partnership agreements between Elan or any Previous Owner and any Third Party regarding the marketing, sale, distribution, manufacturing, or production of any products covered by the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents.

16. Elan's or any Previous Owners' "experimental evaluation agreements" and "master experimental evaluation agreements" with any Third Party, as those terms are used by Elan or a Previous Owner.

17. The identity of any commercially available products that incorporate any alleged invention claimed in the Patents-In-Suit.

18. Elan's past and current ownership interest in the Patents-In-Suit.

19. Any analysis, study, forecast, or investigation conducted by, or on behalf of, Elan regarding the monetary or economic value of Abraxane®.

20. Any analysis, study, forecast, or investigation conducted by, or on behalf of, Elan regarding the monetary or economic value of licensing the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other Particulate Composition Patents to Abraxis.

21. Any analysis, study, forecast, or investigation conducted by, or on behalf of, Elan regarding the reasonable, expected, anticipated, maximum or minimum royalty rate for

5

**REDACTED - PUBLIC VERSION**

licensing the Patents-In-Suit, the '684 Patent, Related Applications and Patents, or other

Particulate Composition Patents to Abraxis.

6

# SCHEDULE B

# REDACTED IN ITS ENTIRETY

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on July 18, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on July 18, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX 77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY 10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
&  TAYLOR, LLP

*/s/ Elena C. Norman*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ELAN PHARMA | § | |
| INTERNATIONAL LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 06-438-GMS |
| | § | |
| ABRAXIS BIOSCIENCE, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S NOTICE TO TAKE DEPOSITION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Elan Pharma International Limited ("Elan") serves its objections to Defendant Abraxis BioScience Inc.'s ("Abraxis") Notice to Take Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) as follows:

**OBJECTIONS**

**A.    Definitions**

1.    Elan objects to Abraxis's definitions to the extent that they purport to impose obligations beyond the scope of discovery obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Civil Local Rules of this Court.

2.    Elan objects to Abraxis's definitions of the terms "Elan," "Particulate Compositions," "Particulate Composition Patent," "Previous Owner," and "Third Party " as overly broad and unduly burdensome.   In particular, Abraxis's definition of "Particulate Compositions" and "Particulate Composition Patents" purport to require testimony from Elan about drug compositions, technologies and patents that are irrelevant to the subject matter of this lawsuit.

        3.     Elan objects that Abraxis's definition of the terms "Particulate Compositions" and "Particulate Composition Patent" seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence.

**B.**    **General Objections**

        1.     Elan objects to the Topics insofar as they seek irrelevant a information and are not reasonably calculated to lead to the discovery of admissible evidence.

        2.     Elan objects to the Topics insofar as they assume disputed facts or legal conclusions in defining or identifying requested testify.

        3.     Elan objects to the Topics insofar as they purport to require disclosure of information that constitutes attorney work product or reveals privileged attorney-client communications, or are otherwise privileged or protected from disclosure under applicable law or rules. Elan claims such privileges and protections to the extent implicated by each Topic.

        4.     Elan objects to the Topics to the extent they seek information protected from disclosure by a protective order or other confidentiality obligations.

        5.     Elan objects to the Topics to the extent that they are unlimited as to time. Without any temporal limitation, the Topics are overly broad, unduly burdensome, and seek information not reasonably calculated to lead to the discovery of admissible evidence.

**C.**    **Specific Objections**

        1.     Elan objects to Topic No. 1 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

     Elan also objects to Topic No. 1 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363

patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Elan further objects to Topic No. 1 to the extent that it seeks information that is neither relevant nor not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, Elan objects that Topic No. 1 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

2.      Elan objects to Topic No. 2 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan also objects that the information sought by Topic No. 2 is unreasonably cumulative or duplicative..

Elan further objects to Topic No. 2 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Additionally, Elan objects that Topic No. 2 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

3.      Elan objects to Topic No. 3 to the extent that it seeks information regarding "Particulate Compositions." Abraxis's definition of "Particulate Compositions" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The compositions at issue in this lawsuit are

specific crystalline anticancer agents claimed in the '363 patent, organic drug substances capable of infusion as taught by the '025 patent, and compositions less than 400 nanometers as claimed by the '684 patent. Requiring Elan to testify concerning other compositions, which do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Elan also objects to Topic No. 3 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan further objects to Topic No. 3 to the extent that it seeks regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Additionally, Elan objects that the s information ought by Topic No. 3 is unreasonably cumulative or duplicative.

Furthermore, Elan objects that Topic No. 3 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

4.      Elan objects to Topic No. 4 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned

parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Elan also objects to Topic No. 4 to the extent that it seeks information that is neither relevant nor not reasonably calculated to lead to the discovery of admissible evidence.

Elan further objects to Topic No. 4 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Additionally, Elan objects to Topic No. 4 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Furthermore, Elan objects that the information sought by Topic No. 4 is unreasonably cumulative or duplicative.

In addition, Elan objects that Topic No. 4 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

5.     Elan objects to Topic No. 5 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 5 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the s information ought by Topic No. 5 is unreasonably cumulative or duplicative.

Additionally, Elan objects that Topic No. 5 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

6.    Elan objects to Topic No. 6 to the extent that it seeks protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 6 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the information sought by Topic No. 6 is unreasonably cumulative or duplicative.

Additionally, Elan objects to Topic No. 6 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Furthermore, Elan objects that Topic No. 6 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

7.    Elan objects to Topic No. 7 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 7 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is

overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

          Elan further objects that Topic No. 7 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

          8.     Elan objects to Topic No. 8 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

          Elan also objects to Topic No. 8 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

          Elan further objects that the sought by Topic No. 8 is unreasonably cumulative or duplicative.

          Additionally, Elan objects to Topic No. 8 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over

time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Furthermore, Elan objects that Topic No. 8 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

9.    Elan objects to Topic No. 9 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan also objects that the information sought by Topic No. 9 is unreasonably cumulative or duplicative.

Elan further objects to Topic No. 9 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Additionally, Elan objects that Topic No. 9 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

10.     Elan objects to Topic No. 10 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 10 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the information sought by Topic No. 10 is unreasonably cumulative or duplicative.

Additionally, Elan objects to Topic No. 10 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Furthermore, Elan objects that Topic No. 10 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

11.     Elan objects to Topic No. 11 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 11 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the ought by Topic No. 11 is unreasonably cumulative or duplicative.

Additionally, Elan objects to Topic No. 11 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Furthermore, Elan objects that Topic No. 11 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

12.    Elan objects to Topic No. 12 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 12 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the information sought by Topic No. 12 is unreasonably cumulative or duplicative.

Additionally, Elan objects to Topic No. 12 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Furthermore, Elan objects that Topic No. 12 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

13. Elan objects to Topic No. 13 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 13 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the information sought by Topic No. 13 is unreasonably cumulative or duplicative.

Additionally, Elan objects to Topic No. 13 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition

Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Furthermore, Elan objects that Topic No. 13 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

14. Elan objects to Topic No. 14 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also object that Topic No. 14 is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding Elan "financial history" over a twelve year period rather than information regarding Elan's specific revenues from the patents-in-suit.

Elan further objects that Topic 14 is a blatant attempt by Abraxis to gain information regarding Elan's revenues from all of its "intellectual property" so as to obtain an unfair competitive advantage.

Additionally, Elan objects to Topic No. 14 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Furthermore, Elan objects that the information sought by Topic No. 14 is unreasonably cumulative or duplicative.

15.    Elan objects to Topic No. 15 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 15 to the extent that it seeks information regarding information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the information sought by Topic No. 13 is unreasonably cumulative or duplicative.

Additionally, Elan objects to Topic No. 15 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Furthermore, Elan objects that Topic No. 15 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

16.    Elan objects to Topic No. 16 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan also objects to Topic No. 16 to the extent that it seeks information regarding proprietary information and trade secrets of third parties, which Elan is contractually obligated not to disclose.

Elan further objects that the information sought by Topic No. 16 is unreasonably cumulative or duplicative.

Additionally, Elan objects that Topic No. 16 lacks temporal limitation and, as such, is overly broad and unduly burdensome.

17.    Elan objects to Topic No. 19 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

18.    Elan objects to Topic No. 20 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan objects to Topic No. 20 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

21.    Elan objects to Topic No. 21 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Elan objects to Topic No. 21 to the extent that it seeks information regarding "Particulate Composition Patents." Abraxis's definition of "Particulate Composition Patents" is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The patents at issue in this lawsuit are the '363 patent, the '025 patent, and arguably the '684 patent. The '363 patent claims is limited to anticancer agents, the '025 patent is limited to organic drug substances that are infused over time, and the '684 patent is limited to drug substances of less than 400 nanometers. Requiring Elan to testify concerning other patents in Elan's portfolio that do not meet the aforementioned parameters, would impose an undue burden on Elan that is not outweighed by any benefit to be derived by Abraxis from such testimony.

Dated: July 24, 2007

Respectfully submitted by,

ASHBY & GEDDES

*[signature]*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #2950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware  19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve, Esquire
Linda M. Glover, Esquire
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659 Telephone
(713) 229-2859 Facsimile
Steve.Scheve@bakerbotts.com
Linda.Glover@bakerbotts.com

Paul F. Fehlner, Esquire
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527 Telephone
(212) 408-2501 Facsimile
Paul.Fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625 Telephone
Sipz25@aol.com

NY02:591565.1

16