## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C. A. No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) ) | |

### DECLARATION OF ERIC C. PAI IN SUPPORT OF
### DEFENDANT ABRAXIS BIOSCIENCE, INC.'S REPLY BRIEF IN SUPPORT OF ITS
### MOTION TO COMPEL PRODUCTION OF DAMAGES DISCOVERY

I, Eric C. Pai, declare as follows:

1.     I am an attorney admitted to practice in the State of California, and I am admitted *pro hac vice* in the above-captioned action. I am an associate with the law firm of Morrison & Foerster LLP, attorneys for Abraxis BioScience, Inc. ("Abraxis") in the above captioned action. I submit this declaration in support of Abraxis's Reply Brief in Support of Its Motion to Compel Production of Damages Discovery. I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would competently testify thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of a letter from Elan to a third party bearing bates numbers ABRX-CHEM 0000007 – ABRX-CHEM 0000031, produced in this litigation.

3.     Attached hereto as Exhibit B is a true and correct copy of a letter from Eric Walters, counsel for Abraxis, to Linda Glover, counsel for Elan, dated May 31, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of September, 2007 in Palo Alto, California.

_____
Eric C. Pai

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on September 4, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on September 4, 2007, I caused a true and correct copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2

# EXHIBIT A



Justin Underwood
Assistant Counsel, IP
3500 Horizon Dr.
King of Prussia, PA 19406
**T (610) 313-7041 (direct)**
**E justin.Underwood@elan.com**
F (610) 313-5182

7 June 2007

ELAN PHARMA INTERNATIONAL LIMITED
Abraxis Bioscience, Inc.
076406.0108

BY CERTIFIED MAIL

Attn: Legal Department
ChemGenex, Inc.
34700 Campus Drive
Freemont, CA 94555

> Re:    Civil Action No. 06-438-*GMS*; *Elan Pharma International Limited v. Abraxis Bioscience, Inc.*; In the United States District Court; District of Delaware

Dear Sir or Madam:

Elan Pharma International Limited (Elan) is in a lawsuit against Abraxis Bioscience, Inc. (Abraxis). This lawsuit is pending in the District of Delaware and is titled *Elan Pharma International Limited v. Abraxis Bioscience, Inc.*, Civil Action No. 06-438-*GMS*. The judge in the lawsuit is the Hon. Gregory M. Sleet.

Under the Federal Rules of Civil Procedure Elan is required to produce documents in its care, custody, and control that are responsive to Abraxis's document requests. In connection, Abraxis has requested that Elan produce documents for which Elan may owe ChemGenex, Inc. a duty of confidentiality.

A protective order has been entered in this case that outlines procedures for requests of confidential documents, and a copy is enclosed. The protective order requires that Elan contact the non-parties to which Elan owes a duty of confidentiality to determine whether they are amenable to permitting disclosure of confidential information. Documents ultimately produced under protective order's terms will be marked with the designation "Restricted Confidential," which would limit disclosure of these documents only to:

(1)    Elan's and Abraxis's outside counsel and their authorized secretarial, clerical, and legal assistant staff;

(2)    the Court and Court personnel;

(3)    experts and their staffs (subject to additional terms of the protective order);

(4)    court reporters employed in connection with this action;

(5)    professional vendors; and

(6)    the document's author or preparer and anyone shown on the document as having received it.

*See* Stipulated Protective Order, ¶ 4.3, 4.2(a)-(f).



www.elan.com

DRUG DELIVERY

Elan Drug Delivery, Inc.
A member of the Elan Group

ABRX-CHEM0000007



- 2 -                                                                7 June 2007

Elan has identified documents within it care, custody, and control that may be responsive to Abraxis's document requests and that may be subject to a confidentiality obligation pursuant to a License, Agreement, Experimental Evaluation Agreement, Confidentiality Agreement, or other agreement between Elan and ChemGenex, Inc. These documents include the agreements themselves, as well as documents that concern Elan's work with certain compounds:

| Compound Name (if known) | ChemGenex, Inc. Code (if known) | Elan Code (if known) |
|---|---|---|
| Piposulfan | | |
| Camptothecin | | |

Please inform us if you are, or are not, amenable to permitting disclosure of the requested confidential information. You may use the enclosed form. If we do not receive a response after two weeks from the date of this letter we will assume ChemGenex, Inc. is not amenable to disclosure of the requested confidential information; Abraxis will then be notified that ChemGenex, Inc. is not willing to permit disclosure, and any documents withheld on the basis of Elan's confidentiality obligations will be entered on a separate index stating the reasons for withholding the documents and the person to whom the confidentiality obligation is owed. If ChemGenex, Inc. is willing to permit disclosure, Elan will then produce the documents in accordance with the protective order.

Sincerely,

Justin Underwood

Enclosures



DRUG DELIVERY

Elan Drug Delivery, Inc.
A member of the Elan Group

ABRX-CHEM0000008

Non-party Confidentiality Questionnaire

## NON-PARTY CONFIDENTIALITY QUESTIONNAIRE FOR
ChemGenex, Inc.

Re:    Civil Action No. 06-438-*GMS*; *Elan Pharma International Limited v. Abraxis Bioscience, Inc.*; In the United States District Court; District of Delaware

Please return questionnaire to:

Mr. Justin Underwood
610.313.5182 (Facsimile)

Mr. Justin Underwood
Assistant Counsel, IP
Elan Drug Technology
3500 Horizon Dr.
King of Prussia, PA 19406
610.313.7041 (Phone)

Elan is or is not permitted to disclose confidential documents under the terms of the Protective Order with respect to Agreements between Elan and ChemGenex, Inc. and the compounds as indicated (please select the appropriate response):

| Disclosure | | Documents or Information for |
|---|---|---|
| Yes | No | Agreement(s) and/or Compound(s) |
| ☐ | ☐ | Confidentiality Agreement dated 20 May 2000 |
| ☐ | ☐ | Subscription and Joint Development dated 20 April 2001 |
| ☐ | ☐ | License Agreement dated 20 April 2001 |
| | | |

| | | Compound Name (if known) | ChemGenex, Inc. Code (if known) | Elan Code (if known) |
|---|---|---|---|---|
| ☐ | ☐ | piposulfan | | |
| ☐ | ☐ | camptothecin | | |

For items marked "yes," Elan will provide Abraxis with responsive, non-privileged documents pursuant to the protective order and Federal Rules of Civil Procedure.

For items marked "no," Elan will provide Abraxis with a separate index stating the reasons for withholding the documents and the person to whom the confidentiality obligation is owed pursuant to the protective order.

For ChemGenex, Inc.:

_____     _____
Signature                                              Date

_____
Name (print)

ABRX-CHEM0000009

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELAN PHARMA INTERNATIONAL
LIMITED,

               Plaintiff,

    v.

ABRAXIS BIOSCIENCE, INC.,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 06-438-GMS

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between Elan Pharma International, Limited ("Elan") and Abraxis BioScience, Inc. ("Abraxis") that the following Stipulated Protective Order ("Protective Order") should be entered by the Court:

1. **Selected Definitions.**

    1.1  <u>Discovery Material</u>: all items or information that are produced in disclosures or responses to discovery. Discovery Material includes the record of any oral or written testimony given at any deposition, pre-trial hearing, trial or proceeding in this action, as well as all Documents or other materials produced, and any copies, abstracts, excerpts, analyses, summaries or other materials which contain, reflect or disclose any such testimony, documents, other materials or information.

    1.2  <u>Document</u>: shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

ABRX-CHEM0000010

1.3    Designated Material:  any Discovery Material that constitutes, reflects or discloses trade secrets or other confidential research, development, technical, financial, or commercial information within the scope of Federal Rule of Civil Procedure 26(c)(7).  Designated Material is either CONFIDENTIAL or RESTRICTED CONFIDENTIAL.  Any copies, abstracts, excerpts, analyses, summaries or other materials that contain, reflect or disclose information contained in Designated Material shall themselves be Designated Material and marked with the same designation as the underlying material.

1.4    CONFIDENTIAL:  Designated Material that is non-public and contains information the disclosure or further disclosure of which will result in clearly defined and serious injury to the party seeking protection.

1.5    RESTRICTED CONFIDENTIAL:  Designated Material that is non-public and is restricted confidential and sensitive material, including proprietary business information, confidential research, development, or commercial information, Trade Secrets (as defined in Paragraph 1.6), information deemed confidential by law or enforceable contractual obligation, marketing data, financial and sales information, or information implicating the party's privacy or the privacy of third parties.

1.6    Trade Secrets: information including a formula, pattern, compilation, program, device, method, technique or process that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1.7    Receiving Party: a party that receives Discovery Material.

2

ABRX-CHEM0000011

1.8     <u>Producing Party</u>:  a party or non-party that produces Discovery Material.

1.9     <u>Designating Party</u>:  a party or non-party that designates information, Documents, or items that it produces as CONFIDENTIAL or RESTRICTED CONFIDENTIAL.

1.10     <u>Outside Counsel</u>:  attorneys who are not employees of a party.

1.11     <u>In-House Counsel</u>:  attorneys who are employees of a party.

1.12     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party to serve as an expert witness or as a consultant.

1.13     <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.14     <u>Final Termination of this Action</u>:  the date of:  (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal following a final order disposing of this case.

2.     **Scope Of Protection.**

2.1     <u>Generally</u>.  This Protective Order shall govern all Discovery Material.

2.2     <u>Applies To All Parties And Non-Parties</u>.  This Protective Order shall apply to the parties.  A non-party from whom discovery is sought may elect to agree to the protections and be bound by the procedures in this Protective Order.

ABRX-CHEM0000012

3.    **Designation.**

3.1    <u>Right To Designate</u>.  Each party and non-party shall have the right to designate as CONFIDENTIAL or RESTRICTED CONFIDENTIAL any Discovery Material meeting the definitions set forth in paragraphs 1.4, 1.5, and/or 1.6.

3.2    <u>Related Documents</u>.  Information designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall include:  (a) all Documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such Documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such Documents, copies, extracts, or summaries; and (d) testimony taken in a deposition, hearing, or other proceeding that is designated in accordance with Paragraph 3.3(b).

3.3    <u>Manner And Timing Of Designations</u>

(a)    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings).  All Designated Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL."  All Designated Material shall be marked before being sent to any Receiving Party, or if inadvertently produced without such legend, by furnishing written notice to the Receiving Party that the information shall be considered CONFIDENTIAL or RESTRICTED CONFIDENTIAL under this Protective Order.  Where it is not possible to affix a legend to particular Designated Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of its status as Designated Material.  Where computer storage media has been marked as Designated Material and the files on it not individually bates numbered or identified as Designated

ABRX-CHEM0000013

Material, all files contained therein shall themselves be Designated Material and marked with the same designation as the computer storage media.

(b)    For testimony given in deposition or in other pretrial or trial proceedings. A party's or non-party's counsel may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as CONFIDENTIAL or RESTRICTED CONFIDENTIAL. A party or non-party's counsel may also invoke on the record (before the deposition or proceeding is concluded) a right to have up to ten (10) days after receipt of a deposition or hearing transcript to identify specific portions of the testimony as to which protection is sought. Each transcript in its entirety shall be treated as having been designated RESTRICTED CONFIDENTIAL until the expiration of this ten (10) day review period, and neither the transcript nor the content of any testimony shall be disclosed by a non-Designating Party to persons other than those persons approved according to Paragraphs 4.2 through 4.5.

Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," as instructed by the party or non-party.

(c)    For information produced in some form other than documentary, and for any other tangible items. The Producing Party shall affix in a prominent place on the exterior of the container in which the information or item is stored the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as CONFIDENTIAL or RESTRICTED CONFIDENTIAL.

ABRX-CHEM0000014

(d)     For inspections.  Where Discovery Material is produced for inspection before being sent to the Receiving Party, the Producing Party shall have the right to have persons present in the inspection room at all times during the Receiving Party's inspection.  If the Producing Party does have a person present in the inspection room, another room nearby shall be set aside for the Receiving Party's counsel to confer.  All Discovery Material produced for inspection and the information contained therein shall be treated by the Receiving Party as RESTRICTED CONFIDENTIAL prior to the Receiving Party's receipt of copies of the material.  Upon such receipt of copies, the designation indicated on the copy, if any, shall be the operative designation.

(e)     For materials produced prior to entry of this Protective Order.  Prior to the date that this Order is entered, any Discovery Material produced and marked with any confidentiality designation shall be considered RESTRICTED CONFIDENTIAL unless otherwise agreed by the parties.

3.4     Inadvertent Failure to Designate.  An inadvertent failure to designate Discovery Material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL does not, standing alone, waive the Designating Party's right to secure protection for such material.  If material is appropriately designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL after the material was initially produced, the Receiving Party, on timely notification of the designation, must treat the material in accordance with this Protective Order including retrieving all copies and excerpts of any re-designated Discovery Material from persons not entitled to receive it.

4.     **Limit On Use And Disclosure Of Designated Material.**

4.1     Basic Principles.

(a)     No person shall use Designated Material for purposes other than the prosecution or defense of this action.  No person shall use Designated

ABRX-CHEM0000015

Material for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application, interference, or request for re-examination.

(b)    The attorneys of record for the parties and other persons receiving Designated Material shall exercise reasonable care to ensure that the Designated Material is: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

(c)    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Designated Material, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the Producing Party.

(d)    Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2    <u>Disclosure Of CONFIDENTIAL Material</u>.  Discovery Material designated CONFIDENTIAL shall not be given, shown, disclosed or made available in any way to any person other than:

(a)    Outside Counsel of record for the respective parties and their authorized secretarial, clerical and legal assistant staff, specifically: Morrison & Foerster LLP; Young Conaway Stargatt & Taylor, LLP; Baker Botts LLP; Ashby & Geddes; and William J. Sipio;

(b)    the Court and Court personnel;

(c)    Experts and their staffs, subject to the additional terms of Paragraphs 6.1 through 6.3;

(d)    court reporters employed in connection with this action;

ABRX-CHEM0000016

(e)    Professional Vendors;

(f)    the author or preparer of such Discovery Material and anyone shown on the item as having received it;

(g)    Two Abraxis In-House Counsel designated herein, specifically:  Richard Maroun and Rahsaan Thompson.

(h)    Two Elan In-House Counsel designated herein, specifically:  Gregory Bokar and Rick Collier.

(i)    Up to two additional employees of either party, subject to the additional terms of Paragraphs 7.1 and 7.2.

4.3    <u>Disclosure Of RESTRICTED CONFIDENTIAL Material</u>. Discovery Material designated RESTRICTED CONFIDENTIAL shall not be given, shown, disclosed or made available in any way to any person other than to those categories of individuals listed in Paragraphs 4.2(a) through 4.2(f).

4.4    <u>Disclosure Of Party's Own Documents</u>.  A party or non-party may disclose its own Designated Material to any person as it deems appropriate.

4.5    <u>Agreement Of Confidentiality</u>.  Except for the individuals listed in Paragraphs 4.2(a), 4.2(b), 4.2(d), and 4.2(f), all persons to whom Designated Material is disclosed shall be informed of and agree to be bound by the terms of this Protective Order.  Prior to disclosure of Designated Material to any such person, the person shall execute a written acknowledgment, substantially in the form of Exhibit A annexed hereto.  Prior to dissemination by a Receiving Party of any Designated Material to any such person, the disseminating party shall obtain and maintain a copy of this Protective Order and Agreement evidencing that such person has executed the undertaking set out above.

4.6    <u>Duty To Notify Regarding Inappropriate Disclosure</u>.  If Designated Material is disclosed to any person other than in the manner authorized

ABRX-CHEM0000017

by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosures and retrieve the Designated Material and prevent disclosure by each unauthorized person who received such information.

4.7    Proposed Disclosures To Unauthorized Persons.  In the event that a party deems it necessary to disclose any Designated Material to any person not specified in Paragraphs 4.2 and 4.3 (the "Proposed Disclosure"), that party shall notify counsel for the Producing Party in writing of:  (a) the Designated Material sought to be disclosed; and (b) the person(s) to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent written permission of the Producing Party, unless the party wishing to disclose, after reasonable notice, obtains an Order from this Court permitting the Proposed Disclosure.  Counsel shall obtain from all persons to whom disclosures are made pursuant to this paragraph a written acknowledgment, substantially in the form of Exhibit A annexed hereto.

5.    **Designated Material Subpoenaed Or Ordered Produced In Other Litigation.**

5.1    Duty to Notify Producing Party.  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Designated Material, the Receiving Party must notify the Producing Party in writing immediately, and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

5.2    Duty to Notify Third Party.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a

ABRX-CHEM0000018

copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

       5.3    Purpose.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**6.**    **Disclosure To And Identification Of Experts.**

       6.1    Application and Scope.  Paragraphs 6.2 and 6.3 only apply when a party seeks to disclose the other party's or a non-party's Designated Material to any Expert.  These provisions shall not apply if there is no contemplated disclosure of another party's or a non-party's Designated Material to an Expert.

       6.2    Identification.  If any party desires to disclose Designated Material to any Expert, it must first identify each Expert to the Producing Party's attorneys in writing.  Such identification shall include: (1) the proposed Expert's full name, professional address, and professional affiliations; (2) an up-to-date curriculum vitae identifying the past five years of consulting history; and (3) a list of the cases in which the Expert has testified at a deposition or at trial within the last five years.

       6.3    Objection To Disclosure.

          (a)    Objection.  The attorney for the Producing Party shall have ten (10) business days from receipt of such notice to object to such disclosure, during which time no such disclosure shall be made.

          (b)    Meet and Confer.  If the Producing Party does object to the proposed disclosure, the parties shall meet and confer within ten (10) business days of receipt of such objection to resolve the disagreement.

ABRX-CHEM0000019

(c)    Judicial Resolution. If the parties are not able to come to an agreement, the Receiving Party shall have the burden of moving the Court for an order allowing the disclosure. The Producing Party shall have ten (10) business days after the Receiving Party has filed a motion to respond. If such a motion is filed, disclosure shall not be made until the Court has ruled on the motion and response. If the Court orders disclosure, such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of this Protective Order regarding disclosure to any other person.

7.    **Disclosure To And Identification Of Party-Employees.**

7.1    Identification. If any party desires to disclose CONFIDENTIAL Material of another party to an employee under sub-paragraph 4.2(i), it must first identify such employee to the Producing Party's attorneys in writing. Such identification shall include the proposed employee's: (1) full name and professional address; and (2) current job title and job description.

7.2    Objection To Disclosure.

(a)    Objection. The Producing Party shall have ten (10) business days from receipt of such notice to object to such disclosure, during which time no such disclosure shall be made. In addition, no disclosure will be made unless and until the Producing Party consents in writing to such disclosure or the Court issues an order permitting such disclosure.

(b)    Meet and Confer. If the Producing Party objects to the proposed disclosure, the parties shall meet and confer within ten (10) business days of receipt of such objection to resolve the disagreement.

(c)    Judicial Resolution. If the parties are not able to come to an agreement, the Receiving Party shall have the burden of moving the Court for

ABRX-CHEM0000020

an order allowing the disclosure. The Producing Party shall have ten (10) business days after the Receiving Party has filed a motion seeking disclosure to respond. If the Court issues an order permitting disclosure, such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of this Protective Order regarding disclosure to any other person.

8.    **Attendance At Depositions.**

The parties agree to follow Delaware Local Rule 30.3.

9.    **Documents Filed Under Seal.**

Designated Material, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects or includes any Designated Material shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend ("CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL"), and a statement substantially in the following form, in bold-face, large-type font:

> **This envelope contains materials subject to a Protective Order of the Court. It should be opened only by the Court. It shall not be made part of the public record or docket and its contents shall not be disclosed, displayed or revealed to the public, or otherwise made public, except pursuant to order of this Court or written agreement of the parties.**

10.    **Challenge To Confidentiality.**

10.1   <u>Generally.</u> This Protective Order shall not preclude any party from seeking such additional protection with respect to the confidentiality of documents or other discovery materials. Nor shall any party be precluded from:

ABRX-CHEM0000021

(a) claiming that any Designated Material is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (c) applying for an order modifying this Protective Order. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

10.2  Procedure For Challenges.  At any time, the Receiving Party may notify the Designating Party, in writing, of its objection to the designation applied to any Designated Material.  In the event that there is a disagreement as to whether the material has been properly designated, the following procedure shall be utilized:

(a)  Meet And Confer.  The parties shall meet and confer within ten (10) business days of receipt of such objection to resolve the disagreement.

(b)  Judicial Resolution.  If such negotiation fails to resolve the dispute, the Receiving Party shall have the burden of moving the Court for an order terminating the designation.  Designated Material shall retain its CONFIDENTIAL or RESTRICTED CONFIDENTIAL status until such time as:  (1) the parties expressly agree otherwise in writing; or (2) this Court enters an order reclassifying such material or stripping it of its CONFIDENTIAL or RESTRICTED CONFIDENTIAL status, and the time to seek review of such order has expired, no appeal having been taken; or in the event review is sought, the District Court or an appellate court has completed its review and rendered a final decision on the matter.

11.  **Discovery Material Subject To Confidentiality Agreement With Third-Party.**

A party may be requested to produce to another party Discovery Material subject to contractual or other obligations of confidentiality owed to a non-

ABRX-CHEM0000022

party. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Protective Order. If the non-party is willing to permit disclosure, the documents shall be produced in accordance with this Protective Order. If the non-party is not willing to permit disclosure, the Requesting Party shall be notified and any documents withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation of confidentiality is owed. This Protective Order shall not preclude any party from moving the Court for an order compelling production of such material.

12.    **Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

The parties are expected to produce substantial quantities of documents and items in this case, which may result in an inadvertent disclosure of information, Documents, or items subject to claims of protection under the attorney-client privilege, work product doctrine, or other doctrines or privileges of nondisclosure ("assertedly privileged material"). Within 45 days after the Producing Party actually learns of an inadvertent disclosure, the Producing Party may notify in writing the Receiving Party that said production was inadvertent and demand the return of the assertedly privileged material. On such timely demand, the Receiving Party shall retrieve and return all copies of such information, Documents and/or things to the Producing Party within 5 business days of receipt of such notice and shall not further disclose or use the information contained in such items for any purpose until order of the Court. If the Producing Party demands the return of the assertedly privileged material within this 45-day grace period, the disclosure of the assertedly privileged material shall be deemed inadvertent. After the 45-day grace period, any demand for

ABRX-CHEM0000023

return of inadvertently produced assertedly privileged material shall be governed by the procedures and standards of the applicable case law.

**13.     Return Of Designated Material.**

13.1     <u>Duty to Return Designated Material</u>.  Within 30 days of Final Termination of this Action, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each party shall assemble and return, or certify destruction of, all Designated Material to the Producing Party.  The Receiving Party shall notify the Producing Party of compliance in writing.  The Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Protective Order from any person to whom such information has been given, and shall notify the Producing Party of any failure to retrieve any such information.  Such notification shall include a detailed description of any document or item not returned or destroyed, and its whereabouts.  Nothing in this Paragraph shall preclude Outside Counsel of record specified in Paragraph 4.2(a) from retaining one copy of: (a) pleadings, motions, and memoranda filed with the Court; and (b) hearing and trial transcripts and exhibits admitted therein; provided, however, that such counsel may not disclose retained materials which contain Designated Material to any other person and shall keep such retained materials in a manner reflecting their confidential nature.  This paragraph does not require Outside Counsel to purge any e-mail systems or back-up storage media.

13.2     <u>Duration</u>.  After Final Termination of this Action, the restrictions on the communication and/or disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Material was disclosed.  The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

**14.     Conflict With Prior Agreements Or Local Rules.**

To the extent the terms of this Protective Order conflict with any

ABRX-CHEM0000024

Local Rule or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern.

### 15.    Waiver, Modification And Termination.

No part of the restrictions imposed by this Protective Order may be modified, waived or terminated, except by written stipulation executed by counsel of record for each Designating Party, or by an order of the Court.

### 16.    Miscellaneous.

Entering into, agreeing to, producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

(a)    operate as an admission by any party that any Designated Material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL by any other person contains or reflects trade secrets or any type of confidential information;

(b)    reduce in any way the rights of the parties or nonparties from whom discovery may be sought to object to requests for discovery or to the production of documents that they consider not subject to or privileged from discovery, or operate as an admission by any party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular Designated Material;

(c)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence that is subject to this Protective Order;

(d)    prejudice in any way the rights of a party to seek a determination by the Court whether any Designated Material should be subject to the terms of this Protective Order;

ABRX-CHEM0000025

(e)     prejudice in any way the rights of a party or other producing person to petition the Court to amend this Protective Order or enter a further order relating to any Designated Material or other Discovery Material; or

(f)     prevent the parties from agreeing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular Designated Material or other Discovery Material.

Dated: _____

IT IS SO ORDERED.

_____
Honorable Gregory M. Sleet
United States District Court Judge

ABRX-CHEM0000026

Dated:_____, 2006    By: _____

Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672 Telephone
jingersoll@ycst.com
enorman@ycst.com

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone
(415) 268-7522 Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone
(650) 494-0792 Facsimile
EEvans@mofo.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

ABRX-CHEM0000027

Dated:_____, 2006

By: /s/ Tiffany Geyer Lydon (I.D. #3950)

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Stephen Scheve (*pro hac vice*)
Linda Glover (*pro hac vice*)
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-1659
Fax: (713) 229-2859
Steve.Scheve@bakerbotts.com

Paul F. Fehlner (*pro hac vice*)
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527
Fax: (212) 408-2501
Paul.Fehlner@bakerbotts.com

William J. Sipio (*pro hac vice*)
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625 Telephone
sipz25@aol.com

Attorneys for Plaintiff
ELAN PHARMA INTERNATIONAL
LIMITED

DB02:5670853.1

19

ABRX-CHEM0000028

<u>EXHIBIT A</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | Case No.   06-438-GMS |
| Plaintiff, | ) ) ) | **AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER** |
| v. | ) ) | |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) ) | |

I have read and am fully familiar with the terms of the stipulated Protective Order entered on _____, 2006 in the above-captioned litigation.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.   I agree that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of ensuring compliance with this stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare the foregoing under penalty of perjury.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                        [signature]

DB02:5670853.1

20

ABRX-CHEM0000029

**MKipp**

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Friday, December 15, 2006 4:22 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00438-GMS Elan Pharma International Limited v. Abraxis Bioscience Inc. Proposed Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Norman, Elena on 12/15/2006 at 4:21 PM EST and filed on 12/15/2006
**Case Name:**        Elan Pharma International Limited v. Abraxis Bioscience Inc.
**Case Number:**     1:06-cv-438
**Filer:**                  Abraxis Bioscience Inc.
**Document Number:** 33

**Docket Text:**
PROPOSED ORDER Stipulated Protective Order by Abraxis Bioscience Inc.. (Norman, Elena)

**1:06-cv-438 Notice has been electronically mailed to:**

Steven J. Balick     sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, tlydon@ashby-geddes.com

John G. Day     jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Emily A. Evans     Eevans@mofo.com

Josy W. Ingersoll     jingersoll@ycst.com, cglover@ycst.com, corpcal@ycst.com, corporate@ycst.com

Michael A. Jacobs     mjacobs@mofo.com

Tiffany Geyer Lydon !     tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Elena C. Norman     enorman@ycst.com, corpcal@ycst.com, corporate@ycst.com

12/18/2006

ABRX-CHEM0000030

**1:06-cv-438 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/15/2006] [FileNumber=317644-0
] [ac1f358d40b0a1e2286eb5c7b5581b0e6ba6e84b7499dbc2f964e5f2805ae0c011f
cb3497cbfdc14f21e0c2b7423efb5e8cb23b0f7f741746215ac386fc8b685]]

12/18/2006

ABRX-CHEM0000031

# EXHIBIT B

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE:650.813.5600
FACSIMILE:650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 31, 2007

Writer's Direct Contact
650.813.5865
EWalters@mofo.com

*By Electronic Mail and U.S. Mail*

Linda M. Glover
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston TX  77002-4995

Re:    *Elan Pharma International Limited v. Abraxis BioScience, Inc.*

Dear Linda:

Thank you for your letter of May 25, 2007 regarding the parties' telephonic meet and confer sessions on May 24th and 25th.  I appreciate the effort to summarize our discussions to ensure we are on the same page.  To further that effort, this letter will clarify the record regarding several instances where your account is incomplete or inaccurate.

Thank you for confirming that the addendum to the Protective Order regarding attorneys involved in patent prosecution is acceptable to Elan.  As discussed on May 24th, Abraxis is in the process of developing a written proposal for modifications to the Protective Order to address additional provisions for protecting Abraxis's manufacturing information and expects to have this to you shortly.

Elan requested that we identify 30(b)(6) witnesses and dates as quickly as possible, and we are endeavoring to do so.

During the May 24th call, we requested that Elan produce the "box" of agreements it told us recently it had found.  Although during previous meet and confers you indicated that Elan would be producing these agreements, you have now informed us that *all* of these agreements are confidential, and that you will not be producing them.  In addition, you have stated that you are unwilling to provide us with copies of correspondence with the third parties regarding the third parties' alleged assertions of confidentiality.  You also have declined to produce many of the applicable confidentiality agreements, claiming that they are themselves confidential.  On May 24th, you acknowledged that Elan's confidentiality log is deficient, an issue we have been raising for weeks, but declined to commit to a date certain by which you would provide an updated log.  The parties have been at an impasse for some

pa-1170198

Linda M. Glover
May 31, 2007
Page Two

time on Elan's handling of confidential documents, which will require resolution by the
Court or special master.

**Elan's Deficient Interrogatory Responses**

On May 24th, we reiterated the concerns, detailed below, regarding deficiencies in Elan's
interrogatory responses, that we had raised in the past. During earlier meet and confer
sessions, Elan had promised that it would supplement its interrogatory answers on May 21st
(before the hearing with Judge Sleet) to address the deficiencies we had identified in these
responses, but then did not do so, instead adding only *two footnotes* that did nothing to cure
the deficiencies. During the call, we discussed in detail the deficiencies we had identified in
these responses, and we have set out our concerns again in detail below.

Elan took these concerns under advisement during the May 24th call, and we scheduled a
follow-up call the following morning to discuss Elan's position. During the May 25th call,
Elan said that it will supplement its responses but hedged those statements by saying it will
only do so "in accordance with applicable case law." Elan declined to tell us whether it
would provide the specific information we had requested, and said that under its view of the
applicable law, it was not obligated to identify the facts and evidence supporting its
contentions. After some discussion, Elan did agree to identify the documents that supported
its contentions. We explained that while this was necessary, it was not sufficient: merely
providing a list of documents is not a substitute for Elan explaining its contentions and the
factual basis for them.

Despite repeated requests by Abraxis for Elan to commit to provide the information set forth
above, Elan has still not committed to doing so. Since Elan has been representing for months
that it would supplement its interrogatories and has had more than sufficient time to do so,
we do not believe another two week extension to supplement the responses is warranted. We
request that Elan agree to provide the information requested below by no later than June 4th.

Elan's Response to Abraxis's First Interrogatory.

As you know, Abraxis propounded its First Interrogatory in November of last year seeking
Elan's infringement contentions and the evidence upon which Elan relies. More than six
months later, Elan has still not yet provided Abraxis with enough information to understand
Elan's positions. First, Elan still has not provided Abraxis with many of its contentions,
despite the fact that the close of discovery is roughly two months away. For example:

- Elan's infringement chart is still silent as to allegations that Abraxis directly infringes
  the '025 patent. Instead, Elan's chart only states that "Abraxis instructs others to
  reconstitute and intravenously administer Abraxane." Such an allegation, however,

Linda M. Glover
May 31, 2007
Page Three

only relates to a claim of indirect, as opposed to direct infringement. If Elan intends
to argue that Abraxis directly infringes the '025 patent, Elan must provide those
contentions immediately.

- Elan has still not provided a coherent explanation of how Abraxis induces doctors to
  infringe the 10 mg/min limitation of the '025 patent.

- Elan added a conclusory assertion that, "on information and belief," an unknown
  intermediate product may infringe. But Elan cites fails to give any applicable
  contentions for that belief.

- Elan also alleges infringement under the doctrine of equivalents generally, but Elan's
  infringement chart only has one doctrine of equivalents contention (that human
  albumin is equivalent to the claimed bovine serum albumin).

Second, Elan's response is also inadequate because Elan has not identified the documents
and evidence it relies upon for the contentions Elan has disclosed. For example:

- Elan's only support for its allegation that Abraxane meets the crystalline limitation of
  the patents is a single citation to the Abraxane package insert, which only refers to the
  physical state of paclitaxel as a raw material. When we asked Elan to provide more
  factual support for its contention during a previous meet and confer, you mentioned
  that this information is either protected by privilege, or is the province of experts,
  which you stated that you would not disclose until reports were due.

- Elan has not identified a single piece of evidence for its contention that an
  intermediate product infringes.

- Other than a citation to Abraxane's label, Elan has not provided any factual support
  for its contention that Abraxis induces doctors to infuse Abraxane at the rate claimed
  by the '025 patent.

Abraxis needs Elan's contentions and support so we can prepare for depositions, conduct
follow-up discovery, and test the basis of Elan's allegations--in short, we need to know what
Elan intends to argue at trial to adequately prepare our defense.

Elan's Response to Abraxis's Second Interrogatory.

Again, Elan's response to this Interrogatory does not provide enough information for Abraxis
to understand Elan's indirect infringement contentions. First, Elan's contentions remain
inadequate. For example, Elan hasn't told us for what time periods it alleges indirect

Linda M. Glover
May 31, 2007
Page Four

infringement, as it should. Where Elan has given us its contentions, it provides no
evidentiary support. For many of its contentions, Elan merely parrots the language of the
case law, stating, for example, that "Abraxis knew or should have known that reconstituted
Abraxane infringes the '363 patent," without any support or explanation. As another
example, Elan alleges that "Abraxis knew or should have known that reconstituted Abraxane
includes crystalline paclitaxel," again without any support.

Moreover, Elan's reliance on Rule 33(d) continues to be misplaced. For example, neither
Abraxane's label nor NDA 21-660 is a business record of Elan, as required by Rule 33(d).
Moreover, Elan's reference to a document that is over one hundred thousand pages long does
not meet the Rule's requirement that "[a] A specification shall be in sufficient detail to
permit the interrogating party to locate and to identify, as readily as can the party served, the
records from which the answer may be ascertained." Fed. R. Civ. P. 33(d). More
importantly, a reference to documents tells us nothing about what Elan is contending.

Please correct these deficiencies immediately, or advise if Elan is unwilling to do so.

Elan's Response to Abraxis's Third Interrogatory.

Despite the fact that this Interrogatory has been outstanding for over six months, Elan still
has not provided any substantive response to it. For example, Elan still has not provided any
information regarding:

- Dates or circumstances of conception, design, development

- Actual reduction to practice

- First written description

- First disclosure to others

- First offer for sale

- First public use

This information is critical to Abraxis's section 102 and 103 defenses. Moreover, Elan is in
sole possession of this information.

Elan's identification of some laboratory notebooks and other documents relating to these
contentions is not a proper use of Rule 33(d), as the notebooks and other documents in no
way provide us with the information sought. For example, Elan's notebooks have nothing to
do with the first disclosure to another, first offer for sale, or first public use. Nor do these

Linda M. Glover
May 31, 2007
Page Five

documents tell us Elan's contentions as to conception, reduction to practice or first written description of the inventions claimed. Saying "go fish" is not a proper response.

Please supplement this interrogatory immediately, or advise if Elan is unwilling to do so.

Elan's Response to Abraxis's Fourth Interrogatory.

Again, Elan cites almost no evidence in support of its contentions. Moreover, despite the fact that Elan objects to this very interrogatory on the grounds that the two patents-in-suit are "separate and distinct from one another," Elan's sole support for its contention that Abraxis knew of the '025 patent is based on alleged knowledge of the '363 patent. Please correct these deficiencies.

Elan's Response to Abraxis's Fifth Interrogatory.

Elan has failed to adequately explain its contention, or identify a single document that supports its contention that it has suffered irreparable harm and is entitled to temporary, preliminary, and/or permanent injunctive relief. For example, although Elan states that Abraxis's *nab* technology may "seriously undermine[] Elan's ability to market and license its NanoCrystal technology," Elan has not explained how, and has yet to cite a single document or other piece of evidence to support this conclusory statement.

Please update your response to provide the support for Elan's contentions, or let us know if you do not plan to do so.

Elan's Response to Abraxis's Sixth Interrogatory.

Elan has not explained its damages contentions, or identified a single piece of evidence that support its contention that it is entitled to damages. This is plainly deficient, and makes it impossible for Abraxis to conduct damages discovery. Please provide us with this information, or advise if you are unwilling to do so.

Elan's Response to Abraxis's Seventh Interrogatory.

Elan has failed to identify any communications concerning the patents-in-suit and the '684 patent, including any allegations of non-infringement, invalidity or unenforceability. Nor has it provided any information regarding offers for licenses of these patents. Instead, Elan provides a short list of licensees,[1] but again fails to provide the requested information

---

[1] Even Elan's list of licensees is clearly incomplete, as it has disclosed numerous "licensees" that it has withheld documents under the Protective Order for that it has not listed in its response.

Linda M. Glover
May 31, 2007
Page Six

regarding communications with those companies, the date and form of communication, or the individuals who communicated regarding the licenses.

Please provide this responsive information in Elan's next supplement, or let us know if Elan does not plan to include the requested information.

**Abraxis's Document Production**

During the parties' meet and confers, Abraxis stated its commitment to producing various categories of documents in a timely manner. As a preliminary matter, Abraxis disagrees with Elan's contention that Judge Sleet compelled Abraxis to produce all of the categories of documents listed on page 2 of Elan's letter. Regardless, Abraxis will be producing certain documents identified in the following categories below.

Call detail reports

Abraxis recently discovered certain call reports that may be responsive to Elan's requests are in the possession of a third party vendor. Pursuant to Abraxis's previous commitments, Abraxis will produce the monthly summaries from the vendor and underlying call reports to the extent that they deal with infusion rates or hemodynamic effects.

As Abraxis stated during the parties' meet and confers, Abraxis is in the process of collecting these documents from the third party vendor. Abraxis has already received certain documents from the vendor, and will produce these as soon as possible. Abraxis also informed Elan, however, that is still in the process of collecting more potentially responsive call reports from the vendor. As Abraxis receives more of these documents, it will produce the responsive call reports as soon as possible.

Internal communications to and from sales force and detail personnel

Abraxis is currently in the process of reviewing its electronic documents. Abraxis will continue to produce these communications, to the extent that they deal with issues relevant to this case--for example, Abraxane infusion rates and hemodynamic effects.

Abraxis notes that although it was willing to agree to a date certain for completion of both parties' electronic production, Elan was unwilling to do so, as it confirmed in an email to Diana Kruze, dated May 25, 2007.

Linda M. Glover
May 31, 2007
Page Seven


Marketing Materials

We disagree with your statements regarding marketing plans, but as discussed during the
meet and confer, in addition to the marketing materials that Abraxis has already produced,
Abraxis will also produce the Abraxane annual marketing plans.  Moreover, Abraxis will
produce any additional marketing documents found in email or electronic form, to the extent
they are relevant, for example, those dealing with infusion rates or hemodynamic effects.

Post-approval studies and communications with CROs

Abraxis has already produced thousands of pages of documents of post-approval studies and
communications with CROs.  As Abraxis stated during the parties' meet and confers, we are
reviewing emails and will produce relevant post-approval studies and communications with
CROs as soon as possible.

Documents underlying certain call detail reports

To the extent that they have not already been produced, Abraxis will produce the documents
referenced in ABRX 0172226-46 no later than Friday, June 1, 2007.

Laboratory notebooks

We are in receipt of your letter of May 29, 2007 regarding Abraxis's production of
laboratory notebooks and expect to get back to you shortly with a response.

Best regards,

Eric S. Walters