# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | )    **REDACTED** |
| | )    **PUBLIC VERSION** |
| | ) |
| Plaintiff, | )    C.A. No. 06-438-GMS |
| | ) |
| v. | ) |
| | ) |
| ABRAXIS BIOSCIENCE, INC., | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF LINDA M. GLOVER IN SUPPORT OF PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S ANSWERING BRIEF TO DEFENDANT ABRAXIS BIOSCIENCE, INC.'S FURTHER MOTION TO COMPEL PRODUCTION OF DAMAGES DISCOVERY

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625

Dated: August 30, 2007

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 06-438-GMS |

### DECLARATION OF LINDA M. GLOVER IN SUPPORT OF
### PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S ANSWERING BRIEF TO
### DEFENDANT ABRAXIS BIOSCIENCE, INC.'S FURTHER MOTION TO COMPEL
### PRODUCTION OF DAMAGES DISCOVERY

I, Linda M. Glover, hereby declare as follows:

1.      I am an attorney licensed to practice in the State of Texas, and I am admitted *pro hac vice* to practice in the above-captioned matter. I am an associate with the law firm of Baker Botts L.L.P., attorneys for Plaintiff Elan Pharma International Limited in the above-captioned matter. I submit this Declaration In Support Of Plaintiff Elan Pharma International Limited's Answering Brief To Defendant Abraxis BioScience, Inc.'s Motion To Further Compel Production Of Damages Discovery. I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would competently testify thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Declaration Of Jacqueline Lowe.

3.      Attached hereto as Exhibit 2 is a true and correct copy of Abraxis BioScience Inc.'s Fourth Set Of Requests For Production [Nos. 137-145].

4.      Attached hereto as Exhibit 3 is a true and correct copy of the Declaration Of Christian M. Bauer.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's Objections And Responses To Abraxis's Fourth Set Of Requests For Production [Nos. 137-145].

6.      Attached hereto as Exhibit 5 is a true and correct copy of the Declaration Of Svai Sanford.

Pursuant to 28 U.S.C. § 1746, I affirm and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

Executed this 30th day of August 2007 in Houston, Texas.


Linda M. Glover

# Exhibit   1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                                    §
INTERNATIONAL LIMITED,                         §
                                               §
        Plaintiff,                             §
                                               §
    v.                                         §          Case No. 06-438-GMS
                                               §
ABRAXIS BIOSCIENCE, INC.,                      §
                                               §
        Defendant.                             §

**DECLARATION OF JACQUELINE LOWE IN SUPPORT OF PLAINTIFF ELAN PHARMA
INTERNATIONAL LIMITED'S ANSWERING BRIEF TO
DEFENDANT ABRAXIS BIOSCIENCE, INC.'S FURTHER MOTION TO COMPEL
PRODUCTION OF DAMAGES DISCOVERY**

        I, Jacqueline Lowe, hereby declare and affirm under penalty of perjury subject to

28 U.S.C. Section 1746 as follows:

        1.      I am employed by Baker Botts L.L.P. ("Baker Botts") as a Paralegal.  I

have been employed by Baker Botts since October 6, 2004.  In my capacity as a Paralegal, I have

access to and an understanding of relevant facts and information relating to, among other things,

documents produced by Elan Pharma International Limited ("Elan"), Abraxis BioScience, Inc.

("Abraxis"), and third parties in the above-captioned matter as Baker Botts is lead counsel for

Elan.  I make this Declaration based upon my own personal knowledge and upon due and

reasonable inquiry.

        2.      On August 14, 2007, I received a copy of a computer disk produced by

Abraxis to Elan.  Upon due and reasonable inquiry, I understand the documents on the disk to

include licenses and agreements among and between Elan and certain third-parties, which had

been produced to Abraxis by certain of such third-parties, pursuant to subpoenas served on the

third-parties by Abraxis.   My review of the licenses and agreements reveals that they are

unredacted. It is my further understanding that, accordingly, the below Bates ranges include

unredacted Elan and third-party agreements and licenses in the current possession of Abraxis:



REDACTED

3.    In addition to documents subpoenaed by Abraxis, Elan produced to

Abraxis Elan's third-party agreements and licenses

REDACTED

It is my further understanding that, accordingly, the below

Bates ranges include Elan's third-party agreements and licenses in the current possession of

Abraxis.

| | |
|---|---|
| ELANP0005166 | ELANP0005344 |
| ELANP0035389 | ELANP0038201 |
| ELANP0038281 | ELANP0038295 |
| ELANP0279680 | ELANP0280084 |
| ELANP0312313 | ELANP0314522 |

FURTHER AFFIANT SAYETH NOT.

Jacqueline Lowe

# Exhibit  2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-438-GMS ) |
| ABRAXIS BIOSCIENCE, INC., | ) ) |
| Defendant. | ) ) ) |

## ABRAXIS'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 137-145)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Abraxis BioScience, Inc. ("Abraxis") requests that Plaintiff Elan Pharma International Limited ("Elan") produce the requested documents and serve a written response within 30 days after service.

## INSTRUCTIONS

1.     If you withhold any portion of a requested document from production under a claim of privilege or other protection, please provide a list of withheld documents or portions thereof indicating, for each document, the following information: (1) date prepared or sent; (2) author; (3) number of pages; (4) number of copies made; (5) identify of all persons who saw the original or saw or received a copy, and each person's job title; (6) identity of all persons to whom the content of the document was disclosed, and each person's job title; (7) subject matter; and (8) basis for any privilege claim. Notwithstanding the assertion of any objections, any purportedly privileged document containing non-privileged matter shall be disclosed with the purportedly privileged portion excised.

## DEFINITIONS

A.  "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons Corp., NanoSystems, LLC, and Elan Corporation, PLC.

B.  "Elan" means Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC).

C.  "Agreement" or "Agreements" mean any contract (written or oral), including any amendments or modifications.

D.  "Patents-In-Suit" means U.S. Patent Nos. 5,399,363 and 5,834,025.

E.  "'684 Patent" means U.S. Patent No. 5,145,684.

F.  "Previous Owners" means any person or entity who was an owner or assignee of one or more of the Patents-In-Suit, the '684 Patent, or any of the patent applications from which those patents claim priority benefit, including the named inventors, Sterling Winthrop, Inc., Eastman Kodak Company, Particulate Prospects Corp., NanoSystems, LLC, and Elan Corporation, PLC., as well as their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them.

G.  "Particulate Compositions" means pharmaceutical or diagnostic compositions containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 1000 nm as determined by any conventional method for calculating particle size referred to in the Patents-In-Suit.

H.  "Related Applications and Patents" means United States patents or patent applications that claim priority benefit from one or more of the patent applications from which the Patents-In-

Suit claim priority benefit, including U.S. Patent Application Nos. 07/647,105, 08/696,754, 07/908,125, and U.S. Provisional Application No. 60/004,488.

## REQUESTS

### REQUEST FOR PRODUCTION NO. 137:

Documents identified or described in Elan's responses to Abraxis's Fourth Set of Interrogatories.

### REQUEST FOR PRODUCTION NO. 138:

Documents describing any formal or informal valuations of the Patents-In-Suit, the '684 Patent, or Related Applications and Patents, including by Elan, a Previous Owners, or any third party (including independent consultants).

### REQUEST FOR PRODUCTION NO. 139:

Documents constituting or describing financial arrangements and/or Agreements between Elan Pharma International Ltd. and other Elan entities regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions, including Documents describing any formal or informal valuations of the Patents-In-Suit, the '684 Patent, or Related Applications and Patents, by Elan, a Previous Owner, or any third party (including independent consultants).

### REQUEST FOR PRODUCTION NO. 140:

Documents describing or referring to any analysis, study, or investigation conducted by or on behalf of Elan, a Previous Owner, or their licensees, of the monetary or economic value of

the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions, including any audits done by Elan of its licensees.

## REQUEST FOR PRODUCTION NO. 141:

Documents describing Elan's and/or a Previous Owner's annual income from licensing the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions.

## REQUEST FOR PRODUCTION NO. 142:

Documents describing or referencing Elan's financial plans, business plans, and forecasts regarding the monetization, commercialization, or exploitation of the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions.

## REQUEST FOR PRODUCTION NO. 143:

Documents describing Elan's financial history from 1995 to the present, including Elan's capitalization and stock price, Elan's balance sheets and income statements, Elan's revenues, costs, profits, and losses, and the portion of Elan's income attributable to licensing its patents.

## REQUEST FOR PRODUCTION NO. 144:

Any development Agreements or partnership Agreements between Elan or any Previous Owner and any third party regarding the marketing, sale, distribution, manufacturing, or production of any products covered by the Patents-In-Suit, the '684 Patent, Related Applications and Patents or any other patents concerning Particulate Compositions.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


/s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000  Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com


Dated:  June 29, 2007

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 29, 2007, I caused a copy of the foregoing document to be served on the following counsel in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

### BY E-MAIL

Stephen Scheve, Esquire
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
steve.scheve@bakerbotts.com

Paul F. Fehlner, Esquire
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

# Exhibit   3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                              §
INTERNATIONAL LIMITED,                   §
                                         §
          Plaintiff,                     §
                                         §
     v.                                  §        Case No. 06-438-GMS
                                         §
ABRAXIS BIOSCIENCE, INC.,                §
                                         §
          Defendant.                     §

### DECLARATION OF CHRISTIAN M. BAUER IN SUPPORT OF PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S ANSWERING BRIEF TO DEFENDANT ABRAXIS BIOSCIENCE, INC.'S FURTHER MOTION TO COMPEL PRODUCTION OF DAMAGES DISCOVERY

I, Christian M. Bauer, hereby declare and affirm under penalty of perjury subject to 28 U.S.C. Section 1746 as follows:

1.     I am employed by Elan Drug Delivery Inc., an affiliate of Elan Pharma International Ltd., ("Elan") as Associate Director, IP Legal. I have been employed by Elan since January 8, 2007. In my capacity as Associate Director, IP Legal, I have access to and an understanding of relevant facts and information relating to, among other things, the patents assigned to Elan and other related or predecessor companies to Elan. I make this Declaration based upon my own personal knowledge and upon due and reasonable inquiry.

2.     I have read and understand Abraxis BioScience Inc.'s ("Abraxis") Request for Production Nos. 139-142 and 144, which seek financial information about "patents concerning Particulate Compositions" from Elan and other related or predecessor companies to Elan.

3.     I understand that Abraxis defines "Particulate Compositions" for purposes of responding to its Request for Production Nos. 139-142 and 144 as any "pharmaceutical or

diagnostic compositions containing a pharmaceutical or diagnostic agent and having an average, mean, median or effective particle size of up to 1000 nm as determined by any conventional method for calculating particle size referred to in the Patents-In-Suit," and that the Patents-In-Suit at issue are U.S. Patent Nos. 5,399,363 (the "'363 Patent") and 5,834,025 (the "'025 Patent").

4.      Elan does not have a current database that would readily identify all of the "patents concerning Particulate Compositions" as defined in and requested by Abraxis's Request Nos. 139-142 and 144.  Accordingly, to ascertain the number and a listing of "patents concerning Particulate Compositions" assigned to Elan and other related or predecessor companies to Elan, Elan engaged Landon IP, Inc., 1700 Diagonal Road, Suite 450, Alexandria, VA (www.LandonIP.com), a firm specializing in conducting professional patents and trademark searches.

5.      The professional searcher at Landon IP ran an inquiry designed to determine the number of "patents concerning Particulate Compositions" assigned to Elan and other related or predecessor companies to Elan, using the Micropatent online database system, which includes granted and published patent applications in the United States (U.S.), European Patent Office (EP), World International Patent Cooperation Treaty Organization (WO), Japan (JP), Germany (DE), United Kingdom (UK), and France (FR).    (See http://www.micropat.com/static/index.htm).

6.      There were 1,043 documents responsive to the search conducted by Landon IP, Inc. to identify "patents concerning Particulate Compositions" assigned to Elan and other related or predecessor companies to Elan.

2

7.    As Abraxis's definition of "patents concerning Particulate Compositions" is not expressly limited to those assigned to Elan and other related or predecessor companies to Elan, Elan also requested that Landon IP run an inquiry designed to identify the number of extant United States "patents concerning Particulate Compositions," regardless of assignee.

8.    There were in excess of 32,500 documents in the United States (U.S.), European Patent Office (EP), World International Patent Cooperation Treaty Organization (WO), Japan (JP), Germany (DE), United Kingdom (UK), and France (FR) responsive to the search conducted by Landon IP, Inc. to identify the number of "patents concerning Particulate Compositions," regardless of assignee.

**FURTHER DECLARANT SAYETH NOT.**

Chr. M. Bauer
Christian M. Bauer

Dated: 29 Aug. 2007

3

# Exhibit  4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELAN PHARMA INTERNATIONAL LIMITED, )
)
)
Plaintiff, )
)
v. )    Case No. 06-438-GMS
)
ABRAXIS BIOSCIENCE, INC., )
)
Defendant. )
)

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO ABRAXIS'S
### FOURTH SET OF REQUESTS FOR PRODUCTION [NOS. 137-145]

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Elan Pharma International Limited hereby objects and responds to Abraxis BioScience, Inc.'s following requests for production.

Elan's responses to Abraxis's Fourth Set of Requests for Production are made without intending to waive, and do not waive:

(a)     any and all questions as to competency, relevancy, materiality, privilege, work product protection, and admissibility as evidence, for any purpose, of any of the documents produced or to be produced hereunder, or of the subject matter of any of those documents in any subsequent proceedings or the trial of this or any other action;

(b)     the right to object to the use of any of the documents produced or to be produced hereunder in any subsequent proceeding in, or the trial of, this or any other action;

(c)     the right to supplement further these objections and responses at any time; and

(d)     the right to object on any ground at any time to a demand for further response to these or other document or discovery requests in this action.

HOU02:1110921

Dated: August 6, 2007

Respectfully submitted by,

ASHBY & GEDDES

*Sandra M. Glover*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #2950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware  19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve, Esquire
Linda M. Glover, Esquire
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659 Telephone
(713) 229-2859 Facsimile
Steve.Scheve@bakerbotts.com
Linda.Glover@bakerbotts.com

Paul F. Fehlner, Esquire
Jeffrey D. Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527 Telephone
(212) 408-2501 Facsimile
Paul.Fehlner@bakerbotts.com
Jeffrey.Sullivan@bakerbotts.com
Lisa.Chiarini@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625 Telephone
Sipz25@aol.com

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Elan objects to Abraxis's instructions and definitions because they purport to impose obligations on Elan beyond those of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Civil Local Rules of this Court.

2.     Elan objects to Abraxis's instruction regarding the logging of privileged documents which purports to require Elan to determine the number of copies made of each document.  This information is generally not available and would be unduly burdensome to compile.

4.     Elan objects to Abraxis's instruction regarding the logging of privileged documents which purports to require Elan to identity all persons who saw the original document, or saw or received a copy of the document.  Researching this information for each and every document where the information is not available from the face of the document would be unduly burdensome.  Elan will log this information to the extent it is readily ascertainable from the face of the document or surrounding documents.

5.     Elan objects to Abraxis's instruction regarding the logging of privileged documents which purports to require Elan to identify the title of each person who saw the original document, or saw or received a copy of the document.  Because employees' positions and titles change over time, researching this information for each and every person on each and every document would be unduly burdensome.  Elan will identify on its privilege log those persons who are attorneys or acting on behalf of an attorney.

6.     Elan objects to Abraxis's instruction regarding the logging of privileged documents which purports to require Elan to identity all persons to whom the content of each document was disclosed.  Researching this information for each and every document where the information is not available from the face of the document would be unduly burdensome.  Elan will log this

information to the extent it is readily ascertainable from the face of the document or the surrounding documents.

## GENERAL OBJECTIONS

1.    Elan objects generally to the Requests For Production of Documents ("Requests") because they seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence.

2.    Elan objects generally to the Requests because they purport to require identification and disclosure of documents that were prepared in anticipation of litigation; constitute, reveal, or reflect attorney work product; constitute, reveal, or reflect privileged attorney-client communications; or are otherwise privileged or protected from disclosure under applicable law or rules.  Elan hereby claims such privileges and protections to the extent implicated by each document request, and excludes privileged and protected information from its responses to the requests.  Any disclosure of protected or privileged information is inadvertent, and is not intended to waive, nor does it waive, any applicable privileges or protections.

3.    Elan generally objects to the Requests to the extent that they seek information protected from discovery by a protective order, confidentiality agreement, or other obligation (to a Court or third party) to maintain confidentiality.  Elan will respond to such requests pursuant to the Stipulated Protective Order entered in this Case.

4.    Because of the over breadth of Abraxis's Requests for Production at this stage of the litigation, it is not possible for Elan to anticipate all possible grounds for objection with respect to the particular Requests set forth herein.  Elan reserves the right to supplement its responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

5.     All responses are made with an express reservation of the general objections set forth above and any specific objections set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 137:

Documents identified or described in Elan's responses to Abraxis's Fourth Set of Interrogatories.

### RESPONSE:

Subject to and without waiving the foregoing general objections, Elan will produce non-privileged documents, if any, responsive to this request to the extent that they have not already been produced.

### REQUEST FOR PRODUCTION NO. 138:

Documents describing any formal or informal valuations of the Patents-In-Suit, the '684 Patent, or Related Applications and Patents, including by Elan, a Previous Owners, or any third party (including independent consultants).

### RESPONSE:

Elan objects that this request is vague and ambiguous because "valuations" is undefined and subject to misinterpretation. Elan also objects that this request is duplicative of Abraxis's Request No. 137. Elan further objects that this request seeks expert opinion prior to the designated time for disclosure provided in the Scheduling Order. In addition, Elan objects that this request seeks information that is protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Elan will produce non-privileged documents, if any, responsive to this request to the extent they have not already been produced. However, Elan is currently unaware of any non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 139:

Documents constituting or describing financial arrangements and/or Agreements between Elan Pharma International Ltd. and other Elan entities regarding the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions, including Documents describing any formal or informal valuations of the Patents-In-Suit, the '684 Patent, or Related Applications and Patents, by Elan, a Previous Owner, or any third party (including independent consultants).

## RESPONSE:

Elan objects that this request is overly broad and unduly burdensome because it lacks any relevant temporal limitation. Elan also objects that this request is vague and ambiguous because "valuations" is undefined and subject to misinterpretation. Elan further objects to the extent that this request seeks information which Elan is contractually obligated not to disclose. Elan further objects that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "Particulate Composition" patents. Abraxis's definition of "Particulate Compositions" patents encompasses:

(a) any patent,

- regardless of whether (1) it is a U.S. or foreign patent; (2) is owned by Elan or a third party; or (3) claims the same technology as the patents-in-suit or the relevant family patent;

(b) that claims any pharmaceutical or diagnostic composition,

- regardless of whether that composition is claimed by the patents-in-suit;

(c) which contains a pharmaceutical or diagnostic agent,

- regardless of whether that agent is claimed by the patents-in-suit; and

(d) that has an average, mean, median or effective particle size of up to 1000nm. The only relevance that Elan's financial agreements regarding "Particulate Compositions" patents might have to this lawsuit is to assist in determining a reasonable royalty. Particulate Composition Patents could only have potential relevance to such a determination if they encompass the same or similar technology and are licensed in the same or similar markets as the patents-in-suit. Moreover, the financial arrangements regarding those patents could be relevant only if consummated during the time that an infringer and a patentee would have conducted hypothetical negotiations.

Subject to and without waiving the foregoing general and specific objections, Elan will produce non-privileged documents, if any, responsive to this request..

## REQUEST FOR PRODUCTION NO. 140:

Documents describing or referring to any analysis, study, or investigation conducted by or on behalf of Elan, a Previous Owner, or their licensees, of the monetary or economic value of the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions, including any audits done by Elan of its licensees.

## RESPONSE:

Elan objects that this request is overly broad and unduly burdensome because it lacks any relevant temporal limitation. Elan also objects that this request purports to require Elan to produce its licensees' documents, which are not in Elan's possession, custody or control. Elan further objects to the extent that this request seeks information that Elan is contractually obligated not to disclose.

Elan further objects that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence

because it seeks documents regarding "Particulate Composition" patents. Abraxis's definition of "Particulate Compositions" patents encompasses:

(a) any patent,

- regardless of whether (1) it is a U.S. or foreign patent; (2) is owned by Elan or a third party; or (3) claims the same technology as the patents-in-suit or the relevant family patent;

(b) that claims any pharmaceutical or diagnostic composition,

- regardless of whether that composition is claimed by the patents-in-suit;

(c) which contains a pharmaceutical or diagnostic agent,

- regardless of whether that agent is claimed by the patents-in-suit; and

(d) that has an average, mean, median or effective particle size of up to 1000nm.

The only relevance that Elan's financial agreements regarding "Particulate Compositions" patents might potentially have to this lawsuit is to assist in determining a reasonable royalty. Particulate Composition Patents could only have potential relevance to such a determination if they encompass the same or similar technology and are licensed in the same or similar markets as the patents-in-suit. Moreover, the financial arrangements regarding those patents could be relevant only if consummated during the time that an infringer and a patentee would have conducted hypothetical negotiations.

Elan objects that this request seeks an expert opinion prior to the designated time for disclosure provided in the Scheduling Order. In addition, Elan objects that this request seeks information that is protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Elan will produce non-privileged documents, if any, responsive to this request..

**REQUEST FOR PRODUCTION NO. 141:**

    Documents describing Elan's and/or a Previous Owner's annual income from licensing the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions.

**RESPONSE:**

    Elan objects that this request is overly broad and unduly burdensome because it lacks any relevant temporal limitation.

    Elan further objects that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "Particulate Composition" patents. Abraxis's definition of "Particulate Compositions" patents encompasses:

    (a) any patent,

- regardless of whether (1) it is a U.S. or foreign patent; (2) is owned by Elan or a third party; or (3) claims the same technology as the patents-in-suit or the relevant family patent;

    (b) that claims any pharmaceutical or diagnostic composition,

- regardless of whether that composition is claimed by the patents-in-suit;

    (c) which contains a pharmaceutical or diagnostic agent,

- regardless of whether that agent is claimed by the patents-in-suit; and

    (d) that has an average, mean, median or effective particle size of up to 1000nm.

The only potential relevance that Elan's financial agreements regarding "Particulate Compositions" patents might have to this lawsuit is to assist in determining a reasonable royalty. Particulate Composition Patents could only have potential relevance to such a determination if they encompass the same or similar technology and are licensed in the same or similar markets

as the patents-in-suit. Moreover, the financial arrangements regarding those patents are potentially relevant only if consummated during the time that an infringer and a patentee would have conducted hypothetical negotiations.

Subject to and without waiving the foregoing general and specific objections, Elan will produce non-privileged documents, if any, responsive to this request.

REQUEST FOR PRODUCTION NO. 142:

Documents describing or referencing Elan's financial plans, business plans, and forecasts regarding the monetization, commercialization, or exploitation of the Patents-In-Suit, the '684 Patent, Related Applications and Patents, and any other patents concerning Particulate Compositions.

RESPONSE:

Elan objects that this request is overly broad and unduly burdensome because it lacks any relevant temporal limitation.

Elan further objects that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "Particulate Composition" patents. Abraxis's definition of "Particulate Compositions" patents encompasses:

(a) any patent,

- regardless of whether (1) it is a U.S. or foreign patent; (2) is owned by Elan or a third party; or (3) claims the same technology as the patents-in-suit or the relevant family patent;

(b) that claims any pharmaceutical or diagnostic composition,

- regardless of whether that composition is claimed by the patents-in-suit;

(c) which contains a pharmaceutical or diagnostic agent,

- regardless of whether that agent is claimed by the patents-in-suit; and

(d) that has an average, mean, median or effective particle size of up to 1000nm.

The only potential relevance that Elan's financial agreements regarding "Particulate Compositions" patents might have to this lawsuit is to assist in determining a reasonable royalty. Particulate Composition Patents could only have potential relevance to such a determination if they encompass the same or similar technology and are licensed in the same or similar markets as the patents-in-suit. Moreover, the financial arrangements regarding those patents are potentially relevant only if consummated during the time that an infringer and a patentee would have conducted hypothetical negotiations.

Subject to and without waiving the foregoing general and specific objections, Elan will produce non-privileged documents, if any, responsive to this request..

**REQUEST FOR PRODUCTION NO. 143:**

Documents describing Elan's financial history from 1995 to the present, including Elan's capitalization and stock price, Elan's balance sheets and income statements, Elan's revenues, costs, profits, and losses, and the portion of Elan's income attributable to licensing its patents.

**RESPONSE:**

Elan objects that this request is so overly broad and unduly burdensome so as to be harassing. Requiring Elan to produce all documents that describe its financial history over a 12 year period, including Elan's capitalization and stock price, Elan's balance sheets and income statements, Elan's revenues, costs, profits, and losses, and the portion of Elan's income attributable to licensing its patents, would impose a substantial burden on Elan that is not outweighed by any benefit to be derived by Abraxis. To the extent that Abraxis seeks information regarding a reasonable royalty rate, this request is overly broad in that it is not

limited to the time during which the parties might have conducted a hypothetical negotiation or to the technology at issue in this lawsuit. Furthermore, Elan objects to this request as overly broad and unduly burdensome because Elan is a diversified multinational company, to which the technology encompassed by the Patents-in-Suit and the '684 patent make a partial contribution.

Subject to and without waiving the foregoing general and specific objections, Elan will produce annual reports and SEC filings from 2002 to 2005 during a relevant time period in response to this request.

### REQUEST FOR PRODUCTION NO. 144:

Any development Agreements or partnership Agreements between Elan or any Previous Owner and any third party regarding the marketing, sale, distribution, manufacturing, or production of any products covered by the Patents-In-Suit, the '684 Patent, Related Applications and Patents or any other patents concerning Particulate Compositions.

### RESPONSE:

Elan objects that this request is overly broad and unduly burdensome because it lacks any relevant temporal limitation. Elan also objects that this request seeks documents that Elan is contractually obligated not to disclose.

Elan further objects that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "Particulate Composition" patents. Abraxis's definition of "Particulate Compositions" patents encompasses:

(a) any patent,

- regardless of whether (1) it is a U.S. or foreign patent; (2) is owned by Elan or a third party; or (3) claims the same technology as the patents-in-suit or the relevant family patent;

(b) that claims any pharmaceutical or diagnostic composition,

- regardless of whether that composition is clamed by the patents-in-suit;.

(c) which contains a pharmaceutical or diagnostic agent,

- regardless of whether that agent is claimed by the patents-in-suit; and

(d) that has an average, mean, median or effective particle size of up to 1000nm.

The only potential relevance that Elan's financial agreements regarding "Particulate Compositions" patents might have to this lawsuit is to assist in determining a reasonable royalty. Particulate Composition Patents could only have potential relevance to such a determination if they encompass the same or similar technology and are licensed in the same or similar markets as the patents-in-suit. Moreover, the financial arrangements regarding those patents are potentially relevant only if consummated during the time that an infringer and a patentee would have conducted hypothetical negotiations.

Subject to and without waiving the foregoing general and specific objections, Elan will produce non-privileged documents, if any, responsive to this request

# Exhibit  5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                          )
INTERNATIONAL LIMITED,               )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        Case No. 06-438-GMS
                                     )
ABRAXIS BIOSCIENCE, INC.,            )
                                     )
        Defendant.                   )

DECLARATION OF SVAI SANFORD IN SUPPORT OF
PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S ANSWERING BRIEF TO
DEFENDANT ABRAXIS BIOSCIENCE, INC.'S FURTHER MOTION TO COMPEL
PRODUCTION OF DAMAGES DISCOVERY

        I, Svai Sanford, hereby declare and affirm under penalty of perjury subject to 28

U.S.C. Section 1746 as follows:

        1.      I am employed by Elan Pharmaceuticals, Inc., an affiliate of Elan Pharma

International Ltd., ("Elan") as Senior Director, Financial Reporting Compliance. I have been

employed by Elan since March 2004. In my capacity as Senior Director, Financial Reporting

Compliance, I have access to, among other things, documents related to the financial history of

Elan and other related or predecessor companies to Elan from 1995 to present. I make this

Declaration based upon my own personal knowledge and upon due and reasonable inquiry.

2.    I have read and understand Abraxis BioScience Inc.'s ("Abraxis") definition of "Elan" set forth in Abraxis's Fourth Set Of Requests For Production: "Plaintiff Elan Pharma International Limited, Elan Corporation, PLC, their predecessors, successors and assigns, officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on their behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by them (including NanoSystems, LLC)."

3.    I have read and understand Abraxis's Request for Production No. 143, which seeks: "Documents describing Elan's financial history from 1995 to the present, including Elan's revenues capitalization and stock price, Elan's balance sheets and income statements, Elan's revenues, costs, profits, and losses, the portion of Elan's income attributable to licensing its patents."

4.    Abraxis's Request No. 143 would encompass financial documents such as individual journal entries for every Elan subsidiary, affiliate or predecessor (including those liquidated or sold over that period) for a twelve (12) year period, including trial balances, ledgers, management reports, tax returns, budgets, invoices, inventory records, and accounting memos. Collecting documents responsive to Abraxis's Request No. 143 would be a colossal exercise, which would require Elan to divert several people from their ordinary job responsibilities for several months on end. Such an exercise would impose a substantial financial and logistical burden on Elan.

**FURTHER AFFIANT SAYETH NOT.**

Executed in South San Francisco, California this 30th day of August, 2007.

Svai Sanford