## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED, | ) | **REDACTED**<br>**PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-438-GMS |
| v. | ) | |
| | ) | |
| ABRAXIS BIOSCIENCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S ANSWERING BRIEF
TO DEFENDANT ABRAXIS BIOSCIENCE INC.'S MOTION FOR PROTECTIVE
ORDER AGAINST PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
NOTICE OF RULE 30(b)(6) DEPOSITION
AND
OPENING BRIEF IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO
COMPEL RULE 30(b)(6) DEPOSITION OF DEFENDANT**

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,
Elan Pharma International Limited*

Dated: August 30, 2007
183740.1

# TABLE OF CONTENTS

I.      Introduction ................................................................................................1

II.     Nature And Stage Of Proceedings ...........................................................1

III.    Summary Of Argument And Relief Requested ........................................2

IV.     Statement Of Facts ...................................................................................3

V.      Argument And Authorities .......................................................................5

        A.      The Federal Rules Of Civil Procedure Oblige Abraxis To Respond To Relevant Discovery. ............................................................................. 5

        B.      Abraxis Fails To Establish That Good Cause Exists For A Protective Order. ........ 7

                1.      Elan's 30(b)(6) Notice Was Timely And This Court Should Compel Abraxis To Produce A Responsive Witness. ............................................... 9

                2.      Abraxis Waived Any Objection To The Timeliness Of Elan's 30(b)(6) Notice. ................................................................................... 10

                3.      Elan's Deposition Topics Are Not Overly Broad Or Unduly Burdensome ............................................................................................ 11

                        (a)     Topics Concerning Abraxis's Financial Information About Abraxane® Are Well-Known, And Readily Ascertainable, By Abraxis. .................... 11

                        (b)     Topics Concerning Abraxis's Knowledge Of Elan's Patents Are Well-Known To And Readily Ascertainable By Abraxis, And Are Proper Subjects For 30(b)(6) Depositions. .................................................. 12

                        (c)     Elan's Topic No. 12 Does Not Seek A Legal Conclusion ......................... 13

                        (d)     Elan's Topic No. 8 Seeks Information About A Relevant Period Of Time. .............................................................................................. 14

                        (e)     Abraxis's Vague And Unsupported Complaints Do Not Meet The Required Good Cause Standard. .................................................... 15

VI.     Conclusion ..............................................................................................15

VII.    Prayer .....................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Cerami v. Robinson,*
 85 F.R.D. 371 (S.D.N.Y. 1980) ................................................................13

*Cipollone v. Liggett Group, Inc.,*
 785 F.2d 1108 (3d Cir. 1986)..................................................................10

*Emory v. Astrazeneca Pharms.,*
 Civ. A. No. 02-1466JJF, 2003 WL 22136301 (D. Del. Sept. 4, 2003)................18

*Heron v. Potter,*
 Civ. A. No. 03-313-JJF, 2006 WL 3703693 (D. Del. Oct. 23, 2006 ................16

*In re Seagate Technology,*
 Misc. Dkt. No. 830 (Fed. Cir. Aug. 20, 2007) .........................................17

*In re Sulfuric Acid Antitrust Litig.,*
 231 F.R.D. 320 (N.D. Ill. 2005)..............................................................11

*Intex Recreation Corp. v. Metalast, S.A.,*
 No. Civ. A. No. 01-1213, 2005 WL 5099032 (D.D.C. Mar 02, 2005)..............15

*Lapenna v. Upjohn Co.,*
 110 F.R.D. 15 (E.D. Pa. 1986).................................................................16

*Nat'l Presto Indus., Inc. v. West Bend Co.,*
 76 F.3d 1185, 1192-93 (Fed. Cir. 1996) ..................................................17

*Scovill Mfg. Co. v. Sunbeam Corp.,*
 61 F.R.D. 598 (D. Del. 1973) .................................................................18

*EEOC v. Thurston Motor Lines, Inc.,*
 124 F.R.D. 110 (M.D.N.C. 1989) ..............................................................9

*Traynor v. Liu,*
 Civ. No. 06-441-SLR, 2007 WL 2039526 (D. Del. July 17, 2007)..................10

*U.S. v. Taylor,*
 166 F.R.D. 356 (M.D.N.C. 1996), *aff'd* 166 F.R.D. 367 (M.D.N.C. 1996).........9

# STATUTES

D. Del. Local Rule 7.1.1 ................................................................................................10

D. Del. Local Rule 5.4(b) ..............................................................................................13

Fed. R. Civ. P. 26 ................................................................................................10, 13, 17, 18

Fed. R. Civ. P. 30(b)(6) ................................................................4, 5, 6, 7, 8, 9, 10, 11
12, 13, 14, 17, 18, 19

Fed. R. Civ. P. 32(a) ......................................................................................................13

Fed. R. Civ. P. 32(d)(1) ..................................................................................................13

Fed. R. Civ. P. 37(a)(2) ....................................................................................................9

## I.    Introduction

Plaintiff Elan Pharma International Limited ("Elan") hereby presents its reasons for opposing, and its Answering Brief in response to Defendant Abraxis BioScience, Inc.'s ("Abraxis's") Motion For Protective Order Against Plaintiff Elan Pharma International Limited's Notice Of Rule 30(b)(6) Deposition (the "Motion"), served on August 1, 2007. *See* D.I. 254, Exh. C. Elan further presents this brief in support of its concurrently-submitted Cross-Motion To Compel Rule 30(b)(6) Deposition Of Defendant.

## II.    Nature And Stage Of Proceedings

On July 19, 2006, Plaintiff Elan Pharma International Limited ("Elan") filed suit alleging that Abraxis BioScience, Inc. ("Abraxis") infringes U.S. Patent Nos. 5,399,363 (the "'363 Patent") and 5,834,025 (the "'025 Patent") (collectively, the "Patents-In-Suit"). Elan's '363 Patent is directed to a nanoparticulate anticancer drug composition; and Elan's '025 Patent is directed to an intravenous method of administering a nanoparticulate drug composition so as to avoid eliciting adverse hemodynamic effects. The accused product, Abraxane®, is a nanoparticulate anticancer drug composition, which is intravenously administered.

On August 1, 2007, Elan served notice (the "Notice") of the deposition pursuant to Fed. R. Civ. P. 30(b)(6) of Abraxis for August 9, 2007 "or at such other . . . date . . .mutually agreed upon or ordered by the Court . . . . ." Eschewing the meet and confer process mandated by the Federal Rules of Civil Procedure and Delaware Local Rules, Abraxis unilaterally announced on August 6, 2007 that it would not present a witness or witnesses in response to Elan's Notice. Abraxis has now filed its Motion, to which Elan hereby responds. Elan also submits and relies upon the below points and authorities in support of its concurrently-submitted Cross-Motion To Compel Rule 30(b)(6) Deposition Of Defendant.

### III.    Summary Of Argument And Relief Requested

Abraxis unabashedly refuses to present a corporate representative to testify in response to *any* of the topics contained in Elan's Rule 30(b)(6) deposition Notice. Abraxis's refusal rests precariously on the contentions that: (1) Elan did not provide sufficient notice of the Rule 30(b)(6) deposition; and (2) the topics Elan proposed are overly broad and unduly burdensome. D.I. 253. Abraxis's contentions are meritless and cannot withstand scrutiny.

Abraxis's claim that Elan did not provide sufficient notice of its intent to take Abraxis's Rule 30(b)(6) deposition is both factually and legally flawed. Elan noticed the Rule 30(b)(6) deposition of Abraxis for August 9 *"or at such other . . . date . . .mutually agreed upon or ordered by the Court."* D.I. 254, Exh. C. Thus, Elan sought preferably to depose Abraxis on the date of its choice, August 9. While recipients of a deposition notice do not have *carte blanche* to treat the noticed date as a nullity or to choose if and when they wish to be deposed, Elan's Notice made clear that the deposition date could be flexible based upon the availability of Abraxis's witness(es) and/or counsel. Indeed, Elan offered to postpone the deposition until the last day scheduled for fact discovery (August 13), or to some date thereafter by agreement between the parties.

Abraxis rejected Elan's offer, and refused to engage in any substantive compromise regarding the proposed deposition or alternate dates therefor. Notably, Abraxis failed to lodge proper written objections to Elan's Notice prior to the scheduled deposition date. Thus, not only is Abraxis's claim that Elan's Notice was untimely easily discredited, but Abraxis itself has affirmatively waived any right to assert such non-existent procedural defect in Elan's Notice by failing to timely object.

Abraxis's contention that Elan's Rule 30(b)(6) deposition topics are overly broad and unduly burdensome stands in no better stead. First, it is ironic that Abraxis complains that

the listing of fifteen (15) topics in Elan's Notice renders it *ipso facto* excessively burdensome, D.I. 253 at 4,, when Abraxis's own Rule 30(b)(6) deposition notice to Elan, upon which it has moved to compel full compliance by Elan, contained a total of twenty-one (21) discrete topics. *See* D.I 167.  It is equally ironic that Abraxis contends it should be protected from testifying about *factual issues* underlying whether it willfully infringed the Patents-In-Suit (because Elan bears the burden of proof on this issue), when Abraxis has moved to compel Elan to provide far greater detail in response to Abraxis's interrogatories regarding the *legal issue* of whether the Patents-In-Suit are invalid (an issue upon which the burden of proof rests with Abraxis).

The topics contained in Elan's Notice are neither overly broad, nor unduly burdensome.  Rather, they are narrowly tailored to seek facts relevant to the issues at hand, and Abraxis's assertions to the contrary are easily controverted.  Abraxis has therefore failed to meet the "good cause" standard that would be a prerequisite for obtaining protection from Elan's timely and proper Rule 30(b)(6) deposition Notice.

Abraxis's refusal to produce a corporate representative responsive to Elan's properly noticed Rule 30(b)(6) deposition will deny Elan the discovery to which it is entitled and legitimately seeks.  The Court should not permit Abraxis to frustrate legitimate discovery based on conclusory and unsupported assertions of untimeliness, overbreadth, or burden.  Elan, therefore, respectfully requests that the Court deny Abraxis' Motion and in turn compel Abraxis to produce a corporate representative in response to Elan's Notice at the earliest reasonable date.

## IV.    Statement Of Facts

Elan served Abraxis with a Notice Of Deposition Pursuant to Rule 30(b)(6) on August 1, 2001, seeking testimony regarding fifteen (15) topics addressing two distinct issues in this matter:  (1) financial information about the accused product, Abraxane®; and (2) Abraxis's knowledge of Elan's patents.  D.I. 254, Exh. C.  The topics directed to financial information

3

about Abraxane® (Topics 1-10), including profits gained by Abraxis through its infringing activities, are important to an analysis of the damages sustained by Elan and could have significant relevance to calculation by Elan's expert witnesses of the royalty rate that would be reasonable to compensate Elan for such infringement. The topics directed to Abraxis's knowledge of Elan's patents (Topics 11-14) seek factual information that would support a conclusion on the legal question of whether Abraxis willfully infringed the Patents-In-Suit.[1]

Elan noticed the Rule 30(b)(6) deposition of Abraxis for August 9 "or at such other . . . date . . .mutually agreed upon or ordered by the Court." Under the Local Rules, this Notice provided more than the required seven (7) days advance notice before a deposition date. On August 7 — two days before the scheduled deposition, and having heard nothing from Abraxis to indicate that it would not comply with the timely Notice — Elan e-mailed Abraxis's counsel to confirm that Abraxis would present one or more responsive witnesses. Exh. A.[2]

In a responding e-mail, Abraxis's counsel stated for the first time that Abraxis objected to Elan's Notice and would not be presenting any witness to testify in response thereto. *Id.* More specifically, Abraxis claimed that: (1) the Notice was untimely; and (2) the topics noticed by Elan were overly broad and unduly burdensome. At no time prior to unilaterally refusing to provide a witness in response to Elan's Notice did Abraxis seek to meet and confer with Elan about Abraxis's purported complaints. To the contrary, Elan is left to conclude that had its counsel not affirmatively contacted Abraxis's counsel, Abraxis may well have allowed Elan to travel to the deposition on the noticed date to find no witness present. Objections to

---

[1]    Topic 15 sought the information used by the corporate representative(s) to prepare to testify about the noticed topics.

[2]    Citations herein to "Exh. ___" refer to the Exhibits attached to the accompanying Declaration Of Jacqueline Lowe .

timely-noticed discovery are not appropriately communicated by either pocket veto or last minute announcements of a refusal to comply.

In response to Abraxis's claim that Elan's Notice was untimely, Elan offered to postpone the deposition until the last day of fact discovery so that there could be no debate about whether Elan had properly calculated the notice period under the Local Rules for counting days. D.I. 254; Exh. A.  During a meet and confer teleconference, Elan also offered to accommodate Abraxis by conducting the deposition slightly after the discovery deadline by agreement between the parties. D.I. 254 at 2.  Abraxis declined to compromise on any of these scheduling issues.

With respect to Abraxis's claim that the topics noticed by Elan were overly broad and unduly burdensome, Elan informed Abraxis that its topics were closely tailored to obtain essential financial information and that Abraxis should feel free to present a plurality of witnesses to address the topics.  *See* Exh. A. Still, Abraxis refused to produce a corporate representative, thereby obstructing Elan's ability to obtain legitimate damages discovery.  D.I. 254 at 2; Exh. A.

Abraxis has failed to this date to serve Elan with any written objections to its Rule 30(b)(6) deposition Notice, and took no steps to move for protection from the Court before the scheduled deposition date.  Instead, Abraxis filed its Motion  on August 13, 2007, the very last day of fact discovery.

### V.  Argument And Authorities

A.    **The Federal Rules Of Civil Procedure Oblige Abraxis To Respond To Relevant Discovery.**

Elan properly and timely noticed the deposition of Abraxis and designated relevant matters for testimony.  Elan's Rule 30(b)(6) deposition Notice triggered Abraxis's obligation to provide officers, directors, or managing agents with authority to state Abraxis's

opinions on matters relating to the lawsuit and to make statements that bind the corporation. Fed. R. Civ. Pro. 30(b)(6); *U.S. v. Taylor,* 166 F.R.D. 356 (M.D.N.C. 1996), *aff'd* 166 F.R.D. 367 (M.D.N.C. 1996). "If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, *more importantly, stand subject to cross-examination." Id.* at 362 (emphasis supplied). Abraxis's unsubstantiated and conclusory statements that Elan's deposition Notice was untimely, or that the noticed deposition topics are overly broad and unduly burdensome, is insufficient to overcome Abraxis's obligation under to the Federal Rules of Civil Procedure to respond to legitimate discovery.

Abraxis has a legal duty to designate and produce a corporate representative for deposition. This duty is not optional or a matter of choice on Abraxis's part. The Federal Rules of Civil Procedure provide that a party may in the party's notice name as the deponent a public or private corporation or partnership, describing with reasonable particularity the matters on which examination is requested, and may thereby require the organization to designate one or more persons to testify on its behalf. *See* Fed. R. Civ. P. 30(b)(6). A party may apply for an order compelling such the designation of an organizational representative when a corporation or other entity refuses to make such a designation. *See* Fed. R. Civ. P. 37(a)(2)(B). Courts can impose sanctions against corporations that fail to designate and produce a Rule 30(b)(6) witness after having received proper notice. *See EEOC v. Thurston Motor Lines, Inc.*, 124 F.R.D. 110, 115 (M.D.N.C. 1989) ("[T]he Court will impose sanctions against Brown in connection with its aborted 30(b)(6) deposition. Brown failed to designate and produce a Rule 30(b)(6) witness after having received proper notice, and failed to produce documents after proper requests, yet filed no

request for a protective order. Such a failure to provide discovery cannot be tolerated and warrants the imposition of sanctions under Rules 37(d) and 37(a)(4).'").

Although Elan does not seek sanctions against Abraxis, Abraxis's response to Elan's Rule 30(b)(6) deposition Notice indisputably violates the letter and spirit of the Federal and Local Rules. *See* Fed. R. Civ. Pro. 26(c) (requiring "certification that the *movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute* without court action") (emphasis supplied); *see also* D. Del. Local R. 7.1.1 ("[E]very nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. Unless otherwise ordered, failure to so aver may result in dismissal of the motion.").

**B.    Abraxis Fails To Establish That Good Cause Exists For A Protective Order.**

Rule 26(c) places the burden of persuasion on the party seeking protection from discovery. To overcome the presumption that discovery is available as to all matters that are or may lead to relevant evidence, the party seeking a protective order must show good cause by demonstrating a particular need for protection. *See Traynor v. Liu*, Civ. No. 06-441-SLR, 2007 WL 2039526, at *7 (D. Del. July 17, 2007) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Abraxis contends that good cause exists for refusing to present a witness in response to Elan's Notice because the Notice was allegedly untimely. D.I. 253 at 4. As explained below, Elan provided ample notice to Abraxis, and in any event, Abraxis waived any right to claim that Elan's Notice was untimely by not serving proper written objections prior to the scheduled deposition date.

Abraxis would have this Court believe that it requires more notice to deal with "a patent case that presents complex issues."[3] D.I. 253 at 3. This case is, indeed, a patent case, but Elan's Rule 30(b)(6) deposition notice topics concern only two issues — damages and willfulness. Moreover, although Abraxis argues that it required more notice,[4] Abraxis refused Elan's offer to conduct the deposition at any date later than the originally-noticed proposed date. D.I. 254 at 2. If Abraxis truly needed more preparation time, it could have availed itself of Elan's offer. Instead, Abraxis latched on to a non-existent alleged procedural defect to avoid legitimate discovery.

More fundamentally, Abraxis appears to misunderstand or misconstrue the meaning of a deadline for fact discovery, arguing in effect that a Notice that is literally timely according to the Local Rules and the scheduling order may be converted into an "untimely" Notice because it is just "too close" to the end of fact discovery. This approach makes nonsense of the notion of deadlines. *Ipso facto*, a deadline or cutoff is the point before which discovery is presumptively proper and after which it is not.

Judge Sleet knew this action was a "complex" patent case when he set the fact discovery deadline. Now Abraxis would have us believe that the discovery schedule, providing that fact discovery could take place through August 13, actually meant to imply that any

---

[3]       The alleged complexity of this case naturally cuts both ways. Elan required some time to formulate its Rule 30(b)(6) topics following the tardy production by Abraxis of tens of thousands of documents, some relating to damages issues, on July 16, 2007. *See* Exh. M   Viewed in this light, there is even less basis for Abraxis to allege that Elan was obligated to tender its Notice not just on a schedule that was completely timely under the Local Rules and Scheduling Order, but at some unspecified arbitrary point additional days, weeks, or months in advance of the cutoff dates set by the Rules and scheduling order.

[4]       Abraxis's citation to an allegedly analogous "complex" case, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005), is misplaced.   That case involved a deposition notice toward the end of a discovery period that had been extended a third time and that was nine months after the original deadline. *See id.* at 328 n. 8. In this case, Judge Sleet has extended discovery only once — and for a mere two weeks. Exh. M.

discovery that did not take place well in advance of that date could be characterized as "untimely."

Abraxis's completely unfounded allegation of untimeliness is at odds with everything in the Local Rules and the scheduling order, and their clear mathematical cutoffs, which establish that Elan's Notice was per se timely. The allegations are thus reckless, and Abraxis should withdraw them immediately as clearly misstating the facts and law. Surely they cannot be the basis for granting Abraxis relief from the discovery obligations it flouted.

Abraxis also contends that good cause for relief exists because "the topics in Elan's 30(b)(6) notice are numerous and complex" and unduly burdensome. D.I. 253 at 4-5. Again, Elan's topics concern two issues in this case: damages and willful patent infringement. The damages issues are narrowly tailored to topics about financial information regarding Abraxane®, while the willful infringement-related factual issues are narrowly tailored to topics about Abraxis's knowledge of Elan's patents. These issues are neither overly complex nor objectionable.

1.    **Elan's 30(b)(6) Notice Was Timely And This Court Should Compel Abraxis To Produce A Responsive Witness.**

Elan reasonably noticed Abraxis's Rule 30(b)(6) corporate representative deposition eight (8) days in advance of the deposition and proposed a deposition location in the home city of Abraxis's counsel, Los Angeles, California.[5] *See* D.I. 254, Exh. C; Fed. R. Civ. P. 30(b)(1) (stating that a party must "give reasonable notice in writing to every other party to the action" when noticing an oral deposition). Elan's Notice made it abundantly clear that if August 9 proved to be inconvenient, Elan would, as a matter of professional courtesy and in keeping

---

[5]    Elan met the other requirement of Federal Rule of Civil Procedure 30(b)(6) as well by providing Abraxis with a list of the matters on which Elan requested examination. D.I. 254, Exh. C ; Fed. R. Civ. P. 30(b)(6) (stating that a party must "describe with reasonable particularity the matters on which examination is requested"). Therefore, it is hard to fathom how Abraxis could claim that Elan's 30(b)(6) notice was inadequate.

with the parties' obligation to facilitate, rather than hinder, discovery logistics, accommodate the schedules of Abraxis's witnesses and/or counsel.[6]    Indeed, during a meet and confer teleconference subsequent to Abraxis's unilateral refusal to present a witness, Elan offered to modify the Notice so as to postpone the proposed deposition until August 13, 2007, giving Abraxis a full 12 days notice. *See* Exh. A; D.I. 254 at 2.  Elan further offered to postpone the deposition until briefly beyond the close of fact discovery pursuant to an agreement between the parties.  Abraxis's claim that Elan's Notice was untimely is, therefore, unavailing.

### 2.    Abraxis Waived Any Objection To The Timeliness Of Elan's 30(b)(6) Notice.

Even if Elan's Notice was technically deficient, Abraxis waived any right to claim untimeliness by failing to serve proper objections prior to the originally scheduled deposition date.  Pursuant to Federal Rule of Civil Procedure 32(d)(1), "[a]ll errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice."  Fed. R. Civ. P. 32(d)(1); *Cerami v. Robinson*, 85 F.R.D. 371, 372 (S.D.N.Y. 1980).  Abraxis's Motion does not save it from this procedural defect.[7]  Rather, if Abraxis is relying on Rule 32(a), then it was required to move for a protective order under Rule 26(c)(2) prior to the noticed date of August 9.  *See* Fed. R. Civ. Pro. 32(a)(3) ("[N]or shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion

---

[6]    Indeed, Elan had accommodated Abraxis in this fashion on several prior occasions.  For example, Elan noticed the Rule 30(b)(6) deposition of Abraxis regarding its document identification and collection process for May 30, 2007.  Exh. L.  Abraxis advised that the date noticed was inconvenient, and Elan accommodated Abraxis by appearing on two different dates convenient to Abraxis to depose presented witnesses.  Exh. B

[7]    Furthermore, Abraxis e-mailing its objections is neither "written notice" nor "promptly served."  Under Local Rule 5.4(b) service "[c]onsistent with Fed. R. Civ. P. 5(a)" requires that "the party serving responses [to discovery] shall file with the Court a 'Notice of Service' containing a certification that a particular form of discovery or response was served on other counsel or opposing parties, and the date and manner of service."

is pending at the time the deposition is held."). Accordingly, Abraxis has waived any right to claim that a purported procedural defect in Elan's Notice excuses Abraxis's non-compliance.

### 3. Elan's Deposition Topics Are Not Overly Broad Or Unduly Burdensome

#### (a) Topics Concerning Abraxis's Financial Information About Abraxane® Are Well-Known, And Readily Ascertainable, By Abraxis.

Financial information about a public pharmaceutical company's top-selling product must in any circumstance constitute some of the best-known and readily ascertainable information held by that company. Sales and revenue streams for drug products are the very pulse of a pharmaceutical company's viability as a going concern; and like a medical patient's pulse, this information is measured frequently. Yet Abraxis laments that preparing a Rule 30(b)(6) witness to testify on these topics is too daunting; because preparing a witness to testify on the noticed topics would require "extensive investigation," "assimilating large quantities of mathematical data," and "understanding difficult economic concepts." D.I. 253 at 4.

Abraxis's own papers submitted before this Court belie these statements. In Abraxis's Initial Disclosures served on November 16, 2006, only four months after Elan brought suit, Abraxis identified individuals having knowledge about damages (i.e. financial information about Abraxane®). Exh. D. Abraxis also identified a category of documents in its possession, custody, or control that related to "financial records, including but not limited to revenues, expenses, and sales regarding Abraxane®." *Id.* Moreover, Abraxis was well-aware that this information was germane because Elan had already asked for it in various requests for production. *See, e.g.*, Exh. C.[8]

---

[8]    For example, Elan's Second Request For Production requested licensing agreements between Abraxis and (a) Astra Zeneca and (b) Taiho, which are related to at least Topics 2-4 of the Notice, and which Abraxis has yet to produce.

11

Accordingly, preparing a corporate representative to testify about this financial information is not as onerous as Abraxis would have this Court believe. If Abraxis did not have one or more financially-trained persons who closely tracked the details of its short-term and long-term financial performance at all times, and could answer knowledgeably regarding these matters on short notice—whether to corporate executives, the shareholders, or Elan — it would be the most anomalous (and irresponsible) of publicly-traded corporations.

      **(b)**    **Topics Concerning Abraxis's Knowledge Of Elan's Patents Are Well-Known To And Readily Ascertainable By Abraxis, And Are Proper Subjects For 30(b)(6) Depositions.**

Early on in this case, Abraxis identified individuals allegedly having factual knowledge about Abraxis's defense of "non-willful infringement" (*e.g..*, for instance, when and whether Abraxis had knowledge of Elan's patents). Exh. D. Elan also propounded interrogatories and requests for production concerning infringement opinions, which necessarily implicate whether and when Abraxis had knowledge of Elan's patents prior to conducting infringing activities. Exh. E.

Information about Abraxis's knowledge of Elan's patents is readily accessible to Abraxis. Abraxis has already revealed through the production of documents that it has known of Elan's patents for quite some time. For example, Abraxis's own document production establishes that Dr. Neil Desai, the lead formulation scientist for Abraxane®, received copies of Elan patents from NanoSystems LLC (Elan's direct predecessor company). Exh. F.. Similarly, Dr. Ulagaraj Selvaraj, Abraxis's senior manager in its nanotechnology product development group, testified that he was aware of Elan patents well before joining Abraxis. *See* Exh. G.. It is pointless for Abraxis to argue that preparing a witness on these topics is burdensome at all when at least two witnesses within Abraxis's control obviously have considerable first-hand knowledge on the topic.

Further, the issue of factual predicates underlying the determination of willful infringement, including but not limited to facts concerning the infringer's knowledge of patents allegedly infringed, are proper subjects under Rule 30(b)(6). *See, e.g., Intex Recreation Corp. v. Metalast, S.A.*, No. Civ. A. No. 01-1213 JDB, 2005 WL 5099032, at *6-8 (D.D.C. Mar 02, 2005) (allowing Rule 30(b)(6) deposition as to facts underlying willful infringement, including topics dealing with knowledge of the patents and their possible applicability to the infringing activity, to go forward). Abraxis's argument that Elan's willfulness-related factual topics are inappropriate is wrong.

### (c)    Elan's Topic No. 12 Does Not Seek A Legal Conclusion

Abraxis's claim that Elan's Topic No. 12 seeks a legal conclusion defies all logic. Topic No. 12 expressly states that it seeks testimony regarding *facts* concerning potential willful infringement ("[a]ll *facts* concerning whether or not any infringement of Elan's Patents by Abraxis was willful") (emphasis supplied). It is well-established that a party may seek underlying facts regarding its case. *See Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 20 (E.D. Pa. 1986).

Abraxis cites only one case in support of allegation that Topic 12 seeks a legal conclusion, D.I. 253 at 5 (citing *Heron v. Potter*, CIV. A. No. 03-313-JJF, 2006 WL 3703693 (D. Del. Oct. 23, 2006)), and that case does not apply here. *Heron v. Potter* was a discrimination case under the Rehabilitation Act of 1973, not a case about willful infringement of a patent. *Heron*, at *1. A major element of the *prima facie* case in *Heron v. Potter* was whether the plaintiff had been properly "accommodated." In *Heron v. Potter*, the problem with the Rule 30(b)(6) deposition notice was that it specifically asked for an ultimate legal conclusion: "'designate the appropriate person to testify as to why the plaintiff was not accommodated . . . .'" *Heron*, at *1.

13

Unlike the plaintiff in *Heron v. Potter*, Elan has not asked for a witness to testify as to why Abraxis's infringement of Elan's patents was willful, as a legal matter. *See* D.I. 254; Exh. C. Rather, Elan has asked about Abraxis's *factual* knowledge of Elan's patents. Elan *has to* inquire about such facts to prove its case. "The question of willful patent infringement is one of fact turning on whether the alleged infringer had a reasonable belief that the challenged activity did not violate the law." *Intex*, 2005 WL 5099032, at *3 (citing *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1192-93 (Fed. Cir. 1996)), *superseded on other grounds*, *In re Seagate Technology*, Misc. Dkt. No. 830 (Fed. Cir. Aug. 20, 2007). Accordingly, Elan's Topic No. 12 is proper and cannot serve as the basis for Abraxis to avoid discovery. *See Intex*, 2005 WL 5099032, at *6-8 (denying motion for protective order and allowing Rule 30(b)(6) deposition to proceed on willful infringement topics).

### (d)    Elan's Topic No. 8 Seeks Information About A Relevant Period Of Time.

Abraxis's complaint that Elan's Topic No. 8 is not appropriately limited as to time is equally unavailing. Elan's Topic No. 8 seeks testimony about any analyses of Abraxane®'s United States and foreign market share from 2000 to the present. *See* D.I. 254; Exh. C. Abraxis claims that because Elan does not allege infringement before Abraxane® was approved for sale in the United States (in January 2006), Elan's deposition topic should be limited to the period from 2006 forward. Not only is Abraxis's claim a better subject for objection, rather than a motion for protection, it lacks merit.

Elan does not dispute that Abraxane® was first approved by FDA for sale in the United States in January 2006. Abraxis, however, submitted its Investigational New Drug Application to FDA in June 1998 (Exh. H, I), and began its first clinical trials of the drug now known as Abraxane® in July 1998. Exh. J  By 2002, Abraxis had entered its final stages of

testing Abraxane®. Exh. K.    It is not unreasonable, therefore, to expect that Abraxis began analyzing in 2002 the potential market share that Abraxane® would claim upon its eventual sale. Under the standards articulated by Federal Rule of Civil Procedure 26, Elan is entitled to such information as it may lead to the discovery of admissible evidence regarding damages. *See* Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .").

> **(e)    Abraxis's Vague And Unsupported Complaints Do Not Meet The Required Good Cause Standard.**

Abraxis's unsupported assertions do not meet the good cause requirement of Rule 26(c). *See Emory v. Astrazeneca Pharms.*, Civ. A. No. 02-1466JJF, 2003 WL 22136301, at *1 (D. Del. Sept. 4, 2003) (noting that under Rule 26(c), "good cause requires a specific showing" that "clearly defined and serious injury" will result). Indeed, "[t]he circumstances are rare which justify an order that a deposition not be taken at all . . . ." *Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 603 (D. Del. 1973).    Accordingly, Abraxis's Motion should be denied and Abraxis ordered to present a witness in response to Elan's Notice at the earliest reasonable date.

## VI.    Conclusion

Elan has provided Abraxis with reasonable notice, completely compliant with the scheduling order and Local Rules, of its intent to depose an Abraxis witness or witnesses on a limited number of topics closely-tailored to two important issues in this case.  The facts relating to both issues are well-known to, and readily ascertainable by, Abraxis.  Abraxis was not free simply to ignore Elan's Notice, not objecting to it in writing, or to invoke the supposed "complexity" of the narrow topics identified by Elan as grounds for not complying or compromising with Elan so as to make responsive witnesses available on a reasonable schedule pursuant to the obligations imposed by the Notice.

Therefore, because Abraxis has failed to designate a corporate representative in response to Elan's valid notice of deposition of a Rule 30(b)(6) witness, Elan asks this Court for an order compelling Abraxis to designate a corporate representative or representatives and to make him or them available for deposition within fourteen (14) days of the hearing on the instant Motion and Cross-Motion, and for such other and further relief to which it is justly entitled.

### VII.    Prayer

For these reasons, Elan seeks an order from the Court that:

1.    Denies Abraxis's Motion For a Protective Order requiring Elan to withdraw its Notice Of Rule 30(b)(6) Deposition;

2.    Grants Elan's Cross-Motion To Compel Rule 30(b)(6) Deposition Of Abraxis; and

3.    Awards Elan its reasonable expenses in responding to Abraxis's Motion For Protective Order and preparing its Cross-Motion To Compel.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware  19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
*Elan Pharma International Limited*

16

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625

Dated: August 30, 2007
183740.1

# EXHIBIT A

**From:**      Sullivan, Jeffrey D.
**Sent:**      Tuesday, August 07, 2007 10:33 PM
**To:**        'DKruze@mofo.com'
**Cc:**        Glover, Linda; Fehlner, Paul F.; Scheve, Steve
**Subject:**   Re: Elan vs Abraxis/Elan's Rule 30(b)(6) Notice

Dear Diana:

We stand by our interpretation of local practice on scheduling -- though the issue is moot as we have extended the date through August 13, which your initial responsive e-mail indicated both parties could at a minimum agree was a timely date.  Thus any timing objections are as we see it beside the point.

On your other points, you have directed us to no authority for the position that a deposition notice containing 21 categories of information closely tailored to financial information that would be known or knowable in any substantial company is per se subject to being ignored based upon the number of topics identified, with precision.  As you know, Abraxis is free to (and could and should) identify one or a plurality of witnesses to cover the respective topics identified, so there is no undue burden on Abraxis or on any particular witness.

We are available to discuss these issues at any time tomorrow, although given Abraxis's announced intention simply to ignore no matter what (without notice until our inquiry today) a lawfully-issued and binding subpoena as to which the relevant contempt provisions apply, we are less than optimistic about a meaningful scope of discussion.

Please contact us with any questions regarding these matters.

Thank you and best regards.

JDS

----- Original Message -----
From: Kruze, Diana B. <DKruze@mofo.com>
To: Sullivan, Jeffrey D.
Cc: Glover, Linda; Fehlner, Paul F.; Scheve, Steve
Sent: Tue Aug 07 19:55:43 2007
Subject: RE: Elan vs Abraxis/Elan's Rule 30(b)(6) Notice

Dear Jeffrey:

Thanks for your email.  Abraxis disagrees with your interpretation of the Delaware local rules regarding depositions as well as the Federal Rules of Civil Procedure regarding the computation of time.  Elan's claim that it may exclude weekends from the computation of the 7-day minimum notice period is flatly contradicted by Federal Rule of Civil Procedure 6(a), which explicitly applies to computing periods of time prescribed not only by the Federal Rules themselves but also "by the local rules of any district court."  Fed. R. Civ. P. 6(a).  As the district court in Delaware is as bound by this rule as any other federal district court, Abraxis does not believe that the 7-day minimum notice requirement can be treated any differently.

Moreover, 7 days is the minimum amount of time that can be considered "reasonable notice" under Delaware Local Rule 30.2.  Given that Elan's 30(b)(6) notice contains 21 separate topics on a variety of highly complex issues, Elan's disregard for even the bare minimum requirement is particularly inappropriate.

I also note that Elan has not addressed Abraxis's objections that the topics in Elan's notice are improper for a 30(b)(6) deposition, overly broad, and unduly burdensome.

Therefore, Abraxis stands by its position that it will not produce a witness in response to this 30(b)(6) notice and requests that Elan withdraw its notice.

You have not mentioned whether you are available tomorrow to meet and confer about these issues.  Again, could you please let me know as soon as possible about your availability to meet and confer?

Best regards,

Diana Kruze

---

From: Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
Sent: Tuesday, August 07, 2007 4:41 PM
To: Kruze, Diana B.
Cc: linda.glover@bakerbotts.com; PAUL.FEHLNER@bakerbotts.com; Steve.Scheve@bakerbotts.com
Subject: Re: Elan vs Abraxis/Elan's Rule 30(b)(6) Notice


Dear Diana:

Consultation with local counsel confirms that under local rules and practice, the seven day notice period is consecutive and does not exclude weekends.  This is an issue on which Abraxis would not prevail before a Delaware Judge -- our Notice was timely, and it was not appropriate for Abraxis to withhold its objections until we inquired today regarding your presentation of a witness.

Nonetheless, and in the interests of professional courtesy, we are willing to extend the date for this deposition to August 13 (at the same location).  This both obviates your timing concern and addresses your other objections.

Fact discovery deadlines are set for a reason, and the fact that our timely deposition notice requires Abraxis to prepare and provide a witness on a plurality of appropriate topics likely to lead to admissible evidence is not, standing alone, permissible grounds for refusing to produce any witness at all before the fact discovery deadline.

If you so require, we willl re-notice the deposition for August 13, based on your refusal to produce a witness Thursday, but otherwise we ask you to take this as our formal notice that the deposition will proceed on the 13th.

If Abraxis refuses to provide any witness, and has not filed a well-founded application for protective order to date, we reserve all rights as to costs and fees, and will take this matter up with Magistrate Judge Stark.

Thank you and best regards.

JDS

----- Original Message -----
From: Kruze, Diana B. <DKruze@mofo.com>
To: Sullivan, Jeffrey D.
Cc: Glover, Linda; Fehlner, Paul F.; Scheve, Steve
Sent: Tue Aug 07 17:40:20 2007
Subject: Elan vs Abraxis/Elan's Rule 30(b)(6) Notice

Dear Jeffrey:

I write regarding Elan's Notice of Rule 30(b)(6) Deposition of Abraxis BioScience, Inc., served on August 1, 2007. Abraxis objects to this notice on several grounds and will not be providing a witness to testify on the topics in this notice.

First, Elan's deposition notice is untimely. Under the Delaware Local Rules, "reasonable notice" for the taking of a Rule 30(b)(6) deposition shall not be less than 7 days. D. Del. LR 30.2. Because the period of time prescribed in this rule is less than 11 days, the computation must exclude Saturdays and Sundays pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(a). Accordingly, on August 1, Elan was not permitted to serve a notice of deposition for any date earlier than August 13.

Second, Elan's 30(b)(6) notice contains a large number of topics, several of which are extremely complex and would have required substantial time to prepare a witness to testify on behalf of Abraxis. Therefore, even if Elan had given the bare minimum notice required under the Local Rules, it would not have provided Abraxis with a reasonable amount of time in which to designate and prepare a corporate representative.

Third, most of the topics in Elan's notice are overly broad, unduly burdensome, or improper topics for a 30(b)(6) deposition. For example, Topic No. 12 is directed at "All facts concerning whether or not any infringement of Elan's Patents by Abraxis was willful." This topic seeks Abraxis's contentions regarding willful infringement and would require a witness to make legal conclusions as to willfulness. It is Abraxis's position that the use of a 30(b)(6) deposition to obtain a party's contentions is improper.

Many of Elan's other topics are overly broad and unduly burdensome. For example, Topic Nos. 1, 2, 7, 9, 10, and 14 would require Abraxis to prepare a witness to testify regarding complicated business, financial, strategic, sales, and accounting information without any reasonable date or time limitation.

For these reasons, among others, Abraxis asks that Elan withdraw this 30(b)(6) notice. If Elan is unwilling to do so, Abraxis will have no choice but to seek a protective order. Please let me know your availability tomorrow (in the morning if possible) to meet and confer on these issues.

Sincerely,

Diana Kruze

---

From: Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
Sent: Tuesday, August 07, 2007 2:19 PM
To: Kruze, Diana B.
Subject: Elan's Rule 30(b)(6) Notice

Diana:

   Could you confirm that Abraxis will be producing one or more 30(b)(6) witnesses on damages issues this Thursday pursuant to our Notice? Can you supply names for Esquire to clear them?

   Thank you and best regards.

JDS

 Jeffrey D. Sullivan
Baker & Botts, L.L.P.
30 Rockefeller Plaza
44th Floor
New York, New York 10112
Tel.: (212) 408-2589
Fax: (212) 408-2501
jsullivan@bakerbotts.com

          Be advised: This transmittal is confidential. It may be a protected attorney-client communication or may otherwise be legally privileged. If you are not the intended recipient or an agent of the same, you are hereby notified that you have received this transmittal in error. It is not for you. In this case, any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you have received this communication in error, please notify us immediately by reply E-mail or by telephone (call collect at (212) 408-2660) and immediately delete this message and all its attachments.

======================================================================
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S. Federal tax issues is contained in
this communication (including any attachments), such advice is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

======================================================================

This message contains information which may be confidential and privileged. Unless you are
the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.
======================================================================

======================================================================
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S. Federal tax issues is contained in
this communication (including any attachments), such advice is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

======================================================================

This message contains information which may be confidential and privileged. Unless you are
the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.
======================================================================

# EXHIBIT B

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE:650.813.5600
FACSIMILE:650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 31, 2007

Writer's Direct Contact

650.813.5625
EEvans@mofo.com

*By Electronic Mail and United States Mail*

Linda M. Glover
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston TX  77002-4995

Re:    *Elan Pharma International Limited v. Abraxis BioScience, Inc.*

Dear Linda:

I write regarding Elan's First Amended Notice of Rule 30(b)(6) Deposition of Abraxis Bioscience, Inc., served on May 17, 2007.

While we have objections to some of the categories, Abraxis will provide Raj Selvaraj to testify on the reasonable scope of the "testing" subjects 1 through 10.  We will let you know by Monday when he will be available for this deposition.

As we have discussed in the past, these depositions will be governed by the Federal Rules of Civil Procedure, and the limitations on the number and duration of depositions stated therein apply.  *See* 2000 Notes of Advisory Committee to Rule 30 ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.").  While the Scheduling Order limits each party to ten deponents of seven hours each, to avoid complications we propose that each party be allowed 70 hours of deposition time without a limit on the number of deponents (within reason, of course).  Each deposition would be no more than seven hours, on the record.  Please let us know if you are willing to stipulate to that proposal so we can avoid disputes later on — the large and varied number of 30(b)(6) notice topics by Elan may necessitate the designation and questioning of many different witnesses.

The "catch-all" testing subject number 11 ("To the extent not described above...") does not satisfy Elan's burden of identifying the matters on which examination is requested "with reasonable particularity."  F.R.C.P. 30(b)(6).  Also, the phrase "any analytical testing" is vague, making it impossible for a witness to be prepared to testify about "any" such testing during the over five year period of time requested by Elan.  Abraxis will, however, allow

**MORRISON | FOERSTER**

Linda M. Glover
May 31, 2007
Page Two

Elan to ask any witness designated on subjects 1 through 10 if they are aware of other testing of Abraxane®, and Abraxis will allow questioning on general aspects of such testing to proceed. If Elan has some specific testing in mind it would be very helpful in preparing the witness if you could let us know what you want in advance of the deposition. Otherwise, the witness may be unprepared to answer detailed questions on your testing of interest.

Elan's subject 12 regarding particle size is unnecessary given Abraxis' admissions of the particle size of Abraxane®. In accordance with F.R.C.P. 36(b) "any matter admitted under this rule is conclusively established..." Abraxis' responses to Elan's requests for admission numbers 19, 27 and 28 make any further discovery regarding the particle size of Abraxane® unnecessary and unduly burdensome.

Please note that Elan's definition of Abraxane® as including "intermediates" and "predecessors" is overbroad. Abraxane® is a specific product as defined in its NDA, and the name does not include intermediates and predecessors. In addition, the scope and meanings of "intermediates" and "predecessors" is not clear. For purposes of this deposition, we will interpret the term Abraxane® to mean Abraxane®, ABI-007, and Capxol.

We welcome the opportunity to discuss these issues with you further. If you would like to do so, we propose that the parties talk on Monday, June 4, around 10:00 a.m. (California time).

Sincerely,

Emily A. Evans

pa-1169303

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE:650.813.5600
FACSIMILE:650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 31, 2007

Writer's Direct Contact
650.813.5625
EEvans@mofo.com

*By Electronic Mail and United States Mail*

Linda M. Glover
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston TX  77002-4995

Re:    *Elan Pharma International Limited v. Abraxis BioScience, Inc.*

Dear Linda:

I write regarding Elan's Notice of Rule 30(b)(6) Deposition of Abraxis Bioscience, Inc., served on May 16, 2007.

Abraxis is prepared to provide Julie Lisano to testify  regarding subject 6 ("Identification of all published articles for which Abraxis purchased reprints to be used in responding to physician inquiries about Abraxane®."). We will let you know by Monday when she will be available for deposition. As discussed in my separate letter today, this deposition will be governed by the Federal Rules of Civil Procedure, though Abraxis is willing to reach an agreement to accommodate the number and duration of 30(b)(6) depositions noticed by Elan.

It is not possible to provide witnesses regarding subjects 1 through 5, because no such meeting took place. Please provide the factual basis for these subjects, and an explanation of the significance of such a sales meeting (including the alleged promotion of off-label use) to this litigation, so we can engage in a meaningful dialogue regarding these subjects.

Per my other letters today, we welcome the opportunity to discuss these issues with you. Please let me know if Monday, June 4, around 10:00 a.m. (California time) works for you.

Sincerely,

Emily A. Evans

pa-1169313

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE:650.813.5600
FACSIMILE:650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 31, 2007

Writer's Direct Contact
650.813.5625
EEvans@mofo.com

*By Electronic Mail and United States Mail*

Linda M. Glover
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston TX 77002-4995

Re:    *Elan Pharma International Limited v. Abraxis BioScience, Inc.*

Dear Linda,

I write regarding Elan's Notice of Rule 30(b)(6) Deposition of Abraxis Bioscience, Inc., served on May 17, 2007.

While we have objections to some of the categories, Abraxis will provide witnesses to testify on the reasonable scope of subjects 1 through 8, 11, and 12. These witnesses are Bruce Wendell (Subject No. 1), Joe Hogan (Subject Nos. 2.a.-e.), Julie Lisano (Subject Nos. 2.f. & g., 11, and 12), Randy Kreibich (Subject No. 8), and Steve Brenner (Subject Nos. 3-7). We will let you know by Monday the dates when these witnesses will be available to testify. As discussed in my separate letter today, this deposition will be governed by the Federal Rules of Civil Procedure, though Abraxis is willing to reach an agreement to accommodate the number and duration of 30(b)(6) depositions noticed by Elan.

Regarding subject 1, the current and historical corporate organizational structure of "Abraxis" as defined by Elan is a very broad subject. Abraxis can provide a witness on the past and present organizational structure of Abraxis Bioscience, Inc. at the corporate level, as well as the current structure of Abraxis at the divisional level. With respect to past structure at the divisional level, we will need more information about what you are interested in to prepare the witness adequately.

We believe that the appropriate vehicle for pursuing information regarding subjects 2(a) through 2(g), 3, 4, and 5 is interrogatory requests, not 30(b)(6) subjects. F.R.C.P. 26(b)(2)(C). It is not reasonable to expect a witness to memorize all the requested names, and Elan would almost certainly get a more complete response by means of interrogatories. Please let me know if you would like to discuss this subject further.

**MORRISON** | **FOERSTER**

Linda M. Glover
May 31, 2007
Page Two

Subjects 6 and 7 are vague and call for legal conclusions that a fact witness cannot testify to. Abraxis will, however, provide a witness on the location of documents produced or to be produced by Abraxis in this case.

Subjects 9 and 10 relate to electronic discovery processes negotiated and agreed to by Elan's counsel, and are therefore unnecessary and unduly burdensome. In particular, counsel for Elan negotiated the "process used to identify documents responsive to Elan's First and Second Sets of Requests for Production created and/or stored electronically" as reflected in, *inter alia,* the parties' March 9, 2007 letter, March 12, 2007 letter, March 19, 2007 letter, and April 17, 2007 email. *See* Elan Notice of Rule 30(b)(6) Deposition Definitions 9 and 10. There is no need to separately depose a witness on this subject. Similarly, subject 9 improperly attempts to impose unlimited electronic discovery obligations on Abraxis despite Elan's agreement defining the scope of electronic discovery.

Please note that there is no "Research Product Development" department. We understand this definition to refer instead to the Product Development department of Abraxis Research. There is also no Research Formulation Development department, and we understand this definition to refer instead to the Formulation Development department of Abraxis Research. Similarly, there is no "Oncology Leadership" department, but we understand this definition to refer to the Abraxis Oncology division of Abraxis BioScience. Please let me know if you disagree with any of these understandings.

Per my other letters today, we welcome the opportunity to discuss these issues with you. Please let me know if Monday, June 4, around 10:00 a.m. (California time) works for you.

Sincerely,

*Emily A. Evans*

Emily A. Evans

pa-1169314

**Glover, Linda**

| | |
|---|---|
| **From:** | Fehlner, Paul F. |
| **Sent:** | Friday, June 15, 2007 5:01 PM |
| **To:** | Emily A. Evans (eevans@mofo.com) |
| **Cc:** | Scheve, Steve; Glover, Linda; Chiarini, Lisa; Cozeolino, Jennifer; William J. Sipio Ph. D. Esq. (sipz25@aol.com) |
| **Subject:** | Rule 30(b)(6) depositions |

Emily:

This is to confirm that we will be taking the Rule 30(b)(6) deposition scheduled for June 22.

We are taking under advisement your request to take the depositions of Joe Hogan and Julie Lisano in New York or New Jersey, and possibly postponing them until the week of July 16th.

Best regards,

Paul

**Paul F. Fehlner, Ph.D.**
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

Tel. 212.408.2527
Cell 917.826.9452
Fax 212.259.2527
mailto:paul.fehlner@bakerbotts.com

CONFIDENTIALITY NOTICE. This email message and any attachments may be confidential and may be subject to the attorney-client privilege or other privilege. If you are not the intended recipient, please do not read, copy or re-send this email message or its attachments; immediately notify the sender by reply email or by collect call to 212.408.2500; and delete this email message and any attachments. Thank you for your assistance.

## Glover, Linda

| | |
|---|---|
| **From:** | Evans, Emily A. [EEvans@mofo.com] |
| **Sent:** | Tuesday, June 19, 2007 10:36 PM |
| **To:** | Fehlner, Paul F. |
| **Cc:** | sipz25@aol.com; Glover, Linda; Chiarini, Lisa; Scheve, Steve |

**Subject:** Abraxis: deposition schedule

Dear Paul:

Please allow this email to memorialize the parties' emails and meet and confers regarding deposition scheduling.

Abraxis confirms that the following depositions will take place in Los Angeles at the location noticed by Elan:

> **June 22**: Randy Kreibich (9am-12pm), Steve Brenner (1pm-4pm), and Raj Selveraj (4pm-5:30pm)

**June 29**: Julie Lisano (9am-11am) and Bruce Wendell (2pm-5pm)

During a call earlier this week, Diana Kruze explained that Joe Hogan is no longer available on June 29. Diana proposed that his deposition take place on July 17, 2007 in New Jersey. Please confirm that this date is acceptable. Lisa Chiarini stated that she will check with Riker Danzig to see if they have rooms available on the 17th. If not, we can make alternate arrangements.

These witnesses are being presented to testify as to the Rule 30(b)(6) topics specified in my previous e-mails and letters.

Elan has proposed the following dates for Abraxis's noticed depositions:

> **June 29**: 30(b)(6) deposition: Justin Underwood

> **June 29**: Pramod Sarpotdar

>> **July 16**: William Davis (You explained that it has not yet confirmed this date with Mr. Davis, but are reasonably sure of his availability. Please let us know as soon as possible.)

> **July 26**: Lawrence de Garavilla

> **July 30**: Elaine and Gary Liversidge

Abraxis objects to Elan's proposal as to de Garavilla, Elaine Liversidge and Gary Liversidge. These depositions were noticed on May 29; Elan proffered no reason why Elan cannot offer these witnesses in a timely manner. If there is a valid reason, we would like to hear it. Please

let us know.

We are still awaiting Elan's remaining deposition notices.

As always, I am happy to discuss any of the foregoing.

Best regards,

Emily Evans

Emily A. Evans
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5625
Fax: (650) 494-0792
eevans@mofo.com

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you
that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication
(including any attachments), such advice is not intended or written to be used, and cannot be used, for
the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the
addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the
message or any information contained in the message. If you have received the message in error, please
advise the sender by reply e-mail @mofo.com, and delete the message.

8/30/2007

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
SECOND SET OF INTERROGATORIES (Nos. 9 -11)
AND REQUESTS FOR PRODUCTION (Nos. 35 -62)**

Plaintiff Elan Pharma International Limited ("Elan") hereby propounds the following Interrogatories and Requests for Production on Defendant Abraxis BioScience, Inc. ("Abraxis") pursuant to Fed. R. Civ. P. 33 and 34, respectively.

**DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, the terms listed below are defined as follows:

A.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

B.    The terms "any", "all", or "each" shall be construed as "any, all, and each."

C.    The term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible recordation of information by any means  and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks

or hard drives, or electronic databases, and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. "Document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

D.    When referring to documents, "identify" shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), recipient(s), the physical location of the document and the name of its custodian(s).

E.    The term "person" shall mean any natural person, any business, firm, association, organization, joint venture, partnership, corporation, or any legal or governmental entity.

F.    When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address(es) and telephone number(s), and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

G.    The use of the singular form of any word shall include the plural and *vice versa.*

H.    "Abraxis" shall mean Defendant Abraxis BioScience, Inc., as well as any subsidiary, parent or affiliate thereof; all divisions, predecessors, successors or assignees of each of the foregoing, including without limitation, American Pharmaceutical Partners Inc., VivoRx and American BioScience Inc.; and all their directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

2

I.      The term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis.

J.      The term "the '363 patent" shall refer to United States Patent No. 5,399,363.

K.      The term "the '025 patent" shall refer to United States Patent No. 5,834,025.

L.      The term "considered" shall mean take into account before making a decision and/or recommendation.

M.      The terms "relate" or "relating to" shall mean and include referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

N.      "Communication" shall include all meetings, telephone calls, conversations, discussions, letters, memoranda, notes, and other forms of communication.

## INSTRUCTIONS

A.      You are required to answer these interrogatories and respond to these requests for production by drawing upon all materials in your possession, ownership, custody or control, including materials that you have a right to secure from any other source. If you cannot answer an interrogatory or respond to a request for production after conducting a reasonable investigation, you should answer or respond to the extent that you can, stating what responsive information you do have, what responsive information you cannot provide, and stating what efforts you made to obtain the unknown information.

B.      Each interrogatory or request for production is to be read, construed, and responded to separately and independently without reference to or being limited by any other interrogatory or request for production.

3

C.    If, in responding to any of these discovery requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction used in responding to the request.

D.    Where a claim of privilege is asserted in responding or objecting to any discovery request or sub-part thereof, and information is not provided on the basis of such assertion,

      1.    the party asserting the privilege shall in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

      2.    the following information shall be provided in the objection:

            a.    for documents: (i) the identities of the author(s), addressee(s), and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

            b.    for oral communications: (i) the identity of the person making the communication and identity of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) date and place of the communication; (iii) the general subject matter of the communication.

E.    With respect to each document or thing otherwise responsive to any document request which has been lost or destroyed since its preparation or receipt, identify the document or

4

thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed.

F.      Where documents or things in your possession, custody, or control are requested, such request or inquiry includes documents and things in the possession, custody, or control of each of your agents, servants, employees, representatives, and unless privileged, your attorneys.

G.      Each document or group of documents produced in response to a document request shall indicate the number of each and every request to which it is responsive.

H.      All documents are to be produced with their original file folders, file jackets, envelopes, or covers, or an accurate reproduction thereof.

I.      These discovery requests are deemed to be continuing. With respect to any of the following discovery requests as to which defendant, after responding, discovers or acquires additional responsive material, plaintiff requests that defendant produces such additional material for inspection and copying, in accordance with Fed. R. Civ. P. 26(e), no more than thirty (30) days after defendant discovers or acquires such additional material.

## INTERROGATORIES

<u>Interrogatory No. 9:</u>

Identify any individual[s] and/or firm[s] who provided Abraxis with a written opinion regarding infringement by Abraxane® and/or the validity of U.S. Patent No. 5,834,025.

<u>Interrogatory No. 10</u>

Identify any individual[s] and/or firm[s] who provided Abraxis with a written opinion regarding infringement by Abraxane® and/or the validity of U.S. Patent No. 5,399,363.

<u>Interrogatory No. 11</u>

Identify the source of all documents produced by Abraxis in this action. In your response, please:

      a.    identify each document by Bates number;

      b.    state the location where each document was found; and

      c.    identify the person or persons from whose files each document was taken.

## REQUESTS FOR PRODUCTION

<u>Document Request No. 35</u>

Produce an authentic copy of Abraxis's "Abraxane® ODAC Briefing Package" considered at the September 7, 2006 FDA Oncological Drug Advisory Committee meeting.

<u>Document Request No. 36</u>

Produce an authentic copy of the "Abraxane® ODAC Briefing Package" presented to FDA Oncological Drug Advisory Committee.

<u>Document Request No. 37</u>

Produce all documents submitted in 2006 to FDA Oncological Drug Advisory Committee regarding Abraxane®.

<u>Document Request No. 38</u>

Produce the entire 2004 Abraxis Sales Training Book referenced as source material in ABRX 0003133.

<u>Document Request No. 39</u>

Produce all communications between Abraxis and Dr. William Gradishar regarding Abraxane®.

<u>Document Request No. 40</u>

Produce all documents that contain Dr. William Gradishar's analyses of Abraxane®.

<u>Document Request No. 41</u>

Produce all financial agreements between Dr. William Gradishar and Abraxis.

<u>Document Request No. 42</u>

Produce all communications between Abraxis and Dr. Edith Perez regarding Abraxane®.

7

Document Request No. 43

      Produce all documents that contain Dr. Edith Perez's analyses of Abraxane®.

Document Request No. 44

      Produce all financial agreements between Abraxis and Dr. Edith Perez.

Document Request No. 45

      Produce all communications between Abraxis and Dr. Clifford Hudis regarding Abraxane®.

Document Request No. 46

      Produce all documents that contain Dr. Clifford Hudis's analyses of Abraxane®.

Document Request No. 47

      Produce all financial agreements between Abraxis and Dr. Clifford Hudis.

Document Request No. 48

      Produce all communications between Abraxis and Dr. Craig Henderson regarding Abraxane®.

Document Request No. 49

      Produce all documents that contain Dr. Craig Henderson's analyses of Abraxane®.

Document Request No. 50

      Produce all financial agreements between Abraxis and Dr. Craig Henderson.

Document Request No. 51

      Produce a copy of any agreements between Abraxis and AstraZeneca UK Limited regarding Abraxane®, including but not limited to the Co-Promotion and Strategic Marketing Services Agreement dated April 26, 2006.

8

<u>Document Request No. 52</u>

        Produce a copy of any agreement between American BioScience, Inc. and Taiho

Pharmaceutical Co., Ltd. regarding Abraxane®.

<u>Document Request No. 53</u>

        Produce all documents related to Abraxis's presentations about Abraxane® at the

29th Annual San Antonio Breast Cancer Symposium held December 14 - 17, 2006.

<u>Document Request No. 54</u>

        Produce all documents related to Abraxis's presentations about Abraxane® at the

28th Annual San Antonio Breast Cancer Symposium held December 8-11, 2005.

<u>Document Request No. 55</u>

        Produce all documents related to Abraxis's presentations about Abraxane® at the

27th Annual San Antonio Breast Cancer Symposium held December 8-11, 2004.

<u>Document Request No. 56</u>

        Produce all documents related to Abraxis's presentations about Abraxane® at the

26th Annual San Antonio Breast Cancer Symposium held December 3 - 6, 2003.

<u>Document Request No. 57</u>

        Produce all documents that describe the human serum albumin in Abraxane® as a

protein.

<u>Document Request No. 58</u>

        Produce all documents that describe a protein as a polymer of amino acid.

<u>Document Request No. 59</u>

        Produce all documents that refer to the paclitaxel in Abraxane® as taxol.

Document Request No. 60

       Produce an authentic copy of the presentation entitled "Abraxane: Nanoparticle platform delivers improved antitumor activity" given by Michael Hawkins, M.D., Chief Medical Officer American Bioscience, Inc. on January 24, 2006 at the National Institutes of Health in Bethesda, Maryland, including any transcripts and/or texts of the presentation.

Document Request No. 61

       Produce all documents that support Dr. Hawkins' statement during the presentation entitled "Abraxane: Nanoparticle platform delivers improved antitumor activity" that the "zeta potential" of the human serum albumin keeps the paclitaxel in Abraxane® in an "amorphous non-crystalline state . . ."

Document Request No. 62

       Produce all documents referring or relating to the use of bovine serum albumin as a component of a nanoparticle containing paclitaxel.

 

                ASHBY & GEDDES

                _____

                Steven J. Balick (I.D. #2114)
                John G. Day (I.D. #2403)
                Tiffany Geyer Lydon (I.D. #3950)
                500 Delaware Avenue, 8th Floor
                P.O. Box 1150
                Wilmington, Delaware  19899-1150
                (302) 654-1888 Telephone
                sbalick@ashby-geddes.com
                jday@ashby-geddes.com
                tlydon@ashby-geddes.com

                *Attorneys for Plaintiff*
                *Elan Pharma International Limited*

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659 Telephone
(713) 229-2859 Facsimile
Steve.Scheve@bakerbotts.com
Linda.Glover@bakerbotts.com

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527 Telephone
(212) 408-2501 Facsimile
Paul.Fehlner@bakerbotts.com

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625 Telephone
(866) 317-2059 Facsimile
Sipz25@aol.com

Dated: March 1, 2007
178404.1

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2007, the attached **PLAINTIFF ELAN**

**PHARMA INTERNATIONAL LIMITED'S SECOND SET OF INTERROGATORIES**

**(Nos. 9-11) AND REQUESTS FOR PRODUCTION (Nos. 35-62)** was served upon the below-

named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | VIA HAND DELIVERY |
| Michael A. Jacobs, Esquire<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA  94105-2482 | VIA FEDERAL EXPRESS |
| Emily A. Evans, Esquire<br>Morrison & Foerster, LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304-1018 | VIA FEDERAL EXPRESS |

Tiffany Geyer Lydon

173077.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 06-438-GMS |

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 1st day of March, 2007, copies of

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S SECOND SET OF**

**INTERROGATORIES (Nos. 9-11) AND REQUESTS FOR PRODUCTION (Nos. 35-62)**

were served upon the following counsel of record at the address and in the manner indicated:


Josy W. Ingersoll, Esquire                                    HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Michael A. Jacobs, Esquire                                  VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Emily A. Evans, Esquire                                      VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625
Facsimile: (866) 317-2059

Dated: March 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2007, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the addresses and in the manner

indicated:

Josy W. Ingersoll, Esquire                                     VIA HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Michael A. Jacobs, Esquire                                    VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA  94105-2482

Emily A. Evans, Esquire                                        VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018


                                        */s/ Tiffany Geyer Lydon*
                                        _____
                                        Tiffany Geyer Lydon

## Discovery Documents

1:06-cv-00438-GMS Elan Pharma International Limited v. Abraxis Bioscience Inc.
MEDIATION, PATENT, PaperDocuments

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 3/1/2007 at 5:37 PM EST and filed on
3/1/2007

| | |
|---|---|
| **Case Name:** | Elan Pharma International Limited v. Abraxis Bioscience Inc. |
| **Case Number:** | 1:06-cv-438 |
| **Filer:** | Elan Pharma International Limited |
| **Document Number:** | 50 |

**Docket Text:**
NOTICE OF SERVICE of Second Set of Interrogatories (Nos. 9-11) and Requests for Production (Nos.
35-62) by Elan Pharma International Limited.(Lydon, Tiffany)

**1:06-cv-438 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-
geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Paul F. Coyne    pcoyne@mofo.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com,
lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Emily A. Evans    Eevans@mofo.com

Josy W. Ingersoll    jingersoll@ycst.com, cglover@ycst.com, corpcal@ycst.com, corporate@ycst.com

Michael A. Jacobs    mjacobs@mofo.com

Karen Elizabeth Keller    kkeller@ycst.com, corpcal@ycst.com, corporate@ycst.com

Diana B. Kruze    dkruze@mofo.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Elena C. Norman    enorman@ycst.com, corpcal@ycst.com, corporate@ycst.com

Eric S. Walters    ewalters@mofo.com

**1:06-cv-438 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/1/2007] [FileNumber=351192-0]
[e4babefda1cd796eaf77d404b27897dedd586cb963bf9ac73f80254cc5efb7983de58
612166919de0900fbfb23548e49f6ecb22784268e608000b8ebc961238d]]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | | |
| Defendant. | | |

### PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
### THIRD SET OF INTERROGATORIES (Nos. 12-13)
### AND REQUESTS FOR PRODUCTION (Nos. 63-97)

Plaintiff Elan Pharma International Limited ("Elan") hereby propounds the following Interrogatories and Requests for Production on Defendant Abraxis BioScience, Inc. ("Abraxis") pursuant to Fed. R. Civ. P. 33 and 34, respectively.

### DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, the terms listed below are defined as follows:

A.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

B.    The terms "any", "all", or "each" shall be construed as "any, all, and each."

C.    The term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible recordation of information by any means  and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks

or hard drives, or electronic databases, and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. "Document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

D.     When referring to documents, "identify" shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), recipient(s), the physical location of the document and the name of its custodian(s).

E.     The term "person" shall mean any natural person, any business, firm, association, organization, joint venture, partnership, corporation, or any legal or governmental entity.

F.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address(es) and telephone number(s), and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

G.     The use of the singular form of any word shall include the plural and *vice versa.*

H.     "Abraxis" shall mean Defendant Abraxis BioScience, Inc., as well as any subsidiary, parent or affiliate thereof; all divisions, predecessors, successors or assignees of each of the foregoing, including without limitation, American Pharmaceutical Partners Inc., VivoRx and American BioScience Inc.; and all their directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

2

     I.    The term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis.

     J.    The term "the '363 patent" shall refer to United States Patent No. 5,399,363.

     K.    The term "the '025 patent" shall refer to United States Patent No. 5,834,025.

     L.    The term "morphology" shall refer to the physical state of paclitaxel.

     M.    The terms "relate" or "relating to" shall mean and include referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

     N.    "Communication" shall include all meetings, telephone calls, conversations, discussions, letters, memoranda, notes, and other forms of communication.

     O.    The term "relevant" shall refer to any document that supports or contradicts a statement that Abraxis may make in this litigation.

     P.    The term "Orange Book" shall refer to the United States Food and Drug Administration publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations".

## INSTRUCTIONS

     A.    You are required to answer these interrogatories and respond to these requests for production by drawing upon all materials in your possession, ownership, custody or control, including materials that you have a right to secure from any other source. If you cannot answer an interrogatory or respond to a request for production after conducting a reasonable investigation, you should answer or respond to the extent that you can, stating what responsive

3

information you do have, what responsive information you cannot provide, and stating what efforts you made to obtain the unknown information.

      B.     Each interrogatory or request for production is to be read, construed, and responded to separately and independently without reference to or being limited by any other interrogatory or request for production.

      C.     If, in responding to any of these discovery requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction used in responding to the request.

      D.     Where a claim of privilege is asserted in responding or objecting to any discovery request or sub-part thereof, and information is not provided on the basis of such assertion,

          1.     the party asserting the privilege shall in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

          2.     the following information shall be provided in the objection:

               a.     for documents: (i) the identities of the author(s), addressee(s), and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

               b.     for oral communications: (i) the identity of the person making the communication and identity of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

4

(ii) date and place of the communication; (iii) the general subject matter of the communication.

E.    With respect to each document or thing otherwise responsive to any document request which has been lost or destroyed since its preparation or receipt, identify the document or thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed.

F.    Where documents or things in your possession, custody, or control are requested, such request or inquiry includes documents and things in the possession, custody, or control of each of your agents, servants, employees, representatives, and unless privileged, your attorneys.

G.    Each document or group of documents produced in response to a document request shall indicate the number of each and every request to which it is responsive.

H.    All documents are to be produced with their original file folders, file jackets, envelopes, or covers, or an accurate reproduction thereof.

I.    These discovery requests are deemed to be continuing.  With respect to any of the following discovery requests as to which defendant, after responding, discovers or acquires additional responsive material, plaintiff requests that defendant produces such additional material for inspection and copying, in accordance with Fed. R. Civ. P. 26(e), no more than thirty (30) days after defendant discovers or acquires such additional material.

5

## INTERROGATORIES

### INTERROGATORY NO. 12.

Identify any individuals, firms and/or institutions who provided Abraxis with an analysis of the morphology of Abraxane® and/or any of its predecessor products containing nanoparticulate paclitaxel and human serum albumin, including Capxol, Nanozane, or ABI-007.

### INTERROGATORY NO. 13.

Identify any individuals, firms and/or institutions that analyzed the morphology of any nanoparticles present in Abraxane® and/or any of its predecessor products containing nanoparticulate paclitaxel and human serum albumin, including Capxol, Nanozane, or ABI-007 on or after November 1, 2001.

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 63.

Produce all documents reflecting the process by which Abraxane® prices were set in the United States, including but not limited to documents that set the price of Abraxane® in the United States.

### DOCUMENT REQUEST NO. 64.

Produce all documents reflecting marketing, business and/or product plans for Abraxane® in the United States.

### DOCUMENT REQUEST NO. 65.

Produce all documents reflecting marketing surveys for Abraxane® performed by, or on behalf of Abraxis in the United States, including but not limited to Abraxis's Annual Marketing Plans.

6

DOCUMENT REQUEST NO. 66.

Produce all drafts of published articles, abstracts, or advertisements concerning the rate of infusion used for the administration of Abraxane® in the United States that reflect edits or comments made by Abraxis's scientific communications and/or medical liaison employees.

DOCUMENT REQUEST NO. 67.

Produce all documents reflecting a summary or minutes of any meetings held by Abraxis's United States marketing and/or sales teams regarding Abraxane®.

DOCUMENT REQUEST NO. 68.

Produce all documents reflecting a summary or minutes of any meetings held by Abraxis's United States research and development team regarding Abraxane®.

DOCUMENT REQUEST NO. 69.

Produce all documents reflecting Medical Information Q & A's relating to the rate of infusion used for the administration of Abraxane® in the United States.

DOCUMENT REQUEST NO. 70.

Produce all documents reflecting any analyses of Abraxane® as compared with any other agent approved by the United States FDA to treat breast cancer that was performed by, or on behalf of Abraxis.

DOCUMENT REQUEST NO. 71.

Produce all documents reflecting the 2005 and 2006 corporate profit and loss statements of Abraxis regarding the sale of Abraxane® in the United States.

DOCUMENT REQUEST NO. 72.

Produce all documents reflecting any 2005 and 2006 divisional profit and loss statements of Abraxis regarding the sale of Abraxane® in the United States.

7

DOCUMENT REQUEST NO. 73.

Produce all documents reflecting any financial reporting in 2005 and 2006 by Abraxis regarding the sale of Abraxane® in the United States.

DOCUMENT REQUEST NO. 74.

Produce all documents reflecting the granting of any licenses by Abraxis to any third party of Abraxis's U.S. patents that cover Abraxane® in the Orange Book.

DOCUMENT REQUEST NO. 75.

Produce all documents that reflect any proposed licenses by Abraxis to any third party of Abraxis's U.S. patents that cover Abraxane® in the Orange Book.

DOCUMENT REQUEST NO. 76.

Produce all documents reflecting communications between Abraxis's licensees and Abraxis regarding Abraxis's U.S. patents that cover Abraxane® in the Orange Book.

DOCUMENT REQUEST NO. 77.

Produce all documents that reflect any lost order reports of Abraxis regarding the sale of Abraxane® in the United States.

DOCUMENT REQUEST NO. 78.

Produce all documents reflecting any product comparisons of Abraxane® with any other agent approved by the United States FDA to treat cancers other than breast cancer performed by, or on behalf of Abraxis.

DOCUMENT REQUEST NO. 79.

Produce all documents reflecting any product launch plans of Abraxane® prepared by, or on behalf of Abraxis.

8

**DOCUMENT REQUEST NO. 80.**

Produce all documents reflecting any product line gross/standard margin prepared by, or on behalf of Abraxis regarding the sale of Abraxane® in the United States.

**DOCUMENT REQUEST NO. 81.**

Produce all documents reflecting any promotional/advertising materials prepared by, or on behalf of Abraxis regarding the marketing and sale of Abraxane® in the United States.

**DOCUMENT REQUEST NO. 82.**

Produce all documents reflecting any revenue and unit summaries by month/quarter/year prepared by, or on behalf of Abraxis regarding the sale of Abraxane® in the United States.

**DOCUMENT REQUEST NO. 83.**

Produce all documents reflecting any strategic/long-term plans prepared by, or on behalf of Abraxis regarding the marketing and sale of Abraxane® in the United States.

**DOCUMENT REQUEST NO. 84.**

Produce all documents reflecting any market research reports prepared by, or on behalf of Abraxis regarding the marketing and sale of Abraxane® in the United States.

**DOCUMENT REQUEST NO. 85.**

Produce all documents reflecting any strategic/long-term plans prepared by, or on behalf of Abraxis regarding Abraxis's nab-platform for drug delivery in the United States.

**DOCUMENT REQUEST NO. 86.**

Produce all documents relevant to Abraxis's defense of inequitable conduct and its contention that the '363 patent is unenforceable.

9

DOCUMENT REQUEST NO. 87.

Produce all documents relevant to Abraxis's defense of inequitable conduct and its contention that the '025 patent is unenforceable.

DOCUMENT REQUEST NO. 88.

Produce all documents relevant to Abraxis's defense that is has not infringed, either directly or indirectly, any valid claim of the '363 patent under the reverse doctrine of equivalents.

DOCUMENT REQUEST NO. 89.

Produce all documents relevant to Abraxis's defense that is has not infringed, either directly or indirectly, any valid claim of the '025 patent under the reverse doctrine of equivalents.

DOCUMENT REQUEST NO. 90.

Produce all documents relevant to Abraxis's defense of patent misuse and attempted patent misuse and its contention that the '363 patent is unenforceable.

DOCUMENT REQUEST NO. 91.

Produce all documents relevant to Abraxis's defense of patent misuse and attempted patent misuse and its contention that the '025 patent is unenforceable.

DOCUMENT REQUEST NO. 92.

Produce all documents relevant to Abraxis's defense of unclean hands and its contention that the '363 patent is unenforceable.

DOCUMENT REQUEST NO. 93.

Produce all documents relevant to Abraxis's defense of unclean hands and its contention that the '025 patent is unenforceable.

DOCUMENT REQUEST NO. 94.

Produce all documents relevant to Abraxis's defense of invalidity of the '363 patent under obviousness-type double patenting.

DOCUMENT REQUEST NO. 95.

Produce all documents reflecting a summary of or any discussion concerning a joint Abraxis/Astra Zeneca sales/marketing meeting held in Pittsburgh, Pennsylvania in December 2006.

DOCUMENT REQUEST NO. 96.

Produce all documents reflecting the identities of individuals present at the joint Abraxis/Astra Zeneca sales/marketing meeting held in Pittsburgh, Pennsylvania in December 2006.

DOCUMENT REQUEST NO. 97.

Produce all documents reflecting, or responding to allegations that Abraxis is promoting off-label use of Abraxane® in the United States, including but not limited to Abraxis's response to Astra Zeneca marketing/sales personnel who attended the joint Abraxis/Astra Zeneca sales/marketing meeting held in Pittsburgh, Pennsylvania in December 2006.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
Tel: (302) 654-1888
**sbalick@ashby-geddes.com**
**jday@ashby-geddes.com**
**lmaguire@ashby-geddes.com**

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve, Esquire
Linda M. Glover, Esquire
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX  77042-49995
Tel: (713) 229-1659

Paul F. Fehlner, Esquire
Lisa Chiarini, Esquire
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Tel: (215) 801-3625

Dated:  May 9, 2007

180390.v1

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2007, the attached **PLAINTIFF ELAN**

**PHARMA INTERNATIONAL LIMITED'S THIRD SET OF INTERROGATORIES (Nos.**

**12-13) AND REQUESTS FOR PRODUCTION (Nos. 63-97)** was served upon the below-

named counsel of record at the addresses and in the manner indicated:

Josy W. Ingersoll, Esquire                          HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Michael A. Jacobs, Esquire                          VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Emily A. Evans, Esquire                             VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018


/s/ John G. Day
_____
John G. Day

173077.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED, | ) | |
| | ) | |
| | ) | C.A. No. 06-438-GMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABRAXIS BIOSCIENCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SERVICE

The undersigned hereby certifies that on the 9th day of May, 2007, **PLAINTIFF ELAN**

**PHARMA INTERNATIONAL LIMITED'S THIRD SET OF INTERROGATORIES (Nos.**

**12-13) AND REQUESTS FOR PRODUCTION (Nos. 63-97)** was served upon the following

counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| Michael A. Jacobs, Esquire<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA  94105-2482 | VIA FEDERAL EXPRESS |
| Emily A. Evans, Esquire<br>Morrison & Foerster, LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304-1018 | VIA FEDERAL EXPRESS |

ASHBY & GEDDES

*/s/ John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625
Facsimile: (866) 317-2059

Dated: May 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2007, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the addresses and in the manner

indicated:

Josy W. Ingersoll, Esquire                          HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Michael A. Jacobs, Esquire                          VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA  94105-2482

Emily A. Evans, Esquire                             VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018


*/s/ John G. Day*
_____
John G. Day

**Discovery Documents**

1:06-cv-00438-GMS Elan Pharma International Limited v. Abraxis Bioscience Inc.
MEDIATION, PATENT, PaperDocuments

### U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Day, John on 5/9/2007 at 6:08 PM EDT and filed on 5/9/2007
**Case Name:**        Elan Pharma International Limited v. Abraxis Bioscience Inc.
**Case Number:**      1:06-cv-438
**Filer:**            Elan Pharma International Limited
**Document Number:** 103

**Docket Text:**
NOTICE OF SERVICE of Third Set of Interrogatories (Nos. 12-13) and Requests for Production (Nos. 63-97) by Elan Pharma International Limited.(Day, John)

**1:06-cv-438 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Paul F. Coyne    pcoyne@mofo.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Emily A. Evans    Eevans@mofo.com

Josy W. Ingersoll    jingersoll@ycst.com, cglover@ycst.com, corpcal@ycst.com, corporate@ycst.com

Michael A. Jacobs    mjacobs@mofo.com

Karen Elizabeth Keller    kkeller@ycst.com, corpcal@ycst.com, corporate@ycst.com

Diana B. Kruze    dkruze@mofo.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Elena C. Norman    enorman@ycst.com, corpcal@ycst.com, corporate@ycst.com

Eric S. Walters    ewalters@mofo.com

**1:06-cv-438 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/9/2007] [FileNumber=385059-0]
[627cdaad94a780816cb3e2b98687c6c21bc59269f10af0bfdb755af2a8e63dcaab6a2
9876fcfbfb029ba54ee37885e5200559bd5ecc6207b44fef021ea665ee1]]

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ABRAXIS'S INITIAL DISCLOSURES UNDER
## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Abraxis provides the following disclosures.

Abraxis objects to the disclosure requirements of Rule 26(a)(1) to the extent they call for production of information protected by the attorney-client privilege, the attorney work product doctrine, or another privilege or immunity. All requirements will be read to exclude information so protected.

## B.    RULE 26(A)(1)(A):  WITNESSES

Abraxis discloses the following witnesses likely to have discoverable information that Abraxis may use to support its claims or defenses, unless solely for impeachment, and the subjects of the information they may possess. Elan should not directly contact any current and former Abraxis employees disclosed below, but rather should proceed only through Abraxis's undersigned counsel.

| Identity | Contact | Knowledge |
|---|---|---|
| Dr. Patrick Soon-Shiong | c/o counsel for Abraxis | Discovery, development, and commercialization of Abraxane; FDA approval of Abraxane; damages; non-willfulness |
| Dr. Neil Desai | c/o counsel for Abraxis | Discovery and development of Abraxane; FDA approval of Abraxane; non-willfulness |
| Dr. Michael Hawkins | c/o counsel for Abraxis | Development, commercialization, and FDA approval of Abraxane |
| Richard E. Maroun | c/o counsel for Abraxis | Damages; non-willfulness<br><br>By disclosing Mr. Maroun, Abraxis does not waive any privilege or immunity relating to Mr. Maroun |
| Mitchall Clark | c/o counsel for Abraxis | FDA approval of Abraxane |
| Bruce Wendell | c/o counsel for Abraxis | Commercialization of Abraxane; damages; non-willfulness<br><br>By disclosing Mr. Wendell, Abraxis does not waive any privilege or immunity relating to Mr. Wendell |
| Carlo Montagner | c/o counsel for Abraxis | Commercialization of Abraxane |
| Gary G. Liversidge | 258 Colwyn Terrace West Chester, PA 19380 | Named inventor of the '363 and '025 patents-in-suit: inventorship; invalidity; claim construction; all other matters typically within the knowledge of a named inventor of an asserted patent |
| Elaine M. Liversidge | 258 Colwyn Terrace West Chester, PA 19380 | Named inventor of the '363 and '025 patents-in-suit: inventorship; invalidity; claim construction; all other matters typically within the knowledge of a named inventor of an asserted patent |

| Pramod P. Sarpotdar | 5 Knollbrook Circle Malvern, PA 19355 | Named inventor of the '363 patent-in-suit: inventorship; invalidity; claim construction; all other matters typically within the knowledge of a named inventor of an asserted patent |
|---|---|---|
| Lawrence de Garavilla | 909 Noble Drive Downingtown, PA 19335 | Named inventor of the '025 patent-in-suit: inventorship; invalidity; claims construction; all other matters typically within the knowledge of a named inventor of an asserted patent |
| Arthur H. Rosenstein | Rochester, NY 14650 Phone: (716) 477-9908 Fax: (716) 477-4646 | Prosecution of the '363 patent-in-suit; inventorship; invalidity; claim construction |
| J. Jeffrey Hawley | Eastman Kodak Company Patent Department 343 State St Rochester, NY 14650 Phone: (585) 724-4947 | Prosecution of the '363 patent-in-suit; inventorship; invalidity; claim construction |
| William J. Davis | International Specialty Products 1361 Alps Rd. Wayne, NJ 07470 Phone: (973) 628-3529 | Prosecution of the '363 patent-in-suit; inventorship; invalidity; claim construction |
| Michele M. Simkin | Foley & Lardner LLP 3000 K Street, N.W. Suite 500 Washington, DC 20007 Phone: (202) 672-5538 Fax: (202) 672-5399 | Prosecution of the '363 and '025 patents-in-suit; inventorship; invalidity; claim construction |
| Gilbert W. Rudman | ATOFINA Chemicals INC, 2000 Market St. Philadelphia PA 19103 Phone: (215) 419-7636 | Prosecution of the '025 patent-in-suit; inventorship; invalidity; claim construction |
| Thurman K. Page | United States Patent and Trademark Office Washington, DC | Primary examiner for the '363 patent-in-suit: invalidity; claim construction |

| Carlos Azpuru | United States Patent and Trademark Office Washington, DC | Primary examiner for the '025 patent-in-suit: invalidity; claim construction |
|---|---|---|

## C.    RULE 26(A)(1)(B): DOCUMENTS

Abraxis identifies the following categories of documents, data compilations, and tangible things in its possession, custody, or control that it may use to support its counterclaims and affirmative defenses, unless solely for impeachment:

1.    Documents regarding the '363 patent and the '025 patent (collectively, the "patents-in-suit"), including their respective applications and prosecution file histories and prior art references cited therein;

2.    Documents and tangible things related to research and development of Abraxane;

3.    Documents relating to the structure of Abraxane;

4.    Documents relating to the administration of Abraxane;

5.    Documents reflecting communications between Abraxis and Elan;

6.    Samples of Abraxane;

7.    Prior art limiting the patents-at-suit;

8.    Certain licensing information, including agreements with these licensees; and

9.    Certain financial records, including but not limited to revenues, expenses, and sales regarding Abraxane.

These files are located in Abraxis's offices and in off-site storage facilities at various locations in Los Angeles, California, as well as in Schaumburg, Illinois.

## D.    RULE 26(A)(1)(C): DAMAGES

Abraxis intends to ask the Court to declare this matter to be exceptional under 35 U.S.C. § 285 and to award Abraxis its attorney fees and costs, which are not susceptible to computation at this time.

E.    **RULE 26(A)(1)(D):  INSURANCE AGREEMENTS**

At this time, Abraxis is not aware of any insurance agreement implicated by the

litigation.

Dated: November 16, 2006          By:  _____

Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6672  Telephone
(302) 576-3301  Facsimile
jingersoll@ycst.com
enorman@ycst.com

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000  Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on November 16, 2006, I caused copies of the foregoing document to be served upon the following counsel in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Steven J. Balick, Esquire
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

### BY E-MAIL

Stephen Scheve, Esquire
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
steve.scheve@bakerbotts.com

Paul F. Fehlner
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY  10112-4498
paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT &  TAYLOR, LLP

Elena C. Norman (No. 4780)
*enorman@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600
Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ELAN PHARMA                              )
INTERNATIONAL LIMITED,                   )
                                         )
      Plaintiff,                         )
                                         )
      v.                                 )      Case No. 06-438-GMS
                                         )
ABRAXIS BIOSCIENCE, INC.,                )
                                         )
      Defendant.                         )

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
SECOND SET OF INTERROGATORIES (Nos. 9 -11)
<u>AND REQUESTS FOR PRODUCTION (Nos. 35 -62)</u>**

      Plaintiff Elan Pharma International Limited ("Elan") hereby propounds the following Interrogatories and Requests for Production on Defendant Abraxis BioScience, Inc. ("Abraxis") pursuant to Fed. R. Civ. P. 33 and 34, respectively.

**DEFINITIONS**

      In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, the terms listed below are defined as follows:

      A.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

      B.     The terms "any", "all", or "each" shall be construed as "any, all, and each."

      C.     The term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible recordation of information by any means  and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks

or hard drives, or electronic databases, and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. "Document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

D.     When referring to documents, "identify" shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), recipient(s), the physical location of the document and the name of its custodian(s).

E.     The term "person" shall mean any natural person, any business, firm, association, organization, joint venture, partnership, corporation, or any legal or governmental entity.

F.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address(es) and telephone number(s), and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

G.     The use of the singular form of any word shall include the plural and *vice versa*.

H.     "Abraxis" shall mean Defendant Abraxis BioScience, Inc., as well as any subsidiary, parent or affiliate thereof; all divisions, predecessors, successors or assignees of each of the foregoing, including without limitation, American Pharmaceutical Partners Inc., VivoRx and American BioScience Inc.; and all their directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

2

I.     The term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis.

J.     The term "the '363 patent" shall refer to United States Patent No. 5,399,363.

K.     The term "the '025 patent" shall refer to United States Patent No. 5,834,025.

L.     The term "considered" shall mean take into account before making a decision and/or recommendation.

M.     The terms "relate" or "relating to" shall mean and include referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

N.     "Communication" shall include all meetings, telephone calls, conversations, discussions, letters, memoranda, notes, and other forms of communication.

## INSTRUCTIONS

A.     You are required to answer these interrogatories and respond to these requests for production by drawing upon all materials in your possession, ownership, custody or control, including materials that you have a right to secure from any other source. If you cannot answer an interrogatory or respond to a request for production after conducting a reasonable investigation, you should answer or respond to the extent that you can, stating what responsive information you do have, what responsive information you cannot provide, and stating what efforts you made to obtain the unknown information.

B.     Each interrogatory or request for production is to be read, construed, and responded to separately and independently without reference to or being limited by any other interrogatory or request for production.

3

C.     If, in responding to any of these discovery requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction used in responding to the request.

D.     Where a claim of privilege is asserted in responding or objecting to any discovery request or sub-part thereof, and information is not provided on the basis of such assertion,

1.     the party asserting the privilege shall in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

2.     the following information shall be provided in the objection:

a.     for documents: (i) the identities of the author(s), addressee(s), and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

b.     for oral communications: (i) the identity of the person making the communication and identity of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) date and place of the communication; (iii) the general subject matter of the communication.

E.     With respect to each document or thing otherwise responsive to any document request which has been lost or destroyed since its preparation or receipt, identify the document or

4

thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed.

      F.      Where documents or things in your possession, custody, or control are requested, such request or inquiry includes documents and things in the possession, custody, or control of each of your agents, servants, employees, representatives, and unless privileged, your attorneys.

      G.      Each document or group of documents produced in response to a document request shall indicate the number of each and every request to which it is responsive.

      H.      All documents are to be produced with their original file folders, file jackets, envelopes, or covers, or an accurate reproduction thereof.

      I.      These discovery requests are deemed to be continuing.  With respect to any of the following discovery requests as to which defendant, after responding, discovers or acquires additional responsive material, plaintiff requests that defendant produces such additional material for inspection and copying, in accordance with Fed. R. Civ. P. 26(e), no more than thirty (30) days after defendant discovers or acquires such additional material.

## INTERROGATORIES

Interrogatory No. 9:

Identify any individual[s] and/or firm[s] who provided Abraxis with a written opinion regarding infringement by Abraxane® and/or the validity of U.S. Patent No. 5,834,025.

Interrogatory No. 10

Identify any individual[s] and/or firm[s] who provided Abraxis with a written opinion regarding infringement by Abraxane® and/or the validity of U.S. Patent No. 5,399,363.

Interrogatory No. 11

Identify the source of all documents produced by Abraxis in this action. In your response, please:

      a.    identify each document by Bates number;

      b.    state the location where each document was found; and

      c.    identify the person or persons from whose files each document was taken.

6

## REQUESTS FOR PRODUCTION

Document Request No. 35

Produce an authentic copy of Abraxis's "Abraxane® ODAC Briefing Package" considered at the September 7, 2006 FDA Oncological Drug Advisory Committee meeting.

Document Request No. 36

Produce an authentic copy of the "Abraxane® ODAC Briefing Package" presented to FDA Oncological Drug Advisory Committee.

Document Request No. 37

Produce all documents submitted in 2006 to FDA Oncological Drug Advisory Committee regarding Abraxane®.

Document Request No. 38

Produce the entire 2004 Abraxis Sales Training Book referenced as source material in ABRX 0003133.

Document Request No. 39

Produce all communications between Abraxis and Dr. William Gradishar regarding Abraxane®.

Document Request No. 40

Produce all documents that contain Dr. William Gradishar's analyses of Abraxane®.

Document Request No. 41

Produce all financial agreements between Dr. William Gradishar and Abraxis.

Document Request No. 42

Produce all communications between Abraxis and Dr. Edith Perez regarding Abraxane®.

7

Document Request No. 43

Produce all documents that contain Dr. Edith Perez's analyses of Abraxane®.

Document Request No. 44

Produce all financial agreements between Abraxis and Dr. Edith Perez.

Document Request No. 45

Produce all communications between Abraxis and Dr. Clifford Hudis regarding Abraxane®.

Document Request No. 46

Produce all documents that contain Dr. Clifford Hudis's analyses of Abraxane®.

Document Request No. 47

Produce all financial agreements between Abraxis and Dr. Clifford Hudis.

Document Request No. 48

Produce all communications between Abraxis and Dr. Craig Henderson regarding Abraxane®.

Document Request No. 49

Produce all documents that contain Dr. Craig Henderson's analyses of Abraxane®.

Document Request No. 50

Produce all financial agreements between Abraxis and Dr. Craig Henderson.

Document Request No. 51

Produce a copy of any agreements between Abraxis and AstraZeneca UK Limited regarding Abraxane®, including but not limited to the Co-Promotion and Strategic Marketing Services Agreement dated April 26, 2006.

8

Document Request No. 52

Produce a copy of any agreement between American BioScience, Inc. and Taiho Pharmaceutical Co., Ltd. regarding Abraxane®.

Document Request No. 53

Produce all documents related to Abraxis's presentations about Abraxane® at the 29th Annual San Antonio Breast Cancer Symposium held December 14 - 17, 2006.

Document Request No. 54

Produce all documents related to Abraxis's presentations about Abraxane® at the 28th Annual San Antonio Breast Cancer Symposium held December 8-11, 2005.

Document Request No. 55

Produce all documents related to Abraxis's presentations about Abraxane® at the 27th Annual San Antonio Breast Cancer Symposium held December 8-11, 2004.

Document Request No. 56

Produce all documents related to Abraxis's presentations about Abraxane® at the 26th Annual San Antonio Breast Cancer Symposium held December 3 - 6, 2003.

Document Request No. 57

Produce all documents that describe the human serum albumin in Abraxane® as a protein.

Document Request No. 58

Produce all documents that describe a protein as a polymer of amino acid.

Document Request No. 59

Produce all documents that refer to the paclitaxel in Abraxane® as taxol.

9

Document Request No. 60

Produce an authentic copy of the presentation entitled "Abraxane: Nanoparticle platform delivers improved antitumor activity" given by Michael Hawkins, M.D., Chief Medical Officer American Bioscience, Inc. on January 24, 2006 at the National Institutes of Health in Bethesda, Maryland, including any transcripts and/or texts of the presentation.

Document Request No. 61

Produce all documents that support Dr. Hawkins' statement during the presentation entitled "Abraxane: Nanoparticle platform delivers improved antitumor activity" that the "zeta potential" of the human serum albumin keeps the paclitaxel in Abraxane® in an "amorphous non-crystalline state . . ."

Document Request No. 62

Produce all documents referring or relating to the use of bovine serum albumin as a component of a nanoparticle containing paclitaxel.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

10

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659 Telephone
(713) 229-2859 Facsimile
Steve.Scheve@bakerbotts.com
Linda.Glover@bakerbotts.com

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527 Telephone
(212) 408-2501 Facsimile
Paul.Fehlner@bakerbotts.com

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625 Telephone
(866) 317-2059 Facsimile
Sipz25@aol.com

Dated: March 1, 2007
178404.1

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2007, the attached **PLAINTIFF ELAN**

**PHARMA INTERNATIONAL LIMITED'S SECOND SET OF INTERROGATORIES**

**(Nos. 9-11) AND REQUESTS FOR PRODUCTION (Nos. 35-62)** was served upon the below-

named counsel of record at the addresses and in the manner indicated:

Josy W. Ingersoll, Esquire                                VIA HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Michael A. Jacobs, Esquire                                VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA  94105-2482

Emily A. Evans, Esquire                                   VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018


Tiffany Geyer Lydon

173077.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                    )
INTERNATIONAL LIMITED,         )
                               )
        Plaintiff,             )
                               )
    v.                         )        Case No. 06-438-GMS
                               )
ABRAXIS BIOSCIENCE, INC.,      )
                               )
        Defendant.             )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 1st day of March, 2007, copies of

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S SECOND SET OF**

**INTERROGATORIES (Nos. 9-11) AND REQUESTS FOR PRODUCTION (Nos. 35-62)**

were served upon the following counsel of record at the address and in the manner indicated:


Josy W. Ingersoll, Esquire                    HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Michael A. Jacobs, Esquire                    VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA  94105-2482

Emily A. Evans, Esquire                       VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625
Facsimile: (866) 317-2059

Dated: March 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2007, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the addresses and in the manner

indicated:

Josy W. Ingersoll, Esquire                     VIA HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Michael A. Jacobs, Esquire                     VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Emily A. Evans, Esquire                        VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018


                                   /s/ Tiffany Geyer Lydon
                                   _____
                                   Tiffany Geyer Lydon

## Discovery Documents

1:06-cv-00438-GMS Elan Pharma International Limited v. Abraxis Bioscience Inc.
MEDIATION, PATENT, PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 3/1/2007 at 5:37 PM EST and filed on 3/1/2007

| | |
|---|---|
| **Case Name:** | Elan Pharma International Limited v. Abraxis Bioscience Inc. |
| **Case Number:** | 1:06-cv-438 |
| **Filer:** | Elan Pharma International Limited |
| **Document Number:** | 50 |

**Docket Text:**
NOTICE OF SERVICE of Second Set of Interrogatories (Nos. 9-11) and Requests for Production (Nos. 35-62) by Elan Pharma International Limited.(Lydon, Tiffany)

**1:06-cv-438 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Paul F. Coyne    pcoyne@mofo.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Emily A. Evans    Eevans@mofo.com

Josy W. Ingersoll    jingersoll@ycst.com, cglover@ycst.com, corpcal@ycst.com, corporate@ycst.com

Michael A. Jacobs    mjacobs@mofo.com

Karen Elizabeth Keller    kkeller@ycst.com, corpcal@ycst.com, corporate@ycst.com

Diana B. Kruze    dkruze@mofo.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Elena C. Norman    enorman@ycst.com, corpcal@ycst.com, corporate@ycst.com

Case 1:06-cv-00438-GMS    Document 321-2    Filed 09/07/2007    Page 75 of 98
Page 2 of 2

Eric S. Walters    ewalters@mofo.com

**1:06-cv-438 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/1/2007] [FileNumber=351192-0]
[e4babefda1cd796eaf77d404b27897dedd586cb963bf9ac73f80254cc5efb7983de58
612166919de0900fbfb23548e49f6ecb22784268e608000b8ebc961238d]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                       )
INTERNATIONAL LIMITED,            )
                                  )
       Plaintiff,             )
                                  )
     v.                      )    Case No. 06-438-GMS
                                  )
ABRAXIS BIOSCIENCE, INC.,         )
                                  )
       Defendant.             )

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
FIRST SET OF INTERROGATORIES (Nos. 1-8)
AND REQUESTS FOR PRODUCTION (Nos. 1-34)**

     Plaintiff Elan Pharma International Limited ("Elan") hereby propounds the following Interrogatories and Requests for Production on Defendant Abraxis BioScience, Inc. ("Abraxis") pursuant to Fed. R. Civ. P. 33 and 34, respectively.

## DEFINITIONS

     In addition to the definitions set froth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, the terms listed below are defined as follows:

    A.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

    B.    The terms "any", "all", or "each" shall be construed as "any, all, and each."

    C.    The terms "concerning," "referring," and/or "relating" as used herein, shall include, but are not necessarily limited to, alluding to, responding to, pertaining to, connected

1

with, commenting on, in respect to, discussing, describing, reflecting, analyzing, projecting, evidencing and constituting.

D.     The term "communication" shall refer to every manner or means of disclosure, transfer or exchange of information in any form, whether made or accomplished orally or by document, whether face-to-face, by mail, facsimile, electronic mail, personal delivery, or otherwise, including but not limited to, meetings, telephone conversations, correspondence, memoranda, contracts, agreements, and verbal actions intended to or actually conveying information or data.

E.     The term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible recordation of information by any means and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks or hard drives, or electronic databases, and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. "Document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

F.     When referring to documents, "identify" shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), recipient(s), the physical location of the document and the name of its custodian(s).

G.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address(es) and telephone number(s), and when referring to a natural person, additionally, the present or last known place of employment. Once

2

a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

H.     The use of the singular form of any word shall include the plural and *vice versa*.

I.     The term "person" shall mean any natural person, any business, firm, association, organization, joint venture, partnership, corporation, or any legal or governmental entity.

J.     "Abraxis" shall mean Defendant Abraxis BioScience, Inc., as well as any subsidiary, parent or affiliate thereof; all divisions, predecessors, successors or assignees of each of the foregoing, including without limitation, American Pharmaceutical Partners Inc. and American BioScience Inc.; and all their directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

K.     The term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis.

L.     The term "the '363 patent" shall refer to United States Patent No. 5,399,363.

M.     The term "the '025 patent" shall refer to United States Patent No. 5,834,025.

## INSTRUCTIONS

A.     You are required to answer these interrogatories and respond to these requests for production by drawing upon all materials in your possession, ownership, custody or control, including materials that you have a right to secure from any other source. If you cannot answer an interrogatory or respond to a request for production after conducting a reasonable investigation, you should answer or respond to the extent that you can, stating what responsive information you do have, what responsive information you cannot provide, and stating what efforts you made to obtain the unknown information.

3

B.     Each interrogatory and request for production is to be read, construed, and responded to separately and independently without reference to or being limited by any other interrogatory or request for production.

C.     If, in responding to any of these discovery requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction used in responding to the request.

D.     Where a claim of privilege is asserted in responding or objecting to any discovery request or sub-part thereof, and information is not provided on the basis of such assertion,

1.     the party asserting the privilege shall in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

2.     the following information shall be provided in the objection:

a.     for documents: (i) the identities of the author(s), addressee(s), and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

b.     for oral communications: (i) the identity of the person making the communication and identity of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) date and place of the communication; and (iii) the general subject matter of the communication.

E.     With respect to each document or thing otherwise responsive to any document request which has been lost or destroyed since its preparation or receipt, identify the document or

4

thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed.

F.    Where documents or things in your possession, custody, or control are requested, such request or inquiry includes documents and things in the possession, custody, or control of each of your agents, servants, employees, representatives, and unless privileged, your attorneys.

G.    Each document or group of documents produced in response to a document request shall indicate the number of each and every request to which it is responsive.

H.    All documents are to be produced with their original file folders, file jackets, envelopes, or covers, or an accurate reproduction thereof.

I.    These discovery requests are deemed to be continuing. With respect to any of the following discovery requests as to which defendant, after responding, discovers or acquires additional responsive material, plaintiff requests that defendant produces such additional material for inspection and copying, in accordance with Fed. R. Civ. P. 26(e), no more than thirty (30) days after defendant discovers or acquires such additional material.

## INTERROGATORIES

Interrogatory No. 1.

State the factual basis(es) for Abraxis's contention that it does not and has not infringed the '025 patent, either directly or indirectly , including for each claim that Abraxis contends is not infringed an identification of the claim limitation that is not present in Abraxane®, the factual basis for asserting that the claim limitation is not present in Abraxane®, and any construction of such limitation upon which Abraxis relies for such non-infringement contention.

Interrogatory No. 2.

If you contend that any claim of the '025 patent is invalid, unenforceable or void for any

5

reason, set forth in detail your contention(s) and the factual basis for such contention(s) for each claim you contend is invalid, unenforceable or void; and, if based on prior art, identify all prior art that you contend affects the validity or enforceability of such claim(s) and provide an element-by-element analysis, including the relied upon construction of all terms in the claim(s) and the relationship between the applicable claim(s) and each piece of prior art that forms the basis of your contention(s).

Interrogatory No. 3.

State the factual basis(es) for Abraxis's contention that it does not and has not infringed the '363 patent, either directly or indirectly, including for each claim that Abraxis contends is not infringed an identification of the claim limitation that is not present in Abraxane®, the factual basis for asserting that the claim limitation is not present in Abraxane®, and any construction of such limitation upon which Abraxis relies for such non-infringement contention.

Interrogatory No. 4.

If you contend that any claim of the '363 patent is invalid, unenforceable or void for any reason, set forth in detail your contention(s) and the factual basis for such contention(s) for each claim you contend is invalid, unenforceable or void; and, if based on prior art, identify all prior art that you contend affects the validity or enforceability of such claim(s) and provide an element-by-element analysis, including the relied upon construction of all terms in the claim(s) and the relationship between the applicable claim(s) and each piece of prior art that forms the basis of your contention(s).

Interrogatory No. 5.

State the basis for Abraxis's contention that Elan is barred by the doctrine of prosecution history estoppel from contending that any claim of the '363 or '025 patents covers any product

6

manufactured, used, sold, or offered for sale by Abraxis, including ground(s) for asserting that prosecution history estoppel is an affirmative defense, the claim(s) or claim limitation(s) to which the estoppel allegedly applies, and the portion of the prosecution history relied upon for such estoppel.

Interrogatory No. 6.

Identify all persons having relevant knowledge of facts concerning the subject matter of this case, and for each such person state the subject of his or her knowledge.

Interrogatory No. 7.

Identify all persons that Abraxis may call as witnesses at trial, and for each such person state the intended subject matter of his or her testimony.

Interrogatory No. 8.

Identify all U.S. Patents that include any claim which Abraxis contends covers the Abraxane® product and further identify each claim that covers the product in each identified patent.

## DOCUMENT REQUESTS

Document Request No. 1.

All documents concerning any New Drug Application ("NDA") and/or Abbreviated New Drug Application ("ANDA"), including any draft, supplement, or amendment thereto, including, but not limited to, NDA No. 21-660, filed by Abraxis with the United States Food and Drug Administration ("FDA") at any time concerning Abraxane®.

Document Request No. 2.

Any version of any NDA, and/or ANDA including any draft, supplement, or amendment thereto, including, but not limited to, NDA No. 21-660, filed by Abraxis with the FDA at any time concerning Abraxane®.

Document Request No. 3.

Any document concerning any application filed by or on behalf of Abraxis to obtain regulatory approval for Abraxane® in a country other than the United States of America.

Document Request No. 4.

Any document concerning any communications between the FDA and Abraxis concerning Abraxane® prior to the FDA's approval of Abraxis's NDA No. 21-660 for Abraxane®.

Document Request No. 5.

Any document concerning any communications between the FDA and Abraxis concerning Abraxane® after the FDA's approval of Abraxis's NDA No. 21-660 for Abraxane®.

Document Request No. 6.

Any document concerning the timing, schedule, timetable, projection of approval, or any FDA notification of tentative approval, of any NDAs and/or ANDAs filed by Abraxis concerning Abraxane®.

Document Request No. 7.

One of each document or thing which has been prepared, considered, distributed, or published to advertise, publicize, promote, or illustrate Abraxis's Abraxane® product, including, but not limited to, any package insert, letter to physicians, internal sales and marketing

8

memoranda, promotional material, sales literature, brochures, catalogs, product releases, or flyers.

Document Request No. 8.

Any document concerning any post-approval studies on Abraxane®, including without limitation clinical studies.

Document Request No. 9.

Any document concerning any communications within Abraxis, or between Abraxis and any other person, concerning the '363 patent and/or the '025 patent, including, but not limited to, any document concerning any advice or opinion of counsel concerning the infringement or validity of the '363 patent and/or the '025 patent.

Document Request No. 10.

Any document concerning any prior art search, study, review, or compilation on which Abraxis may rely to support its contention of noninfringement or invalidity of the '363 and/or '025 patents.

Document Request No. 11.

Any document embodying or concerning prior art on which Abraxis may rely to support its contention of noninfringement or invalidity of the '363 and/or '025 patents.

Document Request No. 12.

To the extent not called for by Requests Nos. 9-11, any document on which Abraxis may rely upon to support its contention of noninfringement or invalidity of the '363 and/or '025 patents.

9

Document Request No. 13.

Any document on which Abraxis may rely to support its asserted defense of prosecution history estoppel regarding its infringement of the '363 and/or '025 patents.

Document Request No. 14.

Any document concerning Abraxis's document retention or document destruction rules, policies, procedures, or practices.

Document Request No. 15.

Documents sufficient to show or illustrate the organization of Abraxis, its parent and/or subsidiaries, sufficient to identify:

      (a) directors, officers, managerial and supervisory employees and description of each such person's duties and responsibilities;

      (b) each division, department, unit, or subdivision involved in the design, development, manufacture, marketing, promotion, importation, distribution, or sale of Abraxane®, and the identity of persons having responsibility for each such division, department, or subdivision.

Document Request No. 16.

All laboratory notebooks and other documents that refer or relate to the manufacturing and evaluation of Abraxane® as an intravenous treatment for cancer including, but not limited to, (1) all analytical methods used to physically, chemically, and pharmacologically characterize Abraxane® including all physical measurements of Abraxane® and the molecular structure of Abraxane®, (2) all spectroscopic data acquired on Abraxane® and analytical reports prepared in accordance with this spectroscopic data acquisition, (3) all pharmacy research and development

10

regarding the formulation of Abraxane®, (4) all pharmacokinetic data regarding the intravenous administration of Abraxane®, (5) all hemodynamic data regarding the intravenous administration of Abraxane®, (6) all information regarding the process used to manufacture Abraxane®, (7) all information regarding the active pharmaceutical ingredient, paclitaxel, in Abraxane® including the entire contents of the Drug Master File referenced by Abraxis in their NDA No. 21-660 regarding Abraxane®, (8) all information regarding human serum albumin present in Abraxane®, (9) all summaries, quarterly reports, executive summaries, and information given to potential investment groups, private or public, regarding Abraxane®, and (10) all memoranda, reports, or summaries relating or referring to categories (1)-(9) above.

<u>Document Request No. 17.</u>

All information submitted to the FDA by Abraxis in support of its application(s) for approval to market Abraxane® under section 505(b)(2) of the Federal Food, Drug and Cosmetic Act ("the Act").

<u>Document Request No. 18.</u>

All communications from the FDA to Abraxis concerning its application(s) for approval to market Abraxane® under section 505(b)(2) of the Act.

<u>Document Request No. 19.</u>

All information given to any contract research organizations employed by or on behalf of Abraxis to test or evaluate Abraxane®, both before and after approval of Abraxane® by the FDA, including, but not limited to, any protocols or procedures suggested by Abraxis for the administration of Abraxane® to patients with breast cancer.

11

Document Request No. 20.

All communications received from or sent to any contract research organizations employed by or on behalf of Abraxis to test or evaluate Abraxane®, including, but not limited to, any protocols or procedures suggested by Abraxis for the administration of Abraxane® to patients with breast cancer.

Document Request No. 21.

All information, including without limitation, information sent to the FDA or any other regulatory body, regarding any adverse incidence reports regarding the administration of Abraxane® to patients with breast cancer, including pharmacovigilance and global safety reports, and any proposed recommendations in response to such reports.

Document Request No. 22.

All documents related to Abraxis's contention that "[T]he paclitaxel present in Abraxane is in its amorphous form..." as stated on page 3, line 12 of the JOINT STATUS REPORT submitted to the Court on October 30, 2006.

Document Request No. 23.

All documents related to Abraxis's contention that they "[A]dminister nanoparticles of the drug in its amorphous form that are coated with the natural blood protein albumin...." as stated on page 2, lines 17-19 of the JOINT STATUS REPORT submitted to the Court on October 30, 2006.

Document Request No. 24.

All documents related to Abraxis's contention that "[A]braxane does not include liposomes or a 'colloidal polymeric material'..." as stated on page 3, line 14 of the JOINT STATUS REPORT submitted to the Court on October 30, 2006.

12

Document Request No. 25.

All documents related to the rate of infusion of Abraxane®, including any related to Abraxis's contention that "[A]braxis does not encourage administration of Abraxane...at an infusion rate of less than 10 mg/ml...." as stated on page 3, lines 14-16 of the JOINT STATUS REPORT submitted to the Court on October 30, 2006.

Document Request No. 26.

All documents that relate to the sales and marketing of Abraxane®, including but not limited to detail pieces.

Document Request No. 27.

All prior art studies or searches that refer or relate to the '363 and/or '025 patents, the subject matter of the '363 and/or '025 patents, and all documents that refer or relate to such prior art studies or searches.

Document Request No. 28.

All documents that constitute, refer or relate to any opinion (including any opinion of counsel), investigation, study, evaluation or analysis pertaining to: (a) the '363 patent, the subject matter of the '363 patent or any of the examples of the '363 patent; or (b) the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, patentability or unpatentability, scope or interpretation of the '363 patent or one or more claims of the '363 patent.

Document Request No. 29.

All documents that constitute, refer or relate to any opinion (including any opinion of counsel), investigation, study, evaluation or analysis pertaining to: (a) the '025 patent, the subject matter of the '025 patent or any of the examples of the '025 patent; or (b) the validity or

13

invalidity, enforceability or unenforceability, infringement or noninfringement, patentability or unpatentability, scope or interpretation of the '025 patent or one or more claims of the '025 patent.

Document Request No. 30.

All documents that refer or relate to any instructions or advice given to physicians or clinicians by or on behalf of Abraxis to administer Abraxane® to patients with breast cancer, including but not limited to responses to physician inquiry letters.

Document Request No. 31.

All documents that refer or relate to any comparison made by or on behalf of Abraxis between Abraxane® and any other commercial product used for the treatment of breast cancer that contains paclitaxel.

Document Request No. 32.

All documents that refer or relate to Abraxis's testing, evaluation or analysis to the determine the physical state of paclitaxel in nanoparticle form, including without limitation documents that refer to relate to Example 14 of U.S. Patent No. 6,749,868 to Desai et al.

Document Request No. 33.

All documents that refer or relate to any labels, packages or displays used for Abraxane®.

Document Request No. 34.

All documents that refer or relate to the patents listed by Abraxis in the Orange Book for Abraxane®, including but not limited to U.S. Patent Nos. 5,498,421, 6,096,331, 6,506,405, 6,537,579, 6,749,868, 6,753,006.

14

ASHBY & GEDDES

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888

*Of Counsel:*

Stephen Scheve
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
(713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

Dated: November 10, 2006

175067.1

15

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2006, the attached **ELAN PHARMA**

**INTERNATIONAL LIMITED'S FIRST SET OF INTERROGATORIES (Nos. 1-8) AND**

**REQUESTS FOR PRODUCTION (Nos. 1-34)** was served upon the below-named counsel of

record at the addresses and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | <u>VIA HAND DELIVERY</u> |
| Michael A. Jacobs, Esquire<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | <u>VIA FEDERAL EXPRESS</u> |
| Emily A. Evans, Esquire<br>Morrison & Foerster, LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018 | <u>VIA FEDERAL EXPRESS</u> |

Tiffany Geyer Lydon

173077.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                         )
INTERNATIONAL LIMITED,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        Case No. 06-438-GMS
                                    )
ABRAXIS BIOSCIENCE, INC.,           )
                                    )
        Defendant.                  )

<u>NOTICE OF SERVICE</u>

The undersigned hereby certifies that on the 10th day of November, 2006, **PLAINTIFF**

**ELAN PHARMA INTERNATIONAL LIMITED'S FIRST SET OF**

**INTERROGATORIES (Nos. 1-8) AND REQUESTS FOR PRODUCTION (Nos. 1-34)**

were served upon the following counsel of record at the address and in the manner indicated:


Josy W. Ingersoll, Esquire                      <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Michael A. Jacobs, Esquire                      <u>VIA FEDERAL EXPRESS</u>
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Emily A. Evans, Esquire                         <u>VIA FEDERAL EXPRESS</u>
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899-1150
(302) 654-1888

*Of Counsel:*

Stephen Scheve
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
(713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

Dated: November 10, 2006

### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2006, the attached **ELAN PHARMA**

**INTERNATIONAL LIMITED'S FIRST SET OF INTERROGATORIES (Nos. 1-8) AND**

**REQUESTS FOR PRODUCTION (Nos. 1-34)** was served upon the below-named counsel of

record at the addresses and in the manner indicated:

Josy W. Ingersoll, Esquire                                    VIA HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Michael A. Jacobs, Esquire                                   VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Emily A. Evans, Esquire                                      VIA FEDERAL EXPRESS
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018


/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon

## Discovery Documents
1:06-cv-00438-GMS Elan Pharma International Limited v. Abraxis Bioscience Inc.
PATENT

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 11/10/2006 at 4:26 PM EST and filed on 11/10/2006

| | |
|---|---|
| **Case Name:** | Elan Pharma International Limited v. Abraxis Bioscience Inc. |
| **Case Number:** | 1:06-cv-438 |
| **Filer:** | Elan Pharma International Limited |
| **Document Number:** 17 | |

**Docket Text:**
NOTICE OF SERVICE of First Set of Interrogatories (Nos. 1-8) and Requests for Production (Nos. 1-34) by Elan Pharma International Limited.(Lydon, Tiffany)

**1:06-cv-438 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, tlydon@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Emily A. Evans    Eevans@mofo.com

Josy W. Ingersoll    jingersoll@ycst.com, cglover@ycst.com, corpcal@ycst.com, corporate@ycst.com

Elena C. Norman    enorman@ycst.com, corpcal@ycst.com, corporate@ycst.com

**1:06-cv-438 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/10/2006] [FileNumber=300953-0
] [4b00e10ca35d7e9195a81a9fddd4040aa935b2672e339960f4b3b5f2548ff27d09e

ecefd1365dbcfe1597c9cb5dd72aa82ebf695877f83837692dfc85bafd934]]

# EXHIBIT F

# REDACTED

# EXHIBIT G

# REDACTED

# EXHIBIT H

# REDACTED

# EXHIBIT I

# REDACTED

# EXHIBIT J

**REDACTED**

# EXHIBIT K

**REDACTED**

# EXHIBIT L

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                           )
INTERNATIONAL LIMITED,                )
                                      )
            Plaintiff,                )        C.A. No. 06-438-GMS
                                      )
    v.                                )
                                      )
ABRAXIS BIOSCIENCE, INC.,             )
                                      )
            Defendant.                )

## PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S NOTICE OF RULE 30(b)(6) DEPOSITION OF ABRAXIS BIOSCIENCE, INC.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Elan Pharma International Limited ("Elan") will take the continuing deposition by oral testimony of Defendant Abraxis Bioscience, Inc. ("Abraxis"), through one or more of its officers, directors, managing agents, or other persons consenting to testify on the matters listed on Attachment A.

The deposition shall take place at the offices of Esquire Deposition Services, 6222 Wilshire Blvd, 2nd Fl., Los Angeles, California 90048 on May 30, 2007, at 9:00 a.m. PST, or at such other place, date and time mutually agreed upon or ordered by the Court, before a notary public or other officer authorized to administer oaths. The testimony shall be recorded by stenographic and/or videographic means and shall continue from day to day until completed.

At least seven days before the deposition, Abraxis is requested to produce to undersigned counsel a list of proposed witnesses for each topic identified in Attachment A.

ASHBY & GEDDES

/s/ Lauren E. Maguire

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625
Facsimile: (866) 317-2059

Dated: May 17, 2007
180666.11

2

## ATTACHMENT A

## DEFINITIONS

1.     As used herein, each of the terms, "Defendant," Abraxis Bioscience, Inc.," "Abraxis Bioscience," "Abraxis," "you," or "your" shall refer to Defendant Abraxis Bioscience, Inc., and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successors-in-interest, or other related company, including but not limited to American Pharmaceutical Partners and American Bioscience; and includes any present or former officer, director, agent, employee, consultant, or representative of Abraxis Bioscience, Inc., and any other person acting on or purporting to act on its behalf.

2.     As used herein, the term "Elan" shall refer to Plaintiff Elan Pharma International Limited.

3.     As used herein, the terms "all," "any" or "each" shall be construed as any, all, and each inclusively.

4.     As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

5.     As used herein, the term "communication" shall refer to any and all exchanges of information between two or more persons by any medium, including, but not limited, meetings, telephone conversations, correspondence, memoranda, computer, or verbal actions intended to or actually conveying information or data.

6.     As used herein, the term "documents" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include, but not be limited to, every writing or record of any kind that is in your possession, custody and control and that is kept by electronic, photographic, mechanical, or other means.

1

7.   As used herein, the term "subject matter" shall mean and include the following:

    a       the claims of the '363 and '025 patents;

    b       the validity and/or invalidity of the '363 and '025 patents;

    c       Abraxane®.

8.   As used herein, the term "Relevant Time Period" shall mean January 1, 1998 to July 19, 2006.

9.   As used herein, the term "agreed electronic search terms/strings" refers to the search terms that Abraxis agreed to use for locating responsive electronic documents in the possession of the e-custodians as reflected in the parties' March 9, 2007 and March 12, 2007 letters, and the April 17, 2007 email.

10.  As used herein, the term "agreed e-custodians" refers to the custodians whose electronic documents will be searched with the agreed electronic search terms/strings as reflected in the parties' March 9, 2007 and March 12, 2007 letters.

11.  As used herein, the term "drug information requests" refers to requests to Abraxis made by physicans, pharmacists or other healthcare professionals about Abraxane®, including, but not limited to, requests for scientific literature reprints, Abraxane®'s labeled and unlabeled clinical uses, drug composition, clinical dosage inquiries, drug administration, and adverse reactions.

12.  As used herein, the term "call detail reports" refers to documents reflecting communications beween Abraxis's sales representatives and/or medical science liaisons and physicans, pharmacists and/or other healthcare professionals, about the clinical use of Abraxane®.

13.  As used herein, the term "Oncology Proprietary Marketing Non-Sales" refers to the Abraxis department reflected on ABRX 0168285.

2

14. As used herein, the term "Oncology Global Clinical Development & Medical Affairs" refers to the Abraxis department reflected on ABRX 0168282.

15. As used herein, the term "Oncology Global Commercial Operations" refers to the Abraxis department reflected on ABRX 0168284.

16. As used herein, the term "Drug Safety" refers to the Abraxis department reflected on ABRX 0168293.

17. As used herein, the term "Oncology Sales - East" refers to the Abraxis department reflected on ABRX 0168288.

18. As used herein, the term "Oncology Sales - West" refers to the Abraxis department reflected on ABRX 0168289.

19. As used herein, the term "Oncology Sales - Training" refers to the Abraxis department reflected on ABRX 0168290.

20. As used herein, the term "U.S. Sales and Marketing" refers to the Abraxis department reflected on ABRX 0168286.

21. As used herein, the term "Research and Development" refers to the Abraxis department reflected on ABRX 0168276.

22. As used herein, the term "Chemistry" refers to the Abraxis department reflected on ABRX 0168343.

23. As used herein, the term "Nanotechnology" refers to the Abraxis department reflected on ABRX 0168355-56.

24. As used herein, the term "Research Product Development" refers to the Abraxis department reflected on ABRX 0168382.

3

25.  As used herein, the term "Research Formulation Development" refers to the Abraxis department reflected on ABRX 0168383.

26.  As used herein, the term "Oncology Leadership" refers to the Abraxis department reflected on ABRX 0168281.

27.  As used herein, the term "Regulatory Affairs" refers to the Abraxis department reflected on ABRX 0168372 and ABRX 0168291.

## SUBJECT MATTER

1.  The current and historical corporate organizational structure of Abraxis.

2.  The identities of persons within Abraxis involved in the:
    a.  formulation development of Abraxane®;
    b.  development of Abraxane®'s manufacturing process;
    c.  development of Abraxane®'s marketing plans;
    d.  development of Abraxane®'s sales training manuals;
    e.  development of Abraxane®'s promotional materials;
    f.  purchase of scientific literature reprints about Abraxane® for distribution to physicans, pharmacists and/or other healthcare professionals;
    g.  dissemination of scientific literature reprints about Abraxane® to physicans, pharmacists and/or other healthcare professionals.

3.  The identity of all individuals asked to search for documents responsive to Elan's First and Second Sets of Requests for Production of Documents.

4.  The identities of all individuals whose files were searched for documents responsive to Elan's First and Second Sets of Requests for Production of Documents.

5.  The identifies of all individuals who provided documents responsive to Elan's First and Second Sets of Requests for Production of Documents.

6.  Identification of likely locations of documents relevant to the subject matter of this action.

7.  Identification of likely locations of documents responsive to Elan's First and Second Sets of Requests for Production of Documents.

8.  Identification of the personal and/or group network storage space, including any shared drives, hard drives, and/or network folders to be searched using the agreed electronic search terms/strings for each of the agreed e-custodians.

4

9.  Identification of electronic documents relevant to the subject matter of this action and not collected or searched using the agreed electronic search terms/strings for each of the agreed e-custodians.

10. The process used to identify documents responsive to Elan's First and Second Sets of Requests for Production created and/or stored electronically in the following Abraxis departments:

    a.  Oncology Proprietary Marketing Non-Sales;
    b.  Oncology Global Clinical Development & Medical Affairs;
    c.  Oncology Global Commercial Operations;
    d.  Drug Safety;
    e.  Oncology Sales - East;
    f.  Oncology Sales - West;
    g.  Oncology Sales - Training;
    h.  U.S. Sales and Marketing;
    i.  Research and Development;
    j.  Chemistry;
    k.  Nanotechnology;
    l.  Research Product Development;
    m.  Research Formulation Development;
    n.  Oncology Leadership;
    o.  Regulatory Affairs.

11. The process for tracking and responding to drug information requests made to the following Abraxis departments:

    a.  Oncology Global Clinical Development & Medical Affairs;
    b.  Oncology Sales - East;
    c.  Oncology Sales - West.

12. Abraxis's process for tracking call detail reports.

5

# EXHIBIT M

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                          -  -  -

 4   ELAN PHARMA INTERNATIONAL    :      Civil Action
     LIMITED,                     :
 5                                :
                  Plaintiff,      :
 6                                :
          v.                      :
 7                                :
     ABRAXIS BIOSCIENCE INC.,     :
 8                                :
                  Defendant.      :      No. 06-438-GMS
 9                          -  -  -

10                     Wilmington, Delaware
                       Monday, July 16, 2007
11                          4:00 p.m.
                       Telephone Conference
12                          -  -  -

13   BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge

14   APPEARANCES:

15          JOHN G. DAY, ESQ.
            Ashby & Geddes
16              -and-
            PAUL FEHLNER, ESQ., and
17          LINDA GLOVER, ESQ. (Houston, Texas)
            Baker Botts LLP
18          (New York, New York)

19                          Counsel for Plaintiff

20          ELENA C. NORMAN, ESQ.
            Young Conaway Stargatt & Taylor, LLP
21              -and-
            MICHAEL A. JACOBS, ESQ., and
22          EMILY A. EVANS, ESQ.
            Morrison & Foerster
23          (San Francisco, California)

24                          Counsel for Defendant

25
```

21

1    30th, Your Honor.

2              THE COURT:  What is the reason for that?

3              MS. GLOVER:  Well, there are three reasons, Your

4    Honor.  The first being the very late production of these

5    laboratory notebooks, which in a pharmaceutical patent case

6    go to the very heart of the issues between the parties.

7              The second was that Abraxis only recently

8    produced 260,000 pages of responsive documents.  Most of

9    these were responsive to the requests that we issued or

10   propounded in November of 2006.  And, Your Honor, most of

11   these documents were produced in response to your order of

12   May 3rd.

13             Finally, while I am recalling there was a third

14   reason, now I can't remember exactly what it was.  But those

15   were certainly two of the reasons that we set forth in our

16   motion.

17             THE COURT:  Perhaps you will get the third

18   reason when counsel responds.

19             MS. GLOVER:  I hope so, Your Honor.

20             THE COURT:  Counsel for Abraxis, who is going to

21   do this?

22             MR. JACOBS:  I will do this a bit, Your Honor,

23   on some of the scheduling issues, and I will turn it over to

24   Ms. Evans.

25             Our response, Your Honor, is to revisit how we

31

1    that it is July 15th.  So some enlargement of time would be

2    appropriate in view of the fact that we have simply not had

3    confidence that the full production of the requested

4    documents has been made by the defendants.

5            THE COURT:  So making the request and putting a

6    more realistic proposal before the Court, Mr. Fehlner, Ms.

7    Glover, what would you like to ask for?  Because I am not

8    giving you till the end of September.

9            MS. GLOVER:  Well, Your Honor, would 45 days be

10   acceptable to the Court?

11           THE COURT:  Mr. Jacobs, from your perspective,

12   what would be a reasonable amount of time?  I know your

13   immediate answer would be none.

14           MR. JACOBS:  Right.

15           THE COURT:  In the spirit of compromise here --

16   and I do understand that this is costing dollars, real

17   dollars -- what would you counter-propose?

18           MR. JACOBS:  Let me tell you my answer and give

19   you two sentences why.  I think if they had two weeks, we

20   could get this all done.  The reason I say two weeks is we

21   actually have a schedule lined up --

22           THE COURT:  You have read my mind.  That's what

23   I am going to order at this stage of this discussion.

24           I will give you an additional two weeks, Elan.

25           MS. GLOVER:  Thank you, Your Honor.