IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-438-GMS |
| v. | ) ) | **REDACTED —** |
| ABRAXIS BIOSCIENCE, INC., | ) ) | **PUBLIC VERSION** |
| Defendant. | ) ) ) | |

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF WITHHELD AND/OR UNREDACTED VERSIONS OF DOCUMENTS CREATED BY OR FOR THIRD PARTIES**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672  Telephone
jingersoll@ycst.com
enorman@ycst.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone

Dated:  August 30, 2007

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 1

I.    ELAN HAS CONCEDED THAT IT CANNOT MEET ITS BURDEN OF
PROOF UNDER THE APPLICABLE RULE BECAUSE IT DOES NOT
CONTROL THE PRIOR OWNERS ................................................................................. 1

II.    ELAN'S OPERATION OF NANOSYSTEMS'S BUSINESS DOES NOT VEST
IN ELAN THE RIGHT TO ASSERT PRIVILEGE OVER THE PRIOR
OWNERS' DOCUMENTS ............................................................................................... 3

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page**

## CASES

*Coffin v. Bowater Inc.*,
  2005 U.S. Dist. LEXIS 9395 (D. Me. May 13, 2005) ................................................4

*In re Crescent Beach Inn*,
  37 B.R. 894 (Bankr. D. Me. 1984) ...........................................................................4

*In re Financial Corp. of Am.*,
  119 B.R. 728 (Bankr. D. Cal. 1990) ........................................................................4

*In re Grand Jury Empanelled Feb. 14, 1978*,
  603 F.2d 469 (3d Cir. 1979) ....................................................................................1

*In re Grand Jury Subpoenas 89-3 and 89-4*,
  734 F. Supp. 1207 (E.D. Va.) ..................................................................................3

*In re In-Store Advertising Sec. Litig.*,
  163 F.R.D. 452 (S.D.N.Y. 1995) .............................................................................2

*Ramada Franchise Sys. v. Hotel of Gainesville Assocs.*,
  988 F. Supp. 1460 (D. Ga. 1997) ............................................................................4

*Soverain Software LLC v. Gap, Inc.*,
  340 F. Supp. 2d 760 (E.D. Tex. 2004).....................................................................4

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366,
  2003 U.S. Dist. LEXIS 13816 (N.D. Ill. Aug. 6, 2003) ..........................................2

DB02:6214049.1                                                                                                     065496.1001

Defendant Abraxis BioScience, Inc. ("Abraxis") respectfully submits this Reply Brief in support of its Motion to Compel Production of Withheld and/or Unredacted Versions of Documents Created By or For Third Parties ("Motion"), filed August 8, 2007, and in response to the Answering Brief opposing the Motion filed by Plaintiff Elan Pharma Int'l Ltd. ("Elan") on August 22, 2007.

## INTRODUCTION

Elan has failed to show that it is entitled to assert privilege over the documents it holds that were created by or for the following third-party prior owners of the patents-in-suit: Sterling Winthrop, Particulate Prospects Corporation ("Particulate Prospects"), and Eastman Kodak Company ("Kodak") (collectively, the "Prior Owners"). In its Answering Brief, Elan fails to rebut—and hence concedes—that it does not control any of the Prior Owners. Elan's lack of control over these entities is fatal to its assertion of privilege over their documents. This deficiency cannot be cured by the fact that Elan bought the assets of one of the Prior Owners' subsidiaries, Nanosystems LLC ("Nanosystems"), and continued to operate that business. Nor do the cases Elan relies on change the applicability of the well-established rule that, in the absence of a transfer of control, a transfer of assets is not sufficient to effect a transfer of privilege. This rule dooms Elan's claim of privilege.

## ARGUMENT

### I.    ELAN HAS CONCEDED THAT IT CANNOT MEET ITS BURDEN OF PROOF UNDER THE APPLICABLE RULE BECAUSE IT DOES NOT CONTROL THE PRIOR OWNERS

As the party asserting the privilege, Elan bears the burden of proving that its exercise was proper. *See, e.g., In re Grand Jury Empanelled Feb. 14, 1978,* 603 F.2d 469, 474 (3d Cir. 1979). At issue are documents that had been created by or for the third-party Prior Owners. Elan came

into possession of these documents as a result of its purchase of the assets of one of the Prior

Owners' subsidiaries, Nanosystems (whose documents are not at issue in the present Motion),

pursuant to a ████████████████████████████████████████████████

Because it controls none of the third-party Prior Owners (*i.e.*, Sterling Winthrop,

Particulate Prospects, and Kodak), D.I. 284 at 5-7 (Elan's Ans. Br.), whose documents Abraxis

seeks, Elan concedes that it cannot meet its burden under the well-established rule that a transfer

of assets without a transfer of control of the entity does not effect a transfer of privilege. (*Id.* at

10-11.) *See, e.g., In re In-Store Advertising Sec. Litig.*, 163 F.R.D. 452, 458 (S.D.N.Y. 1995)

("[T]he power to invoke or waive a corporation's privileges is an incident of control of the

corporation.") (internal citations omitted). Accordingly, any privileges associated with the Prior

Owners' documents were waived at least on transfer to Elan as part of its purchase of

Nanosystems's assets (and, as well, as a result of upstream transactions that did not result in a

transfer of control of a legal entity). *See, e.g., id.* ("[W]here confidential attorney-client

communications are transferred from a corporation selling assets to the corporation buying the

assets, the privilege is waived as to those communications."). The waiver also extends to any

privilege asserted on the basis of a purported "community of interest" between Nanosystems and

the Prior Owners. *See, e.g., Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366, 2003

U.S. Dist. LEXIS 13816, at **5-8 (N.D. Ill. Aug. 6, 2003) (holding that when Zenith sold

divisional assets, buyers could not claim attorney-client privilege as to any transferred Zenith

documents).

---

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

In view of Elan's admitted lack of control over the Prior Owners, Elan has conceded that it cannot meet its burden of establishing that the Prior Owners' documents are privileged under the applicable law.

## II.    ELAN'S OPERATION OF NANOSYSTEMS'S BUSINESS DOES NOT VEST IN ELAN THE RIGHT TO ASSERT PRIVILEGE OVER THE PRIOR OWNERS' DOCUMENTS

Because Elan's claim of privilege is foreclosed under the applicable law, Elan invites the Court to ignore that law in favor of a new rule it proposes: a sale of assets of a business is sufficient to transfer all associated privileges if the "practical consequence" of the transaction is the continued operation of that business by the buyer. (D.I. 284 at 11 (Elan's Ans. Br.).) Elan's alternate rule, which it has contrived specifically for the purpose of circumventing the well-established rule, is without foundation in law and should be rejected by this Court.

Applying its alternate rule, Elan argues that it is entitled to assert privilege over the Prior Owners' documents because the "practical consequence" of purchasing Nanosystems's assets from the Prior Owners was the continued operation of Nanosystems's business under Elan's management. One problem with Elan's rule (putting aside the lack of any foundation in the caselaw) is that the rule seeks to resurrect privileges that have already been waived. Specifically, the ███████████████████████████████████████████████████████ ████████ was a sale of assets, which, by itself, is not sufficient to transfer privilege as to the Prior Owners' documents. *See, e.g., In re Grand Jury Subpoenas 89-3 and 89-4*, 734 F. Supp. 1207, 1211 n.3 (E.D. Va. 1990) ("A transfer of assets . . . is not sufficient to effect a transfer of the privileges; control of the entity possessing the privileges must also pass for the privileges to pass."), *aff'd in relevant part*, 902 F.2d 244 (4th Cir. 1990). Accordingly, whatever Elan chose to do with Nanosystems's assets after the sale—whether continuing Nanosystems's business operations or not—has no bearing on whether Elan is entitled to assert privilege over the Prior

-3-

Owners' documents in its possession, as any associated privilege was waived at the time of sale in the absence of a concomitant transfer of control over the Prior Owners themselves.

The cases that Elan cites in support of its proposed rule do not apply to the present case because their holdings are tailored to the specific context of bankruptcy, *e.g.*, *Soverain Software LLC v. Gap, Inc.*, 340 F. Supp. 2d 760, 764 (E.D. Tex. 2004) ("The Court is reluctant to adopt a principle that unnecessarily inhibits the effective administration of bankruptcy estates.")[2]; *In re Financial Corp. of Am.*, 119 B.R. 728 (Bankr. D. Cal. 1990) (concerning whether FDIC and savings and loan associations may succeed to privileges of institution placed in receivership); *Coffin v. Bowater Inc.*, Civil No. 03-227-P-C, 2005 U.S. Dist. LEXIS 9395 (D. Me. May 13, 2005) (concerning whether company's bankruptcy trustee possessed right to waive company's attorney-client privilege); or because they are wholly irrelevant, *e.g.*, *Ramada Franchise Sys. v. Hotel of Gainesville Assocs.*, 988 F. Supp. 1460 (D. Ga. 1997) (concerning transfer of attorney-client relationship between pre- and post-bankruptcy entities); *In re Crescent Beach Inn*, 37 B.R. 894, 895 (Bankr. D. Me. 1984) (concerning motion by debtor's counsel for a protective order from discovery relating to his compensation for representing debtor). None supports Elan's theory.

Elan's continued operation of Nanosystems's business cannot change the fact that any privileges associated with the Prior Owners' documents were waived at the instant those documents were transferred to Elan without a concomitant transfer of control over the Prior Owners themselves.

---

[2] Elan relies heavily on *Soverain Software*. Such reliance is misplaced as the court in that case tailored its decision specifically to avoid "severely curtail[ing] the options of bankruptcy courts and those administering bankruptcy estates." *Soverain Software*, 340 F. Supp. 2d at 764. Accordingly, the holding of *Soverain Software* has no applicability to the present case, which does not implicate any issues arising from bankruptcy.

-4-

## CONCLUSION

For the reasons set forth above and in Abraxis's Opening Brief in support of its Motion,

Abraxis respectfully requests that the Court grant its motion to compel Elan to produce withheld

and/or unredacted versions of all documents created by or for: (1) Sterling Winthrop; (2)

Particulate Prospects Corporation; (3) Eastman Kodak Company; and (4) those corporations'

respective attorneys.

Dated:    August 30, 2007

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

By: _____
Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672 Telephone
(302) 576-3301 Facsimile
jingersoll@ycst.com
enorman@ycst.com

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone
(415) 268-7522 Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone
(650) 494-0792 Facsimile
EEvans@mofo.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

-5-

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on September 7, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on September 7, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

065496.1001

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
&  TAYLOR, LLP

*/s/ Elena C. Norman*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2

DB02:5479778.1                                                065496.1001