IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, ) ) ) ) Plaintiff, ) ) v. ) ) ABRAXIS BIOSCIENCE, INC., ) ) ) Defendant. ) | Civil Action No. 06-438-GMS |

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AGAINST
PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
<u>NOTICE OF RULE 30(b)(6) DEPOSITION</u>**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
Jeffrey T. Castellano (#4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672 Telephone
jingersoll@ycst.com
enorman@ycst.com
jcastellano@ycst.com

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 Telephone

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600 Telephone

Dated: September 10, 2007

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I. ELAN FAILED TO PROVIDE REASONABLE NOTICE UNDER THE FEDERAL AND LOCAL RULES ................................................................. 2

II. THE TOPICS IN ELAN'S NOTICE ARE IMPROPER, OVERLY BROAD, AND UNDULY BURDENSOME ....................................................... 4

CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

## CASES

*Allergan, Inc. v. Pharmacia Corp.*,
    2002 WL 1268047 (D. Del. May 17, 2002) ................................................................. 1

*Emory v. Astrazeneca Pharms.*,
    2003 WL 22136301 (D. Del. Sept. 4, 2003),
    *reversed and remanded on other grounds by*, 401 F.3d 174 (3d Cir. 2005) ................. 5

*Heron v. Potter*,
    2006 WL 3703693 (D. Del. Oct. 23, 2006) ................................................................. 6

*In re Sulfuric Acid Antitrust Litig.*,
    231 F.R.D. 320 (N.D. Ill. 2005) ................................................................................. 3

*Intex Recreation Corp. v. Metalast*,
    2005 WL 5099032 (D.D.C. Mar. 2, 2005) .................................................................. 5

*Scovill Mfg. Co. v. Sunbeam Corp.*,
    61 F.R.D. 598 (D. Del. 1973) ..................................................................................... 5

## STATUTES

Fed. R. Civ. P. 6(a) ............................................................................................................ 2

Fed. R. Civ. P. 26(c) .......................................................................................................... 4

Fed. R. Civ. P. 30(b)(1) ..................................................................................................... 2

Fed. R. Civ. P. 30(b)(6) ............................................................................................. 1, 3, 6

Fed. R. Civ. P. 32 .............................................................................................................. 4

D. Del. LR 30.1 ................................................................................................................. 2

DB02:6229634.1                                                                                                                                        065496.1001

Abraxis respectfully submits this Reply Brief in support of its Motion for Protective Order Against Plaintiff Elan Pharma International Limited's Notice of Rule 30(b)(6) Deposition ("Motion"), filed August 13, 2007, and in response to Elan's Answering Brief,[1] filed August 30, 2007.

## INTRODUCTION

Aside from conclusory assertions, Elan has not proffered a substantive rebuttal to Abraxis's calculation that Elan's August 1, 2007, notice[2] scheduling a deposition only 6 business days later on August 9, 2007, is untimely under the Federal and Local Rules. Instead, Elan focuses much of its Answering Brief on its offer to move the deposition to the last day of discovery, August 13, 2007, or to another date thereafter so as to constructively extend the discovery cutoff date. (D.I. 305 ("Ans. Br.") at 2.) Merely postponing the deposition, however, cannot cure the defects in Elan's August 1, 2007, notice because it would not have been feasible for Abraxis to schedule and prepare one or more corporate representatives to be deposed on 15 complex topics by August 13, 2007, and Elan should not be allowed to repeatedly extend the discovery cutoff based on its own lack of diligence. It is notable that Elan has no response to Abraxis's argument that to do so would be inconsistent with Judge Sleet's rejection of Elan's request for a further extension of the discovery cutoff. (D.I. 253 ("Opening Br.") at 3-4.) Apart

---

[1] Elan's submission is styled as an Answering Brief combined with an Opening Brief in support of a Cross-Motion to Compel Rule 30(b)(6) Deposition of Defendant. However, Elan's cross-motion is untimely as it was filed after the close of fact discovery. *See, e.g., Allergan, Inc. v. Pharmacia Corp.*, No. 01-141-SLR, 2002 WL 1268047, at *2 (D. Del. May 17, 2002) ("Motions that relate to fact discovery must be filed during fact discovery."). Furthermore, the substance of Elan's "cross-motion" makes it clear that it is nothing more than an opposition to Abraxis's motion, and not a separate request for relief. Accordingly, Abraxis will treat Elan's combined submission as an Answering Brief only.

[2] *See* D.I. 254 (Ex. C to the Declaration of Eric C. Pai in support of Abraxis's Motion for Protective Order Against Elan's Notice of Rule 30(b)(6) Deposition ("Pai Decl.") that was filed with the Opening Brief on August 13, 2007).

from the defect in timeliness, Elan's notice is further objectionable for having topics that are overbroad, unduly burdensome, and improper for seeking Abraxis's legal contentions.

## ARGUMENT

### I. ELAN FAILED TO PROVIDE REASONABLE NOTICE UNDER THE FEDERAL AND LOCAL RULES

Elan's August 1, 2007, notice scheduling a deposition only 6 business days later on August 9, 2007, is unreasonable as a matter of law because it provides less than the required minimum notice of 7 *business* days as calculated under the Federal and Local Rules. *See* D. Del. LR 30.1 ("'reasonable notice' for the taking of depositions under Fed. R. Civ. P. 30(b)(1) and 30(b)(6) shall be not less than 7 days"); *see also* Fed. R. Civ. P. 6(a) ("In computing any period of time . . . by the local rules of any district court . . . [w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Elan's rebuttal on this point does not go beyond its insistence that 8 calendar days satisfies the minimum notice period under a literal reading of the Local Rules—without any reference to Fed. R. Civ. P. 6(a). Ans. Br. at 4. Instead, Elan concentrates on the fact that its deposition notice included the phrase "or at such other . . . date . . . mutually agreed upon or ordered by the Court," Ans. Br. at 2, 4, 9-10, and accuses Abraxis of being uncooperative for rejecting its proposal to move the deposition to August 13, 2007—the last day of discovery—or to another date after the close of discovery.

Elan's rescheduling proposals cannot cure the defects in its notice. Postponing the deposition to August 13, 2007, would not have ameliorated the unreasonableness of Elan's August 1, 2007, notice because it would not have been feasible for Abraxis to schedule and adequately prepare one or more corporate representatives to testify on a total of 15 topics of considerable breadth and complexity—Abraxis's financial, business, accounting, strategic,

licensing, intellectual property, sales, and marketing information—in less than two weeks prior to the close of discovery. Although Elan asserts that "*Ipso facto*, a deadline or cutoff is the point before which discovery is presumptively proper and after which it is not," Ans. Br. at 8, it cites no law in support of such a presumption. In any event, any such "presumption" has been rebutted by Elan's failure to provide notice that was reasonable in view of the complexity of the topics and the time remaining before the close of discovery. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005) (holding that "just as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact-intensive" and that "because the conditions giving rise to [plaintiffs' unreasonable notices] are attributable to having waited to the last minute to notice the depositions, the motion to compel the depositions . . . is denied").

Elan's proposal to schedule the deposition after the close of discovery should be rejected because this attempt to extend the fact discovery deadline would be contrary to Judge Sleet's decision to reject Elan's request to extend fact discovery beyond August 13, 2007. (Pai Decl. Ex. B at 30-31.) Although Elan blames Abraxis for allegedly failing to cooperate in scheduling the deposition after the discovery cutoff, its proposal to circumvent the court-ordered discovery deadline did not warrant Abraxis's cooperation and is especially improper in view of the fact that the discovery deadline had been previously extended to accommodate Elan. That Elan may not otherwise be able to take this Rule 30(b)(6) deposition is a problem of its own making: all of its deposition topics in its August 1, 2007, notice could have been formulated without reviewing any of the documents produced by Abraxis on July 16, 2007. (Ans. Br. at 8 n.3.) That notice could, accordingly, have been served well in advance of the August 13, 2007, discovery cutoff.

By way of collaterally attacking Abraxis's Motion, Elan complains that Abraxis did not meet and confer in good faith and did not submit formal written objections. (*See* Ans. Br. at 7.) This complaint has no basis in fact or law. Several days before the original August 9, 2007, deposition date, Abraxis sent Elan multiple emails detailing its objections to Elan's notice. (Pai Decl. Ex. D.) After this email exchange, the parties engaged in a telephonic meet and confer. (Pai Decl. ¶ 7 and Ex. D.) Elan's complaint that Abraxis's emailed objections do not qualify as formal written objections ignores that there is no requirement for formal written objections to defective Rule 30(b)(6) notices under either the Federal or Local Rules. Elan's argument misapplies Fed. R. Civ. P. 32, which specifically pertains to using depositions as evidence, and has no relevance to the issue presented in this Motion. Also, even if there were a need for written objections, it was obviated by the fact that the parties had exchanged multiple emails on Abraxis's objections prior to the original August 9, 2007, deposition date, and Abraxis timely filed a Motion for Protective Order under Fed. R. Civ. P. 26(c).

## II. THE TOPICS IN ELAN'S NOTICE ARE IMPROPER, OVERLY BROAD, AND UNDULY BURDENSOME

Apart from its untimeliness, Elan's August 1, 2007, deposition notice is objectionable for the further reasons that its topics are overbroad and unduly burdensome, and, in some cases, improperly seek Abraxis's legal contentions. In response, Elan accuses Abraxis of exaggerating the onerousness of the deposition topics on the basis that the 15 topics pertain to only two broad issues, *i.e.*, damages and willfulness, Ans. Br. at 3, 11, and that Abraxis' objections do not meet

the "good cause" standard. Further, Elan insists that its Topic No. 12[3] relating to willfulness is proper. Abraxis disagrees.

That the deposition topics can be grouped into two broad categories does not lessen the complexity of each of the individual topics or the quantity of information involved, as explained in the Opening Brief (at 4). Nor has Elan proposed any reasonable subject-matter and/or temporal limitations on the topics. Elan does, however, acknowledge that multiple individuals may be required to testify on the subjects. (*See, e.g.*, Ans. Br. at 12.) Regarding Elan's argument that Abraxis's objections do not meet the "good cause" standard, Elan provides no substantiation aside from citations to inapposite cases that do not concern objections to deposition topics on the basis of overbreadth and burdensomeness. *See, e.g., Emory v. Astrazeneca Pharms.*, No. 02-1466 JJF, 2003 WL 22136301, at *1 (D. Del. Sept. 4, 2003), *reversed and remanded on other grounds by*, 401 F.3d 174 (3d Cir. 2005) (no finding of "good cause" where "Plaintiff's only substantive objection to the subpoena and the deposition appears to be that it will conflict with time that would otherwise be spent responding to a summary judgment motion"); *Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 603 (D. Del. 1973) (holding that existence of privilege does not justify order that deposition not be taken).

Finally, Elan asserts that Abraxis should not be protected from testifying about the facts underlying the willfulness issue. Elan misses the point of Abraxis's objection, and the one case that Elan cites in support, *Intex Recreation Corp. v. Metalast*, S.A., No. 01-1213 JDB, 2005 WL 5099032 (D.D.C. Mar. 2, 2005), provides no substantiation for its position because that opinion does not reproduce the wording of the deposition topics under discussion. As Abraxis explained

---

[3] Topic 12 states: "All facts concerning whether or not any infringement of Elan's Patents by Abraxis was willful." (Pai Decl. Ex. C.)

5

in its Opening Brief, any questions that Elan might pose on Topic No. 12 would be objectionable because they would require the witness to draw legal conclusions as to what constitutes willful infringement. *See, e.g., Heron v. Potter*, No. 03-313-JJF, 2006 WL 3703693, at *1 (D. Del. Oct. 23, 2006) ("Plaintiff's request amounts to requiring a deponent to . . . make a legal opinion or conclusion, which is objectionable."). Moreover, Topic No. 12 is superfluous in view of the other topics (*i.e.*, 11, 13, and 14) in Elan's deposition notice that directly relate to facts concerning Abraxis's knowledge of Elan's patents.[4] In any event, given that Elan had other discovery tools available—in particular, contention interrogatories—to seek any relevant facts on this issue, *see, e.g., Heron*, at *1-2, Elan should not be allowed now to seek the same information through improper means.

## CONCLUSION

For the foregoing reasons, Abraxis respectfully requests that the Court grant its motion for a protective order against Elan's Rule 30(b)(6) deposition notice.

---

[4] Elan's Topic Nos. 11, 13, and 14 state as follows:

    11. The date upon and circumstances under which you first learned of the existence of Elan's Patents.

    13. All facts concerning Abraxis's decisions to offer and/or to continue to offer Abraxane® to customers after receiving notice of Elan's Patents, including the identification of the individuals involved in making the decision and the nature of their involvement.

    14. All facts concerning any investigation performed by Abraxis prior to the first commercialization of Abraxane® for the purpose of determining whether any entity other than Abraxis held patents or other intellectual property rights that would preclude Abraxis from freely making, selling, or offering to sell Abraxane®.

(Pai Decl., Ex. C.)

                                        YOUNG CONAWAY STARGATT
                                          &TAYLOR, LLP

                                        /s/ Jeffrey T. Castellano
                                        Josy W. Ingersoll (No. 1088)
                                        *jingersoll@ycst.com*
                                        Elena C. Norman (No. 4780)
                                        *enorman@ycst.com*
                                        Jeffrey T. Castellano (No. 4837)
                                        *jcastellano@ycst.com*
                                        The Brandywine Building, 17th Floor
                                        1000 West Street
                                        Wilmington, DE 19801
                                        302-571-6600

                                        *Attorneys for ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com

Dated:  September 10, 2007

7

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on September 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on September 10, 2007, I caused a true and correct copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com

> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
        & TAYLOR, LLP

*/s/ signature/*

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2