IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ELAN PHARMA INTERNATIONAL
LIMITED,

    Plaintiff,

v.

ABRAXIS BIOSCIENCE, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06-438-GMS

**REDACTED –
PUBLIC VERSION**

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF
DOCUMENTS REFERRING TO ABRAXIS OR ABRAXANE**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
Jeffrey T. Castellano (#4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6672  Telephone
jingersoll@ycst.com
enorman@ycst.com
jcastellano@ycst.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

OF COUNSEL:
Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000  Telephone

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600  Telephone

Dated: September 4, 2007

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 3

A.  Elan Has No Good Excuse for Its Failure to Properly Respond to the
    Interrogatories at Issue. ............................................................................. 3

  1.  Elan Must Provide Abraxis With Detailed Infringement
      Contentions. ...................................................................................... 3

    a.  Elan Must Explain Its Infringement Contentions and
        Identify Supporting Evidence for the '363 Patent ......................... 3

    b.  Elan Has No Explanation for Its Non-Response on
        Infringement of the '025 Patent. .................................................... 5

  2.  Elan Should be Compelled to Explain Its Contentions on
      Conception and Reduction to Practice. ............................................ 6

  3.  Elan Has Not Produced Evidence of Willfulness. .................................... 6

  4.  Elan Has No Evidence of Irreparable Harm. ............................................ 7

  5.  Abraxis's Request for Damages Evidence Is Not Premature, Nor
      Does it Call for Privileged Information. ................................................... 8

  6.  Abraxis Is Entitled To Review Elan's Communications with Third-
      Parties. ...................................................................................................... 9

  7.  Elan Must Explain Its Validity and Enforceability Contentions. ........... 10

  8.  Elan Has Not Sufficiently Responded to a Request for Information
      About its Standing to Sue. ...................................................................... 11

  9.  ████████████████████████████████████████████. .......................... 12

  10.  Abraxis Has Legitimately Requested Information Related to the
       Inventors' Contribution to the Patents. ................................................ 12

B.  Abraxis Is Entitled to Documents Referring To Abraxis Or Abraxane. .............. 13

CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**PAGE**

*Bogosian v. Gulf Oil Corp.*,
   738 F.2d 587 (3d Cir. 1984) .................................................................................................14

*Carver v. Velodyne Acoustics, Inc.*,
   202 F.R.D. 273 (W.D. Wash. 2001) .......................................................................................3

*Church of Scientology Int'l v. United States Dep't of Justice*,
   30 F.3d 224 (1st Cir. 1994) ..............................................................................................4, 14

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ..............................................................................................5

*E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*,
   849 F.2d 1430 (Fed. Cir. 1988) ..............................................................................................7

*First Health Group Corp. v. United Payors and United Providers, Inc.*,
   1999 U.S. Dist. LEXIS 11138 (N.D. Ill. July 9, 1999).........................................................9

*Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*,
   224 F.R.D. 644 (N.D. Cal. 2004)........................................................................................6, 7

*Glaxo, Inc. v. Torpharm, Inc.*,
   1996 WL 411487 (N.D.Ill. July 18, 1996)...........................................................................14

*Govas v. Chalmers*,
   965 F.2d 298 (7th Cir. 1992) ..................................................................................................6

*In re One Bancorp Sec. Litig.*,
   134 F.R.D. 4 (D. Me. 1991)....................................................................................................9

*Laitram Corp. v. Rexnord, Inc.*,
   939 F.2d 1533 (Fed. Cir. 1991) ..............................................................................................3

*Monsanto Co. v. Mycogen Plant Science, Inc.*,
   61 F. Supp. 2d 133 (D. Del. 1999).......................................................................................14

*Novartis Pharms. Corp. v. EON Labs Mfg.*,
   234 F. Supp. 2d 464 (D. Del. 2002).......................................................................................3

*Ortho Pharm. Corp. v. Genetics Inst.*,
   52 F.3d 1026 (Fed. Cir. 1995) ..............................................................................................11

# TABLE OF AUTHORITIES

**PAGE**

*Pannu v. Iolab Corp.*,
    155 F3d 1344 (Fed. Cir. 2001) ..................................................................................13

*Refac Int'l, Ltd. v. Hitachi, Ltd.*,
    921 F.2d 1247 (Fed. Cir. 1990) ..................................................................................3

*Safeco of America v. Rawstrom*,
    181 F.R.D. 441 (C.D.Cal. 1998).................................................................................11

*Tristrata Tech., Inc. v. Mary Kay, Inc.*,
    423 F. Supp. 2d 456 (D. Del. 2006)...........................................................................5

*Tulip Computers Int'l., B.V. v. Dell Computer Corp.*,
    210 F.R.D. 100 (D. Del. 2002) ..............................................................................4, 14

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981)....................................................................................................14

*View Eng'g, Inc. v. Robotic Vision Sys.*,
    208 F.3d 981 (Fed. Cir. 2000) ...................................................................................4

*W.R. Grace & Co. v. Intercat, Inc.*,
    60 F. Supp. 2d 316 (D. Del. 1999)..............................................................................7

*Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*,
    707 F.Supp. 1429 (D.Del.1989).................................................................................4

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*,
    395 F.3d 416 (7th Cir. 2005) ......................................................................................9

## STATUTES

Fed. R. Civ. Proc. 33(d) .....................................................................................2, 6, 11, 12

Fed. R. Civ. Proc. Rule 33(c)     .......................................................................................7

Abraxis respectfully submits this Reply Brief in support of its Motion to Compel
Responses to Interrogatories and Production of Documents Referring to Abraxis or Abraxane
("Motion"), filed August 8, 2007, and in response to the Answering Brief opposing the Motion
filed by Elan on August 22, 2007.

## INTRODUCTION

In its Answering Brief, Elan concedes the main points in Abraxis's Motion: Elan has
failed to explain its contentions and identify its supporting evidence on the key issues in the case,
including infringement, invalidity and unenforceability, and damages. This failure has impaired
Abraxis's ability to complete discovery and prepare for trial. In its Answering Brief, Elan does
not cite any valid reason for failing to explain its contentions. It repeats earlier vague assurances
that it will "supplement" its responses—promises made even more hollow by the close of fact
discovery—and in some instances impermissibly asserts privilege, withholding evidence, for
example, about ███████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
In addition, Elan never addresses—and thereby admits—that it has not identified any basis for
claiming direct infringement of the '025 patent, any evidence of Abraxis's alleged willful
infringement, or any evidence of irreparable injury to support its claim for injunctive relief.

It should come as no surprise that Elan has failed to produce the information at issue.
Abraxis has explained again and again to Elan that the paclitaxel in Abraxane is amorphous, not
crystalline as required by the claims of the patents-in-suit, and that Elan's infringement claims
are meritless for this and other reasons. The Court's recent claim construction order now
confirms this. (D.I. 271 ¶ 4 (Order Construing the Terms of U.S. Patent Nos. 5,399,363 and
5,834,025).) ████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

Since it has no legitimate justification for failing to explain its contentions, ████████
██████████████████████████████████████████████████████████████████

1



—Abraxis is

hearing it for the first time in response to its motion to compel, reinforcing that Elan has not

adequately disclosed its contentions in its discovery responses. If Elan believes these (or any

other) facts are relevant to the issues in the case, it should have disclosed them in its

interrogatory responses before the close of discovery.

Finally, Elan's opposition makes clear that it has improperly invoked Rule 33(d) in its

responses to several interrogatories, including Interrogatory Nos. 3, 11 and 12. As Abraxis

explained and Elan does not contest, Rule 33(d) allows a party to direct an opposing party to

specified documents in response to an interrogatory where "the burden of deriving or

ascertaining the answer is substantially the same for the party serving the interrogatory as for the

party served." Fed. R. Civ. Proc. 33(d). But Rule 33(d) is not an excuse for a party to shirk its

duty to succinctly and clearly answer basic interrogatories by referring its opponent to an

undifferentiated mass of documents on issues where it is in position of superior knowledge.

Elan's opposition offers no convincing explanation for how Abraxis could glean Elan's

contentions from the documents to which it points, much less how Abraxis is in as good a

position as Elan to understand Elan's contentions.

This lawsuit is not a game. Abraxis has not served the discovery requests at issue for

sport—they are routine interrogatories designed to elicit Elan's contentions and evidence on the

central issues in the case. If Elan cannot explain why Abraxis infringes the patents, why the

patents are valid and enforceable in view of the invalidity evidence Abraxis has amassed, and



why it is entitled to damages and in what amount, Abraxis should not be required to expend time and money responding to a lawsuit that is supported by nothing more than hand-waving. Abraxis has already incurred more than $5 million in legal fees defending against this action. Elan is required to explain the factual basis for its lawsuit. If it cannot, it should not have filed the lawsuit in the first place.

## ARGUMENT

### A.    Elan Has No Good Excuse for Its Failure to Properly Respond to the Interrogatories at Issue.

#### 1.    Elan Must Provide Abraxis With Detailed Infringement Contentions.

Elan's opposition makes clear that it should be compelled to provide supplemental responses to Interrogatory No. 1 or be barred from introducing such evidence at trial. Elan does not and cannot contest that Abraxis is entitled to know the basis for Elan's infringement contentions. In the Motion, Abraxis cited cases showing that Elan is obligated to provide it with this information. *Refac Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1255 (Fed. Cir. 1990) (It is a fundamental obligation of a plaintiff in a patent infringement action to "spell out a proper basis for charging infringement."); *Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273, 274 (W.D. Wash. 2001) ("Velodyne is entitled to know what led the Carvers to file their patent infringement suit."); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991); *Novartis Pharms. Corp. v. EON Labs Mfg.*, 234 F. Supp. 2d 464, 467 (D. Del. 2002). Elan does not even address this case law in its Answering Brief, much less contradict it.

#### a.    Elan Must Explain Its Infringement Contentions and Identify Supporting Evidence for the '363 Patent

Elan's principal justification for its refusal to provide information regarding its '363 patent infringement allegations is its claim that any testing it has conducted is protected work product. This argument ignores most of the deficiencies identified in the Motion. For example,

Elan does not respond to Abraxis's showing that it was improper for Elan: (1) to simply parrot claim language in the responses without explaining Elan's contentions or identifying supporting evidence, (2) to fail to explain its theories of infringement under the doctrine of equivalents, and (3) to refuse to provide any information or evidence about its speculative theories that some unspecified "intermediate" in the production process, or Abraxane in its reconstituted form, might be crystalline. Opening Br. at 14. These deficiencies alone warrant granting the Motion.

In any event, Elan's sweeping and unsupported claim that any testing is protected work product is not sufficient. In its opening brief, Abraxis explained that Elan had not established that the testing was privileged or even identified the testing documents on a privilege log. Opening Br. at 13. Elan's Answering Brief ignores these deficiencies; other than mere assertions in its brief, it still has not supported its work product claim with evidence that the specific documents at issue are protected by the work product doctrine, which it had the burden to do. *Tulip Computers Int'l., B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 104-05 (D. Del. 2002); *Church of Scientology Int'l v. United States Dep't of Justice,* 30 F.3d 224, 236-37 (1st Cir. 1994) (to establish work-product, a party must submit a declaration that explains why the work-product privilege applies to "all portions of the document" in question); *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1439 D.Del.1989)("When responding to an interrogatory, claims of attorney-client privilege and work product protection do not excuse a party from specifically identifying the allegedly privileged item.").

To attempt to hide these contentions—the very heart of Elan's case—under a claim of privilege is not credible. The Federal Circuit has specifically held that a plaintiff in a patent infringement suit must be able to show "why it believed *before filing the claim* that it had a reasonable chance of proving infringement." *View Eng'g, Inc. v. Robotic Vision Sys.* 208 F.3d 981, 986 (Fed. Cir. 2000)(emphasis added)). Elan's assertion that Abraxis's interrogatories were premature in advance of depositions or a *Markman* order (D.I. 283 at 22 (Elan Opp'n)) is not only wrong but moot; discovery has now closed and the *Markman* order has issued. It defies Elan's own logic to suggest that it could not have responded by now.

Abraxis needs to understand Elan's infringement theories in order to prepare for trial. For example, a specific description of Elan's doctrine of equivalents theory—as opposed to generalized assertions—is crucial to Abraxis's defense, particularly when there is evidence in the patent file history that Elan made certain key disclaimers in order to overcome the prior art. Elan still has not explained how or why Abraxane infringes the '363 patent, and Abraxis therefore has been unable to investigate, conduct discovery and prepare for trial on these allegations.

**b.    Elan Has No Explanation for Its Non-Response on Infringement of the '025 Patent.**

Abraxis is also entitled to Elan's contentions, if any, that Abraxis directly infringes the '025 patent. In a *non sequitur*, Elan asserts that it "has clearly stated that its contention of infringement of the '025 patent is an induced infringement claim." (D.I. 283 at 22 (Elan Opp'n ).) But Elan also alleged *direct* infringement. Elan makes no attempt whatsoever in its Opposition to explain its lack of support for this allegation, ignoring it completely.

As for indirect infringement, Elan has not put forth a scintilla of evidence to support its claim. In its opposition, Elan cobbles together references to its prior discovery responses and claims that it intends to supplement them with reference to certain Abraxis documents and deposition testimony. (*Id.* at 24.) Putting to one side the fact that Abraxis has already shown why Elan's prior discovery responses fall flat, and that fact discovery has been closed for three weeks, it is telling that Elan nowhere discusses a crucial requirement for an inducement claim: that Abraxis had specific intent to encourage infringement of another. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc) (citation and quotations omitted); *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 465 (D. Del. 2006). This element of the claim cannot be glossed over. Elan must show specific intent in order to prevail on its inducement claim. There is thus no excuse for this deficiency. Elan should be compelled to provide explain its contentions and evidence of indirect infringement, including evidence of

Abraxis's specific intent to encourage infringement by those who administer Abraxane.

Alternatively, the Court should order that Elan not be allowed to introduce such evidence at trial.

### 2. Elan Should be Compelled to Explain Its Contentions on Conception and Reduction to Practice.

In opposing Abraxis's motion as to the Third Interrogatory on conception and reduction

to practice, the first disclosure to another, first offer for sale, or first public use, Elan does not

contest the relevance of these requests. Rather, Elan claims that to respond to this interrogatory,

it need only produce documents and laboratory notebooks and make inventors available for

deposition. Relying on an unpublished decision from the District of Wisconsin, Elan contends

that to require more would force Elan to reach "a quasi legal conclusion." (D.I. 283 at 25 (Elan

Opp'n).) This is not the law. Elan may not rely on Rule 33(d) to justify refusing to explain its

contentions. *See Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992) (if the information

sought is contained in the responding party's files and records, she is under a duty to search the

records and provide the answers); *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224

F.R.D. 644, 652 (N.D. Cal. 2004) (granting motion to compel answers to interrogatory

requesting evidence of dates of conception and reduction to practice where answering party had

tried to rely on Rule 33(d)).

In addition, Elan's notebooks, to which Elan has referred, have nothing to do with the

first disclosure to another, first offer for sale, or first public use. The Court should compel Elan

to describe the specific dates—not date ranges—and the circumstances of Elan's conception,

design, development, actual reduction to practice, first written description, first disclosure to

another, first offer for sale, and first public use for each of the patents-in-suit separately.

### 3. Elan Has Not Produced Evidence of Willfulness.

Elan responds to Abraxis's attempt to compel information about its willfulness

allegations by saying it "is currently in the process of supplementing its response" to this

interrogatory with newly-acquired information establishing that ████████████████████████



If Elan intends to rely on this new theory to support its willfulness claim, there is no excuse for its failure to seasonably supplement its interrogatory answers. Even three weeks after the discovery cutoff, it has not done so.

The reason for this is plain: Elan designed this new outlandish theory to try to mask the gaping holes in its case, including its inability to demonstrate how a manufacturer of nanoparticles with an amorphous drug could possibly infringe — much less *willfully* infringe — patents that require the drug to be crystalline. *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1440 (Fed. Cir. 1988) (affirming finding of non-willfulness where plaintiff failed to produce adequate evidence of willfulness); *W.R. Grace & Co. v. Intercat, Inc.*, 60 F. Supp. 2d 316, 333 (D. Del. 1999); *Fresenius*, 224 F.R.D. at 652 (motion to compel response to willful infringement interrogatory granted).

The Court should compel Elan to respond to this interrogatory with substantive evidence, not fantasy. Alternatively, Elan should be barred from bringing any new evidence of willfulness into the case.

### 4.    Elan Has No Evidence of Irreparable Harm.

Elan's opposition to Abraxis's motion on its Fifth Interrogatory, on Elan's claim of "irreparable harm," is that Abraxis supposedly "seeks the invasive disclosure of the mental impressions, conclusions, opinions and legal theories of legal counsel, and differs substantially from a permissible inquiry, which asks a party to identify the facts and documents underlying a given contention" in violation of Rule 33(c). (D.I. 283 at 28 (Elan Opp'n).) But all Rule 33(c) says is that contention interrogatories may be improper "until after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. Proc. 33(c). In

any case, Abraxis is not asking Elan to draw a legal conclusion; it would simply like to know, as a factual matter, the harm that Elan claims so that it can adequately prepare for trial.

Elan also claims that it has already explained the bases of its claim and has identified supporting facts and documents. It has not. As explained in Abraxis's opening brief, although

█████████████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████████████
███████ Elan has also failed to identify a single license that supports its contention that it has suffered irreparable harm. Elan should be required to provide a detailed description of its alleged irreparable injury, including the identification of all licenses, communications and any other documents that support Elan's belief. Alternatively, Elan should be barred from producing any further evidence on this subject.

### 5. Abraxis's Request for Damages Evidence Is Not Premature, Nor Does it Call for Privileged Information.

The subject of Abraxis's Sixth Interrogatory is legitimate and routine: damages. Yet Elan claims that this request is not only "premature" but repeats its mantra that this interrogatory impermissibly "requests information that is immune from discovery because of the attorney-client privilege and/or work product doctrine as applied to the work product of a consulting expert." (D.I. 283 at 28 (Elan Opp'n).) It begs credulity to suggest that information about Elan's damages is privileged, particularly since to prevail in this case, it must present this evidence at trial.

Elan also attempts to shift the burden of production onto Abraxis by claiming that it has requested "the necessary data for Elan to compute damages" but that this information has not been forthcoming. *Id.* Not only does Abraxis not bear the burden of production on this issue under the law, Elan's statement is both untrue and irrelevant. In the first place, sales information about Abraxane is available in Abraxis's SEC filings, and has been separated out in SEC filings as a line-item. (Reply Kruze Decl. Ex. 2.) Abraxis has also produced thousands of pages of non-

public information about its sales, including monthly sales reports, sales projections, profit summaries, communications between sales personnel, and internal marketing and sales documents that summarize Abraxis's sales and marketing strategies. (Reply Kruze Decl. at ¶ 2.) As Abraxis argued in its Motion, the only measure of damages Elan has claimed is a reasonable royalty. Abraxis needs to understand how Elan proposes to calculate this royalty, including the rate to which Elan claims it is entitled and the mathematical computations used to calculate the amount of damages alleged. Elan's claim that it will supplement its interrogatory with analysis from its damages expert after expert reports are due is not acceptable. *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 8 (D. Me. 1991) (rejecting plaintiff's argument that it needed expect discovery to respond to defendant's contention interrogatory on damages). Abraxis is entitled to Elan's damages theory now. *First Health Group Corp. v. United Payors and United Providers, Inc.*, No. 96 C 2518, 1999 U.S. Dist. LEXIS 11138, at **3-4 (N.D. Ill. July 9, 1999) ("The whole purpose [of defendant's contention interrogatory] was to get out on the table plaintiff's damages contentions so that the defendant could explore them during the discovery period.").

        If Elan will not supplement its response to Abraxis's Sixth Interrogatory, it should be precluded from introducing such evidence at trial. *See Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (affirming district court's exclusion of damages evidence based on failure of proponent party to respond to an "interrogatory with a description of its damages theory and the proof to be employed").

### 6.    Abraxis Is Entitled To Review Elan's Communications with Third-Parties.

        Elan does not dispute that it has not identified communications with any licensee or potential licensee of the patents-in-suit and the '684 patent, as requested by Abraxis's Seventh Interrogatory. While Elan has provided Abraxis with a list of licensees and a log of documents withheld from production on confidentiality grounds, it has not identified communications with potential and actual licensees.

Elan emphasizes that Abraxis has subpoenaed third-parties for their licenses, which Elan presumably believes is an adequate substitute for it having to respond to Abraxis's interrogatory. It is not; a license is obviously not the same as a communication, which would disclose the negotiation process and third-party positions on the validity of the patents. Elan should be compelled to identify communications with third-parties about the patents-in-suit or the related '684 Patent.

### 7.    Elan Must Explain Its Validity and Enforceability Contentions.

Elan's response to Abraxis's Tenth Interrogatory, which asks for Elan's contentions as to why the patents-in-suit are enforceable and not invalid, is a meaningless one-line response (after three pages of objections): "Elan contends that the Patents-in-Suit are enforceable and not invalid." (Kruze Decl., Ex. 18 at 5.) In response to Abraxis's Motion, Elan insists that Abraxis has improperly shifted the burden of the invalidity analysis onto its shoulders and that the request is unduly burdensome. Not so. Elan served interrogatories requesting that Abraxis set forth the bases for its invalidity and unenforceability claims and Abraxis served extensive responses doing just that. (Reply Kruze Decl. Ex. 3 at Responses to Interrogatory Nos. 2 and 4.)

As a review of those interrogatory responses reveals, Abraxis has raised serious questions about the validity and enforceability of Elan's patents and Abraxis is entitled to know Elan's contentions and supporting evidence on these same issues. In fact, this information should have been provided long ago to provide Abraxis a fair opportunity to conduct follow-up discovery. Elan should be compelled to support its claim that the patents-in-suit are enforceable and not invalid and should be required to identify the documents upon which it will rely, so that Abraxis can prepare to go to trial on these critical issues in the case.

In its opposition, Elan also claims that Abraxis's Tenth Interrogatory violates the limit on the number of interrogatories allowed since there are more than fifty invalidating references to which it is asked to respond. (Opp'n p. 32.) This interrogatory does not exceed the limit, any

-10-

more than Elan's interrogatories requesting the same information did. (Reply Kruze Decl. Ex. 3, at Responses to Interrogatory Nos. 2 and 4.) A single interrogatory that seeks several pieces of information about the same topic counts as one interrogatory. *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D.Cal. 1998) (holding that subparts count as one interrogatory "if they are logically or factually subsumed within and necessarily related to" the primary inquiry). This principle applies here, where Abraxis has asked for information to support the validity and enforceability of the patents-in-suit; simply because there are over fifty references that invalidate Elan's patents does not mean that these are impermissible subparts. Abraxis should not be penalized for the extent of the invalidating prior art, any more than Elan was when serving its comparable interrogatories on Abraxis.

In *Martin-Marietta*, an unpublished decision cited by Elan, the court ordered the parties to stipulate to the identification of the claims that were at issue in lieu of the patentee answering an interrogatory requesting information about what limitations were or were not taught by various references cited in preliminary invalidity contentions for 39 separate claims and 57 invalidating references. This is significantly different from the present situation, where both parties have served parallel interrogatories asking for the others' contentions on validity and enforceability of the two patents at issue. Abraxis has provided its contentions, and there is no valid reason for Elan to refuse to provide the same information it has requested of Abraxis.

### 8.    Elan Has Not Sufficiently Responded to a Request for Information About its Standing to Sue.

Abraxis's Eleventh Interrogatory asks for simple and relevant information: whether Elan has standing to sue based on the assignment of rights to the patents-in-suit. This is a jurisdictional issue and one on which Elan bears the burden of proof. *See, e.g., Ortho Pharm. Corp. v. Genetics Inst.*, 52 F.3d 1026, 1032-33 (Fed. Cir. 1995). In its original response, Elan merely directed Abraxis to documents found in its production without an adequate explanation as to how these established standing, improperly relying on Rule 33(d). In response to Abraxis's

motion to compel, Elan continues to rely on the corporate records it listed in its interrogatory response, ignoring entirely Abraxis's argument that these documents are unintelligible. Abraxis should not be required to guess at Elan's contentions as to why it has standing to bring this lawsuit. If Elan believes that the documents it has identified establish standing, it should explain why, including the facts supporting its contentions and why it believes that specific documents establish standing.

9.

**10.   Abraxis Has Legitimately Requested Information Related to the Inventors' Contribution to the Patents.**

Abraxis's Thirteenth Interrogatory properly asks Elan to describe and provide evidence of the role played by each inventor of the patents-in-suit and the '684 patent. (Kruze Decl.,

Ex. 17.)  In its opposition, Elan continues to insist that it is appropriate to refer Abraxis to Elan's

response to Abraxis's Third Interrogatory, which is deficient for the reasons discussed above.

Moreover, the Thirteenth and the Third Interrogatories are quite different; evidence of the

contribution of each inventor is not the same as evidence related to conception, design,

development, and reduction to practice.  Detailed evidence of the timing and content of the

inventors' contributions would aid in an analysis of the relevant input of each inventor to the

patent.  *Pannu v. Iolab Corp.*, 155 F3d 1344, 1351 (Fed. Cir. 2001).  Elan should be compelled

to provide a full and complete response to this interrogatory, at least with respect to the claims

Elan has asserted in this action.

### B.    Abraxis Is Entitled to Documents Referring To Abraxis Or Abraxane.

Abraxis's Request for Production Nos. 74, 75 and 76 seek documents referring to

Abraxis or Abraxane.  Elan's assertion that it has produced all non-privileged documents

referring to Abraxis or Abraxane is not credible.  Abraxis is not searching for "phantom"

evidence.





Elan's attempt to avoid its discovery obligations by hinting that there are additional documents that refer to Abraxis or Abraxane but that they are protected by the attorney work product doctrine is suspect factually and insufficient legally. Notably, despite Elan's late-produced privilege log,

Although it is not entirely clear what "privilege" Elan is asserting for its testing, as a matter of law, no attorney-client privilege could attach to testing information; the underlying facts are not requests for or offers of legal advice. *See Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981) ("The protection of the privilege extends only to communications and not to facts.")(citations omitted); *Monsanto Co. v. Mycogen Plant Science, Inc.,* 61 F. Supp. 2d 133, 175 (D. Del. 1999). At a minimum, Abraxis is entitled to discover the facts underlying the testing documents. *Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 595 (3d Cir. 1984) ("[W]here the same document contains both facts and legal theories of the attorney, the adversary is entitled to discovery of the facts").[2]

To the extent Elan is claiming that testing it has conducted is attorney-work product, it was obligated to support its work product claim with evidence establishing that any testing documents were protected work product, not blanket assertions. *See supra* Section A.1.a; *Tulip Computers,* 210 F.R.D. at 104-05; *Church of Scientology,* 30 F.3d at 236-37; *Willemijn*

---

[2] Elan is incorrect when it claims that nothing in *Glaxo, Inc. v. Torpharm, Inc.,* No. 95 C 4686, 1996 WL 411487 (N.D.Ill. July 18, 1996) supports Abraxis's challenge to Elan's claims of privilege. Ans. Brief at 40. To the contrary, *Glaxo* recognizes that "[b]lanket assertions of privilege are insufficient to avoid discovery; instead, documents must be described with particularity and must be accompanied by a particularized assertion of privilege." 1996 WL 411487 at *5. It goes on to recognize that such blanket assertions—like the ones Elan makes here—"can lead to waiver of the privileges asserted." *Id.*

*Houdstermaatschaapij*, 707 F.Supp. at 1439. At a minimum, Abraxis requests that Elan's work product claims be put to the test by an *in camera* inspection of the documents it contends are subject to work product protection so the Court can determine the legitimacy of this claim. Alternatively, Elan should be barred from using any evidence about analysis and testing of Abraxane at trial conducted by it or on its behalf.

## CONCLUSION

For the reasons set forth above and in Abraxis's opening brief, Elan should be compelled to: (1) respond to Abraxis's Interrogatory Nos. 1-7 or 10-13 or be precluded from relying on any evidence not cited in Elan's operative responses as of August 13, 2007; and (2) produce all documents responsive to Abraxis's Requests for Production No. 74, 75 and 76.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Jeffrey T. Castellano (No. 4837)
*jcastellano@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

-15-

OF COUNSEL:
Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000   Telephone
(415) 268-7522  Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600  Telephone
(650) 494-0792  Facsimile
EEvans@mofo.com

Dated:   September 4, 2007

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on September 11, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on September 11, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX 77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY 10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2