# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 13, 2007

The Honorable Gregory M. Sleet                    VIA ELECTRONIC FILING
Chief Judge
United States District Court
844 King Street
Wilmington, Delaware 19801

      Re:    *Elan Pharma International, Ltd. v. Abraxis Bioscience, Inc.,*
              *C.A. No. 06-438-GMS*

Dear Chief Judge Sleet:

I am Delaware counsel to Elan Pharma International, Ltd., plaintiff in the above action. I am writing to respectfully seek Your Honor's guidance regarding the nature and scope of the Court's reference of this matter to Magistrate Stark in light of certain positions recently taken by defendant Abraxis Bioscience, Inc. in connection with the discovery disputes that have been referred by Your Honor to the Magistrate Judge.

Your Honor may recall that during a teleconference on July 17, 2007, the Court advised the parties that "our new Magistrate Judge will be sworn in effective August 6th," and that "future disputes will be referred to Judge Stark after that date." (D.I. 200 at 3:2-4; 32:24-33:4) On August 8, 2007, after apparently telephoning the Magistrate's chambers and getting a recorded message, and without waiting for guidance (*see* D.I. 243), Abraxis resorted to self-help by filing three discovery motions. (D.I. 234; 237; 240) That same day, mindful of the prohibition in the Court's Scheduling Order against filing discovery motions, and on the advice of Your Honor's staff, Elan wrote to Judge Stark seeking his guidance concerning the manner and schedule in which he would like the parties' disputes to be presented. (D.I. 245)

Five days later, on August 13, 2007, we were informed by counsel for Abraxis that they had again telephoned the Magistrate's chambers and spoken with one of Judge Stark's clerks, who reportedly advised them that the parties should present their disputes by formal motion. With its remaining motions apparently already "in the can," Abraxis filed another four discovery motions that very day. (D.I. 247; 252; 256; 259) In due course, Elan filed three cross-motions and a motion of its own, seeking to compel: (1) the postponed depositions of two key Abraxis employees whom Abraxis has refused to produce (D.I. 296), despite failing to provide Elan's lead trial counsel with timely access to its restricted database of manufacturing documents and hard copies of unredacted laboratory notebooks, as ordered by the Court (D.I. 200 at 9:13-17; 12:19-13:6); (2) the continued deposition of two unprepared Abraxis Rule 30(b)(6) witnesses (D.I. 282; 304); and (3) the completion of another deposition that Abraxis's counsel had

The Honorable Gregory M. Sleet
September 13, 2007
Page 2


unilaterally terminated after objecting on the purported ground of "irrelevance." (*See* D.I. 335, the Opening Brief In Support Of Elan's Motion). Before filing its motions, however, Elan made extensive efforts to meet-and-confer, endeavoring to find alternate dates when, for example, the unavailability of a witness was ascribed by Abraxis to health issues, or to personal travel schedules. Unfortunately, Abraxis has adopted a take-it-or-leave it position on scheduling, evincing the notion that a noticed deponent could name an arbitrary day of his choosing as the only permissible day for deposition.

What prompts this letter is the remarkable position now taken by Abraxis, in a September 10, 2007 letter to Judge Stark (D.I. 330), that it need not respond to any of Elan's discovery motions because such motions had not been filed on or before August 13, 2007 (the very date on which Judge Stark's clerk first advised the parties to submit and brief formal motions, which also happened to be the fact discovery cutoff in this case), coupled with the even more remarkable contention, communicated in an email exchange with Elan's counsel, that Judge Stark cannot in any event grant the relief sought by Elan because he has not been empowered by the Court to take any action that would permit completion of heretofore-thwarted discovery if such completion would take place after the fact discovery deadline set in the schedule set by Your Honor in this case. (*See* Tab A)

In the spirit of Your Honor's previous admonition that the parties should avoid burdening Judge Stark with what the Court considers to be non-substantive issues (*see, e.g.*, D.I. 200 at 34:11-14), we thought it prudent to seek Your Honor's guidance concerning the contours of the role and scope of authority Your Honor intends for Judge Stark in this matter, rather than saddling Judge Stark with what appears to be another example of the conduct by Abraxis that the Court previously has criticized as "the tail wagging the dog." (D.I. 200 at 12:19-13-4)


Respectfully,

*/s/ John G. Day*

John G. Day

JGD/nml
184093.1

c:     The Honorable Leonard P. Stark (via hand delivery)
       Josy W. Ingersoll, Esquire (via electronic mail)
       William J. Sipio, Esquire (via electronic mail)
       Steven Scheve, Esquire (via electronic mail)
       Paul F. Fehlner, Esquire (via electronic mail)
       Michael A. Jacobs, Esquire (via electronic mail)
       Emily A. Evans, Esquire (via electronic mail)

# EXHIBIT A

## Sullivan, Jeffrey D.

| | |
|---|---|
| **From:** | Evans, Emily A. [EEvans@mofo.com] |
| **Sent:** | Thursday, August 23, 2007 6:45 PM |
| **To:** | Fehlner, Paul F. |
| **Cc:** | Scheve, Steve; Glover, Linda; sipz25@aol.com; Chiarini, Lisa; Sullivan, Jeffrey D. |
| **Subject:** | RE: Abraxis:  proposed stipulation re expert discovery |

 

(6200070_1)_Ab (6200137_1)_Ab
axis_ Proposed .. raxis- Stipulati...

Paul,

It's been less than 24 hours since your e-mail.  As it happens, I was just about to send you the attached proposed stipulations.  I hope Elan is willing to consider them.  With respect to the stipulation regarding expert discovery, I left a place in the last paragraph for you to insert proposed language re "non-substantive circumstances."  I could not tell from your e-mail exactly what Elan contemplated there.

Abraxis does not agree with your other comments.  First, only Judge Sleet can modify the case schedule, and His Honor has already ruled on Elan's motion to extend the fact discovery cut-off.  Second, Judge Sleet ruled that fact discovery would close on August 13.  All the parties' motions to compel or for protective order as to fact discovery were due on or before that date.  Any such motion by Elan at this time is untimely.

Please feel free to call me if you would like to discuss these issues.

Emily

Emily A. Evans
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel.:  (650) 813-5625
Fax:  (650) 494-0792
eevans@mofo.com


-----Original Message-----
From: PAUL.FEHLNER@bakerbotts.com [mailto:PAUL.FEHLNER@bakerbotts.com]
Sent: Thursday, August 23, 2007 3:12 PM
To: Evans, Emily A.
Cc: Steve.Scheve@bakerbotts.com; linda.glover@bakerbotts.com; sipz25@aol.com;
Lisa.Chiarini@bakerbotts.com; Jeffrey.Sullivan@bakerbotts.com
Subject: RE: Abraxis: proposed stipulation re expert discovery

Emily:

We have not heard back from Abraxis.  Abraxis's obstruction of three depositions and its refusal to extend fact discovery for a reasonable period and inadequate proposal for extending expert discovery necessitates that Elan seek relief  from the Magistrate Judge, which we shall be doing shortly.  In light of the need to take the

1

scheduling and other issues to the Magistrate Judge for global disposition of the scheduling problems brought about by Abraxis's substantial non-compliance with discovery properly sought by Elan, the below communication string is moot and my e-mail of yesterday is withdrawn.

Best regards,

Paul


Paul Fehlner
Tel. 212.408.2527
Cell 917.826.9452
Fax 212.259.2527

mailto:paul.fehlner@bakerbotts.com


-----Original Message-----
From: Fehlner, Paul F.
Sent: Wednesday, August 22, 2007 6:09 PM
To: 'eevans@mofo.com'
Cc: Scheve, Steve; Glover, Linda; 'sipz25@aol.com'; Chiarini, Lisa; Sullivan, Jeffrey D.
Subject: Re: Abraxis: proposed stipulation re expert discovery
Importance: High


Dear Emily:

We agree that for numerous reasons, including the pending discovery disputes between the parties, extension of the expert discovery deadlines is necessary, at least for the two weeks you suggest.  We do not agree that two weeks will necessarily be sufficient to permit resolution by the Magistrate Judge of the pending disputes, including Elan's significant grievances, as to which it intends to move for relief, including Abraxis's obstructing and suspending the depositions, failing to proffer 30(b)(6) witnesses with adequate knowledge, refusing to present witnesses noticed for deposition, over-designation of documents, and refusing to produce documents in a manner that permits
expert review.   We shall concurrently apply for such extensions of
expert and other deadlines as are necessary to allow Elan and Abraxis to complete full and fair fact and expert discovery, and note that we concur with Abraxis at as to the need for at least a two-week extension of expert discovery deadlines.

Finally, in an effort to eliminate issues as to which there is no significant dispute, we agree to entry of a stipulation limiting discovery of expert drafts, notes, etc., except it must be clear that this does not prohibit discovery into the non-substantive circumstances of the expert report (when did you meet with counsel, how many times, for how long, etc.).

All these positions are without prejudice to our other pending and imminent requests for relief and our rights under the discovery rules.

Best regards,

Paul

Paul F. Fehlner
Baker Botts L.L.P.
Tel: 212.408.2527
Fax: 212.259.2527
Mob: 917.826.9452

This email and any attachment may be privileged and confidential. Unauthorized use is prohibited. If you have received this message in error, please delete it.

----- Original Message -----
From: Evans, Emily A. <EEvans@mofo.com>
To: Fehlner, Paul F.
Cc: Scheve, Steve; Glover, Linda; sipz25@aol.com <sipz25@aol.com>; Chiarini, Lisa
Sent: Tue Aug 21 21:02:55 2007
Subject: Abraxis:  proposed stipulation re expert discovery

Hi Paul,

Attached is a proposed stipulation regarding expert discovery intended to streamline the expert discovery process.  Please let me know if Elan is interested in entering into such a stipulation.  Also, if Elan is interested in moving the expert and summary judgment dates as I proposed earlier, we could include that in this stipulation as well.

Please let me know.

Emily

<<Proposed Joint Stipulation re Draft Expert Reports - 2.DOC>> Emily A. Evans Morrison & Foerster, LLP
755 Page Mill Road Palo Alto, CA 94304
Tel.:  (650) 813-5625
Fax:  (650) 494-0792
eevans@mofo.com

---

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

---

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any

information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

## Sullivan, Jeffrey D.

| | |
|---|---|
| **From:** | Kruze, Diana B. [DKruze@mofo.com] |
| **Sent:** | Wednesday, August 15, 2007 6:29 PM |
| **To:** | Sullivan, Jeffrey D. |
| **Cc:** | Scheve, Steve; sipz25@aol.com; Fehlner, Paul F.; Walters, Eric S.; Evans, Emily A.; Jacobs, Michael A.; Aannestad, Anders T.; Glover, Linda |
| **Subject:** | RE: Elan vs. Abraxis |

Dear Jeffrey:

As you know, Judge Sleet referred all future discovery disputes to the magistrate during the last discovery conference with the Court. Moreover, our local counsel was instructed by Judge Stark's chambers to e-file all motions and the final deadline for discovery motions was August 13, 2007- the discovery cutoff. Finally, under the local rules, Elan has 10 business days from the date of service to respond to Abraxis's motions. If Elan fails to file any oppositions within the time allotted by the local rules, Elan will waive its rights to contest these motions.

If you are seeking an extension or relief from the due dates imposed by the local rules, please let us know.

Thanks,

Diana

Diana Kruze
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: 650.813.5649
Facsimile: 650.494.0792
dkruze@mofo.com

---

**From:** Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
**Sent:** Thursday, August 09, 2007 12:53 PM
**To:** Kruze, Diana B.; linda.glover@bakerbotts.com
**Cc:** Steve.Scheve@bakerbotts.com; sipz25@aol.com; PAUL.FEHLNER@bakerbotts.com; Walters, Eric S.; Evans, Emily A.; Jacobs, Michael A.; Aannestad, Anders T.
**Subject:** RE: Elan vs. Abraxis

Diana:

As we advised you on today's meet-and-confer call with Anders, we are aware of the purported filing of Motions To Compel by Abraxis but Elan will not be responding to these until instructed to do so by the Magistrate Judge. As mentioned in my e-mail to you yesterday, Judge Sleet's chambers instructed our local counsel that the parties were to contact Judge Stark to seek guidance on the mechanisms for resolving discovery disputes. We understand that our respective local counsel called Judge Stark's chambers yesterday, but that after not reaching him, Abraxis unilaterally decided to file Motions. Absent an Order Of Reference and absent the conversation with Judge Stark that Judge Sleet clearly intended, it's our position that

no Motions should be filed, though we are eager to obtain resolution of our own multiple grievances regarding the insufficiency of Abraxis's compliance with discovery.

Once contacted by Judge Stark, we will lodge our requests for relief and will provide timely response to Abraxis's premature Motions.

Thank you and best regards.

JDS

═══════════════════════════════════════════════════════════════════

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

═══════════════════════════════════════════════════════════════════

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
═══════════════════════════════════════════════════════════════════