# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5029
DIRECT FAX: 302-576-3402
enorman@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

October 10, 2007

**BY CM/ECF**

The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: Elan Pharma Int'l Ltd. v. Abraxis BioScience, Inc. – C.A. No. 06-438-GMS

Dear Chief Judge Sleet:

In accordance with the Court's instructions at the discovery hearing on October 2, 2007, please consider this letter as defendant Abraxis BioScience, Inc.'s ("Abraxis") motion to dismiss newly added infringement contentions pursuant to Fed. R. Civ. P. 16(f)(1)(C) for violation of the Court's Scheduling Order, or in the alternative, a motion to preclude based on that violation and resulting prejudice. The parties have agreed that this letter brief shall be filed on October 10, 2007, plaintiff Elan Pharma Int'l Ltd. ("Elan") shall respond on October 17, 2007, and Abraxis shall reply on October 19, 2007.

The newly added infringement contentions are that Abraxis infringes claims 4, 14, 16 and 17 of the '363 patent (collectively, the "New Claims"). Claims 4, 16 and 17 cover the particles of claim 1, wherein the surface modifier is present at varying amounts of the total weight of the claimed particles. Claim 14 also covers the particles of claim 1, wherein the surface modifier is an "anionic surfactant."

This case was filed in July 2006. In November 2006, Abraxis served an interrogatory requesting a claim chart detailing Elan's infringement contentions regarding the '363 patent. Elan responded in December, asserting only claims 1-3, 5, 8-11 and 15. Elan supplemented its responses to this interrogatory five times, in January, March, May, June, and September of 2007. Elan's original responses, as well as Elan's first through fourth

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
October 10, 2007
Page 2

supplemental responses, did not include any allegations regarding the New Claims. More than a year into the case, and six weeks after fact discovery closed, Elan, for the first time, asserted infringement of the New Claims on September 28, 2007, in its Fifth Supplemental Response.

The Court should not allow Elan's late assertion of the New Claims for several reasons. First, Elan's belated assertion of the New Claims violates the Court's Scheduling Order. Amendments to the pleadings were due on March 30, 2007. (Kruze Declaration in Support of Defendant's Motion to Dismiss ("Kruze Decl."), ¶ 2.) Fact discovery, moreover, closed on August 13, 2007. (*Id.*) In blatant violation of the Court's Scheduling Order, however, Elan asserted the New Claims for the first time in late September. The Court has inherent authority to enforce its Scheduling Order.

Second, Elan's delay is inexcusable. As evidenced by Elan's own infringement contentions, Elan had the evidence that it alleges supports infringement of the New Claims for over seven months. In support of its allegations that Abraxis infringes Claims 4, 16 and 17, Elan cites only to one document (bearing bates number ABRX 0150905). (Kruze Decl., Ex. 1 (Elan's Fifth Amended Interrogatory Response, Ex. A at 7, 16-17).) This document was produced by Abraxis in March 2007. (Kruze Decl. ¶ 7.) Moreover, Elan was citing other portions of this same ABRX document as early as June 2007, indicating that Elan was aware of its existence far before the discovery cutoff. (*See, e.g.*, Kruze Decl., Ex. 2 (Elan's Fourth Amended Interrogatory Response at 6).) In support of its new allegation that Abraxis infringes Claim 14, Elan cites only a public document. (*See, e.g.*, Ex. 1. (Elan's Fifth Amended Interrogatory Response, Ex. A at 14).) Elan also was aware of that document in March 2007, as evidenced by Elan propounding a request for production in March 2007 seeking the information underlying this precise document. (*See, e.g.*, Kruze Decl.,Ex. 3 at 10 (Elan's Second Set of Requests for Production).) Despite Elan's possession and awareness of this evidence for over seven months, Elan waited until six weeks after the close of fact discovery – and the same day opening expert reports were due – to assert the New Claims.

Third, Claim 14, which covers the particles of claim 1 wherein the surface modifier is an "anionic surfactant," requires claim construction. The patent specification is silent as to how to define an "anionic surfactant," mentioning the term only once with no definition or list of representative examples. ('363 patent, 3:65-66 ("Preferred surface modifiers include nonionic and anionic surfactants.").) As the Court is aware, the parties already briefed claim construction issues in May and June, and the Court held its Markman hearing in July. While the Court construed the term "surfactant" it did not construe the term "anionic surfactant." Elan's late addition of this claim would either significantly burden the Court and the parties with additional briefing and another hearing, or alternatively, deprive the parties and the jury of the Court's meaningful construction of this term.

Fourth, Abraxis is significantly prejudiced by Elan's unjustifiable delay. Elan's addition of the New Claims after the close of fact discovery has deprived Abraxis of the opportunity to obtain Elan's legal contention regarding these claims, documents about these claims, and testimony of Elan's witnesses about these claims. Moreover, Abraxis has also been

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
October 10, 2007
Page 3

prejudiced in expert discovery. Elan added the New Claims the day that opening expert reports were due. In other words, Abraxis was deprived of a meaningful opportunity to have its experts opine regarding invalidity and unenforceability of these claims. Elan's experts, however, opined on the New Claims. Even with supplemental opening reports, Abraxis has already lost much valuable time due to Elan's delay. Supplementing Abraxis's opening reports also would be an unfair and significant expense to Abraxis in a litigation already made overly costly by Elan.

In *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, the Federal Circuit affirmed the district court's denial of plaintiff's untimely motion to amend its final infringement contentions. 467 F.3d 1355, 1369-70 (Fed. Cir. 2006). In that case, the plaintiff breached the local patent rules, as well as a supplemental case management order that set a final date by which to submit final infringement contentions. *Id.* at 1358-61. The district court found the three-month delay between discovery of the evidence leading to the amendment and the amendment itself constituted a lack of diligence on the plaintiff's part and unduly prejudiced the defendant. *Id.* at 1361-62.

Although there are no local rules in Delaware governing the timeline for providing infringement contentions, the Federal Circuit noted that

> the rules are essentially a series of case management orders, and the deadlines for submission of contentions in this case were explicitly included in a supplemental case management order. The court may impose any "just" sanction for the failure to obey a scheduling order, including "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B).

*Id.* at 1363.[1]

This Court has also noted the prejudicial effect of such untimely contentions. In *CREO Prods., Inc. v. Presstek, Inc.*, this Court granted a motion in limine precluding the assertion of infringement of dependent patent claims raised for the first time at the pretrial conference. 148 F. Supp. 2d 416 (D. Del. 2001) (Sleet, C.J.) This Court explained that the new argument that the claims were infringed: (1) was raised for the first time after the deadline to amend the pleadings, (2) was raised for the first time months after the patentee was in possession

---

[1] The Federal Circuit noted that it was applying Federal Circuit law because the patent local rules in the Northern District of California were specific to patent law; it left open the question of whether Federal Circuit or Third Circuit law would apply in this instance. *Id.* at 1364. But regardless, the outcome is the same. For example, in *In re Orthopedic "Bone Screw" Prods. Liability Litig. v. Eyster*, the Third Circuit stated that "Rule 16(f), which provides sanctions for failure to comply with pretrial and scheduling orders of the court, incorporates the sanctions under Rule 37 by reference, including the Rule 37(b)(2)(C) provision for dismissal for failure to comply with discovery orders." 132 F.3d 152, 154 n.2 (3d Cir. 1997).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
October 10, 2007
Page 4

of the information necessary to support the assertion of the new claims, and (3) denied the parties and the Court the benefit of discovery on the new claims. *Id.* at 417-418. The Court further explained that because the new claims were dependent claims, there was no prejudice to the patentee; a finding of non-infringement of the independent claims would preclude liability on the dependent claims. *Id.* at 418. Each of these reasons is present in this case.

For all of the reasons above, Abraxis respectfully requests that the Court dismiss claims 4, 14, and 16-17 of the '363 patent with prejudice. In the alternative, Abraxis respectfully requests an Order precluding Elan from asserting these claims at trial.

Respectfully submitted,

Elena C. Norman by *[signature]* (#4837)
Elena C. Norman (#4780)

ECN:mcm

cc:     Clerk of Court (by CM/ECF)
        John G. Day, Esq. (by CM/ECF and hand delivery)
        Steven J. Balick, Esq. (by CM/ECF and hand delivery)
        Tiffany Geyer Lydon, Esq. (by CM/ECF and hand delivery)
        Stephen Scheve, Esq. (by electronic mail)
        Paul F. Fehlner, Esq. (by electronic mail)
        William J. Sipio, Esq. (by electronic mail)
        Michael A. Jacobs, Esq. (by electronic mail)
        Emily A. Evans, Esq. (by electronic mail)
        Diana B. Kruze, Esq. (by electronic mail)