UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-438-GMS ) |
| ABRAXIS BIOSCIENCE, INC., | ) ) |
| Defendant. | ) ) ) |

**NOTICE OF DEPOSITION AND SUBPOENA
DIRECTED TO ELAN EXPERT JEFFREY D. WINKLER**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Abraxis BioScience, Inc. ("Abraxis") will take the deposition by oral examination of Jeffrey D. Winkler, commencing at 9:00 a.m. on November 30, 2007, at Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801. The deposition will be taken before a person authorized to administer an oath and will continue from day to day, Saturdays, Sundays, and holidays excepted, until completed. The deposition will be recorded by video, audio, and stenographic means.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of Procedure, Abraxis has served a subpoena *ad testificandum and duces tecum* upon the deponent in the form appended hereto for the deposition described above and for the production of the items described in Exhibit A to the subpoena five business days before the noticed date of the deposition or such other deposition date as may be agreed upon by the parties.

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

/s/ *Jeffrey T. Castellano*
Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Jeffrey T. Castellano (No. 4837)
*jcastellano@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for ABRAXIS BIOSCIENCE, INC.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000   Telephone
(415) 268-7522   Facsimile
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600   Telephone
(650) 494-0792   Facsimile
EEvans@mofo.com

Dated:   October 19, 2007

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on October 19, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on October 19, 2007, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com

> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

        YOUNG CONAWAY STARGATT
         &  TAYLOR, LLP

/s/ *Jeffrey T. Castellano*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

2

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ELAN PHARMA INTERNATIONAL LIMITED

V.

ABRAXIS BIOSCIENCE, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-438-GMS (D. Del.)

TO: Jeffrey D. Winkler, c/o Steven J. Balick, Ashby & Geddes, 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, DE 19899

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 | November 30, 2007 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 | November 23, 2007 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Counsel for Defendant | October 19, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Jeffrey T. Castellano
Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801  (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Exhibit:

The term "Abraxis" means Abraxis BioScience, Inc., its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Abraxis.

The term "Abraxane" refers to Abraxane for Injectable Suspension (paclitaxel protein-bound particles for injectable suspension), an albumin-bound form of paclitaxel supplied as a lyophilized powder for reconstitution prior to intravenous infusion. The term "Abraxane" also includes Abraxane as reconstituted according to the instructions on the product label. Abraxane was developed and is marketed by Abraxis.

The terms "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

The term "Elan" means Elan Pharma International Limited, its predecessors, successors and assigns, its officers, employees, agents, attorneys, consultants, and representatives, or other persons acting or purporting to act on its behalf, and any other legal entities (foreign or domestic) that are or have been owned or controlled by Elan.

The term "Elan Experts and Consultants" means any expert or third party consultant retained by Elan in connection with this litigation, or in connection with any analysis, experiment (formal or informal) or testing of Abraxane, including but not limited to Cory J. Berkland, Harry J. Brittain, Samuel J. Danishefsky, David J. Haidak, John C. Jarosz, Mark Cornell Manning, James M. McBride, Eric J. Munson, David R. Taft, Robert O. Williams III, and Jeffrey D. Winkler.

The term "Counsel for Elan" means any attorney retained by or acting on behalf of Elan, as well as any employees, agents, representatives or other persons acting on such an attorney's behalf.

To the extent you believe you cannot produce an otherwise-responsive Document because of privilege, Abraxis requests that you provide a privilege log. For each Document withheld on the basis of privilege, describe the claimed privilege and identify the date, author or originator, person to whom addressed, sent or shown (including copies), type of Document, present custodian and general subject matter of the Document.

## REQUESTED DOCUMENTS

1. Documents and tangible things, including tangible reports, physical models, compilations of data, photographs, audio tapes, video tapes, computer data and printouts, and other material prepared by the witness or for the witness and/or his agents, servants and/or employees in preparation of the witness's expert report in this matter or in anticipation of the witness's trial and deposition testimony.

2. Documents and tangible things, including but not limited to all materials, notices, memoranda, statements, depositions, and correspondence reviewed by the witness and/or his agents, servants and/or employees, including treatises, articles and authoritative materials, in preparation of the witness's expert report in this litigation or in anticipation of the witness's trial and deposition testimony.

3. Documents and tangible things, including but not limited to correspondence, notes, factual observations, calculations, supporting data, and material sent to the witness and/or his agents, servants and/or employees by Elan or Counsel for Elan in connection with this litigation or related to Abraxane.

4. The witness's entire file on this matter, including all work product and work papers, such as notes, correspondence, research, memoranda, and any other tangible or electronic material.

5. Electronic data reflecting work by the witness and/or his agents, servants and/or employees in connection with this litigation or related to Abraxane.

6. Materials reviewed, read, considered or used by the witness and/or his agents, servants and /or employees in connection with his work in this litigation.

7. All of the witness's and/or his agents, servants and/or employees' notes concerning the assignments and/or work he has done on his own and/or at the request of Elan or Counsel for Elan in regard to this litigation, including reports and case summaries prepared by the witness or prepared for the witness by any individual working with him.

8. Records of time, expenses and charges for time the witness and/or his agents, servants and/or employees have spent on any matter related to this litigation.

9. Reports and transcripts of depositions and/or trial testimony offered by the witness as an expert in any litigation other than in this case.

10. Documents reflecting agreements between the witness and/or his agents, servants and/or employees and Counsel for Elan related to this case, including but not limited to receipts, checks, and billing records reflecting that compensation.

11. Documents reflecting agreements between the witness and/or his agents, servants and/or employees and Elan, including but not limited to receipts, checks, and billing records reflecting that compensation.

12. Documents, including laboratory notebook entries, raw data, reports, memoranda, or other communications, including electronic mail messages or other electronic information, regarding laboratory manipulation or testing of Abraxane or derivatives of Abraxane.

13. Documents used by the witness as course material, including syllabi, in any course taught by the witness that includes material related to crystallinity, amorphousness, cross-

linking, adsorption, colloidal dispersions, x-ray crystallography, solid-state nuclear magnetic resonance ("NMR"), or transmission electron microscopy, as those subjects are defined in the witness's field of specialty.

14. Publications, articles, abstracts, lecture materials or slides, posters, handouts, or presentations drafted in full or in part by the witness related to crystallinity, amorphousness, cross-linking, adsorption, colloidal dispersions, x-ray crystallography, solid-state NMR, or transmission electron microscopy as those subjects are defined in the witness's field of specialty.

15. Documents reflecting or referring to communications between the witness and Elan.

16. Documents reflecting or referring to communications between the witness and Counsel for Elan related to this litigation.

17. Documents that reflect or contain direct or indirect communications with any Elan Expert or Consultant related to this litigation or Abraxane.

18. Documents prepared by, or supplied directly or indirectly by any Elan Expert or Consultant related to this case or Abraxane.