IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, ) ) )<br><br>Plaintiff, ) )<br>)<br>v. )<br>)<br>ABRAXIS BIOSCIENCE, INC., )<br>)<br>Defendant. ) | C.A. No. 06-438-GMS |

## AMENDED NOTICE OF SUBPOENA AND DEPOSITION OF MICHAEL HAWKINS

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Elan Pharma International Limited will take the continuing deposition by oral testimony of Michael Hawkins, commencing on November 15 at 9:00 a.m. PST.

The deposition shall take place at the offices of Morrison Foerster, 555 West Fifth Street, Suite 3500, Los Angeles, California, or at such other place, date and time mutually agreed upon or ordered by the Court, before a notary public or other officer authorized to administer oaths. The testimony shall be recorded by stenographic and/or videographic means and shall continue from day to day until completed.

Notice is further given that pursuant to the Federal Rules of Civil Procedure, plaintiff will serve upon Michael Hawkins a Subpoena in a Civil Case. Attached hereto as Exhibit A is a true and correct copy of that Subpoena.

1

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625

Dated: October 23, 2007
185220.1

2

# EXHIBIT A

Issued by the
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br>    Plaintiff, | SUBPOENA IN A CIVIL CASE |
| v. | |
| ABRAXIS BIOSCIENCE, INC.,<br>    Defendant. | Case No. 06-438-GMS<br><br>In the District of Delaware |

TO:    Michael Hawkins
         c/o Young Conaway Stargatt & Taylor LLP
         100 West Street, 17th Floor
         Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morrison Foerster<br>555 West Fifth Street, Suite 3500<br>Los Angeles, California | November 15, 2007 at 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff Elan Pharma International, Inc. | DATE<br>October 23, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ \_\_, 2007

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty the appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to the inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trail be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires a disclosure of trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.