IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) | |

### ELAN PHARMA INTERNATIONAL LIMITED'S OBJECTIONS TO ABRAXIS BIOSCIENCE, INC.'S NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM TO DR. MARK CORNELL MANNING

Pursuant to Federal Rules of Civil Procedure 26, 30 and 34, Elan Pharma International Limited ("Elan") and Dr. Mark Cornell Manning ("Dr. Manning") hereby object to Abraxis BioScience Inc.'s ("Abraxis") Notice of Deposition and Subpoena Duces Tecum ("Subpoena") to Dr. Manning.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A. Elan and Dr. Manning object to the definition of "Abraxis" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. This definition purports to require Elan and Dr. Manning to conduct an independent investigation into which entities, if any, might be predecessors of Abraxis, and to somehow foretell which entities, if any, might be successors to Abraxis in the future. This definition also purports to require Dr. Manning to ascertain whether any individual with whom he has ever been in contract might be employed and/or retained by Abraxis, or even just claim to be. This definition further

purports to require Dr. Manning to conduct an independent investigation into which entities may have, at one time, been owned or controlled by Abraxis, without any guidance provided as to how such terms should be defined. Elan and Dr. Manning, therefore, will interpret the term, "Abraxis" to mean the corporate entity Abraxis BioScience, Inc., which is the Defendant in this litigation.

B. Elan and Dr. Manning object to the definition of "Elan" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks to sweep into its purview entities unrelated to this litigation. This definition also purports to require Dr. Manning to ascertain whether any individual with whom he has ever been in contract might be employed and/or retained by Elan, or even just claim to be. Elan and Dr. Manning also object to the definition of "Elan" to the extent that is seeks to invade protections provided by the attorney-client privilege and/or work product doctrine. Elan and Dr. Manning, therefore, will interpret the term "Elan" to mean the corporate entity Elan Pharma International Limited, which is the Plaintiff in this litigation.

C. Elan and Dr. Manning object to the definition of "Elan Experts and Consultants" to the extent that it seeks to invade any protections provided by the attorney-client privilege and/or work product doctrine.

D. Elan and Dr. Manning object that Abraxis's purported requirement that Dr. Manning provide a privilege log is unduly burdensome as Elan has already produced a privilege log in this litigation that includes relevant privileged documents in Dr. Manning's possession, custody and control, if any.

## OBJECTIONS TO REQUESTS FOR DOCUMENTS

**REQUEST NO. 1.**

Documents and tangible things, including tangible reports, physical models, compilations of data, photographs, audio tapes, video tapes, computer data and printouts, and other material prepared by the witness or for the witness or his agents, servants or employees in preparation of the witness's expert report in this matter or in anticipation of the witness's trial and deposition testimony.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he has or will provide in this matter, will be or previously have been produced.

**REQUEST NO. 2.**

Documents and tangible things, including but not limited to all materials, notices, memoranda, statements, depositions, and correspondence reviewed by the witness and/or his agents, servants and/or employees, including treatises, articles and authoritative materials, in preparation of the witness's expert report in this litigation or in anticipation of the witness's trial and deposition testimony.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by

Federal Rules of Civil Procedure 26 and 45. In particular, Elan and Dr. Manning object that this Request is overly broad in that it lacks any temporal parameters. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he has or will provide in this matter, will be or previously have been produced.

**REQUEST NO. 3.**

Documents and tangible things, including but not limited to correspondence, notes, factual observations, calculations, supporting data, and material sent to the witness and/or his agents servants and/or employees by Elan or Counsel for Elan in connection with this litigation or related to Abraxane.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he has or will provide in this matter, will be or previously have been produced.

**REQUEST NO. 4.**

The witness's entire file on this matter, including all work product and papers, such as notes, correspondence, research, memoranda, and any other tangible or electronic material.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning also object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Elan and Dr. Manning further object that this Request is vague and ambiguous as the term "witness's entire file" is undefined and subject to misinterpretation.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 5.**

Electronic data reflecting work by the witness and/or his agents, servants and/or employees in connection with this litigation or related to Abraxane.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 6.**

Materials reviewed, read, considered or used by the witness and/or his agents, servants and employees in connection with his work in this litigation.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Elan and Dr. Manning also object that the term "in connection with" is vague and ambiguous because it is without any temporal parameters.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 7.**

All of the witness's and/or his agents, servants and/or employees' notes concerning the assignment and/or work he has done on his own and/or at the Request of Elan or counsel for Elan in regard to this litigation, including reports and case summaries prepared by the witness or prepared for the witness by any individual working with him.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 8.**

Records of time, expenses and charges for time the witness and/or his agents, servants and/or employees have spent on any matter related to this litigation.

**RESPONSE.**

Elan and Dr. Manning object that this Request is vague and ambiguous as the term "related" is undefined and subject to misinterpretation. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that Dr. Manning will produce non-privileged documents, if any, responsive to this Request.

**REQUEST NO. 9.**

Reports and transcripts of depositions and/or trial testimony offered by the witness as an expert in any litigation other than in this case.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning also object to the extent that this Request seeks testimony subject to a protective order in another matter. Elan and Dr. Manning further object that this Request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Dr. Manning's testimony in unrelated cases has no bearing on the subject matter of this lawsuit or the claims and defenses of the parties. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that Dr. Manning has no documents responsive to this Request.

**REQUEST NO. 10.**

Documents reflecting agreements between the witnesses and/or his agents, servants and/or employees and Counsel for Elan, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning also object that this Request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding Dr. Manning's agreements with Counsel for Elan, if any, unrelated to the subject matter of this litigation or the claims and defenses of the parties. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials responsive to this Request, if any, will be or previously have been produced.

**REQUEST NO. 11.**

Documents reflecting agreements between the witness and/or his agents, servants and/or employees and Elan, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning also object that this Request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding Dr. Manning's agreements with Elan, if any, unrelated to the subject matter of this litigation or the claims and defenses of the parties. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials responsive to this Request, if any, will be or previously have been produced.

**REQUEST NO. 12.**

Documents, including laboratory notebook entries, raw data, reports, memoranda, or other communications, including electronic mail messages or other electronic information regarding laboratory manipulation or testing of Abraxane or derivatives of Abraxane or intravenous administration of Abraxane or derivatives of Abraxane.

9

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 13.**

Documents used by the witness as course material, including syllabi, in any course taught by the witness that includes material related to crystallinity, amorphousness, cross-linking, adsorption, colloidal dispersions, x-ray crystallograpy, solid-state nuclear magnetic resonance ("NMR"), intravenous administration, pre-clinical trials or clinical trials or transmission electron microscopy, as those subjects are defined in the witness's field of specialty.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning object that this Request is vague and ambiguous as it suggests that there exists a single definition for the terms provided in the witness's field of expertise, but fails to provide such definition. Elan and Dr. Manning also object that this Request is overly broad and unduly burdensome in that it lacks any temporal

parameters. Elan and Dr. Manning further object to this Request to the extent that it seeks documents not in the possession, custody and control of Dr. Manning.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 14.**

Publications, articles, abstract, lecture materials or slides, posters, handouts, or presentations drafted in full or in party by the witness related to crystallinity, amorphousness, cross-linking, adsorption, colloidal x-ray crystallograpy, solid-state nuclear magnetic resonance ("NMR"), intravenous administration, pre-clinical trials or clinical trials or transmission electron microscopy, as those subjects are defined in the witness's field of specialty.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Elan and Dr. Manning object that this Request purports to require Dr. Manning to review materials to ascertain whether such material addresses any of the described topics, based on the vague and ambiguous assertion that such topics should be defined in accordance with his field of specialty. Such a task would require months, not mere days, even if there were a single definition of the provided terms in Dr. Manning's field of endeavor. Dr. Manning does not have administrative assistance available to him; and Abraxis has heretofore refused to advise whether it will reimburse Dr. Manning for the time that he would have to spend away from gainful activity to complete such an onerous task. In this regard, Abraxis's Request borders on harassment. Elan and Dr. Manning also object that this Request is overly broad and unduly burdensome in that it lacks any temporal parameters.

Elan and Dr. Manning further object to this Request to the extent that it seeks documents not in the possession, custody and control of Dr. Manning.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 15.**

Documents reflecting or referring to communications between the witness and Elan.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning also object that this Request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks communications between Dr. Manning and Elan unrelated to the subject matter of this litigation or the claims and defenses of the parties. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, will be or previously have been produced.

**REQUEST NO. 16.**

Documents reflecting or referring to communications between the witness and Counsel for Elan related to this litigation.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, will be or previously have been produced.

**REQUEST NO. 17.**

Documents that reflect or contain direct or indirect communications with any Elan Expert or Consultant related to this litigation or Abraxane.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 18.**

Documents prepared by, or supplied directly or indirectly by any Elan Expert or Consultant related to this case or Abraxane.

**RESPONSE.**

Elan and Dr. Manning object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Dr. Manning further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Subject to and without waiving the foregoing objections, Elan and Dr. Manning respond tha tnon-privileged materials, if any, responsive to this Request, to the extent that such materials were within Dr. Manning's possession, custody and control and were considered by Dr. Manning in forming the opinions that he will provide in this matter, will be or previously have been produced.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited and*
*Dr. Mark Cornell Manning*

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625

Dated: November 5, 2007
185616.1