## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| | ) | C.A. No. 06-438-GMS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) | |

### ELAN PHARMA INTERNATIONAL LIMITED'S OBJECTIONS TO ABRAXIS BIOSCIENCE, INC.'S SUBPOENA DUCES TECUM TO JOHN C. JAROSZ

Pursuant to Federal Rules of Civil Procedure 26, 30 and 34, Elan Pharma International Limited ("Elan") and John C. Jarosz ("Mr. Jarosz") hereby object to Abraxis BioScience Inc.'s ("Abraxis") Subpoena Duces Tecum ("Subpoena") to Mr. Jarosz.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
(713) 229-1659

*Attorneys for Plaintiff*
*Elan Pharma International Limited*
*and John C. Jarosz*

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625

Dated:  November 29, 2007
186257.1

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A.  Elan and Mr. Jarosz object to the definition of "Abraxis" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. This definition purports to require Elan and Mr. Jarosz to conduct an independent investigation into which entities, if any, might be predecessors of Abraxis, and to somehow foretell which entities, if any, might be successors to Abraxis in the future. This definition also purports to require Mr. Jarosz to ascertain whether any individual with whom he has ever been in contract might be employed and/or retained by Abraxis, or even just claim to be. This definition further purports to require Mr. Jarosz to conduct an independent investigation into which entities may have, at one time, been owned or controlled by Abraxis, without any guidance provided as to how such terms should be defined. Elan and Mr. Jarosz, therefore, will interpret the term, "Abraxis" to mean the corporate entity Abraxis BioScience, Inc., which is the Defendant in this litigation.

B.  Elan and Mr. Jarosz object to the definition of "Elan" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks to sweep into its purview entities unrelated to this litigation. This definition also purports to require Mr. Jarosz to ascertain whether any individual with whom he has ever been in contract might be employed and/or retained by Elan, or even just claim to be. Elan and Mr. Jarosz also object to the definition of "Elan" to the extent that is seeks to invade protections provided by the attorney-client privilege and/or work product doctrine. Elan and Mr. Jarosz, therefore,

will interpret the term "Elan" to mean the corporate entity Elan Pharma International Limited, which is the Plaintiff in this litigation.

C.  Elan and Mr. Jarosz object to the definition of "Elan Experts and Consultants" to the extent that it seeks to invade any protections provided by the attorney-client privilege and/or work product doctrine.

D.  Elan and Mr. Jarosz object that Abraxis's purported requirement that Mr. Jarosz provide a privilege log is unduly burdensome as Elan has already produced a privilege log in this litigation that includes relevant privileged documents in Mr. Jarosz's possession, custody and control, if any.

## OBJECTIONS TO REQUESTS FOR DOCUMENTS

**REQUEST NO. 1.**

Documents and tangible things, including tangible reports, physical models, compilations of data, photographs, audio tapes, video tapes, computer data and printouts, and other material prepared by the witness or for the witness or his agents, servants or employees in preparation of the witness's expert report in this matter or in anticipation of the witness's trial and deposition testimony.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Mr. Jarosz's possession, custody and control and were considered

by Mr. Jarosz in forming the opinions that he has or will provide in this matter, will be or previously have been produced.

**REQUEST NO. 2.**

Documents and tangible things, including but not limited to all materials, notices, memoranda, statements, depositions, and correspondence reviewed by the witness and/or his agents, servants and/or employees, including treatises, articles and authoritative materials, in preparation of the witness's expert report in this litigation or in anticipation of the witness's trial and deposition testimony.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Elan and Mr. Jarosz object that this Request is overly broad in that it lacks any temporal parameters. Mr. Jarosz's entire career has been spent reviewing treatises and authoritative materials in his field of expertise. His expert report reflects that expertise. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he has or will provide in this matter, will be or previously have been produced.

**REQUEST NO. 3.**

Documents and tangible things, including but not limited to correspondence, notes, factual observations, calculations, supporting data, and material sent to the witness and/or his agents servants and/or employees by Elan or Counsel for Elan in connection with this litigation or related to Abraxane.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he has or will provide in this matter, will be or previously have been produced.

**REQUEST NO. 4.**

The witness's entire file on this matter, including all work product and papers, such as notes, correspondence, research, memoranda, and any other tangible or electronic material.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz also object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Elan and Mr. Jarosz further object that this Request is vague and ambiguous as the term "witness's entire file" is undefined and subject to misinterpretation.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Mr. Jarosz's possession, custody and control and were considered

by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 5.**

Electronic data reflecting work by the witness and/or his agents, servants and/or employees in connection with this litigation or related to Abraxane.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 6.**

Materials reviewed, read, considered or used by the witness and/or his agents, servants and employees in connection with his work in this litigation.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product

doctrine.  Elan and Mr. Jarosz also object that the term "in connection with" is vague and ambiguous because it is without any temporal parameters.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 7.**

All of the witness's and/or his agents, servants and/or employees' notes concerning the assignment and/or work he has done on his own and/or at the Request of Elan or counsel for Elan in regard to this litigation, including reports and case summaries prepared by the witness or prepared for the witness by any individual working with him.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45.  Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials are or were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 8.**

Records of time, expenses and charges for time the witness and/or his agents, servants and/or employees have spent on any matter related to this litigation.

**RESPONSE.**

        Elan and Mr. Jarosz object that this Request is vague and ambiguous as the term "related" is undefined and subject to misinterpretation.  Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

        Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that Mr. Jarosz will produce non-privileged documents, if any, responsive to this Request.

**REQUEST NO. 9.**

        Reports and transcripts of depositions and/or trial testimony offered by the witness as an expert in any litigation other than in this case.

**RESPONSE.**

        Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45.  Elan and Mr. Jarosz also object to the extent that this Request seeks testimony subject to a protective order in another matter.  Elan and Mr. Jarosz further object that this Request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.  Mr. Jarosz's testimony in unrelated cases has no bearing on the subject matter of this lawsuit or the claims and defenses of the parties.  Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

        Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that Mr. Jarosz has no documents responsive to this Request.

**REQUEST NO. 10.**

Documents reflecting agreements between the witnesses and/or his agents, servants and/or employees and Counsel for Elan, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly

burdensome to the extent that it seeks expert discovery beyond that which is contemplated by

Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz also object that this Request

seeks irrelevant information and is not reasonably calculated to lead to the discovery of

admissible evidence to the extent that it seeks information regarding Mr. Jarosz's agreements

with Counsel for Elan, if any, unrelated to the subject matter of this litigation or the claims and

defenses of the parties. Elan and Mr. Jarosz further object to the extent that this Request seeks

information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz

respond that non-privileged materials responsive to this Request, if any, will be or previously

have been produced.

**REQUEST NO. 11.**

Documents reflecting agreements between the witness and/or his agents, servants and/or employees and Elan, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly

burdensome to the extent that it seeks expert discovery beyond that which is contemplated by

Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz also object that this Request

seeks irrelevant information and is not reasonably calculated to lead to the discovery of

admissible evidence to the extent that it seeks information regarding Mr. Jarosz's agreements

with Elan, if any, unrelated to the subject matter of this litigation or the claims and defenses of the parties. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials responsive to this Request, if any, will be or previously have been produced.

**REQUEST NO. 12.**

Documents reflecting or referring to communications between the witness and Elan.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz also object that this Request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks communications between Mr. Jarosz and Elan unrelated to the subject matter of this litigation or the claims and defenses of the parties. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, will be or previously have been produced.

**REQUEST NO. 13.**

Documents reflecting or referring to communications between the witness and Counsel for Elan related to this litigation.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, will be or previously have been produced.

**REQUEST NO. 14.**

Documents that reflect or contain direct or indirect communications with any Elan Expert or Consultant related to this litigation or Abraxane.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 15.**

Documents prepared by, or supplied directly or indirectly by any Elan Expert or Consultant related to this case or Abraxane.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. Elan and Mr. Jarosz further object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 16.**

A copy of the witness's personal copy of any article cited in his expert report.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is vague and ambiguous as the term "personal copy of any article" is undefined and subject to misinterpretation. Elan and Mr. Jarosz also object to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Elan and Mr. Jarosz further object to the extent that this Request seeks third party confidential information that Mr. Jarosz is contractually bound not to disclose.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that non-privileged materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 17.**

A copy of each article incorporated into the witness's expert report.

**RESPONSE.**

Elan and Mr. Jarosz object to the extent that this Request seeks documents not in his possession, custody and control

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 18.**

An electronic file that provides the data and analyses used for the regression or best-fit analysis incorporated into the exhibits attached to the witness's expert report, including information sufficient to identify the software used for each analysis.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45.  In particular, Elan and Mr. Jarosz object that this Request purports to require Mr. Jarosz to create electronic files identifying software used for analysis purposes in preparing his expert report where none exist.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 19.**

A copy of every search result obtained from the databases of licenses searched in connection with the preparation of the witness's expert opinion.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is overly broad and unduly burdensome to the extent that it calls for information regarding licenses that were not considered by Mr. Jarosz in forming the opinions that he has or will provide in this matter.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 20.**

An electronic copy of the Microsoft Excel spreadsheet(s) or other software spreadsheet(s) used to prepare the exhibits attached to the witness's expert report.

**RESPONSE.**

Elan and Mr. Jarosz object that the sole purpose of this Request is to obtain information in a manipulative form. As such, Abraxis is seeking to obtain a benefit from Elan's expert without payment for same in violation of the Federal Rules of Civil Procedure and controlling authority.

Subject to and without waiving the foregoing objections, Elan and Mr. Jarosz respond that materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 21.**

The data obtained from the rDNA database that underlies tabs 13 and 15 of the witness's expert report.

**RESPONSE.**

Elan and Mr. Jarosz object to the extent that that the purpose of this Request is to obtain information in a manipulative form. Abraxis is seeking to obtain a benefit from Elan's expert without payment for same in violation of the Federal Rules of Civil Procedure and controlling authority.

Elan and Mr. Jarosz respond that materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 22.**

All documents or materials on which the witness relied for his statement that Elan Pharma International Limited is an intellectual property-holding company.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is unduly burdensome. Mr. Jarosz's opinions are based at least in part on his education and years of expertise in valuing patents for litigation purposes. To produce every document or material that Mr. Jarosz has consulted over his long career would take years, not days, if such a task could even be accomplished then.

Subject to and without waiving the foregoing objection, Elan and Mr. Jarosz respond that materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were directly considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.

**REQUEST NO. 23.**

All documents and materials on which the witness relied for his opinion that Abraxis's sales, marketing, research, development, and administrative costs will likely decline.

**RESPONSE.**

Elan and Mr. Jarosz object that this Request is unduly burdensome. Mr. Jarosz's opinions are based at least in part on his education and years of expertise in valuing patents for litigation purposes. To produce every document or material that Mr. Jarosz has consulted over his long career would take years, not days, if such a task could even be accomplished then.

Subject to and without waiving the foregoing objection, Elan and Mr. Jarosz respond that materials, if any, responsive to this Request, to the extent that such materials were within Mr. Jarosz's possession, custody and control and were directly considered by Mr. Jarosz in forming the opinions that he will provide in this matter, will be or previously have been produced.