IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LTD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-438 GMS |
| ABRAXIS BIOSCIENCE, INC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

1. On October 2, 2007, the court conducted a discovery hearing in the above-captioned patent action. During the course of the hearing, Abraxis Bioscience, Inc. ("Abraxis") raised an issue with respect to Elan Pharma International, Ltd's ("Elan") fifth supplemental response to its interrogatories. Specifically, Abraxis contended that Elan raised for the first time Abraxis' infringement of claims 4, 14, 16, and 17 of the '363 patent in its Fifth Supplemental Response, served on September 28, 2007, six weeks after fact discovery closed. The court took the matter under advisement and directed the parties to submit letter briefs on the issue.

2. On October 10, 2007, Abraxis filed its opening letter brief, styled as a motion to dismiss the newly added infringement contentions pursuant to Federal Rule of Civil Procedure 16(f)(1)(C). Abraxis argues that it is too late in the day for Elan to assert new claims. More particularly, Abraxis asserts that the court should preclude Elan from asserting claims 4, 14, 16, and 17 (the "New Claims") for four reasons: (1) Elan's assertion of the New Claims violates the court's Scheduling Order, which provided a cut-off date of March 30, 2007 for amendment of pleadings; (2) Elan's delay is inexcusable, as it had the evidence that it alleges

supports infringement of the New Claims for over seven months, but waited until six weeks after the close of discovery to assert those claims; (3) the court will have to conduct a supplemental *Markman* hearing to construe one of the terms of claim 14; and (4) Abraxis is significantly prejudiced by Elan's delay, because it has not had a meaningful opportunity to obtain discovery on the New Claims, or have its experts opine on them.

3. On October 17, 2007, Elan filed its response, in which it contends the following: (1) the pleadings in a case define the proof admissible at trial, and Elan's complaint alleges that Abraxis infringes the claims – without limitation – of U.S. Patent Nos. 5,399,363 and 5,834,025; (2) the case law cited by Abraxis to support its position is distinguishable, and there is no timeline imposed by the Scheduling Order for setting forth infringement contentions; (3) Abraxis' contention that claim 14 needs to be construed is a red herring; and (4) Abraxis will not be prejudiced if the court allows Elan's New Claims to stand.

4. After having considered the parties submissions on the issue (D.I. 363, 370, 375), as well as the parties arguments at the discovery hearing, the court concludes that it is in the interest of fairness and justice to preclude Elan from asserting the New Claims. First, Elan concedes that it included infringement contentions regarding the New Claims for the first time in its September 28, 2007 supplemental response. (D.I. 370, at 2.) Thus, Elan essentially sought to amend its infringement contentions almost six months after the deadline for amending pleadings set forth in the Scheduling Order, six weeks after the close of fact discovery,[1] and

---

[1] Elan's discussion in its responsive brief of the "now-extended" discovery deadline is of no moment, because, as of the date that it asserted the New Claims, fact discovery had closed. It was during the discovery hearing, and not before, that the court reopened fact discovery, but limited it to the issues raised by the parties' discovery motions and discussed at the hearing.

the day that opening expert reports were to be served.[2] In addition, Elan delayed in asserting the New Claims, even though it concedes that it had in its possession two documents that support the New Claims in March 2007.[3]

5. Moreover, the court is unwilling to accept Elan's argument that the term "anionic surfactant" in claim 14 need not be construed, or that Abraxis' argument with respect to claim construction is a red herring. A simple reading of the parties' letter briefs demonstrates that Abraxis disagrees with Elan's proposed construction of the term "anionic." Although Elan's construction may ultimately prevail, it would be manifestly unfair to preclude Abraxis from making its arguments. Thus, at a minimum, the court would have to reopen the *Markman* proceedings to allow the parties supplemental briefing and, if necessary, argument on the claim term. *See Creo Products Inc. v. Presstek, Inc.*, 148 F. Supp. 2d 416, 417-18 (D. Del.

---

[2] Elan's argument regarding infringement contention deadlines is disingenuous at best. In other words, following that argument to its natural conclusion, because the Scheduling Order does not impose a deadline for infringement contentions, Elan can change, delete, or add new claims to the case up until and, perhaps, during trial. Elan contends that it should not be "sanctioned or disadvantaged" for amending its infringement contentions after the close of discovery. (D.I. 370, at 5.) The court disagrees. Secreting infringement contentions until an opponent is left with no meaningful opportunity to address them through the process of fact discovery and expert opinions is not only inconsistent with the Federal Rules of Civil Procedure, but fundamentally unfair to an opponent. Indeed, it appears that Elan takes the position it does in order to gain some tactical advantage over Abraxis, and the court will not tolerate this type of hide the ball behavior.

[3] Elan contends that it delayed in bringing the New Claims, because it had planned to "deduce additional evidence to support its claims during the depositions of Drs. Desai and Soon-Shiong," witnesses Abraxis never produced. (Id. at 4 n.2.) The court is not persuaded, however, because Elan could have asserted the New Claims earlier in the litigation based on the information in its possession in March 2007, and then supplemented its contentions with respect to those claims after the depositions of Drs. Desai and Soon-Shiong. Furthermore, the court wonders how Elan's experts, using the "only evidence available to Elan with which to prosecute the new contentions," (id.), had enough evidence/information to render infringement opinions on the New Claims, while Elan did not have enough evidence to assert them earlier in the litigation.

        2001 ("Anything less ignores the court's duty to construe patent claims under *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).").

6.     Finally, the court agrees with Abraxis that it has already been prejudiced by Elan's delay. Because Elan asserted the New Claims for the first time after the close of fact discovery, Abraxis has not had the opportunity to obtain meaningful fact discovery on those claims. In addition, Abraxis' experts did not have the opportunity to address the New Claims in their opening expert reports. Accordingly, for the reasons stated herein, it is in the interest of fairness to preclude Elan from asserting the New Claims in this litigation.

Therefore, IT IS HEREBY ORDERED that:

1.     Abraxis' motion to dismiss newly added infringement contentions (D.I. 363) is GRANTED.

Dated: December 6, 2007                           /s/ Gregory M. Sleet
                                                                            CHIEF, UNITED STATES DISTRICT JUDGE