**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) ) | |

## DEWEY BARICH'S OBJECTIONS TO ABRAXIS BIOSCIENCE, INC.'S SUBPOENAS AD TESTIFICANDUM AND DUCES TECUM

Pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 45, Dewey Barich ("Dr. Barich") hereby objects to Abraxis BioScience Inc.'s ("Abraxis") Subpoenas *Ad Tesificandum* and *Duces Tecum*.

### INTRODUCTORY STATEMENT

Dr. Barich hereby objects and responds to Abraxis's subpoenas *ad testificandum* and *duces tecum* ("Subpoenas"). Dr. Barich's objections and responses are not intended to waive, nor do they waive, Dr. Barich's right to move to quash and/or to seek protection from Abraxis's Subpoenas.

### OBJECTION TO TIME FOR PERFORMANCE

Dr. Barich objects to the time and place for performance set forth in the Subpoenas. Counsel for Abraxis made no attempt to coordinate the date of Dr. Barich's potential deposition with Dr. Barich or Counsel for Elan, and both are unavailable on December 13. Dr. Barich understands that Counsel for Elan has so informed Abraxis and has offered other

potential dates for Dr. Barich's deposition. Similarly, Dr. Barich objects to the date that Abraxis established for the production of his documents as it does not allow a reasonable time for compliance. Abraxis's subpoena duces tecum seeks the production of 21 categories of documents via requests that are overly broad and unduly burdensome. Indeed, many of the requests contained therein lack any temporal parameters. It is unreasonable for Abraxis to assume that a production in response to its subpoena duces tecum could be accomplished in a mere 10 days.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A.   Dr. Barich objects to the definition of "Abraxis" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. This definition purports to require Dr. Barich to conduct an independent investigation into which entities, if any, might be predecessors of Abraxis, and to somehow foretell which entities, if any, might be successors to Abraxis in the future. This definition also purports to require Dr. Barich to ascertain whether any individual with whom he has ever been in contract might be employed and/or retained by Abraxis, or even just claim to be. This definition further purports to require Dr. Barich to conduct an independent investigation into which entities may have, at one time, been owned or controlled by Abraxis, without any guidance provided as to how such terms as "owned" or "controlled" should be defined.

B.   Dr. Barich objects to the definition of "Elan" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks to sweep into its purview entities unrelated to this litigation. This definition also purports to require Dr. Barich to ascertain

whether any individual with whom he has ever been in contract might be employed and/or retained by Elan, or even just claim to be. Dr. Barich also objects to the definition of "Elan" because is seeks to invade protections provided by the attorney-client privilege and/or work product doctrine.

C.      Dr. Barich objects to the definition of "Elan Experts and Consultants" because it seeks to invade protections provided by the attorney-client privilege and/or work product doctrine as they pertain to consulting experts.

D.      Dr. Barich objects that Abraxis's purported requirement that Dr. Barich provide a privilege log is unduly burdensome as Elan has already produced a privilege log in this litigation that would contain entries for Dr. Barich's privileged documents, if any.

## OBJECTIONS TO REQUESTS FOR DOCUMENTS

**REQUEST NO. 1.**

Documents and tangible things, including tangible reports, physical models, compilations of data, photographs, audio tapes, video tapes, computer data and printouts, and other material prepared by the witness or for the witness or his agents, servants or employees in connection with the witness's work on behalf of Elan, Counsel for Elan, or Elan's Experts and Consultants in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that

this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that any documents that he has responsive to this Request have already been produced by Dr. Munson.

**REQUEST NO. 2.**

Documents and tangible things, including but not limited to all materials, notices, memoranda, statements, depositions, and correspondence reviewed by the witness and/or his agents, servants and/or employees, including treatises, articles and authoritative materials, in connection with the witness's work on behalf of Elan, Counsel for Elan, or Elan Experts and Consultants in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich also objects that this Request is overly broad in that it lacks any temporal parameters. Dr. Barich further objects that this Request is vague and ambiguous as the terms " reviewed" and "in connection with" are undefined and subject to misinterpretation. Dr. Barich additionally objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

4

**REQUEST NO. 3.**

Documents and tangible things, including but not limited to correspondence, notes, factual observations, calculations, supporting data, and material sent to the witness and/or his agents servants and/or employees by Elan, Counsel for Elan or an Elan Expert or Consultant in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

**REQUEST NO. 4.**

The witness's entire file on this matter, including all work product and work papers, such as notes, correspondence, research, memoranda, and any other tangible or electronic material.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In

particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Barich further objects that this Request is vague and ambiguous as the term "witness's entire file" is undefined and subject to misinterpretation.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

**REQUEST NO. 5.**

Electronic data reflecting work by the witness and/or his agents, servants and/or employees in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that any documents that he has responsive to this Request have already been produced by Dr. Munson.

6

**REQUEST NO. 6.**

Materials reviewed, read, considered or used by the witness and/or his agents, servants and employees in connection with his work in this litigation.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Barich also objects that the term "in connection with" is vague and ambiguous because it is undefined and lacks temporal parameters. Accordingly, it is subject to misinterpretation.

Subject to and without waiving the foregoing objections, Dr. Barich responds that Dr. Barich has no documents responsive to this Request.

**REQUEST NO. 7.**

All of the witness's and/or his agents, servants and/or employees' notes concerning the assignment and/or work he has done on his own and/or at the Request of Elan, Counsel for Elan, or Elan's Experts and Consultants in regard to this litigation, including reports and case summaries prepared by the witness or prepared for the witness by any individual working with him.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr.

Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

**REQUEST NO. 8.**

Records of time, expenses and charges for time the witness and/or his agents, servants and/or employees have spent on any matter related to this litigation.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Barich further objects that this Request is vague and ambiguous as the term "related" is undefined and subject to misinterpretation.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

**REQUEST NO. 9.**

Reports and transcripts of depositions and/or trial testimony offered by the witness as an expert in any litigation other than in this case.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

**REQUEST NO. 10.**

Documents reflecting agreements between the witnesses and/or his agents, servants and/or employees and Counsel for Elan, or Elan's Experts or Consultants related to this case, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert

discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

**REQUEST NO. 11.**

Documents reflecting agreements between the witness and/or his agents, servants and/or employees and Elan, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

**REQUEST NO. 12.**

Documents, including laboratory notebook entries, raw data, reports, memoranda, or other communications, including electronic mail messages or other electronic information regarding laboratory manipulation or testing of Abraxane or derivatives of Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

**REQUEST NO. 13.**

Documents used by the witness as course material, including syllabi, in any course taught by the witness that includes material related to crystallinity, amorphousness, cross-linking, adsorption, colloidal dispersions, x-ray crystallography, solid-state nuclear magnetic resonance ("NMR"), intravenous administration, pre-clinical trials or clinical trials or transmission electron microscopy, as those subjects are defined in the witness's field of specialty.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert

discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

**REQUEST NO. 14.**

Publications, articles, abstract, lecture materials or slides, posters, handouts, or presentations drafted in full or in party by the witness related to crystallinity, amorphousness, cross-linking, adsorption, colloidal dispersions, x-ray crystallography, solid-state NMR, or transmission electron microscopy, as those subjects are defined in the witness's field of specialty.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Barich also objects that this Request purports to require Dr. Barich to review materials to ascertain whether such material addresses any of the described topics, based on the vague and ambiguous assertion that such topics should be defined in accordance with his field of

specialty.   Such a task would require months, not mere days, even if there were a single definition of the provided terms in Dr. Barich's field of endeavor.   Dr. Barich does not have administrative assistance available to him; and Abraxis has not offered to reimburse Dr. Barich for the time that he would have to spend away from gainful activity to complete such an onerous task.   Dr. Barich also objects that this Request is overly broad and unduly burdensome in that it lacks any temporal parameters.   Dr. Barich further objects to this Request because it seeks documents not in the possession, custody and control of Dr. Barich.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

**REQUEST NO. 15.**

Documents reflecting or referring to communications between the witness and Elan.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007.   To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45.   In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report.   Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

**REQUEST NO. 16.**

Documents reflecting or referring to communications between the witness and Counsel for Elan related to this litigation or Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

**REQUEST NO. 17.**

Documents that reflect or contain direct or indirect communications with any Elan Expert or Consultant related to this litigation or Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to

testify in this matter and who did not produce an expert report.  Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

**REQUEST NO. 18.**

Documents prepared by, or supplied directly or indirectly by any Elan Expert or Consultant related to this case or Abraxane.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007.  To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45.  In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report.  Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he has no documents responsive to this Request.

**REQUEST NO. 19.**

A copy of all instructions, including the user manual and any technical reports, the (*sic*) came with the software the witness used for his deconvolution experiments.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that any documents he has responsive to this Request have already been produced by Dr. Munson.

**REQUEST NO. 20.**

Any hardcopy computer printouts from the witness's deconvolution experiments.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that any documents that he has responsive to this Request have already been produced by Dr. Munson.

**REQUEST NO. 21.**

Documents, including photocopies or pictures, of the labels on any Abraxane vials or other containers containing Abraxane or any Abaxane derivative supplied directly or indirectly by Elan, Elan's Counsel, or any Elan Expert or Consultant.

**RESPONSE.**

Dr. Barich objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Barich is a consulting expert, Dr. Barich objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Barich objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Barich as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Barich further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Barich responds that he will produce documents responsive to this Request.

ASHBY & GEDDES

/s/ Lauren E. Maguire
_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware  19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff Elan Pharma
International Limited and Dr. Dewey Barich*

*Of Counsel:*

Stephen Scheve
Linda M. Glover
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey Sullivan
Lisa Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625

Dated: December 13, 2007

186617.1