IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, ) ) ) Plaintiff, ) ) v. ) ABRAXIS BIOSCIENCE, INC., ) ) Defendant. ) ) ) | Case No. 06-438-GMS |

## LIANJUN SHI'S (AKA DAVID SHI) OBJECTIONS TO ABRAXIS BIOSCIENCE, INC.'S SUBPOENAS AD TESTIFICANDUM AND DUCES TECUM

Pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 45, Lianjun Shi hereby objects to Abraxis BioScience Inc.'s ("Abraxis") Subpoenas *Ad Tesificandum* and Duces *Tecum.*

### INTRODUCTORY STATEMENT

Dr. Shi hereby objects and responds to Abraxis's subpoenas *ad testificandum* and *duces tecum* ("Subpoenas"). Dr. Shi's objections and responses are not intended to waive, nor do they waive, Dr. Shi's right to move to quash and/or to seek protection from Abraxis's Subpoenas.

### OBJECTION TO TIME FOR PERFORMANCE

Dr. Shi objects to the time and place for performance set forth in the Subpoenas. Dr. Shi was served with Abraxis's subpoena *ad testificandum* on December 10, 2008. Abraxis's subpoena seeks the deposition of Dr. Shi on December 14, 2008, a mere 4 days after service. Delaware local rule 30.1 provides that reasonable notice for a deposition pursuant to Federal

Rule of Civil Procedure 30 shall not be less than 7 days. *See* Del. L.R. 30.1. Accordingly, Abraxis's subpoena *ad testificandum* violates both Federal Rule of Civil Procedure 30, which requires reasonable notice for a deposition, and Delaware local rule 30.1. Moreover, counsel for Abraxis made no attempt to coordinate the date of Dr. Shi's potential deposition with Counsel for Dr. Shi or Dr. Shi himself, and both are unavailable on December 14. Similarly, Dr. Shi objects to the date that Abraxis established for the production of Dr. Shi's documents as it does not allow a reasonable time for compliance. Abraxis's subpoena *duces tecum* seeks the production of 21 categories of documents via requests that are overly broad and unduly burdensome less than one day after service. Many of the requests contained in the subpoena *duces tecum* lack any temporal parameters. It is unreasonable for Abraxis to assume that a production in response to its subpoena *duces tecum* could be accomplished in one day's time.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A.  Dr. Shi objects to the definition of "Abraxis" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. This definition purports to require Dr. Shi to conduct an independent investigation into which entities, if any, might be predecessors of Abraxis, and to somehow foretell which entities, if any, might be successors to Abraxis in the future. This definition also purports to require Dr. Shi to ascertain whether any individual with whom he has ever been in contract might be employed and/or retained by Abraxis, or even just claim to be. This definition further purports to require Dr. Shi to conduct an independent investigation into which entities may have, at one time, been owned or controlled by Abraxis, without any guidance provided as to how such terms as "owned" or "controlled" should be defined.

B.    Dr. Shi objects to the definition of "Elan" because it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks to sweep into its purview entities unrelated to this litigation. This definition also purports to require Dr. Shi to ascertain whether any individual with whom he has ever been in contract might be employed and/or retained by Elan, or even just claim to be. Dr. Shi also objects to the definition of "Elan" because it seeks to invade protections provided by the attorney-client privilege and/or work product doctrine.

C.    Dr. Shi objects to the definition of "Elan Experts and Consultants" because it seeks to invade protections provided by the attorney-client privilege and/or work product doctrine as they pertain to consulting experts.

D.    Dr. Shi objects that Abraxis's purported requirement that he provide a privilege log is unduly burdensome as Elan has already produced a privilege log in this litigation that would contain entries for Dr. Shi's privileged documents, if any.

## OBJECTIONS TO REQUESTS FOR DOCUMENTS

**REQUEST NO. 1.**

Documents and tangible things, including tangible reports, physical models, compilations of data, photographs, audio tapes, video tapes, computer data and printouts, and other material prepared by the witness or for the witness or his agents, servants or employees in connection with the witness's work on behalf of Elan, counsel for Elan, or Elan's Experts and Consultants in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery

beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that Dr. Shi has no documents responsive to this Request.

**REQUEST NO. 2.**

Documents and tangible things, including but not limited to all materials, notices, memoranda, statements, depositions, and correspondence reviewed by the witness and/or his agents, servants and/or employees, including treatises, articles and authoritative materials, in connection with the witness's work on behalf of Elan, counsel for Elan, or Elan's Experts and Consultants in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi also objects that this Request is overly broad in that it lacks any temporal parameters. Dr. Shi further objects that this Request is vague and ambiguous as the terms " reviewed" and "in connection with" are undefined and subject to misinterpretation. Dr. Shi additionally objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

4

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 3.**

Documents and tangible things, including but not limited to correspondence, notes, factual observations, calculations, supporting data, and material sent to the witness and/or his agents servants and/or employees by Elan, Counsel for Elan or an Elan Expert or Consultant in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 4.**

The witness's entire file on this matter, including all work product and work papers, such as notes, correspondence, research, memoranda, and any other tangible or electronic material.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery

5

beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Shi further objects that this Request is vague and ambiguous as the term "witness's entire file" is undefined and subject to misinterpretation.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 5.**

Electronic data reflecting work by the witness and/or his agents, servants and/or employees in connection with this litigation or related to Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 6.**

Materials reviewed, read, considered or used by the witness and/or his agents, servants and employees in connection with his work in this litigation.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Shi also objects that the term "in connection with" is vague and ambiguous because it is undefined and lacks temporal parameters. Accordingly, it is subject to misinterpretation.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 7.**

All of the witness's and/or his agents, servants and/or employees' notes concerning the assignment and/or work he has done on his own and/or at the Request of Elan, Counsel for Elan, or Elan's Experts and Consultants in regard to this litigation, including reports and case summaries prepared by the witness or prepared for the witness by any individual working with him.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery

beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 8.**

Records of time, expenses and charges for time the witness and/or his agents, servants and/or employees have spent on any matter related to this litigation.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Shi further objects that this Request is vague and ambiguous as the term "related" is undefined and subject to misinterpretation.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 9.**

Reports and transcripts of depositions and/or trial testimony offered by the witness as an expert in any litigation other than in this case.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 10.**

Documents reflecting agreements between the witnesses and/or his agents, servants and/or employees and Counsel for Elan, or Elan Experts or Consultants related to this case, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who

did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 11.**

Documents reflecting agreements between the witness and/or his agents, servants and/or employees and Elan, including but not limited to receipts, checks, and billing records reflecting that compensation.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 12.**

Documents, including laboratory notebook entries, raw data, reports, memoranda, or other communications, including electronic mail messages or other electronic information regarding laboratory manipulation or testing of Abraxane or derivatives of Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects

10

that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 13.**

Documents used by the witness as course material, including syllabi, in any course taught by the witness that includes material related to crystallinity, amorphousness, cross-linking, adsorption, colloidal dispersions, x-ray crystallography, solid-state nuclear magnetic resonance ("NMR"), intravenous administration, pre-clinical trials or clinical trials or transmission electron microscopy, as those subjects are defined in the witness's field of specialty.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 14.**

Publications, articles, abstract, lecture materials or slides, posters, handouts, or presentations drafted in full or in party by the witness related to crystallinity, amorphousness, cross-linking, adsorption, colloidal dispersions, x-ray crystallography, solid-state NMR, or transmission electron microscopy, as those subjects are defined in the witness's field of specialty.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Dr. Shi also objects that this Request purports to require Dr. Shi to review materials to ascertain whether such material addresses any of the described topics, based on the vague and ambiguous assertion that such topics should be defined in accordance with his field of specialty. Such a task would require months, not mere days, even if there were a single definition of the provided terms in Dr. Shi's field of endeavor. Dr. Shi does not have administrative assistance available to him; and Abraxis has not offered to reimburse Dr. Shi for the time that he would have to spend away from gainful activity to complete such an onerous task. Dr. Shi also objects that this Request is overly broad and unduly burdensome in that it lacks any temporal parameters. Dr. Shi further objects to this Request because it seeks documents not in the possession, custody and control of Dr. Shi.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 15.**

Documents reflecting or referring to communications between the witness and Elan.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 16.**

Documents reflecting or referring to communications between the witness and Counsel for Elan related to this litigation or Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who

did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 17.**

Documents that reflect or contain direct or indirect communications with any Elan Expert or Consultant related to this litigation or Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 18.**

Documents prepared by, or supplied directly or indirectly by any Elan Expert or Consultant related to this case or Abraxane.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery

beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 19.**

A copy of all instructions, including the user manual and any technical reports, the (*sic*) came with the software the witness used for his deconvolution experiments.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 20.**

Any hardcopy computer printouts from the witness's deconvolution experiments.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

**REQUEST NO. 21.**

Documents, including photocopies or pictures, of the labels on any Abraxane vials or other containers containing Abraxane or any Abaxane derivative supplied directly or indirectly by Elan, Elan's Counsel, or any Elan Expert or Consultant.

**RESPONSE.**

Dr. Shi objects that this Request is untimely as fact discovery closed on August 13, 2007. To the extent that Abraxis contends that Dr. Shi is a consulting expert, Dr. Shi objects that this Request is overly broad and unduly burdensome because it seeks expert discovery beyond that which is contemplated by Federal Rules of Civil Procedure 26 and 45. In particular, Dr. Shi objects that this Request seeks to violate the protections of Rule 26(b)(4)(B) that would be accorded Dr. Shi as a consulting expert who is not designated to testify in this matter and who did not produce an expert report. Dr. Shi further objects that this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Dr. Shi responds that he has no documents responsive to this Request.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | /s/ *Lauren E. Maguire* |
| *Of Counsel:* | Steven J. Balick (I.D. #2114) |
| | John G. Day (I.D. #2403) |
| Stephen Scheve | Lauren E. Maguire (I.D. #4261) |
| Linda M. Glover | 500 Delaware Avenue, 8th Floor |
| BAKER BOTTS LLP | Wilmington, Delaware 19899-1150 |
| One Shell Plaza | (302) 654-1888 |
| 910 Louisiana Street | sbalick@ashby-geddes.com |
| Houston, TX 77042-4995 | jday@ashby-geddes.com |
| (713) 229-1659 | lmaguire@ashby-geddes.com |
| | *Attorneys for Plaintiff Elan Pharma* |
| Paul F. Fehlner | *International Limited and Dr. Lianjun Shi* |
| Jeffrey Sullivan | |
| Lisa Chiarini | |
| BAKER BOTTS LLP | |
| 30 Rockefeller Plaza | |
| New York, NY 10112-4498 | |
| (212) 408-2527 | |

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
(215) 801-3625

Dated: December 14, 2007

186662.1