# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

January 2, 2008

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

**VIA ELECTRONIC FILING**

**REDACTED
PUBLIC VERSION**

Re: *Elan Pharma International Ltd. v. Abraxis Bioscience, Inc.,*
    C.A. No. 06-438-GMS

Dear Chief Judge Sleet:

Pursuant to the Court's Order (D.I. 341), Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully requests permission to file and brief motions for summary judgment pursuant to Fed. R. Civ. P. 56 on the following issues:

- (1) <u>The '025 Patent.</u> Under the currently-entered (and still-disputed) claim construction, Elan sees significant logistical difficulties in presenting to a jury its theory of infringement of the '025 Patent. Elan accordingly does not seek before appeal to prove infringement of the '025 Patent, based on the Court's claim construction in its August 17, 2007 Order Construing The Terms Of U.S. Patent Nos. 5,399,363 and 5,834,025 (the "Claim Construction Order") and the Court's order of December 17, 2007.[1]

- (2) <u>Obviousness-Type Double Patenting.</u> Elan seeks judgment that the asserted claims of Elan's U.S. Patent No. 5,399,363 (the "'363 Patent") are neither invalid nor unenforceable for obviousness-type double patenting in view of U.S. Patent No. 5,834,684 (the "'684 Patent") because Elan filed a terminal disclaimer curing any obviousness-type double patenting that may have allegedly existed at an earlier date. Accordingly, Abraxis's defense and counterclaim based upon obviousness-type double patenting is moot, there is no disputed issue of material fact, and summary judgment is appropriate.

- (3) <u>Patent Misuse And Unclean Hands.</u> Elan seeks judgment that Abraxis has adduced no substantial factual support for its allegations of patent misuse and unclean hands. Abraxis bears the burden of proof on these issues, and fact and expert discovery have

---

[1] Elan does not seek summary judgment per se of non-infringement on its '025 Patent infringement claims. For purposes of expediting appeal, it does seek entry of final judgment (based only on the current claim construction, which Elan intends to appeal) on those claims, an action that Judge Schwartz has called a "functional equivalent of a grant of summary judgment . . . so that there is an appealable final judgment." *Schering Corp. v. Amgen, Inc.*, 35 F. Supp.2d 375, 376-77 (D. Del. 1999). Elan has offered to stipulate to judgment, but Abraxis has declined this offer.

- revealed no evidence that Elan filed this suit with knowledge that the '363 and '025 Patents were either invalid or unenforceable. Accordingly, there is no disputed issue of material fact and summary judgment is appropriate.
- (4) <u>Inequitable Conduct.</u> Elan seeks judgment that Abraxis has offered no substantial facts supporting a theory that the '363 and '025 Patents are unenforceable or that Abraxis's allegations of inequitable conduct before the United States Patent and Trademark Office ("PTO") during prosecution of the '363 and '025 Patents could be sustained. Abraxis offers no evidence that Elan withheld information from the Examiner with an intent to deceive or that any uncited information was material. Accordingly, there is no disputed issue of material fact and summary judgment is appropriate.
- (5) <u>Partial Summary Judgment Of Infringement.</u> Elan seeks partial summary judgment that Abraxis's own concessions that certain of the claim limitations of the '363 Patent are present in the accused Abraxis product makes further consideration of these claim limitations unnecessary. The Court should enter judgment confirming that those claim limitations are literally met by the accused product and further that the "bovine serum albumin" limitation of claim 15 of the '363 Patent is met under the doctrine of equivalents. There is no disputed issue of material fact with respect to these claim limitations, in view of Abraxis's own statements and its witnesses' consistent testimony, such that partial summary judgment that these limitations are met in Abraxane is appropriate and would conduce to efficiency.

### (1) Entry Of Judgment On The '025 Patent As Currently Construed

The Court construed the term "at an infusion rate not exceeding 10 mg/min" in the '025 Patent to mean "intravenously administering the composition at a rate not exceeding 10 milligrams per minute." (D.I. 271). Subsequently, Elan filed a motion for clarification of this claim term, which was denied by the Court on December 17, 2007 (D.I. 445). In its Order, the Court noted that the "mg" in 10 mg/min refers to the "nanoparticulate drug composition." Elan believes that the current construction is at best incomplete and should be reversed on appeal.

Accordingly, following entry of the Court's Claim Construction Order and the Order denying clarification, Elan determined that proceeding with its case against Abraxis under the '025 Patent as currently construed would pose needless logistical difficulties and risk wasting the jury's time. On December 21, 2007, less than a week after the Court denied Elan's motion for clarification, Elan informed Abraxis that it would withdraw its claims of infringement of the '025 Patent as currently construed in order to avoid the waste of time and resources for the parties and the Court that continuing litigation would entail. Abraxis, however, declined to stipulate to a judgment at this time. *See* Exhibit A.

### (2) Obviousness-Type Double Patenting

Elan requests permission to seek summary judgment in its favor with respect to Abraxis's affirmative defense and counterclaim of invalidity of the '363 Patent based upon the judicial doctrine of obviousness-type double patenting. Abraxis asserts that claims 1-3, 5, 8-12, and 15 of the '363 Patent are invalid for obviousness-type double patenting in view of claims 1, 4, 6, 7, and 14-15 of the '684 Patent. (D.I. 84, Aff. Def. 12, Cclm 2). Elan has now filed a

The Honorable Gregory M. Sleet
January 2, 2008
Page 3 of 6

terminal disclaimer pursuant to 35 U.S.C. § 253, which disavows that period of the '363 Patent's term that would extend past the expiration date of U.S. Patent 5,145,684. *See* Exhibit B, Terminal Disclaimer for U.S. Patent No. 5,399,363. It is well-settled that the filing of a terminal disclaimer cures any claim of obviousness-type double patenting. *See, e.g., Bayer AG v. Barr Labs.*, 798 F. Supp 196 (S.D.N.Y. 1992). Thus, Abraxis's allegation of invalidity of the '363 Patent based on obvious-type double-patenting is moot.

### (3) Patent Misuse And Unclean Hands

Elan requests permission to seek summary judgment in its favor with respect to Abraxis's affirmative defenses and counterclaims of patent misuse and unclean hands, and its assertion that these equitable defenses require the '363 and '025 Patents to be declared unenforceable. (D.I. 84, Aff. Def. 10, Aff. Def. 11, Cclm. 3). Abraxis contends that at the time this suit was filed, Elan did not have a good faith belief that the paclitaxel in Abraxane® was crystalline, a requirement of the asserted claims of the patents-in-suit. (D.I. 84, Aff. Def. 10, ¶ 84). This same contention was, however, the basis of Abraxis's Rule 11 motion (D.I. 78-83), which has already been denied by this Court. (D.I. 345). Since then, despite exhaustive discovery, Abraxis has proven unable to point to any additional material fact evidence of culpable intent by Elan, or of the alleged *ab initio* unviability of Elan's case. Summary judgment in line with the Court's rejection of Abraxis's Rule 11 motion on the identical issue is thus appropriate.

Abraxis also asserts that Elan filed this patent infringement suit, enforcing its '363 and '025 Patents, with the intention of causing an anticompetitive effect. *See* Exhibit C, Second Amended Response Of Abraxis Bioscience, Inc. To Elan Pharma International Limited's First And Second Sets Of Interrogatories at 15, ll. 1-5 and at 36, ll. 7-11. It is well settled, though, that a patent cannot be rendered unenforceable for misuse if the patent owner has enforced the patent in the good faith belief that the accused product infringed the patent's claims. *See C.R. Bard v. M3 Sys., Inc.*, 157 F.3d 1340, 1373 (Fed. Cir. 1998). The facts of record relating to Abraxis's defenses and counterclaim cannot, as a matter of law, support a claim of patent misuse, a claim which requires a showing that the patentee "impermissibly broadened the scope of the patent grant with anticompetitive effect." *Id.* at 1372. Abraxis has shown no evidence at all of attempted impermissible broadening of the scope of patent grant. It is undisputable that Elan does not market or plan to market any drug competitive to Abraxane. Accordingly, Elan cannot plausibly be accused of trying to stifle competition from Abraxis or increase its own (non-existent) market share.

In order for Abraxis to show patent misuse based upon the filing of a patent infringement action, "there must be bad faith and improper purpose in bringing the suit." *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995). "A purpose is improper if its goal is not to win a favorable judgment, but to harass a competitor and deter others from competition, by engaging in the litigation process itself, regardless of outcome." *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp.2d 1290, 1339-40 (D. Kan. 2007) (granting patentee's motion for summary judgment as to no patent misuse and unclean hands). Abraxis has to date presented no evidence at all in support of its claim of patent misuse. The record contains no evidence to contravene the fact that Elan

authorizes or would authorize properly-licensed parties to sell products covered by Elan's patented technology, as many licensed companies have done and as Abraxis might be doing now had it engaged in good-faith licensing negotiations with Elan.

Elan's efforts to enforce its patents do not constitute "unclean hands" because they do not fall into any recognized category of unclean hands, such as fraud on the court or fraud on the PTO in obtaining a patent. *See, e.g., Aptix Corp. v, Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1374-77 (Fed. Cir. 2001); *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990).

In short, Abraxis has not adduced factual evidence to meet its burden of proof on this issue, so there is no disputed issue of material fact and summary judgment is warranted.

**(4) Inequitable Conduct**

To establish inequitable conduct, Abraxis must show by clear and convincing evidence two threshold elements: (1) materiality of subject matter not presented to the Patent Office; and (2) intent by the applicant to deceive the Examiner. *See, e.g., Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995). In order to survive a motion for summary judgment as to its claims for inequitable conduct, Abraxis would be "required to introduce evidence from which a trier of fact could find materiality and intent by clear and convincing evidence." *Abbott Labs. v. Torpharm, Inc.*, 300 F.3d 1367, 1379 (Fed. Cir. 2002) (affirming grant of summary judgment of no inequitable conduct because defendant "had not introduced sufficient evidence from which a reasonable trier of fact could find that the elements of inequitable conduct had been established.").

Abraxis asserts the affirmative defenses and counterclaims of inequitable conduct during the prosecution of the '363 Patent based on two premises: (1) that the patent attorney prosecuting the '363 Patent was required, but failed, to identify U.S. Patent No. 5,188,837 (the "*Domb* reference") to the PTO during prosecution of the application that led to the '363 Patent (D.I. 84 Aff. Def. 6, Cclm. 3); and (2) that the prosecuting patent attorney and/or the inventors of the '363 Patent breached their duty of candor to the PTO by withholding and/or misstating information material to the enablement requirement of 35 U.S.C. § 112. (D.I. 84 Aff. Def. 6). Elan requests permission to seek summary judgment holding Abraxis's inequitable conduct defense insufficient, and striking its counterclaim on this issue, because discovery revealed no meaningful evidence of an intent to deceive the PTO, which is one of the threshold elements required to prove inequitable conduct. Elan would also establish by its motion the following particular points:

(1) Alleged Failure To Disclose *Domb* Reference

- No Intent To Deceive. There is no evidence of record that the attorney prosecuting the '363 Patent ever read or had actual knowledge of the contents of the *Domb* reference or believed that *Domb* was relevant to the '363 Patent.
- The *Domb* Reference Was Not Material. There is no evidence that the Domb reference would have been material and non-cumulative to a patent Examiner reviewing the

application for the '363 Patent. Additionally, Elan will show in its brief that the *Domb* reference was less relevant than prior art already before the PTO during prosecution of the '363 Patent.

### (2) Alleged Misstatements And Withheld Information Material To Enablement

Abraxis's assertion of inequitable conduct based on misstatements and/or withheld information material to enablement of the '363 Patent hinges on two unsupported premises: (1) that a sentence in the '684 Patent (the parent to the '363 Patent) was intentionally omitted from the '363 Patent by the prosecuting attorney and/or the inventors; and

**REDACTED**

Elan requests permission to file a motion and brief for summary judgment on this allegation because there can be no genuine issues of disputed material fact on the following points:

- <u>No Intent To Deceive</u>. There is no evidence of record that any information was withheld from the PTO with an intent to deceive. Abraxis thus can never meet its burden to show clear and convincing evidence in this regard.
- <u>No Omission Occurred</u>. The '684 Patent is incorporated by reference in its entirety in the '363 Patent at col. 1, lns. 5-11. Thus, there is and can be no evidence that information disclosed in the '684 Patent was omitted from the '363 Patent because it was included by reference in the '363 Patent.

**REDACTED**

### (5) Partial Summary Judgment Relating To Certain Claim Limitations

In the course of discovery and in its representations to this Court, Abraxis has explicitly admitted that Abraxane® meets each claim limitation of the asserted claims of the '363 Patent except for "crystalline" and "non-crosslinked," which remain under dispute. Counsel for Abraxis has explicitly represented to the Court that "[i]f you look [at] the claim, there [are] only two things in dispute: crystallinity and the crosslinking of the albumin with respect to physical nature." (Counsel for Abraxis, May 23, 2007 Telecon. Tr. 59:25-60:3). The testimony of Abraxis's chief technical personnel during discovery uniformly affirmed this conclusion. There can be no material factual dispute as to issues already conclusively admitted by Abraxis's counsel and witnesses. Thus, Elan seeks partial summary judgment that the following claim limitations of the '363 Patent are literally met by Abraxane: (a) "particles consisting essentially of;" (b) "medicament useful for treating cancer;" (c) "said medicament having a solubility in water of less than 10 mg/ml;" (d) "taxol;" (e) "surface modifier;" (f) "adsorbed to the surface thereof;" (g) "average effective particle size of less than 1000 nm;" (claim 1) "average effective particle size less than 400 nm" (claim 2); and "average effective particle size of less than 300 nm"(claim 3);" (h) "surfactant;" and that (i) the limitation of "bovine serum albumin" is equivalently met by the human serum albumin in Abraxane. Entering judgment on these admitted facts will aid greatly in focusing trial on the remaining genuine infringement disputes.

The Honorable Gregory M. Sleet
January 2, 2008
Page 6 of 6

                                        Respectfully,

                                        */s/ Lauren E. Maguire*

                                        Lauren E. Maguire (I.D. #4261)

Enclosures

cc:    Josy W. Ingersoll, Esquire (via electronic mail)
        William J. Sipio, Esquire (via electronic mail)
        Steven Scheve, Esquire (via electronic mail)
        Paul F. Fehlner, Esquire (via electronic mail)
        Michael A. Jacobs, Esquire (via electronic mail)
        Emily A. Evans, Esquire (via electronic mail)

# EXHIBIT A

**Chiarini, Lisa**

| | |
|---|---|
| **From:** | Jacobs, Michael A. [MJacobs@mofo.com] |
| **Sent:** | Tuesday, January 01, 2008 11:35 AM |
| **To:** | SBalick |
| **Cc:** | kkeller@ycst.com; enorman@ycst.com; Bock, Jeremy W.; Evans, Emily A.; Walters, Eric S.; Kruze, Diana B.; Coyne, Paul F.; Pai, Eric C.; Olson, Erik J.; Aannestad, Anders T.; Scheve, Steve; Fehlner, Paul F.; Cozeolino, Jennifer; Chiarini, Lisa; Sullivan, Jeffrey D.; Silecchia, Joseph; Perlman, Jason; Glover, Linda; Riddle, Robert; Lowe, Jacqueline; Barrera, Fred; sipz25@aol.com; gregory.bokar@elan.com; JDay; LMaguire; jingersoll@ycst.com |
| **Subject:** | RE: Elan Pharma International Limited v. Abraxis Bioscience, Inc., C.A. No. 06-438-GMS |

Steve,

Thank you for the message below.

Abraxis is not prepared to stipulate to judgment on the '025 patent.

Michael

---

**From:** SBalick [mailto:SBalick@ashby-geddes.com]
**Sent:** Friday, December 21, 2007 4:36 PM
**To:** jingersoll@ycst.com
**Cc:** kkeller@ycst.com; enorman@ycst.com; Jacobs, Michael A.; Bock, Jeremy W.; Evans, Emily A.; Walters, Eric S.; Kruze, Diana B.; Coyne, Paul F.; Pai, Eric C.; Olson, Erik J.; Aannestad, Anders T.; steve.scheve@bakerbotts.com; paul.fehlner@bakerbotts.com; jennifer.cozeolino@bakerbotts.com; lisa.chiarini@bakerbotts.com; jeffrey.sullivan@bakerbotts.com; joseph.silecchia@bakerbotts.com; jason.perlman@bakerbotts.com; linda.glover@bakerbotts.com; robert.riddle@bakerbotts.com; jacqueline.lowe@bakerbotts.com; fred.barrera@bakerbotts.com; sipz25@aol.com; gregory.bokar@elan.com; JDay; LMaguire
**Subject:** Elan Pharma International Limited v. Abraxis Bioscience, Inc., C.A. No. 06-438-GMS
**Importance:** High

Hi Josy. There has been an important development in the above case, and I'm writing in order to bring it to your attention right away -- both as a courtesy to you, and so as to put you on notice of my client's intentions as soon as possible in order to avoid any needless and prejudicial expenditure of resources by Abraxis.

Specifically, in light of Judge Sleet's decision this week denying Elan's motion for clarification of the Court's claim construction decision, and after further study of the Court's decisions and consultation with our client, Elan has decided that: (i) it cannot prove infringement of the '025 patent under the current claim construction (which we believe to be incorrect, or at best, incomplete); (ii) its continuing to litigate the '025 patent claims under the current claim construction, and taking those claims to trial, therefore would be a waste of time and resources for the parties and the Court; and (iii) it immediately will cease prosecution of its claims under the '025 patent in the district court. The foregoing is without prejudice to Elan's right to seek to overturn the Court's claim construction, and to resume litigation of the '025 patent if successful. We also note that Elan intends to continue to litigate the '363 patent on the current schedule.

Accordingly, Abraxis should immediately cease all further work on litigation of the '025 patent.
Elan stands ready, at your earliest convenience, to discuss the prompt entry of judgment in Abraxis' favor on the '025 patent claims under the current disputed claim construction (again, without prejudice to Elan's right to seek appellate review of the current claim construction, and to seek remand and the resumption of the litigation in the district court if successful).

1/2/2008

Best regards.

Steve

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899 (19801 for courier deliveries)
Main: 302-654-1888
Direct: 302-504-3700
Facsimile: 302-654-2067
E-Mail: sbalick@ashby-geddes.com

---

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

---

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---

1/2/2008

# EXHIBIT B

Atty. Dkt. No. 029318-0673

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:    Gary Liversidge et al.

Title:         SURFACE MODIFIED ANTICANCER
               NANOPARTICLES

Patent No.:    5,399,363

Grant Date:    03/21/1995

Appl. No.:     07/908,125

Appl. Filing
Date:          07/01/1992

### TERMINAL DISCLAIMER AND FEE TRANSMITTAL FORM

Commissioner for Patents
Box NON-FEE AMENDMENT
Washington, D.C. 20231

Sir:

    Transmitted herewith is a Terminal Disclaimer disclaiming the term of the above-identified patent. A credit card authorization form to cover the terminal disclaimer fee of $130.00 is also attached. The Commissioner is also authorized to charge any additional fee, or credit any overpayment to Deposit Account No. 19-0741.

Respectfully submitted,

Date  Oct. 25, 2007        By  [signature]

FOLEY & LARDNER                 Stephen B. Maebius
Customer No. 22428              Attorney for Applicant
Telephone:  (202) 672-5300      Registration No. 35,264
Facsimile:  (202) 672-5399

WASH_2101260.1

Atty. Dkt. No. 029318-0673

## *IN THE UNITED STATES PATENT AND TRADEMARK OFFICE*

| | |
|---|---|
| Applicants: | Gary Liversidge et al. |
| Title: | SURFACE MODIFIED ANTICANCER NANOPARTICLES |
| Patent No. | 5,399,363 |
| Grant Date: | March 21, 1995 |
| Appl. No.: | 07/908,125 |
| Appln. Filing Date: | July 1, 1992 |

### TERMINAL DISCLAIMER FOR U.S. PATENT NO. 5,399,363

Commissioner for Patents
Box NON-FEE AMENDMENT
Washington, D.C. 20231

Sir:

  Petitioner, Elan Pharma International Ltd., having its principal place of business at Monksland, Athlone, County Westmeath, Ireland (previously Wil House, Shannon Business Park, Shannon, Co. Clare, Ireland), represents that it is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,399,363, for "Surface Modified Anticancer Nanoparticles," filed on July 1, 1992, as U.S. Patent Application No. 07/908,125, which is a continuation-in-part of U.S. Patent Application No. 07/647,105, filed on January 25, 1991, now U.S. Patent No. 5,145,684, by virtue of: (1) an Assignment from the inventors to Sterling Winthrop, Inc., recorded on July 1, 1992, at Reel/Frame 006228/0917; (2) an Assignment from Sterling Winthrop, Inc., to Eastman Kodak Co., recorded on October 21, 1994, at Reel/Frame 007175/0056; (3) an Assignment from Eastman Kodak Co. to Particulate Prospects, Corp. recorded on February 20, 1996, at Reel/Frame 007815/0409; (4) an Assignment from Particulate Prospects, Corp. to NanoSystems LLC, recorded on December 3, 2001, at Reel/Frame 012322/0261; (5) an Assignment from NanoSystems LLC to Elan

Atty. Dkt. No. 029318-0673<br>
Patent. No. 5,399,363

Corporation, plc, recorded on August 15, 2001, at Reel/Frame 012066/0732; and (6) an Assignment from Elan Corporation, plc, to Elan Pharma International Ltd., recorded on August 15, 2001, at Reel/Frame 012066/0747, in the United States Patent and Trademark Office.

Further, Petitioner represents that it is the owner of U.S. Patent No. 5,145,684, for "Surface Modified Drug Nanoparticles," filed on January 25, 1991, as U.S. Patent Application No. 07/647,105, by virtue of: (1) an Assignment from the inventors to Sterling Winthrop, Inc., recorded on March 21, 1991, at Reel/Frame 005647/0704; (2) an Assignment from Sterling Winthrop, Inc., to Eastman Kodak Co., recorded on October 21, 1994, at Reel/Frame 007175/0056; (3) an Assignment from Eastman Kodak Co. to Particulate Prospects, Corp. recorded on February 20, 1996, at Reel/Frame 007815/0409; (4) an Assignment from Particulate Prospects, Corp. to NanoSystems LLC, recorded on February 20, 1996, at Reel/Frame 007815/0404; (5) an Assignment from NanoSystems LLC to Elan Corporation, plc, recorded on April 12, 2000, at Reel/Frame 010742/0161; and (6) an Assignment from Elan Corporation, plc, to Elan Pharma International Ltd., recorded on April 12, 2000, at Reel/Frame 010742/0137, in the United States Patent and Trademark Office.

Petitioner hereby disclaims the terminal part of the term of U.S. Patent No. 5,399,363 which would extend beyond the full statutory term of U.S. Patent No. 5,145,684. In addition, Petitioner hereby agrees that U.S. Patent No. 5,399,363 shall be enforceable only for and during such period that the legal title to U.S. Patent No. 5,399,363 shall be the same as the legal title to U.S. Patent No. 5,145,684, this agreement to run with U.S. Patent No. 5,366,363 and to be binding upon the grantee, its successors, or assigns.

In making this disclaimer, Petitioner does not disclaim any terminal part of U.S. Patent No. 5,366,363, prior to the full statutory term of U.S. Patent No. 5,145,684 as defined in 35 U.S.C. §§ 154-156 and 173, in the event that U.S. Patent No. 5,145,684 expires for failure to pay a maintenance fee, is held unenforceable or is found invalid in a final judgment by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. § 1.321(a), has all claims canceled by a reexamination certificate or as a result of an interference proceeding, or is otherwise not deemed to provide the rights

-2-

Atty. Dkt. No. 029318-0673
Patent. No. 5,399,363

conveyed by 35 U.S.C. § 154, prior to the full statutory term of U.S. Patent No. 5,145,684 as defined in 35 U.S.C. §§ 154-156 and 173, except for the separation of legal title stated above.

Further, Petitioner does not disclaim any terminal part of U.S. Patent No. 5,399,363 that would extend beyond the present termination of U.S. Patent No. 5,145,684, in the event that such present term is extended by virtue of compliance with the conditions for term extension of any present or future patent term extension provisions of the patent law, including but not limited to 35 U.S.C. §§ 155, 155A, or 156, and without waiving Petitioner's right to extend the term of U.S. Patent No. 5,399,363 to the extent provided by law.

The undersigned, being the Attorney of Record for U.S. Patent No. 5,399,363, and duly authorized to act on behalf of Petitioner, certifies that she has reviewed the Assignments, and to the best of her knowledge and belief, legal title to U.S. Patent No. 5,145,684 and U.S. Patent No. 5,399,363 rests with Petitioner.

The undersigned declares that all statements made herein of her own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the above-identified application or any patent issuing therefrom.

Respectfully submitted,

Date  Oct. 24, 2007    By  [signature]

FOLEY & LARDNER
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
Telephone:    (202) 672-5538
Facsimile:    (202) 672-5399

Michele M. Simkin
Attorney for Applicant
Registration No. 34,717

-3-

# EXHIBIT C

# REDACTED

# EXHIBIT D

# REDACTED