IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) C.A. No. 06-438-GMS ) ) |
| v. | ) ) |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) |
| Defendant. | ) |

**AMENDED NOTICE OF ORAL DEPOSITION OF TERRY L. MUSIKA
AND NOTICE OF SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, Plaintiff Elan Pharma International Limited shall take the oral deposition of Terry L. Musika. The deposition shall commence at 9:00 a.m. EST on Tuesday, January 15, 2008, at the offices of Morrison & Foerster, 2000 Pennsylvania Avenue N.W., Suite 5500, Washington, D.C. 20006. The deposition shall be taken before an authorized court reporter from Continental Court Reporters, or other officer authorized to administer oaths, and shall continue from day to day until completed. The deposition shall be recorded by stenographic means and may be videotaped. To the extent not already done so, the witness is instructed to produce those items described on attached subpoena duces tecum to the offices of Baker Botts L.L.P., 900 Louisiana Street, Houston, Texas 77002 no later than January 11, 2007.

*Of Counsel:*

Stephen Scheve
BAKER BOTTS LLP
One Shell Plaza
910 Lousiana Street
Houston, TX 77042-4995
Telephone: (713) 229-1659

Paul F. Fehlner
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2527

William J. Sipio
1375 Brentwood Road
Yardley, PA 19067
Telephone: (215) 801-3625
Facsimile: (866) 317-2059

Dated: January 8, 2008
187161.1

ASHBY & GEDDES

*/s/ Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

# Issued by the
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br>Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br>Defendant. | SUBPOENA IN A CIVIL CASE<br><br>Case No. 06-438-GMS<br><br>In the District of Delaware |

TO:  Terry L. Musika
     c/o Young Conaway Stargatt & Taylor LLP
     100 West Street, 17th Floor
     Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morrison & Foerster<br>2000 Pennsylvania Avenue N.W., Suite 5500<br>Washington, D.C. 20006 | December 7, 2007 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Baker Botts L.L.P.<br>One Shell Plaza, 910 Louisiana Street<br>Houston, Texas 77002 | November 22, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff Elan Pharma International, Inc. | DATE<br>November 8, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____, 2007

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty the appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to the inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trail be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires a disclosure of trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Definitions

In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, the terms listed below are defined as follows:

    A.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

    B.    The terms "any", "all", or "each" shall be construed as "any, all, and each."

    C.    The term "document" shall have the broadest meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law and shall include, without limitation, any tangible recordation of information by any means and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks or hard drives, or electronic databases, and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. "Document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

    D.    The use of the singular form of any word shall include the plural and *vice versa*.

    E.    The terms "relate" or "relating to" shall mean and include referring to, mentioning, reflecting, containing, regarding, pertaining to, evidencing, involving, describing, discussing, arising out of, making reference to, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

    F.    The term "reflecting" shall mean embodying or representing something.

G. The term "communication" shall include all meetings, telephone calls, conversations, discussions, letters, memoranda, notes, and other forms of communication.

H. The term "Abraxis" shall mean Defendant Abraxis BioScience, Inc., as well as any subsidiary, parent or affiliate thereof; all divisions, predecessors, successors or assignees of each of the foregoing, including without limitation, American Pharmaceutical Partners Inc., VivoRx and American BioScience Inc.; and all their directors, officers, employees, agents, consultants, attorneys, representatives and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

I. The term "Abraxane®" shall mean the human serum albumin-bound paclitaxel product that is sold by Abraxis, including Abraxane® as reconstituted according to its package insert.

J. The term "Abraxis's Experts and Consultants" shall mean any expert or third party consultant retained by Abraxis in connection with this litigation, including but not limited to Drs. Mansoor M. Amiji, Jerry L. Atwood, Michael R. Hamrell, and Johnson T. Wong.

K. The term "anticipation" shall mean expectation, or the action of expecting something.

L. The term "work" shall mean activity involving mental or physical effort done in order to achieve a purpose or result.

M. The term "witness's entire file" shall mean and include all documents (as defined above) relating to (as defined above) the witness' work and testimony in this matter.

N. The term "work product" shall mean all documents (as defined above) reflecting and/or relating (as defined above) to work performed by the witness in this matter.

O.  The term "computer disk" shall mean an information storage device for a computer in the shape of a round flat plate that can be rotated to give access to all parts of the surface. The data may be stored either magnetically (in a magnetic disk) or optically (in an optical disk, such as a CD-ROM).

P.  The term "as a consequence" shall mean as a result or effect of an action or condition.

Q.  The term "record" shall mean a thing constituting a piece of evidence about the past, including an account of an act or occurrence kept in writing or some other permanent form.

R.  The term "Counsel for Abraxis" shall mean any attorney retained or acting on behalf of Abraxis BioScience, Inc., as well as any employees, agents, representatives or other persons acting upon such attorney's behalf.

### Instructions

A.  You are required to respond to these requests by drawing upon all materials in your possession, ownership, custody or control, including materials that you have a right to secure from any other source. If you cannot respond to a request after conducting a reasonable investigation, you should respond to the extent that you can, stating what responsive information you do have, what responsive information you cannot provide, and stating what efforts you made to obtain the unknown information.

B.  Each request is to be read, construed, and responded to separately and independently without reference to or being limited by any other request.

C.  If, in responding to any of these requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction used in responding to the request.

D.  Where a claim of privilege is asserted in responding or objecting to any discovery request or sub-part thereof, and information is not provided on the basis of such assertion,

    1.  the party asserting the privilege shall in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

    2.  the following information shall be provided in the objection:

        a.  (i) the identities of the author(s), addressee(s), and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

        b.  Alternatively, the party asserting the privilege may produce a privilege log compliant with the Federal Rules of Civil Procedure and relevant case law on or before the date by which the requested documents are required to be produced.

E.  With respect to each document or thing otherwise responsive to any request that has been lost or destroyed since its preparation or receipt, identify the document or

thing, state the request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed.

   F. Where documents or things in your possession, custody, or control are requested, such request or inquiry includes documents and things in the possession, custody, or control of each of your agents, servants, employees, representatives, and unless privileged, your attorneys.

   G. Each document or group of documents produced in response to a request shall indicate the number of each and every request to which it is responsive.

   H. All documents are to be produced with their original file folders, file jackets, envelopes, or covers, or an accurate reproduction thereof.

### Document Requests

1. All documents and tangible things including all tangible reports, physical models, compilations of data, photographs, audio tapes, video tapes, computer printouts, and other material prepared by the witness or for the witness and/or his agents, servants and/or employees in anticipation of the witness' trial and deposition testimony.

2. All documents, and tangible things, including but not limited to all materials, notes, memoranda, statements, depositions, and correspondence reviewed by the witness and/or his agents, servants and/or employees, including treatises, articles and authoritative materials, in anticipation of the witness' trial and deposition testimony.

3. All documents and tangible things, including but not limited to correspondence, notes, factual observations, calculations, supporting data, documents, and material sent to the witness and/or his agents, servants and/or employees by the defendant or anyone acting on behalf of the defendant.

4. The witness's entire file, including all work product and work papers on this matter, including notes, correspondence, research, work papers, and any other tangible material.

5. All computer disks and/or electronic data reflecting work by the witness and/or his agents, servants and/or employees in this matter.

6. All of the witness's and/or his agents, servants and/or employees' notes concerning the assignments and/or work he has done on his own or at the request of Abraxis or Counsel for Abraxis related to this litigation, including reports and case summaries prepared by the witness or prepared for the witness by any individual working with him.

7. All other materials reviewed, read or considered by the witness and/or his agents, servants and/or employees as a consequence of his retention as an expert in this case.

8. Documents reflecting all agreements between the witness, and/or his agents, servants and/or employees, and Abraxis and/or Counsel for Abraxis concerning compensation, including but not limited to all receipts, checks, and billing records reflecting that compensation.

9. Publications, articles, abstracts, reports, lecture material or slides, posters, handouts or presentations drafted in full or in part by the witness from 1991 to present relating to any of the following topics: business valuation, damage analysis, royalties, reasonable royalties, standard royalties, licensing strategy, and/or hypothetical license negotiations.

10. All reports and transcripts of depositions and/or trial testimony in which you testified on business valuation, damage analysis, reasonable royalty and/or licensing.

11. Documents reflecting all agreements between the witness and/or his agents, servants and/or employees and Counsel for Abraxis on any matter related to this case.

12. Records of time, expenses and charges for time the witness and/or his agents, servants and/or employees have spent on any matter related to this case.

13. Documents reflecting or referring to communications between the witness and Abraxis related to this litigation.

14. Documents reflecting or referring to communications between the witness and Counsel for Abraxis related to this litigation.

15. Documents reflecting or referring to direct or indirect communications with any Abraxis Expert or Consultant related to this litigation.

16. Documents prepared by, or supplied directly or indirectly by an Abraxis Expert or Consultant related to this litigation.

17. All drafts of the witness's expert report(s).

18. All expert reports and declarations that were either prepared by you or prepared for you in which you opined on business valuation, damage analysis, reasonable royalty and/or licensing.

19. All articles, books, and publications you have authored in whole or in part relating to any of the following topics: business valuation, damage analysis, royalties, reasonable royalties, standard royalties, licensing strategy, hypothetical license negotiation, and related subjects.