IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | **REDACTED PUBLIC VERSION**<br><br>Case No. 06-438-GMS |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCES TO THE LACK OF
PRODUCTS MARKETED BY ELAN EMBODYING ITS '363 PATENT AND
REFERENCES TO ABRAXIS'S PATENTS COVERING ABRAXANE®**

| | |
|---|---|
| *Of Counsel:*<br><br>Stephen E. Scheve<br>Linda M. Glover<br>Robert Riddle<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77042-4995<br>(713) 229-1659 Telephone<br><br>Paul F. Fehlner<br>Jeffrey D. Sullivan<br>Lisa A. Chiarini<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, New York 10112-4498<br>(212) 408-2527 Telephone | ASHBY & GEDDES<br><br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. # 4261)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19899-1150<br>(302) 654-1888 Telephone<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>*Attorneys for Plaintiff,*<br>Elan Pharma International Limited<br><br><br>Dated: March 27, 2008 |

NY02:616133.1

## I. Introduction

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully moves for an order precluding Abraxis Bioscience, Inc. ("Abraxis") from making any references at trial to: (A) the fact that Elan does not itself market a drug embodying its United States Patent No. 5,399,363 (the "'363 Patent"); and (B) the fact that Abraxis's accused product Abraxane® may be covered by one or more United States patents obtained by Abraxis.

## II. Background

Part of Elan's business involves development of novel drug delivery systems and licensing them to companies who wish to use them for delivery of particular drug substances. For instance, the '363 Patent has been licensed to multiple companies who thereby enjoy the right to make and sell stabilized nanoparticles of various therapeutic drugs, as disclosed and claimed in the '363 Patent. Because this business model has been a successful mode of commercializing its '363 Patent, Elan does not currently make or market any of its own proprietary drug products or brands embodying the '363 Patent technology and, specifically, does not market a nanoparticulate anti-cancer drug competitive to Abraxane®.

Abraxis, in turn, markets a variety of its own drugs, including Abraxane®. Some of the drug formulations Abraxis markets, or aspects thereof, are covered by United States Patents. Abraxis asserts that Abraxane® is covered by one or more United States patents of Abraxis, but does not assert any such patents against Elan herein. For purposes of this motion, Elan accepts that Abraxis possesses such patents relating to aspects of Abraxane® and that any Abraxis patents are presumed valid.

Any evidence relating to Elan's lack of commercial embodiment of its '363 Patent competitive to Abraxane®, or to Abraxis's obtaining its own patents on Abraxane®, should be

excluded as: (i) irrelevant to proof of any claim or defense at issue in this matter; and/or (ii) even if marginally probative or relevant for any limited purpose, highly prejudicial to Elan under Federal Rule of Evidence 403, for the reasons set forth below.

### III. Argument

**A. Evidence That Elan Has Not Marketed Any Products Embodying The '363 Patent Should Be Excluded Under Rules 402 And 403**

Elan requests that the Court preclude Abraxis from introducing evidence that Elan has not marketed any products embodying its '363 Patent because such evidence is irrelevant to Elan's patent infringement claims. Under Federal Rule of Evidence 401, evidence is relevant only when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable . . ." Fed. R. Evid. 401. The Court of Appeals for the Federal Circuit has found that infringement allegations are analyzed by comparing an accused product with the patent claims at issue, not with the commercial embodiment of the patent. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985); *see also Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) (finding error in the district court's comparison of the accused product with an embodiment of the plaintiff's patent). The fact that Elan has not marketed any products covered by the '363 Patent does not make it more or less probable that Abraxis infringed Elan's '363 Patent. Under Federal Rule of Evidence 402, the Court should exclude evidence that does not bear a logical connection to a fact at issue. *Advanced Cardiovascular Sys. v. Medtronic Vascular*, 485 F. Supp. 2d 519, 534-35 (D. Del. 2007) (limiting the introduction of evidence that was not relevant to the issues being litigated). Accordingly, any reference to the absence of an Elan product embodying the claims of the '363 Patent should be excluded.

Similarly, Elan expects that Abraxis will proffer evidence that Elan considered, and then abandoned, a plan to market a generic equivalent to Abraxane®. Again, this fact is not relevant to any claim or defense in this case. Further, evidence of this fact could be used inappropriately by Abraxis to impute improper conduct or motives to Elan for allegedly attempting to "copy" Abraxis's product, even though the development of generic products is explicitly endorsed by statute, and even though Abraxis has not brought any counterclaims against Elan alleging infringement of Abraxis's intellectual property by virtue of Elan's research into the possibility of producing a generic equivalent to Abraxane®.

Even assuming such reference to Elan's lack of a commercial product embodying its '363 Patent, or its consideration of a generic Abraxane® equivalent, were marginally relevant, it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Judges of this District have excluded evidence of a plaintiff's commercial embodiment of its patent, finding that such evidence is prejudicial and poses a danger of confusing the issues or misleading the jury. *Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 471-472 (D. Del. 2006); *C.R. Bard, Inc. v. Medtronic, Inc.*, No. 96-589-SLR, 1998 WL 1992470, at *1 (D. Del. May 7, 1998). Therefore, the Court should exclude any evidence that Elan has not marketed a product embodying the '363 Patent.

**B.    Evidence Of Abraxis's Patents Covering The Accused Product Abraxane® Should Be Excluded As Highly Prejudicial Under Rule 403**

Elan also asserts that references to Abraxis's patents covering the accused product Abraxane® should be excluded during trial. Rule 403 of the Federal Rules of Evidence allows a court to exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403. Evidence of a defendant's patent on an accused product is unfairly prejudicial to the plaintiff

because the evidence may give the jury a false impression that the accused device is substantially different from the invention claimed by the plaintiff's patent at issue. *Cameo v. La. Cane Mfg.*, No. 92-3158, 1995 WL 468234, at *6 (E.D. La. July 27, 1995).

Reference to the defendant's patent may also confuse and distract the jury by shifting the main issue from the infringement of the plaintiff's patent to the validity of the defendant's patent. *Glaros v. Robertson*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986) (finding that the trial court properly excluded evidence of the defendant's patent covering the accused product to prevent undue distraction of the jury).

Further, the basis for the defendant's ability to obtain independent patent coverage for an accused product could well be features of the product having nothing to do with the features that lead to infringement of the plaintiff's patent, or could be based upon inclusion of all the elements of the plaintiff's claimed invention, combined with additional elements, which in no way negates infringement of plaintiff's claim.

The fact pattern in the instant case is analogous to the facts addressed by the District Court in *Cameo*. As in the present case, the plaintiff in *Cameo* filed a motion in limine to preclude evidence of a patent owned by the defendant. 1995 WL 468234, at *5. The defendant's patent in *Cameo* concededly covered the accused product. *Id.* Similarly, Abraxis's patents relate to Abraxane®, the accused product in this case. The court in *Cameo* granted the plaintiff's motion to exclude irrelevant and possibly distractionary reference to the fact that defendant had separately obtained patent coverage for the accused product. *Id.* at *6. Likewise, Elan requests that this Court preclude Abraxis from referring to its patents on Abraxane® under Federal Rule of Evidence 403 to avoid unfair prejudice to Elan and to prevent confusing and distracting the jury.

## IV.  Conclusion

For the aforementioned reasons, Elan respectfully requests that the Court exclude evidence relating to: (A) the fact that Elan does not market any products embodying its '363 Patent, or that Elan considered developing but abandoned a generic formulation of nanoparticulate paclitaxel; and (B) the fact that Abraxis's United States patents may cover Abraxis's accused product.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware  19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas  77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York  10112-4498
(212) 408-2527 Telephone