IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 06-438-GMS<br><br>REDACTED<br>PUBLIC VERSION |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S MOTION IN LIMINE
NO. 2 TO PRECLUDE ABRAXIS FROM USURPING THE COURT'S AUTHORITY TO
CONSTRUE PATENT CLAIMS AND DETERMINE EQUITABLE DEFENSE**

| | |
|---|---|
| *Of Counsel:*<br><br>Stephen E. Scheve<br>Linda M. Glover<br>Robert Riddle<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77042-4995<br>(713) 229-1659 Telephone<br><br>Paul F. Fehlner<br>Jeffrey D. Sullivan<br>Lisa A. Chiarini<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, New York 10112-4498<br>(212) 408-2527 Telephone | ASHBY & GEDDES<br><br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Tiffany Geyer Lydon (I.D. #2950)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19899-1150<br>(302) 654-1888 Telephone<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com<br><br>*Attorneys for Plaintiff,*<br>Elan Pharma International Limited<br><br><br>Dated: March 27, 2008 |

Plaintiff Elan Pharma International Limited ("Elan") respectfully moves for an order precluding Abraxis Bioscience Inc. ("Abraxis") from usurping the Court's authority by: (A) presenting argument and evidence inconsistent with the Court's *Markman* Order; (B) inserting limitations into the construed claims of U.S. Patent No. 5,399,363 (the "'363 Patent") where none exist; and (C) presenting to the jury equitable claims that are within the province of the Court to decide.

### A. Abraxis Should Be Precluded From Presenting Argument and Evidence Supporting Claim Construction Positions That Have Already Been Rejected By The Court

The Federal Circuit holds that " . . .in a case tried to a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978 (Fed. Cir. 1995). Here, the Court has exercised its power and fulfilled its *Markman* obligation by issuing an Order construing the disputed claim terms of the patents-in-suit on August 17, 2007 (the "Order"). *See* D.I. 271. Since then, Abraxis has launched a stealth attack on the Court's Order, persistently advancing claim construction positions that were expressly rejected by the Court. In particular, Abraxis has challenged the Court's construction of the following terms:

#### 1. "particles consisting essentially of"

During the *Markman* process, Abraxis vehemently argued that the phrase "particles consisting essentially of" in the '363 Patent should not be construed so as to permit the presence of any amorphous medicament mixed with the crystalline drug particles in Abraxane®. *See* D.I. 105 at 17-18. Abraxis erroneously contended that: (1) Elan had disclaimed any amount of amorphous medicament during prosecution of the '363 Patent; and (2) the crystalline medicament and the surface modifier must combine to total 100% of the weight of each particle, thereby excluding the possibility of any amount of amorphous medicament therein. *Id.* at 16-18.

1

The Court soundly rejected Abraxis's proposed construction, asserting that it was "unduly narrow." *See* D.I. 271. The Court instead held that "the particles composed of crystalline medicament and surface modifier, may also include other ingredients that do not affect their basic and novel properties, and are essentially free of solvent and other contaminants." *Id.* Nevertheless, Abraxis continues to advance its failed construction position. In letter briefs seeking permission to file summary judgment motions, Abraxis once again contended that "an amorphous medicament is excluded from the scope of the claims as delimited by the 'consisting essentially of' transitional phrase, especially when, as here, the presence of amorphous medicament was disclaimed and distinguished from amorphous medicament during prosecution." D.I. 446.

**REDACTED**

*See* Exhibit 1 (Amiji Rebuttal Expert Report, ¶ 18). It is indisputable that the Court rejected during the *Markman* process the very arguments that Abraxis now seeks to present to a jury. Elan, therefore, seeks an order precluding Abraxis from arguing or offering evidence inconsistent with the Court's construction of the '363 Patent claims.

2. **"in an amount of 0.1 - 90% by weight and sufficient to maintain an average effective particle size of less than 1000 nm"**

During the *Markman* process, the Court construed the above term in the '363 Patent to mean "an amount of surface modifier that maintains the size of the particle such that at least 90% of the particles have a number average particle size less than about [recited size] nanometers."

2

As a matter of law, "[i]f a claim is amenable to construction, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, the claim is not indefinite." *Aero Prods. Int'l Corp. v. Intex Rec. Corp.*, 466 F.3d 1000, 1015 (Fed. Cir. 2007). Ignoring this fundamental legal principle, Abraxis persists in repeating its contention that "to maintain" is indefinite because the patentees chose "not to limit the time period or conditions under which the particles must maintain their size." D.I. 105 at 26. Because the Court has already rejected Abraxis's contention and determined that "to maintain" is amenable to construction, the term is by law, definite. Abraxis should be precluded from arguing or offering any evidence to the contrary, and from contradicting the Court's construction.

Abraxis should also be precluded from offering argument or evidence inconsistent with the Court's construction of "average effective particle size," and from asserting that the term is indefinite.

**REDACTED**

*See* Exhibit 2 (Amiji Expert Report, ¶ 428 (emphasis supplied)).

**REDACTED**

Indeed, the Court's construction requires only that 90% of the particles have a number average particle size of less than about 1000 nanometers (claim 1), 400 nanometers (claim 2), or 300 nanometers (claim 3).

**REDACTED**

Accordingly, Abraxis should be precluded from arguing and presenting evidence that contradicts

3

the Court's construction of "average effective particle size" or that implies that the term is indefinite.

B. **Abraxis Should Be Precluded From Inserting Limitations Into Claims Where None Exist**

During discovery it became apparent that Abraxis intends to present argument and evidence to the jury that the '363 Patent claims contain "limitations" that simply do not exist.

**REDACTED**

*See, e.g.*, Exhibit 2, Amiji Expert Report ¶ 41. No such limitation expressly exists in the '363 Patent claims. Moreover, only the Court has the authority to determine that such a limitation is inherently present. *See Markman*, 52 F.3d at 978. Accordingly, Elan seeks an order precluding Abraxis from referring during trial to any putative claim limitations not express in the '363 Patent.

C. **Abraxis Should Be Precluded From Presenting To The Jury Equitable Defenses That Are Within The Court's Province To Determine**

Abraxis plans to present argument and purported evidence regarding its purported defenses of inequitable conduct, patent misuse, and unclean hands to the jury. Controlling case law provides, however, that inequitable conduct is an issue for the court — not the jury — to determine. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 507 F. Supp.2d 870, 872 (N.D. Ill. 2007) (citing *Gardco Manuf., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987)); *see also Agfa Corp. v. Creo Prods. Inc.* 451 F.3d 1366, 1375 (Fed. Cir. 2006). Similarly, issues of patent misuse and unclean hands are equitable in nature, and must be ultimately decided by the Court. *See, e.g., Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. No. 4:06-cv-01191, 2008 WL 382385, at *2 (E.D. Mo. Feb. 12, 2008).

District Courts recognize that "patent cases are inherently complicated and confusing for a jury, and that evidence of inequitable conduct, essentially fraud, may very well prejudice the

patentee in its case to the jury." *Trading Techs.*, 507 F. Supp.2d at 872; *see also Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006). Accordingly, courts are urged to bifurcate and consider at a separate bench trial any equitable defenses raised by defendants in patent infringement cases. *See Dekalb Genetics*, WL 382385, at *2 (discussing the propriety of bifurcating equitable issues of unclean hands, misuse and inequitable conduct from issues to be presented to the jury) (citing *Mylan Pharms., Inc. v. Thompson*, 268 F.3d 1323, 1331 (Fed. Cir. 2001)). "There is no need to burden the jury with evidence of equitable misconduct that is to be decided by the Court." *Id.*; *see also Philips Elecs. North Am. Corp. v. Contec Corp.*, No. 02-123-KAJ, 2004 WL 769371, at *1 n1 (D. Del. Apr. 5, 2004) (acknowledging grant of motion to exclude from the jury evidence relevant solely to equitable defenses); *Martek Biosciences Corp. v. Nutrinova Inc.*, No. 03-896-GMS (D. Del. Sept. 15, 2006) (granting plaintiff Martek's motion in limine at D.I. 184 to exclude evidence regarding inequitable conduct during jury trial phase).

Elan therefore respectfully requests that Abraxis be precluded from presenting argument and evidence regarding its equitable defenses to the jury.

### D. Conclusion

For the foregoing reasons, Elan respectfully requests that the Court enter an order instructing Defendant Abraxis BioScience, Inc. and its witnesses not to mention, allude to, or in any way refer to, in voir dire, opening statement, during the evidence of the case, or in closing argument: (1) any interpretation of the '363 Patent claims inconsistent with the Court's construction; (2) any allegation that '363 Patent claim terms already construed by the Court are indefinite; (3) any assertion that '363 Patent claims contain limitations that are not express; and (4) the facts underlying, argument relating to, and/or testimony purported to support, Abraxis's equitable defenses.

ASHBY & GEDDES

/s/ John G. Day by Lauren E. Maguire

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Elan Pharma International Limited*

*Of Counsel (admitted* pro hac vice*):*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone