IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § § § § § § § § § § | REDACTED PUBLIC VERSION |
| Plaintiff, | | |
| vs. | | Case No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | | |
| Defendant. | | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
MOTION IN LIMINE NO. 5 TO EXCLUDE ARGUMENTS OR EVIDENCE BASED
UPON THE REVERSE DOCTRINE OF EQUIVALENTS**

| | |
|---|---|
| *Of Counsel:*<br><br>Stephen E. Scheve<br>Linda M. Glover<br>Robert Riddle<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77042-4995<br>(713) 229-1659 Telephone<br><br>Paul F. Fehlner<br>Jeffrey D. Sullivan<br>Lisa A. Chiarini<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, New York 10112-4498<br>(212) 408-2527 Telephone | ASHBY & GEDDES<br><br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. # 4261)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19899-1150<br>(302) 654-1888 Telephone<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>*Attorneys for Plaintiff,*<br>Elan Pharma International Limited<br><br><br>Dated: March 27, 2008 |

NY02:617191.2

### I.   Introduction

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully moves for an order precluding Abraxis Bioscience, Inc. ("Abraxis") from making any references at trial to or in support of a theory or defense that Abraxis is not liable under the so-called reverse doctrine of equivalents. The grounds to this motion, as more fully set forth below, are that Abraxis has not provided any substantial evidence for or explication for such a defense, and that the defense has disputed legal application.

### II.   Background

Abraxis asserted an affirmative defense under the reverse doctrine of equivalents in its Amended Answer. D.I. 435 at 14, ¶ 81. Elan served interrogatories requesting the details of each of the theories or defenses that Abraxis planned to advance in this litigation. *See* Exhibit 1 to the accompanying Declaration Of Lisa A. Chiarini ("Chiarini Decl."), Elan's First Set of Interrogatories to Abraxis, Interrogatory No. 4. Abraxis's answers to these interrogatories did not contain any detailed description of the bases for or evidence in support of its purported defense under the reverse doctrine of equivalents. Chiarini Decl. Exhibit 2, Abraxis's Responses and Objections to Elan's First Set of Interrogatories, Interrogatory No. 4.

**REDACTED**

**REDACTED**

### III.  Argument

The so-called "reverse doctrine of equivalents" had its genesis in dicta from a long-ago Supreme Court case. In *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950), the Court mentioned circumstances (not at issue in that case) that could lead to denial of a finding of literal infringement.

> [W]here a device is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way, but nevertheless falls within the literal words of the claim, the doctrine of equivalents may be used to restrict the claim and defeat the patentee's action for infringement.

*Id.* at 608-609. The reverse doctrine of equivalents would apply only when the accused product is "sufficiently different from that which is patented." *Texas Instruments, Inc. v. United States Int'l Trade Comm'n*, 846 F.2d 1369, 1371 (Fed. Cir. 1988). As District Courts and the Federal Circuit have recognized, the theoretical availability of the defense does not translate into many real world situations in which a defendant can successfully assert it:

> Although long-recognized as a defense to infringement, the reverse doctrine of equivalents is rarely offered as a defense. According to the Federal Circuit, "because products on which patent claims are readable word for word often are in fact the same, perform the same function in the same way, and achieve the same result, as the claimed invention, a defense based on the reverse doctrine of equivalents is rarely offered."

*Monsanto Co. v. Mycogen Plant Science, Inc.* 61 F. Supp. 2d 133, 185 (D. Del. 1999) (quoting *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1123 n.19 (Fed. Cir. 1985) and entering judgment as a matter of law that the reverse doctrine of equivalents did not apply).

As further confirmation that the reverse doctrine of equivalents is, at best, an outlier defense, the Federal Circuit has gone so far as to note that "[n]ot once has this court affirmed a

decision finding noninfringement based on the reverse doctrine of equivalents." *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.* 279 F.3d 1357, 1368 (Fed. Cir. 2002). Commentators confirm that while "[n]umerous court decisions . . . acknowledge the vitality of the reverse doctrine of equivalents," most honor it principally in the breach and "find it inapplicable on the particular facts of the case." Donald S. Chisum, CHISUM ON PATENTS § 18.04[4](c) (2007). Other authors suggest that the doctrine, because so rarely applied, "probably [has] no vitality." Carl Moy, 4 MOY'S WALKER ON PATENTS § 13.44 (2007).

Against this backdrop, the court in *Ciena Corp. v. Corvis Corp.*, 334 F. Supp. 2d 598, 609 (D. Del. 2004), provided a well-reasoned analysis of the requirements of the doctrine holding that: "in determining whether the reverse doctrine of equivalents applies to preclude a finding of literal infringement, the Court must consider four criteria: (1) the principle of the claimed invention; (2) the principle of the accused product; (3) the degree of change in the principle of the accused product from that of the claimed invention; and (4) whether the accused product performs in a substantially different way." *Id.* at 605. On this standard, nothing Abraxis has presented to date would support or give notice to Elan of the details of a reverse doctrine of equivalents defense.

**REDACTED**

the '363 Patent lists bovine serum albumin ("BSA") as one of the examples of surface modifiers that could be used to stabilize drug

nanoparticles. Chiarini Decl. Exh. 4, '363 Patent at Claim 15. Elan's witnesses have testified,

**REDACTED**

that BSA and HSA are chemically similar and that HSA could serve as a surface modifier allowing effective stabilization and delivery of drug nanoparticles. *See* Chiarini Decl. Exh. 5, Berkland Depo. Tr. at 290:18-291:5.

Abraxis should not be permitted at trial to make reference to or arguments based upon the alleged non-equivalence of the function of its HSA and the '363 Patent's claimed surface modifier.

**REDACTED**

it appears dubious at best whether the reverse doctrine of equivalents remains a viable separate defense. Excluding evidence on such a theory would conduce to fairness to Elan, on grounds of both notice and the extremely prejudicial effect of allowing evidence and argument on a questionable legal theory, and would not substantially impair Abraxis's ability to present full and fair defenses under the well-established law governing literal infringement and infringement under the doctrine of equivalents.

                                          ASHBY & GEDDES

                                          */s/ Steven J. Balick*

                                          Steven J. Balick (I.D. #2114)
                                          John G. Day (I.D. #2403)
                                          Lauren E. Maguire (I.D. # 4261)
                                          222 Delaware Avenue, 17th Floor
                                          Wilmington, Delaware 19899-1150
                                          (302) 654-1888 Telephone
                                          sbalick@ashby-geddes.com
                                          jday@ashby-geddes.com
                                          lmaguire@ashby-geddes.com

                                          *Attorneys for Plaintiff,*
                                          Elan Pharma International Limited

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone