IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § | REDACTED PUBLIC VERSION |
| Plaintiff, Counterdefendant | § § | C.A. No. 06-438-GMS |
| v. | § § § § | |
| ABRAXIS BIOSCIENCE, INC., | § § | |
| Defendant, Counterplaintiff. | § | |

PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S REPLY IN SUPPORT
OF ITS MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCES TO THE LACK OF
PRODUCTS MARKETED BY ELAN EMBODYING ITS '363 PATENT AND
REFERENCES TO ABRAXIS'S PATENTS COVERING ABRAXANE®

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

Dated: April 7, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
*Elan Pharma International Limited*

{00206893;v1}

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully submits its reply in support of its Motion In Limine No. 1 to preclude Abraxis Bioscience, Inc. ("Abraxis") from making any references at trial to the fact that Elan does not itself market a drug embodying its United States Patent No. 5,399,363 (the "'363 Patent"); and the fact that Abraxis's accused product Abraxane® may be covered by one or more United States patents obtained by Abraxis.

### A. Elan's Request To Exclude Evidence That It Has Not Marketed Any Products Embodying The '363 Patent Finds Support In Applicable Law And The Rules

The Court should exclude evidence that Elan has not marketed any products embodying the '363 Patent under Federal Rule of Evidence 403. Abraxis's entire Response to Elan's Motion In Limine No. 1 proves Elan's point that this fact could only be unfairly prejudicial, as Abraxis launches unfounded and unsustainable attacks upon Elan's research and development in the area of nanocrystal technologies based on the false notion that Elan spent a significant amount of time trying, but failing, to commercialize a product embodying the inventions claimed in the '363 Patent. Abraxis further reveals its inappropriate tactical intentions by claiming that Elan's lack of a commercial product somehow establishes that "Elan decided to attempt to extract money from Abraxis . . ." Abraxis's Response to Elan's MIL No. 1 at 3. It is of course the patent statute, and not any marketplace failure by Elan, that provides for and authorizes infringement litigation and recovery for Abraxis's infringement of Elan's rights.

The marginal potential relevance of Elan's activities with regard to research and development is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403. This Court has excluded evidence relating to a patentee's commercial embodiment, finding that "its relevance is substantially outweighed by the danger of confusion of the issues or misleading the jury." *C.R. Bard, Inc. v. Medtronic, Inc.*, No. 96-589-SLR, 1998 WL 1992470, at *1 (D. Del. May 7, 1998). *See also Praxair, Inc. v.*

*ATMI, Inc.*, 445 F. Supp. 2d 460, 471-472 (D. Del. 2006) (finding the evidence properly excluded because a comparison of a patentee's products to the accused device is "prejudicial and this prejudice far outweighs any probative value.").

**B.    Abraxis's Patents Covering The Accused Product Abraxane® Are Irrelevant To This Action, And If Allowed Into Evidence Would Be Highly Prejudicial To Elan**

The Court should also exclude references to Abraxis's patents that purportedly cover the accused product under Fed. R. Evid. 403.

**REDACTED**

**REDACTED**                                      Abraxis now seeks to

introduce the fact that it owns patents in order to refute Elan's infringement allegations.

Contrary to Abraxis's arguments, it is the province of this Court to exclude evidence of patents that allegedly cover the accused product under Fed. R. Evid. 403:

> [Defendant] Robertson's "evidence" consisted of other patent applications and other patents . . . Robertson's patent on the accused product, and an interference between the parties. Introduction of that evidence would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues. Trial courts have the right and duty to manage proceedings before them to insure both expedition and fairness, and must be granted a wide discretion in carrying out that duty. Here the trial court's exercise of its responsibility under Rule 403 was exemplary in all respects.

*Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-1573 (Fed. Cir. 1986) (internal citation omitted). *Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.*, No. 92-3158, 1995 WL 468234 (E.D. La. July 27, 1995), cited in Elan's opening brief, is a published decision that valuably illustrates how a district court deals with an infringer's allegations regarding its unrelated patents. *See, e.g.*, 7 Annotated Patent Digest § 44:36 (2008) ("Admission of an accused infringer's patent can cause confusion to the jury. Thus, in some circumstances its exclusion is proper under Rule 403 of the Federal Rules of Evidence.") (citing cases, including *Cameco*); *accord Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1324 (Fed. Cir. 2000) ("the district court did not permit Hunt to present evidence to the jury of the separate patentability of its device. Since it is well established that separate patentability does not avoid equivalency as a matter of law, we do not intrude upon the trial court's evidentiary ruling . . . The admission or exclusion of evidence not material to the issue of infringement is consigned to the discretion of the trial judge.") (internal citations and quotations omitted). Accordingly, the Court should exclude references to Abraxis's patents on Abraxane® at trial.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527

Dated: April 7, 2008