IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED,<br><br>Plaintiff, Counterdefendant<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant, Counterplaintiff. | § § § § § § § § § § § § | REDACTED<br>PUBLIC VERSION<br><br>C.A. No. 06-438-GMS |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S REPLY
IN SUPPORT OF ITS MOTION IN LIMINE NO. 3 TO PRECLUDE ABRAXIS'S
EXPERTS, DRS. JERRY L. ATWOOD AND MANSOOR AMIJI, FROM
TESTIFYING ON SUBJECTS AS TO WHICH THEY ARE NOT QUALIFIED**

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

Dated: April 7, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,
Elan Pharma International Limited*

{00206882;v1}

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully submits its reply in support of its Motion In Limine No. 3 to preclude Abraxis Bioscience, Inc.'s ("Abraxis") experts, Drs. Jerry L Atwood and Mansoor Amiji from testifying on subjects as to which they are not qualified.

A. **Dr. Atwood Should Be Precluded From Testifying About Sold-State Nuclear Magnetic Resonance Spectroscopy ("ssNMR") Due To His Lack Of Specialized Expertise**

Abraxis's Response to Elan's Motion sets forth several analytical techniques for which Dr. Atwood arguably has relevant expertise, *e.g.*, X-ray powder diffraction ("XRPD"). *See* Abraxis's Response to Elan's MIL No. 3 at 2. But Elan's Motion does not seek to preclude Dr. Atwood from relying on this background or testifying generally about whether the paclitaxel in Abraxane is crystalline or amorphous. Elan seeks only to preclude Dr. Atwood from testifying about the ssNMR analytical technique and the results Elan's experts obtained in utilizing that technique due to his lack of training, scientific repute, or hands-on expertise in that specific area.

In accordance with the requirement that expert witnesses possess *specialized* expertise, *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 321 (3d Cir. 2003), the focus of the Court's attention should be on the fact that, as to the specific technique of ssNMR, Dr. Atwood lacks in every way the expertise necessary to opine on the performance or analysis of ssNMR.

- Abraxis points out that Dr. Atwood has a Ph.D. in chemistry. **REDACTED** His lack of expertise in ssNMR, not his ability to obtain a graduate degree, is what dooms reliance on his ssNMR testimony.

- Abraxis points to evidence that Dr. Atwood is among the 50 most cited chemists. Again, Elan is not disputing Dr. Atwood's general professional renown, but rather has showed that he lacks any *"specialized* knowledge" that would "assist the trier of fact" *on issues relating to ssNMR methods and analyses* as required by Rule 702.

- Abraxis boasts that Dr. Atwood is listed as an author on over 600 publications. Once again, though, Abraxis cannot point to a single one of these publications that principally concerns or describes solid-state NMR techniques. Similarly irrelevant to a

determination of specialized knowledge *on ssNMR* is Dr. Atwood's membership on various editorial boards.

- **REDACTED**

- Abraxis now points to a disparate assemblage of various documents authored or edited by Dr. Atwood that purportedly "describ[e]," "referenc[e]," or "discuss[]" NMR, or ssNMR, or "ssNMR results." But not one of these documents is *about* ssNMR techniques.

**REDACTED**

Abraxis cites two district court opinions for the proposition that a court has accepted Dr. Atwood's testimony on ssNMR testing and analysis. *See* Abraxis's Response to Elan's MIL No. 3 at 3. However,

**REDACTED**

Such clear evidence of Dr. Atwood's lack of experience carrying out or analyzing ssNMR tests is what matters – not whether a paper listing Dr. Atwood as a co-author "references ssNMR results." Even assuming Dr. Atwood or his co-authors have been *recipients* or *users* of ssNMR data, this in no way establishes that he has "specialized knowledge" in the techniques by which these data were obtained and reported.

If a person "discusses" his EKG results, that does not qualify him as a cardiologist. If he "references" the weather report, that does not qualify him as a meteorologist. If he uses the speedometer of his car, that does not render him an automotive engineer. Similarly, "referencing," or even using, ssNMR data supplied by others who *are* highly skilled and experienced in the methodology of acquiring and interpreting such data would not qualify Dr. Atwood to second-guess such experts as to how they executed said methodology.

In short, nothing in Abraxis's Response changes what Elan's Motion, and Dr. Atwood's testimony, made utterly clear: *on the subject of acquiring, deconvoluting, and interpreting ssNMR data*, he has no specialized experience, training, or knowledge that would make his testimony anything but unqualified lay opinion, speculation that could in no way help the jury.

The carrying out of ssNMR analysis, deconvolution, and spectra interpretation are not trivial exercises or the subject for armchair quarterbacking, but instead require years of experience to understand and reliably implement. Dr. Munson and his colleagues established that they had such expertise. Dr. Atwood's considerable expertise in other, unrelated fields of chemistry in no way qualifies him, under the principles of Rule 702 and *Daubert*, as having any "specialized knowledge" that would usefully inform the court or jury on issues relating to ssNMR analysis.

### B. Dr. Amiji Should Be Precluded From Testifying About XRPD And The Relevance Of Certain Prior Art

As stated in Elan's opening brief,

**REDACTED**

With regard to Elan's request that Dr. Amiji be precluded from offering testimony on prior art regarding obviousness and materiality of references in the context of an inequitable conduct analysis, Dr. Amiji's report provides opinions well beyond his stated expertise.

**REDACTED**

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527

Dated: April 7, 2008

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,
Elan Pharma International Limited*

{00206882;v1}                      - 4 -