IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED,<br><br>  Plaintiff, Counterdefendant<br><br>  vs.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>  Defendant, Counterplaintiff. | §<br>§ **REDACTED**<br>§ **PUBLIC VERSION**<br>§<br>§<br>§<br>§ Case No. 06-438-GMS<br>§<br>§<br>§<br>§ |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 1 TO STRIKE PORTIONS
OF ELAN EXPERT HARRY BRITTAIN'S EXPERT REPORT REGARDING TESTING
OF ABRAXANE AND TO BAR RELATED TESTIMONY AND ARGUMENT**

| | |
|---|---|
| *Of Counsel:*<br><br>Stephen E. Scheve<br>Linda M. Glover<br>Robert Riddle<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77042-4995<br>(713) 229-1659 Telephone<br><br>Paul F. Fehlner<br>Jeffrey D. Sullivan<br>Lisa A. Chiarini<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, New York 10112-4498<br>(212) 408-2527 Telephone | ASHBY & GEDDES<br><br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. # 4261)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19899-1150<br>(302) 654-1888 Telephone<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>*Attorneys for Plaintiff,*<br>Elan Pharma International Limited<br><br><br>Dated: April 3, 2008 |

I. **Introduction**

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully submits its opposition to Abraxis Bioscience, Inc.'s ("Abraxis") Motion In Limine No. 1, which seeks to preclude Elan from introducing evidence or argument at trial contending that A

**REDACTED**

Abraxis relies on two incorrect bases for seeking this motion: that Elan violated Rule 26 by withholding the results of Brittain's own testing of Abraxane under an assertion of work product; and that Elan made false representations to the Court during the fourth and final discovery conference that it was not withholding testing documents.

Abraxis's motion should be denied. The same person can act as both a consulting expert and a testifying expert, so long as, as occurred here, there is a clear demarcation of these different roles.

**REDACTED**

Elan has at no time withheld information that was not subject to the work product immunity doctrine, and has made no false representations concerning its production to the Court or Abraxis.

Moreover, Abraxis's proposed remedy, to preclude Elan's offering evidence or argument on these subjects, goes too far.   **REDACTED**

II. **Background**

**REDACTED**

**REDACTED**

### III. Argument

A.   Case Law Permits The Same Expert To Consult And Testify

**REDACTED**

Dr. Brittain must comply and has complied with Rule 26(a)(2)(B)(ii) with respect to the data and other information considered by him in forming the opinions contained in his report. **REDACTED** However, Elan claims a work product privilege with respect to Dr. Brittain's advising counsel outside of the subject matter of his testimony, when, as here, the delineation between his work as a consulting expert and his work as a testifying expert is clearly made. *See B.C.F. Oil Refining, Inc. v. Consol. Edison Co. of New York, Inc.*, 171 F.R.D. 57, 61 (S.D.N.Y. 1997), *citing Beverage Marketing v. Ogilvy & Mather Direct Response, Inc.*, 563 F. Supp. 1013, 1014 (S.D.N.Y. 1983).

It is well settled that the facts and opinions of non-testifying experts are discoverable only upon a showing of exceptional circumstances. *See* Fed. R. Civ. P. 26(b)(4)(B) (2007 Amendments). Specifically, Rule 26(b)(4)(B) provides that:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only . . . on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

*Id.* (emphasis supplied). Accordingly, Dr. Brittain's work as a consulting expert is not discoverable absent an affirmative showing by Abraxis of such exceptional circumstances.

But Abraxis has already offered facts and opinions through its own experts on the very subjects on which Dr. Brittain opined. Fehlner Decl., Exhibit 2 (Rebuttal Expert Report of Jerry L. Atwood, at ¶ 21). Thus, Abraxis cannot maintain that it now further requires all the results of whatever early tests Dr. Brittain may have performed in his non-testifying consulting role.

Dr. Brittain's expert report and expected testimony offers **REDACTED** Thus, it does not depend on, and is not affected by, whatever tests he himself may have performed. Elan has, as it stated to the Court, maintained the walls between testifying experts and consulting experts. Thus, Abraxis's contention that "[o]nce Elan designated Brittain as a testifying expert to opine on testing Abraxane, any privilege that might have attached to his own Abraxane testing was waived and all evidence should have been produced" is without merit. In this particular instance, the wall was well-established between consulting work Dr. Brittain performed and testifying work he later performed.

To the extent that they are relevant at all, the cases cited by Abraxis support Elan's position.[1] This Court has held that "it would be burdensome and unjust to order the production of information and documents not considered by [an expert] in connection with his expert report" even though the expert in fact had access to, and had at some point read, such documents. *Dyson Technology Ltd. V. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007; Sleet, J.). The Court limited "production to only the information and documents *considered* by [the expert] in connection with formulating his expert opinions expressed in his report." *Id.* (emphasis added). Elan has fully complied with the rules and case law.

### B.    Abraxis Has Suffered No Prejudice

Abraxis has not been prejudiced by the non-production of Dr. Brittain's consulting work.


**REDACTED**

---

[1]    *Schwab v. Philip Morris* is discussed above. *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370 (Fed. Cir. 2001) is at best tangential to this issue, because it focuses on work product disclosed to an expert that was used in his report. *Id.* at 1375. Those circumstances do not apply here.

**REDACTED**

There is no unfair prejudice in an expert of Dr. Brittain's experience criticizing Abraxis's testing.

C.  **Abraxis's Proposed Remedy Goes Too Far**

Abraxis's proposed remedy, to preclude Elan's offering evidence or argument, goes too far.

**REDACTED**

IV.  **Conclusion**

For the reasons discussed herein, Elan respectfully requests that the Court deny Abraxis's Motion in Limine No. 1 to preclude Elan from introducing evidence or argument at trial

**REDACTED**

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2008, the attached **REDACTED PUBLIC VERSION OF PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 1 TO STRIKE PORTIONS OF ELAN EXPERT HARRY BRITTAIN'S EXPERT REPORT REGARDING TESTING OF ABRAXANE AND TO BAR RELATED TESTIMONY AND ARGUMENT** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Michael A. Jacobs, Esquire<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | VIA ELECTRONIC MAIL |
| Emily A. Evans, Esquire<br>Morrison & Foerster, LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018 | VIA ELECTRONIC MAIL |
| Anders T. Aannestad, Esquire<br>Morrison & Foerster, LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130 | VIA ELECTRONIC MAIL |

/s/ John G. Day
_____
John G. Day

173077.1