IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § | |
| Plaintiff, Counterdefendant | § § § | **REDACTED PUBLIC VERSION** |
| vs. | § § | Case No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | § § § | |
| Defendant, Counterplaintiff. | § | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 2
TO EXCLUDE EVIDENCE OF ELAN'S ssNMR TESTING OF ABRAXANE®**

| | |
|---|---|
| *Of Counsel:*<br><br>Stephen E. Scheve<br>Linda M. Glover<br>Robert Riddle<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77042-4995<br>(713) 229-1659 Telephone<br><br>Paul F. Fehlner<br>Jeffrey D. Sullivan<br>Lisa A. Chiarini<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, New York 10112-4498<br>(212) 408-2527 Telephone | ASHBY & GEDDES<br><br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. # 4261)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19899-1150<br>(302) 654-1888 Telephone<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>*Attorneys for Plaintiff,*<br>Elan Pharma International Limited<br><br><br>Dated: April 3, 2008 |

ny02/618457

## I. Introduction

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully submits its opposition to Abraxis Bioscience, Inc.'s ("Abraxis") Motion In Limine No. 2, which seeks to exclude evidence of Elan's solid state nuclear magnetic resonance ("ssNMR") spectrometry testing of Abraxane®.

Abraxis's motion inappropriately impugns the scientifically sound and routine analytical work of highly experienced and reputable scientists who have years of experience in sample preparation and in utilizing the techniques of ssNMR.

**REDACTED**

based largely on the premise that scientific experts can never rely on laboratory assistants and must always document and provide every step of routine laboratory protocol minutiae. The evidence, though, establishes that Elan's experts more than adequately documented their work and prepared their opinions in accord with well-accepted scientific practice. Further, the important data and results they relied upon were properly disclosed to Abraxis in accord with the Federal Rules.

## II. Background

Dr. Cory Berkland is a preeminent scientist in the formulation and characterization of pharmaceutical nanoparticles at the University of Kansas. *See* Exhibit 1 to the accompanying Declaration of Jeffrey D. Sullivan ("Sullivan Decl."), Berkland Expert Report ¶ 3. Upon receiving Elan's request to prepare samples for analysis of the nanoparticle portion of Abraxane®, Dr. Berkland assigned sample preparation to competent scientists in his laboratory, who worked under his supervision. *See, e.g.,* Sullivan Decl. Exhibit 2, Berkland Depo. Tr. at 71:22-73:10; 79:15-22; 248:21-25 (discussing assignment to Dr. Shi, the routine nature of the experiments, and how the data were recorded). After the samples were prepared, Dr. Berkland

provided the samples of the Abraxane® nanoparticles to Dr. Munson's group for analysis using ssNMR. *See id.* at 251:25-252:23.

Dr. Munson has extensive expertise in the field of ssNMR and is also a professor at the University of Kansas. *See* Sullivan Decl. Exhibit 3, Munson Expert Report ¶¶ 2, 3. The laboratories of Drs. Berkland and Munson regularly collaborate, with Dr. Berkland's lab preparing certain samples and Dr. Munson's lab performing analytical testing to characterize the samples. *See, e.g.,* Sullivan Decl. Exhibit 4, Berkland Depo. Tr. at 27:10-25, 42:19-43:18. That is exactly what was done in this case. Once the samples were provided to Dr. Munson, a scientist in Dr. Munson's lab with extensive experience using the ssNMR instrument, Dr. Barich, conducted the so-called "runs" of the sample through the ssNMR instrument. *See* Sullivan Decl. Exhibit 5, Munson Depo. Tr. at 31:12-34:7. The ssNMR apparatus collects data electronically using a software program, which data was then analyzed by Dr. Munson. *See* Sullivan Decl. Exhibit 6, Barich Depo. Tr. at 70:10-15; Sullivan Decl. Exhibit 7, Munson Expert Report ¶¶ 17-27. Such collaborative work under guidance of a lead researcher is the norm in science.

### III. Argument

#### A. The Testing Performed By Elan's Experts Was Done In Accord With Accepted Scientific Practice, Which Was Properly Disclosed To Abraxis

Abraxis relies on the proposition that Elan's experts failed to disclose all experimental conditions utilized in performing ssNMR on Abraxane® or an adequate explanation of each step utilized in deriving the percentage of crystallinity present in the Abraxane® nanoparticles. Abraxis's argument simply ignores accepted scientific practice in utilizing the ssNMR analytical technique, particularly because the results of such experimentation are electronically "recorded in the information that's present in the NMR spectrum and the file associated with it." Sullivan Decl. Exhibit 8, Munson Depo. Tr. at 57:2-58:19; *see also* Barich Depo. Tr. at 14:5-9, 21:19-

26:24 (discussing practice of collecting ssNMR data), 70:23-72:11 ("These experiments are actually so routine that all the parameters that are specific to the experiment are stored as part of the spectrometer software. So, no I didn't handwrite anything.").[1]

### B. Elan Fully Complied With Its Expert Disclosure Requirements

Abraxis argues that Elan's evidence of ssNMR testing should be excluded pursuant to Fed. R. Civ. P. 37(c)(1) based upon a purported violation of Rule 26's requirement to produce reports with all "data or other information considered." Abraxis's Motions in Limine at 9. The gist of Abraxis's argument appears to rely on the contention that Elan's experts failed to keep appropriate records for each and every aspect of the ssNMR testing that was conducted. *See id.* at 8.

This contention is wholly without merit. As testified to by Dr. Munson, the procedure for acquiring ssNMR data is "very well established. So because it is the same procedure that we do time and time again, we typically do not record those details." Sullivan Decl. Exhibit 10, Munson Depo. Tr. at 25:7-15. The samples analyzed by Dr. Munson in his expert report were given to a research associate in Dr. Munson's laboratory, Dr. Barich, a Ph D. in chemistry with extensive experience in the handling of paclitaxel, the pharmaceutical ingredient at issue in this action. *Id.* at 32:3-40:17. The samples were tested under Dr. Munson's supervision.[2] *See id.*; Sullivan Decl. Exhibit 12, Barich Depo. Tr. at 21:19-24.

---

[1] "A: I don't work for Elan. I work for Professor Munson. . . . Q: And what are your qualifications for that work? A: I've been operating solid state NMR spectrometers for -- I suppose at the time about 13 years. Although the work that we were doing is so routine . . ." Sullivan Decl. Exhibit 9, Barich Depo. Tr. at 20:5-6, 23:16-21.

[2] 

**REDACTED**

Notably, "[t]he exclusion of critical evidence under Rule 37(c)(1) is an extreme sanction, not imposed absent a showing of willful deception and flagrant disregard of a court order by the proponent of the evidence." *Forest Labs., Inc. v. Ivax Pharms., Inc.*, 237 F.R.D. 106, 110 (D. Del. 2006) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)). The ssNMR evidence relied on by Elan's experts is of utmost importance to Elan's infringement case, and the exclusion of that evidence would be unduly prejudicial to Elan. Further, Elan certainly did not engage in "willful deception" and Abraxis has not proffered any evidence of such acts.[3] This being so, exclusion pursuant to Rule 37 is not warranted. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) ("exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence") (citation and quotation omitted).

### C. Fed. R. Evid. 702 Does Not Provide a Sound Basis For Exclusion of Elan's ssNMR Data

Abraxis further argues that the ssNMR evidence should be excluded under Fed. R. Evid. 702. "Rule 702 has two major requirements: (1) a witness proffered to testify to specialized knowledge must be an expert; and (2) the expert must testify to scientific, technical or other specialized knowledge that will assist the trier of fact." *RLI Ins. Co. v. Indian River School Dist.*, No. 05-858-JJF 2007 WL 4292109, at *5 (D. Del. Dec. 4, 2007) (citing *In Re Paoli*, 35 F.3d 717, 741-742 (3d Cir. 1994)). Abraxis does not contest that Drs. Munson and Berkland are experts in their respective fields. Thus, the analysis should look to the second requirement.

---

[3] **REDACTED**

> In *Daubert*, the Supreme Court held that an expert's testimony is "admissible so long as the process or technique the expert used in formulating the opinion is reliable." "[A] judge should find an expert opinion reliable under Rule 702 if it is based on 'good grounds,' i.e., if it is based on the methods and procedures of science."

*Id.* (citations omitted). Abraxis relies on the testimony of its expert, Dr. Atwood, for the contention that Elan's ssNMR results suffer from several defects. *See* Abraxis's Motions In Limine at 10. However,[4]

**REDACTED**

Thus, there is no basis to exclude Elan's ssNMR evidence under Fed. R. Evid. 702.

### IV. Conclusion

Accordingly, Elan respectfully requests that the Court deny Abraxis's Motion In Limine No. 2 to exclude evidence of Elan's ssNMR testing of Abraxane.

---

[4]   Contrary to Abraxis's assertion, the experiments at issue were recorded using proper experimental documentation:

> Q: If your recordkeeping practice was challenged by someone on the fact that it's not scientifically accepted practice, how would you respond?
> MR. SULLIVAN: Object.
> A: I would respond in the same way I've responded previously, that there is no rule that says information has to be recorded into a laboratory notebook. As a matter of fact, there are a variety of programs out there right now that are computational-based laboratory recording software. So instead of writing this down into a laboratory notebook, you create a document using the appropriate software; and you record your experiments in that manner. So the use of a laboratory notebook in my mind is not a critical component to good bookkeeping or good recordkeeping.

Sullivan Decl. Exhibit 15, Berkland Depo. Tr. at 80:22-81:13.
**REDACTED**

ASHBY & GEDDES

*/s/*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2008, the attached **REDACTED PUBLIC VERSION OF PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF ELAN'S ssNMR TESTING OF ABRAXANE®** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Michael A. Jacobs, Esquire<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | VIA ELECTRONIC MAIL |
| Emily A. Evans, Esquire<br>Morrison & Foerster, LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018 | VIA ELECTRONIC MAIL |
| Anders T. Aannestad, Esquire<br>Morrison & Foerster, LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130 | VIA ELECTRONIC MAIL |

/s/ *John G. Day*
_____
John G. Day

173077.1