IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § | |
| Plaintiff, Counterdefendant | § § § | REDACTED PUBLIC VERSION |
| vs. | § § § | Case No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | § § § | |
| Defendant, Counterplaintiff. | § | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 4
TO EXCLUDE SUPPLEMENTAL EXPERT REPORT OF STEPHEN BYRN**

| | |
|---|---|
| *Of Counsel:*<br><br>Stephen E. Scheve<br>Linda M. Glover<br>Robert Riddle<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77042-4995<br>(713) 229-1659 Telephone<br><br>Paul F. Fehlner<br>Jeffrey D. Sullivan<br>Lisa A. Chiarini<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, New York 10112-4498<br>(212) 408-2527 Telephone | ASHBY & GEDDES<br><br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. # 4261)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19899-1150<br>(302) 654-1888 Telephone<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>*Attorneys for Plaintiff,*<br>Elan Pharma International Limited<br><br><br>Dated: April 3, 2008 |

## I. Introduction

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully submits its opposition to Abraxis Bioscience, Inc.'s ("Abraxis") Motion in Limine No. 4, which seeks to exclude evidence relating to Elan's Supplemental Expert Report of Dr. Stephen Byrn (the "Byrn Supplemental Report").

The Byrn Supplemental Report was submitted prior to Dr. Byrn's deposition, and as a response to certain testimony of Abraxis's own witnesses on topics within Dr. Byrn's demonstrable technical experience. Under Fed. R. Civ. P. 26(e)(2), expert witnesses are not only authorized, but required, to supplement their disclosures and reports when circumstances require.

Abraxis's complaints regarding Dr. Byrn and his Supplemental Report ring particularly hollow in view of Abraxis's own submission of a purported "Supplemental Report" of Dr. Jerry Atwood (the "Atwood Supplemental Report"), on subjects completely unrelated to his initial report, and on which he lacked any technical qualifications to testify, more than two months after the close of expert discovery. There are much sounder reasons for excluding Dr. Atwood's testimony on his Supplemental Report than for excluding Dr. Byrn's.

## II. Background

Abraxis's motion concedes that Dr. Byrn's Supplemental Report was served in advance of the deadline for expert discovery, and before his deposition. Specifically, Abraxis received the Supplemental Report on December 13, 2007. In sharp contrast, Dr. Atwood's Supplemental Report was served long after expert discovery closed, on the last day (February 29) of a leap-year extended February 2008.

### III. Argument

**A.    Service Of The Byrn Supplemental Report Was Timely And Appropriate**

Rule 26(e)(2) is clear: "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Thus, supplementation of expert testimony is certainly not only authorized, but required, before the conclusion of expert discovery.

Abraxis cannot point to any substantial prejudice to it from the introduction of testimony related to the subjects discussed in the Byrn Supplemental Report. The Supplemental Report was tendered following and in response to the testimony of Abraxis's expert witness Dr. Amiji, and was a necessary supplementation to report new and additional opinions that Dr. Byrn had formed following his review of the testimony of Dr. Amiji and other Abraxis witnesses.

That Dr. Byrn is qualified to speak to such matters is beyond dispute.

**REDACTED**

it is hardly surprising that Elan timely supplemented Dr. Byrn's earlier report, as required by the Rules, the day before his deposition. Supplemental documents and materials are routinely provided, for good cause, even after testimony in a deposition has started, and skilled counsel such as Abraxis's are expected to

and do manage to formulate and carry out effective cross-examination regarding such supplemental production.

**B.   The Truly Untimely Report: Dr. Atwood's Supplemental Report**

Abraxis places great reliance in this case on a purported Supplemental Report from Dr. Atwood submitted two and a half months after the deadline for all expert discovery. Just as Dr. Byrn attended depositions of Abraxis's experts, Dr. Atwood attended depositions of Elan's experts, and had every opportunity to submit any timely supplemental opinions he might have formed from such attendance. Instead, months after the close of expert discovery, and months after Dr. Atwood's deposition, when the parties were deeply immersed in pretrial preparation, Abraxis tendered a "Supplemental Report" of Dr. Atwood largely discussing solid state nuclear magnetic resonance ("ssNMR") work of Elan's expert Dr. Munson and his associates.

Dr. Atwood had not previously opined on ssNMR in any significant way. This is hardly surprising, for, as pointed out in Elan's Motion In Limine No. 3, Dr. Atwood -- an estimable scientist in other regards -- has no experience in ssNMR and no foundation for opining thereon. Dr. Atwood's opening report **REDACTED** was as different as different could readily be from the subject matter of his Supplemental Report. His months-late Supplemental Report is understandable only as a tactical litigation-driven afterthought on the part of Abraxis. By its own text, it admits that Dr. Atwood struggled with the basics of opening ssNMR data files that laboratory functionaries readily work with as a matter of daily routine. *See* Sullivan Decl Exhibit 2 (Atwood Supplemental Report) ¶ 6.

Just as Elan supplied Dr. Byrn's Supplemental Report in advance of his deposition, Abraxis should have, if motivated by a genuine intent to supplement discovery rather than to open new tactical litigation fronts, submitted any supplementation from Dr. Atwood after Dr. Munson's deposition (which Dr. Atwood attended in person on November 29, 2007) and before

Dr. Atwood's subsequently-scheduled deposition on December 5, 2007. As it is, Elan had no ability during the discovery period to question Dr. Atwood on the basis for his prolific new opinions on a technical subject regarding which he has never published, presented, or done laboratory work.

*Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp.2d 460 (D. Del. 2006), cited by Abraxis in support of its motion, is instructive mainly because its facts strongly support the exclusion of Dr. Atwood's testimony relating to his Supplemental Report and the admission of Dr. Byrn's. There, a determinative factor in the Court's decision to exclude reliance on a supplemental report was that it had been submitted well after the close of the discovery period (as Dr. Atwood's Supplemental Report was, but Dr. Byrn's was not), and that its late submission substantially impaired the opposing party's preparation of its summary judgment arguments. *Id* at 470. The Court was further troubled by the fact that "any contradictions [in the expert testimony to which the supplemental report was asserted to be responding to] should have been evident months before." *Id*.

Here, by contrast, Dr. Byrn's Supplemental Report was submitted in advance of his deposition and of the discovery deadline; well in advance of the January 2, 2008 deadline for opening summary judgment letter briefs; and only two days after the December 12, 2007 deposition of Dr. Amiji, which was in part the genesis for Dr. Byrn's Supplemental Report. Further, it concerned matters on which he was eminently qualified to provide responsive supplemental opinions. The same cannot be said for Dr. Atwood's Supplemental Report, filed months after the expert discovery deadline, months after his deposition, and almost two months after the deadline for summary judgment briefing, on a subject for which he lacked academic or experiential credentials to opine. Under Rule 37(c), exclusion of Dr. Atwood's supplementally-

proffered opinions is appropriate because there is no substantial justification for their extreme lateness, and this lateness has been harmful to Elan.

Dr. Byrn's Supplemental Report, on the other hand, was not late, was substantially justified, and caused no significant harm to Abraxis. Rule 37(c) neither requires nor justifies its exclusion.

## IV. Conclusion

Fairness, and a consideration for accurately informing the jury, militate in favor of allowing Dr. Byrn's testimony relating to the matters discussed in his Supplemental Report. The same considerations favor exclusion of opinions first set forth in Dr. Atwood's Supplemental Report. Certainly, though, it would be manifestly unreasonable to exclude testimony relating to Dr. Byrn's Supplemental Report if Dr. Atwood's months-late, technically-unqualified submissions are admitted.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2008, the attached **REDACTED PUBLIC VERSION OF PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 4 TO EXCLUDE SUPPLEMENTAL EXPERT REPORT OF STEPHEN BYRN** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Michael A. Jacobs, Esquire<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | VIA ELECTRONIC MAIL |
| Emily A. Evans, Esquire<br>Morrison & Foerster, LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018 | VIA ELECTRONIC MAIL |
| Anders T. Aannestad, Esquire<br>Morrison & Foerster, LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130 | VIA ELECTRONIC MAIL |

*/s/ John G. Day*

John G. Day

173077.1