## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § | |
| Plaintiff, Counterdefendant | § § | **REDACTED PUBLIC VERSION** |
| vs. | § § § | |
| ABRAXIS BIOSCIENCE, INC., | § § § § | C.A. No. 06-438-GMS |
| Defendant, Counterplaintiff. | § § | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S
OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 5
TO PRECLUDE ELAN FROM INTRODUCING INTO EVIDENCE AT TRIAL
ANY EXHIBIT OR OTHER EVIDENCE, ARGUMENTS OR CONTENTIONS,
THAT ELAN DID NOT PROVIDE TO ABRAXIS AS OF THE DATE OF ITS MOTION**

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

Dated: April 3, 2008

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited

{ny02/618320}

## I.  Introduction

Plaintiff Elan Pharma International Limited ("Elan") hereby respectfully submits its opposition to Abraxis Bioscience, Inc.'s ("Abraxis's") Motion In Limine No. 5, which seeks to preclude Elan from introducing into evidence at trial any exhibit or other evidence, arguments, or contentions, that Elan did not provide to Abraxis as of March 27, 2008, the date the parties exchanged their respective motions in limine.

Abraxis's motion should be denied for two reasons:  (1) Elan has fully complied with its pretrial disclosure requirements in a timely manner, whereas Abraxis has not; and (2) the purported prejudice of which Abraxis complains is entirely of its own making, because Abraxis has flatly refused to follow the letter and spirit of local rules, the guidance offered in this Court's form Final Pretrial Order, and the orderly and customary practices that parties routinely follow in this District when preparing a proposed final pretrial order for the Court.

## II.  Background

Local Rule 16.3(c) provides that "[p]rior to the pretrial conference, counsel for all parties shall meet and confer in order to premark and exchange all trial exhibits and otherwise discuss the contents of the pretrial order."  During the last week in February, counsel met and conferred to discuss the schedule on which the parties would do so.

During those discussions, counsel for Elan proposed that thirty (30) days before the joint pretrial order was due, the party with the burden of proof on each issue to be tried exchange their draft sections of the pretrial order relating to their cases-in-chief.  Counsel for Abraxis flatly refused, arguing that:  (1) the term "plaintiff" as used in the local rules and this Court's Scheduling Order (D.I. 20) was limited solely to Elan; and (2) even though Abraxis was in fact the plaintiff on counterclaims asserting invalidity and inequitable conduct, it was required only to provide a stipulation of uncontested facts regarding those claims, because that was the only draft

section of the pretrial order explicitly required of a counterclaim plaintiff in footnote 2 of this Court's form "Final Pretrial Order." Although counsel for Elan protested that Abraxis's strained interpretation of the local rules and the Scheduling Order was inconsistent with the customary practice in this District, and that such a schedule would impede the progress of preparing the pretrial order because Elan would not receive any draft sections of the pretrial order regarding the witnesses and evidence Abraxis intended to rely upon to prove its case-in-chief on invalidity and inequitable conduct until two weeks before the pretrial order was due, Abraxis remained steadfast in its refusal.

Consistent with the Scheduling Order, on March 7, 2008, Elan provided Abraxis with its draft pretrial order, including (as required by Local Rule 16.3(d)(1)) its "proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating too the plaintiff's case." *See* Exhibit 1 to the accompanying Declaration Of Jeffrey D. Sullivan ("Sullivan Decl."). Two weeks later, on March 21, 2008, Abraxis served Elan with draft sections relating to its counterclaims alleging invalidity and inequitable conduct, and its response to Elan's infringement case. *See* Sullivan Decl. Exhibit 2. It was (and always has been) Elan's intention to respond to the draft sections relating to Abraxis's counterclaims asserting invalidity and inequitable conduct in a timely manner upon receipt of Abraxis's proposed pretrial submission.

Accordingly, on March 28, 2008 — only one week after first receiving Abraxis's draft sections of the pretrial order relating to its counterclaims — Elan served Abraxis with a revised exhibit list, including the exhibits it intends to use in response to Abraxis's counterclaims of invalidity of unenforceability. *See* Sullivan Decl. Exhibit 3. Further, on April 1, 2008, Elan served Abraxis with revised designations of deposition testimony to include those it intends to

use in response to Abraxis's counterclaims.  *See* Sullivan Decl. Exhibit 4.  Thereafter, the parties exchanged motions *in limine* on March 27, 2008.

## III.  Argument

### A.    Elan Fully Complied With Its Pretrial Disclosure Requirements

Abraxis's Motion asks the Court to "bar Elan from introducing into evidence at trial any exhibits or other evidence not included in the pretrial submissions it provided to Abraxis as of the date of this motion [March 27, 2008]."  Abraxis Motions In Limine at 21.  Neither the letter nor spirit of Local Rule 16.3, nor the Scheduling Order in this case, provide a basis for such relief.

The purpose of Local Rule 16.3 and paragraph 12 of the Scheduling Order is to provide for an orderly process by which the parties can prepare a proposed joint pretrial order to submit to the Court.  Both contemplate that 30 days before the final pretrial order is due, the "plaintiff" provides drafts of the sections to be jointly submitted and the "sections relating to the plaintiff's case.  *See* Local Rule 16.3(d)(1).  Both contemplate that two weeks later, the "other parties" respond to the plaintiff's proposed submissions and provide drafts of the sections relating to that party's case.  *See* Local Rule 16.3(d)(2).  Neither impose a "drop dead" date by which each and every proposed exhibit must be exchanged, much less the arbitrary date (by the exchange of motions *in limine*) proposed by Abraxis.  Indeed, Local Rule 16.3(d)(2) explicitly contemplates that exhibits *may not* have been exchanged 15 days before the pretrial order is due:  "If the parties have not yet exchanged trial exhibits . . . ."

Instead, the local rules and the Scheduling Order contemplate that the parties shall "meet and confer in good faith such that the plaintiff may file the pretrial order in conformity with this Rule."  *See* Local Rule 16.3(d)(3).

Here, Elan has provided to Abraxis all of the information it believes should be included in the joint pretrial order in this matter, including all of the evidence it currently intends to rely upon to prove its infringement case and to defend against Abraxis's counterclaims of invalidity and inequitable conduct, in full compliance with the letter and spirit of Local Rules 16.3 and the Scheduling Order. Further, Abraxis has been apprised of Elan's theories in support of its defenses that the '363 and '025 Patents are not invalid and/or unenforceable under any one of Abraxis's arguments, for quite some time.

Thus, contrary to Abraxis's protestations, there is and has been no prejudice to Abraxis, and the only reason that Abraxis did not receive Elan's draft sections and evidence before motions *in limine* were served was because Abraxis chose not to provide the draft sections of the pretrial order relating to its counterclaims alleging invalidity and inequitable conduct until *six days* before motions *in limine* were due. If Abraxis were concerned about the timing by which it was scheduled to receive Elan's responses to its affirmative case on invalidity and inequitable conduct, it could and should have provided draft sections of the pretrial order related to its affirmative case before March 21, 2008. It also could and should have met and conferred with Elan before moving to preclude Elan from introducing evidence in response to its counterclaims.

## B.    The Case Law Cited By Abraxis Is Inapposite

Abraxis also cites several cases for the proposition that the local rules clearly required Elan to provide Abraxis with *all* evidence and deposition designations it may rely on at trial, including in support of its rebuttal case by March 7, 2008 — the parties' agreed upon date for Elan's provision of portions of the draft pretrial order to Abraxis. However, each of the cases relied upon by Abraxis in support of its motion was decided based upon parties' attempts to alter their theories *after* the pretrial order was finalized and they are easily distinguishable from the

case at bar. In *Becton Dickinson & Co. v. Tyco Healthcare Group LP*, No. 02-1694-GMS, 2006 U.S. Dist. LEXIS 14999 (D. Del. March 31, 2006), the defendant sought a new trial because the plaintiff introduced an entirely new infringement theory at trial. *Id.*, at *31-40. Similarly, in the post-trial stage of *Dean v. Brandywine*, No. 99-679-KAJ, 2003 U.S. Dist. LEXIS 2299 (D. Del. Feb. 10, 2003), defendants moved for judgment as a matter of law, asserting the statute of limitations, an entirely new defense. *Id.*, at *2-4. The issue of waiver arose again in *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, No. 01-150-JJF, 2004 U.S. Dist. LEXIS 6559 (D. Del. Apr. 7, 2004), wherein the court determined that plaintiff waived the right to an accounting by failing to request it in the pretrial order. Finally, in *Phillips Elecs. N. Am. Corp. v. Contec Corp.*, No. 02-123-KAJ, 2005 U.S. Dist. LEXIS 3718 (D. Del. March 8, 2005), the court found that the defendant had waived the right to assert a defense relating to a limitation on plaintiff's damages because that theory was not addressed in the pretrial order. *Id.*, at *12-18.

None of the cited cases address the situation presented here, wherein a counterclaim defendant provided the counterclaim plaintiff with its responsive drafts and exhibits promptly after receiving the counterclaim plaintiff's affirmative drafts and exhibits regarding its case-in-chief. And, unlike in any of the cited cases, Elan provided Abraxis with its responsive disclosures *prior to the parties' submission of the proposed pretrial order* to this Court. Thus, Abraxis's motion wholly lacks merit.

## IV.  Conclusion

For the reasons discussed herein, Elan respectfully requests that the Court deny Abraxis's Motion in Limine No. 5 to preclude Elan from introducing into evidence at trial any exhibit or other evidence that was not provided to Abraxis as of March 27, 2008.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

ny02/618320

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2008, the attached **REDACTED PUBLIC VERSION OF PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S OPPOSITION TO ABRAXIS'S MOTION IN LIMINE NO. 5 TO PRECLUDE ELAN FROM INTRODUCING INTO EVIDENCE AT TRIAL ANY EXHIBIT OR OTHER EVIDENCE, ARGUMENTS OR CONTENTIONS, THAT ELAN DID NOT PROVIDE TO ABRAXIS AS OF THE DATE OF ITS MOTION** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Michael A. Jacobs, Esquire<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | VIA ELECTRONIC MAIL |
| Emily A. Evans, Esquire<br>Morrison & Foerster, LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018 | VIA ELECTRONIC MAIL |
| Anders T. Aannestad, Esquire<br>Morrison & Foerster, LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130 | VIA ELECTRONIC MAIL |

*/s/ John G. Day*
_____
John G. Day

173077.1