IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) **REDACTED –** |
| Defendant. | ) **PUBLIC VERSION** ) ) |

## ABRAXIS'S RESPONSE TO ELAN'S MOTION IN LIMINE NO. 4

OF COUNSEL:

Michael A. Jacobs
mjacobs@mofo.com
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Emily A. Evans
eevans@mofo.com
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

Dated: April 4, 2008

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (#1088)
*jingersoll@ycst.com*
Elena C. Norman (#4780)
*enorman@ycst.com*
Karen E. Keller (#4489)
*kkeller@ycst.com*
Michele Sherretta Budicak (#4651)
*mbudicak@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

## INTRODUCTION

Elan's motion seeks to preclude Abraxis from introducing evidence at trial concerning two specific experiments regarding the crosslinking of albumin on Abraxane particles. As we show below, Elan's motion has no factual or legal support.

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ All these experiments were conducted with scientific rigor, and were recorded in the utmost detail. Notably, Elan's experts rely *exclusively* on Abraxis's data, as Elan did not disclose a single crosslinking test of its own. Contrary to Elan's assertion, Abraxis's expert reviewed the underlying data of the two experiments Elan seeks to exclude, thoroughly analyzed both the methodology and results of the experiments, and discussed them with Abraxis's Chief Research and Development Officer before rendering his opinions.

Elan's motion also has no legal support. There is simply no requirement that a company publish its experimental data or submit it to the Food & Drug Administration. Rather, the only requirement for reliability is that the data be of the type that an expert would reasonably rely on — a standard that Abraxis's experiments meet.

## ABRAXIS'S SCIENTIFICALLY RELIABLE CROSSLINKING STUDIES



▌▌▌▌▌ Cherry picking, Elan's motion addresses only two experiments: ▌▌▌▌▌

---

[•]All references to "Kruze Decl." or "Kruze Ex." is to the Declaration of Diana Kruze in Support of Abraxis's Response to Elan's Motion in Limine No. 4.

███

Elan's statement that Abraxis "alleges for the first time" "for purposes of this litigation" that disulfide bonds exist between the HSA molecules is wrong. (Mot. at 1.) ███ And the pre-suit patents covering Abraxane make clear that the HSA is substantially crosslinked. (*See, e.g., id.,* Ex. 9 at 10:40-55 ("crosslinking disulfide bonds"); Ex. 10 at 4:21-30 ("substantially crosslinked by way of disulfide bonds").)

## ARGUMENT

I.  ███

███

Contrary to Elan's assertion (Mot. at 3), Dr. Amiji reviewed the experimental data underlying the ███ (including the laboratory notebooks), and lists these documents as considered in forming his opinions. (Kruze Decl. Ex. 8 at 5, Ex. 1.)[3] Elan is also

---

[2] In its introduction, ███ As for Abraxis's statement to the FDA that the HSA in Abraxane was "unmodified," Dr. Desai explained that his statements referred only to the interaction between the drug and the HSA- not the interaction between the HSA molecules. (*Id.* Ex. 3 at 47:17-48:7.)

[3] ███

incorrect that Dr. Amiji "fail[ed] to consider the actual results obtained." (Mot. at 3.) Dr. Amiji's report explicitly and extensively discusses those results in paragraphs that Elan simply ignores in its Motion. (Kruze Decl. Ex. 7 ¶¶ 152-168.)

That Dr. Amiji did not conduct, design or supervise these crosslinking experiments is of no moment. (Mot. at 2.) Dr. Amiji reviewed the laboratory notebooks underlying these experiments and discussed them with Dr. Neil Desai before finalizing his expert report. (*See* Kruze Decl. ¶ 14.)

████████████████████████████████████████

████████████ Elan's argument asks the Court to reconsider its claim construction. The Court has already rejected Elan's attempts to add a "covalent" limitation to the crosslinking element. (*Compare* D.I. 212 at 2 ("non-crosslinked means that the surface modifier molecules do not have covalent bonds" *with* D.I. 271, Markman Order, at 2 & n.5 (rejecting Elan's proposed construction).) Elan's argument exposes its reliance on changing the Court's construction, and it should be explicitly rejected on that ground.

Because these experiments are scientifically reliable and Dr. Amiji analyzed them fully in rendering his opinion, the Court should not exclude the ████████████

---

████████████████████████████████████████

[4] There are several types of crosslinking, including physical and chemical interactions. (Kruze Decl. Ex. 7 ¶ 108.) As Dr. Amiji explained in his Rebuttal Report, the '363 patent applicants made clear that they intended crosslinking to refer to both covalent and non-covalent crosslinking. (*Id.* ¶¶ 107-108.)

[5] Elan concedes that these experiments were conducted in the ordinary course of business long before this suit was filed but states incorrectly that the report was not written until after this suit began. (Mot. at 3.)

**II.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Elan argues that the ▮▮▮▮ experiment is unreliable. (Mot. at 4-5.) Elan is incorrect. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Although Elan asserts that Dr. Amiji never "discussed these experiments with anyone" before adopting the results, Dr. Amiji discussed ▮▮▮ experiments with Dr. Desai ▮▮▮▮▮ in October 2007, while Dr. Amiji "was drafting the rebuttal report."[6] (*Id.* Ex. 14 at 225:8-226:11; *id.* at ¶ 14.)

Contrary to Elan's reliance on the deposition testimony of its expert, Dr. Mark Manning (Mot. at 4-5), the ▮▮▮▮ results are scientifically reliable. First, Manning did not discuss the ▮▮ experiment in his expert report, even though this notebook appeared on the list of documents he considered. (Kruze Decl. Ex. 5 at 2, No. 30.) The notebook was produced in July 2007, and was cited prominently (as the *first* document) in support of Abraxis's non-infringement interrogatory response on crosslinking. (*Id.*, Ex. 1 (Ex. C Claim Chart) at 4-6.) It was clear months before expert reports were due that Abraxis was relying on the ▮▮ Notebook. If Manning had an opinion about this experiment, he was obligated to disclose that in his report. Elan should not be permitted now to sandbag Abraxis with this previously hidden opinion.[7]

Second, Dr. Manning's testimony does not square with the Notebook. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[6] As the deposition testimony makes clear, the November date that Elan incorrectly claims was when Dr. Desai and Dr. Amiji met in person, in conjunction with a seminar, and unrelated to this lawsuit. (Kruze Decl. Ex. 14 at 225:8-226:11.)

[7] Indeed, the Court should preclude Dr. Manning from testifying about the ▮▮ Notebook at trial because he listed it but did not discuss it in his report. (*Id.* Ex. 16 at 8-10 (precluding patentee from relying on expert opinion not contained in report and belatedly discussed at deposition).)



### III. NEITHER PUBLICATION NOR SUBMISSION TO THE FDA IS REQUIRED FOR RELIABILITY

Elan's argument that Abraxis's data is somehow unreliable because Abraxis did not publish or submit the results to the FDA (Mot. at 5) is without merit. Elan has pointed to no legal relevance or implication of non-submission or non-publication. Regardless, ▓▓▓ ▓▓▓ ▓▓▓ That Abraxis did not submit these specific experiments to the FDA does not disqualify them: "It's just one of the many experiments that are run on Abraxane. You're not — you don't report every experiment to the FDA unless there's some major safety concern or things like that. And this was just one of many [crosslinking] experiments." (*Id.* Ex. 3 at 304:13-17.)

### CONCLUSION

Abraxis respectfully requests that the Court deny Elan's Motion in Limine No. 4 because Abraxis's crosslinking data is scientifically reliable.

Dated: April 4, 2008

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (#1088) [*jingersoll@ycst.com*]
Elena C. Norman (#4780) [*enorman@ycst.com*]
Karen E. Keller (#4489) [*kkeller@ycst.com*]
Michele Sherretta Budicak (#4651) [*mbudicak@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

OF COUNSEL:

MORRISON & FOERSTER, LLP

Michael A. Jacobs [*MJacobs@mofo.com*]
 425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000

Emily A. Evans [*Eevans@mofo.com*]
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 15, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on April 15, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Linda Glover, Esquire
>Stephen Scheve, Esquire
>BAKER BOTTS L.L.P.
>One Shell Plaza
>910 Louisiana Street
>Houston, TX 77002-4995
>steve.scheve@bakerbotts.com

>Paul F. Fehlner, Esquire
>BAKER BOTTS L.L.P.
>30 Rockefeller Plaza
>New York, NY 10112-4498
>paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

                YOUNG CONAWAY STARGATT
                &amp; TAYLOR, LLP

                /s/ *Karen E. Keller*
                Josy W. Ingersoll (No. 1088)
                jingersoll@ycst.com
                Elena C. Norman (No. 4780)
                enorman@ycst.com
                Karen E. Keller (No. 4489)
                kkeller@ycst.com
                Michele Sherretta Budicak (No. 4651)
                mbudicak@ycst.com
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware 19899
                (302) 571-6600

                Attorneys for Defendant
                ABRAXIS BIOSCIENCE, INC.