IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>           Plaintiff,<br><br>    v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>           Defendant. | Civil Action No. 06-438-GMS<br><br>**REDACTED –<br>PUBLIC VERSION** |

## ABRAXIS'S OPPOSITION TO ELAN'S MOTION IN LIMINE NO. 5 REGARDING REVERSE DOCTRINE OF EQUIVALENTS

OF COUNSEL:

Michael A. Jacobs
mjacobs@mofo.com
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Emily A. Evans
eevans@mofo.com
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

Dated: April 4, 2008

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (#1088)
jingersoll@ycst.com
Elena C. Norman (#4780)
enorman@ycst.com
Karen E. Keller (#4489)
kkeller@ycst.com
Michele Sherretta Budicak (#4651)
mbudicak@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

INTRODUCTION

Elan's motion to preclude Abraxis's reliance at trial on the reverse doctrine of equivalents ("RDOE") is without merit for three reasons. First, it is an improper motion for summary judgment in the guise of a motion in limine. Second, Elan's argument that Abraxis did not disclose the basis for its reliance on RDOE is factually inaccurate. Finally, Elan's suggestion that RDOE is not well grounded in law is incorrect.

ARGUMENT

I. ELAN'S REQUEST IS A MOTION FOR SUMMARY JUDGMENT DISGUISED AS A MOTION IN LIMINE IN VIOLATION OF THIS COURT'S ORDERS.

Elan's motion to exclude reference to RDOE is actually a motion for summary judgment disguised as a motion in limine. Elan argues, based on Abraxis's interrogatory responses, that there is no "substantial evidence" supporting application of RDOE, and that the RDOE doctrine has "disputed legal application." Elan Motion in Limine No. 5 ("MIL 5") at 1. On this basis, Elan effectively seeks to strike an entire defense[1]. As is typical in a motion for summary judgment, Elan references expert reports and interrogatory responses in an effort to establish that Abraxis, the nonmoving party, "has presented *no evidence or inferences* that would allow a reasonable mind to rule in its favor." *Donald M. Durkin Contracting, Inc. v City of Newark*, C.A. No. 04-163-GMS, 2006 U.S. Dist. LEXIS 68221, at *12 (D. Del. Sept. 22, 2006) (emphasis added).

---

[1] At trial, once Abraxis makes a *prima facie* showing that RDOE is applicable, Elan has the burden of proving infringement, including the burden of proving that RDOE does not apply. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1123-24 (Fed. Cir. 1985) ("When a patentee establishes literal infringement, the accused infringer may undertake the burden of going forward to establish the fact of non-infringement under the reverse doctrine of equivalents. If the accused infringer makes a prima facie case, the patentee, who retains the burden of persuasion on infringement, must rebut that prima facie case.").

1

Elan's motion also violates the Court's oral instruction not to "file any stealth motions for summary judgment." (Ex. 1 at 21:15-19 (11/06/2006 Hearing Tr.).) Elan's so-called "motion in limine" is a transparent attempt to circumvent the court's orders regarding summary judgment motions, and should be denied.

## II. ABRAXIS HAS PRESENTED SUFFICIENT NOTICE OF THE GROUNDS FOR ITS REVERSE DOCTRINE OF EQUIVALENTS DEFENSE

Elan's argument that Abraxis should be precluded from asserting an RDOE defense because it failed to cite any supporting evidence in its interrogatory answers is based on miscitation of Abraxis's interrogatory responses. Elan cites Abraxis's response to interrogatory no. 4, which relates to the *validity* of the '363 patent, not infringement. (MIL No. 5 at 1.) Although Elan did not specifically request information regarding application of RDOE, Abraxis's response to interrogatory no. 3, which relates to infringement generally, provides notice of Abraxis's reverse doctrine of equivalents defense. (*See* Ex. 2 at 15-16 (Second Amended Resp. to 1st and 2nd Rogs).)

Equally unavailing is Elan's argument that "Abraxis has not presented or identified in its expert reports or interrogatory responses any effective contradiction" of the fact that "BSA and HSA are chemically similar and that HSA could serve as a surface modifier allowing effective stabilization and delivery of drug nanoparticles." (MIL 5 at 4.) Contrary to Elan's assertion, Abraxis presented expert reports from Dr. Mansoor M. Amiji and Dr. Johnson T. Wong detailing why HSA is not equivalent to BSA. (Ex. 3 ¶¶ 208-23 (Amiji Rebuttal Report); Ex. 4 at 9-10, 13-14 (Wong Rebuttal Report).)

## III. THE REVERSE DOCTRINE OF EQUIVALENTS IS VALID AND APPLICABLE

Elan's final argument is that "the theoretical availability of [the reverse doctrine of equivalents] defense does not translate into many real world situations in which a defendant can

successfully assert it." (MIL 5 at 2.) Elan also contends that "it appears dubious at best whether the reverse doctrine of equivalents remains a viable separate defense." (*Id.* at 4.)

Contrary to Elan's contentions, Federal Circuit precedent demonstrates that RDOE has continued vitality and applicability. In *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, a case that post-dates the Federal Circuit authority cited by Elan,[2] the Federal Circuit considered a defendant's challenge to a finding of literal infringement under RDOE, holding that the "doctrine is equitably applied based upon underlying questions of fact." 314 F.3d 1313, 1351 (Fed. Cir. 2004). After comparing the asserted claims to the accused device, the Federal Circuit concluded that the case was not one "where equity commands a determination of non-infringement despite its product literally falling within the scope of the asserted claims." *Id.* Despite declining to apply RDOE, the Federal Circuit's careful analysis makes clear that the doctrine has continued applicability. *See id.* at 1351-52.

Post-*Amgen*, district courts have taken notice of the Federal Circuit's commitment to RDOE. In *Ciena Corp. v. Corvis Corp., Inc.*, 334 F. Supp. 2d 598, 603 (D. Del. 2004) (Farnan, J.), the District Court noted that RDOE has been recognized in patent law for over 100 years. The Court firmly rejected the plaintiff's contention that RDOE is no longer viable, noting that "the Federal Circuit has referred favorably to the doctrine suggesting that it has not yet written it off." *Id.* at 603-604 (citations omitted); *see also Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d 985, 992 (N.D. Cal. 2007) (recognizing the doctrine's continued "viability controlling under Federal Circuit precedent"); *DePuy Mitek, Inc. v. Arthrex, Inc.*, No. 04-12457-PBS, 2007 U.S. Dist. LEXIS 56790, at *10 (D. Mass. July 31, 2007) (citing *Amgen*, 314 F.3d at 1351)

---

[2] Elan cites as controlling authority *Graver Tank & Mfg Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950); *Tex. Inst., Inc. v. U.S. Int'l Trade Comm'n*, 846 F.2d 1369 (Fed. Cir. 1988); *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357 (Fed. Cir. 2002).

(observing the Federal Circuit has "recently instructed that the reverse doctrine of equivalents 'is equitably applied based upon underlying questions of fact'").

RDOE applies to the issue of whether Abraxane infringes the '363 patent. As evidenced by the patent's claims, its specification, its file history, and the prior art, the principle of the claimed invention of the '363 patent is nanoparticles containing a crystalline medicament and a non-crosslinked surface modifier created through grinding or "milling" ███████████ ███████ (Ex. 5 at 7:8-22 ('363 patent).) Abraxane particles, conversely, contain amorphous paclitaxel and human albumin with crosslinkages, ██████████████████████ not milling. (Ex. 2 at 16; Ex. 3 ¶¶ 31-32 (Amiji Rebuttal Report).) Abraxane performs its functions in a substantially different way from a pharmaceutical composition containing crystalline drugs and non-crosslinked surface modifiers. (*Id.*; Ex. 3 ¶¶ 54-59 (Amiji Rebuttal Report).) For example, in pharmaceutical formulations, amorphous medicaments behave differently from crystalline medicaments in terms of dissolution and bioavailability, among other things. (*Id.*) This rapid dissolution works in concert with the human albumin in Abraxane in a uniquely effective way to rapidly deliver paclitaxel, the active agent in Abraxane, to the site of the tumor. (*Id.*, Ex. 3 ¶¶ 54-59 (Amiji Rebuttal Report); Ex. 6 at 218:9-219:4 (Soon-Shiong Dep.).) In contrast, the surface modifiers disclosed in the '363 patent serve as stabilizers for the crystalline drug, which is designed to permit the nanoparticles to circulate for prolonged periods of time in the blood. (Ex. 5 at 2:8-11 ('363 patent).)

Abraxis therefore does not infringe the '363 patent under the reverse doctrine of equivalents, and it would be error to preclude this argument at this stage of the proceedings.

## CONCLUSION

For the foregoing reasons, the Court should deny Elan's motion to exclude arguments or evidence based upon the reverse doctrine of equivalents.

| | |
|---|---|
| Dated: April 4, 2008 | YOUNG CONAWAY STARGATT<br>& TAYLOR, LLP<br><br>/s/ *Karen E. Keller*<br>Josy W. Ingersoll (#1088)<br>*jingersoll@ycst.com*<br>Elena C. Norman (#4780)<br>*enorman@ycst.com*<br>Karen E. Keller (#4489)<br>*kkeller@ycst.com*<br>Michele Sherretta Budicak (#4651)<br>*mbudicak@ycst.com*<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600<br><br>Attorneys for Defendant<br>ABRAXIS BIOSCIENCE, INC. |

OF COUNSEL:

MORRISON & FOERSTER, LLP

Michael A. Jacobs
 425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
*MJacobs@mofo.com*

Emily A. Evans
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600
*EEvans@mofo.com*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 15, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on April 15, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX 77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY 10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA 19067
sipz25@aol.cm

          YOUNG CONAWAY STARGATT
            & TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
Michele Sherretta Budicak (No. 4651)
mbudicak@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.