IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LTD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   C.A. No. 06-438 GMS<br>) |
| ABRAXIS BIOSCIENCE, INC, | )<br>) |
| Defendant. | )<br>) |

## **ORDER**

WHEREAS, on May 15, 2008, the court held a pretrial conference with the parties in the above-captioned action;

WHEREAS, the plaintiff had previously filed a motion in limine (D.I. 490) to preclude the defendant from asserting arguments contradictory to the court's claim construction Order (D.I. 271), which the court denied during the pretrial conference;

WHEREAS, after further reflecting on the parties' arguments regarding the court's claim construction Order, the court concludes that a clarification of the Order is necessary;

WHEREAS, the court construed the claim "particles consisting essentially of" to include "particles, composed of crystalline medicament and surface modifier" and "other ingredients that do not affect their [the particles] basic and novel properties . . .";

WHEREAS, the court construed the term "crystalline medicament useful in treating cancer" to mean, in part, that the crystalline medicament "has a regular arrangement of atoms or molecules in a space lattice, as distinguished from amorphous";

WHEREAS, the court further elaborated on its ruling in footnote 4 of the claim construction Order, rejecting the plaintiff's position that only of the "portion" of the crystalline medicament has to have a "regular arrangement of atoms or molecules in a space lattice, as distinguished from amorphous" and accepting the defendant's position that the entire crystalline medicament has to have a "regular arrangement of atoms or molecules in a space lattice, as distinguished from amorphous"; and

WHEREAS, the court concludes that its claim construction ruling with respect to the term "crystalline medicament," which requires a medicament that is not amorphous, forecloses the argument that a largely amorphous product can infringe the '363 patent or, more specifically, the term "particles consisting essentially of" as construed by the court;[1]

IT IS HEREBY ORDERED that:

1. The court's claim construction Order (D.I. 271) is clarified so as to express the court's intent that its construction of the term "crystalline medicament" requires that the entire medicament "has a regular arrangement of atoms or molecules in space lattice, as distinguished from amorphous."

Dated: May 19, 2008
/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] In other words, because the particles composed of crystalline medicament claimed in the '363 patent cannot be amorphous under the court's claim construction Order, the term "particles consisting essentially of" cannot encompass amorphous, as opposed to crystalline, particles.