# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 20, 2008

The Honorable Gregory M. Sleet           *VIA ELECTRONIC FILING*
Chief Judge
United States District Court
844 King Street
Wilmington, Delaware 19801

   Re:   *Elan Pharma International, Ltd. v. Abraxis Bioscience, Inc.*
         C.A. No. 06-438-GMS

Dear Chief Judge Sleet:

   On Friday May 16, 2008, defendant Abraxis Bioscience, Inc. ("Abraxis") submitted to the Court two versions of its "Proposed Order Regarding Abraxis' Motions *In Limine* Nos. 1 And 4 (D.I. 567), which respectively included alternative introductory language but which both called for the same relief. Because Abraxis did not provide drafts of either version of its proposed form of Order (or otherwise consult with counsel for plaintiff Elan Pharma International, Ltd. ("Elan")) before filing them with the Court, Elan has not had an opportunity to comment on them. Elan respectfully requests that the Court permit this letter to serve as Elan's response to those draft Orders.

   Your Honor may recall that during the pretrial conference, after the Court asked counsel for Abraxis to submit a proposed form of Order memorializing the Court's rulings on Abraxis motions *in limine* no. 1 and 4, counsel for Elan asked for a clarification of "what was being proposed." *See* Pretrial Conference Tr. at 92:7-8. Counsel for Abraxis responded as follows: "Excluding Byrn, late, et cetera. Allowing Brittain to testify on x-ray powder diffraction. Full opportunity to cross-examine him on x-ray powder diffraction ["XRPD"]. No prohibition on asking him about undisclosed tests." *See id.* at 92:9-13. When counsel for Abraxis then attempted to argue that the jury should be instructed to draw an adverse inference from Elan's assertion of the work product privilege as to the testing performed by Dr. Brittain, the Court responded: "No, I didn't mean to embrace that yet. We can talk about that later." *Id.*, at 90:2–5.

   Both versions of the proposed form of Order submitted by Abraxis greatly diverge from Abraxis's Motion In Limine No. 1 (D.I. 465) and go far beyond the relief requested by Abraxis or adopted by the Court at the pretrial conference. The proposed Orders, for example, not only would exclude Dr. Byrn's criticism of Abraxis's XRPD testing, they would further require Elan to produce Dr. Brittain for examination by Abraxis about *any* testing he performed on Abraxane. It also would preclude Elan from introducing testimony from Dr. Cory Berkland, who submitted

The Honorable Gregory M. Sleet
May 20, 2008
Page 2

a timely expert report criticizing in detail Abraxis's XRPD testing.[1]  *See* Abraxis's proposed forms of Order at ¶ 1 ("Dr. Brittain is the only Elan expert who may offer expert opinion critiquing Abraxis's XRPD testing.")  Abraxis's proposed Order is the classic example of a party being given an inch, but trying to take a mile.  This unfair attempt by Abraxis to dictate which properly and timely designated expert Elan may rely upon to critique Abraxis's inadequate and inconclusive XRPD testing was not the relief requested by Abraxis in its motions *in limine,* it was not the proposal described at the pretrial conference, nor the proposal to which the Court acceded.  Abraxis's motion *in limine* sought to exclude the testimony of Dr. Brittain.  Now, Abraxis has tendered a proposed Order requiring Elan to call Dr. Brittain to testify.  The proposed Orders cannot be a correct memorialization of what the Court intended to grant in response to Abraxis's *in limine* applications.

Abraxis has done a masterful job of seeking to arouse the Court's ire with a cascade of inflammatory but inaccurate accusations suggesting a campaign by Elan to wrongfully withhold discoverable materials, and then quickly moving the discussion on to the topic of which harsh sanctions should be imposed on Elan without ever circling back to allow a closer examination of whether there ever was any merit to the underlying predicate upon which the requested sanction would have to be based – *i.e.,* the existence of some actual wrongful withholding of discoverable materials.

Elan timely objected to producing Dr. Brittain's consultative work based on the grounds of privilege and a good faith belief that the holding in *United States v. 215.7 Acres of Land, More or Less, situated in Kent County, State of Delaware,* 719 F. Supp. 273 (D. Del. 1989), applied and justified scheduling as privileged certain documents of Dr. Brittain generated in the course of a project different from the one on which he might have testified at trial.  Elan did not hide the existence of these documents from Abraxis.  Rather, the documents generated by Dr. Brittain in his consultation with William Sipio, Esq. prior to the filing of this lawsuit were placed on a written privilege log.  Documents generated by Dr. Britain in his consultation with Mr. Sipio after the lawsuit was filed were also placed on the privilege log.  That privilege log was served on counsel for Abraxis on November 15, 2007, prior to Dr. Brittain's deposition.

Abraxis served Dr. Brittain with its subpoena *duces tecum* from the Southern District of New York.  Having chosen to serve the subpoena out of the Southern District of New York, Abraxis had a ready forum in which to seek to compel production of the claimed privileged documents, i.e. the Southern District of New York.  Abraxis did not follow Rule 45, and never sought such compulsion from either that Court or from Your Honor.  Its failure to do so suggests that it is far more interested in preventing Elan from criticizing its XRPD testing than in the content of Dr. Brittain's consultative documents.  Even assuming *arguendo* that there were

---

[1] In its Reply in Support of Abraxis' Motion Requesting Exclusion of Elan Testimony and Argument Re: XRPD Testing, Abraxis's incorrectly asserted that Dr. Berkland's expert report does not address improper techniques used by Abraxis in conducting its XRPD tests (D.I. 247, at 3, n. 1).  In fact, Dr. Berkland opined on such subject matter explicitly at paragraphs 46-50 of his expert report.  In addition, Abraxis examined Dr. Berkland about the opinions set forth in his expert report at his deposition.

The Honorable Gregory M. Sleet
May 20, 2008
Page 3

anything improper in Elan's withholding of privileged Brittain non-XRPD consultative documents (which Elan strongly disputes), exclusion of *any* Elan proof, from *any* other independent source, on an entire and separate subject matter category, XRPD, could never be a legally appropriate, logical, or properly tailored remedy for any alleged harm to Abraxis, and instead could serve only an overly-punitive purpose.

Abraxis's proposed forms of Order invite the Court to inject error into this case. Abraxis's proposed Order purporting to grant its motions *in limine* seeks remedies that are in the nature of sanctions for a purported abuse of discovery, which are governed by Federal Rule of Civil Procedure 37(b).[2] The plain language of Rule 37 limits its applicability to situations in which an extant court order has been violated. *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994); *Daval Steel Prods. v. M/V Fakredine*. 951 F.2d 1357, 1364 (2d Cir. 1991) ("[T]he sanctions provisions of [Rule 37(b)] 'are not applicable until there has been an order by the court compelling production.'") (quoting *Fisher v. Marubani Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975)). Here, there has been to date no order of any Court to produce Brittain documents claimed to be privileged and identified on a privilege log, yet Abraxis seeks the Draconian relief that it, not Elan, be permitted to designate the witnesses whom Elan may call to testify at trial in its case-in-chief.

Stripping the proposed Orders to their essence, Abraxis evidently wants to prevent Dr. Berkland from expressing his properly-disclosed opinions by forcing Elan to call Dr. Brittain to testify instead. Once it forces Elan to call Dr. Brittain, Abraxis would seek to bootstrap itself into claiming a right to invade privilege. There is no justifiable reason or authority to deny Elan its choice at trial between two properly-disclosed witness candidates.

Similarly, at the pretrial conference, counsel for Abraxis argued that the jury should be told about Dr. Brittain's undisclosed testing and allowed to draw whatever inference they would like from that nondisclosure. *See* Tr. at 93:15-20 ("I want to be able to ask Dr. Brittain, Dr. Brittain, you did a lot of testing on Abraxane didn't you? It's on this privilege log, isn't it? You have not disclosed this testing in this trial, have you? Ladies and gentlemen, draw the inference you would like from this nondisclosure".).

However, Paragraph 3 of both versions of Abraxis's proposed form of Order goes much further and would have the Court *require* the jurors to draw a specific and conclusive adverse inference ("The Court will instruct the jury that it *shall* infer from Elan's non-production of Dr. Brittain's testing documents that those documents would have been unfavorable to Elan's case on infringement.") (emphasis supplied). Thus, rather than comply with the Court's request that it submit a proposed order that memorializes the Court's rulings at the pretrial conference, Abraxis instead treats that request as the offer of a blank check, and seeks not only the unfettered right to

---

[2] While Rule 37(d) permits sanctions absent a court order, it applies only in situations in which a party has failed to attend a deposition, serve answers to interrogatories, or serve a written response to requests for production, none of which are applicable here.

The Honorable Gregory M. Sleet
May 20, 2008
Page 4

examine Dr. Brittain on any testing he ever performed, but also to preclude the jurors from reaching their own conclusions. Abraxis instead now suggests that the Court, despite its indication that it had not yet embraced any such sanction, has ruled in favor of force-feeding the jury with an unwarranted instruction that they must draw a particular adverse inference against Elan no matter what the proofs at trial, and their sound judgment, suggest to them as to the significance, or lack of significance, of Dr. Brittain's withheld non-XRPD documents.

Elan identified two potential witnesses to criticize the XRPD testing done by Abraxis. Elan understood that it could only call one of those witnesses to testify on this subject to the jury at trial. Elan respectfully submits that an instruction for such an adverse inference is inappropriate and punitive, especially when — as here — Abraxis's expert, Dr. Atwood, relies solely on Abraxis's XRPD testing on Abraxane. As the Court was advised at the pretrial conference on May 15, Dr. Brittain performed no XRPD testing on Abraxane. Abraxis seeks to have it both ways: It wants Dr. Atwood to present to the jury the most favorable spin he can on XRPD results conducted by Abraxis, and then tell the jury it can draw a prejudicial inference as to Elan's critique of the Abraxane XRPD analysis from the fact that Dr. Brittain did some non-XRPD testing but had not produced it, even though it was fully disclosed to Abraxis on a privilege log as far back as November 15, 2007.

For all of the reasons set forth above, Elan respectfully requests that the Court: (1) strike the second sentence in paragraph 1 of Abraxis's proposed forms of Order; and (2) strike paragraph 3 of such proposed Orders in its entirety.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD/nml

c:   Elena A. Norman, Esquire (via electronic mail)
     Stephen Scheve, Esquire (via electronic mail)
     Michael A. Jacobs, Esquire (via electronic mail)
     Emily A. Evans, Esquire (via electronic mail)