IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LTD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-438 GMS |
| ABRAXIS BIOSCIENCE, INC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

At Wilmington this 21st day of May, 2008, having reviewed and duly considered the parties' arguments regarding whether the court has declaratory judgment jurisdiction over U.S. Patent No. 5,834,025 (the "'025 patent");

IT IS ORDERED that the court retains jurisdiction over the validity and enforceability declaratory judgment counterclaims regarding the '025 patent, even though the plaintiff, Elan Pharma International Ltd. ("Elan") has withdrawn its claims of patent infringement. The court finds that the plaintiff's withdrawal of its infringement contentions with respect to the '025 patent does not obviate the real and substantial legal dispute that exists between the parties.[1,2] *Medimmune, Inc.*

---

[1] Here, the plaintiff decided to withdraw its infringement contentions with respect to the '025 patent after the court issued its claim construction Order (D.I. 271) and Order (D.I. 445) denying clarification of the claim construction. Nothing, however, appears to prevent the plaintiff from appealing the court's claim construction Order and reinstating its infringement contentions with respect to the '025 patent should the Federal Circuit conclude that the court's claim construction was erroneous. See D.I. 447, at 1 ("Under the currently-entered (and still-disputed) claim construction, Elan sees significant logistical difficulties in presenting to a jury its theory of infringement of the '025 patent. Elan accordingly does not seek before appeal to prove infringement of the '025 patent, based on the court's claim construction . . ."); see id. at 1 n.1 ("Elan does not seek summary judgment per se of non-infringement on its '025 patent infringement claims. For purposes of expediting appeal, it does seek entry of final judgment (based only on the current claim construction, which Elan intends to appeal) . . ."). Accordingly,

*v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 771 (2007) ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

      /s/ Gregory M. Sleet
      CHIEF, UNITED STATES DISTRICT JUDGE

---

the controversy between the parties still exists, because Elan has not abandoned its position that the defendant's activities with respect to Abraxane® are illegal. *See SanDisk Corp v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) ("Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do.").

    [2] Although Elan has stated several times that it concluded it could not pursue its infringement case with respect to the '025 patent, as of December 17, 2007, it did not file a Rule 54(b) motion. At this point it in the litigation, the court is not willing to entertain such a motion.