IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 06-438-GMS |
| v. | ) ) |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) |
| Defendant. | ) |

### [PROPOSED] ORDER REGARDING ABRAXIS' MOTIONS IN LIMINE NOS. 1 AND 4

WHEREAS, on May 16, 2008, the Court held a Pretrial Conference in this matter and heard argument from the parties on Abraxis' Motions in Limine Numbers 1 and 4;

WHEREAS, in its Motion in Limine No. 1, Abraxis seeks relief for Elan's alleged violation of F.R.C.P. 26 in connection with Elan's expert witness, Dr. Harry Brittain;

WHEREAS, based on the parties' briefing and argument, the Court finds that Elan's failure to produce all documents that Dr. Brittain "considered" on subjects of his expert testimony, specifically the documents related to testing that are listed on Elan's privilege log for Dr. Brittain produced shortly before his deposition, is a violation of Rule 26. *See Dyson Tech. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007)(all documents "reviewed, reflected upon, read and/or used in formulating [the expert's] opinions" must be produced). In particular, Elan failed to meet its burden of demonstrating that the subject matter of the documents it withheld are different from the subject matter of Dr. Brittain's expert report. *See Schwab v. Philip Morris USA Inc.*, 2006 U.S. Dist. Lexis 11047, at *11 (party resisting expert disclosure "bears the burden of showing that an expert did not consider certain documents in forming his opinion; this

burden cannot generally be satisfied by the expert's representations alone"); *B.C.F. Oil Refining Inc. v. Consol. Ed. Co. of New York, Inc.*, 171 F.R.D. 57, 61 (S.D.N.Y. 1997) ("documents having no relation to the expert's role as an expert need not be produced but that any ambiguity of the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery");

WHEREAS, the Court further finds that, at the October 2 discovery hearing, in response to Abraxis's motion for an order that Elan log or produce all testing documents, Elan represented (1) that its privilege log for testing documents was complete at that time; (2) that it had maintained clear walls between consulting and testifying experts insofar as testing was concerned; and (3) that all testing documents from its testifying experts had been produced. The Court finds that these representations proved incorrect;

WHEREAS, based on Elan's non-production, the Court infers that the material withheld would have been unfavorable to Elan's case on infringement. Elan's nonproduction and related conduct has prejudiced Abraxis by depriving it of evidence that is likely to be relevant to Dr. Brittain's opinions as well as Elan's infringement allegations, as well as by impairing its ability to conduct expert discovery relating to the documents Elan withheld;

WHEREAS, the Court instructed Abraxis to submit a Proposed Order regarding the relief requested by Abraxis in Motions in Limine Numbers 1 and 4;

Now, THEREFORE, IT IS HEREBY ORDERED that:

1. Elan shall produce Dr. Brittain for trial (at Elan's option, in its case-in-chief or as an adverse witness in Abraxis's case-in-chief). Dr. Brittain is the only Elan expert who may offer expert opinion critiquing Abraxis's XRPD testing;

2. Abraxis may examine Dr. Brittain about his failure to produce testing documents on Elan's privilege log for Dr. Brittain;

3. The Court will instruct the jury that it shall infer from Elan's non-production of Dr. Brittain's testing documents that those documents would have been unfavorable to Elan's case on infringement;

4. The Court grants Abraxis's Motion in Limine No. 4, striking Dr. Byrn's untimely supplemental expert report critiquing Abraxis's XRPD testing.

SO ORDERED this 22nd day of May, 2008.

Honorable Gregory M. Sleet
United States District Court Judge

FILED
MAY 2 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE