IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LTD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-438 GMS |
| ABRAXIS BIOSCIENCE, INC, | ) ) | |
| Defendant. | ) ) ) | |

## **ORDER**

At Wilmington this 28th day of May, 2008, having reviewed and duly considered the defendant's Motion to Compel Production of Withheld and/or Unredacted Versions of Documents Created by or for Third Parties;

IT IS ORDERED that the Motion to Compel (D.I. 237) is DENIED. "[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985). A naked transfer of assets, however "is not sufficient to effect a transfer of the privileges; control of the entity possessing the privileges must also pass for the privileges to pass." *In re Grand Jury Subpoenas*, 734 F. Supp. 1207, 1211 n. 3 (E.D. Va. 1990); *see, e.g.*, *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 01 C 4366, 2003 U.S. Dist. LEXIS 13816, at *6 (E.D. Ill. Aug. 6, 2003). Here, the plaintiff acquired all of the assets and liabilities of Nanosystems LLC ("Nanosystems"). The plaintiff also continued (and continues) to carry on the business of Nanosystems and assumed its personnel, facilities, research operations, and commercial relationships. (See D.I. 286 Ex. A, at ELANP0035401, ELANP0035428; id Ex. B ¶¶ 1, 7-8.) Accordingly, the court concludes that the transfer of Nanosystems to the plaintiff was not a naked

transfer of assets so as to extinguish the privileges held by Nanosystems prior to the acquisition, and the plaintiff is entitled to assert whatever privileges Nanosystems held as to the third party documents at issue.

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE