IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>　　　　Defendant. | §§§§§§§§§§§ Case No. 06-438-GMS |

# EXHIBIT 5: PLAINTIFF ELAN'S WITNESS LIST, DEFENDANT ABRAXIS'S RESPONSE AND PLAINTIFF ELAN'S REPLY

**Plaintiff Elan identifies the following witnesses that will be called to testify at trial. The order of the presentation of evidence of witnesses is not indicative of the order in which the witnesses will be called at trial.**

Abraxis Response: Abraxis objects to Elan calling more than one expert witness on each subject.

*Elan's reply: Elan will not call more than one expert witness on each subject to testify absent cause. Elan reserves the right to select the witness to testify on each separate subject.*

As to all Elan experts, Abraxis objects to any testimony beyond that contained in the experts' reports, or as to subjects on which the expert is not qualified to opine.

*Elan's reply: Elan reserves the right to offer expert testimony in rebuttal on any issue raised by Abraxis.*

Other Abraxis objections are noted with respect to individual witnesses below.

1.  Gary G. Liversidge
    Elan Drug Delivery, Inc.
    3500 Horizon Drive
    King of Prussia, PA 19406
    (live)

2.  John C. Jarosz
    Analysis Group
    1899 Pennsylvania Ave., N.W.
    Suite 200
    Washington, D.C. 20006
    (live)

    Mr. Jarosz will testify about the methodology to determine damages for patent infringement. Mr. Jarosz will testify as to reasonable royalty damages arising from Abraxis's past infringement of the '363 Patent and the appropriate reasonable royalty to license the '363 Patent to Abraxis. Mr. Jarosz will testify as to the methods, assumptions, and conclusions of Mr. Musika.

    Mr. Jarosz will testify as to the topics addressed in his report and his Supplemental Report.

    Mr. Jarosz may rebut related testimony by Abraxis's witnesses.

    Abraxis's Response: Abraxis objects to testimony from Mr. Jarosz on the topics of his Supplemental Report, which was untimely served.

3.  Eric J. Munson Ph.D.
    1324 Lawrence Ave.
    Lawrence, KS 66049
    (live)

    Dr. Munson will testify about analytical testing of pharmaceutical formulations using Solid-State Nuclear Magnetic Resonance Spectroscopy (SSNMR). He will also testify about how SSNMR compares with other analytical testing of pharmaceutical formulations. Dr. Munson will testify that particles of

**crystalline paclitaxel exist in Abraxane® and reconstituted Abraxane®. Dr. Munson will testify as to the particles within Abraxane® and reconstituted Abraxane® meeting the crystalline medicament useful for treating cancer limitation of the asserted claims.**

**Dr. Munson will testify as to the topics addressed in his report, his Supplemental Report, and his Second Supplemental Report.**

**Dr. Munson may rebut related testimony by Abraxis's witnesses.**

Abraxis's response: Abraxis objects to testimony by Dr. Munson for the reasons explained in Abraxis's motions in limine. Abraxis objects to Dr. Munson testifying about "how SSNMR compares with other analytical testing of pharmaceutical formulations" because it was not addressed in Dr. Munson's expert report. Abraxis objects to Dr. Munson testifying that "particles of crystalline paclitaxel exist in Abraxane® and reconstituted Abraxane®" because that opinion was not expressed in Dr. Munson's expert report. Abraxis objects to Dr. Munson testifying about "the particles within Abraxane® and reconstituted Abraxane® meeting the crystalline medicament useful for treating cancer limitation of the asserted claims" because Dr. Munson does not opine on the claims of the '363 patent in his expert report. Abraxis further objects to Dr. Munson testifying on the topics of his Supplemental Report and his Second Supplemental Report, neither of which were timely served.

*Elan's reply: Elan opposes Abraxis's motion in limine seeking to exclude Dr. Munson's testimony. Elan objects to any effort to arbitrarily limit Dr. Munson's testimony about issues raised in his report, such as but not limited to his tutorial testimony no SSNMR, including comparing SSNMR with other analytical testing of*

*pharmaceutical formulations, and statements concerning crystalline paclitaxel in reconstituted Abraxane® and Abraxane® powder. Elan reserves the right to call Dr. Munson in rebuttal on any issue raised by Abraxis about which he is qualified to testify.*

**Plaintiff Elan identifies the following witnesses that may be called to testify at trial. The order of the presentation of evidence of witnesses is not indicative of the order in which the witnesses may be called at trial.**

Abraxis objects to Elan calling the following witnesses by deposition because they are within Elan's control and/or within the subpoena power of the Court: Elaine Liversidge, Nancy Peltier, David Czekai, Lawrence de Garavilla, Lianjun Shi, Dewey Barich, Jeffrey Winkler, Mark Manning, Harry Brittain, Samuel Danishefsky, Cory Berkland, Manoj Maniar, Robert Taft, David Haidak, and Stephen Byrn. . Abraxis also objects to Elan calling any witness by deposition for whom Elan failed to provide designations by the March 7, 2008 deadline.

*Elan's reply: Elan reserves the right to call any witness by deposition under appropriate circumstances, such as (1) that the witness is not reasonably available; (2) the testimony is of such a nature that the imposition on the witness to appear at trial would be unduly burdensome; or (3) for other good cause.*

1.  **All witnesses listed by defendant Abraxis (Ex 12) (live and/or by deposition).**

2.  **Elaine Liversidge**
    **Elan Drug Delivery, Inc.**
    **3500 Horizon Drive**
    **King of Prussia, PA 19406**
    **(live and/or by deposition)**

Abraxis's response: Abraxis objects to Elan's presentation of Elaine Liversidge by deposition.

*Elan's reply: Elan reserves the right to call Elaine Liversidge by deposition for the reasons set forth above.*

3.  **Nancy Peltier**
    **Elan Drug Delivery, Inc.**
    **3500 Horizon Drive**
    **King of Prussia, PA 19406**
    **(live and/or by deposition)**

Abraxis's response: Abraxis objects to Elan's presentation of Nancy Peltier by deposition.

*Elan's reply: Elan reserves the right to call Nancy Peltier by deposition for the reasons set forth above.*

4.  **David Czekai**
    **NanoSystems Div., Elan Pharmaceuticals**
    **3500 Horizon Drive**
    **King of Prussia, PA 19406**
    **(live and/or by deposition)**

Abraxis's response: Abraxis objects to Elan's presentation of David Czekai by deposition.

*Elan's reply: Elan reserves the right to call David Czekai by deposition for the reasons set forth above.*

5.  **Pramod P. Sarpotdar**
    **3981 Gaffney Court**
    **San Diego, California 92130**
    **(live and/or by deposition)**

Abraxis's response: Abraxis objects to Elan's presentation of Pramod

Sarpotdar by deposition.

*Elan's reply: Elan reserves the right to call Pramod Sarpotdar by deposition for the reasons set forth above.*

6. **Lawrence de Garavilla**
   **909 Noble Drive**
   **Downingtown, PA 19335**
   **(live and/or by deposition)**

   Abraxis's response: Abraxis objects to Elan's presentation of Lawrence de Garavilla by deposition.

   *Elan's reply: Elan and reserves the right to call Lawrence de Garavilla by deposition for the reasons set forth above.*

7. **Lianjun Shi, Ph.D.**
   **150318 Doolittle Drive**
   **Bridgewater, NJ**
   **(live and/or by deposition)**

   Abraxis's response: Abraxis objects to testimony by Lianjun Shi for the reasons explained in Abraxis's motions in limine. Abraxis objects to Elan's presentation of Lianjun Shi by deposition.

   *Elan's reply: Elan objects to Abraxis's objection because Abraxis has included Lianjun Shi on its witness list. Elan opposes Abraxis's motion in limine seeking to exclude the testimony of Lianjun Shi. Elan reserves the right to call Lianjun Shi by deposition for the reasons set forth above.*

8. **Dewey Barich, Ph.D.**
   **University of Kansas**

{00220414;v1}NY02:624850.1
pa-1258587

**Lawrence, KS 66045**
**(live and/or by deposition)**

Abraxis's response: Abraxis objects to testimony by Dewey Barich for the reasons explained in Abraxis's motions in limine. Abraxis objects to Elan's presentation of Dewey Barich by deposition.

*Elan's reply: Elan objects to Abraxis's objection because Abraxis has included Dewey Barich on its witness list. Elan opposes Abraxis's motion in limine seeking to exclude testimony of Dewey Barich. Elan reserves the right to call Dewey Barich by deposition for the reasons set forth above.*

9. **Jeffrey D. Winkler, Ph.D.**
   **University of Pennsylvania**
   **Philadelphia, PA 19104**
   **(live and/or by deposition)**

Abraxis's response: Abraxis objects to testimony by Jeffrey Winkler for the reasons explained in Abraxis's motions in limine. Abraxis objects to Elan's presentation of Jeffrey Winkler by deposition.

*Elan's reply: Elan objects to Abraxis's objection because Abraxis has included Jeffrey Winkler on its witness list. Elan opposes Abraxis's motion in limine seeking to exclude testimony of Dr. Winkler. Elan reserves the right to call Dr. Winkler by deposition for the reasons set forth above.*

10. **Mark C. Manning, Ph.D.**
    **1826 Monarch Circle**
    **Loveland, CO 80538**
    **(live and/or by deposition)**

    **Dr. Manning will testify about human albumin in pharmaceutical**

formulations and about crosslinking. Dr. Manning will testify that human albumin on the particles within Abraxane® and reconstituted Abraxane® is essentially free of intermolecular crosslinkages. He will further testify that the particles within Abraxane® and reconstituted Abraxane® meet the non-crosslinked limitation in the asserted claims. Dr. Manning will testify as to the deficiencies of Abraxis's analytical testing.

Dr. Manning will testify as to the validity and enforceability of the '363 Patent. Dr. Manning will testify as to the understanding of the '363 Patent by one of ordinary skill in the art, including that the specification enables one of ordinary skill in the art to practice the invention of the asserted claims without undue experimentation; that the specification adequately describes the limitations of the asserted claims; and that one of ordinary skill in the art would understand the scope of the asserted claims when read in light of the specification. Dr. Manning will testify that no material information was withheld from the Patent Office during examination of the patent application that issued as the '363 Patent.

Dr. Manning will testify as to the topics addressed in his expert reports.

Dr. Manning may rebut related testimony by Abraxis's witnesses.

Abraxis's response: Abraxis objects to Elan's presentation of Dr. Manning by deposition. Abraxis objects to Dr. Manning testifying about the following topics because they are not discussed in either of his expert reports:

- "human albumin in pharmaceutical formulations"

- "human albumin on the particles within ... reconstituted Abraxane® is essentially free of intermolecular crosslinkages"
- "that the particles ... reconstituted Abraxane® meet the non-crosslinked limitation in the asserted claims"
- "deficiencies of Abraxis's analytical testing" other than XRPD and DSC
- "validity and enforceability of the '363 Patent" other than as to enablement, written description, definiteness, and materiality of information discussed in Dr. Manning's rebuttal report
- "the understanding of the '363 Patent by one of ordinary skill in the art" as it relates to enablement, written description, definiteness, and materiality of information other than that discussed in Dr. Manning's rebuttal report.

***Elan's reply:  Elan objects to any effort to arbitrarily limit Dr. Manning's testimony about his expertise in human albumin in pharmaceutical formulations as established in his expert report, publications, and deposition; the factual contention that human albumin in Abraxane® is non-crosslinked;, the claims of the '363 and '025 patents as construed by the Court;, the issue of whether human albumin in Abraxane meets the "non-crosslinked surface modifier" claim limitation of the '363 patent; and any other issue raised in his expert report.  Elan reserves the right to call Dr. Manning by deposition for the reasons set forth above.  Elan reserves the right to call Dr. Manning in rebuttal on any issue raised by Abraxis about which he is competent to testify..***

11.    **Harry G. Brittain, Ph.D.**
**10 Charles Street**
**Milford, NJ 08848**
**(live and/or by deposition)**

Dr. Brittain will testify about limitations of using X-Ray Powder Diffraction (XRPD) to characterize Abraxane®. Dr. Brittain will testify as to the deficiencies in the XRPD testing commissioned by Abraxis. Dr. Brittain will testify that particles within Abraxane® and reconstituted Abraxane® meet the non-crosslinked surface modifier limitation of the asserted claims. Dr. Brittain will testify that Abraxane® and reconstituted Abraxane® infringe the asserted claims under the doctrine of equivalents.

Dr. Brittain will testify as to the methods, assumptions, and conclusions of Dr. Atwood.

Dr. Brittain will testify as to the topics addressed in his reports.

Dr. Brittain may rebut related testimony by Abraxis's witnesses.

Abraxis's response: Abraxis objects to testimony by Dr. Brittain relating to alleged crystallinity in Abraxane for the reasons explained in Abraxis's motions in limine. Abraxis objects to Elan's presentation of Dr. Brittain by deposition. Abraxis objects to testimony by Dr. Brittain about alleged infringement by "reconstituted Abraxane®" because that topic is not discussed in his expert reports.

*Elan's reply: Elan opposes Abraxis's motion in limine seeking to exclude testimony of Dr. Brittain. Elan objects to any effort to arbitrarily limit Dr. Brittain's testimony about reconstituted Abraxane® or any other issue raised in his expert reports. Elan reserves the right to call Dr. Brittain by deposition for the*

*reasons set forth above. Elan reserves the right to call Dr. Brittain in rebuttal on any issue raised by Abraxis on which he is competent to testify.*

12. Samuel J. Danishefsky, Ph.D.
    Memorial Sloan-Kettering Cancer Institute
    1275 York Avenue
    New York, NY 10065
    (live and/or by deposition)

Dr. Danishevsky will testify about the nature of paclitaxel, the synthesis of paclitaxel, and the role of formulation in effective delivery of paclitaxel. Dr. Danishevsky will testify as to the inventive achievements described in the '363 Patent. Dr. Danishevsky will testify as to the chemical nature of paclitaxel in particles within Abraxane® and reconstituted Abraxane® with respect to literal infringement and infringement under the doctrine of equivalents.

Dr. Danishevsky will testify as to the non-obviousness of the '363 Patent in view of the Haynes Patent.

Dr. Danishevsky will testify as to the topics addressed in his reports.

Dr. Danishevsky may rebut related testimony by Abraxis's witnesses.

Abraxis's response: Abraxis objects to testimony by Dr. Danishefsky relating to alleged crystallinity in Abraxane® for the reasons explained in Abraxis's motions in limine. Abraxis objects to Elan's presentation of Dr. Danishefsky by deposition. Abraxis objects to testimony by Dr. Danishefsky about alleged infringement by "reconstituted Abraxane®" because that topic is not discussed in his

{00220414;v1}NY02:624850.1
pa-1258587

expert reports. Abraxis objects to testimony by Dr. Danishefsky about "the role of formulation in effective delivery of paclitaxel" because that topic is not discussed in his expert reports, and he is not qualified to testify on that subject. Abraxis objects to testimony by Dr. Danishefsky about alleged "inventive achievements described in the '363 Patent" and "non-obviousness of the '363 Patent in view of the Haynes Patent" except as discussed in Dr. Danishefsky's rebuttal report with respect to the Haynes patent. Dr. Danishefsky was not prepared at his deposition to discuss prior art other than the Haynes patent. ("I would have to go back and actually retrieve all of the matters if it came to testimony about that at the trial or so forth, or here." Danishefsky dep., 215:5-8)

*Elan's reply: Elan opposes any motions in limine to exclude testimony of Dr. Danishefsky. Elan objects to any effort to arbitrarily limit Dr. Danishefsky's testimony about reconstituted Abraxane®; inventiveness and non-obviousness of the '363 Patent; references that Abraxis did not allow Dr. Danishefsky to review during his deposition to refresh his recollection; and any other issues raised in his reports or at his deposition about which he is competent to testify. Elan reserves the right to call Dr. Danishefsky by deposition for the reasons set forth above. Elan reserves the right to call Dr. Danishefsky in rebuttal on any issue raised by Abraxis about which he is competent to testify.*

13. **Cory Berkland, Ph.D.**
    **18329 Northwind Drive**
    **Lawrence, KS 66044**
    **(live and/or by deposition)**

    **Dr. Berkland will testify as to the isolation of particles within**

**reconstituted Abraxane®. Dr. Berkland will testify that particles within Abraxane® and reconstituted Abraxane® meet the non-crosslinked surface modifier limitation of the asserted claims. Dr. Berkland will testify as to deficiencies of Abraxis's analytical testing. Dr. Berkland will testify about TEM and cryo-TEM testing to determine crystallinity. Dr. Berkland will testify as to the TEM and cryo-TEM images commissioned by Abraxis.**

**Dr. Berkland intends to testify as to the topics addressed in his report and his Supplemental Report.**

**Dr. Berkland may rebut related testimony by Abraxis's witnesses.**

Abraxis's response: Abraxis objects to testimony by Dr. Berkland relating to "isolation of particles within reconstituted Abraxane®" (*i.e.* Section C of Dr. Berkland's report) for the reasons explained in Abraxis's motions in limine. Abraxis objects to Elan's presentation of Dr. Berkland by deposition. Abraxis objects to testimony by Dr. Berkland about "deficiencies of Abraxis's analytical testing" other than electron microscopy and XRPD. Abraxis objects to testimony by Dr. Berkland about alleged infringement by "reconstituted Abraxane®" because that topic is not discussed in his expert report. Abraxis further objects to Dr. Berkland testifying on the topics of his Supplemental Report; Dr. Berkland's Supplemental Report was not timely served, and contains critiques of Abraxis's XRPD data – a topic on which the Court precluded anyone other than Dr. Brittain from testifying in its May 22, 2008 Order Regarding Abraxis' Motions in Limine Nos. 1 and 4.

*Elan's reply: Elan objects to Abraxis's motion in limine seeking to exclude testimony of Dr. Berkland. Elan objects to any effort to arbitrarily limit*

*Dr. Berkland's testimony about subjects raised in his expert report. Elan reserves the right to call Dr. Berkland by deposition for the reasons set forth above. Elan reserves the right to call Dr. Berkland in rebuttal on any issue raised by Abraxis about which he is competent to testify.*

14. Manoj Maniar, Ph.D.
375 Pheasant Run
Newtown, PA 18940
(live and/or by deposition)

**Dr. Maniar will testify about drug development, including compliance with guidelines promulgated by the United States Food and Drug Administration. Dr. Maniar will testify as to the validity and enforceability of the '025 Patent, if necessary. Dr. Maniar will testify that no material information was withheld from the Patent Office during examination of the patent application that issued as the '025 Patent, if necessary.**

**Dr. Maniar will testify as to the topics addressed in his expert report.**

**Dr. Manning may rebut related testimony by Abraxis's witnesses.**

Abraxis's response:  Abraxis objects to Dr. Maning testifying that no material information was withheld from the Patent Office that exceeds the scope of his expert report.  Abraxis objects to Elan's presentation of Dr. Maniar by deposition.

*Elan's reply:  Elan objects to any effort to arbitrarily limit Dr. Maniar's testimony that no material information was withheld and any other subject raised in his expert report.  Elan reserves the right to call Dr. Maniar by deposition for the reasons set forth above.  Elan reserves the right to call Dr. Manning in*

*rebuttal on any issue raised by Abraxis about which he is competent to testify.*

15. **David Robert Taft, Ph.D.**
    **Division of Pharmaceutical Sciences**
    **Long Island University**
    **Brooklyn, NY 11201**
    **(live)**

   **Dr. Taft will testify as to preclinical studies of Elan's nanoparticulate paclitaxel formulations and preclinical studies of Abraxane®, both involving comparisons to paclitaxel dissolved in Cremophor™. Dr. Taft will testify that the preclinical studies demonstrate that the efficacy of paclitaxel is increased by administering it as surface modified nanoparticles. Dr. Taft will testify that the reduction of particle size and use of a surface modifier increased efficacy and reduced toxicity in both Elan's formulations and Abraxane®. Dr. Taft will testify that the preclinical studies demonstrate that particles within reconstituted Abraxane® perform substantially the same function in substantially the same way with substantially the same result as the particles of the asserted claims.**

   **Dr. Taft will testify as to the topics addressed in his report.**

   **Dr. Taft may rebut related testimony by Abraxis's witnesses.**

   Abraxis's response: Abraxis objects to testimony by Dr. Taft that "the preclinical studies demonstrate that particles within reconstituted Abraxane® perform substantially the same function in substantially the same way with substantially the same result as the particles of the asserted claims" because Elan has made clear that topic is not discussed in his expert report. (See Hamrell dep., 294:20-300:10.) Abraxis objects to testimony by Dr. Taft that "the reduction of

particle size and use of a surface modifier increased efficacy and reduced toxicity in both Elan's formulations and Abraxane®" because Dr. Taft does not express an opinion on that subject matter in his report.

*Elan's reply: Elan objects to Abraxis's characterizing Elan's positions through deposition testimony of Abraxis's witness, Dr. Hamrell, and mischaracterizing the subject matter cited from Dr. Hamrell's deposition. Elan objects to any effort to arbitrarily limit Dr. Taft's testimony that reduced particle size and use of a surface modifier increased efficacy and reduced toxicity in Elan's formulations and in Abraxane®, and any other subject raised in his expert report. Elan reserves the right to call Dr. Taft by deposition for the reasons set forth above. Elan reserves the right to call Dr. Taft in rebuttal on any issue raised by Abraxis about which he is competent to testify.*

16. **David J. Haidak, M.D.**
    **Oncology-Hematology Associates, P.A.**
    **8926 Woodyard Road, Suite 201**
    **Clinton, MD 20735**
    **(live)**

Dr. Haidak will testify about use of Abraxane® in treating cancer patients. He will testify as to the use and administration of Abraxane® to treat cancer patients.

Dr. Haidak will testify as to the topics addressed in his report.

Dr. Haidak may rebut related testimony by Abraxis's witnesses.

17. **Stephen R. Byrn, Ph.D.**
    **Purdue University**
    **West Lafayette, IN 47906**
    **(live)**

**Dr. Byrn will testify about formulation of pharmaceutical solids. Dr. Byrn will testify about nanoparticles, crystallinity, amorphousness, and analytical techniques for characterizing pharmaceutical solids. Dr. Byrn will testify about XRPD. Dr. Byrn will testify as to the deficiencies of Abraxis's XRPD testing. Dr. Byrn will testify that Abraxane® and reconstituted Abraxane® literally infringe the asserted claims.**

**Dr. Byrn will testify about the state of the prior art with respect to the '363 Patent and, if necessary, the '025 Patent. Dr. Byrn will testify as to what a person of skill in the art would understand from the prior art. Dr. Byrn will testify that the '363 Patent claims are non-obviousness. Dr. Byrn will testify that the Domb Patent is immaterial to the '363 Patent claims.**

**Dr. Byrn will testify as to the topics addressed in his report and his Supplemental Report.**

**Dr. Byrn may rebut related testimony by Abraxis's witnesses.**

Abraxis's response: Abraxis objects to testimony by Dr. Byrn relating to the subjects in his untimely Supplemental Reports, including his May 26, 2008 Supplemental Report, for the reasons explained in Abraxis's motions in limine. Abraxis objects to Dr. Byrn testifying about the following topics because they are not discussed in his rebuttal report, including:

- "formulation of pharmaceutical solids"
- "nanoparticles, crystallinity, amorphousness, and analytical techniques for characterizing pharmaceutical solids"

- "XRPD"

- "the deficiencies of Abraxis's XRPD testing"

- "that Abraxane® and reconstituted Abraxane® literally infringe the asserted claims."

Abraxis objects to testimony by Dr. Byrn relating to alleged crystallinity in Abraxane for the reasons explained in Abraxis's motions in limine.

Dr. Byrn stated in his rebuttal report "I will not address enablement, written description, obviousness, or materiality related to adverse hemodynamic effects caused by intravenous administration of solid nanoparticulate pharmaceutical formulations. I understand that Dr. Manoj Maniar will be opining on those aspects of the '025 patent."

*Elan's reply: Elan objects to Abraxis's motion in limine seeking to exclude testimony of Dr. Byrn. Elan objects to any effort to arbitrarily limit Dr. Byrn's tutorial or testimony on subjects on which even Abraxis's expert Monsoor Amiji agrees that Dr. Byrn is an expert, as well as any other subject raised in his expert reports. Elan notes that the limitation on Dr. Byrn's testimon asserted above is to the extent that it relates solely to the '025 patent. Elan reserves the right to call Dr. Byrn by deposition for the reasons set forth above. Elan reserves the right to call Dr. Byrn in rebuttal on any issue raised by Abraxis about which he is qualified to testify.*

18. **Patrick Soon-Shiong**
    c/o counsel for Abraxis
    (live and/or by deposition)

19. **Neil Desai**
    c/o counsel for Abraxis

          **(live and/or by deposition)**

20.    **Michael Hawkins**
       **c/o counsel for Abraxis**
       **(live and/or by deposition)**

21.    **Leslie Louie**
       **c/o counsel for Abraxis**
       **(live and/or by deposition)**

22.    **Ulagaraj Selvaraj**
       **c/o counsel for Abraxis**
       **(live and/or by deposition)**

23.

24.    **Henry Lee**
       **MedComm Solutions**
       **1900 Powell Street, Suite 880**
       **Emeryville, CA 94608**
       **(live and/or by deposition)**

Abraxis's response: Abraxis objects to Elan's inclusion of Herbert Lee based on F.R.E. 401, 402, and 403.

*Elan's reply: Henry Lee's testimony, if offered at trial in person or by deposition, will be relevant and its relevance will outweigh any prejudicial effect to Abraxis.*