IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) | |
| Defendant. | ) ) ) | PUBLIC VERSION |

**ABRAXIS'S BENCH MEMORANDUM TO PRECLUDE ELAN FROM ELICITING TESTIMONY FROM DR. BRITTAIN THAT IS BEYOND THE SCOPE OF ABRAXIS'S QUESTIONING AND THAT EXCEEDS THE SCOPE OF THE CURRENT RECORD**

The Court granted Abraxis's Motions in Limine Nos. 1 and 4 and entered an order with respect to Elan's expert, Dr. Harry Brittain, that: 1) ordered Elan to produce Dr. Brittain for trial (at Elan's option, in its case-in-chief or as an adverse witness in Abraxis's case-in-chief); and 2) provided that Abraxis would be allowed to examine Dr. Brittain about the failure to produce testing documents on his privilege log. Because Elan did not call Dr. Brittain in its case-in-chief, Abraxis will be calling Dr. Brittain as an adverse witness in its case-in-chief. Consistent with the Court's order on Motions in Limine Nos. 1 and 4, Abraxis will limit its examination of Dr. Brittain to the issue of the failure to produce the testing documents on his privilege log described as created in conjunction with this litigation.

Abraxis respectfully requests that, pursuant to Federal Rule of Evidence 611, and consistent with this Court's Order on Abraxis's Motions in Limine Nos. 1 and 4, the Court preclude Elan from eliciting any testimony from Dr. Brittain that falls beyond the scope of what will be Abraxis's very limited direct examination or that goes beyond issues in the current

record. Abraxis further requests that the Court instruct Dr. Brittain to answer only the questions posed, without volunteering additional information.

## BACKGROUND

Abraxis learned during Dr. Brittain's deposition that Dr. Brittain, who was hired by Elan, tested Abraxane. *See* Transcript of Brittain Deposition, dated Nov. 16, 2007 (Tr.) at 6:10-15 ("Q: Did you use [equipment in your house] to perform any studies on Abraxane? A: Yes."). Abraxis was, however, precluded from obtaining any additional information whatsoever from Dr. Brittain about either the nature of such testing or the results of such testing because of repeated instructions from counsel for Elan directing Dr. Brittain not to answer:[1]

> **Q:** And what did you – what studies did you perform?
>
> **MR. SCHEVE**: Don't answer that question, privileged, objection.
>
> \* \* \* \*
>
> **Q**: Did any of your work . . . bear on the question of whether Abraxane paclitaxel is crystalline or amorphous?
>
> **MR. SCHEVE**: I am going to object that that invades the attorney work product doctrine and instruct him not to answer.
>
> **Q**: Did any of your work . . . bear on the question whether the HSA in Abraxane is cross-linked or not?
>
> **MR. SCHEVE**: Same objection, violates the attorney work product doctrine and instruct the witness not to answer.
>
> **Q**: Did any of your work . . . bear on the question whether x-ray crystallography or x-ray powder diffraction are reliable techniques for testing

---

[1] Dr. Brittain followed those instructions. *See, e.g.,* Tr. at 6:24-7:2; 11:7-12:5.

> whether the paclitaxel in Abraxane is crystalline or amorphous?
>
> **MR. SCHEVE**: Objection, attorney work product privilege and instruct the witness not to answer.

Tr. at 6:20-23; 18:7-19:4. The testimony that Dr. Brittain gave in his deposition, along with Elan's privilege log, is the only information Abraxis has, to date, about the nature and results of the tests Dr. Brittain performed.

Consistent with this Court's ruling on Motions in Limine Nos. 1 and 4, Abraxis intends to call Dr. Brittain to testify as an adverse witness in its case-in-chief for the sole purpose of establishing the following:

- That he was hired by Elan in connection with this litigation for his expertise in X-ray diffraction and other analytical techniques, as evidenced by his engagement letter (DX186);

- That he tested Abraxane, as evidenced by his deposition testimony (Tr. at 6:10-15);

- That the documents relating to the tests that he performed were entered on a privilege log (DX508); and

- That the allegedly privileged documents were never given to Abraxis.

Abraxis will not attempt to elicit any opinions from Dr. Brittain. Abraxis will not ask any questions that are scientific in nature or that at all touch on the subjects covered in Dr. Brittain's expert report.

**I.   Elan Should Not Be Permitted to Exceed the Scope of Abraxis's Examination of Dr. Brittain under Federal Rule of Evidence 611**

Federal Rule of Evidence 611 provides:

> (a) The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence . . .

> (b) Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness.

Rule 611 precludes Elan from examining Dr. Brittain during cross-examination on any matters other than those, as set forth above, which will be covered in Abraxis's direct examination. Given the sensitivity of this area of questioning, Abraxis specifically requests that the Court instruct Elan not to pose questions to Dr. Brittain during its examination that exceed the scope of Abraxis's examination. Abraxis further requests that the Court instruct Dr. Brittain to only answer the questions asked without offering any additional information as to the nature or results of the tests he performed.

## II.     Elan Should Not Be Able to Elicit Any Testimony from Dr. Brittain Beyond the Scope of What is Already in the Record

In questioning Dr. Brittain on the very limited topics outlined above, Abraxis does not intend to "open the door" to invite Elan to ask questions about the nature or results of the tests performed. Abraxis requests that this Court formally preclude Elan from eliciting any matters, particularly the details of the type and results of testing Dr. Brittain performed on Abraxane, not currently set forth in the existing record. Allowing Elan to pose such questions during Dr. Brittain's live testimony would prejudice Abraxis, whom Elan prevented from receiving the testing documents and from inquiring into the subject of the tests during Dr. Brittain's deposition. Having blocked any discovery into the substance of the testing before trial, Elan cannot now elicit live testimony about those tests. Accordingly, Abraxis requests that the Court specifically instruct both counsel for Elan and Dr. Brittain that Dr. Brittain's testimony should be limited to only that which exists in the current record.

4

**III.   Conclusion**

For the reasons stated above, Abraxis respectfully requests that the Court bar Elan from eliciting any testimony from Dr. Brittain that is beyond the scope of the limited line of questioning that Abraxis will conduct during its examination of Dr. Brittain and further requests that the Court instruct Dr. Brittain to only answer the questions asked without offering any additional information as to the nature or results of the tests he performed.

|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
|  | /s/ *Elena C. Norman* |
|  | Josy W. Ingersoll (#1088)<br>Elena C. Norman (#4780)<br>Karen E. Keller (#4489)<br>Michele Sherretta Budicak (#4651)<br>Jeffrey T. Castellano (#4837)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br>(302) 571-6600<br>enorman@ycst.com |
| OF COUNSEL:<br><br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>(415) 268-7000<br>MJacobs@mofo.com<br><br>Emily A. Evans<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304-1018<br>(650) 813-5600<br>EEvans@mofo.com |  |
| Dated:  June 9, 2008 | *Attorneys for Defendant*<br>*ABRAXIS BIOSCIENCE, INC.* |

6

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on June 17, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on June 17, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

2

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

    YOUNG CONAWAY STARGATT
     &  TAYLOR, LLP


    <u>/s/ *Elena C. Norman*</u>
    Josy W. Ingersoll (No. 1088)
    jingersoll@ycst.com
    Elena C. Norman (No. 4780)
    enorman@ycst.com
    Karen E. Keller (No. 4489)
    kkeller@ycst.com
    Michele Sherretta Budicak (No. 4651)
    mbudicak@ycst.com
    Jeffrey T. Castellano (No. 4837)
    jcastellano@ycst.com
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware  19899
    (302) 571-6600

    *Attorneys for Defendant*
    *ABRAXIS BIOSCIENCE, INC*.

2