IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA<br>INTERNATIONAL LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-438-GMS |
| | ) | |
| ABRAXIS BIOSCIENCE, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ABRAXIS'S BENCH MEMORANDUM TO PRECLUDE ELAN FROM ARGUING THAT THE JURY SHOULD DRAW AN ADVERSE INFERENCE FROM ABRAXIS'S ASSERTIONS OF ATTORNEY-CLIENT PRIVILEGE

During a side bar discussion during the first day of trial, Mr. Scheve, counsel for Elan,

informed the Court that he would ask for an adverse inference at trial based on the fact that

Abraxis has relied on attorney-client privilege with respect to notations in certain laboratory

notebooks. *See* Trial Transcript at 169:20-170:19 ("I will ask Your Honor, they have put,

claimed their lab notebooks are privileged.  They have a privileged log.  They haven't produced

them.  I will ask for the same inference at trial."). Abraxis anticipates that this issue will come up

during the trial testimony of witnesses Neil Desai and Patrick Soon-Shiong, who are the

individuals who authored the lab notebooks in question.  Because it would be highly

inappropriate and prejudicial for Elan to draw the jury's attention to the fact that Abraxis is

claiming privilege with respect to portions of the laboratory notebooks, Abraxis requests that

Elan not be permitted to force Abraxis to invoke its privilege at trial.  Separately, should the fact

of the privilege erroneously be elicited through questioning, Abraxis requests that the Court

instruct the jury that no adverse inference can be drawn from the invocation of privilege.

**I.      Elan Should Not Be Permitted To Force Abraxis To Invoke Its Attorney-Client Privilege In Front Of The Jury.**

It is black-letter law that the holder of a privilege should not be compelled to assert that privilege in the privilege in the presence of the jury.  *See generally* Weinstein, *Federal Evidence*, § 5.13.06; Delaware Uniform Rule of Evidence 512(a) ("The claim of a privilege. . . is not a proper subject of comment by judge or counsel.  No inference may be drawn therefrom."); *Cf. Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1328 (9th Cir. 1995) (affirming district court's decision requiring that any claims of privilege asserted by a testifying witness be made outside the presence of the jury and prohibiting the jury from drawing negative inferences from any such claims of privilege).

Here, Mr. Scheve's stated intent to call attention to Abraxis's claim of privilege would be highly improper and potentially prejudicial.  That the Court granted Abraxis an adverse inference instruction as a result of *Elan's* wrongful withholding of testing conducted by its expert Dr. Brittain should have no impact on Elan's ability to comment on Abraxis's proper invocation of privilege.  Accordingly, Abraxis asks that the Court preclude counsel for Elan from effectively requiring Abraxis to invoke privilege in front of the jury.

**II.     If Abraxis Does Invoke Privilege In Front Of The Jury, The Court Should Instruct The Jury That No Adverse Inference May Be Drawn As A Result Thereof.**

To the extent that Elan does directly or indirectly call the jury's attention to Abraxis's proper reliance on attorney-client privilege, Abraxis requests that the Court provide the jury with an instruction that no adverse inference be drawn therefrom.  *Warter v. Bergen-Brunswig Corp.*, No. 97-35813, 1998 U.S. App. LEXIS 27111, at *8 (9th Cir. Oct. 7, 1998) (finding no error as a result of the district court giving a curative instruction advising the jury not to draw any negative inferences from defendant-witness' claims of attorney-client privilege); *Regan v. Garfield Ridge Trust & Sav. Bank*, 581 N.E.2d 759, 768 (Ill. App. Ct. 1991) (rejecting defendants' contention

2

DB02:6882962.1                                                                                              065496.1001

that the trial court erred by instructing the jury not to draw any inference against plaintiffs due to the invocation of privilege).  *See generally* Delaware Uniform Rule of Evidence 512(a) ("[u]pon request, any party against whom the jury might draw an adverse inference from a claim of privilege is entitled to an instruction that no inference may be drawn therefrom.")

## III.    Conclusion

For the reasons stated above, Abraxis respectfully requests that the Court bar Elan from drawing the jury's attention to the fact that Abraxis is relying on attorney-client privilege with respect to certain lab notebook entries, and that the Court give the jury a curative instruction if such is necessary.

065496.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Elena C. Norman*

Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
Karen E. Keller (#4489)
Michele Sherretta Budicak (#4651)
Jeffrey T. Castellano (#4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
enorman@ycst.com

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000
MJacobs@mofo.com

Emily A. Evans
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
(650) 813-5600
EEvans@mofo.com

Dated:  June 9, 2008

*Attorneys for Defendant*
*ABRAXIS BIOSCIENCE, INC.*

4

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on June 17, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on June 17, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**

> Linda Glover, Esquire
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com

> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

William J. Sipio, Esquire
1375 Brentwood Road
Yardley, PA  19067
sipz25@aol.cm

YOUNG CONAWAY STARGATT
&  TAYLOR, LLP

/s/ *Elena C. Norman*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
Michele Sherretta Budicak (No. 4651)
mbudicak@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Defendant*
*ABRAXIS BIOSCIENCE, INC.*

2