IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | § § § | |
| Defendant. | § § § | |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S OPENING BRIEF IN SUPPORT OF MOTION FOR (1) AN AWARD OF PREJUDGMENT INTEREST AND (2) AN ACCOUNTING OF ABRAXIS'S INFRINGING SALES SINCE JUNE 13, 2008**

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

Dated: June 30, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited

{00226732;v1}

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. NATURE AND STAGE OF PROCEEDINGS .................................................................. 1

III. SUMMARY OF ARGUMENT ............................................................................................ 2

IV. FACTUAL BACKGROUND ............................................................................................... 2

V. ARGUMENT ......................................................................................................................... 3

   A. Prejudgment Interest Should Be Granted ................................................................. 3

   B. Prejudgment Interest Should Be Granted Beginning As Of
      January 7, 2005 ............................................................................................................ 4

   C. Prejudgment Interest Should Be Calculated Based Upon The Three-Month United States
      Treasury Bill Rate, Compounded Quarterly .............................................................. 5

   D. Elan Seeks An Accounting Of Abraxis's Infringing Sales From June 13, 2008 Until The
      Date Of Final Judgment .............................................................................................. 6

VI. CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

### CASES

Page

*Allen Archery, Inc. v. Browning Mfg. Co.*,
    898 F.2d 787 (Fed. Cir. 1990)..................................................................................5

*Amado v. Microsoft Corp.*,
    517 F.3d 1353 (Fed. Cir. 2008)................................................................................7

*BioRad Labs, Inc. v. Nicolet Instrument Corp.*,
    807 F.2d 964 (Fed. Cir. 1986)..............................................................................4, 5

*Elan Pharma International Limited v. Abraxis BioScience, Inc.*,
    Civ. Action No. 06-438 (D. Del. dated June 13, 2008) ........................................2, 4

*Fisher-Price, Inc. v. Safety 1st, Inc.*,
    C.A. No. 01-051GMS, 2008 WL 1976624 (D. Del. May 5, 2008) ..........................3

*General Motors Corp. v. Devex Corp.*,
    461 U.S. 648 (1983)...........................................................................................2, 3, 4

*Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*,
    847 F.2d 795 (Fed. Cir. 1988)...................................................................................3

*Paice LLC v. Toyota Motor Corp.*,
    504 F.3d 1293 (Fed. Cir. 2007).................................................................................7

*Philips Elec. N. Am. Corp. v. Contec Corp.*,
    Civil Action No. 02-123-KAJ, 2004 WL 1622442 (D. Del. July 12, 2004)
    (citation omitted), *aff'd* Fed. Appx. 981 (Fed. Cir. 2006)........................................4

*Phillips Petroleum Co. v. Rexene Corp., No. Civ. A. 90-208-LON*,
    1997 WL 781856 (D.Del. Sept. 4, 1997)..................................................................6

*Scott Paper Co. v. Moore Bus. Forms, Inc.*,
    594 F. Supp. 1051 (D. Del. 1984) (citation omitted)................................................3

*Sensonics, Inc. v. Aerosonic Corp.*,
    81 F.3d 1566 (Fed. Cir. 1996)...................................................................................3

*Shiley, Inc. v. Bentley Labs., Inc.*,
    601 F.Supp. 964, 225 USPQ 1013 (C.D. Cal. 1985) *aff'd* 794 F.2d 1561, 1571
    (Fed. Cir. 1986)........................................................................................................4

*Smith Int'l v. Hughes Tool Co.*,
    229 USPQ 81 (C.D. Cal. 1986).................................................................................4

*St. Clair Intellectual Property Consultants, Inc. v. Fujifilm Holdings Corp.*,
    Civ. Action No. 08-373 (D. Del. June 20, 2008) .....................................................1

*St. Clair Intellectual Property Consultants, Inc. v. Fujifilm Holdings Corp.*,
    No. 08-373 (D. Del. June 20, 2008).........................................................................1

*Tech for Energy Corp. v. Computational Sys., Inc.*,
    Civ. No. 3-89-476, 1992 WL 535791 (E.D. Tenn. July 29, 1992), *aff'd*, 6 F.3d
    788 (Fed. Cir. 1993) .......................................................................................................... 6

*Tech for Energy Corp. v. Computational Sys., Inc.*,
    Civil Action No. 3-89-476, 1992 WL 535791 (E.D. Tenn. July 29, 1992), *aff'd*, 6
    F.3d 788 (Fed. Cir. 1993) .................................................................................................. 2

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
    939 F.2d 1540 (Fed. Cir. 1991) ......................................................................................... 5

*Z4 Techs., Inc. v. Microsoft Corp.*,
    434 F. Supp. 2d 437 (E.D. Tex. 2006), *aff'd* 507 F.3d 1340 (Fed. Cir. 2007) ..................... 1

**STATUTES**

35 U.S.C. § 284 ........................................................................................................................ 2, 3

I.  **INTRODUCTION**

Plaintiff Elan Pharma International Limited ("Elan") submits this Opening Brief in support of its motion for an award of prejudgment interest on the $55,230,000.00 in damages awarded by the jury in this case. In further support of this motion, Elan submits the Declaration of its damages expert, John Jarosz. In his Declaration, Mr. Jarosz calculates prejudgment interest on the $55,230,000.00 jury award for the period of January 7, 2005 to June 13, 2008 using the three-month United States Treasury Bill rate and compounding interest quarterly. Mr. Jarosz also calculates prejudgment interest going forward to potential final judgment dates using the current rate. Elan now moves for an award of prejudgment interest in those amounts.

Elan also moves for an accounting, as an exercise of the Court's equitable discretion, of Abraxis's infringing sales from June 13, 2008 - the date of the jury's verdict - until the date of final judgment ("post-verdict sales") and an award of damages and prejudgment interest on those additional infringing sales.[1] In his Declaration, Mr. Jarosz makes a conservative calculation of a royalty on post-verdict sales. Elan now moves for an award of those royalties and prejudgment interest on that amount.

II. **NATURE AND STAGE OF PROCEEDINGS**

An eight-day trial was held before a jury beginning on June 2, 2008 and concluding on June 13, 2008. The jury determined that Elan was entitled to $55,230,000.00 for damages resulting from Abraxis's infringement of U.S. Patent No. 55,399,363 ("the '363

---

[1] In the event that the jury's verdict is upheld, Elan anticipates filing an action seeking an accounting for infringing sales that occur after final judgment is entered and an order imposing an ongoing royalty. *See, e.g.,* Complaint at 1, *St. Clair Intellectual Property Consultants, Inc. v. Fujifilm Holdings Corp.*, Civ. Action No. 08-373 (D. Del. June 20, 2008) (related case before J. Farnan) and *z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 444 (E.D. Tex. 2006), *aff'd* 507 F.3d 1340 (Fed. Cir. 2007). Elan recognizes that the Court has discretion in the current case concerning whether to account for post-verdict sales. If the Court chooses not to address those sales at this time, that accounting can be addressed in the subsequent action.

Patent"). Verdict Form at Question 5, *Elan Pharma International Limited v. Abraxis BioScience, Inc.*, Civ. Action No. 06-438 (D. Del. dated June 13, 2008), D.I. 614. The jury specified that its damage award was for infringement through June 13, 2008. *See id.*

### III.    SUMMARY OF ARGUMENT

Pursuant to 35 U.S.C. § 284, Elan seeks prejudgment interest on the $55,230,000.00 jury award to compensate for lost interest that Elan could have earned on income it would have received but for Abraxis's unauthorized infringement of the '363 Patent. Accordingly, prejudgment interest, based upon the three-month United States Treasury Bill rate and compounded quarterly, should be calculated beginning on January 7, 2005 until the date of final judgment to fairly redress Elan's losses. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983) ("An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole . . . .")

Elan also seeks an accounting of Abraxis's post-verdict sales and prejudgment interest on those sales. That relief would supplement the jury's damage award, which was based on Abraxis's infringing sales of Abraxane® to June 13, 2008, to make Elan whole by a conservative measure on the date of final judgment. *Tech for Energy Corp. v. Computational Sys., Inc.*, Civil Action No. 3-89-476, 1992 WL 535791, at *3 (E.D. Tenn. July 29, 1992) (directing an accounting for infringement damages), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993).

### IV.    FACTUAL BACKGROUND

Following testimony from Elan's damages expert, John Jarosz, and the close of all evidence in this case, the jury returned a verdict for Elan and against Abraxis on validity and infringement of the '363 Patent. The jury awarded Elan $55,230,000.00 in damages for infringement from January 7, 2005 to June 13, 2008. During trial, Abraxis offered no contradicting testimony—expert or otherwise—on the appropriate measure or amount of

damages sustained by Elan as a result of Abraxis's infringing activities. Indeed, Abraxis stipulated to the damages theory advanced by Elan's expert, Mr. Jarosz. *See* TR at 1632:16-21.

## V.   ARGUMENT

### A.   Prejudgment Interest Should Be Granted

35 U.S.C. § 284 provides that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs fixed by the court." *Id.* "[A]wards of prejudgment interest are the norm" following a finding of infringement and an award of damages to a patent holder. *Fisher-Price, Inc. v. Safety 1st, Inc.*, C.A. No. 01-051GMS, 2008 WL 1976624, at *7 (D. Del. May 5, 2008) (Sleet, J.); *see also Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996) (noting that awarding prejudgment in interest is "the rule, not the exception") (reversing denial of prejudgment interest).

In *General Motors Corp. v. Devex Corp.*, the Supreme Court explained that:

> [an] award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been, had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment.

461 U.S. 648, 655-56 (1983). (footnote omitted). Accordingly, "a court's authority to award interest is not restricted to exceptional circumstances . . . [and] should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Id.* at 653-54; *see e.g., Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("prejudgment interest shall ordinarily be awarded") (citation omitted); *Scott Paper Co. v. Moore*

*Bus. Forms, Inc.*, 594 F. Supp. 1051, 1083 (D. Del. 1984) (Latchum, J.) (holding "prejudgment interest on actual damages should ordinarily be taxed . . . as part of the patentee's damage award") (citation omitted); *Philips Elec. N. Am. Corp. v. Contec Corp.*, Civil Action No. 02-123-KAJ, 2004 WL 1622442, at *6 (D. Del. July 12, 2004) (Jordan, J.) ("Prejudgment interest is ordinarily awarded in patent infringement cases") (citation omitted), *aff'd* Fed. Appx. 981 (Fed. Cir. 2006).

### B. Prejudgment Interest Should Be Granted Beginning As Of January 7, 2005

The Supreme Court has established that a patent owner should be awarded interest from the time that it would have received royalty payments under a license agreement. *Devex*, 461 U.S. at 655-56. Ordinarily, that interest is awarded from the date of first infringement.

> The normal procedure under *Devex* is to award prejudgment interest from the date of infringement to the date of payment, since only such award will satisfy "Congress' overriding purpose [in 35 U.S.C. § 284] of affording patent owners complete compensation.

*BioRad Labs, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (citing *Devex*, 461 U.S. at 655; *Smith Int'l v. Hughes Tool Co.*, 229 USPQ 81, 102-03 (C.D. Cal. 1986); *Shiley, Inc. v. Bentley Labs., Inc.*, 601 F.Supp. 964, 225 USPQ 1013, 1020 (C.D. Cal. 1985) *aff'd* 794 F.2d 1561, 1571 (Fed. Cir. 1986)). In this case, Abraxis committed its first infringing infringement on January 7, 2005, the date upon which Abraxane® was first offered for sale. *See* Parties Proposed General Jury Instructions, *Elan Pharma International Limited v. Abraxis BioScience, Inc.*, Civ. Action No. 06-438 (D. Del. June 12, 2008), D.I. 608 at p 58; Verdict Form at Question 5, *Elan Pharma International Limited v. Abraxis BioScience, Inc.*, Civ. Action No. 06-438 (D. Del. dated June 13, 2008), D.I. 614. Accordingly, prejudgment interest should be granted beginning no later that January 7, 2005, and extending to the date of final judgment.

### C. Prejudgment Interest Should Be Calculated Based Upon The Three-Month United States Treasury Bill Rate, Compounded Quarterly

The Federal Circuit gives district courts wide discretion in determining the interest rates for awards of prejudgment interest. *See e.g., Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991); *BioRad*, 807 F.2d at 969 ("The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court.") This broad discretion permits a district court to select an interest rate ranging from the 30-day United States Treasury Bill rate to the prime rate, and even beyond. *See e.g., Uniroyal*, 939 F.2d at 1545 ("A trial court is afforded wide latitude in the selection of interest rates . . . and may award interest at or above the prime rate.") (citation omitted).

The appropriate interest rate here is one that fairly compensates Elan for the time value of money while properly accounting for risk in a financial sense. Since Elan bears little risk that Abraxis will be unable to pay the judgment rendered against it, the correct prejudgment interest rate to apply is a low, relatively risk-free rate. The three-month United States Treasury bill represents a benchmark short-term, risk-free investment available to ordinary investors and is a proper basis upon which to compensate Elan for the foregone use of money between the time of infringement and the date of final judgment. *See Allen Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 791 (Fed. Cir. 1990) (upholding an award of prejudgment interest based upon the three-month Treasury Bill rate). Elan accordingly requests that the Court exercise its discretion to award a prejudgment interest rate based upon the three-month United States Treasury Bill rate. Elan further requests that this rate be compounded quarterly, consistent with Elan licenses to other third parties in which payments become due on a quarterly basis. *See e.g.* JX001 (Elan license agreement with Merck) at ¶5.9, JX032 (Elan license with Janssen) at ¶8.2; *see also*

*Phillips Petroleum Co. v. Rexene Corp.*, No. Civ. A. 90-208-LON, 1997 WL 781856, at *28, n. 11 (D.Del. Sept. 4, 1997) (finding it appropriate to compound interest quarterly because patentee received royalty payments under other licenses of patent on a quarterly basis).

John Jarosz, who testified as to damages at trial, sets forth a calculation of prejudgment interest calculated in accordance with the above discussion in the Declaration submitted herewith. For interest through Friday June 27, 2008, Mr. Jarosz employs the three-month United States Treasury Bill rate and compounding interest quarterly. For interest after that date, Mr. Jarosz employs the most contemporaneous rate to determine the applicable interest for any date of final judgment through 2008.[2] Elan requests that prejudgment interest be awarded for the date of final judgment as provided by Mr. Jarosz.

### D. Elan Seeks An Accounting Of Abraxis's Infringing Sales From June 13, 2008 Until The Date Of Final Judgment

Elan respectfully requests an accounting of Abraxis's post-verdict sales, and an award of damages and prejudgment interest on those sales.[3]

Abraxis has not produced any data for sales of Abraxane® occurring after June 13, 2008. Such sales are, of course, infringing, and Elan is entitled to damages and prejudgment interest on those sales for the same reasons that the jury awarded reasonable royalty damages on Abraxis's earlier infringing sales.

It is within the Court's equitable jurisdiction to order an accounting of infringing sales and to award damages up through the date of final judgment. *See e.g., Tech for Energy Corp. v. Computational Sys., Inc.*, Civ. No. 3-89-476, 1992 WL 535791, at *3 (E.D. Tenn. July 29, 1992) (directing an accounting for infringement damages), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993).

---

[2] Elan offers to supplement Mr. Jarosz's calculation to take into account rate information as it becomes available.
[3] As discussed in footnote 1, Elan recognizes that the Court may choose as a matter of discretion not to make such an accounting. In that event, Elan anticipates addressing Abraxis's post-verdict infringement in a subsequent action.

Accordingly, Elan respectfully requests that the Court order an accounting of Abraxis's sales of Abraxane® from June 13, 2008—the date of the jury's verdict—until the date of final judgment, and enter an award of damages together with prejudgment interest.

In his Declaration, Mr. Jarosz conservatively calculates an accounting of post-verdict sales. Mr. Jarosz analyzes the last four quarters of sales activity and picks the quarter with the lowest per-day sales. That figure is a particularly conservative estimate of post-verdict sales in view of the generally upward trend. Mr. Jarosz then applies the royalty rate of 6% that the jury found for pre-verdict infringement. That rate is also conservative, because post-verdict royalties can be higher due to the knowledge of the parties that the patent has been found valid and infringed.[4] *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1317 (Fed. Cir. 2007) and *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361 (Fed. Cir. 2008) ("There is a fundamental difference, however, between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement.") For interest through Friday June 27, 2008, Mr. Jarosz employs the three-month United States Treasury Bill rate and compounding interest quarterly. For prejudgment interest applying to the post-verdict sales, Mr. Jarosz employs the most contemporaneous rate to determine the applicable interest for any date of final judgment through 2008.[5] Elan requests that the Court perform an accounting of post-verdict sales and award the royalty found by the jury on those sales together with prejudgment interest for the date of final judgment as provided by Mr. Jarosz.

---

[4] Elan agrees to the application of the jury's pre-verdict royalty rate only for the purpose of accounting for sales between the verdict and final judgment in this case prior to any appeal, and only if such accounting is included as part of the final judgment.

[5] Elan offers to supplement Mr. Jarosz's calculation to take into account rate information as it becomes available.

## VI. CONCLUSION

For the foregoing reasons, Elan respectfully requests that the Court grant Elan's motion for an award of prejudgment interest beginning January 7, 2005, and calculated based upon the three-month United States Treasury Bill rate compounded quarterly, on the $55,230,000.00 in damages awarded by the jury in this case. Elan further requests that the Court order an accounting of Abraxis's infringing post-verdict sales together with prejudgment interest on those sales.

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

Dated: June 30, 2008

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
Elan Pharma International Limited