IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ C.A. No. 06-438-GMS<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S OPENING BRIEF
IN SUPPORT OF ITS CONDITIONAL MOTION FOR
<u>RESCISSION OF AN ADVERSE INFERENCE</u>**

　　　　　　　　　　　　　　　　　　　　　ASHBY & GEDDES
　　　　　　　　　　　　　　　　　　　　　Steven J. Balick (I.D. #2114)
　　　　　　　　　　　　　　　　　　　　　John G. Day (I.D. #2403)
　　　　　　　　　　　　　　　　　　　　　Lauren E. Maguire (I.D. #4261)
　　　　　　　　　　　　　　　　　　　　　500 Delaware Avenue, 8th Floor
　　　　　　　　　　　　　　　　　　　　　P.O. Box 1150
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　　　　　　　　(302) 654-1888
　　　　　　　　　　　　　　　　　　　　　sbalick@ashby-geddes.com
　　　　　　　　　　　　　　　　　　　　　jday@ashby-geddes.com
　　　　　　　　　　　　　　　　　　　　　lmaguire@ashby-geddes.com

*Of Counsel:*　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　*Elan Pharma International Limited*
Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

Dated: June 30, 2008

226778.v1

# Table of Contents

I.   NATURE AND STAGE OF PROCEEDINGS ..................................................................1

II.  SUMMARY OF ARGUMENT ..........................................................................................1

   Imposition Of An Adverse Inference For The Assertion Of Privilege Is Contrary To The Great Weight Of Authority. ...........................................................1

III. FACTUAL BACKGROUND .............................................................................................2

   Abraxis Was Aware That An Adverse Inference Was Not An Appropriate Response To A Claim Of Privilege At The Time It Sought The Remedy. .....................2

IV.  ARGUMENT .......................................................................................................................3

   A.   Imposition Of An Adverse Inference For The Assertion Of Privilege Would Constitute Error In Any New Trial. ..................................................................3

        1.   The Great Weight Of Authority Prohibits Imposition Of An Adverse Inference For The Assertion Of Privilege. ...................................................3

        2.   Upon Retrial, There Would Be Adequate Time To Fashion A Remedy Other Than The Adverse Inference. .............................................................5

V.   CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brandt v. Vulcan, Inc.*,
   30 F.3d 752 (7th Cir. 1994) ..................................................................................................4

*Crosby v. U. S. Dept. of Labor*,
   1995 WL 234904 ....................................................................................................................4

*Daval Steel Prods. v. M/V Fakredine*,
   951 F.2d 1357 (2d Cir. 1991)................................................................................................4

*Fisher v. Marubeni Cotton Corp.*,
   526 F.2d 1338 ........................................................................................................................5

*Hall v. Cole*,
   412 U.S. 1 ...............................................................................................................................5

*Knorr-Bresme Systeme Fuer Nuizfahrzeuge GMBH*,
   2003 WL 23200570

*U.S. v. 215.7 Acres of Land, More or Less, situate in Kent County, State of Delaware*,
   719 F. Supp. 273 ....................................................................................................................5

*U.S. v. Seltzer*,
   227 F.3d 36 (2d Cir. 2000)....................................................................................................5

*U.S. v. One Tract of Real Property Together with all Bldgs., Improvements, Appurtances and Fixtures*,
   95 F.3d 422 ............................................................................................................................4


**OTHER AUTHORITIES**

Fed. R. Civ. P. 37..........................................................................................................................4, 5

Fed. R. Evid. 501: ...........................................................................................................................4

Weinstein, Jack B. and Margaret A. Berger, Weinstein's Federal Evidence § 513 ....................4

John Henry Wigmore, Evidence in Trials At Common Law § 291 ..............................................4

I.  **NATURE AND STAGE OF PROCEEDINGS**

On June 11, the Court instructed the jury that it "may" infer that certain testing done by Dr. Harry Brittain "would have been unfavorable to Elan's case on infringement." (Tr. 1669:18-1670:3). The imposition of an adverse inference, in response to an assertion of privilege, is against the great weight of prevailing authority. Accordingly, Elan asks the Court to rescind the inference upon any retrial of this matter.

The jury returned a verdict against Abraxis on June 13, 2008, finding that claims 3 and 5 of the '363 Patent were directly infringed, and that the patent was valid, and enforceable. (D.I. 613). Judgment on the verdict was entered on June 16. (D.I. 614). Should a new trial nonetheless be held, Elan hereby moves for rescission of the adverse inference.

II.  **SUMMARY OF ARGUMENT**

**Imposition Of An Adverse Inference For The Assertion Of Privilege Is Contrary To The Great Weight Of Authority.**

Imposing an adverse inference against a litigant who asserts a claim of privilege is contrary to the great weight of authority. Notably, Abraxis itself argued that it would be "highly improper" to draw an adverse inference from the invocation of privilege when Elan forecast its desire to question Dr. Desai about a claim of privilege asserted over his laboratory notebooks. (D.I. 604). The United States Supreme Court itself has weighed in, stating that a claim of privilege is not a proper subject of comment by judge or counsel, and that an adverse inference may not be drawn from a litigant's assertion of privilege. Accordingly, the Court's imposition of an adverse inference based upon the listing of Dr. Brittain's documents on a privilege log constitutes prejudicial error and Elan seeks relief from that inference upon any retrial of this matter.

## III. FACTUAL BACKGROUND

**Abraxis Was Aware That An Adverse Inference Was Not An Appropriate Response To A Claim Of Privilege At The Time It Sought The Remedy.**

In its motion *in limine* number 1, Abraxis forecast that Elan's expert, Dr. Harry Brittain, would offer testimony criticizing Abraxis's X-ray Powder Diffraction testing of Abraxane® at trial:

> Elan's expert Harry Brittain is expected to testify regarding two different tests that the parties used to assess the alleged crystallinity of Abraxane: X-ray Powder Diffraction ("XRPD") and solid-state Nuclear Magnetic Resonance ("ssNMR").

(D.I. 465 at 1). Based on this forecast, Abraxis contended that Elan should be barred from calling Dr. Brittain to testify about Abraxis's XRPD testing of Abraxane® because Elan had asserted a claim of work product privilege over certain of his documents. (*Id.*)

At the pre-trial conference, Abraxis abruptly changed the relief it sought in its motion *in limine*. Suddenly, not only did Abraxis seek to bar testimony from Dr. Brittain about Abraxis's XRPD testing of Abraxane®, but it also sought an adverse inference that Dr. Brittain's documents placed on a privilege log were unfavorable to Elan's infringement claim:

> I flagged for you at the beginning, there is something else we are going to ask of you in this connection when we get to jury instructions, which is an adverse inference, that the jury would be told about, and that we could rely on in opening statements to tell the jury that they can infer from Elan's non-production that the evidence was unfavorable to Elan.

(D.I. 592 at 74:6-12). By waiting until the pre-trial conference to request an adverse inference, Abraxis did not permit Elan adequate time to research and brief for the Court whether such a remedy was proper in the face of a privilege claim. Moreover, by raising the proposed remedy at the pre-trial conference, rather than in its motion *in limine*, Abraxis failed to cite any authority that such a remedy was proper.

Abraxis should have been aware of the impropriety of such a sanction as Ms. Evans, Counsel for Abraxis, was the co-author of a 2003 *amici curiae* brief in which she argued that an adverse inference should not be drawn against accused infringers who invoke privilege because no such inference is permitted against other litigants. (*See Knorr-Bremse Systeme Fuer Nuizfahrzeuge GMBH*, Nos. 01-1357, 1376, 02-1221, 1256, 2003 WL 23200570, at * 3-6 (Fed Cir. Nov. 6, 2003) (Brief of *Amici Curiae* Bea Systems, Inc. and Novell, Inc.)). Indeed, when faced with the possibility that Elan might question Dr. Desai about laboratory notebooks that had not been produced based upon a claim of privilege, Abraxis was quick to inform the Court that "[the] claim of a privilege . . . is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom." (D.I. 604 at 2).

How Abraxis can adopt a different standard for its own assertions of privilege and those related to Dr. Brittain is difficult to understand. Elan's claims of privilege as to Dr. Brittain's consulting work product have never, to this day, been shown by Abraxis or expressly found by the Court to be legally incorrect. Abraxis never brought a motion to compel production of these materials (the appropriate remedy for a perceived improper claim of privilege); and the Court has never entered a discovery order as to the claims of privilege (violation of an existing order being the legal predicate for imposition of a discovery sanction). The adverse inference was accordingly legally incorrect and should be rescinded in any retrial of this matter.

## IV. ARGUMENT

### A. Imposition Of An Adverse Inference For The Assertion Of Privilege Would Constitute Error In Any New Trial.

#### 1. The Great Weight Of Authority Prohibits Imposition Of An Adverse Inference For The Assertion Of Privilege.

The imposition of an adverse inference for Elan's assertion of work product privilege over certain of Dr. Harry Brittain's documents unrelated to the subject of his intended

226778.v1                                    3

expert testimony constitutes prejudicial error. It is well-established that an adverse inference cannot arise from the assertion of a claim of privilege. (*See* John Henry Wigmore, Evidence in Trials At Common Law § 291 (James H. Chadborne rev.) Little, Brown & Co. 1979 & 2008 Supp.); Weinstein, Jack B. and Margaret A. Berger, Weinstein's Federal Evidence § 513 Mathew Bender (2d ed. 2008); *see also e.g., U. S. v. One Tract of Real Property Together with all Bldgs., Improvements, Appurtances, and Fixtures*, 95 F.3d 422, 428-29 (6th Cir. 1996) *Crosby v. U. S. Dept. of Labor*, Cause No. 93-70834, 1995 WL234904, at *2 (9th Cir. April 20, 1995)). Even the Supreme Court has spoken about the impropriety of imposing an adverse inference in response to a claim of privilege by promulgating a standard that serves as a guide to the federal common law referred to in Federal Rule of Evidence 501:

> Comment or inference not permitted. The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom.

*See* Weinstein's Federal Evidence § 513.01(a) (quoting Supreme Court Standard 513).[1]

Moreover, when faced with the possibility of an adverse inference for withholding laboratory

---

[1] Even if an adverse inference could be justified based upon an allegedly unfounded claim of privilege, Federal Rule of Civil Procedure 37(b) and substantial precedent strongly counsel against such a result in this case. Federal Rule of Civil Procedure 37, which governs sanctions for discovery abuse, limits its availability to situations in which an existing order has been violated. *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) ("[The] sanctions provisions [of Rule 37(b)] 'are not applicable until there has been an order by the court compelling production.'") (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975). Here, there was no order compelling production of the documents listed on Dr. Brittain's privilege log. Similarly, while a district court has wide discretion to exercise its inherent powers, it may not punish an attorney's actions taken on behalf of a client without an explicit finding of bad faith. *U.S. v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) (quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973). In asserting a claim of privilege over certain of Dr. Brittain's documents, Elan relied upon the holding in *U.S. v. 215.7 Acres of Land, More or Less, situate in Kent County, State of Delaware*, 719 F. Supp. 273 (D. Del 1989), which would militate against any suggestion that its actions were motivated by bad faith.

notebooks based upon on a claim of privilege, Abraxis was quick to inform the Court that such an inference would be "highly inappropriate" in light of controlling authority. *See* D.I. 604 at 1.

A final reason that imposition of a sanction in the form of an adverse inference was unfounded is that Abraxis sought, and the Court provided for, the inference instruction to be given to the jury without regard to whether Dr. Brittain proffered any testimony at all, which he did not. (Tr. 1554:21-1555:14, 1557:7-1557:22). Elan did not submit or rely upon any opinions of Dr. Brittain at trial. *Id.* Even more significantly, Abraxis, despite serving a subpoena on Dr. Brittain and requiring his attendance at trial, opted not to examine him. Accordingly, the adverse inference could serve no legitimate curative purpose, and could only be punitive in nature. The prejudice to Elan from the entry of such a punitive inference is substantial and unjustified.

2.  **Upon Retrial, There Would Be Adequate Time To Fashion A Remedy Other Than The Adverse Inference.**

In arguing for an adverse inference, Abraxis contended that compelling the production of Dr. Brittain's documents would not be an appropriate remedy because "it would create huge trial preparation problems." D.I.592 at 93:22-94:1. Upon any retrial of this matter, there would be adequate opportunity for the Court to fashion a remedy, other than the imposition of an adverse inference, that would rectify any possible prejudice suffered by Abraxis (which has still not been established). Elan therefore requests that the adverse inference be revoked in the event that the jury verdict's and judgment is vacated and a new trial held.

## V. CONCLUSION

Elan was unfairly prejudiced by the Court's imposition of an adverse inference in response to a claim of privilege, which was contrary to the great weight of authority. Particularly as there will be time to fashion a more appropriate remedy upon any retrial of this matter, Elan

requests that the Court revoke the adverse inference should the jury verdict and judgment be vacated or modified and a new trial held.

*Of Counsel:*

Stephen E. Scheve
Linda M. Glover
Robert Riddle
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2527

Dated: June 30, 2008

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff
Elan Pharma International Limited*