IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-438-GMS |
| ABRAXIS BIOSCIENCE, INC., | ) ) ) | |
| Defendant. | ) ) | |

---

**DEFENDANT ABRAXIS BIOSCIENCE, INC.'S ANSWERING BRIEF
IN OPPOSITION TO ELAN'S CONDITIONAL MOTION FOR
'RESCISSION' OF AN ADVERSE INFERENCE**

---

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Emily A. Evans
Eric S. Walters
Erik J. Olson
Paul F. Coyne
Diana B. Kruze
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

Anders T. Aannestad
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130
(858) 720-5100

Dated:  July 18, 2008

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
Karen E. Keller (#4489)
Michele Sheretta Budicak (#4651)
Jeffrey T. Castellano (#4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com
enorman@ycst.com
kkeller@ycst.com
mbudicak@ycst.com
jcastellano@ycst.com

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.   SUMMARY OF ARGUMENT .............................................................................. 1

III.  STATEMENT OF FACTS ................................................................................... 2

IV.   ELAN'S EFFORT TO RELITIGATE THE ADVERSE INSTRUCTION MUST
      FAIL................................................................................................................... 6

      A.    The Court Correctly Found That Elan Had No Valid Work Product Claim ......... 6

      B.    Elan Has No Excuse For Its False Statements to the Court................................... 7

      C.    An Adverse Inference Is Appropriate .................................................................. 8

      D.    Elan Had Ample Opportunity to Be Heard......................................................... 10

V.    CONCLUSION................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B.C.F. Oil Refining Inc. v. Consol. Ed. Co. of New York, Inc.,*
171 F.R.D. 57 (S.D.N.Y. 1997) ............................................................................7

*Brandt v. Vulcan, Inc.,*
30 F.3d 752 (7th Cir. 1994) ................................................................................8

*Dyson Tech. v. Maytag Corp.,*
241 F.R.D. 247 (D. Del. 2007) ...........................................................................7

*Mosel Vitelic Corp. v. Micron Tech., Inc.,*
162 F. Supp. 2d 307 (D. Del. 2000) (Sleet, J.)...................................................9

*Republic of the Philippines v. Westinghouse Elec. Corp.,*
43 F.3d 65 (3d Cir. 1995)....................................................................................9

*Schwab v. Philip Morris USA, Inc.,*
2006 U.S. Dist. LEXIS 11047, (E.D.N.Y. March 20, 2006) ..............................7

*Spear v. Commissioner,*
41 F.3d 103 (3d Cir. 1994)................................................................................10

*U.S. v. 215.7 Acres of Land, More or Less, Situate in Kent County, State of Delaware,*
719 F. Supp. 273 (D. Del. 1989) .........................................................................7

*U.S. v. Seltzer,*
227 F.3d 36 (2d Cir. 2000)..................................................................................9

*W. Res., Inc. v. Union Pac. R.R. Co.,*
2002 U.S. Dist. Lexis 1911 (D. Kan. Jan. 31, 2002) .........................................8

**STATUTES**

Fed. R. Civ. P
    Rule 26...........................................................................................................6, 8
    Rule 26(a).........................................................................................................9
    Rule 26(a)(2)(B)(ii)..........................................................................................8
    Rule 37.............................................................................................................9
    Rule 37(b).....................................................................................................1, 8
    Rule 37(c)..........................................................................................................1
    Rule 37(c)(1).....................................................................................................9

DB02:6993200.1                                                          065496.1001

## I.    NATURE AND STAGE OF THE PROCEEDINGS

The jury returned a verdict in favor of Elan on direct infringement of the '363 patent (but not willfulness), validity, and (advisory) enforceability of the '363 and '025 patents, and awarded damages of $55,230,000.  D.I. 613.  The Court entered judgment on June 16, 2008. D.I. 614.

Abraxis has renewed its motions for judgment as a matter of law of no direct infringement, invalidity, unenforceability, and damages, and for a new trial, and has moved that the Court amend the judgment and find that Elan engaged in inequitable conduct.  D.I. 633, 634. Elan has moved conditionally to rescind the Court's "adverse inference" infringement instruction in the event this Court or the Federal Circuit orders a new trial.

## II.    SUMMARY OF ARGUMENT

1.    From the outset of the case, Abraxis made clear that it did not infringe because, among other things, the paclitaxel in Abraxane was amorphous, not crystalline.  During discovery, Abraxis repeatedly sought documents relating to Elan's testing of Abraxane.  These efforts eventually culminated in a motion to compel.  At what it knew would be the final discovery conference, Elan fended off Abraxis's motion by making a series of representations about Elan's testing.  The Court accepted these representations, but they were later proven to be false.  The Court correctly found that the testing documents were improperly withheld and that Elan made false representations about them during the discovery conference.

2.    The Court's instruction to the jury that it "may infer that the contents of these documents [were] unfavorable to Elan's case on infringement" (D.I. 612 at J.I. 4.3; D.I. 577 at 1, 2) is supported by ample legal authority.  Elan's argument that Federal Rule of Civil Procedure 37(b) requires a violation of a court order is incorrect, as Rule 37(c) explicitly provides for issuance of an adverse inference without a court order in appropriate circumstances.

In any case, as the Court made clear at the October 2, 2007 discovery conference, it was the Court's order that these documents be produced.

3.    Elan's request for "rescission" of the Court's adverse inference instruction is based on the same arguments Elan made and the Court rejected before and during trial, and Elan has cited no new reason why the Court's instruction was error. The Court found, based on the only logical inference under the circumstances, that the evidence Elan withheld was harmful to its infringement case and thus would corroborate Abraxis's own evidence of noninfringement. But the adverse inference instruction did not go far enough. At trial, as Abraxis predicted, Elan criticized Abraxis's XRPD experiments, while withholding from the jury Elan's own tests. Elan thus succeeded in concealing from the jury the truth — that the paclitaxel in Abraxane is amorphous, not crystalline — yet was free throughout the trial to criticize Abraxis's tests and argue the opposite of what Elan's own test results undoubtedly showed. The mild instruction that the jury "may" infer that the withheld documents were damaging to Elan permitted the jury to find otherwise, while Elan had free rein to challenge Abraxis's tests without revealing its own. The resulting jury verdict was a miscarriage of justice, and the proper remedy is not to withdraw the instruction, but to award Abraxis a new trial if JMOL is not entered in its favor.

## III.    STATEMENT OF FACTS

The facts underlying the adverse inference instruction have been previously described on multiple occasions. D.I. 467, 477, 497, 567, 571, 573, 592 (5/15/08 pre-trial conference transcript) at 68:3-97:24 (Exhibit A); Tr. 1195:8-1197:24, 1200:10-22.[1] Throughout the litigation, Abraxis repeatedly requested Elan's testing documents regarding Abraxane. In its First Set of Requests for Production, served in November 2006, Abraxis requested that Elan produce all documents that refer to Abraxis or Abraxane. D.I. 236, Ex. 23 (First Set of Doc

---

[1] Excerpts of Trial Transcripts are attached hereto as Exhibit B.

Requests), Request No. 74; *see also* Request Nos. 3, 4, 55, 66-67, 69, and 77. Abraxis also propounded an interrogatory requesting a detailed description of all "testing by Elan of Abraxane." D.I. 261, Ex. 3 (Interrogatory No. 29). During discovery, Abraxis made several oral and written requests asking for complete production and responses relating to Elan's testing of Abraxane. D.I. 236, Exs. 19-22, 30-33, 42. At the close of discovery, with Elan's responses still woefully inadequate, Abraxis moved to compel. D.I. 234-236, 259-261.

At the October 2007 discovery conference, which the Court had made clear would be the last discovery conference, Abraxis requested that the Court compel production of Elan's testing documents. D.I. 365 (Oct. 2, 2007 Hearing Tr.) at 82:10-86:5, 111:21-112:2 (Exhibit C). In response, Elan represented to the Court that it had produced all non-privileged testing documents and that the testing documents it was withholding were from consultants, not its testifying experts:

> [Mr. Scheve]: Now, what is really happening here is a veiled effort to get at my work product. Your honor entered an order denying the Rule 11 motion. We did testing before we filed this lawsuit. We met our obligations under Rule 11.
>
> *At the direction of counsel, we had consulting experts, **not testifiers**, consult with us and do testing before we filed this lawsuit.* And this is nothing but a veiled effort now of trying to pierce these privileges.

*Id.* at 87:15-22 (emphasis added).

Abraxis expressed concern that Elan's privilege log did not appear to reflect the testing conducted on behalf of Elan by its so-called "consultants." *Id.* at 89:7-11. When the Court directed Elan to respond to that concern (*id.* at 89:22-23), Elan represented that it had "preserved all the walls between consultants and testifiers." *Id.* at 90:4-9. Elan also represented that the testing evidence it was withholding *was* listed on the log, and reiterated that the testing evidence from its testifying experts was not being withheld:

You know, it's called Presentation. It's on the privilege log. All I can tell you, Judge, is it's there. Constantly, every day, "You didn't do this, [ ] you didn't do that."

It's there.

Clearly, if one of our witnesses comes in and talks about some testing that he has done, he is going to testify to it. He is going to get all the testing he did on that topic. There is no ands, ifs or buts about that.

*Id.* at 89:24-90:7; *see also id.* at 90:15-18. The Court "accept[ed] [Mr. Scheve's] representation as an officer of the Court." *Id.* at 91:21-22, 92:18-20.

Abraxis later discovered that these representations were false. The day before his November 16, 2007 deposition, Abraxis learned that Dr. Brittain — a testifying expert — performed testing on Abraxane for the purposes of this litigation when Elan produced a 34-page privilege log listing 436 entries. The withheld documents were undated, and cryptically labeled "Test Data," "Lab Notebook," "Test Report," "Presentation," or "Image" "prepared in conjunction with the Elan-Abraxis litigation at request of counsel"; the purported privilege was identified only as "Attorney Mental Impression Work Product." DX508 (Exhibit D).

There is no way to square Elan's representations to the Court with the facts. Dr. Brittain confirmed at his deposition that he had tested Abraxane. D.I. 467, Ex. 8 at 6:10-7:2. Counsel blocked further inquiry, instructing Dr. Brittain not to answer questions regarding the type of studies he had performed, whether he had performed XRPD testing, and whether his studies concerned the question of whether XRPD was a reliable method for testing the paclitaxel in Abraxane. *Id.*, Ex. 8 at 6:10-7:13, 11:3-10, 18:7-13, 18:20-19:9. As a result, Abraxis was unable to inquire further about the contents of the privilege log it had received just the day before, or about the nature or results of Dr. Brittain's testing.

Based on Elan's misconduct in connection with its testing documents, Abraxis moved *in limine* to exclude Dr. Brittain's testimony criticizing Abraxis's XRPD testing, as well as all other evidence and argument criticizing Abraxis's tests. D.I. 465 at 5. During the pretrial conference, the Court indicated that it would not issue the requested remedy, but would be willing to consider an adverse inference instruction as well as other relief. D.I. 592 at 91:1-97:24. At the Court's request, Abraxis filed a proposed form of order. D.I. 567. Elan submitted a letter brief in opposition. D.I. 571. After Abraxis responded, D.I. 573, the Court ordered that the jury instructions would include an instruction that the jury "shall infer" that the withheld evidence would be harmful to Elan's case on infringement. D.I. 577. After further briefing and argument at trial, the Court issued its final instruction, with a modification that favored Elan — changing the "shall infer" to "may infer." Tr. 1563:8-1564:22; D.I. 612 at J.I. 4.3.

Despite numerous opportunities to present evidence that the subject matter of Dr. Brittain's testing was in fact different from his report, Elan has never done so. Instead it has offered only conclusory declarations and attorney argument (not evidence) that are contradicted by Dr. Brittain's sworn deposition testimony that he conducted testing on Abraxane. In addition, Elan made no effort, and certainly submitted no evidence, justifying its representations to the Court that "*At the direction of counsel, we had consulting experts, **not testifiers**, consult with us and do testing before we filed this lawsuit.*" D.I. 365 at 87:15-22. Nor has Elan explained its assurances to this Court that it "preserved all the walls between consultants and testifiers" (*id.* at 90:4-9) and that it had logged all testing documents it claimed as work product when it was secretly withholding more than 400 unlogged documents (*id.* at 90:15-18).

Although Elan frequently alludes to Dr. Brittain's original retention by Elan counsel William Sipio, not Baker Botts, Elan has never denied that lead and in-house counsel for

Elan were well aware of Dr. Brittain's testing when the false representations were made to the Court. In responding to Abraxis's Rule 11 motion, Mr. Scheve declared that Dr. Sipio "briefed me on the testing done on Abraxane® done by an independent expert at the request of counsel." D.I. 88, Ex. V ¶ 3. That expert was undoubtedly Dr. Brittain, a fact Elan has never denied. Mr. Bokar, Elan's in-house counsel, was sent a copy of Dr. Brittain's retention letter, which states he was retained in part for his expertise in "X-ray crystallography." DX186 (Exhibit E). In any case, Dr. Sipio was counsel of record and an integral member of Elan's litigation team. *E.g.*, D.I. 1 at 6. At his request, D.I. 498 at Ex. 1, he was routinely copied on case correspondence, and Elan designated him to review Abraxis information under the Protective Order, which allowed access only for purposes of the litigation. D.I. 135.

## IV.    ELAN'S EFFORT TO RELITIGATE THE ADVERSE INSTRUCTION MUST FAIL

Elan's effort to relitigate the Court's issuance of an adverse inference instruction should be rejected. Elan's disagreement with the instruction ignores the Court's order, the facts, and the law that makes clear why Elan had no basis for withholding of the testing documents and why the adverse inference instruction was proper.

### A.    The Court Correctly Found That Elan Had No Valid Work Product Claim

Elan argues in its brief that its assertions of privilege over Dr. Brittain's testing documents "have never, to this day, been shown by Abraxis or expressly found by the Court to be legally incorrect." D.I. 641 (Opening Brief) at 3. This argument is wrong, and ignores the Court's explicit ruling that Elan violated Rule 26 by withholding documents without a valid privilege claim:

> Whereas, based on the parties' briefing and argument, the Court finds that Elan's failure to produce all documents that Dr. Brittain "considered" on subjects of his expert testimony, specifically the

documents related to testing that are listed on Elan's privilege log for Dr. Brittain produced shortly before his deposition, is a violation of Rule 26. *See Dyson Tech. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007) (all documents reviewed, reflected upon, read and/or used in formulating [the expert's] opinions" must be produced). In particular, Elan failed to meet its burden of demonstrating that the subject matter of the documents it withheld are different from the subject matter of Dr. Brittain's expert report. *See Schwab v. Philip Morris USA, Inc.*, 2006 U.S. Dist. LEXIS 11047, at *11 [(E.D.N.Y. March 20, 2006)](party resisting expert disclosure "bears the burden of showing that an expert did not consider certain documents in forming his opinion; this burden cannot generally be satisfied by the expert's representations alone"); *B.C.F. Oil Refining Inc. v. Consol. Ed. Co. of New York, Inc.*, 171 F.R.D. 57, 61 (S.D.N.Y. 1997) ("documents having no relation to the expert's role as an expert need not be produced but that any ambiguity of the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery")

D.I. 577 at 1-2. In addition to ignoring the Court's order, Elan completely fails to address the cases cited in it. The reason for this is clear: it has no answer for its improper assertion of privilege.

**B.     Elan Has No Excuse For Its False Statements to the Court**

One of the striking features of Elan's repeated arguments to the Court concerning the adverse inference is its repeated inability to justify its false representations to the Court at the October 2 discovery conference. As in prior briefing and argument, Elan in this motion again offers no explanation or justification. This conspicuous silence is not surprising. Elan's lead counsel, who made the representations, has never claimed he was unaware of the true facts. There has never been a suggestion of a mistake or an oversight. This Court recognized the seriousness of the misconduct, stating that it had considered issuing an order to show cause regarding contempt. D.I. 592 at 89:9-90:16.

The closest Elan comes to attempting to justify its conduct is by suggesting, in a footnote, that it relied on *U.S. v. 215.7 Acres of Land, More or Less, Situate in Kent County,*

DB02:6993200.1

065496.1001

*State of Delaware*, 719 F. Supp. 273 (D. Del. 1989). There is no evidence that Elan actually *relied* on this case, and Elan did not even cite it in its opposition to Abraxis's motion *in limine* to justify its decision to withhold the documents. In any event, the argument is meritless. The cited case was based on the earlier, more restrictive version of Rule 26. *See W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 U.S. Dist. Lexis 1911 at *26 n.10 (D. Kan. Jan. 31, 2002). As Elan's experienced trial counsel must have been aware, under the modern version of the Rule one cannot withhold documents from testifying experts who earlier acted as consultants without clearly establishing that the consultancy concerned subject matter unrelated to the expert's report. *See supra* section IV.A. This Elan has never done.

## C.    An Adverse Inference Is Appropriate

Elan spends a large part of its brief arguing that it is improper to draw an adverse inference from the assertion of a privilege, but an inference from a *proper* assertion of privilege was not the basis for the Court's order. Rather, the Court found that Elan violated Rule 26 by withholding testing documents with an improper privilege claim, and that Elan made a series of false representations to the Court about these testing documents. D.I. 577 at 1, 2. Under the circumstances, an adverse inference was, and is, appropriate.

Elan incorrectly argues that the Court lacked authority to issue an adverse inference instruction because Elan did not violate "an existing order."[2] D.I. 641 at 4 n.1. While it is true that sanctions under Fed. R. Civ. P. 37**(b)** require violation of a Court order, subsection (c) — ignored by Elan — does not. This Court properly found that Elan should have

---

[2] Moreover, Elan violated a Court order when it withheld the Brittain testing documents that it also failed to timely log. D.I. 365 at 89:24 - 92: 24 (ordering Elan to produce all documents relating to Abraxis or Abraxane, including testing documents, which Elan's counsel averred had already been produced or logged). As even the authority relied upon by Elan makes clear, "courts have broadly interpreted what constitutes an 'order' for purposes of imposing sanctions," including for a party's failure to produce documents promised by a certain date. *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 n.7 (7th Cir. 1994) (citing cases).

produced Dr. Brittain's testing documents under Fed. R. Civ. P 26(a)(2)(B)(ii) and that Elan's

failure to produce them was improper. That impropriety subjected Elan to the sanctions

contemplated by Fed. R. Civ. P. 37(c)(1), which include "inform[ing] the jury of the party's

failure" and other appropriate sanctions, including those set forth in subsection (b)(2). Not one

of the cases cited by Elan even addresses subsection (c).

Elan's purported authority addresses an older version of Fed. R. Civ. P. 37 that

did not include the revision: "provid[ing] a self-executing sanction for failure to make a

disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A)."

Fed. R. Civ. P. 37, advisory committee's note to 1993 amendment of subdivision (c).

Elan also ignores that this Court has previously recognized that absence of an

explicit court order is not a bar to an adverse inference instruction. *Mosel Vitelic Corp. v.

Micron Tech., Inc.*, 162 F. Supp. 2d 307, 311 (D. Del. 2000) (Sleet, J.) (adverse inference

instruction to be given where party failed to preserve evidence). Indeed, "adverse inference

instructions are one of the least severe sanctions which the court can impose ...." *Id.* at 315.

Elan misstates the circuit law when it argues that the Court was required to find

bad faith before issuing the adverse inference instruction. Elan cites a case from the Second

Circuit, *U.S. v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000). The court in *Seltzer* actually rejected

appellant's argument that a finding of bad faith was a prerequisite to the sanction imposed in that

case. *Id.* at 41-42. Moreover, *Seltzer* quotes the relevant Third Circuit authority that Elan

ignores: "'[a] court need not always find bad faith before sanctioning under its inherent

powers.'" *Id.* at 41 (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d

65, 74 n.11 (3d Cir. 1995)). Indeed the Third Circuit has made clear that the sanction requiring

evidence of bad faith is an award of attorneys' fees. *Westinghouse*, 43 F.3d at 74 n.11. For other

9

types of situations, bad faith is one of several factors for the Court to consider in determining whether and what sanctions are appropriate. *See generally Spear v. Commissioner*, 41 F.3d 103, 110-112 (3d Cir. 1994). "When a party does not provide information to another party to which that party is entitled, a court is certainly permitted to 'even out' the proceedings by shifting the burden of proof in a fair way even in the absence of bad faith." *Id.* at 112 (*dicta*). In any event, Elan's unsupported privilege assertion and false representations to the Court demonstrate that it acted in bad faith.

Finally, Elan's argument that the adverse inference served no "curative" purpose since neither party called Dr. Brittain to testify at trial is incorrect. Elan ignores the substantial prejudice, indeed miscarriage of justice, that Abraxis suffered from Elan wrongfully withholding documents that the Court found would be damaging to Elan's case on infringement, D.I. 577 at 1-2) — a central issue in the case. Abraxis was entitled to obtain these documents and to use them freely at trial as it would any other evidence, including in cross-examining Elan's other experts, with its own experts and during closing argument. Abraxis was severely prejudiced by being deprived of extensive test results which undoubtedly supported Abraxis on noninfringement, while Elan had carte blanche to criticize Abraxis's experiments without risk that its own testing could be used to undermine its arguments. The instruction permitting (but not requiring) that the jury infer that the withheld evidence was damaging to Elan's case fell far short of curing the prejudice to Abraxis, but Elan is incorrect that it served no purpose other than to punish Elan.

**D.    Elan Had Ample Opportunity to Be Heard**

Elan complains that Abraxis "wait[ed] until the pre-trial conference to request an adverse inference." Elan Br. at 2. In fact, Elan was well aware that Abraxis was seeking an adverse inference instruction — such an instruction was part of Abraxis's proposed jury

10

instructions submitted with the pretrial order on April 7, more than a month before the pretrial

conference. D.I. 509 at J.I. 4.3. Elan filed objections to that instruction, and even proposed its

own countering adverse inference instruction. *Id.* In any event, in Abraxis's motion *in limine*

No. 1, Abraxis sought even broader relief precluding Elan from "introducing evidence and

testimony contending that Abraxis's XRPD testing methods were an inappropriate method for

testing for crystallinity in Abraxane." D.I. 465 at 5.

       The pretrial conference was hardly the last opportunity for Elan to research and

brief the issue. Elan submitted a letter brief opposing the issuance of the order after the pretrial

conference (D.I. 571), submitted a bench brief during trial concerning Dr. Brittain's testimony

D.I. 603, and also argued the point again when the Court considered jury instructions at the close

of trial Tr. 1410:23-1414:17. Thus, Elan had multiple opportunities to brief and argue the

adverse inference instruction before and during trial.

## V.    CONCLUSION

       The Court should deny Elan's conditional motion for "rescission" of the adverse

inference instruction.

DB02:6993200.1

065496.1001

YOUNG CONWAY STARGATT &
TAYLOR, LLP

_(signature)_

Josy W. Ingersoll (#1088)
Elena C. Norman (#4780)
Karen E. Keller (#4489)
Michele Sherretta Budicak (#4651)
Jeffrey T. Castellano (#4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com
enorman@ycst.com
kkeller@ycst.com
mbudicak@ycst.com
jcastellano@ycst.com

*Attorneys for Defendant*
*Abraxis BioScience, Inc.*

*Of Counsel:*

Michael A. Jacobs (Admitted *pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
(415) 268-7000

Emily A. Evans (Admitted *pro hac vice*)
Eric S. Walters (Admitted *pro hac vice*)
Erik J. Olson (Admitted *pro hac vice*)
Paul F. Coyne (Admitted *pro hac vice*)
Diana B. Kruze (Admitted *pro hac vice*)
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, California  94304-1018
(650) 813-5600

DB02:6993200.1                                              065496.1001

Anders T. Aannestad (Admitted *pro hac vice*)
Morrison & Foerster LLP
12531 High Bluff Drive
San Diego, California 92130
(858) 720-5100

DATED: July 18, 2008

DB02:6993200.1

065496.1001

## <u>CERTIFICATE OF SERVICE</u>

I, Karen E. Keller, Esquire, hereby certify that on July 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on July 18, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> <u>BY E-MAIL</u>
>
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX  77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY  10112-4498
> paul.fehlner@bakerbotts.com

YOUNG CONAWAY STARGATT
  &  TAYLOR, LLP


/s/ *Karen E. Keller*
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
Michele Sherretta Budicak (No. 4651)
mbudicak@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Defendant*
*ABRAXIS BIOSCIENCE, INC.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

-  -  -

```
ELAN PHARMA INTERNATIONAL     :      Civil Action
LIMITED,                      :
                             :
          Plaintiff,          :
                             :
     v.                       :
                             :
ABRAXIS BIOSCIENCE INC.,      :
                             :
          Defendant.          :      No. 06-438-GMS
```

-  -  -

Wilmington, Delaware
Thursday, May 15, 2008
9:30 a.m.
Conference

-  -  -

BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge

APPEARANCES:

JOHN G. DAY, ESQ.
Ashby & Geddes
        -and-
STEPHEN SCHEVE, ESQ.,
LINDA M. GLOVER, ESQ.,
LISA A. CHIARINI, ESQ., and
ROBERT RIDDLE, Ph.D., ESQ.
Baker Botts LLP
(Houston, TX)
        -and-
GREGORY BOKAR, ESQ.
Counsel - Elan Drug Delivery

              Counsel for Plaintiff

Page 66

1  THE COURT: Yet your expert Brittain agrees with
2  him.
3  MR. SCHEVE: Dr. Brittain didn't comment in any
4  way on how the study was performed. All he looked at and
5  commented -- and one of the things we understood, Your
6  Honor, was, and counsel agreed yesterday, that one witness
7  per topic. Dr. Brittain is not going to talk anything about
8  ssNMR. All he did was, he was shown what Dr. Munson did and
9  he said Dr. Munson is truly one of the experts in the world
10  on this and I don't see that he did anything wrong. That's
11  all he did.
12  It's a different issue about criticizing how the
13  samples were prepared, loaded, how it was handled before,
14  how it was handled afterwards.
15  If you have never done that in your life, how
16  can you be a reliable expert to testify about any aspect of
17  that?
18  That is our position.
19  THE COURT: I understand your position. I don't
20  agree with it. I think it is telling that Dr. Brittain
21  agrees with the criticism and that there was no scientific
22  response to the declaration that was just discussed by Mr.
23  Jacobs. That was whose declaration?
24  MR. JACOBS: Dr. Atwood's.
25  THE COURT: Dr. Atwood's declaration. It may be

Page 67

1  the case, Mr. Scheve, with all due respect, that we have a
2  fundamentally different view of what is an appropriate role
3  and application by a federal judge of his or her gatekeeping
4  function.
5  I would suggest to you that we need to be real
6  careful, that is, we federal judges, about exclusion of
7  evidence to the point that it can effectively, without real
8  good reason, only when it's clear to me, at least, that's my
9  standard, when it's clear, that the evidence is going to be
10  unreliable, that the opinion is somehow going to be
11  unreliable because the person is not qualified or because
12  the methodology won't stand up to scrutiny.
13  I am not sure. But you will get a chance in
14  front of that jury to find out what they think about it.
15  It's denied.
16  All right. Mr. Jacobs.
17  Let's take a stretch break. Then we will start
18  on plaintiff's. For the record, I am going to deny No. 5,
19  which is denominated No. 5, as out of order.
20  (Recess taken.)
21  THE COURT: Counsel, I have had a chance to
22  reflect a little more on No. 2 and take a look back at my
23  claim construction ruling. I am comfortable we are going to
24  be able to deal with this in realtime. I am going to deny
25  the motion.

Page 68

1  Mr. Jacobs, your turn.
2  MR. JACOBS: Thank you, Your Honor.
3  Our first motion in limine, Your Honor, asks
4  that the Court exclude Elan from in any fashion, whether by
5  way of testimony, cross-examination, introducing exhibits,
6  critiquing, criticizing, arguing against the validity of
7  Abraxis's x-ray powder diffraction data about Abraxane.
8  At first blush, that sounds like a rather
9  sweeping request. But in light of the history on this
10  issue, as I was re-reading the motion, I was thinking it's
11  maybe a little bit of a mild request.
12  I will mention something towards the end of this
13  that we are also seeking on this issue.
14  Maybe to set the stage for this...
15  I note, first of all, that x-ray powder
16  diffraction is the primary method that has been used for the
17  last 20, 30 years to characterize pharmaceutical substances
18  as to their crystallinity or amorphousness. X-ray powder
19  diffraction is the technique that Elan used in the '684
20  patent, the parent to the '363. When it was saying we
21  created crystalline nanoparticles, x-ray powder diffraction
22  was the technique they used.
23  It's a year into the case, and we have seen no
24  testing data from Elan whatsoever. This is last summer. We
25  have seen no x-ray powder diffraction data about Abraxane.

Page 69

1  We have seen nothing else, and we don't really have their
2  infringement contention in any detail.
3  So we have filed first a written motion, and
4  then you may recall the sequence, there was an oral motion
5  that Your Honor held a hearing on the request, really the
6  demands that we had made by way of our motions.
7  By the time of the hearing, Dr. Brittain has
8  already been, if you will, designated as a testifying
9  expert, and his expert report has been submitted. His
10  expert report is a critique of x-ray powder diffraction as
11  used by Abraxis to characterize Abraxane. He says x-ray
12  powder diffraction wasn't the right tool, and he says that
13  it was done wrong.
14  At the hearing, Mr. Walters, pressing our case
15  for Elan's testing data -- by that time you may recall, from
16  the very first case management conference, we articulated
17  that amorphousness versus crystallinity was one of the
18  central issues in the case. We have had the claim
19  construction hearing where that has been a central issue in
20  the case.
21  We press our insistence that Elan produce all
22  testing data, and if they are going to claim work product
23  and privilege, that they log that testing data.
24  Elan represents to the Court that it has all
25  been logged and that there is other testing. They say, We

Page 70

1  have done other testing but it has all been done with
2  consultants, and we maintained clear walls between
3  consultants and testifying experts.
4       There is an exchange between the Court and Elan.
5  The Court asks: You are saying this testing that you
6  contend to be privileged has been identified as such on a
7  log?
8       This is at Page 90 of the transcript.
9       And Elan says, Yes.
10      Then there is a discussion back and forth about
11  what is testing. And Elan says, There has not been an
12  experiment, a lab experiment...
13      The Court says, I accept your representation as
14  an officer of the Court.
15      Then we actually take Dr. Brittain's deposition.
16  And it turns out that Dr. Brittain, who again is going to
17  testify about x-ray powder diffraction, has his own x-ray
18  powder diffraction equipment, has done extensive testing.
19  How do we know this? Because we have the privilege log.
20      Your Honor, if you haven't had a chance to
21  actually look at the privilege log, it is a rather striking
22  document. There are over 400 entries on it -- test results,
23  test data, test reports, test, test, test, test, over and
24  over again, produced the night before his deposition.
25      So at Dr. Brittain's deposition, we ask about

Page 71

1  the testing. We are blocked. Dr. Brittain is instructed
2  not to answer about any of the testing that he conducted.
3  And we hear this explanation that, well, that was a
4  different subject. That was a different subject. That is
5  the basis that Elan relied on for not producing to us
6  buckets of testing data.
7       If I could just segue for a moment, we think
8  what's really going on in this case is that they have
9  buckets of testing data that confirm that Abraxane is
10  amorphous and not crystalline, but they are arguing in this
11  court that it's crystalline. And something about that just
12  doesn't seem right.
13      So we have, honestly, Your Honor, we have a hook
14  into this issue to try and get at the truth. And the hook
15  is they have designated as a testifying expert someone who
16  had done 400-documents-plus worth of, we think, x-ray powder
17  diffraction testing of Abraxane, and they are relying on a
18  subject matter distinction to justify their non-production.
19      The subject matter distinction doesn't work. It
20  doesn't just not work in a technical sense. We are all
21  raised as baby litigators to know that if you designate
22  somebody as a testifying expert, everything that that
23  testifying expert did gets produced. That's something we
24  work on, we manage to when we are litigating our cases. We
25  all know that basic rule.

Page 72

1       To now draw this subject matter distinction --
2  it turns out the cases say, yeah, if there is a true subject
3  matter distinction, then you can have a two-headed expert.
4  He can be a consultant, and that can be a consultancy, and
5  he can be an expert, and that could be -- I will make up a
6  word -- an "experty."
7       But you can't just sort of make it up out of
8  whole cloth, and you can't justify non-production the way
9  Elan has done by submitting a conclusory declaration that
10  just simply says, different subject.
11      We deal in patent cases, we deal with Your Honor
12  about subject matter scope all the time. When we have to
13  waive the privilege for opinion of counsel, the Court has to
14  adjudicate the boundaries of that. We know something about
15  what subject matter is here. It can't be that Dr.
16  Brittain's subject matter, when he is testing Abraxane, that
17  that subject is different from his testimony about Abraxane.
18  It can't be that Dr. Brittain, who we are darned sure did
19  x-ray powder diffraction, that that subject is different
20  from Dr. Brittain's proposed testimony about x-ray powder
21  diffraction. And it can't be that that testing, which is
22  about one of the basic issues in the case, crystallinity
23  versus amorphousness, is on a different subject than what
24  Dr. Brittain proposes to testify about, which is whether
25  Abraxane is crystalline or not.

Page 73

1       So the subject matter distinction just doesn't
2  make any sense. It would turn the rules on expert
3  disclosure into -- as we said in our brief, this gave a red
4  light-green light where you can just manipulate around the
5  rules.
6       So we are here at the motion in limine stage.
7  And we think that, we believe -- we infer from the
8  non-production that this evidence would be helpful to us on
9  the question of both XRPD methodology, actually, the use of
10  XRPD at all, the methodology by which Abraxis did the XRPD
11  that it did and on which we rely for our proof of
12  amorphousness. We think that at the motion in limine
13  stage -- I honestly thought, Your Honor, should we be
14  talking to you about this, you ought to make them produce it
15  now and we ought to figure out what that means for the trial
16  and what kind of costs they would be imposing on us for
17  having to re-do all the expert discovery. And I went
18  through that thought process. And it just doesn't seem like
19  that is the right way to proceed.
20      It isn't as if this should be a surprise to
21  them.
22      In fact, in the post-expert deposition period,
23  we had a lot of back-and-forth with Elan about, we can't
24  believe you are really relying on distinction for Brittain.
25  We think they kind of made this bed and now they need to lie

Page 74

1  in it.
2       That is our proposal to you, that they be
3  barred, on the basis of this non-production, from critiquing
4  in any way, by any evidentiary or argumentative means,
5  Abraxis's x-ray powder diffraction.
6       I flagged for you at the beginning, there is
7  something else we are going to ask of you in this connection
8  when we get to jury instructions, which is an adverse
9  inference, that the jury would be told about, and that we
10 could rely on in opening statements to tell the jury that
11 they can infer from Elan's non-production that the evidence
12 was unfavorable to Elan.
13      Thank you, Your Honor.
14      Mr. Scheve.
15      MR. SCHEVE: Your Honor, my response is multiple
16 pronged.
17      First, it's very important that Your Honor
18 understand how Dr. Brittain first became involved. He was
19 retained by an attorney whose name is William Sipio
20 pursuant to a letter agreement between Mr. Sipio and Dr.
21 Brittain.
22      Dr. Brittain agreed to provide consulting advice
23 to Mr. Sipio as an attorney. That letter agreement was
24 entered into in November of 2005.
25      What happened thereafter was consultation

Page 75

1  between Mr. Sipio and Dr. Brittain relating to assessment
2  and evaluation of the merits, potential merits, of
3  proceeding with this lawsuit, including some testing that
4  was done. And the interaction was solely between Mr. Sipio
5  and Dr. Brittain.
6       Clearly, the rules say there is no obligation to
7  disclose consulting experts. And Mr. Brittain had his own
8  consultant.
9       What this really boils down to, Your Honor, is
10 going to a precise question of whether or not Your Honor is
11 going to allow Abraxis to gain access to privileged work
12 product material that was exchanged between Dr. Brittain and
13 Mr. Sipio.
14      Now, I don't know, Your Honor, if I need to ask
15 you for the opportunity to talk with you in camera, because
16 for me to stand up and say what he didn't do or did do would
17 be extracting the work product as to what was done and what
18 wasn't done. In other words, for me to defend this and
19 stand up and tell you what tests he did not do, it requires
20 me to disclose what would otherwise be privileged.
21      The facts are that Steve Scheve, in August of
22 2007, approached Dr. Brittain and said, look, I want to talk
23 with you about two specific issues: the doctrine of
24 equivalents case, and I want you to look at this x-ray
25 powder diffraction testing that was done. Do you have any

Page 76

1  opinions that you would be willing to offer in this case on
2  those distinct issues?
3       THE COURT: Here is what I need you to address,
4  this observation. And I want to read it. I want you to be
5  clear on what I want you to address. That is at Page 2 of
6  the reply by Abraxis. They write, in the second full
7  paragraph: That Dr. Brittain was originally retained by
8  Sipio, rather than Baker Botts -- let me start again. "That
9  Dr. Brittain was originally retained by Sipio rather than
10 Baker Botts is irrelevant. Not surprisingly, Elan has no
11 authority that a party can avoid expert disclosure by the
12 artifice of having one lawyer retain the expert as a
13 'consultant' and another lawyer for the same client later
14 hire the same expert as a testifier."
15      That's what you need to talk about.
16      MR. SCHEVE: I am not disputing that, Judge,
17 because I have not asked Dr. Brittain to offer any opinions
18 relating to any testing he has done. I have asked him to
19 offer opinions on other total completely different issues.
20 And we have kept, as the case law says, very clear lines
21 and demarcation between what he did in the context of his
22 consultation with Mr. Brittain, which ended in June of 2007.
23 And I came to him and I said, I don't know what you did with
24 Mr. Brittain -- I have a sense of what you did with Mr.
25 Brittain, but I am not here to talk to you about that. I am

Page 77

1  asking you now, do you have opinions on these two topics,
2  about the technology that was utilized by Abraxis and about
3  this doctrine of equivalents case? And he says, Yeah, I
4  have some opinions on that. And I talked with him.
5       So the only two things that we intend to offer
6  through him -- he is going to come testify about something
7  he did testing on. I am not going to offer any of that.
8       Now, Mr. Jacobs says, quote, "We are darned sure
9  he did x-ray powder diffraction."
10      THE COURT: He did say that.
11      MR. SCHEVE: He didn't do any x-ray powder
12 diffraction on Abraxane in any work he did. I would like to
13 see the proof that Mr. Jacobs has for supporting his
14 statement, "We are darned sure he did x-ray powder
15 diffraction."
16      He did not do x-ray powder diffraction of
17 Abraxane. Why? Because x-ray powder diffraction of
18 Abraxane, which is swamped with albumin, 130-nanometer
19 particles, is incapable of giving you any meaningful
20 information.
21      Now, I run the risk of waiving privilege by
22 telling you that, Your Honor. But they are sitting there
23 putting this out there as bait. And I am telling you, as an
24 officer of the Court, he did not do x-ray powder diffraction
25 of Abraxane.

Page 78

1    We asked him, do you have opinions about the
2  technology that Abraxis used? And I want to talk with you
3  about some doctrine of equivalents testing.
4    Now, Your Honor, to make Your Honor's job
5  perhaps easier, because this goes right to the heart of work
6  product, is their Motion in Limine No. 4, which is the
7  expert report and the testimony we proffer of Dr. Stephen
8  Byrn. Dr. Amiji, their expert, was approached by Abraxis,
9  and he says in his report I am not an expert in
10 crystallography. So they approached him and said, who do
11 you consider to be the foremost experts out there in
12 crystallography? And he writes a letter or e-mail back to
13 Abraxis and gives them two names: a fellow from the
14 University of California San Francisco, Dr. Stephen Byrn.
15   Dr. Byrn had been disclosed as an expert by
16 Elan, and had been attending various depositions. And he
17 supplemented his report. It's a seven-page supplement. And
18 it was given to Ms. Evans the day before his deposition.
19   The relief now that's not in the motion -- the
20 motion is to exclude Dr. Brittain. But what Mr. Jacobs
21 referred to as the motion being mild in terms of the relief
22 sought, what we have now got is a broad, sweeping request
23 that no witness be able to testify about this. We had two
24 other witnesses who were designated to be able to talk about
25 these limitations. We thought that Dr. Brittain brought

Page 79

1  some particular experience to the table because he used to
2  work with Bristol Myers Squibb, who manufactured Taxol,
3  which is the only approved formulation of pacli --
4    THE COURT: Let me just correct you, and
5  perhaps -- I am not sure if what you say, what you assert is
6  correct or not. But the motion as styled, at least, the
7  title, does seek, in the title, Abraxis does seek to exclude
8  portions of Dr. Brittain's expert report regarding attacking
9  of Abraxane and to bar related testimony and argument.
10   So I don't know whether it's fair to say that
11 they have expanded unfairly the scope of their request. You
12 may not agree, quite clearly, you wouldn't agree with that.
13 But go ahead.
14   MR. SCHEVE: If I may, Your Honor.
15   THE COURT: Sure.
16   MR. SCHEVE: I want to make sure the record is
17 clear that his broader-sounding request doesn't mean that we
18 can't elicit this testimony from others that we have
19 designated, again, with the goal of making it easier for the
20 Court to address this. They have now taken the position we
21 shouldn't be allowed to present Dr. Byrn. So it's, let's
22 not let Dr. Brittain talk about it, and we are going to put
23 you in a box and argue that you need to give up the stuff
24 that was exchanged between Dr. Brittain and Mr. Sipio, which
25 I will tell this Court did not involve x-ray powder

Page 80

1  diffraction of Abraxane, and we also don't want you to be
2  able to present Dr. Byrn.
3    So these motions are really sort of tied
4  together, Your Honor.
5    If we are able to put on Dr. Byrn, even if it's
6  you got to produce him for another two hours because Ms.
7  Evans made the decision she wasn't going to question him
8  about the supplemental report, then we are in a position
9  where we don't have to ask the Court to confront this
10 attorney-client -- I should say work product issue. But
11 they want to exclude everybody that is going to criticize
12 the techniques that they relied upon, because -- and it gets
13 to the heart of the case, Judge.
14   What Abraxis did was, they have a product that
15 has nine parts albumin. It's this stuff that's taken from
16 the body. It is itself amorphous. And these are very tiny
17 particles. What they did is they only tested Abraxis as a
18 lyophilized freeze-dried powder with that nine-to-one ratio.
19 What they never did, and I mean assiduously avoided, was to
20 reconstitute and then they use something called a centrifuge
21 to separate the nanoparticles. They did that for purposes
22 of characterizing to the FDA how much paclitaxel, how much
23 of this protein is in the nanoparticles, but they have never
24 tested those nanoparticles. And that's what our case is
25 about. We have. And there is crystallinity there. And we

Page 81

1  will show it.
2    But they don't want the jury to hear from
3  anybody about the flaws and the steps that they have failed
4  to take to explore this.
5    I offer to Your Honor --
6    THE COURT: Isn't their complaint about Dr.
7  Byrn -- it doesn't seek to exclude his testimony, I don't
8  think, altogether.
9    MR. SCHEVE: I believe that's correct, Your
10 Honor.
11   THE COURT: Go ahead.
12   MR. SCHEVE: They have not addressed the DOE
13 portion of his testimony. They have simply focused on his
14 giving any opinions or any related testimony about the
15 limitations of x-ray powder diffraction. When you are
16 trying to use it, the example I like to give is, Your Honor,
17 my wife has a cooking thermometer. It doesn't get used very
18 often. She would get mad at me if I said that. But if I
19 tried to measure my body temperature with it, it is the
20 wrong tool to measure my body temperature. It doesn't begin
21 to log it until I am 150 degrees.
22   This case is going to get down to a question of,
23 did they use the technology that could even measure it? And
24 why didn't they go forward and separate those particles and
25 look at the particles? Because they did it for other tests

Page 82

1  but never applied crystallinity.
2      So it's let's keep out Dr. Brittain, who was
3  hired by Mr. Sipio. And I am not here saying this, you
4  know, just because it's a different lawyer. That's never
5  been our position. It's that we kept his role separate. He
6  never was asked, has never done an x-ray powder diffraction
7  of Abraxane.
8      He and Mr. Sipio did a lot of consulting, to
9  understand various concepts. I came in this August and
10  said, I am not here to talk with you about what you and Mr.
11  Sipio did. I have got these two discrete issues. If that
12  implicates the issue of whether I have got to give
13  information over that's privileged, that deals with tests
14  that do not involve x-ray, do not involve x-ray diffraction,
15  then the simple solution is let's go to No. 4. If I can get
16  that person in, I might be able to turn to my client here
17  and take away this first motion in limine, so that you don't
18  have to address the privilege issue. That is a substantial
19  issue.
20      THE COURT: Let's talk about it.
21      MR. JACOBS: There was an expert. He was at a
22  deposition. We could have voir-dired him on the scope of
23  his other consultancy. Again, we deal with how to create a
24  record around different subject matters all the time. We
25  don't do that through in camera productions. We don't do

Page 83

1  that by claiming work product would be revealed by detailing
2  the basis of the different subject matter.
3      We produce privilege logs all the time that are
4  supposed to be sufficiently detailed to allow an examination
5  of whether the privilege applies.
6      I am sort of working my way through the basics
7  of litigation practice to why this argument should not be
8  credited.
9      The privilege log is Exhibit 6 of the materials,
10  Your Honor. It says testing, testing, testing.
11      THE COURT: I have it.
12      MR. JACOBS: Brittain's expertise is x-ray
13  powder diffraction. So we are drawing inferences here. But
14  we have no record evidence. We have an officer-of-the-Court
15  representation. But forgive me, Your Honor, we have been
16  there, done that, and that didn't work out very well.
17      So I think, as to Brittain, I think the record
18  is what the record is. They submitted a declaration. They
19  didn't meet their burden of proof. They had their chance to
20  remedy this through back-and-forth in the winter. And
21  that's where we are with Brittain.
22      On Byrn, one of our themes, as you will perhaps
23  start to see this theme emerge right now, but it will become
24  even more evident when we talk about Munson, is, following
25  the bouncing ball, that, okay, we don't like Brittain, we

Page 84

1  have exposed him, he has run into trouble.
2      After opening expert reports on their
3  case-in-chief are due, well after, the night before his
4  deposition, we got a supplemental report on Byrn. Now we
5  are supposed to take Byrn's testimony at trial critiquing
6  x-ray powder diffraction, another theme that you will see in
7  the remainder of our motions in limine, following the
8  Court's rules.
9      We really have tried our best on our side to
10  read the Court's pretrial order, the Court's case management
11  order, and get our expert reports in on time, get our
12  rebuttal expert reports in on time, tee up the depositions,
13  et cetera. We get an expert report on an issue on which
14  they bear the burden of proof well after the deadline. And
15  absolutely, Your Honor, we said, we have had it up to here
16  with all the other stuff that we are not arguing about. And
17  we said, this is a non-event, this late expert report.
18      So we are moving to exclude Byrn. And we do
19  have a shared understanding about the scope of our motion on
20  Brittain. We want to bar critique of x-ray powder
21  diffraction by Abraxis from any source, because they had
22  their chance to do this right and they didn't.
23      MR. SCHEVE: Their expert, Dr. Atwood, submitted
24  a report to us, an amended report on February 29th. By my
25  calculation, that would be ten weeks after his deposition

Page 85

1  was taken and after the close of discovery.
2      I could defer to others as to how many documents
3  showed up in expert reports that have never been presented,
4  produced. In fact, was it just last week, how many new
5  exhibits or new documents came in?
6      I find it interesting, Your Honor, that this
7  claim about somehow we didn't comply, when we get to the
8  discussion that they are also trying to prohibit us from
9  offering any documents after March the 7th, March the 7th
10  was what we interpreted to be the deadline for those parties
11  with burdens of proof to come forward with their
12  disclosures. We contacted Abraxis and said, do you
13  understand that? No, we are not going to produce our
14  invalidity stuff on March the 7th. Even though they had the
15  burden of proof, they didn't produce it until March 21st,
16  two weeks later.
17      Then we came to an agreement. And Ms. Glover
18  will get into all of this. It is all to give you a sense,
19  Your Honor, that this is strategic posturing, to try to
20  prevent us from putting on our case. If the argument is,
21  this was a late supplemental -- report it's only seven
22  pages -- their own Dr. Amiji recommended this guy to them
23  because he is the guy to go to in the United States, so
24  let's posture it now. Let's just not take his deposition,
25  even though we offered him up, and offer to produce him yet

Page 86

1  later on, and let's try to knock this out.
2      We also disclosed Dr. Berkland, Cory Berkland,
3  and he was deposed. We understand that we got to narrow
4  this down as to which witness is going to offer testimony on
5  this. And we have an agreement that it's going to be one.
6  But now it's a request, I don't want this testimony coming
7  into the case.
8      THE COURT: Let me interrupt for a second. Why
9  don't you sit for a second.
10     Dr. Byrn was deposed. Is that correct?
11     MR. JACOBS: Yes, he was, Your Honor.
12     THE COURT: But it was before he got this
13  supplemental.
14     MR. JACOBS: The morning after. So we got the
15  supplemental the night before.
16     THE COURT: I understand the reason for your
17  request. But have you had, in spite of, or would you need
18  more time, have you had an opportunity to adequately
19  prepare, did you have an opportunity to adequately prepare
20  for Dr. Byrn's deposition?
21     MS. EVANS: Your Honor, if I may, please,
22  because I was the one who took Dr. Byrn's deposition.
23     Dr. Byrn's opening report, his report that he
24  had first provided, was solely on invalidity and
25  unenforceability. That was the only thing he opined on. We

Page 87

1  have attached that to our papers. He said this is what I
2  have been asked to talk about. Nothing on infringement.
3  Zero. Absolutely zero.
4      So, I mean, he talked about prior art
5  invalidity. So I came, you know, to take his deposition. I
6  had all the prior art references. I was all ready to go
7  with all my exhibits to talk to him about what his report
8  was about, which was prior art. There were other Elan
9  experts, three other ones -- seven Elan experts talking
10  about infringement in their opening expert reports. Dr.
11  Byrn wasn't one of them. He was a rebuttal expert on
12  invalidity and unenforceability.
13     So I arrived ready to take his deposition. An
14  e-mail comes into my Blackberry at about 5-something,
15  saying, oh, here's is a supplemental report for Dr. Byrn.
16  Of course, I just had my Blackberry. I am staying at a
17  hotel. By the time somebody from the office can get it and
18  fax it to me, it is after 7:00 at night, and I have a
19  deposition the next morning at 9.
20     I get this report. I don't have any exhibits.
21  I don't have the attachments. I don't have any questioning
22  prepared. I don't have copies of what he is referring to.
23  I haven't had a chance to consult with my own experts to
24  prepare examination on this. This is on the last day of
25  expert discovery.

Page 88

1      We had asked for Dr. Byrn early. We wanted him
2  in November. Elan said, no, no. He is only available the
3  last day of expert discovery, the 14th.
4      Then they also say, Your Honor, that this new
5  report on infringement by Dr. Byrn, it is based solely on
6  documents that were available months before, that were
7  available when the opening expert reports were due.
8      There is nothing new that is in Dr. Byrn's
9  report. It's just that Elan decided, well, no, seven
10  experts is not enough on infringement. We need an eighth.
11     So they basically sent this to me. I get it at
12  7:00 the night before. And, yes, Your Honor, I decided I
13  could not conduct an adequate examination, getting this
14  report, with no exhibits, with no ability, really, to
15  meaningfully cross-examine the witness.
16     So I cross-examined him on what his timely
17  served report was on, which was invalidity. And I did not
18  cross-examine him on this new issue.
19     THE COURT: Mr. Jacobs.
20     MR. JACOBS: I left Mr. Scheve an opening and he
21  took good advantage of it, in broadening the discussion to a
22  whole range of issues.
23     I would like to make a couple of final points
24  about Motion in Limine No. 1.
25     I think I have said to Your Honor that the

Page 89

1  Court's process of resolving discovery motions where
2  attorneys appear and basically argue them out in front of
3  Your Honor is the most efficient process that I have worked
4  with in district courts, because we spend a lot of time
5  restating the obvious when we file discovery motions in
6  written form. But it does depend on counsel accurately
7  describing to you what is going on in the form of
8  representations to the Court.
9      THE COURT: I am rather persuaded on your
10  position regarding Dr. Brittain.
11     But what I am interested in doing is, if I can,
12  minimizing the prejudice that Abraxis has suffered by
13  affording you another opportunity to have an informed
14  discussion with Dr. Byrn.
15     I am reluctant to exclude, as you well know, Mr.
16  Jacobs, in the hothouse of this kind of litigation, there
17  are things that are sometimes missed. There are very able
18  lawyers who are able to, you know, make, what is it, a sow's
19  ear seem like a silk purse sometimes.
20     So I am reluctant, usually, to try to dig too
21  deeply, because I just don't have the time. Then I would be
22  ending up with a whole lot of rules to show causes as to why
23  I shouldn't be holding lawyers in contempt, quite frankly,
24  because when I read these papers, I made a notation:
25  Serious matter. May need rule to show cause, Mr. Scheve,

Page 90

1  because these were direct statements that you made to me, if
2  they turned out to be, as an officer of the Court -- this is
3  the only way this system works. Judges have to be able to
4  rely on the word of lawyers.
5      I am not making any findings. I am saying these
6  thoughts occurred to me, that this was a very serious
7  matter. We are not going to go there.
8      What I do want to do, though, is as I just
9  indicated, and I will, order Dr. Byrn to appear at Ms.
10  Evans's convenience, at a location designated by the
11  defendant, at your cost, plaintiff's cost, for an additional
12  deposition.
13      I am going to exclude, pursuant to Mr. Jacobs's
14  request, Dr. Brittain's testimony to the extent that
15  request -- you might want to particularize your request, Mr.
16  Jacobs.
17      MR. JACOBS: So we are in a sort of funny
18  position. Can I walk back a little bit? I am sorry for not
19  answering your question directly.
20      THE COURT: Yes.
21      MR. JACOBS: We are in the odd position that if
22  we can't get an exclusion of the testimony in the broadest
23  sense --
24      THE COURT: You are referencing the jury
25  instruction?

Page 91

1      MR. JACOBS: There is a point there. Let me put
2  it all on the table, what the options are, and let's talk it
3  through.
4      There is a long privilege log, testing data.
5  They haven't produced the testing data. Do we get to
6  examine Dr. Brittain if he were to testify: Dr. Brittain,
7  you did all this testing. You haven't told the jury about
8  it. Don't you think it might be interesting for them to
9  hear about all that testing?
10      Do we do that? Do we get an adverse inference
11  during instructions?
12      Brittain has fabulous admissions about x-ray
13  powder diffraction and it being the gold standard for
14  determining crystallinity. Do we get to introduce those
15  admissions by way of his deposition testimony? That would
16  seem to be difficult if we are going to bar him from talking
17  about x-ray powder diffraction.
18      So we carefully designed our motion. If we
19  don't get the broadest relief on this, I think we would
20  rather have Brittain testify on x-ray powder diffraction and
21  exclude Byrn.
22      I don't want to have to take a deposition in the
23  last two weeks before trial. I do want these other
24  opportunities to impeach, cross-examine, Dr. Brittain.
25      THE COURT: I am prepared to accede to that

Page 92

1  request. Would you put that in the form of an order?
2      MR. JACOBS: I will.
3      THE COURT: So that we are real clear, if I want
4  to have a second thought about it, I can, and I will
5  reconvene the parties on the phone if necessary.
6      Did you have a question, Mr. Scheve?
7      MR. SCHEVE: I am not quite sure I understood
8  what was being proposed, Your Honor.
9      MR. JACOBS: Excluding Byrn, late, et cetera.
10  Allowing Brittain to testify on x-ray powder diffraction.
11  Full opportunity to cross-examine him on x-ray powder
12  diffraction. No prohibition on asking him about undisclosed
13  tests.
14      And we will ask you, and I don't know if you
15  want to embrace this yet, but the adverse inference.
16      THE COURT: No, I didn't mean to embrace that
17  yet. We can talk about that later.
18      MR. SCHEVE: Your Honor, that gets right to the
19  heart of the work product privilege and the very sensitive
20  nature about that.
21      THE COURT: If he didn't do x-ray powder
22  diffraction, then that should end the matter. Right?
23      MR. SCHEVE: What I hear counsel saying is, and
24  I do want to address, because, you know --
25      THE COURT: In other words -- and I will let you

Page 93

1  continue -- but I think Mr. Jacobs is still a little
2  incredulous about what, in spite of your representations, I
3  think you just need to say that, as to what Dr. Brittain
4  did.
5      MR. SCHEVE: But if he didn't do x-ray powder
6  diffraction of Abraxane, are they going to be able to make
7  entry into the privileged relationship between him and Mr.
8  Sipio on the test?
9      THE COURT: I don't think he seeks to do that.
10      MR. SCHEVE: I think I hear him saying, yes, he
11  does.
12      THE COURT: I don't think so. But maybe I am
13  wrong. I could be wrong.
14      MR. JACOBS: To be completely straight up, I
15  have got the privilege log. I want to be able to ask Dr.
16  Brittain, Dr. Brittain, you did a lot of testing on
17  Abraxane, didn't you? It's on this privilege log, isn't it?
18  You have not disclosed this testing in this trial, have you?
19  Ladies and gentlemen, draw the inference you would like to
20  draw from that nondisclosure.
21      Do you want me to justify it?
22      The rationale is, they should have produced it.
23  It would create huge trial preparation problems if they
24  produce it now and we have to go off and take Brittain's
25  deposition and sort of penetrate what this was all about.

Page 94

1  So that's not the right answer. But just letting this
2  proceed as if nothing happened, that can't be the right
3  answer, either.
4           THE COURT: Wouldn't that, Mr. Scheve, be sort
5  of, if I were to not accede to that, be a back-door way of
6  letting you do exactly what I think is reasonably complained
7  about? That is, the same client hiring, using the expert
8  for two different purposes, with no meaningful subject
9  matter distinction being offered? To really oversimplify
10  it, perhaps, I think that's where we are. It sort of gets
11  back to a concern that I shared with Abraxis regarding
12  Sipio's role in this process, or someone like Sipio.
13           MR. SCHEVE: Your Honor, if I may. How could
14  privileged information give rise to a negative inference?
15  If it's truly privileged, how can he argue a negative
16  inference from that?
17           If Mr. Sipio did --
18           THE COURT: I think he is saying the information
19  should have been produced.
20           MR. SCHEVE: That gets to the question of the
21  privilege.
22           THE COURT: Well, Mr. Jacobs, do you want to
23  address that?
24           MR. JACOBS: I don't think I can say it better,
25  Your Honor. There is no meaningful subject matter proof.

Page 95

1  It should have been produced. They didn't produce it. Now
2  we get to deal with the world that they have handed up to us
3  in the best way we can.
4           THE COURT: You should have produced.
5           MR. SCHEVE: I would only urge Your Honor, if I
6  may, for the record, because the appellate court will need
7  to see this as well, if he has not done x-ray powder
8  diffraction, and I am not calling him -- I am not calling
9  him to testify about anything that he did, I don't
10  understand how they can draw a negative inference about that
11  or why my client should be punished and let the jury be
12  inferred that there is something negative. Because the
13  testing -- again, it's assumed that these tests that were
14  done were on Abraxane, as opposed to tests done on
15  paclitaxel, tests done on --
16           THE COURT: Let's play through that a little
17  bit. Dr. Brittain is on the stand, and he is asked by Mr.
18  Jacobs, did you do any XRPD, x-ray powder diffraction tests?
19  And he said no.
20           MR. JACOBS: I think I would just lay out a --
21  lay it out how I would do that. I would have the privilege
22  log there and say, Dr. Brittain, this is a privilege log of
23  documents that Elan has not produced in this litigation.
24  You understand that? He would say yes.
25           I would say, the privilege log refers to

Page 96

1  testing, test data prepared in conjunction with the Elan-
2  Abraxis litigation at the request of counsel. Do you see
3  that, Dr. Brittain?
4           Yes, I see that.
5           So this testing was about issues in this
6  litigation, wasn't it, Dr. Brittain?
7           Yes.
8           And I would say, You are an expert in x-ray
9  powder diffraction, aren't you, Dr. Brittain?
10           And that's all the information we have about
11  this, isn't it, Dr. Brittain? What we know is you are an
12  expert in x-ray powder diffraction, you did testing, and
13  it's not produced. Isn't that right, Dr. Brittain?
14           Yes.
15           Now, if Mr. Scheve wants to try to rehabilitate
16  him by saying, was it about x-ray powder diffraction, we can
17  see what happens next. I would be relying exclusively on
18  what is in front of us by way of his testimony and the
19  privilege log that they have produced.
20           THE COURT: And reassert, if you would, for us,
21  you claim the right to do this again why?
22           MR. JACOBS: I claim the right to do this
23  because once having declared Dr. Harry Brittain as a
24  testifying expert on issues of infringement, crystallinity,
25  testing of Abraxane, x-ray powder tests, diffraction testing

Page 97

1  of Abraxane -- parenthetically, you can see I am building a
2  hierarchy of generality to granularity, because we have to
3  pick our subject matter here -- infringement, crystallinity,
4  testing, x-ray powder diffraction testing, once they
5  designated him on those subjects, they should have produced
6  anything that related in the largest sense, because that's
7  what we do with experts. Anything that related to those
8  subjects, testing, crystallinity, infringement, if that's
9  what he did before Sipio or not, that's what they should
10  have produced, and they didn't.
11           THE COURT: You maintain him being labeled,
12  Sipio, a consultant expert, once he is re-labeled as a
13  testifying expert, that strips that protection. You are
14  saying that work product goes out the window.
15           MR. JACOBS: Precisely. Very well-understood.
16  Of course, we read closely the Court's Dyson decision where
17  you were dealing with kind of a species of this.
18           THE COURT: Write the order. Let me see it. If
19  necessary, I will get back on the phone, if I feel that I
20  want to hear further from you.
21           That will give me some additional time.
22           I have to say, Mr. Scheve, in all candor, that
23  at this point I am tilting towards the Abraxis position.
24           We will leave it there for now.
25           All right. Next.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

| | | |
|---|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | : | Civil Action |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ABRAXIS BIOSCIENCE INC., | : | |
| | : | |
| Defendant. | : | No. 06-438-GMS |

- - -

Wilmington, Delaware
Monday, June 9, 2008
8:30 a.m.
SIXTH DAY OF TRIAL

- - -

BEFORE: HONORABLE GREGORY M. SLEET, Chief Judge,
and a Jury

APPEARANCES:

      JOHN G. DAY, ESQ.
      Ashby & Geddes
          -and-
      STEPHEN SCHEVE, ESQ.,
      LINDA M. GLOVER, ESQ.,
      JEFFREY SULLIVAN, ESQ.,
      LISA A. CHIARINI, ESQ.
      ROBERT RIDDLE, ESQ., and
      PAUL FEHLNER, ESQ.
      Baker Botts LLP
      (Houston, TX)
          -and-
      GREGORY BOKAR, ESQ.
      Counsel - Elan Drug Delivery

                  Counsel for Plaintiff

Page 1193

1  would be on crystallinity, when I have already represented
2  to Your Honor he didn't test Abraxane using x-ray powder
3  diffraction, or solid state NMR.
4       So his relationship was with Mr. Sipio. If they
5  want to draw that inference, and, frankly, Your Honor, I
6  don't believe, I think it's error and none of us want to
7  come back, I don't know how they can draw an inference from
8  a privilege log. But look at these entries. Lab notebooks,
9  it's information to communicate resulting results of
10 experiments.
11      If Your Honor wants briefs, I can show and this
12 has been part of the problem in this lawsuit, we have heard
13 about how much work there is. I can show you examples where
14 they put something on their privilege log. It's still
15 there. And then they inadvertently gave it to us. And
16 there is nothing privileged in there other than it says,
17 Entries of crystallinity, but it's still on the privilege
18 log. I can go through it, if we have a further hearing, I
19 can show you those sorts of materials.
20      All I am urging, Your Honor, our position,
21 again, that this is error and neither side ought to be
22 getting into stuff that is put on a privilege log.
23      Your Honor has rules that we have attempted to
24 abide by. I would love to have been able to bring to Your
25 Honor's attention these claims that a lab notebook is

Page 1194

1  privileged. But Your Honor had said, I am not going to hear
2  anymore discovery disputes. That's why we are where we are.
3       THE COURT: After a point, counsel, as all of
4  you know, our resources are limited. We can only devote so
5  much time to any one dispute. This case has, quite
6  frankly -- I am not going to get on a soapbox this morning.
7  In point of fact, this case has been one of the more
8  litigious patent matters over which I have presided during
9  my almost ten years on the Bench. And I have presided over
10 a lot of patent cases.
11      It has been a disappointment in that regard,
12 especially because we have such good lawyers here,
13 especially lead counsel, to take nothing away from associate
14 counsel and second seats and all that. But it makes it
15 difficult, two very able advocates, who make reasonable
16 appeals to the Court's rationale or at least hopefully to
17 its intellect. I am going to try to sort through this a
18 little bit. Most especially, the word "fairness" resonates
19 with me, as some of you may know or not.
20      So, Mr. Jacobs, could you, just for a moment,
21 address that issue that Mr. Scheve raises, the issue of,
22 that this just isn't fair, Judge, because we didn't have the
23 time, and even at the pretrial conference -- we could have
24 said at our pretrial conference, I could have delved into
25 what really happened here in these discovery disputes, what

Page 1195

1  was -- who was really the bad actor? Was it both of you, my
2  suspicion? Who deserves to suffer, as they say?
3       So...
4       MR. JACOBS: I don't want to try the Court's
5  patience, regarding go --
6       THE COURT: Don't worry about trying the Court's
7  patience. It is an important issue.
8       MR. JACOBS: Let me go through how we got to
9  Motion in Limine No. 1.
10      Mr. Walters was here at a discovery conference.
11 We had raised for Your Honor the fact that their privilege
12 log seemed not to contain testing references on it. And
13 that we had not gotten Elan's testing documents.
14      Elan's counsel stood before Your Honor and said,
15 The privilege log is complete. I am tired of being, my
16 figurative words for him, I am tired of being beat up about
17 my privilege log.
18      THE COURT: And I expressed concern with that
19 representation.
20      MR. JACOBS: He said the privilege log was
21 complete and that we have maintained clear walls between
22 consulting and testifying experts, as noted in the Court's
23 order on Motion in Limine No. 1. Both of those
24 representations were incorrect.
25      That was the predicate for then -- and at that

Page 1196

1  hearing, the Court said, No more discovery disputes, and we
2  understood that.
3       When Elan produced Dr. Brittain at his
4  deposition, the night before we got this lengthy
5  466-reference log, I took that deposition, I examined
6  Dr. Brittain on what he had done for Elan in testing. The
7  only question he was allowed to answer was that he had
8  tested Abraxane.
9       Every other question: What kind of tests did
10 you do? What was the purpose of the testing? Did it relate
11 to crystallinity? Did it relate to this? Did it relate to
12 that? There was an instruction not to answer.
13      We wrote to Elan several times and said, You
14 can't possibly do this; he is a testifying expert. It says
15 on the log he was doing testing related to this litigation.
16 You proceed with Dr. Brittain at your own risk. I scripted
17 those words, Your Honor, because I wanted to be really clear
18 to Elan very early on what the consequences of the assertion
19 they were making with respect to Dr. Brittain were.
20      We then wrote our Motion in Limine. We said,
21 Here's the history. Elan shouldn't be allowed to criticize
22 our x-ray powder diffraction when there is all this testing
23 evidence that suggested to us, based on the information we
24 had then, Dr. Brittain had done precisely what we had done,
25 used x-ray powder diffraction in various ways, whether on

Page 1197

1    Abraxane or a fraction of Abraxane or a sample, we didn't
2    know. We knew only what we knew. We shifted the burden to
3    them in that motion to demonstrate that the privilege was
4    properly asserted.
5          They came forward with a declaration from
6    Dr. Brittain. That declaration said no more than, What I
7    did in the litigation was a different subject than what I am
8    testifying to as an expert. It provided no underlying
9    rationale for that distinction. It provided no subject
10   matter basis. We argued that precise issue at the Motion in
11   Limine hearing before Your Honor.
12         Your Honor observed that you had noted in the
13   margin of one of the briefs the possibility of an order to
14   show cause for contempt. Your Honor said, We are not going
15   there, counsel. But I want to let Elan know that I view
16   this as a very serious matter. And then we worked out, over
17   the course of the Motion in Limine hearing, what's the right
18   remedy here, given the violation of Federal Rule 26.
19         Then we proposed an order for the Court. Elan
20   took a run at the proposed order with a letter brief. We
21   responded to the letter brief. Then the Court adopted the
22   proposed order, which, itself, lays out the rationale for
23   the adverse inference that the Court is going to instruct
24   the jury on.
25         There is none of that run up for this. They are

Page 1198

1    just showing up at trial and saying, Privilege log,
2    privilege log. Look at these entries on Dr. Desai in
3    particular.
4          Your Honor knows what these cases are like.
5    Here is Elan's privilege log (indicating). These are huge
6    cases, which where we over-sweep in documents to make sure
7    we don't under-produce. Then we go through these documents,
8    both sides, this is not unique to us, one by one, and we
9    say, No proper assertion of attorney-client privilege. Then
10   we have some back and forth.
11         Then, in this case, for example, with respect to
12   communicate to patent counsel, our team went through each of
13   those and confirmed that it was, in fact, communicated. It
14   was, in fact, communicated.
15         I don't know how else, absent appointment of
16   Special Masters and all those other things that we do to
17   delve more deeply into this, I don't know how else to
18   suggest this could have been addressed, Your Honor, given
19   where we are. It is unfair to show up at trial and throw
20   this up on the screen in front of the jury.
21         THE COURT: Last word, Mr. Scheve.
22         MR. SCHEVE: I will just address two points. I
23   am pleased to hear they finally addressed the word
24   "fairness" at the very end other than just a rehash.
25         Your Honor, the record needs to be clear. What

Page 1199

1    Dr. Brittain did was in his consultation with Mr. Sipio.
2    His contract was to help Mr. Sipio understand some issues.
3    He is continually characterizing what Mr. Brittain did,
4    Dr. Brittain did, as Elan testing. And then they said,
5    Well, you proceed with Dr. Brittain at your own risk.
6          I have reviewed the law on, Can an inference be
7    drawn from the fact that things were put on privilege? And
8    the law is, There can't be any inference drawn from that,
9    which is what they have invited Your Honor to do. So we
10   didn't put Dr. Brittain up, because if I had, I would hear
11   on appeal it's waived, that the issue is waived.
12         We would simply say, Your Honor, we don't think
13   it is appropriate either way for people to be instructed
14   that there is an inference to be drawn when lawyers get
15   information, look at it, and I don't doubt that they looked
16   at stuff, although in one of the discovery conferences, Your
17   Honor said, I don't know how a lab notebook can be claimed
18   to be privileged. But they did it.
19         We put materials on a privilege log, and Your
20   Honor has never been -- again, it's because Your Honor is
21   burdened -- but we reached a point where there was no
22   vehicle for either party to get this in front of you for
23   review. Is this really privileged? You know, entry about,
24   Well, these are results of experiments, but I plan to tell
25   counsel about it. Of course, you can't hide facts by

Page 1200

1    saying, somehow cloaking it is something I think I am going
2    to tell them in the future. Our point is if they are going
3    to be able to do it with Dr. Brittain, and we think that is
4    error, in fairness, how can they claim, shield from us
5    experiments and claim that it wouldn't be fair for us to
6    show the jury that they have done -- that they have shielded
7    experiments under claims of privilege.
8          THE COURT: Let me think about this a bit. Is
9    there anything else?
10         MR. JACOBS: One more fact that is useful, I
11   think, Your Honor, to understanding the picture here.
12         DX-186 is the actual engagement letter with
13   Dr. Brittain from Mr. Sipio.
14         THE COURT: Mr. Sipio is the fly in this
15   ointment to a degree, I think, as I recall.
16         MR. JACOBS: Except two things, Your Honor. No.
17   1 it's cc Mr. Bokar, cc Mr. Bokar, and it states as follows,
18   it's dated November 23, 2005: This letter will confirm that
19   I have retained you as a consultant for your expertise in
20   x-ray crystallography and other analytical techniques
21   suitable for the characterization of chemical compounds
22   present in human pharmaceutical compositions.
23         THE COURT: Are there any other issues that are
24   more easily disposed than this?
25         MR. SCHEVE: They do plan to call Dr. Desai and

Page 1408

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

ELAN PHARMA INTERNATIONAL    :    Civil Action
LIMITED,                     :
                             :
          Plaintiff,         :
                             :
     v.                      :
                             :
ABRAXIS BIOSCIENCE INC.,     :
                             :
          Defendant.         :    No. 06-438-GMS

- - -

Wilmington, Delaware
Tuesday, June 10, 2008
8:45 a.m.
SEVENTH DAY OF TRIAL

- - -

BEFORE: HONORABLE GREGORY M. SLEET, Chief Judge,
                                and a Jury

APPEARANCES:

          JOHN G. DAY, ESQ.
          Ashby & Geddes
               -and-
          STEPHEN SCHEVE, ESQ.,
          LINDA M. GLOVER, ESQ.,
          JEFFREY SULLIVAN, ESQ.,
          ROBERT RIDDLE, ESQ., and
          PAUL FEHLNER, ESQ.
          Baker Botts LLP
          (Houston, TX)
               -and-
          GREGORY BOKAR, ESQ.
          Counsel - Elan Drug Delivery

                    Counsel for Plaintiff

Page 1409

```
 1   APPEARANCES CONTINUED:
 2
        ELENA C. NORMAN, ESQ., and
 3      MICHELLE SHERETTA BUDICAK, ESQ.
        Young Conaway Stargatt & Taylor, LLP
 4        -and-
        MICHAEL A. JACOBS, ESQ.,
 5      EMILY A. EVANS, ESQ.,
        ERIC S. WALTERS, ESQ.,
 6      LISA CHIARINI, ESQ.,
        DIANA KRUZE, ESQ., and
 7      ERIK J. OLSON, ESQ.
        Morrison & Foerster
 8      (San Francisco, CA)
 9            Counsel for Defendant
10      - - - - -
11      THE COURT:  Good morning.
12      (Counsel respond "Good morning.")
13      THE COURT:  I understand we have an issue.
14      MR. JACOBS:  A couple of things, Your Honor.
15      THE COURT:  I hope they are short.
16      MR. JACOBS:  Two are short and one may take a
17   few minutes.  No. 1, we have reached a stipulation on a
18   person of ordinary skill in the art.
19      THE COURT:  Good.  I was wondering whether we
20   were going to hear about that mystic person.
21      MR. JACOBS:  Procedurally, Your Honor, would you
22   like Ms. Kruze to read it?  It would have come up in
23   Dr. Amiji's testimony.  Ms. Kruze could just read the
24   stipulation into the record, if that would be appropriate.
25      MR. SCHEVE:  Fine.
```

Page 1410

```
 1      MR. JACOBS:  No. 2, documents in evidence.  How
 2   do we work?  I am still a little confused.  I know we have
 3   heard several times how this is supposed to work but we are
 4   at the level of mechanics, understanding what is in and what
 5   isn't, especially documents that are --
 6      THE COURT:  All objections were overruled to
 7   documentary exhibits, unless raised again.  I have not
 8   entertained any additional objections.  So it's in.
 9      MR. JACOBS:  On the original exhibits list, all
10   those exhibits are in evidence.
11      THE COURT:  Are in.  What you want the jury to
12   consider is another matter.  Is that where we are going with
13   this?
14      MR. JACOBS:  No.  I think there are documents --
15      THE COURT:  For your record, they are in.
16      MR. JACOBS:  For closing --
17      THE COURT:  That's evidence.
18      MR. JACOBS:  Terrific.
19      THE COURT:  Mr. Scheve, do you have any
20   questions?
21      MR. SCHEVE:  That's exactly what I have
22   understood, Your Honor.
23      MR. JACOBS:  Dr. Brittain, two alternative
24   paths, from our standpoint.
25      No. 1, we put him on the stand, he is here in
```

Page 1411

```
 1   the courtroom, by the way.  We put him on the stand, and we
 2   examine him pursuant to the second Bench memo we filed
 3   yesterday, in which we elicit only -- I can hand Your Honor
 4   a copy.
 5      THE COURT:  I got it yesterday, you say?
 6      MR. JACOBS:  Yes.  We didn't focus on it
 7   yesterday.
 8      THE COURT:  Have you seen the Bench memo,
 9   Mr. Scheve?
10      MR. SCHEVE:  Yes.
11      MR. JACOBS:  We gave it to them yesterday, Your
12   Honor.
13      The main point of this Bench memo, Your Honor,
14   is that when we ask him questions, we do not want him
15   volunteering, and we do not want counsel for Elan eliciting
16   testimony beyond the specific and narrow facts that are
17   already in the record from his deposition or from the
18   documents.
19      THE COURT:  You know, counsel and those in the
20   well, you can sit.  It seems like this is going to take a
21   few minutes.  There is no reason for you to have to stand.
22   Mr. Jacobs.
23      MR. JACOBS:  There is only one question from the
24   deposition that I need to ask him, which is, Did you perform
25   studies on Abraxane?  Beyond that, I don't believe counsel
```

Page 1412

```
 1   for Elan should be allowed to elicit additional testimony
 2   about what he did because he was instructed not to answer a
 3   whole range of questions about what he actually did at his
 4   deposition.
 5      Actually, the second path is that we do not put
 6   Dr. Brittain on the stand, and the Court explains to the
 7   jury what happened with the privilege log and why we are
 8   where we are.  I prepared and gave to counsel for Elan
 9   yesterday a proposed statement from the Bench that would
10   just lay out, very briefly, lay out exactly what happened.
11   That way, we don't have to deal with uncertainties about
12   what Dr. Brittain might say when he testifies on this issue.
13      THE COURT:  I got to believe that Mr. Scheve
14   probably doesn't want the jury hearing about that from me.
15   Maybe I am wrong about that.
16      MR. SCHEVE:  Well, after all day yesterday
17   asking witnesses, What did you have for breakfast?, and
18   hearing, Well, I had eggs right next to an order of
19   amorphous paclitaxel contained in Abraxis, all day, and now
20   to have counsel say, We really don't want any gratuitous
21   answers, or to go beyond -- they are now the sponsoring
22   witness, Your Honor.  There is no expert report from him.
23   If they are going to ask fact questions, you know, it's my
24   decision, I would think, whether or not I wade into
25   something.  I will be very cautious about that.  The idea
```

Page 1413

1 that counsel can say, in advance, that I am restricted to
2 what I may ask --
3          THE COURT: I am not going to do that,
4 Mr. Jacobs. You will have to object.
5          MR. JACOBS: To be clear, Mr. Scheve instructed
6 Dr. Brittain at his deposition not to answer additional
7 questions.
8          THE COURT: I think both sides know what the
9 issue is with Dr. Brittain. We have had an extensive
10 discussion about this. I am tired of it. Let's move on.
11 Let's get this trial back underway.
12          Ms. Walker, bring in this jury.
13          MR. SCHEVE: I do have an issue, Your Honor.
14 They have tendered something they want to either read to the
15 jury or give to them that talks about your ruling that says,
16 Your Honor has ruled --
17          THE COURT: That was the second path that he was
18 just talking about. Right?
19          MR. SCHEVE: They have offered an instruction
20 which would --
21          THE COURT: I just rejected --
22          MR. SCHEVE: It is a separate issue. On this
23 inference, they have offered an instruction, and they also
24 now want to read or show the jury, in writing, that Your
25 Honor has found that Elan, my client, has willfully or

Page 1414

1 wrongfully --
2          THE COURT: We are not going to do that, either.
3          MR. SCHEVE: It would be two comments on the
4 inference. That should be in the jury instructions.
5          THE COURT: That is where it will be.
6          MR. JACOBS: I need to know what you have
7 decided on the jury instructions.
8          THE COURT: Are you talking about the final jury
9 instructions?
10          MR. JACOBS: I am sorry, Your Honor. I thought
11 you said to Mr. Scheve, on the jury instructions --
12          THE COURT: I am instructing this jury at this
13 point on Dr. Brittain. I am going to give an instruction on
14 the final jury instruction -- you are going to be trial
15 lawyers and we are going to try this case with this witness
16 on the stand. You will interpose objections. I will rule
17 on those objections. It is not unduly complicated.
18          MS. KRUZE: Your Honor, shall I read into the
19 record the person of ordinary skill?
20          THE COURT: Don't you want the jury to hear it?
21          MS. KRUZE: Yes.
22          THE COURT: I certainly would like to hear it.
23 I think the jury would like to hear it.
24          We had a witness on the stand, Dr. Amiji.
25          Dr. Amiji, please.

Page 1415

1          Doctor, you are still under oath. Good morning.
2          (Jury enters courtroom at 9:07 a.m.)
3          THE COURT: Good morning on yet another hot day,
4 ladies and gentlemen. Have a seat. You will be comfortable
5 today, hopefully.
6          Ms. Kruze, you may continue with Dr. Amiji.
7          ... MANSOOR AMIJI, having been previously sworn
8 as a witness, was examined and testified further as.
9 follows...
10          THE COURT: Do you want to start out with a
11 stipulation?
12          We have arrived at one of those stipulations I
13 talked with you about in the preliminary instructions, that
14 is an agreement, one of those rare events in this case
15 between the parties. Ms. Kruze is now going to tell you who
16 the ordinary person of skill in the art is, that is, give
17 you the definition of this person you have heard about, this
18 person of skill.
19          MS. KRUZE: The person of ordinary skill in the
20 art would have a Ph.D. or the equivalent in pharmaceutical
21 sciences, chemistry, chemical engineering, or biological
22 sciences, and at least two years of practical experience in
23 formulating drug compositions at the time the application
24 for the '363 patent was filed.
25          Alternatively, the person of ordinary skill in

Page 1416

1 the art could be someone with a Master's degree in
2 pharmaceutical sciences, or the equivalent, with two or more
3 years of practical experience, specifically in the
4 development of nanoparticulate pharmaceutical compositions.
5          THE COURT: Let me see counsel for just a second
6 before I say what I am thinking about saying. It doesn't
7 need to be on the record.
8          (Sidebar conference not reported.)
9          THE COURT: Perhaps Ms. Kruze will direct you to
10 the place. You don't have to worry about having made notes
11 as to that definition. It has been or will be provided to
12 you.
13          DIRECT EXAMINATION CONTINUED
14 BY MS. KRUZE:
15 Q.  Good morning, Dr. Amiji.
16 A.  Good morning, Ms. Kruze.
17 Q.  Yesterday we were discussing enablement of the patent
18 relating to drug and surface modifier combinations. I
19 believe where we left off was Defendant's Exhibit 193. This
20 was the memo from Sarptodar and your comparison of that memo
21 to the patent claims.
22 A.  Yes.
23 Q.  And we were discussing, did the patent applicants
24 disclose, for example, that Tween 80 reached 3,000
25 nanometers?

Soon-Shiong - redirect

Page 1561

1    cross-examine Dr. Brittain on what Elan produced in
2    discovery.
3        That would have not been seemly. It would not
4    have been attractive to this jury, which thinks these
5    matters proceed in an orderly fashion.
6        THE COURT: So you say there are certain things
7    that did or did not happen, during the course of discovery,
8    and that as a sanction for some things that did not happen,
9    specifically with regard to the testing, the production of
10   that information, that Abraxis is entitled to at least infer
11   that something negative as a result of the failure of Elan
12   to do what you contend it should have.
13       MR. JACOBS: Exactly. An area in which I might
14   add, District Court's have broad discretion in managing the
15   process leading up to trial. I made a strategic call, you
16   are absolutely right, Your Honor, I did not want the
17   Dr. Brittain testimony to spin out in circles on circles as
18   to who did what to whom. I think that was in the interest
19   of the process. I was obviously interested, motivated by
20   the result as well. It shouldn't prejudice the order we
21   have from the Court.
22       THE COURT: Do we have a proposal for the
23   instruction?
24       MR. JACOBS: It's embodied in the jury
25   instructions, Your Honor. There is also this proposed

Page 1562

1    statement that I referred to before, which was another
2    effort.
3        THE COURT: What about the instruction? Where
4    is it in the instructions?
5        MR. JACOBS: It would be in the infringement
6    section.
7        THE COURT: The folks in the well of the court
8    and everyone can sit for a moment.
9        Mr. Scheve, I am going to give you a chance.
10       MR. SCHEVE: Thank you, Judge.
11       MR. JACOBS: It is in Abraxis's proposed
12   instruction 4.3 on Page 48. I can hand it up.
13       THE COURT: I think I have a copy.
14       Maybe you better hand it up, on Page 48, there
15   is no such instruction. I have parties proposed general
16   instructions, clean version. And I have parties' proposed
17   general instructions.
18       MR. JACOBS: May I hand it up?
19       THE COURT: Yes. Do you have this, Mr. Scheve?
20       MR. SCHEVE: I am sure my team does, Your Honor.
21       THE COURT: Somebody. Yes.
22       You know, it is interesting, Mr. Jacobs's, the
23   title of what you handed me is parties' proposed general
24   instructions. I have a document with the same title, but
25   different Page 48s.

Page 1563

1        MR. JACOBS: It is perhaps an older version.
2        THE COURT: It may be that I have an older
3    version.
4        MR. JACOBS: Maybe 4.3 has remained. 4.3, for
5    this purpose, Your Honor.
6        It's after Elan's proposed opinion on, proposed
7    instruction on willfulness.
8        THE COURT: It's the same 4.3. This reads, for
9    the record, "You have heard that Elan withheld the documents
10   of Dr. Brittain's test listed in DX-508. You shall infer
11   from Elan's non-production of Dr. Brittain's testing
12   documents that these documents would have been unfavorable
13   to Elan's case on infringement."
14       I have just been handed, in order to refresh my
15   recollection, a copy of my order in regards to Abraxis's
16   motions 1 and 4, which is, I think, the relevant order.
17       MR. JACOBS: Yes, it is, Your Honor.
18       THE COURT: At the very least, just for purposes
19   of talking about this a little bit, I would think that it
20   would be more appropriate to say that you may infer from
21   Elan's non-production, not you shall infer. I don't think I
22   can direct the jury to make an inference. I can council
23   them that they may. They are the fact-finders. Wouldn't
24   you agree with that?
25       MR. JACOBS: It was actually the "shall," the

Page 1564

1    shall was in your order, Your Honor. And it was the shall
2    that partly led us to not have to put a case on in front of
3    them about the production. It's the last paragraph, I
4    believe, Your Honor.
5        THE COURT: Well, it should have been "may," may
6    infer. I don't think that I can -- if Mr. Scheve is right,
7    he is right. I think he is double right -- I don't think I
8    can instruct the jury that they shall draw a negative
9    inference.
10       Mr. Scheve? Apart from your position on whether
11   I should give this instruction at all.
12       MR. SCHEVE: Yes, sir. I agree with what Your
13   Honor has said. The only other language is "you have heard
14   evidence that." That is my position that they haven't heard
15   it.
16       THE COURT: I was going to get to that. I
17   understand why you write it this way.
18       I don't think I need to compound the error that
19   I think exists in the other part, that is, in Paragraph 3 of
20   the Court's order, where I did write "the Court will
21   instruct the jury that it shall infer." That's incorrect,
22   as a matter of law.
23       MR. JACOBS: Your Honor, if I may, let me give
24   you what I think is the, as one of my math teachers used to
25   say, the lemma for the dilemma.

# EXHIBIT C

Page 1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

ELAN PHARMA INTERNATIONAL         :      Civil Action
LIMITED,                          :
                                  :
          Plaintiff,              :
                                  :
     v.                           :
                                  :
ABRAXIS BIOSCIENCE INC.,          :
                                  :
          Defendant.              :      No. 06-438-GMS

- - -

Wilmington, Delaware
Tuesday, October 2, 2007
9:30 a.m.

- - -

BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge

APPEARANCES:

          STEVEN J. BALICK, ESQ.
          Ashby & Geddes
               -and-
          STEPHEN SCHEVE, ESQ.,
          LINDA M. GLOVER, ESQ., and
          JEFFREY D. SULLIVAN, ESQ. (New York, N.Y.)
          Baker Botts LLP
          (Houston, Texas)
               -and-
          GREGORY BOKAR, ESQ.
          Counsel - Elan Drug Delivery

                    Counsel for Plaintiff

Page 82

1 think, is they are entitled to know that --
2         MR. SCHEVE: If they want to know why did we
3 select that date, we will respond.
4         MR. WALTERS: What constitutes conception.
5         THE COURT: And the support for that assertion,
6 or those assertions. That's fair game.
7         MR. SCHEVE: Okay.
8         THE COURT: Counsel, here you go (handing
9 documents to Mr. Walters).
10         MR. WALTERS: I had one additional interrogatory
11 that also relates to several of the document requests. This
12 is Interrogatory No. 29, and Document Requests 74, 75 and
13 76. It has to do with documents that refer to Abraxis or
14 Abraxane and testing of Abraxane by Elan. This is an issue
15 that came up in an earlier discovery conference. They
16 asserted work product over all of the testing.
17         Since that discovery hearing, we have learned a
18 couple of very interesting things. Very late in the
19 litigation, Elan produced -- I believe these documents are
20 marked restricted confidential. Is it acceptable to go
21 ahead with this?
22         MR. SULLIVAN: We don't object.
23         MR. WALTERS: -- produced a number of documents
24 showing that they had a program to try to copy Abraxane, and
25 it failed. These came out at the very end, toward the very

Page 83

1 end of document discovery. Part of that, they had people
2 inside Elan characterizing Abraxane and attempting to use
3 their grinding methodology that they have in their patents,
4 maybe variations of what was in their patents, to produce
5 it. And they couldn't do it.
6         And as part of this, we are very concerned that
7 they have not produced all of the documents that they have
8 that relate to Abraxis or Abraxane, including testing of
9 Abraxane. I think they tried to characterize in the briefs,
10 they just won't believe us when we say we did it. It is
11 much more specific than that.
12         We have asked them -- part of what both parties
13 did during document discovery is agreed to run searches of
14 electronic databases using specific terms. Two of the terms
15 were Abraxis and Abraxane. We have said, well, this doesn't
16 look like enough documents based on what we think you have
17 done.
18         THE COURT: We have had this issue come up
19 before.
20         MR. WALTERS: It is new because we have learned
21 all sorts of new facts, including that this program took
22 place. We have asked them to -- they said they produced
23 everything. Then just tell us, when you run your search,
24 you know, the guys, the tech guys who run the search will
25 have a number next to the search. Abraxis comes up in a

Page 84

1 thousand documents, 2000 documents. Tell us how many.
2         They won't do it. When we look at the documents
3 that they actually produced, which is just a handful of
4 documents -- I will get back to that in a minute -- they
5 refer to things that took place. There is a Gainesville
6 meeting that is referenced where part of the program was
7 developed to copy Abraxane. There is no documents about
8 this Gainesville meeting. There is documents that refer to
9 a development plan. There is no development plan that was
10 produced.
11         And then the other piece of this that causes us
12 some concern is that they only produced -- this program
13 appears to have started sometime in 2005.
14         THE COURT: This program meaning the program to
15 try to replicate --
16         MR. WALTERS: To try to replicate Abraxane. And
17 it went on, it is a little hard to tell with the paper
18 trail, but it went on for at least about a year. They
19 originally budgeted over a million dollars and spent 87,000
20 after just a few months. We don't have the end point of it,
21 which is basically one person -- the equivalent of one
22 person working almost full time.
23         We have basically a couple dozen documents, most
24 of which are little one- and two-line short e-mails of that
25 project. It just doesn't add up.

Page 85

1         Then there is also internal documents that we
2 have cited in the briefing -- I could show you if you would
3 like -- that refer to vials of Abraxane that they had on
4 hand that they were using in the lab. And we don't have
5 what they were using it for.
6         Then finally, there is one other piece, which is
7 in the interrogatory response. We said, tell us about your
8 testing of Abraxane. And they said, you know, if they
9 hadn't conducted any testing of Abraxane or even any testing
10 that they didn't claim as work product, it would be have
11 been very easy: No testing of Abraxane. They didn't say
12 that. They said Elan conducted no formal or extensive
13 testing of Abraxane that is not work product.
14         If I may return to that interrogatory response,
15 and there has been no testing, no formal or extensive
16 testing.
17         One additional point and I will sit down, which
18 is, their argument earlier was that, it's premature, it's
19 work product. We are going to have our experts come forward
20 with their reports. We have their expert report now, with
21 some testing data. But they only want to show the jury the
22 testing data that they like. We don't really think much of
23 their testing data. But we think the jury ought to have the
24 whole story. And they shouldn't be able to just pick and
25 choose what data they show to the jury.

Page 86

1    They have relied on this argument that it's
2 premature. This is all part of expert discovery. Here we
3 are, it's expert discovery, and they should be producing
4 their testing data that has been done by them and their
5 experts and consultants.
6    THE COURT: Okay. Mr. Scheve.
7    MR. SCHEVE: Your memory is very good, Your
8 Honor. This issue was raised in the past. My client --
9    THE COURT: My memory is actually lousy, but I
10 remember this.
11    MR. SCHEVE: My client -- actually, Abraxis has
12 a generic business. That is their primary business with
13 regard to this drug. Within their company, I will bet my
14 house that they have gone out and acquired products from
15 others that are being viewed for a generic. There is no
16 question, and they had the deposition of the three primary
17 scientists of our company, and they went into it ad nauseam
18 about what was this program. And it was fully discussed
19 that they were considering, do we go generic or do we go
20 505, in other words, file a New Drug Application, in
21 evaluating the various strategic routes to move forward.
22    And as the testimony was, the decision was made,
23 quote, The market has moved past us and our product is
24 already on the market, namely, Abraxane, we are not going to
25 go out and make another one.

Page 87

1    There was one lab notebook, we gave it to them.
2    We have given them every single page, every
3 single page, Your Honor. There is no more documentation.
4 It was ended for business reasons.
5    Of the 80-some thousand, here are the five vials
6 that remain unopen that we bought (indicating). They are
7 about four thousand a vial. There is 20,000 of the expense
8 of the 87. So we have spent, my client spent a total of
9 $67,000 to evaluate the various approaches. They have never
10 accused us of infringing their patents. I don't know what
11 this is all about. But I will tell you, we have gone to our
12 vendors, they have plugged into every data search every
13 single document, every strand. We have given them 240 pages
14 where the word Abraxane or Abraxis has been mentioned.
15    Now, what is really happening here is a veiled
16 effort to get at my work product. Your Honor entered an
17 order denying the Rule 11 motion. We did testing before we
18 filed this lawsuit. We met our obligations under Rule 11.
19    At the direction of counsel, we had consulting
20 experts, not testifiers, consult with us and do testing
21 before we filed this lawsuit. And this is nothing but a
22 veiled effort now of trying to pierce these privileges.
23    In terms of my client, Dr. Liversidge, who is
24 one of the inventors, Dr. Gary Liversidge, who is one of the
25 inventors, and the manager of my client's plant in King of

Page 88

1 Prussia, the head science guy, they have all stated under
2 oath, no testing was done by my client on Abraxis. It
3 didn't happen. They got every single piece of paper.
4    To the extent that there is privileged
5 information from consulting experts, Your Honor, we stand on
6 those privileges.
7    This lawsuit is about whether Abraxane infringes
8 our patents. The fact that we bought some Abraxane and did,
9 as every other company out there who is in the generic
10 business, trying to think, this thing is going to come off
11 patent in 2011 or whatever, is there a strategy we can
12 employ, to suggest that is somehow nefarious ignores how
13 this industry works.
14    They have got everything we have got, Judge,
15 that is not privileged. Every single page.
16    MR. WALTERS: I did not hear Mr. Scheve respond
17 to a number of the points that have caused us concern. How
18 many documents showed up when they did a term search?
19 Pretty easy thing to answer: Abraxis, Abraxane. If it is
20 more than 240, then we have a problem. Why didn't the
21 interrogatory response, instead of saying, on information
22 and belief, which I forgot to mention, but it is important,
23 on information and belief no formal or extensive testing,
24 why not say, we have investigated it and there is no
25 testing.

Page 89

1    We had ten depositions. We are not complaining
2 about it. We took the depositions of the people that we
3 thought -- the inventors and people like that. There are a
4 lot of other names on these documents that show up involved
5 in this program with Abraxane. It's not just, you know, the
6 handful of people that we talked to. Elan is a big company.
7    In addition, you know, Mr. Scheve talked about
8 testing that they did prior to the lawsuit, or at any time
9 in the lawsuit. It is not on the privilege log. If they
10 have some privileged testing, they haven't asserted the
11 privilege, Your Honor. It is not on the log.
12    We raised this in the written motion. They talk
13 about this privileged work product testing. At the same
14 time they are developing a competing product and they say
15 that there is a privilege. I would like to see that on a
16 privilege log that supports it.
17    But more to the point, again, we are at the
18 phase of expert discovery. They have come forward with
19 their testing evidence, and we think the jury is entitled to
20 see all of their testing evidence, not just what they
21 handpick.
22    THE COURT: Could you respond first, Mr. Scheve,
23 to that last one.
24    MR. SCHEVE: You know, it's called Presentation.
25 It's on the privilege log. All I can tell you, Judge, is

Page 110

1    MR. SCHEVE: We have dealt with this. If I can
2  just remind you, my client's business is the nanoparticulate
3  business. It is the one that started all this. What she
4  wants is literally every piece of paper in my company that
5  deals with nanoparticles. And the patents here deal with
6  anticancer drugs. They deal with very specific compounds.
7  She sent us an e-mail yesterday saying --
8    THE COURT: Hold on. I am not going to
9  reconsider my ruling on this basis. In other words, what I
10  am being reminded is I have ruled on this request. Simply
11  because I ruled the way I did with regard to the two
12  third-party issues that I ruled about today, I am not going
13  to reconsider that motion. Okay.
14    MS. EVANS: All right.
15    THE COURT: That's the ruling.
16    MR. SCHEVE: Your Honor, could I just ask Your
17  Honor to -- if they have provided it to us and I have
18  overlooked it, I apologize. Ms. Evans or Mr. Walters said
19  they provided every Desai notebook. Can I have an order
20  that reflects they are to produce the lab notebook of Log
21  Entry 110, Desai Notebook No. 0006, and Lab Notebook
22  Temp-5719? If we have got it, I apologize.
23    THE COURT: Any problem with that?
24    MS. EVANS: No problem, Your Honor, because they
25  have it.

Page 111

1    MR. SCHEVE: And then lastly, Your Honor, for
2  purposes of getting Dr. Soon-Shiong scheduled --
3    THE COURT: Do we have the dates?
4    MS. EVANS: It looks like the 15th, Your Honor,
5  October 15th would be something that would be do-able.
6    THE COURT: Where would this take place?
7    MS. EVANS: It would take place at our offices
8  in Los Angeles, where Mr. Soon-Shiong resides.
9    THE COURT: Mr. Scheve?
10    MR. SCHEVE: I will have to check, Your Honor.
11  I have a firm -- I head up a department with my firm and I
12  have a firm retreat that I have to sponsor. Could I get one
13  or two alternative dates and we will work to come within
14  those two or three dates?
15    THE COURT: I will leave that to counsel to work
16  out.
17    MS. EVANS: We will work with Mr. Scheve on
18  that.
19    MR. SCHEVE: If we need to go beyond the 30th of
20  October, we are accommodating.
21    THE COURT: So counsel are aware, and your
22  clients, except to implement an order or to further address
23  an order that I have made today, there will be no further
24  discovery disputes that this Court or any Judge in this
25  building or any Court-appointed official outside of this

Page 112

1  building will entertain. This is it. So speak now or
2  forever hold that piece out there.
3    Okay? I will issue an order.
4    Yes.
5    MS. EVANS: I do have one thing I would like to
6  raise, Your Honor.
7    THE COURT: Sure.
8    MS. EVANS: At least as to the testing that was
9  presented in some of the eight expert reports, and if the
10  other side will produce this, that would be all right, but
11  we wanted to actually get the testing, the actual laboratory
12  notebooks showing the testing and evaluation underlying
13  documents. So we have been considering subpoenaing the
14  testifying experts, Elan's testifying experts, for any
15  documents showing testing or experimental work done on
16  Abraxane. So we have been considering, we have been
17  thinking about that this weekend, Your Honor. I wanted to
18  preview that with Your Honor. If Elan will produce it in
19  the absence of subpoena, that is fine. It may not be in
20  their control since these are third parties.
21    We would, rather than just kind of getting the
22  pre-digested report, we would like to see the raw data.
23    THE COURT: Mr. Scheve, are you able to respond
24  to that?
25    MR. SCHEVE: Your Honor, I understand it is

Page 113

1  fairly standard that you issue a notice and say please bring
2  with you the following. Obviously, we want to protect
3  whatever falls under the umbrella of privilege. I kind of
4  expect to see that, because I am going to give them one that
5  says give me any testing that you have got. I don't have a
6  problem with that. I don't foresee a problem.
7    MS. EVANS: So do it by means of notice rather
8  than subpoena.
9    MR. SCHEVE: Of experts?
10    THE COURT: My practice is certainly that if
11  someone is going to proffer an expert, you just notice and
12  attach a duces tecum attachment.
13    MS. EVANS: All right. Thank you.
14    THE COURT: Anything else?
15    MS. EVANS: No, sir.
16    THE COURT: I expect to hear from Mr. Jacobs in
17  writing as to why he wasn't here today.
18    MS. EVANS: Yes, sir.
19    THE COURT: Good day.
20    (Court recessed at 12:05 p.m.)
21    - - -
22  Reporter: Kevin Maurer
23
24
25

# EXHIBIT D

**Harry G. Brittain's Document Production Privilege Log (November 15, 2007)**
Elan Pharmaceutical v. Abraxis Bioscience, Inc. Case No. 06-438-GMS

Case No. 06-438-GMS
**DX-508**

| Log # | Doc_ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 1. | TPP0005827 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 2. | TPP0005833 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 3. | TPP0005839 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 4. | TPP0005845 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 5. | TPP0005851 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 6. | TPP0005857 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 7. | TPP0005863 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 8. | TPP0005869 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 9. | TPP0005875 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 10. | TPP0005881 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 11. | TPP0005912 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 12. | TPP0005943 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

1

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 13. | TPP0005974 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 14. | TPP0006005 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 15. | TPP0006036 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 16. | TPP0006067 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 17. | TPP0006073 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 18. | TPP0006079 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 19. | TPP0006085 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 20. | TPP0006091 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 21. | TPP0006097 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 22. | TPP0006103 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 23. | TPP0006109 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 24. | TPP0006115 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 25. | TPP0006121 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 26. | TPP0006127 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 27. | TPP0006133 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 28. | TPP0006139 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 29. | TPP0006145 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 30. | TPP0006151 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 31. | TPP0006157 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 32. | TPP0006163 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 33. | TPP0006169 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 34. | TPP0006175 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 35. | TPP0006181 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 36. | TPP0006187 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 37. | TPP0006193 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 38. | TPP0006199 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 39. | TPP0006205 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 40. | TPP0006211 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

3

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 41. | TPP0006217 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 42. | TPP0006223 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 43. | TPP0006229 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 44. | TPP0006235 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 45. | TPP0006241 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 46. | TPP0006247 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 47. | TPP0006253 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 48. | TPP0006259 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 49. | TPP0006265 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 50. | TPP0006271 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 51. | TPP0006277 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 52. | TPP0006283 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 53. | TPP0006289 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 54. | TPP0006295 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

4

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 55. | TPP0006301 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 56. | TPP0006307 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 57. | TPP0006313 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 58. | TPP0006319 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 59. | TPP0006325 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 60. | TPP0006331 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 61. | TPP0006337 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 62. | TPP0006343 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 63. | TPP0006349 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 64. | TPP0006355 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 65. | TPP0006361 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 66. | TPP0006367 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 67. | TPP0006373 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 68. | TPP0006379 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 69. | TPP0006385 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 70. | TPP0006391 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 71. | TPP0006397 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 72. | TPP0006403 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 73. | TPP0006409 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 74. | TPP0006415 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 75. | TPP0006421 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 76. | TPP0006427 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 77. | TPP0006433 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 78. | TPP0006439 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 79. | TPP0006445 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 80. | TPP0006451 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 81. | TPP0006457 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 82. | TPP0006463 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|-------|-------------|------|------|-------------|------|-----|-----|-----------|
| 83. | TPP0006469 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 84. | TPP0006475 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 85. | TPP0006481 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 86. | TPP0006487 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 87. | TPP0006493 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 88. | TPP0006499 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 89. | TPP0006505 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 90. | TPP0006511 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 91. | TPP0006517 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 92. | TPP0006523 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 93. | TPP0006529 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 94. | TPP0006535 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 95. | TPP0006541 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 96. | TPP0006547 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

7

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 97. | TPP0006553 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 98. | TPP0006559 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 99. | TPP0006565 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 100. | TPP0006571 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 101. | TPP0006577 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 102. | TPP0006583 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 103. | TPP0006589 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 104. | TPP0006595 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 105. | TPP0006601 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 106. | TPP0006607 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 107. | TPP0006613 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 108. | TPP0006619 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 109. | TPP0006625 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 110. | TPP0006631 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 111. | TPP0006637 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 112. | TPP0006643 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 113. | TPP0006649 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 114. | TPP0006655 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 115. | TPP0006661 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 116. | TPP0006667 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 117. | TPP0006673 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 118. | TPP0006679 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 119. | TPP0006685 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 120. | TPP0006691 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 121. | TPP0006697 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 122. | TPP0006703 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 123. | TPP0006709 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 124. | TPP0006715 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

9

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 125. | TPP0006721 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 126. | TPP0006727 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 127. | TPP0006733 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 128. | TPP0006739 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 129. | TPP0006745 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 130. | TPP0006751 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 131. | TPP0006757 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 132. | TPP0006763 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 133. | TPP0006769 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 134. | TPP0006775 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 135. | TPP0006781 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 136. | TPP0006787 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 137. | TPP0006793 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 138. | TPP0006799 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 139. | TPP0006805 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 140. | TPP0006811 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 141. | TPP0006817 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 142. | TPP0006823 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 143. | TPP0006829 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 144. | TPP0006835 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 145. | TPP0006841 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 146. | TPP0006847 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 147. | TPP0006853 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 148. | TPP0006859 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 149. | TPP0006865 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 150. | TPP0006871 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 151. | TPP0006877 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 152. | TPP0006883 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

11

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|-------|-------------|------|------|-------------|------|-----|-----|-----------|
| 153. | TPP0006889 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 154. | TPP0006895 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 155. | TPP0006901 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 156. | TPP0006907 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 157. | TPP0006913 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 158. | TPP0006919 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 159. | TPP0006925 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 160. | TPP0006931 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 161. | TPP0006937 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 162. | TPP0006943 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 163. | TPP0006949 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 164. | TPP0006955 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 165. | TPP0006961 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 166. | TPP0006967 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

12

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 167. | TPP0006973 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 168. | TPP0006979 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 169. | TPP0006985 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 170. | TPP0006991 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 171. | TPP0006997 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 172. | TPP0007003 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 173. | TPP0007009 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 174. | TPP0007015 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 175. | TPP0007021 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 176. | TPP0007027 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 177. | TPP0007033 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 178. | TPP0007039 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 179. | TPP0007045 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 180. | TPP0007051 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

13

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 181. | TPP0007057 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 182. | TPP0007063 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 183. | TPP0007069 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 184. | TPP0007075 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 185. | TPP0007081 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 186. | TPP0007087 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 187. | TPP0007093 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 188. | TPP0007099 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 189. | TPP0007105 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 190. | TPP0007111 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 191. | TPP0007117 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 192. | TPP0007123 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 193. | TPP0007129 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 194. | TPP0007135 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

14

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|---|---|---|---|---|---|---|---|---|
| 195. | TPP0007141 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 196. | TPP0007147 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 197. | TPP0007153 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 198. | TPP0007159 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 199. | TPP0007165 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 200. | TPP0007171 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 201. | TPP0007177 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 202. | TPP0007183 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 203. | TPP0007189 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 204. | TPP0007195 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 205. | TPP0007201 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 206. | TPP0007207 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 207. | TPP0007213 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 208. | TPP0007219 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

15

| Log # | Doc. ID No. | Date | Type | Description | From | To | CC | Privilege |
|-------|-------------|------|------|-------------|------|----|----|-----------|
| 209. | TPP0007225 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 210. | TPP0007231 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 211. | TPP0007237 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 212. | TPP0007243 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 213. | TPP0007249 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 214. | TPP0007255 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 215. | TPP0007261 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 216. | TPP0007267 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 217. | TPP0007273 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 218. | TPP0007279 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 219. | TPP0007285 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 220. | TPP0007291 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 221. | TPP0007297 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |
| 222. | TPP0007303 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | | Attorney Mental Impression Work Product |

16

| | | | | | |
|---|---|---|---|---|---|
| 223. | TPP0007309 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 224. | TPP0007315 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 225. | TPP0007321 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 226. | TPP0007327 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 227. | TPP0007333 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 228. | TPP0007339 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 229. | TPP0007345 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 230. | TPP0007351 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 231. | TPP0007357 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 232. | TPP0007363 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 233. | TPP0007369 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 234. | TPP0007375 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 235. | TPP0007381 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 236. | TPP0007387 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 237. | TPP0007393 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental |

17

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Abraxis litigation at request of counsel. | | | Impression Work Product |
| 238. | TPP0007399 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 239. | TPP0007405 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 240. | TPP0007411 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 241. | TPP0007417 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 242. | TPP0007423 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 243. | TPP0007429 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 244. | TPP0007435 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 245. | TPP0007441 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 246. | TPP0007447 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 247. | TPP0007453 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 248. | TPP0007459 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 249. | TPP0007465 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 250. | TPP0007471 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 251. | TPP0007477 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |

18

| | | | | | | |
|---|---|---|---|---|---|---|
| 252. | TPP0007483 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 253. | TPP0007489 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 254. | TPP0007495 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 255. | TPP0007501 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 256. | TPP0007507 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 257. | TPP0007513 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 258. | TPP0007519 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 259. | TPP0007525 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 260. | TPP0007531 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 261. | TPP0007537 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 262. | TPP0007543 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 263. | TPP0007549 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 264. | TPP0007555 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 265. | TPP0007561 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |

19

| | | | | | |
|---|---|---|---|---|---|
| 266. | TPP0007567 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 267. | TPP0007573 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 268. | TPP0007579 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 269. | TPP0007585 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 270. | TPP0007591 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 271. | TPP0007597 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 272. | TPP0007603 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 273. | TPP0007609 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 274. | TPP0007615 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 275. | TPP0007621 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 276. | TPP0007627 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 277. | TPP0007633 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 278. | TPP0007639 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 279. | TPP0007645 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 280. | TPP0007651 | Test Data | Test data prepared in conjunction with the Elan- | Harry G. Brittain | Attorney Mental |

20

| | | | | | Attorney Mental Impression Work Product |
|---|---|---|---|---|---|
| 281. | TPP0007657 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 282. | TPP0007663 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 283. | TPP0007669 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 284. | TPP0007675 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 285. | TPP0007681 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 286. | TPP0007712 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 287. | TPP0007743 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 288. | TPP0007754 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 289. | TPP0007765 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 290. | TPP0007771 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 291. | TPP0007777 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 292. | TPP0007808 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 293. | TPP0007819 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 294. | TPP0007825 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |

21

| | | | | | | Product |
|---|---|---|---|---|---|---|
| 295. | TPP0007856 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 296. | TPP0007887 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 297. | TPP0007898 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 298. | TPP0007909 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 299. | TPP0007915 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 300. | TPP0007921 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 301. | TPP0007922 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 302. | TPP0007923 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 303. | TPP0007924 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 304. | TPP0007925 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 305. | TPP0007926 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 306. | TPP0007927 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 307. | TPP0007938 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 308. | TPP0007944 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |

22

| | | | | | |
|---|---|---|---|---|---|
| 309. | TPP0007945 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 310. | TPP0007946 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 311. | TPP0007947 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 312. | TPP0007948 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 313. | TPP0007949 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 314. | TPP0007950 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 315. | TPP0007951 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 316. | TPP0007952 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 317. | TPP0007953 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 318. | TPP0007954 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 319. | TPP0007955 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 320. | TPP0007956 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 321. | TPP0007957 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 322. | TPP0007958 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 323. | TPP0007959 | Test Data | Test data prepared in conjunction with the Elan- | Harry G. Brittain | Attorney Mental |

23

| | | | | | |
|---|---|---|---|---|---|
| | | | Abraxis litigation at request of counsel. | | Impression Work Product |
| 324. | TPP0007990 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 325. | TPP0008021 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 326. | TPP0008032 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 327. | TPP0008043 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 328. | TPP0008049 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 329. | TPP0008055 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 330. | TPP0008086 | 1/31/2007 | Invoice | Invoice for consulting work conducted in conjunction with the Elan-Abraxis litigation. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 331. | TPP0008087 | 2/28/2007 | Invoice | Invoice for consulting work conducted in conjunction with the Elan-Abraxis litigation. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 332. | TPP0008088 | 4/2/2007 | Invoice | Invoice for consulting work conducted in conjunction with the Elan-Abraxis litigation. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 333. | TPP0008090 | 4/30/2007 | Invoice | Invoice for consulting work conducted in conjunction with the Elan-Abraxis litigation. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 334. | TPP0008091 | 5/31/2007 | Invoice | Invoice for consulting work conducted in conjunction with the Elan-Abraxis litigation. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 335. | TPP0008092 | 7/31/2007 | Invoice | Invoice for consulting work conducted in conjunction with the Elan-Abraxis litigation. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 336. | TPP0008096 | 4/25/2006 | Lab Notebook | Laboratory notebook reflecting tests conducted in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 337. | TPP0008152 | 3/1/2007 | Lab Notebook | Laboratory notebook reflecting tests conducted in conjunction with the Elan-Abraxis litigation at the | Harry G. Brittain | Attorney Mental Impression Work |

24

| | | | | | Product |
|---|---|---|---|---|---|
| 338. | TPP0008190 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 339. | TPP0008212 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 340. | TPP0008234 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 341. | TPP0008249 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 342. | TPP0008260 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 343. | TPP0008271 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 344. | TPP0008282 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 345. | TPP0008293 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 346. | TPP0008304 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 347. | TPP0008315 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 348. | TPP0008326 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 349. | TPP0008337 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 350. | TPP0008348 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 351. | TPP0008370 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |

25

| | | | | | |
|---|---|---|---|---|---|
| 352. | TPP0008381 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 353. | TPP0008392 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 354. | TPP0008403 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 355. | TPP0008434 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 356. | TPP0008465 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 357. | TPP0008466 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 358. | TPP0008479 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 359. | TPP0008510 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 360. | TPP0008541 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 361. | TPP0008572 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 362. | TPP0008603 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 363. | TPP0008634 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 364. | TPP0008665 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 365. | TPP0008696 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 366. | TPP0008727 | Test Data | Test data prepared in conjunction with the Elan- | Harry G. Brittain | Attorney Mental |

26

| | | | | | |
|---|---|---|---|---|---|
| | | | Abraxis litigation at request of counsel. | | Impression Work Product |
| 367. | TPP0008758 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 368. | TPP0008789 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 369. | TPP0008820 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 370. | TPP0008851 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 371. | TPP0008852 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 372. | TPP0008853 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 373. | TPP0008854 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 374. | TPP0008855 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 375. | TPP0008856 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 376. | TPP0008857 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 377. | TPP0008858 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 378. | TPP0008859 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 379. | TPP0008860 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 380. | TPP0008861 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work |

27

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 381. | TPP0008862 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 382. | TPP0008863 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 383. | TPP0008864 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 384. | TPP0008865 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 385. | TPP0008866 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 386. | TPP0008867 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 387. | TPP0008868 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 388. | TPP0008869 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 389. | TPP0008870 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 390. | TPP0008871 | | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 391. | TPP0008872 | 3/23/2007 | Presentation | Presentation prepared in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 392. | TPP0008892 | 5/8/2006 | Presentation | Presentation prepared in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 393. | TPP0008900 | | Presentation | Presentation prepared in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 394. | TPP0008908 | | Presentation | Presentation prepared in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |

28

| # | | Date | Type | Description | Author | | Privilege |
|---|---|---|---|---|---|---|---|
| 395. | TPP0008923 | | Presentation | Presentation prepared in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 396. | TPP0008961 | 4/24/2006 | Lab Notebook | Laboratory notebook reflecting tests conducted in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain Julia Springer | | Attorney Mental Impression Work Product |
| 397. | TPP0008970 | 5/8/2006 | Lab Notebook | Laboratory notebook reflecting tests conducted in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 398. | TPP0008971 | 5/25/2006 | Lab Notebook | Laboratory notebook reflecting tests conducted in conjunction with the Elan-Abraxis litigation at the request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 399. | TPP0008972 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 400. | TPP0009264 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 401. | TPP0009549 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 402. | TPP0009800 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 403. | TPP0010073 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 404. | TPP0010326 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 405. | TPP0010337 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 406. | TPP0010348 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 407. | TPP0010359 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 408. | TPP0010370 | | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | | Attorney Mental Impression Work Product |
| 409. | TPP0010372 | | Test Data | Test data prepared in conjunction with the Elan- | Harry G. Brittain | | Attorney Mental |

29

| | | | | | |
|---|---|---|---|---|---|
| 410. | TPP0010374 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 411. | TPP0010376 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 412. | TPP0010389 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 413. | TPP0010392 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 414. | TPP0010395 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 415. | TPP0010398 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 416. | TPP0010401 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 417. | TPP0010404 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 418. | TPP0010407 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 419. | TPP0010410 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 420. | TPP0010413 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 421. | TPP0012166 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 422. | TPP0013307 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 423. | TPP0014454 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work |

| | | | | | Product |
|---|---|---|---|---|---|
| 424. | TPP0015680 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 425. | TPP0017495 | Test Report | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G Brittain | Attorney Mental Impression Work Product |
| 426. | TPP0017498 | Test Report | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G Brittain | Attorney Mental Impression Work Product |
| 427. | TPP0017501 | Test Report | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G Brittain | Attorney Mental Impression Work Product |
| 428. | TPP0017505 | Test Report | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G Brittain | Attorney Mental Impression Work Product |
| 429. | TPP0017510 | Test Report | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G Brittain | Attorney Mental Impression Work Product |
| 430. | TPP0017514 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 431. | TPP0017542 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 432. | TPP0017570 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 433. | TPP0017598 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 434. | TPP0017626 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 435. | TPP0017627 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 436. | TPP0017628 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 437. | TPP0017629 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |

31

| | | | | | |
|---|---|---|---|---|---|
| 438. | TPP0017630 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 439. | TPP0017631 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 440. | TPP0017632 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 441. | TPP0017633 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 442. | TPP0017634 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 443. | TPP0017635 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 444. | TPP0017636 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 445. | TPP0017637 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 446. | TPP0017638 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 447. | TPP0017639 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 448. | TPP0017640 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 449. | TPP0017641 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 450. | TPP0017642 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 451. | TPP0017643 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 452. | TPP0017644 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental |

32

| | | | | |
|---|---|---|---|---|
| | | | Abraxis litigation at request of counsel. | Impression Work Product |
| 453. | TPP0017645 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 454. | TPP0017646 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 455. | TPP0017647 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 456. | TPP0017648 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 457. | TPP0017649 | Image | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 458. | TPP0017650 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 459. | TPP0017678 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 460. | TPP0017706 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 461. | TPP0017739 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 462. | TPP0017772 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 463. | TPP0017805 | Test Data | Test data prepared in conjunction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 464. | TPP0017838 | Test Data | Test data prepared in conjuction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 465. | TPP0017871 | Test Data | Test data prepared in conjuction with the Elan-Abraxis litigation at request of counsel. | Harry G. Brittain | Attorney Mental Impression Work Product |
| 466. | TPP0017904 | Test Data | Test data prepared in conjuction with the Elan-Abraxis litigation at request of counsel. | Harry G Brittain | Attorney Mental Impression Work |

33

Product

34

# EXHIBIT E

*William J. Sipio, Ph. D., Esq.*

**Attorney Client Privileged Communication**
**Attorney Work-Product**
**Confidential**

1375 Brentwood Road
Yardley, PA 19067
November 23, 2005

Harry Brittain, Ph.D.
Center for Pharmaceutical Physics
10 Charles Road
Milford, NJ  08848

Re:  Engagement Letter -  Consultation Services

Dear Dr. Brittain:

This letter will confirm that I have retained you as a consultant for your expertise in X-ray crystallography and other analytical techniques suitable for the characterization of chemical compound(s) present in human pharmaceutical compositions.  You have agreed and I have accepted that the rate you will charge throughout the term of your consultancy will be three hundred fifty dollars ($350.00) per hour.  This rate will be effective during any pre-litigation investigation, as well as any activities that will require your participation during litigation should it occur, including, but not limited to, depositions and trial appearances.  Your statement should be forwarded to me at the above-identified address on a monthly basis.  You have advised me that this fee rate is in accord with what you normally charge for such services.

You have agreed that until such time as you may be asked to testify, you will maintain in the strictest of confidence all aspects of this engagement including, but not limited to, all materials reviewed, generated or received by you or sent by you to me or by my client.  You will refrain from speaking with anyone about this engagement and you agree to keep all communications between my client and yourself or between you and I as privileged.

Yours truly,

William J. Sipio, Ph.D., Esq.

cc:  Gregory Bokar, Esq.

Case No. 06-438-GMS
**DX-186**

RESTRICTED CONFIDENTIAL

BRITTAIN0003814