IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) C.A. No. 06-438-GMS ) ) |
| v. | ) ) ) |
| ABRAXIS BIOSCIENCE, INC., | ) ) |
| Defendant. | ) ) |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S REPLY BRIEF IN SUPPORT OF MOTION FOR (1) AN AWARD OF PREJUDGMENT INTEREST AND (2) AN ACCOUNTING OF ABRAXIS'S INFRINGING SALES SINCE JUNE 13, 2008**

*Of Counsel:*

Stephen E. Scheve
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

Dated: July 28, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
*Elan Pharma International Limited*

{00232509;v1}

## TABLE OF CONTENTS

TABLE Of AUTHORITIES ..................................................................................................... ii

ARGUMENT ............................................................................................................................1

I.    Compounding prejudgment interest quarterly is the most commercially reasonable method in this case and well within this Court's discretion. ...............................................1

II.    Elan's expert properly calculated prejudgment interest compounded quarterly, not daily, and has provided the Court with appropriate alternative formulations for calculating the final judgment with or without an award of royalties on post-verdict infringing sales. ..................................................................................................2

III.    Abraxis's remaining arguments rehashing its dissatisfaction with the damages awarded by the jury have already been rejected by the Court. ...........................................4

# TABLE OF AUTHORITIES

## CASES

Page

*General Motors v. Devex*,
  461 U.S. 648 (1983)..................................................................................................1

*Phillips Petroleum Co. v. Rexene Corp.*,
  No. Civ. A. 90-208-LON, 1997 WL 781856 (D. Del. Sept. 4, 1997) ...............................1, 2

*Studiengesellschaft Kohle v. Dart Industries*,
  666 F. Supp. 674 (D. Del. 1987)..................................................................................1

*Tristrata Technology, Inc. v. Mary Kay, Inc.*,
  423 F. Supp. 2d 456 (D. Del. 2006)..............................................................................1

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
  939 F.2d 1540 (Fed. Cir. 1991)....................................................................................1

## ARGUMENT

I.   **Compounding prejudgment interest quarterly is the most commercially reasonable method in this case and well within this Court's discretion.**

Absent exceptional circumstances, prejudgment interest should be awarded in patent infringement cases to compensate the patentee. *General Motors v. Devex*, 461 U.S. 648, 655 (1983). Although the Court has clear discretion to award prejudgment interest at a rate ranging from the statutory post-judgment rate to the prime rate or any commercially reasonable higher rate, *e.g., Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991), Elan has requested prejudgment interest at the extremely conservative U.S. Treasury Bill rate, to which even Abraxis has no objection. (Abraxis Resp. at 4.) Nonetheless, Abraxis seeks to have an even lower amount awarded by requesting annual, rather than quarterly, compounding. (Abraxis Resp. at 4) (conceding an award of prejudgment interest is appropriate and that the interest rate Elan proposes is reasonable, but "oppos[ing] Elan's application for prejudgment interest on the limited issue of the manner in which interest is compounded").

Quarterly compounding, however, is well within the Court's discretion and there is ample authority for applying that formulation here. *E.g., Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 472 (D. Del. 2006) (awarding prejudgment interest in patent infringement case at the prime rate, compounded quarterly), *aff'd*, 214 F. App'x 979 (Fed. Cir. 2007); *Studiengesellschaft Kohle v. Dart Indus.*, 666 F. Supp. 674, 698-99 (D. Del. 1987) (awarding prejudgment interest in patent infringement case at the prime rate, compounded quarterly), *aff'd*, 862 F.2d 1564 (Fed. Cir. 1988); *Phillips Petroleum Co. v. Rexene Corp.*, No. Civ. A. 90-208-LON, 1997 WL 781856, at *28 (D. Del. Sept. 4, 1997) (awarding prejudgment interest in patent infringement case at the U.S. Treasury Bill rate, compounded quarterly).

Further, as Elan noted in its opening brief, quarterly compounding is particularly appropriate here given that Elan's licenses to other third parties provide for quarterly payments. (Elan's Br. at 5.) Courts have found quarterly compounding necessary to adequately compensate patentees in this very situation, *see Phillips Petroleum Co.*, 1997 WL 781856, at *28, n.11 (ordering quarterly compounding because patentee received royalties under other licenses quarterly), and Abraxis offers no justification for its request that the Court do otherwise.

II.   **Elan's expert properly calculated prejudgment interest compounded quarterly, not daily, and has provided the Court with appropriate alternative formulations for calculating the final judgment with or without an award of royalties on post-verdict infringing sales.**

Abraxis also incorrectly argues that Elan's expert, Mr. Jarosz, has compounded interest daily, rather than quarterly, in his declaration. (Abraxis's Resp. at 5.) This argument is simply wrong, and reflects a misunderstanding of Mr. Jarosz's formulations. While Mr. Jarosz offers several alternative calculations for the convenience of the Court—including daily calculations of the appropriate interest amount for any given day that the Court elects to enter judgment, as well as options for damage elements to include in the judgment—*all* of the calculations reflect quarterly compounding.[1]

The different tabs in Mr. Jarosz's Declaration reflect two of the Court's options for calculating the judgment amount on any given final judgment date between now and the end of the year depending on how the Court decides to allocate the post-verdict damages between this proceeding and a later proceeding. Specifically, the calculations take into account the following options for entry of judgment:

---

[1] This is demonstrated by the notes explaining each calculation. For example, the Notes & Sources section at the end of Tab 4 (the tab referenced by Abraxis), contains the formula for converting the quarterly compound rate to a daily rate to enable a daily judgment date to be calculated: "=(1+After-Tax Quarterly T-Bill Discount Yield in May 2008)^(1/92)-1)." The "92" represents the number of days in a quarter.

(1) judgment on only (a) the verdict amount for the period of infringement from January 7, 2005 to June 13, 2008, and (b) prejudgment interest on that verdict amount, compounded quarterly, through the date of judgment,[2]

(2) judgment on only (a) the verdict amount for the period of infringement from January 7, 2005 to June 13, 2008, (b) royalties on additional estimated infringing sales at the jury's rate of 6% from the verdict date of June 13, 2008 through the date of judgment, and (c) prejudgment interest on the verdict amount and these post-verdict royalties, compounded quarterly, through the date of judgment.[3]

If, for example, the Court selects this first option and enters judgment on August 31, 2008, Tab 3, column [E] provides a judgment amount of $57,627,875 (verdict of $55,230,000 plus prejudgment interest, compounded quarterly, on the verdict). If the Court includes a 6% royalty on the estimated sales between June 13, 2008 and the hypothetical judgment date of August 31, 2008 (*i.e.*, the second option), the judgment would be $61,256,480 ($57,627,875 above plus $3,628,605 from Tab 4, column [G] containing additional estimated sales royalty and interest on that amount between the dates of the verdict and judgment).

Elan's opening brief explains the conservative approach Mr. Jarosz took in estimating the post-verdict sales and in applying the jury's royalty rate. (Elan's Br. at 7) Abraxis nonetheless complains that utilizing Mr. Jarosz's estimates for sales post-verdict and prejudgment would be inappropriate and it further offers to provide an actual accounting of these sales. (Abraxis's Resp. at 5.) Elan agrees that Abraxis's providing an actual accounting of these sales would also be an appropriate basis for calculating post-verdict, prejudgment royalty damages, and, if requested by the Court, Mr. Jarosz will supplement his declaration when he

---

[2] This number is found in column [E] of Tab 3 of Mr. Jarosz's declaration, and can be derived by adding together (1) the verdict amount of $55,230,000 (Jarosz's Decl. Tab 3, column [A]), and (2) prejudgment interest on that verdict amount until the date of the judgment (Jarosz's Decl. Tab 3, column [D]).

[3] This number can be derived by adding together (1) the verdict amount of $55,230,000 (Jarosz's Decl. Tab 3, column [A]), (2) prejudgment interest on that verdict amount until the date of the judgment (Jarosz's Decl. Tab 3, column [D]), and (3) royalty damages based on estimated post-verdict sales and prejudgment interest on this additional amount (Jarosz's Decl. Tab 4, column [G]).

receives the actual sales data. Finally, as noted in Elan's opening brief, it would of course be within the Court's discretion to defer accounting for—or awarding—royalties on post-verdict, prejudgment sales until Elan brings a future action for an accounting of infringing sales and ongoing royalty. (Elan's Br. at 1 n.1 (citing authorities).)

### III. Abraxis's remaining arguments rehashing its dissatisfaction with the damages awarded by the jury have already been rejected by the Court.

Finally, Abraxis lodges several complaints about the jury's verdict and arguments about why the evidence allegedly cannot support judgment on the jury's verdict or a judgment for post-verdict infringing sales. These same arguments were made by Abraxis in its JMOL motion (*See, e.g.*, Abraxis's Opening Br. in Support of JMOL, at 14-16), and rejected by the Court in denying that motion. The Court's rejection of these arguments was correct and Abraxis offers no reason the result should be different here.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen E. Scheve
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527

Dated: July 28, 2008