IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA                          )
INTERNATIONAL LIMITED,               )
                                     )
                Plaintiff,           )        C.A. No. 06-438-GMS
                                     )
        v.                           )
                                     )
ABRAXIS BIOSCIENCE, INC.,            )
                                     )
                Defendant.           )

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S**
**REPLY BRIEF IN SUPPORT OF ITS CONDITIONAL**
**MOTION FOR RESCISSION OF AN ADVERSE INFERENCE**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware  19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Of Counsel:*

Stephen E. Scheve
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas  77042-4995
(713) 229-1659

*Attorneys for Plaintiff,*
*Elan Pharma International Limited*

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York  10112-4498
(212) 408-2527

Dated: July 28, 2008

{00232506;v1}

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT ........................................................................................................1

    I.    Lack of a bad faith and/or prejudice finding precludes an adverse inference sanction. ...................................................................................1

    II.    An adverse inference instruction would be inappropriate because a more appropriate remedy for an allegedly wrongful assertion of privilege could be fashioned in any new trial. ..............................................................3

# TABLE OF AUTHORITIES

## CASES

*Dyson Tech. Ltd. v. Maytag Corp.*,
   241 F.R.D. 247 (D. Del. 2007) ........................................................................3

*Mosel Vitelic Corp. v. Micron Tech.*,
   162 F. Supp. 2d 307 (D. Del. 2000) ................................................................4

*Republic of the Philippines v. Westinghouse Elec. Corp.*,
   43 F.3d 65 (3d Cir. 1995) ................................................................................1

*Spear v. Comm'r of Internal Revenue Serv.*,
   41 F.3d 103 (3d Cir. 1994) ...........................................................................1, 2

*Tracinda Corp v. DaimlerChrysler AG*,
   502 F.3d 212 (3d Cir. 2007) ............................................................................1

**ARGUMENT**

As explained in Elan's motion, an adverse inference instruction based upon Dr. Brittain's privileged consulting work product that was different from the subject matter of his contemplated testimony would not be appropriate in the event of a retrial in this case because: (1) imposition of an adverse inference for an assertion of a privilege is against the great weight of authority, especially absent a finding of bad faith and/or prejudice; and (2) upon retrial, if any, there would be adequate time for the Court to assess the propriety of Elan's privilege claim and for any alleged harm to Abraxis to be remedied. Thus, if the Court grants a new trial, it should decline to grant an adverse inference instruction in that proceeding.

I.    **Lack of a finding of bad faith and/or prejudice precludes an adverse inference sanction.**

It may be true, as Abraxis notes, that "a court need not *always* find bad faith before sanctioning under its inherent powers," *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 n.11 (3d Cir. 1995) (emphasis added). However, demonstrated bad faith is by far the most common and appropriate predicate for such a sanction. Indeed, the Third Circuit instructed just last year that "a finding of bad faith is generally required for a court to impose sanctions pursuant to its inherent authority." *Tracinda Corp v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007). And the court has made clear that extreme sanctions should generally be supported by evidence of willful deception or flagrant disregard of a court order. *E.g., Spear v. Comm'r of Internal Revenue Serv.*, 41 F.3d 103, 112 (3d Cir. 1994) ("In the absence of willfulness or bad faith, other factors would have to weigh strongly in the favor of such a severe sanction to justify it.")

The Court has *not* found that Elan acted in bad faith, and no facts would support such a finding. The Court merely concluded that Elan had "failed to meet its burden of

demonstrating that the subject matter of the documents it withheld are different from the subject matter of Dr. Brittain's expert report." (D.I. 577, at 1-2.) Moreover, even if—as Abraxis insists—bad faith were simply "one of several factors for the Court to consider" (Abraxis's Resp. at 10), rather than a prerequisite to any sanction, an adverse inference instruction would still not be justified upon retrial. In *Spear*, the case upon which Abraxis relies, the Third Circuit set forth factors to weigh in reviewing a trial court's sanction order that deemed certain facts admitted: "(1) culpability (including willfulness and bad faith, and whether the client was responsible or solely the attorney); (2) prejudice; and (3) whether lesser sanctions would have been effective." 41 F.3d at 111. Abraxis seizes on the *Spear* court's listing of additional factors other than bad faith that may play into the sanctions calculus, but then makes no showing that the two additional factors set forth in Spear were present in this case either. They were not.

       For example, aside from conclusory innuendo, Abraxis's response wholly fails to explain how, given that Dr. Brittain did not even take the stand at trial (even though physically present in the courtroom pursuant to Abraxis's trial subpoena), it was prejudiced by Elan's allegedly wrongful assertion of privilege or, more importantly, how it would necessarily be prejudiced by this upon a retrial.[1] And Abraxis does not assert, much less cite authority or facts demonstrating, that there are no lesser sanctions that could be effective upon any retrial. The lack of any finding or evidence that Elan asserted a work-product privilege as to Dr. Brittain's test materials in bad faith, or that Abraxis has been (or will be in the future) prejudiced by that claim of privilege, should preclude an adverse inference instruction upon any retrial.

---

[1]      The only description of prejudice Abraxis offers is the allegation that its examination of Elan's other experts, its own experts, and its closing arguments were hindered by not having Dr. Brittain's documents. (Abraxis Resp. at 10.)

**II.    An adverse inference instruction would be inappropriate because a more appropriate remedy for an allegedly wrongful assertion of privilege could be fashioned in any new trial.**

Abraxis spends much of its response rehashing its unsupported speculation that Dr. Brittain's documents—created in his capacity as a consultant to William Sipio, Esq.—were damaging to Elan's case.  From this speculation, it argues that it should be entitled to an adverse inference that these documents were unfavorable to Elan's claim upon any retrial to cure the "prejudice" and "miscarriage of justice" it has allegedly suffered from the claim of privilege.

Abraxis's argument is consistent with its position—taken for the first time at the pre-trial conference—that it did *not* actually want Dr. Brittain's documents, but instead simply wanted the jury to be told that the documents were damaging to Elan's claims.  Abraxis's proffered justification for this approach pre-trial was that, while Abraxis was "darned sure" that the withheld documents were non-privileged and damaging to Elan, Abraxis's counsel did not want to take an expert deposition two weeks before trial.  (5/15/2008 Conf., at 72-73, 91 (attached to Abraxis Resp. as Ex. A).)

Notably absent from Abraxis's argument here is any response to Elan's contention that there would be adequate time to determine the propriety of Elan's privilege claim and to fashion a more appropriate remedy, if a remedy at all is merited, upon any possible retrial of this case.  Abraxis has previously acknowledged that if in fact Dr. Brittain's consulting-related documents were discoverable, the appropriate remedy would be to order the documents produced.  (*Id.* at 73.)  If a new trial were ordered, the Court could examine the documents *in camera* and make that determination.[2]  If the Court determined that Dr. Brittain's consulting work for Dr. Sipio was, as Elan contends, related to work distinct from that of his expert report,

---

[2]    This, and not the sanction of an adverse inference, is the appropriate remedy, and a new trial would provide ample opportunity for this remedy.

the inquiry would end there. *See, e.g., Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007) (rejecting argument that party was "entitled to all information and documents considered by [expert] before or in connection with the formulation of his expert opinions, regardless of any claims of attorney-client privilege, work-product protection or time limitations before or after his designation as a testifying expert," and instead "limit[ing] production to only the information and documents considered by [that expert] in connection with formulating his expert opinions expressed in his report").

Even if the Court determined that some or all of these consulting documents were open to disclosure, an adverse inference would not be appropriate. Sanctions must be just and should remedy the actual harm. While Abraxis would clearly prefer an adverse inference instruction over the burden of actually proving its defenses, it offers no justification why, upon a retrial, production of the documents would not be a more just and appropriate remedy for any alleged wrongful withholding of documents.[3]

For all these reasons, if a new trial is ordered, Elan respectfully requests that the Court decline to submit an adverse inference instruction to the jury. Instead, if made necessary by any retrial, the Court should substantively consider Elan's privilege claim and, if the Court finds the privilege designations to be too broad or not warranted by the law on which Elan relies, fashion an appropriate remedy.

---

[3]     An adverse inference instruction is better suited to a case involving destruction of discoverable documents, where no alternative appropriate remedy is available, which is not at issue here. *See, e.g., Mosel Vitelic Corp. v. Micron Tech.*, 162 F. Supp. 2d 307, 316 (D. Del. 2000).

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware  19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,*
*Elan Pharma International Limited*

*Of Counsel:*

Stephen E. Scheve
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas  77042-4995
(713) 229-1659

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York  10112-4498
(212) 408-2527

Dated:  July 28, 2008