IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | C.A. No. 06-438-GMS |

**PLAINTIFF ELAN PHARMA INTERNATIONAL LIMITED'S REPLY BRIEF
IN SUPPORT OF ITS CONDITIONAL MOTION FOR NEW TRIAL
ON ITS CLAIMS OF INDUCED AND CONTRIBUTORY INFRINGEMENT**

*Of Counsel:*

Stephen E. Scheve
Robert Riddle
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77042-4995
(713) 229-1659 Telephone

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2527 Telephone

Dated: July 28, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
(302) 654-1888 Telephone
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff,
Elan Pharma International Limited*

{00232604;v1}

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION .............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 1

CONCLUSION .................................................................................................................................. 3

# TABLE OF AUTHORITIES

## CASES

*Fuji Photo Film Co. v. Jazz Photo Corp.*,
   394 F.3d 1368, 1377 (Fed. Cir. 2005 .................................................................................. 3

*Liquid Dynamics Corp. v. Vaughan Co.*,
   449 F.3d 1209, 1221 (Fed. Cir. 2006) ................................................................................. 3

*Med. Corp. v. JMS Co.*,
   471 F.3d 1293, 1303 (Fed. Cir. 2006) ................................................................................. 3

*Pryer v. C.O. 3 Slavic*,
   251 F.3d 448, 453 (3d Cir. 2001) ........................................................................................ 3

## TREATISES

11 Charles Allan Wright and Arthur R. Miller, *Federal Practice and Procedure*:
   Civil § 2805 (2d ed. 1995). .................................................................................................. 3

## INTRODUCTION

In its response to Elan's conditional motion for new trial on indirect infringement claims,[1] Abraxis focuses on the consequences of its motion for judgment as a matter of law on Elan's direct infringement claims—but Abraxis also has requested a *new trial* on Elan's direct infringement claims. In the event of any new trial on direct infringement claims, Elan should have the opportunity to present its indirect infringement claims to the jury.

As discussed in Elan's conditional motion, the jury correctly determined that particles within Abraxane® infringe claims 3 and 5 of the '363 Patent and that those claims are not invalid and not unenforceable. The Court already has entered judgment in accordance with the verdict. If the Court does not alter its judgment already entered in this case, it need not address this conditional motion. If the Court grants Abraxis a new trial on liability for direct infringement, however, it should grant Elan a new trial on its indirect infringement claims.

## ARGUMENT

The only scenario in which Elan would ask the Court to act on and grant its conditional motion for new trial is one in which the Court were to effectively set aside its previous ruling that Elan presented sufficient evidence to allow its direct infringement claims go to the jury—a ruling that Elan submits was correct and should remain intact. (Tr. 1631:13 - 1633:7 (denying D.I. 605, Abraxis's motion for judgment as a matter of law of noninfringement).) Elan also presented legally sufficient evidence on each of the other elements of induced and contributory infringement to make a submissible case and should be permitted to present these claims to the jury in any new trial.

---

[1] The Court granted judgment as a matter of law against Elan's indirect infringement claims, asserted under claims 3, 5, 10, and 11 of the '363 Patent.

For example, aside from the evidence of direct infringement from which the jury correctly concluded Abraxis directly infringes the asserted claims,[2] Elan presented sufficient evidence to demonstrate the specific intent required for a showing of inducement by Abraxis. (*See* D.I. 638 at 11-14.) Abraxis's failure to obtain legal opinions on infringement and validity before marketing are but two pieces of the evidence, albeit important ones, that Elan presented on specific intent. Elan also demonstrated that Abraxis knew that reconstituted Abraxane® contained particles meeting the crystalline limitation of the '363 Patent by presenting testimony of Leslie Louie about her 2000 laboratory notebook entries. (Tr. 898:24-903:21.)

Abraxis was undeniably aware of the '363 Patent, as well as the presence of crystals in reconstituted Abraxane®, but nonetheless disseminated advice and direction to physicians on how to reconstitute Abraxane® prior to administration. (*See, e.g.*, Ex. 1 to Pretrial Order (Joint Statement of Uncontested Facts) ¶ 25 (admitting that the physician package insert for Abraxane® includes instructions for reconstituting Abraxene®); Tr. 608:16-610:3 (testimony of Abraxis Vice President of Research and Development, Dr. Neil Desai, admitting he received and reviewed the patents-in-suit in 1996); Tr. 908:20-909:24 (testimony of Abraxis Chief Medical Officer Dr. Michael Hawkins, admitting he provided dosage recommendations to physicians administering reconstituted Abraxane®); Tr. 1021:21-1034:12 (testimony of MedComm Solutions employee Herbert Lee, describing customer support provided by MedComm Solutions on behalf Abraxis to physicians and patients who call with questions about using Abraxane®). Moreover, Abraxis conceded before the trial began that doctors have administered reconstituted Abraxane® to over 30,000 patients. (Ex. 1 to Pretrial Order (Joint Statement of Uncontested Facts) ¶ 27). Therefore, the totality of evidence concerning Abraxis's

---

[2] *See* D.I. 638.

intent was sufficient to make a submissible case on inducement—and far exceeds the nominal showing of intent required for contributory infringement. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303, 1305-1306 (Fed. Cir. 2006) (noting the "minimal intent requirement for contributory infringement" and confirming specific intent standard for inducement); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1221 (Fed. Cir. 2006) (noting that for an inducement claim, "'[a] patentee may prove intent through circumstantial evidence.'") (quoting *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005)).

In light of the uncontested facts contained within the pretrial order, the testimony, and documents admitted into evidence at trial supporting a finding of specific intent, and the evidence supporting a finding of the other elements of induced and contributory infringement (*see* D.I. 638), Elan presented evidence sufficient to withstand judgment as a matter of law on its indirect infringement claims. Elan respectfully contends that the Court's grant of judgment in favor of Abraxis on Elan's indirect infringement claims resulted in prejudicial error. In the unlikely event that the Court determines that a new trial on direct infringement is necessary, the Court should include Elan's indirect infringement claims in that new trial. The decision to grant a new trial on indirect infringement is within the Court's discretion. *See, e.g., Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001). "The Court has the power and duty to order a new trial, whenever, in its judgment, this action is required in order to prevent injustice." 11 Charles Allan Wright and Arthur R. Miller, *Federal Practice and Procedure*: Civil § 2805 (2d ed. 1995). As became clear at trial, Elan presented material facts sufficient to withstand judgment as a matter of law on both its inducement and contributory infringement claims. (*See* D.I. 638 at 2-16.)

## CONCLUSION

After careful deliberation, the jury correctly determined that particles contained in Abraxane® infringe claims 3 and 5 of the '363 Patent and that those claims are not invalid and not unenforceable. The Court already has entered judgment in accordance with the verdict. The Court should not now disturb the jury's verdict or the subsequently entered judgment by granting a new trial or judgment as a matter of law on liability issues in favor of Abraxis,[3] as the evidence in the record is legally sufficient to support both the verdict and judgment. Elan's motion for a new trial on indirect infringement is conditioned upon the Court's setting aside the jury's verdict on direct infringement and ordering a new trial. If the Court correctly declines to set aside the jury verdict and judgment entered thereon, the Court need not address Elan's conditional motion for new trial. If, however, the Court awards a new trial on direct infringement, the Court should also award Elan a new trial on indirect infringement issues.

---

[3] *See* D.I. 642, 643.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | /s/ *John G. Day* |
| | _____ |
| | Steven J. Balick (I.D. #2114) |
| | John G. Day (I.D. #2403) |
| | Lauren E. Maguire (I.D. # 4261) |
| | 500 Delaware Avenue, 8th Floor |
| *Of Counsel:* | Wilmington, Delaware  19899-1150 |
| | (302) 654-1888 Telephone |
| Stephen E. Scheve | sbalick@ashby-geddes.com |
| Robert Riddle | jday@ashby-geddes.com |
| BAKER BOTTS L.L.P. | lmaguire@ashby-geddes.com |
| One Shell Plaza | |
| 910 Louisiana Street | *Attorneys for Plaintiff,* |
| Houston, Texas  77042-4995 | Elan Pharma International Limited |
| (713) 229-1659 Telephone | |

Paul F. Fehlner
Jeffrey D. Sullivan
Lisa A. Chiarini
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York  10112-4498
(212) 408-2527 Telephone


Dated:  July 28, 2008