UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELAN PHARMA INTERNATIONAL )
LIMITED, )
 )
                Plaintiff, )
 )
    v. )   Case No.   06-438-GMS
 )
ABRAXIS BIOSCIENCE, INC., )
 )
                Defendant. )

**DECLARATION OF MATTHEW S. CHEN
IN SUPPORT OF DEFENDANT'S MOTION TO AMEND
THE JUDGMENT AND ENTER FINDINGS THAT ELAN ENGAGED IN
INEQUITABLE CONDUCT IN PROCURING THE '363 AND '025 PATENTS**

I, Matthew S. Chen, declare as follows:

1. I am an attorney admitted to practice in the State of California. I am an associate with the law firm of Morrison & Foerster LLP, attorneys for Abraxis BioScience, Inc. ("Abraxis") in the above captioned action. I submit this Declaration in Support of Defendant's Motion to Amend the Judgment and Enter Findings That Elan Engaged in Inequitable Conduct in Procuring the '363 and '025 patents. I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would competently testify thereto.

2. On May 30, 2008, counsel for Elan Pharma International Ltd. ("Elan") proposed inequitable conduct instructions based on sections from the 2008 AIPLA Model Patent Jury Instructions via electronic mail. Elan's proposal, with minor changes, was later adopted by both parties in the final set of jury instructions that were read on June 11, 2008. Attached hereto as Exhibit A is a true and correct

copy of a May 30 2008 electronic mail message from Jeffrey Sullivan, counsel for Elan, regarding Elan's proposal.

3.  Attached hereto as Exhibit B is a true and correct copy of a June 5, 2008 exchange of electronic mail messages between Mr. Sullivan and me regarding Elan's proposal.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of August, 2008 at Palo Alto, California.

Matthew S. Chen

## **CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on August 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on August 18, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Stephen Scheve, Esquire
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana Street
> Houston, TX 77002-4995
> steve.scheve@bakerbotts.com
>
> Paul F. Fehlner, Esquire
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, NY 10112-4498
> paul.fehlner@bakerbotts.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
Elena C. Norman (No. 4780)
enorman@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Defendant
ABRAXIS BIOSCIENCE, INC.

# EXHIBIT A

# Chen, Matthew S.

| | |
|---|---|
| **From:** | Jeffrey.Sullivan@bakerbotts.com |
| **Sent:** | Friday, May 30, 2008 12:51 PM |
| **To:** | Walters, Eric S. |
| **Cc:** | Jacobs, Michael A.; Evans, Emily A.; Chen, Matthew S.; kkeller@ycst.com; Steve.Scheve@bakerbotts.com; linda.glover@bakerbotts.com; Robert.Riddle@bakerbotts.com; Lisa.Chiarini@bakerbotts.com; PAUL.FEHLNER@bakerbotts.com |
| **Subject:** | RE: Preliminary Jury Instructions |

Eric:

Below is Elan's proposed final jury instruction on inequitable conduct. It is drawn directly from the AIPLA 2008 model instructions. We would be happy to discuss whether we can find common ground to reach an agreed instruction based on this model. I've left the citations in though I realize when we ultimately submit a joint paper to the Court, he will prefer that they be omitted (you have my authority to take them out and include just the text of the proposed instructions).

Please contact us with any questions.

Thank you and best regards.

JDS


6.1 Inequitable Conduct - Generally

Abraxis contends that Elan may not enforce the '363 Patent or the '025 Patent against Abraxis because Elan engaged in inequitable conduct before the Patent and Trademark Office during prosecution of the '363 and '025 Patents. Elan denies this allegation.

Applicants for a patent have a duty to prosecute patent applications in the Patent and Trademark Office with candor, good faith, and honesty. This duty of candor and good faith extends to all inventors named on a patent application, all patent attorneys and patent agents involved in preparing and prosecuting the application, and every other person involved in a substantial way with the prosecution of the patent application. An intentional failure to meet this duty of candor and good faith is referred to as "inequitable conduct."

In this case, Abraxis asserts that Elan and its agents intentionally withheld from the Patent Office prior art references and other information that would have been necessary for a fair and full assessment of Elan's application and the patentability of the claimed inventions.

Abraxis must prove inequitable conduct by clear and convincing evidence. To determine whether the '363 Patent or the '025 Patent was obtained through inequitable conduct, you must determine whether a person having this duty of candor and good faith withheld or misrepresented information, or submitted false information, that was material to the examination of the patent application, and that this individual or individuals acted with an intent to deceive or mislead the PTO.

Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1363-64 (Fed. Cir. 2007); eSpeed, Inc. v. BrokerTec USA, L.L.C., 480 F.3d 1129, 1135 (Fed. Cir. 2007); Digital Control, Inc. v. Charles Mach. Works, 437 F.3d 1309, 1313 (Fed. Cir. 2006); Purdue Pharma L.P. v. Endo Pharm., Inc., 438 F.3d 1123, 1128 (Fed. Cir. 2006); Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d 1226, 1233 (Fed. Cir. 2003); GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1273 (Fed. Cir. 2001); Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1256 (Fed. Cir. 1997).

6.1.1 Materiality

1

Abraxis specifically contends that the existence of certain relevant prior art references, and the existence about additional information regarding experiments by Elan that Abraxis contends are highly relevant to whether Elan's claims could be practiced to their full scope, was information known to a person with this duty of good faith and candor that was withheld from the Patent and Trademark Office during the prosecution of the '363 and '025 Patents. If you find that a person with this duty of good faith and candor withheld information when applying for the '363 Patent or the '025 Patent, you must determine whether that information was material information.

Information is material if it establishes, either alone or in combination with other information that a claim of the patent application would more likely than not meet one of the requirements for a patent. Information is also material if it refutes or is inconsistent with the information provided to the Patent and Trademark Office or arguments made by the applicant to persuade the Patent and Trademark Office that the invention is entitled to patent protection. Information that is "cumulative" of, or adds little to, other information the examiner already had is not material.

37 C.F.R. § 1.56(b); Cargill Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1364 (Fed. Cir. 2007); Purdue Pharma L.P. v. Endo Pharmaceuticals Inc., 438 F.3d 1123, 1129 n. 6 (Fed. Cir. 2006); Digital Control Inc. v. Charles Machine Works, 437 F.3d 1309, 1314-16 (Fed. Cir. 2006); Dayco Prods., Inc. v. Total Containment, Inc., 329 F.3d 1358, 1364 (Fed. Cir. 2003); PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc., 225 F.3d 1315, 1320 (Fed. Cir. 2000); Baxter Int'l, Inc. v. McGaw, Inc., 149 F.3d 1321, 1327 n.3 (Fed. Cir. 1998); Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1257 (Fed. Cir. 1997).

6.1.2 Intent to Deceive or Mislead

If you determine that material information was withheld from the Patent and Trademark Office, you must next determine whether this was done with an intent to deceive or mislead the Patent and Trademark Office. Intent to deceive the Patent and Trademark Office may be found from direct evidence. Such direct evidence is rare, however, and as a result, the law allows deceptive intent to be inferred from the facts and surrounding circumstances.

When a patentee has knowingly misrepresented a material fact or submitted false material information, and when the natural consequence of those intentional acts would be that to deceive the Patent and Trademark Office, an inference that the patentee intended to deceive may be appropriate. Simple negligence is insufficient for a holding of inequitable conduct.

In determining whether or not there was intent to deceive or mislead the Patent and Trademark Office, you should consider the totality of the circumstances, including the nature of the conduct and evidence of the absence or presence of good faith.

Cargill, Inc. v. Canbra Foods, Ltd., 476 F. 3d 1359, 1364 (Fed. Cir. 2007); eSpeed, Inc. v. BrokerTec USA, L.L.C., 480 F.3d 1129, 1137-38 (Fed. Cir. 2007); Purdue Pharma L.P. v. Endo Pharm. Inc., 438 F. 3d 1123, 1133-34 (Fed. Cir. 2006); Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d 1226, 1239-40 (Fed. Cir. 2003); GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1274-75 (Fed. Cir. 2001); PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc., 225 F.3d 1315, 1319-20 (Fed. Cir. 2000); Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd., 204 F.3d 1368, 1374-76 (Fed. Cir. 2000); Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1256-57 (Fed. Cir. 1997); Molins PLC v. Textron, Inc., 48 F.3d 1172, 1180-82 (Fed. Cir. 1995); LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

6.1.3 Balancing of Materiality and Intent

If Abraxis has proven by clear and convincing evidence that information was withheld by a person with the duty of good faith and candor, you must then balance the degree of materiality and the degree of intent to deceive or mislead the Patent and Trademark Office to determine whether or not the evidence is sufficient to establish clearly and convincingly that there was inequitable conduct committed in the prosecution of the '363 or '025 Patents. Where the materiality of the withheld information is high, the showing of intent needed to establish inequitable conduct is proportionally less. Likewise, when the showing of intent is high, the showing of materiality may be proportionally less.

eSpeed, Inc. v. BrokerTec USA, L.L.C., 480 F.3d 1129, 1135 (Fed. Cir. 2007); Cargill Inc.

v. Canbra Foods, Ltd., 476 F. 3d 1359, 1364 (Fed. Cir. 2007); Purdue Pharma L.P. v. Endo Pharm. Inc., 438 F. 3d 1123, 1133-35 (Fed. Cir. 2006); Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d 1226, 1239-41 (Fed. Cir. 2003); GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1274-75 (Fed. Cir. 2001); PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc., 225 F.3d 1315, 1319 (Fed. Cir. 2000); Baxter Int'l, Inc. v. McGaw, Inc., 149 F.3d 1321, 1330 (Fed. Cir. 1998); Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1257 (Fed. Cir. 1997); Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995).

-----Original Message-----
From: Sullivan, Jeffrey D.
Sent: Friday, May 30, 2008 10:33 AM
To: 'EWalters@mofo.com'
Cc: 'MJacobs@mofo.com'; 'EEvans@mofo.com'; 'MChen@mofo.com'; 'kkeller@ycst.com'; Scheve, Steve; Glover, Linda
Subject: Re: Preliminary Jury Instructions


Eric:

As we just confirmed on the phone, we are agreeable to the slightly-revised Instructions you forwarded (assuming they will be filed with the accompanying cover sheet listing our respective objections, which we reserve and don't waive).

Thank you and best regards.

JDS

----- Original Message -----
From: Walters, Eric S. <EWalters@mofo.com>
To: Sullivan, Jeffrey D.
Cc: Jacobs, Michael A. <MJacobs@mofo.com>; Evans, Emily A. <EEvans@mofo.com>; Chen, Matthew S. <MChen@mofo.com>; kkeller@ycst.com <kkeller@ycst.com>; Scheve, Steve; Glover, Linda
Sent: Fri May 30 09:26:23 2008
Subject: RE: Preliminary Jury Instructions

Jeffrey,

As fifteen copies need to be made and delivered to the courtroom by noon, we are out of time. I would appreciate your emailing or calling me on my cell phone (650 278-2922) with any comments by 10:40 am.

Best regards,

Eric

_____

From: Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
Sent: Friday, May 30, 2008 6:37 AM
To: Walters, Eric S.
Cc: Jacobs, Michael A.; Evans, Emily A.; Chen, Matthew S.
Subject: Re: Preliminary Jury Instructions


Eric:

I'm looking at them and will get back to you soon.

Thks.

JDS

----- Original Message -----
From: Walters, Eric S. <EWalters@mofo.com>

3

```
To: Sullivan, Jeffrey D.
Cc: Jacobs, Michael A. <MJacobs@mofo.com>; Evans, Emily A. <EEvans@mofo.com>; Chen,
Matthew S. <MChen@mofo.com>
Sent: Fri May 30 08:16:18 2008
Subject: Preliminary Jury Instructions
```

Jeffrey,

Is Elan agreeable to the revised preliminary jury instructions Matt forwarded to you last night? We need to submit them promptly in compliance with the Court's order.

Eric

==============================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
==============================================================================

4

# EXHIBIT B

## Chen, Matthew S.

**From:** Chen, Matthew S.
**Sent:** Thursday, June 05, 2008 5:17 PM
**To:** Jeffrey.Sullivan@bakerbotts.com
**Subject:** RE: Elan/Abraxis Jury Instructions

With those changes, I can tentatively agree to the (1) general inequitable conduct, (2) intent, and (3) balancing instruction.

However, we particularly like the last sentence of the first paragraph of our materiality instruction.

---

**From:** Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
**Sent:** Thursday, June 05, 2008 7:56 PM
**To:** Chen, Matthew S.
**Subject:** RE: Elan/Abraxis Jury Instructions

Okay, take those out (or substitute "material" for both).

Then . . .?   Okay?

JDS

> -----Original Message-----
> **From:** Chen, Matthew S. [mailto:MChen@mofo.com]
> **Sent:** Thursday, June 05, 2008 7:48 PM
> **To:** Sullivan, Jeffrey D.
> **Subject:** RE: Elan/Abraxis Jury Instructions
>
> To pinpoint it, I would look at your addition of "highly relevant" and "necessary."

---

**From:** Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
**Sent:** Thursday, June 05, 2008 7:16 PM
**To:** Chen, Matthew S.
**Subject:** RE: Elan/Abraxis Jury Instructions

Not right now but your proposed time of 8:00 may work.  I will keep you posted.

Thank you.

JDS

> -----Original Message-----
> **From:** Chen, Matthew S. [mailto:MChen@mofo.com]
> **Sent:** Thursday, June 05, 2008 7:10 PM
> **To:** Sullivan, Jeffrey D.
> **Subject:** RE: Elan/Abraxis Jury Instructions
>
> Is there a number where I can reach you?

---

**From:** Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
**Sent:** Thursday, June 05, 2008 7:02 PM

**To:** Chen, Matthew S.
**Cc:** Walters, Eric S.
**Subject:** RE: Elan/Abraxis Jury Instructions

Matt:

Yes, I saw that. What of my adaptations of the bracketed language is tendentious or not tailored to the facts, in your view?

Thanks.

JDS

>-----Original Message-----
>**From:** Chen, Matthew S. [mailto:MChen@mofo.com]
>**Sent:** Thursday, June 05, 2008 6:59 PM
>**To:** Sullivan, Jeffrey D.
>**Cc:** Walters, Eric S.
>**Subject:** RE: Elan/Abraxis Jury Instructions
>
>Jeffrey, please review the DV file. This was also sent this morning.
>
>**From:** Jeffrey.Sullivan@bakerbotts.com [mailto:Jeffrey.Sullivan@bakerbotts.com]
>**Sent:** Thursday, June 05, 2008 5:42 PM
>**To:** Chen, Matthew S.
>**Cc:** Walters, Eric S.
>**Subject:** RE: Elan/Abraxis Jury Instructions
>
>I'll try to take this piecewise, so I hope you don't mind seriatim e-mails.
>
>Unenforceability: I am surprised here -- I really just tried to fill in neutral generic language for the [defendant] ['xxx Patent] [insert allegation] brackets. I thought it was about as vanilla an attempt at that as I could muster, and certainly there are no new sentences favoring either side. Please take a look again, mindful of the fact that <something> has to be filled in there to customize it to us.
>
>Let me know.
>
>More to follow.
>
>Thank you and best regards.
>
>JDS
>
>>-----Original Message-----
>>**From:** Chen, Matthew S. [mailto:MChen@mofo.com]
>>**Sent:** Thursday, June 05, 2008 5:54 AM
>>**To:** Sullivan, Jeffrey D.
>>**Cc:** Walters, Eric S.
>>**Subject:** Elan/Abraxis Jury Instructions
>>
>>Jeffrey,

8/18/2008

Sorry for the delay. This email summarizes the changes to the instructions.

***Global Objections***
Abraxis: Willful Infringement, Clear and Convincing Burden, Presumption of Validity
Elan: Unenforceability

***2.3 - Burden of Proof***
Subject to their global objections, the parties agreed to use Abraxis's proposed instruction provided that Abraxis (1) removes brackets around the language concerning willful infringement, (2) removes brackets around "clear and convincing" burden of proof with respect to invalidity, and (3) inserted language concerning the presumption of validity.

***3.2 - Elan's Contentions***
Subject to its global objections, Abraxis agreed to use Elan's proposed instruction.

***3.4 - Summary of Patent Issues***
Subject to their global objections, the parties agreed to use Abraxis's proposed instruction provided that Abraxis remove brackets around the language concerning willful infringement and the "clear and convincing" burden of proof with respect to invalidity.

***4.1 - Claim Infringement***
Subject to their global objections, the parties agreed to use Abraxis's proposed instruction.

***4.2.2 - Independent and Dependent Claims***
Subject to their global objections, the parties agreed to Abraxis's proposed instruction provided that the last sentence of the third paragraph is removed.

***5 - Validity***
The parties agreed to use Abraxis's proposed instruction.

***5.3 - WD Requirement***
The parties agreed to use Abraxis's proposed instruction.

***Elan's Proposed Unenforceability Instructions***
We reviewed Elan's proposed jury instructions for inequitable conduct. It's close, but we noticed several sections of customized language. See the attached DV file. We might be able to come to an agreement were Elan to adopt the 2008 AIPLA model instructions without any substantive alterations.

<<DV of J. Sullivan's Submission and 2008 AIPLA Model Inst.doc>>
As promised, the amended jury instructions and a DV comparison.

<<Final General Jury Instructions - 5.DOC>> <<DV of Jury Instructions.doc>>
Comments are welcome.

Regards,
Matt

---

**Matthew S. Chen | Associate
MORRISON | FOERSTER | www.mofo.com**
755 Page Mill Road | Palo Alto, CA 94304
T: 650.813.5708 | F: 650.813.3700 | E: mchen@mofo.com

===============================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===============================================================================